FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

06 MAY 25 PM 4: 07

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
## SOUTHERN  DISTRICT OF INDIANA

OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Travis Cross; John Elder; Gabrielle Filippelli; Sam Goldstein; Healing Arts Center; David Kadlec; Libertarian Party of Indiana;  Tim Peterson; Carolyn W. Rader; Sam Goldstein Insurance Agency, Inc.;  and Sean Shepherd;; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T Communications, Inc..; AT&T Corp.; AT& T Teleholdings, Inc. (f/k/a SBC); Bright House Networks, LLC; Cingular Wireless, LLC; Comcast Telecommunications, Inc.; Indiana Bell Telephone Company Incorporated (d/b/a SBC Ameritech Indiana); MCI Communications Services, Inc.; McLeodUSA Telecommunications Services, Inc; Nextel West Corp. (d/b/a Sprint Nextel), Sprint Communications Company L.P.; Sprint Spectrum L.P.; TDS Communications Solutions, Inc.; T-Mobile USA, Inc.; Verizon Wireless Services, LLC; and DOES 1-100, inclusive,<br><br>Defendants | Civil Action No.<br><br># 1: 06-cv- 0847 -JDT -TAB<br><br>**COMPLAINT -- CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, by and through their undersigned counsel, bring this action on behalf of themselves

and all others similarly situated.  Plaintiffs allege, upon personal knowledge and belief as to their own

acts and upon information and belief based upon the investigation of their counsel as to all other matters,

that substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery, as follows:

## PRELIMINARY STATEMENT

This class action lawsuit challenges Defendants' illegal actions in permitting the National Security Agency ("NSA") and affiliated governmental agencies to intercept, monitor and conduct surveillance on Defendants' customers' domestic and international long distance wireline and wireless telephone calls and internet communications on a real-time basis and to freely access, search and analyze Defendants' databases of stored customer information, all without proper authorization and in violation of federal law proscribing such conduct.

Plaintiffs seek preliminary and permanent injunctive relief to halt Defendants' illegal practices and seek to hold Defendants liable for damages, both compensatory and punitive, incurred by Plaintiffs and the class members they seek to represent as a result of Defendants' improper conduct.

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331, 18 U.S.C. §§2520 and 2707, and 47 U.S.C. §605.

2.      Defendants have sufficient contacts with this district generally and with the events alleged, and are thus subject to the exercise of personal jurisdiction by this court and that venue is proper in this judicial district pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to the claims alleged occurred in this district and Defendants and/or agents of Defendants may be found in this district.

## PARTIES: PLAINTIFFS

3.      Plaintiff Travis Cross is an individual residing in Indianapolis. Indiana, and has been a subscriber and user of Nextel West Corp.'s (d/b/a Sprint Nextel) cellular phone service for more

than three years, and has used it to make wireless telephone calls. Plaintiff Cross has also been a subscriber and user of Comcast Telecommunications, Inc.'s internet service for more than three years, and has used it to send and receive e-mail messages.

4. Plaintiff John Elder is an individual residing in Indianapolis. Indiana, and has been a subscriber and user of AT&T Teleholdings, Inc.'s (f/k/a SBC) and Indiana Bell Telephone Company Incorporated (d/b/a SBC Ameritech Indiana) since at least 2003, and has used them to make telephone calls.

5. Plaintiff Gabriel Fileppelli is an individual residing in Indianapolis, Indiana, and has been a subscriber and user of AT&T Teleholdings, Inc.'s (f/k/a SBC) and Indiana Bell Telephone Company Incorporated (d/b/a SBC Ameritech Indiana), and has used them to make telephone calls.

6. Plaintiff Sam Goldstein is an individual residing in Indianapolis, Indiana, and has been a subscriber and user of McLeodUSA Telecommunications Services, Inc. long distance service since at least 2000 and has used it to make long distance telephone calls. Plaintiff Goldstein has also been a subscriber and user of Comcast Telecommunications, Inc.'s internet service for at least two years and has used it to send and receive e-mail messages.

7. Plaintiff the Healing Arts Center is a sole proprietorship doing business in Indianapolis, Indiana, and is a uswer and subscriber to AT&T Teleholdings, Inc.'s (f/k/a SBC) and Indiana Bell Telephone Company Incorporated's (d/b/a SBC Ameritech Indiana) telehpone services, and has used them to make telephone calls.

8. Plaintiff David Kadlec is an individual residing in Indianapolis. Indiana, and has been a subscriber and user of Verizon Wireless Services, LLC's cellular phone service since at least 2002, and has used it to make wireless telephone calls. He has also been a user and subscriber of TDS Communications Solutions, Inc.s internet service, and has used it to send and receive e-mails.

9.      Plaintiff The Libertarian Party of Indiana is a political party with its central office located in Indianapolis, Indiana, and is a subscriber and user of McLeodUSA Telecommunications Services, Inc.'s long distance service, and has used it to make long distance telephone calls. The Libertarian Party of Indiana has a special interest in this action as Defendants' wrongful conduct affects its specially protected rights to political speech.

10.     Plaintiff Tim Peterson is an individual residing in Indianapolis, Indiana, and has been a subscriber and user of AT&T Teleholdings, Inc.'s (f/k/a SBC) and Indiana Bell Telephone Company Incorporated (d/b/a SBC Ameritech Indiana) since at least 2003 and has used them to make telephone calls. Plaintiff Peterson has also been a customer of Verizon Wireless Services, LLC cellular phone services since at least 2003, and has used it to make wireless calls. Plaintiff Peterson has a special interest in this action in that he is a licensed attorney legally obligated to protect communications with his clients.

11.     Plaintiff Carolyn W. Rader is an individual livining in Indianapolis, Indiana, and has been a subscriber and user of MCI Communications Services, Inc. since 2001 and has used it to make telephone calls. Ms. Rader is also a user and subscriber of Verizon Wireless Services, LLC cellular phone services, and has used it to make wireless calls. Ms. Rader was previously a user and subscriber of T-Mobile USA, Inc.'s cellular phone services, and used it to make wireless calls. Ms. Rader has a special interest in this action in that she is a licenses attorney legally obligated to protect communications with her clients.

12.     Plaintiff Sam Goldstein Insurance Agency, Inc. is a domestic corporation doing business in Indianapolis. Indiana, and has been a subscriber and user of  McLeodUSA Telecommunications Services, Inc.'s  long distance service since at least 2000, and has used it to make long distance telephone calls. Plaintiff Sam Goldstein Insurance Agency is also a subscriber

4

and user of Sprint Communications Company L.P.s cellular services, and has used it to make wireless telephone calls. It was also formerly a subscriber and user of AT&T Communications, Inc.'s cellular telephone service from approximately 2003 to 2005, and used it to make wireless telephone calls. It was also formerly a subscriber and user of Cingular Wireless, LLC's cellular services, and used it to make wireless telephone calls. Finally, it has been a user and subscriber to Comcast Communications, Inc.'s internet services for at least two years, and has used it to send and receive e-mail messages.

13. Plaintiff Sean Sheppard is an individual residing in Indianapolis. Indiana, and has been a subscriber and user of AT&T Corp.'s long distance telephone service since at least 2003, and has used it to make long distance telephone calls. He has also been a subscriber and user of Sprint Spectrum L.P.'s cellular service for at least four use, and has used it to make wireless telephone calls. Finally, he has been a subscriber and user of Comcast Communication, Inc.'s internet services for approximately four years and has used it to send and receive e-mail messages.


**PARTIES: DEFENDANTS**

14. Defendant AT&T Communications, Inc. is a Delaware corporation registered to do business in the State of Indiana. AT&T Communications, Inc. is a telecommunications carrier and offers telephone, wireless, and/or internet serv.ices.

15. Defendant AT&T Corp. is a New York corporation registered to do business in the State of Indiana. AT&T Corp. is a telecommunications carreir and offers telephone, wireless, and/or internet services.

16. Defendant AT& T Teleholdings, Inc. (f/k/a SBC) is a Delaware corporation registered to do business in the State of Indiana, and is a successor-in-interest to SBC Ameritech

Corporation.. AT&T Teleholdings, Inc. is a telecommunications carrier and offers long distance, telephone, and/or internet services.

17.     Defendant Bright House Networks, LLC is a Deleware limited liability company registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

18.     Defendant Cingular Wireless, LLC is a Delaware corporation  registered to do business in the State of Indiana.  Cingular Wireless, LLC is a telecommunications carrier and offers telephone, wireless, and/or internet services.

19.     Defendant Comcast Telecommunciations, Inc. is a Pennsylvania corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

20.     Defendant Indiana Bell Telephone Company Incorporated (d/b/a SBC Ameritech Indiana) is an Indiana Corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

21.     Defendant MCI Communications Services, Inc is a Deleware corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or iternet services.

22.     Defendant McLeodUSA Telecommunications Services, Inc. is a Iowa corporation registered to do business in the state of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

23.     Defendant Nextel West Corp. (d/b/a Sprint Nextel) is a Deleware corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

24. Defendant Sprint Communications Company L.P. is a Delaware limited partnership registered to do business in the State of Indiana. Sprint Communications Company L.P. is a telecommunications carrier and offers telephone, wireless, and/or internet services.

25. Defendant Sprint Spectrum L.P. is a Deleware limited partnership registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

26. Defendant TDS Communications Solutions, Inc. is a Deleware corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or internet services.

27. Defendant T-Mobile USA is a Deleware corporation registered to do business in the State of Indiana, and is a telecommunications carrier which offers telephone, wireless, and/or intenet services.

28. Defendant Verizon Wireless Services, LLC is a Delaware limited liability company registered to do business in the State of Indiana. Verizon Wireless Services, LLC is a telecommunications carrier and offers telephone, wireless, and/or internet services.

29. Plaintiffs are currently unaware of the true names and capacities of all potentially liable parties sued herein and therefore sue these Defendants by using fictitious names as Does 1-100. Upon information and belief each fictitiously named Defendant is responsible in some manner for the occurrences alleged, and the injuries to Plaintiffs and class members were proximately caused in relation to the conduct of Does 1-100 as well as the named Defendants. Plaintiffs will amend this complaint to allege the true identities and capacities of such fictitiously named Defendants when ascertained.

## **BACKGROUND**

30.     Following the events of September 11, 2001, President Bush indicted his desire to create an "early warning system" that would detect intelligence from electronic communications within the United States to help warn appropriate officials of potential terrorist activities.

31.     Unbeknownst to the public at the time, President Bush issued a classified executive order authorizing the NSA to intercept electronic communications – namely long distance and other wireline telephone calls, wireless telephone calls, and internet communications -- all occurring within the United States.

32.     In essence, President Bush's executive order permitted the NSA to conduct surveillance of electronic communications without the necessity of following the statutory procedures of first obtaining a warrant or court order as set forth in the various federal statutes and regulations concerning surveillance activities utilizing telecommunications, computing and stored data service providers.

33.     Upon information and belief, the NSA accomplishes these surveillance activities through the installation, maintenance and operation of various electronic routing and trapping equipment placed on the premises, or attached to the property, of the Defendants to gain access to Defendants' stored databases of customer records and live electronic communication pathways ("the Program"). Such equipment, which provides the NSA with a direct tap into the nations' telecommunication pipelines, could not have been installed, operated and/or maintained by the NSA without the authorization of Defendants.

34.     Upon information and belief, as part of the Program the NSA's operational personnel identify particular individual targets, and their communications, through a software data mining process that NSA runs against vast databases of Defendants' stored electronic records of their customers' domestic and international telephone and Internet communications in search of particular names, numbers, words

or phrases and patterns of interest. Upon information and belief, NSA's operational personnel also identify communications of interest in real-time through similar data-mining software functionality.

35.     Upon information and belief, Defendants authorized NSA to install, operate and maintain any necessary equipment to gain direct access to electronic communications transmitted via those companies' domestic telecommunications facilities. Upon information and belief, Defendants also either provide their customer records directly to NSA or permit the NSA to access the records maintained by Defendants.

36.     Certain aspects of the Program became publicly known on December 16, 2005, when the New York Times reported in a news article that the President had authorized NSA to conduct warrantless evesdropping and that such activity was unlawful.

37.     In a December 17, 2005, radio address, President Bush admitted that "In the weeks following the terrorist attacks on our nation, [he] authorized the National Security Agency, consistent with U.S. law and the Constitution, to intercept the international communications of people with known links to al Qaeda and related terrorist organizations." President Bush further stated that "the activities [he] authorized are reviewed approximately every 45 days"; that he had "reauthorized this program more than 30 times since the September the 11th attacks"; and that he intended to continue authorizing such activity "for as long as our nation faces a continuing threat from al Qaeda and related groups."

38.     In a press release on December 19, 2005, Attorney General Alberto Gonzales stated that the Program involved "intercepts of contents of communications . . . ." While the Attorney General's description of the Program was limited to interception of communications with individuals "outside the United States," Attorney General Gonzales explained that his discussion was limited to those parameters

of the program already disclosed by the President and that many other operational aspects of the program remained highly classified.

39.    The Attorney General has admitted that, absent additional authority from Congress, the electronic surveillance conducted by the Program requires a court order under the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. §§1801, *et seq.*). However, President Bush and other government officials also have admitted that the NSA does not seek judicial review by the Foreign Intelligence Surveillance Court or other court for its surveillance activities, particularly the installation, maintenance and operation of NSA's equipment placed on the premises, or attached to the property, of the Defendants or for any particular electronic surveillance interceptions.

## DEFENDANTS PERMIT ILLEGAL ACCESS TO THEIR DOMESTIC TELECOMMUNICATIONS NETWORKS AND STORED RECORDS OF PLAINTIFFS' AND CLASS MEMBERS' ELECTRONIC COMMUNICATIONS

40.    Defendants have provided to the public, including Plaintiffs and Class Members, domestic, international and foreign wireline and wireless telephone, Internet communications and/or remote computing services and continue to provide such services.

41.    Plaintiffs and Class Members are, or at pertinent times were, subscribers to or customers of one or more of the domestic, international and foreign wireline and wireless telephone, Internet communications and/or remote computing services offered by Defendants.

42.    In order to provide electronic communications services to the public, including Plaintiffs and class members, Defendants own, maintain and operate extensive telecommunications transmission facilities, infrastructure and related equipment in the United States, including electronic data storage facilities.

43.    Upon information and belief, Defendants have knowingly authorized, and continue to knowingly authorize, NSA and affiliated governmental agencies to install and use, or have assisted

government agents in installing or using, interception devices and pen registers and/or trap and trace devices on Defendants' domestic telecommunications facilities in connection with the Program.

44.     Upon information and belief, the interception devices and pen registers and/or trap and trace devices capture, record or decode the various information pertaining to individual class member communications including dialing, routing, addressing and/or signaling information ("DRAS information") for all or a substantial number of all wire or electronic communications transferred through Defendants' domestic telecommunications facilities where those devices have been installed.

45.     Upon information and belief, Defendants have knowingly authorized, and continue to knowingly authorize, NSA and affiliated governmental agencies to directly access through the installed devices all domestic, international and foreign wireline and wireless telephone and Internet communications transmitted through Defendants' domestic telecommunications infrastructure and facilities for use in the Program.

46.     Upon information and belief, Defendants have knowingly authorized, and continue to knowingly authorize NSA and affiliated governmental agencies to utilize their access to Defendants' domestic telecommunications infrastructure and facilities, along with the installed devices to acquire and to continue acquiring, Plaintiffs' and Class Members wire or electronic communications content and DRAS information.

47.     In connection with Defendants' provision of domestic, international and foreign wireline and wireless telephone and Internet communications services, Defendants provide related computer and/or computer data storage processing and remote computing services to the public, including Plaintiffs and Class Members.

48.     Also in connection with Defendants' provision of domestic, international and foreign wireline and wireless telephone and Internet communications services, Defendants operate and

maintain massive databases of stored records pertaining to all electronic communications carried over Defendants' networks, including the telephone and Internet communications of Plaintiffs and Class Members.

49.     Defendants databases of stored records of telephone and Internet communications contain calling detail information, including DRAS information, originating and terminating telephone numbers, time and length for each call, and personally identifiable customer proprietary network information (CPNI), i.e. customer identification information.

50.     Upon information and belief, Defendants have knowingly authorized, and continue to knowingly authorize NSA and affiliated governmental agencies to access Defendants' databases of stored records of telephone and Internet communications in furtherance of the Program.

51.     Upon information and belief, Defendants have knowingly authorized, and continue to knowingly authorize NSA and affiliated governmental agencies to utilize their access to Defendants' stored records of customers' telephone and Internet communications to acquire and to continue acquiring, Plaintiffs' and Class Members wire or electronic communications content and DRAS information and to query such databases to identify targets of interest.

52.     Upon information and belief, Defendants' telecommunications facilities, infrastructure and related equipment also are being used, and will continue to be used, by the NSA and affiliated governmental agencies to facilitate the transmission of Plaintiffs' and Class Members' communications and DRAS and CPNI data in continuing violation of federal and state statutes.

53.     Upon information and belief, Defendants did not receive from the NSA any warrants, court orders or appropriate certifications that would permit NSA and affiliated governmental agencies to engage in the activities described above.

54. Defendants did not notify Plaintiffs or class members of the above-described electronic surveillance, disclosure, and/or use, nor did Plaintiffs or class members consent to such.

55. Upon information and belief, there is a strong likelihood that Defendants will continue to permit NSA and affiliated governmental agencies to engage in the activities described above.

## CLASS ACTION ALLEGATIONS

56. Pursuant to Federal Rules of Civil Procedure, Rule 23 (a) and (b),Plaintiffs Travis Cross; John Elder; Gabrielle Filippelli; Sam Goldstein; Healing Arts Center; David Kadlec; Libertarian Party of Indiana; Tim Peterson; Carolyn W. Rader; Sam Goldstein Insurance Agency, Inc.; and Sean Shepherd bring this action on behalf of themselves and a Nationwide Class of similarly situated persons defined as

> All United States subscribers to or customers of one or more of the domestic, international and foreign wireline and wireless telephone and Internet communications services offered by Defendants at any time after September 2001.

57. The Nationwide Class seeks certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. §2520, 47 U.S.C. §605, and 18 U.S.C. §2707, in addition to declaratory and injunctive relief for violations of the First and Fourth Amendments.

58. The Nationwide Class seeks certification of claims for declaratory relief, injunctive relief and damages pursuant to 18 U.S.C. §2520, 47 U.S.C. §605, and 18 U.S.C. §2707, in addition to declaratory and injunctive relief for violations of the First and Fourth Amendments.

59. Excluded from the Nationwide Class are the officers, directors, and employees of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants. Also excluded from the Nationwide Class are any foreign powers, as defined by 50 U.S.C. §1801(a), or any agents of

foreign powers, as defined by 50 U.S.C. §1801(b)(1)(A), including without limitation anyone who knowingly engages in sabotage or international terrorism, or activities that are in preparation therefore.

60.     This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23. Plaintiffs reserve the right to modify the Nationwide Class definition and the class period based on the results of discovery.

61.     Members of the Nationwide Class are so numerous that their individual joinder is impracticable. The precise numbers and addresses of members of the Nationwide Class are unknown to the Plaintiffs. Plaintiffs estimate that the Nationwide Class. The precise number of persons in the Nationwide Class and their identities and addresses may be ascertained from Defendants' records.

62.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Nationwide Class. These common legal and factual questions include:

(a) Whether Defendants have intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' and Nationwide Class members' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(c), or are currently doing so;

(b) Whether Defendants have intentionally used, or endeavored to use, the contents of Plaintiffs' and Nationwide Class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(d), or are currently doing so;

(c) Whether Defendants have intentionally divulged the contents of Plaintiffs' and Nationwide Class members' wire or electronic communications to persons or entities other than the addressee or intended recipient, or the agents of same, or other providers of wire or electronic communication service, while those communications were in transmission on Defendants' electronic communications services, in violation of 18 U.S.C. §2511(3)(a), or are currently doing so;

(d) Whether Defendants have divulged or published the existence, contents, substance, purport, effect, or meaning of Plaintiffs' and Nationwide Class members' communications, by means other than through authorized channels of transmission or reception, in violation of 47 U.S.C. §605, or are currently doing so;

(e) Whether Defendants have knowingly divulged to one or more persons or entities the contents of Plaintiffs' and Nationwide Class members' communications while in electronic storage by Defendants' electronic communication services and/or while carried or maintained by Defendants' remote computing services, in violation of 18 U.S.C. §§2702(a)(1) and/or (a)(2), or are currently doing so;

(f) Whether Defendants have knowingly divulged Plaintiffs' and Nationwide Class members' electronic communication records or other information pertaining to Plaintiffs and Nationwide Class members to a governmental entity in violation of 18 U.S.C. §2702(a)(3), or are currently doing so;

(g) Whether Plaintiffs, Nationwide Class members are entitled to recover compensatory, statutory and punitive damages; and

(h) Whether Plaintiffs, Nationwide Class members are entitled to an award of reasonable attorneys' fees and costs.

63.     Plaintiffs' claims are typical of the claims of the members of the Nationwide Class because Plaintiffs are or were subscribers to Defendants' wireline and/or wireless long distance telephone services, which service and terms of service (other than price plans) are virtually identical among Plaintiffs and all class members. Plaintiffs and all members of the Nationwide Class have suffered the same injury arising from Defendants' violations of the laws as alleged herein.

64.     Plaintiffs are adequate representatives of the Nationwide Class because their interests do not conflict with the interests of the class members they seek to represent. Plaintiffs have retained legal counsel who are competent and experienced in complex class action litigation. Plaintiffs intend to prosecute this action vigorously and they, and their counsel, will fairly and adequately protect the interests of all members of the Nationwide Class.

65.     This lawsuit also may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23(b)(2). Plaintiffs, the Nationwide Class members seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. In addition, Defendants' improper actions have been virtually identical with respect to Plaintiffs, and all Nationwide Class members, thereby making declaratory and/or injunctive relief appropriate.

66.     This lawsuit also may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23(b)(3) because questions of law and fact common to the Nationwide Class members and the predominate over the questions affecting only individual members of the classes.

67.     A class action is superior under the circumstances present here as compared to other available means for the fair and efficient adjudication of this dispute. The actual and statutory damages suffered by each individual class member here are relatively small given the burden and expense of individual prosecution of claims alleged herein, the complexity of the legal issues involved and the other difficulties likely to arise in this litigation, all due to Defendants' improper conduct. In addition, it would be virtually impossible for class members to obtain relief from the injuries they have suffered on an individual basis arising from Defendants' conduct.

68.     Even if individual class members had the ability and finances available to bring such litigation individually, the court system simply could not handle it. The class involves millions of subscribers to or customers of Defendants.

69.     Individualized litigation would increase the delay and expense to all parties and the court system presented by the complex factual and legal issues in this action.

70.     Individual litigation here also would present a potential for inconsistent or contradictory judgments. In contrast, the class action vehicle will present far fewer management difficulties and provide the benefits of a single adjudication, judicial economy and comprehensive judicial supervision.

## COUNT I

### Interception, Disclosure and/or Use of Communications in Violation of 18 U.S.C. §2511 (On behalf of Plaintiffs and Nationwide Class)

71.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

72.     Plaintiffs and class members are permitted to maintain a civil action against Defendants pursuant to 18 U.S.C. §2520 for Defendants' wrongful interception, disclose and/or intentional use of Plaintiffs' and class members' wire and/or electronic communications in violation of 18 U.S.C. § 2511.

73.     18 U.S.C. §2511 proscribes the intentional interception, disclosure, use and divulgence of Plaintiffs' and class members' wire or electronic communications absent a signed court order or written certification from authorized investigative or law enforcement officers "that no warrant or court order is required by law, that all statutory requirements have been met, and that the specified assistance is required, setting forth the period of time during which the provision of the information, facilities, or technical assistance is authorized and specifying the information, facilities, or technical assistance required."

74.     Upon information and belief, Defendants were not provided with any signed court order or an appropriate certification to undertake the activities complained of above and Defendants nevertheless knowingly authorized the NSA to undertake such activities.

75.     By the acts alleged herein, Defendants have intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and class members' wire or electronic communications in violation of 18 U.S.C. §2511(1)(a).

76.     By the acts alleged herein, Defendants have intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' and class members' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(c).

77.     By the acts alleged herein, Defendants have intentionally used, or endeavored to use, the contents of Plaintiffs' and class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. §2511(1)(d).

78.     By the acts alleged herein, Defendants have intentionally divulged the contents of Plaintiffs' and class members' wire or electronic communications to persons or entities other than the addressee or intended recipient, or the agents of same, or other providers of wire or electronic communication service, while those communications were in transmission on Defendants' electronic communications services, in violation of 18 U.S.C. §2511(3)(a).

79.     Defendants did not notify Plaintiffs or class members of the above-described intentional interception, disclosure, divulgence and/or use of Plaintiffs' or class members' wire or electronic communications, nor did Plaintiffs or class members consent to such.

80.     On information and belief, there is a strong likelihood that Defendants are now engaging in and will continue to engage in the above-described intentional interception, disclosure, divulgence and/or use of Plaintiffs' and class members' wire or electronic communications, and that likelihood represents a credible threat of immediate future harm.

81.     Plaintiffs and class members have been and are aggrieved by Defendants' intentional interception, disclosure, divulgence and/or use of Plaintiffs' and class members' wire or electronic communications.

82.     Pursuant to 18 U.S.C. §2520 Plaintiffs and class members are entitled to obtain against Defendants equitable and declaratory relief; statutory damages for each Plaintiff and class member of whichever is the greater of $100 a day for each day of violation or $10,000; punitive damages as appropriate; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## COUNT II

### Unauthorized Publication and/or Use of Communications in Violation of 47 U.S.C. §605
### (On behalf of Plaintiffs and Nationwide Class)

83.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

84.     Plaintiffs and class members are permitted to maintain a civil action against Defendants pursuant to 47 U.S.C. §605(e)(3)(A) for Defendants' wrongful divulgence or publication of the existence, contents, substance, purport, effect, or meaning of Plaintiffs' and class members' electronic communications in violation of 47 U.S.C. §605 by means other than through authorized channels of transmission or reception.

85.     Defendants have received, assisted in receiving, transmitted, or assisted in transmitting, Plaintiffs' and class members' interstate or foreign communications by wire or radio.

86.     By the acts alleged herein, Defendants have divulged or published the existence, contents, substance, purport, effect, or meaning of Plaintiffs' and class members' interstate or foreign communications, by means other than through authorized channels of transmission or reception, in violation of 47 U.S.C. §605.

87.     By the acts alleged herein, Defendants' divulgence or publication of the existence, contents, substance, purport, effect, or meaning of Plaintiffs' and class members' interstate or foreign communications, by means other than through authorized channels of transmission or reception, was willful and for purposes of direct or indirect commercial advantage or private financial gain.

88.     Defendants did not notify Plaintiffs or class members of the divulgence or publication of Plaintiffs' or class members' communications, nor did Plaintiffs or class members consent to such.

89.     Upon information and belief, there is a strong likelihood that Defendants are now engaging in and will continue to engage in the above-described divulgence or publication of Plaintiffs' and class members' wire or radio communications, and that likelihood represents a credible threat of immediate future harm.

90.     Plaintiffs and class members have been and are aggrieved by Defendants' divulgence or publication of Plaintiffs' and class members' wire or radio communications.

91.     Pursuant to 47 U.S.C. §605(e)(3)(A) Plaintiffs and class members are entitled to obtain against Defendants temporary and permanent injunctions on such terms as the Court deems reasonable to prevent or restrain such violations; statutory damages of not less than $1,000 or more than $10,000 for each violation aggrieving each Plaintiff and class member as the Court considers just; an increase in the reward of damages to each Plaintiff and class member, in the Court's discretion, by an amount of not more than $100,000 for each violation; and the recovery of full costs, including reasonable attorneys' fees.

## COUNT III

**Divulgence of Communications Contents in Violation of 18 U.S.C. §§2702(a)(1)&(2)**
**(On behalf of Plaintiffs and Nationwide Class)**

92.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

93.     Plaintiffs and class members are permitted to maintain a civil action against Defendants pursuant to 18 U.S.C. §2707 for Defendants' knowing divulgence of the contents of Plaintiffs' and class members' communications while in electronic storage by Defendants and/or carried or maintained by Defendants in connection with their remote computing service, all in violation of 18 U.S.C. §2702.

94.     By the acts alleged herein, Defendants have knowingly divulged to one or more persons or entities the contents of Plaintiffs' and class members' communications while in electronic storage by Defendants' electronic communication service and/or while carried or maintained by Defendants' remote computing service in violation of 18 U.S.C. §§2702(a)(1) and/or (a)(2).

95.     Upon information and belief, Defendants were not provided with any appropriate administrative subpoena, properly issued warrant, or court order (based on specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation) permitting Defendants to undertake the activities complained of above.

96.     Defendants did not notify Plaintiffs or class members of the divulgence of the contents of Plaintiffs' or class members' communications, nor did Plaintiffs or class members consent to such.

97.     On information and belief, there is a strong likelihood that Defendants are now engaging in and will continue to engage in the above-described divulgence of the contents of Plaintiffs' and class members' communications while in electronic storage by Defendants' electronic communication services, and/or while carried or maintained by Defendants' remote computing services, and that likelihood represents a credible threat of immediate future harm.

98.     Plaintiffs and class members have been and are aggrieved by Defendants' divulgence of the contents of Plaintiffs' and class members' communications.

99.     Pursuant to 18 U.S.C. §2707 Plaintiffs and class members are entitled to obtain against Defendants preliminary and other equitable or declaratory relief as may be appropriate; statutory damages of no less than $1000 for each aggrieved Plaintiff or class member; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## COUNT IV

### Divulgence Of Communications Records In Violation Of 18 U.S.C. §2702(a)(3)
### (On behalf of Plaintiffs and Nationwide Class)

100.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

101.    Plaintiffs and class members are permitted to maintain a civil action against Defendants pursuant to 18 U.S.C. §2707 for Defendants' knowing divulgence to any governmental entity in violation of 18 U.S.C. §2702(a)(3) of records or other information pertaining to Plaintiffs and class members.

102.    By the acts alleged herein, Defendants knowingly divulged to a governmental entity records or other information pertaining to Plaintiffs and class members in violation of 18 U.S.C. §2702(a)(3).

103.    Upon information and belief, Defendants were not provided with any appropriate administrative subpoena, properly issued warrant, or court order (based on specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation) permitting Defendants to undertake the activities complained of above.

104. Defendants did not notify Plaintiffs or class members of the divulgence of Plaintiffs' or class members' records and/or other information pertaining to Plaintiffs or class members, nor did Plaintiffs or class members consent to such.

105. On information and belief, there is a strong likelihood that Defendants are now engaging in and will continue to engage in the above-described divulgence of records or other information pertaining to Plaintiffs and class members, and that likelihood represents a credible threat of immediate future harm.

106. Plaintiffs and class members have been and are aggrieved by Defendants' above described divulgence of Plaintiffs' and class members' records or other information.

107. Pursuant to 18 U.S.C. §2707 Plaintiffs and class members are entitled to obtain against Defendants preliminary and other equitable or declaratory relief as may be appropriate; statutory damages of no less than $1000 for each aggrieved Plaintiff or class member; punitive damages as the Court considers just; and reasonable attorneys' fees and other litigation costs reasonably incurred.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs for themselves and all others similarly situated respectfully request that the Court:

A. Declare that Defendants' participation in the Program as alleged herein violates applicable law including without limitation: 18 U.S.C. §2511, 47 U.S.C. §605, and 18 U.S.C. §2702, as to Plaintiffs and the Nationwide Class.

B. Award equitable relief, including without limitation, a preliminary and permanent injunction prohibiting Defendants' continued or future wrongful and illegal activities as alleged herein;

C.    Award statutory damages to the extent permitted by law to each Plaintiff and each class member in the amount of:

>(i) $100 a day or $10,000, whichever is greater, for each of Defendants' violations of 18 U.S.C. §2511;

>(ii) An amount not less than $1,000 or more than $10,000, as the court considers just, for each of Defendants' violations of 47 U.S.C. §605; and

>(iii) The sum of actual damages suffered and any profits made, but not less than the sum of $1,000, for each of Defendants' violations of 18 U.S.C. §2702;

D.    Award punitive damages to the extent permitted by law to each Plaintiff and each class member, including without limitation:

>(i)    An appropriate sum pursuant to 18 U.S.C. §2520;
>(ii)   Not more than $100,000 for each of Defendants' violations pursuant to 47 U.S.C. §605; and
>(iii)  An appropriate sum pursuant to 18 U.S.C. §2707;

E.    Award to Plaintiffs their attorneys' fees and other costs of suit to the extent permitted by law, including without limitation pursuant to 18 U.S.C. §2520, 47 U.S.C. §605, and 18 U.S.C. §2707; and

F.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: May 25, 2006

_____

Linda George, 15744-49
W. Russell Sipes, 16973-29
**George & Sipes**
Attorneys for the Plaintiff
156 E. Market Street, Suite 600
Indianapolis, IN 46204
Tel: (317) 637-6071
Fax: (317) 685-6505
wrs@lgrslaw.com


Donald A. Migliori
**Motley Rice LLC**
321 S. Main Street
Providence, Rhode Island 02940