| | |
|---|---|
| 1  PILLSBURY WINTHROP SHAW PITTMAN LLP<br>BRUCE A. ERICSON  #76342 | WILMER CUTLER PICKERING<br>HALE AND DORR LLP |
| 2  DAVID L. ANDERSON  #149604<br>JACOB R. SORENSEN  #209134 | Mark D. Flanagan #130303<br>Elizabeth I. Rogers #226234 |
| 3  MARC H. AXELBAUM  #209855<br>DANIEL J. RICHERT  #232208 | 1117 California Avenue<br>Palo Alto, CA  94304 |
| 4  50 Fremont Street<br>Post Office Box 7880 | Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |
| 5  San Francisco, CA  94120-7880<br>Telephone: (415) 983-1000 | Email:  mark.flanagan@wilmerhale.com |
| 6  Facsimile: (415) 983-1200<br>Email:  bruce.ericson@pillsburylaw.com | John A. Rogovin (*pro hac vice*)<br>Randolph D. Moss (*pro hac vice*) |

Samir C. Jain #181572
Brian M. Boynton #222193
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006-3642
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email:  john.rogovin@wilmerhale.com

Attorneys for Verizon Defendants

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (*pro hac vice*)
DAVID L. LAWSON (*pro hac vice*)
BRADFORD A. BERENSON (*pro hac vice*)
EDWARD R. McNICHOLAS (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8010
Facsimile:  (202) 736-8711

Attorneys for AT&T Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791 | Case No. M-06-01791-VRW<br><br>**ADMINISTRATIVE MOTION OF AT&T AND VERIZON DEFENDANTS TO VACATE PENDING FILING DEADLINES IN CASES TRANSFERRED BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>**[Civ. L.R. 7-11 & 6-3]**<br><br>Courtroom: 6, 17th Floor<br>Judge:      Hon. Vaughn R. Walker<br>Filed concurrently:<br>1. Declaration of Marc H. Axelbaum<br>2. Declaration of Brian M. Boynton<br>3. Proposed Order |

700518014v3

Admin. Motion to Vacate Pending Deadlines
No. M-06-01791-VRW

**I.       RELIEF REQUESTED.**

Defendants AT&T CORP., specially appearing AT&T INC., AT&T COMMUNICATIONS OF CALIFORNIA, INC., SBC LONG DISTANCE, LLC, PACIFIC BELL TELEPHONE COMPANY, ILLINOIS BELL TELEPHONE CO., AMERICAN TELEPHONE AND TELEGRAPH COMPANY, AT&T COMMUNICATIONS, INC., AT&T OPERATIONS, INC.; NEW CINGULAR WIRELESS SERVICES, INC. (collectively "AT&T Defendants"); VERIZON COMMUNICATIONS INC., VERIZON GLOBAL NETWORKS INC., VERIZON WIRELESS, LLC, CELLCO PARTNERSHIP, MCI, LLC and VERIZON NORTHWEST INC.[1] (collectively "Verizon Defendants") hereby move pursuant to Civil Local Rules 7-11 and 6-3 for an order vacating all dates by which the parties in these Multidistrict Litigation proceedings ("MDL") are currently required to file responsive pleadings or motion papers until the Court holds its initial case management conference and issues a case management order.[2]  Absent such relief, numerous filing deadlines will occur in individual cases during the next several weeks, and the parties will be put to the expense and burden of continuing to litigate these matters separately notwithstanding their consolidation into the MDL.  *See In re National Security Agency Telecommunications Records Litigation*, MDL No. 1791, Judicial Panel on Multidistrict Litigation, Transfer Order at 2 ( "Transfer Order") (M-06-1791 Dkt. 1) (transferring cases to "prevent inconsistent pretrial rulings (particularly with respect to matters involving national security) and to conserve the resources of the parties, their counsel and the judiciary").

---

[1] By filing this administrative motion the AT&T and Verizon Defendants do not waive potential challenges based on lack of personal jurisdiction, defective service, improperly named parties, or any other basis for dismissal.  *See* Fed. R. Civ. P. 12(g), (h).

[2] BellSouth Corp., BellSouth Communication Systems, LLC, and BellSouth Telecommunications, Inc., defendants in four of the actions already transferred to this Court by the Judicial Panel on Multidistrict Litigation, as well as the government, support this Motion.  *See* Declaration of Brian M. Boynton ¶¶ 11; Declaration of Marc H. Axelbaum ("Axelbaum Decl.") ¶ 9.

1 **II.     REASONS FOR SEEKING REQUESTED RELIEF.**

2          On August 9, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") entered

3 the Transfer Order, transferring 17 cases pending around the country to this Court for

4 "coordinated or consolidated pretrial proceedings." Transfer Order at 3. Several of the

5 transferred cases have imminent deadlines to file pleadings or other papers:

| CASE | DEADLINE |
|---|---|
| *Dolberg v. AT&T Corp., AT&T Inc.*, No. 9:06-78 (D. Mont.) | Response to the complaint due on September 8, 2006. |
| *Harrington v. AT&T, Inc., et al.*, No. 1:06-374 (W.D. Tex.) | Reply to AT&T's motion to dismiss due on September 13, 2006. |
| *Roe v. AT&T Corp., et al.*, No. 06-cv-3467 (N.D. Cal.) | Reply to AT&T's motion to dismiss due on September 21, 2006. |
| *Bissitt v. Verizon Communications Inc.,* No. CA-06-220 (D.R.I.) | Uncertain – stayed pending MDL decision but no order vacating stay issued by transferor court. |
| *Herron v. Verizon Global Networks Inc. et al.*, No. 06-cv-2491 (E.D. La.) | Uncertain as to Verizon – stayed pending MDL decision but no order vacating stay issued by transferor court. |
| *Hines. v. Verizon Communications Inc.*, No. CV-06-694 (D. Ore.) | Response to the complaint due on September 8, 2006. |
| *Spielfogel-Landis v. MCI, LLC*, No. 06-CV-4221 (N.D. Cal.) | Response to the complaint due on September 13, 2006. |

17 An order vacating pending deadlines in the MDL cases is necessary so that they can

18 proceed in a consolidated fashion after an initial case management conference is held and

19 this Court has an opportunity to fashion a case management order.

20          This Court has jurisdiction to enter such an order with respect to any case that is

21 transferred to the MDL, including, at present, all cases included in the JPML's initial

22 Transfer Order. The Transfer Order became effective when it was filed with this Court. 28

23 U.S.C. § 1407(c); JPML Rule 1.5. The transferor courts have lost jurisdiction over the

24 transferred cases; this Court now has sole authority to supervise pretrial proceedings in

25 them. *Id.* This Court can act in any transferred case even before the physical arrival of files

26 from the clerk of the transferor court. *See In re Wells Fargo Home Mortg. Overtime Pay*

27 *Litig.*, 435 F. Supp. 2d 1338, 1340 (J.P.M.L. 2006).

28

| | |
|---|---|
| 1 | "District courts enjoy broad discretion in the administering of their dockets." |
| 2 | *Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir. 2003) (holding that "[t]his discretion |
| 3 | encompasses the granting and denial of requests for continuances"). An order vacating all |
| 4 | pending deadlines in cases transferred to the MDL is necessary to fulfill the purposes of the |
| 5 | MDL and to ensure the efficient and coordinated resolution of the many issues these cases |
| 6 | share in common. It is necessary to avoid the waste of party and judicial resources that |
| 7 | would result from continuing to litigate these matters separately while this Court develops |
| 8 | orders governing coordinated pretrial management of the MDL docket. |
| 9 | This relief would also be consistent with the orders entered on August 21, 2006 in |
| 10 | *Campbell v. AT&T Communications of California, et al.* and *Riordan v. Verizon* |
| 11 | *Communications Inc.*[3] In those cases, this Court vacated a hearing set for August 24, 2006 |
| 12 | until "a later date to be determined by the Court." *Campbell* Dkt. 59; *see also Riordan* Dkt. |
| 13 | 58. And it would be consistent with this Court's prior orders in other MDL proceedings |
| 14 | over which it has presided. *See In Re: World War II Era Japanese Forced Labor* |
| 15 | *Litigation*, No. MDL-1347, Order No. 1, at 5, ("[e]ach defendant is granted an extension of |
| 16 | time for responding by motion or answer to the complaint(s) until a date to be set at the |
| 17 | conference"); *In Re: Deep Vein Thrombosis*, No. M-04-1606 VRW, Dkt. 4, at 1 ("the court |
| 18 | TERMINATES all pending motions in all cases as an administrative matter").[4] |
| 19 | In sum, this Court should vacate pending deadlines in the MDL cases until the Court |
| 20 | can issue a consolidated case management order to govern all of the MDL cases. Such |
| 21 | action is necessary for these cases to proceed in an efficient and orderly manner, consistent |
| 22 | with the goals of the MDL process. |
| 23 | **III.  CONCLUSION.** |
| 24 | For the foregoing reasons, Defendants respectfully request that this Court enter the |

---

[3] *Campbell* Dkt. 59; *Riordan* Dkt. 58. *Campbell* and *Riordan* were consolidated by this Court as part of this MDL on August 14, 2006. *See Campbell* and *Riordan* dockets.

[4] Copies of these orders are attached as Exhibits A and B to the Declaration of Marc. H. Axelbaum.

700518014v3     - 3 -

Admin. Motion to Vacate Pending Deadlines
No. M-06-01791-VRW

1 | proposed order submitted herewith and vacate all pending deadlines in all cases that are or
2 | become part of this MDL proceeding.

Dated: August 25, 2006.

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> BRUCE A. ERICSON
> DAVID L. ANDERSON
> JACOB R. SORENSEN
> MARC H. AXELBAUM
> DANIEL J. RICHERT
> 50 Fremont Street
> Post Office Box 7880
> San Francisco, CA 94120-7880
>
> SIDLEY AUSTIN LLP
> DAVID W. CARPENTER
> DAVID L. LAWSON
> BRADFORD A. BERENSON
> EDWARD R. McNICHOLAS
> 1501 K Street, N.W.
> Washington, D.C. 20005
>
> By  /s/ Marc H. Axelbaum
>       Marc H. Axelbaum
>
> Attorneys for Defendants AT&T CORP., AT&T INC., AT&T COMMUNICATIONS OF CALIFORNIA, INC., SBC LONG DISTANCE, LLC, PACIFIC BELL TELEPHONE COMPANY, ILLINOIS BELL TELEPHONE CO., AMERICAN TELEPHONE AND TELEGRAPH COMPANY, AT&T COMMUNICATIONS, INC., AT&T OPERATIONS, INC.; NEW CINGULAR WIRELESS SERVICES, INC..
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
> MARK D. FLANAGAN
> ELIZABETH I. ROGERS
> 1117 California Avenue
> Palo Alto, CA 94304

22 //
23 //
24 //
25 //
26 //
27 //
28

700518014v3

- 4 -

Admin. Motion to Vacate Pending Deadlines
No. M-06-01791-VRW

| | |
|---|---|
| 1 | JOHN A. ROGOVIN |
| | RANDOLPH D. MOSS |
| 2 | SAMIR C. JAIN |
| | BRIAN M. BOYNTON |
| 3 | 1875 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20006-3642 |
| 4 | |
| | By    /s/ Samir C. Jain |
| 5 |                   Samir C. Jain |
| | Attorneys for Defendants VERIZON |
| 6 | COMMUNICATIONS INC., VERIZON GLOBAL |
| | NETWORKS INC., VERIZON WIRELESS, LLC, |
| 7 | CELLCO PARTNERSHIP, MCI, LLC and |
| | VERIZON NORTHWEST INC.[5] |
| 8 | |

9 **DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

10     I, MARC H. AXELBAUM, hereby declare pursuant to General Order 45, § X.B,

11 that I have obtained the concurrence in the filing of this document from the other signatory

12 listed above.

13     I declare under penalty of perjury that the foregoing declaration is true and correct.

14     Executed on August 25, 2006, at San Francisco, California.

15                         /s/ Marc H. Axelbaum

16                           Marc H. Axelbaum

---

[5] Counsel listed for the AT&T and Verizon Defendants have appeared (*pro hac vice* or otherwise) in some, but not all, of the cases currently part of MDL 1791. *See* JPML Rule 1.4.

700518014v3     - 5 -

Admin. Motion to Vacate Pending Deadlines
No. M-06-01791-VRW