| | |
|---|---|
| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>BRUCE A. ERICSON  #76342<br>DAVID L. ANDERSON  #149604<br>JACOB R. SORENSEN  #209134<br>MARC H. AXELBAUM  #209855<br>DANIEL J. RICHERT  #232208<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA  94120-7880<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email:  bruce.ericson@pillsburylaw.com | WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>Mark D. Flanagan #130303<br>Elizabeth I. Rogers #226234<br>1117 California Avenue<br>Palo Alto, CA  94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br>Email:  mark.flanagan@wilmerhale.com<br><br>John A. Rogovin (*pro hac vice*)<br>Randolph D. Moss (*pro hac vice*)<br>Samir C. Jain #181572<br>Brian M. Boynton #222193<br>1875 Pennsylvania Avenue, N.W.<br>Washington, DC  20006-3642<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br>Email:  john.rogovin@wilmerhale.com<br><br>Attorneys for Verizon Defendants |

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (*pro hac vice*)
DAVID L. LAWSON (*pro hac vice*)
BRADFORD A. BERENSON (*pro hac vice*)
EDWARD R. McNICHOLAS (*pro hac vice*)
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8010
Facsimile:  (202) 736-8711

Attorneys for AT&T Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791 | Case No. M-06-01791-VRW<br><br>**DECLARATION OF BRIAN M. BOYNTON IN SUPPORT OF THE ADMINISTRATIVE MOTION OF AT&T AND VERIZON DEFENDANTS TO VACATE PENDING FILING DEADLINES IN CASES TRANSFERRED BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>[Civ. L.R. 7-11 & 6-3]<br><br>Courtroom: 6, 17th Floor<br>Judge:       Hon. Vaughn R. Walker |

I, Brian M. Boynton, declare as follows:

1. I am an attorney at the law firm Wilmer Cutler Pickering Hale and Dorr LLP. My firm is counsel for Defendants Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Wireless, LLC, Cellco Partnership, and MCI, LLC ("Verizon Defendants") in cases that are part of MDL 1791. Pursuant to Northern District of California Civil Local Rules 7-11(a) and 6-3(a), I make this declaration in support of the Administrative Motion of AT&T and Verizon Defendants To Vacate Pending Filing Deadlines in Cases Transferred by the Judicial Panel on Multidistrict Litigation.

2. The deadline for Defendant Verizon Communications Inc. to respond to the complaint in *Bissitt v. Verizon Communications Inc.*, No.06-cv-220, is uncertain. The case was stayed pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"), but no order vacating the stay has yet been entered by the transferor court.

3. The deadline for Defendant Verizon Global Networks, Inc. to respond to the complaint in *Herron v. Verizon Global Networks Inc. et al.*, No. 06-cv-2491, is also uncertain. The case was stayed pending further action by the JPML, but no order vacating the stay has yet been entered by the transferor court.

4. The deadline for Defendants Verizon Communications Inc. and Verizon Northwest, Inc. to respond to the complaint in *Hines v. Verizon Communications Inc. et al.*, No. 06-cv-694, is September 8, 2006.

5. The deadline for Defendant MCI, LLC to respond to the complaint in *Spielfogel-Landis v. MCI, LLC*, No. 06-cv-4221, is September 13, 2006.[1]

6. An order vacating these deadlines is necessary to allow the Verizon Defendants to respond to the plaintiffs' complaints in the various cases in a coordinated

---

[1] In the other seven cases against Verizon Communications Inc. or its affiliates that are currently part of MDL 1791, Verizon Communications Inc. or its affiliates do not currently face deadlines for responding to the complaints because they were not served, the case is stayed indefinitely, or the deadline for a response has been postponed indefinitely.

- 1 -

fashion, as contemplated by the JPML in its August 9, 2006 order transferring these cases to this Court for inclusion in MDL 1791. Such an order would also facilitate coordination among the defendants and plaintiffs and would preserve judicial resources by permitting the Court to address the MDL cases in a coordinated fashion. Absent an order vacating existing deadlines, the Verizon Defendants would be prejudiced by having to respond to the complaints in the various cases in a piecemeal fashion.

7. In an attempt to obtain stipulations to the relief requested in this motion, I contacted counsel for the parties in the cases where there are deadlines currently pending. My efforts and the results of those efforts are described below.

8. In a telephone conversation on August 24, 2006, at approximately 7:30 p.m. Eastern time, I asked Eric Fastiff, one of counsel for the plaintiffs in the *Spielfogel-Landis* case, if the plaintiffs would stipulate to the relief requested in this motion. I followed up on this request with an e-mail to Mr. Fastiff on August 25, 2006. In a reply to my e-mail, Mr. Fastiff indicated that plaintiffs would not agree to the relief requested in this motion. At approximately 7:25 p.m. Eastern time, Mr. Fastiff called me to indicate that the *Spielfogel-Landis* plaintiffs might reconsider their opposition to this motion but that he would have to get back to me. At approximately 8:05 p.m. Eastern time Mr. Fastiff called me back and left me a voicemail indicating that plaintiffs were not prepared at that time either to consent to or oppose this motion.

9. At approximately 9:45 a.m. Eastern time, on August 25, 2006, I called and left a message for Miriam Weizenbaum, one of counsel for the plaintiffs in the *Bissitt* case. As of 8:30 p.m. Eastern time, Ms. Weizenbaum had not returned my call.

10. Between 9:45 a.m. and 10:00 a.m. Eastern time on August 25, 2006, I called and left messages for Conrad Williams, Anthony Irpino, and Val Exnicios, counsel for the plaintiffs in the *Herron* case. As of 8:30 p.m. Eastern time, none of them had returned my calls.

- 2 -

Boynton Decl. in Support of Admin.
Motion to Vacate Pending Deadlines
No. M-06-01791-VRW

1      11.     At approximately noon on August 25, 2006, I called and left a voicemail for Christopher Slater, one of counsel for the plaintiffs in the *Hines* case. In that message I asked whether plaintiffs would consent to the relief sought by this motion. At approximately 7:30 p.m. Eastern time I called Mr. Slater a second time and spoke with him about this motion. He indicated that plaintiffs were not prepared at that time either to consent to or oppose this motion.

12.     On August 25, 2006, at approximately 10:15 a.m. Eastern time, I asked Mark McCarty and Matthew Richardson, counsel for Defendants BellSouth Corporation, BellSouth Communication Systems, LLC., and BellSouth Telecommunications, Inc., if they would consent to the relief requested in this motion. Later that afternoon, Mr. McCarty called me back and indicated that BellSouth supports the motion.

13.     It is my understanding that one of counsel for the AT&T Defendants sought and obtained the consent of the United States and the federal government parties to the relief sought in this motion.

14.     There have been no previous time modifications in MDL 1791.

15.     The requested order vacating currently pending deadlines would defer slightly resolution of motions to dismiss to dismiss plaintiffs' complaints but would permit the coordinated treatment of these cases that the MDL process is designed to facilitate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2006.      /s/ Brian M. Boynton
                                                Brian M. Boynton

- 3 -

Boynton Decl. in Support of Admin.
Motion to Vacate Pending Deadlines
No. M-06-01791-VRW