James M. Finberg (State Bar No. 114850)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jfinberg@lchb.com
bhimmelstein@lchb.com
msobol@lchb.com
efastiff@lchb.com

Attorneys for Class Plaintiff
Elaine Spielfogel-Landis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates to:<br><br>SPIELFOGEL-LANDIS v. MCI, LLC (Case No. C-06-4221-VRW) | Case No. M-06-01791-VRW<br><br>**PLAINTIFF *SPIELFOGEL-LANDIS'* OPPOSITION TO ADMINISTRATIVE MOTION OF AT&T AND VERIZON DEFENDANTS TO VACATE PENDING FILING DEADLINES IN CASES TRANSFERRED BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

560770.2

PLAINTIFF *SPIELFOGEL-LANDIS*' OPPOSITION TO
MOTION TO VACATE PENDING FILING DEADLINES
NO. M-06-01791-VRW

Plaintiff in the above-captioned action ("Plaintiff") agrees that the transferred cases should be managed in a coordinated fashion. However, because the privacy of all Americans is at stake in this litigation, Plaintiff is reluctant to consent to a delay of indeterminate duration.[1] Just as the Court expedited resolution of the motions to dismiss in <u>Hepting, et al. v. AT&T Corp.</u>, et al., N.D. Cal. No. C-06-672 VRW ("<u>Hepting</u>"), it is equally important that the issues resolved by the Court in its July 20, 2006 Order in <u>Hepting</u> (the "Order") also be resolved as quickly as possible with respect to defendant MCI, LLC ("MCI").[2]

Most of the Court's rulings in <u>Hepting</u> would appear to be directly applicable to the other telecommunications carriers named as defendants in this litigation — specifically, the Court's holdings that:

(1) the "categorical <u>Totten</u>/<u>Tenet</u> bar" does not apply (Order at 32);

(2) "the very subject matter of this action is hardly a secret" warranting dismissal based on the state secrets privilege (Order at 34);

(3) "plaintiffs have stated sufficient facts to allege injury-in-fact for all their claims" establishing Article III standing (Order at 46);

(4) "even if plaintiffs were required to plead affirmatively that AT&T did not receive a certification authorizing its alleged actions," an allegation that it acted "without judicial or other lawful authorization" is sufficient (Order at 53-54);

---

[1] In the experience of Plaintiff's counsel, many months often pass between the issuance of an MDL transfer order and the resumption of briefing on motions to dismiss, while the plaintiffs organize themselves, initial case management conferences are scheduled and held, and consolidated amended complaints are prepared and filed.

[2] As explained in the <u>Spielfogel-Landis</u> Complaint:

> Defendant MCI, LLC ("MCI") is a Delaware limited liability company, and the successor to MCI, Inc., which was acquired by Verizon Communications, Inc. ("Verizon") in a merger transaction that closed on January 6, 2006. As explained by MCI, Inc. in a proxy statement regarding the merger filed with the Securities and Exchange Commission, "[u]nder the merger agreement, MCI [Inc.] will merge with and into Eli Acquisition, LLC, sometimes referred to as Eli Acquisition, a direct, wholly owned subsidiary of Verizon. Eli Acquisition will continue as the surviving entity and will be renamed 'MCI, LLC.'"

<u>Id</u>. ¶ 7.

(5) "even if a common law immunity existed decades ago, applying it presently would undermine the carefully crafted scheme of claims and defenses that Congress established in subsequently enacted statutes" (Order at 59); and

(6) "neither the history of judicially created immunities for telecommunications carriers nor the purposes of qualified immunity justify allowing AT&T to claim the benefit of the doctrine in this case" (Order at 67).

With respect to defendant MCI, Plaintiff seeks prompt resolution of the following pivotal issue *not* resolved in Hepting:

> In light of (1) Verizon's tacit admission that its recently-acquired subsidiary, MCI, *did* provide its customers' phone records to the NSA;[3] and (2) confirmation by four members of the House and Senate intelligence oversight committees who had been briefed on the program by intelligence officials that MCI did in fact provide call records to the government (see *NSA Database Incomplete*, USA Today (June 30, 2006), cited in Order at 23), is the fact that MCI provided call records to the government a state secret?

As moving parties note, there are only three cases pending against the Verizon Defendants with "imminent deadlines to file pleadings or other papers" — Bissit v. Verizon Communications Inc., No. CA-06-220 (D.R.I.) (deadline uncertain); Herron v Verizon Communications, Inc. et al., No. 06-cv-2491 (E.D. La.) (deadline uncertain); Hines v. Verizon Communications, Inc., No. CV-06-694 (D. Ore.) (response to complaint due Sept. 8, 2006); and Spielfogel-Landis v. MCI, LLC, No. 06-CV-4221 (N.D. Cal.) (response to complaint due Sept. 13, 2006). Of these, only Spielfogel-Landis names as a defendant MCI or its predecessor, and MCI is the *only* defendant named in that action. Indeed, Spielfogel-Lanidis is the only case transferred to or filed in this district that names MCI or its predecessor as a defendant.

\\

\\

---

[3] On May 16, 2006, Verizon issued a statement that "until just four months ago [i.e., prior to Verizon's acquisition of long distance carrier MCI (see n.2, supra)], Verizon had three major businesses," and that "Verizon was not asked to provide, nor did Verizon provide, customer phone records from any of these businesses . . . ." See Order at 22. Later that day, the Verizon spokesman identified in the statement clarified that its denial "was about Verizon, not MCI." See *Verizon says it isn't giving call records to NSA, USA Today* (May 16, 2006) (available at http://www.usatoday.com/news/washington/2006-05-16-verizon-nsa_x.htm).

Accordingly, that action is the most appropriate vehicle for resolving this issue, and briefing should go forward as scheduled.[4]

Respectfully Submitted,

Dated: August 28, 2006  By: \s\ *Barry R. Himmelstein*
Barry R. Himmelstein

James M. Finberg (State Bar No. 114850)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Class Plaintiff Elaine Spielfogel-Landis

---

[4] Plaintiff is willing to stipulate that the United States may intervene in Spielfogel-Landis, as MCI lacks standing to raise the state secrets privilege.