1  ELECTRONIC FRONTIER FOUNDATION
    CINDY COHN (145997)
2  cindy@eff.org
    LEE TIEN (148216)
3  tien@eff.org
    KURT OPSAHL (191303)
4  kurt@eff.org
    KEVIN S. BANKSTON (217026)
5  bankston@eff.org
    CORYNNE MCSHERRY (221504)
6  corynne@eff.org
    JAMES S. TYRE (083117)
7  jstyre@eff.org
    454 Shotwell Street
8  San Francisco, CA 94110
    Telephone: 415/436-9333
9  415/436-9993 (fax)

10  Attorneys for Plaintiffs

11  [Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>Hepting, et. al v. AT&T Corporation, et. al | MDL Docket No 06-1791 VRW<br><br>Relates to Case No. C-06-0672-VRW<br><br>**CLASS ACTION**<br><br>*HEPTING* **PLAINTIFFS' ADMINISTRATIVE MOTION FOR SCHEDULING ORDER**<br><br>**[CIVIL L.R. 7-11 AND 6-3(C)]**<br><br>Courtroom:  6, 17th Floor<br>Judge:       The Hon. Vaughn R. Walker |

Pursuant to Local Rule 6-3(c), the plaintiffs in *Tash Hepting, et al v. AT&T Corp., et al* (N.D. Cal. No. C-06-0672-VRW) hereby make this administrative motion respectfully requesting the Court to issue a scheduling order (1) setting a case management conference; and (2) setting the date by which defendant AT&T must answer the First Amended Complaint (*Hepting* Dkt. 8).

**I.     Background**

The *Hepting* litigation is a class action initially filed in this Court in January 2006 on behalf of all residential customers and subscribers of defendants AT&T Corp. and AT&T Inc. ("AT&T"), alleging, among other things, that AT&T is violating the Fourth Amendment of the United States Constitution and the federal wiretap statutes by conducting, on behalf of the government, warrantless, suspicionless searches and seizures of the domestic and international communications of millions of Americans.

Following this Court's order of July 20, 2006, denying the motions to dismiss of AT&T and the government (*Hepting* Dkt. 308), AT&T and the government filed petitions for permission to appeal with the Ninth Circuit. *See* 9th Cir. App. Case Nos. 06-80109, 06-80110. As of the time of this filing, the Ninth Circuit has not yet acted upon these petitions. In addition, the Judicial Panel on Multidistrict Litigation issued an order transferring *Hepting* to this Court, among other cases. (MDL 1791 Dkt. 1). In the interim, the *Hepting* litigation was stayed until August 8, 2006, and then until September 29, 2006, by prior orders of this Court (*Hepting* Dkt. 330 and 336).

Neither AT&T nor the government has moved to further extend the *Hepting* stay, which has now expired. However, on September 1, 2006, this Court vacated "[a]ll pending filing deadlines in cases transferred to this court pursuant to MDL 1791 … until further order of court following the initial case management conference and issuance of a consolidated case management order." (MDL 1791 Dkt. 17).[1]  On August 31, 2006, the Court had noted that it "will calendar an initial case management conference shortly after September 15, 2006." (MDL 1791 Dkt. 15).

---

[1] Strictly speaking, AT&T filing deadline for providing an answer in the *Hepting* case was not "pending" at the time this Court issued its September 1 order, and AT&T did not list the *Hepting* case among the pending deadlines from which it sought relief (MDL 1791 Dkt. 5). If the Court did not intend for that order to vacate the stayed deadlines, the *Hepting* plaintiffs respectfully request this Court treat this brief as a motion for clarification.

## II. A Prompt Case Management Conference is Necessary

Plaintiffs respectfully suggest the Court schedule a case management conference to discuss outstanding issues, including:

- Appointing an FRE Rule 706 Expert.
- Conducting discovery (including the previously noticed F. R. Civ. P. 30(b)(6) deposition of AT&T Corp. and the discovery discussed in the *Hepting* plaintiffs' July 31 brief in response to this Court's order to show cause (*Hepting* Dkt. 317), pp. 7-8).
- Scheduling the motion for preliminary injunction (allowing plaintiffs sufficient time to conduct their requested discovery).
- AT&T's production of any certifications or other authorizations that AT&T contends allow AT&T to intercept the communications of its customers.
- The coordination of pre-trial proceedings for the cases transferred by the MDL panel.

## III. The Interests of Justice Require AT&T to Answer the Complaint Promptly

In addition to setting a prompt case management conference, plaintiffs respectfully request that the Court set a date certain by which AT&T must answer the First Amended Complaint. In determining this, the appropriate standard is whether the case should be stayed pending the Ninth Circuit's decision on AT&T and the government's petitions. "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983), *rev'd on other grounds*, 463 U.S. 1328 (1983) (noting the common language of the test for stay pending appeal and the test for a preliminary injunction, citing *Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980)).

As explained in detail in the *Hepting* motion for a preliminary injunction (*Hepting* Dkt. 17-22 and 30-32), plaintiffs have already demonstrated that they meet the test for a preliminary injunction, i.e., that they are likely to prevail on the merits and that the balance of hardships tilts sharply in their favor. *See also* the *Hepting* plaintiffs' July 31 brief in response to this Court's order to show cause (*Hepting* Dkt. 317) (discussing test for stay in more detail).

Moreover, AT&T and the Government will suffer no harm from this Court setting a

1  deadline for the answer.[2] As we have respectfully suggested in previous filings (see e.g. *Hepting* Dkt. 329), AT&T can file its complete answer directly in chambers, and can serve and publicly file those portions that do not implicate disputed material on the public record.[3] The Court can then determine, after appropriate briefing, whether and to what extent any of the Answer's redacted material are properly redacted. *See generally* 50 U.S.C. § 1806(f) (providing for *in camera* and *ex parte* review of "materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted"); *see also* Plaintiffs' Opp. to Gov't Motion to Dismiss, pp. 21-24 (*Hepting* Dkt. 181); *Halpern v. U.S.,* 258 F.2d 36, 43 (2nd Cir. 1958); *Loral Corp. v. McDonnell Douglas Corp.*, 558 F.2d 1130 (2nd Cir. 1977); *Spock v. U.S.,* 464 F. Supp. 510, 520 (S.D.N.Y. 1978) (endorsing creative solutions to manage state secret privilege issues).

Plaintiffs are suffering ongoing harm to the statutory and constitutional rights, resulting in irreparable injury. As the Court has recognized, "AT&T's alleged actions here violate the constitutional rights clearly established in Keith [*United States v. United States District Court (Keith),* 407 U.S 297 (1972)]." (*Hepting* Dkt. 308 at 68:14-15); *see also ACLU v. NSA,* 2006 WL 2371463 (E.D. Mich. 2006) (finding government warrantless surveillance program illegal and unconstitutional and granting permanent injunction).

Finally, AT&T's arguments about the potential success on the merits of the government's state secrets claim on appeal have been seriously undercut by cases decided since this last was briefed. In addition to this Court's order, both *ACLU v. NSA, supra,* and *Al-Haramain Islamic Foundation, Inc. v. Bush*, 2006 WL 2583425 (D.Or. 2006) have rejected the arguments in the government's state secret privilege motions to dismiss.

---

[2] Indeed, AT&T actually did file an answer to a separate action in the Eastern District of Missouri (*United States v. Gaw et al*, Case No. 4:06 cv 1132 CEJ, Dkt. 30) that has been conditionally transferred to this Court by the Judicial Panel on Multidistrict Litigation. AT&T's answer is attached hereto as Exhibit A.

[3] Since the state secret privilege belongs to the government, *see United States v. Reynolds*, 345 U.S. 1, 7-8 (1953), AT&T may need some guidance determining which paragraphs to redact. It would seem appropriate for the government to file a brief identifying which specific paragraphs of the Complaint it would object to AT&T answering publicly pending the resolution of any interlocutory appeal the government intends to file. Upon receipt of the government's papers, AT&T should be required to immediate file the redacted version.

Other than its pending appeals petition, AT&T's primary argument for vacating pending deadlines was that "numerous filing deadlines will occur in individual cases during the next several weeks, and the parties will be put to the expense and burden of continuing to litigate these matters separately notwithstanding their consolidation into the MDL." (MDL 1791 Dkt. 5). This argument simply does not hold water for the *Hepting* answer. Absent the Court's stay order of August 2, 2006, AT&T's answer would have been due the following day, on August 3, 2006. AT&T has had the Complaint for well over six months. The Court denied AT&T's motion to dismiss over two months ago. Presumably, by August 2, 2006, AT&T had a draft of their Answer within one day of filing, and AT&T will not be put to any significant expense or burden. The Court's order vacating pending deadlines in the transferred cases should not operate as a stay for the *Hepting* case when better alternatives exist and when AT&T has not met the applicable legal standard.

In sum, given the ongoing and irreparable harm to the plaintiffs and the likelihood that plaintiffs will succeed on the merits, there is no reason for further delay the answer now that the stay has expired.

**IV.   Conclusion**

For the reasons stated above, plaintiffs respectfully request that this Court issue a scheduling order, setting the date by which AT&T shall answer the First Amended Complaint and setting a case management conference. Plaintiffs respectfully suggest that the deadline be no later than 10 days after the Court rules on this administrative motion and that the case management conference be set as soon as the Court's schedule permits.

DATED: October 3, 2006                                    ELECTRONIC FRONTIER FOUNDATION

By _____/s/_____
Cindy A. Cohn, Esq. (SBN 145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone:    (415) 436-9333 x108
Facsimile:      (415) 436-9993

ATTORNEYS FOR PLAINTIFFS

Additional Plaintiffs' Counsel:

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
REED R. KATHREIN
JEFF D. FRIEDMAN
MARIA V. MORRIS
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

TRABER & VOORHEES
BERT VOORHEES
THERESA M. TRABER
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9611
Facsimile: (626) 577-7079

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

LAW OFFICE OF ARAM ANTARAMIAN
ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 841-2369

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants listed on the following pages.

By /s/
Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:    (415) 436-9333 x108
Facsimile:      (415) 436-9993
cindy@eff.org

| | | |
|---|---|---|
| 1 | Darrell Lee Barger<br>Hartline acus et al<br>800 N. Shoreline Blvd.<br>Suite 2000N<br>Corpus Christi, TX 78401 | Suite 3600<br>New Orleans, LA 70170<br><br>Val Patrick Exnicios<br>Liska Exnicios & Nungesser<br>One Canal Place<br>365 Canal Street<br>New Orleans, LA 70130 |

Darrell Lee Barger
Hartline acus et al
800 N. Shoreline Blvd.
Suite 2000N
Corpus Christi, TX 78401

Marc Oliver Beem
Miller Shakman & Hamilton, LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601

John Beisner
O'Melveny & Myers LLP
555 13th Street, N.W.
Suite 500 West
Washington, DC 20004-1109

Steven K. Blackhurst
Ater Wynne Hewitt Dodson & Skerritt
222 S.W. Columbia Ste 1800
Portland, OR 97201-6618

James M. Carlson
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602

David R. Carpenter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603

Edward Morgan Carstarphen , III
Ellis Carstearphen et all
5847 San Felipe
Suite 1900
Houston, TX 77057

Catherine J. Casey
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street
#1900
Chicago, IL 60601

Amato A. DeLuca
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Nancy Scott Degan
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charle Avenue

Suite 3600
New Orleans, LA 70170

Val Patrick Exnicios
Liska Exnicios & Nungesser
One Canal Place
365 Canal Street
New Orleans, LA 70130

Tyrone C. Fahner
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606

Daniel Martin Feeney
Miller Shakman & Beem LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601

Sheila Marie Finnegan
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606

Jodi W. Flowers
Motley Rice, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

Amy Collins Fontenot
Liska, Exnicios & Nungesser
One Canal Place
365 Canal Street
Suite 2290
New Orleans, LA 70130

Zachary J. Freeman
Miller Shakman & Beem LLP
180 N. La Salle Street
Suite 3600
Chicago, IL 60601

Susan A. Freiwald
USF School of Law
2130 Fulton St
San Francisco, CA 94117

Daniel N. Gall
c/o Luna Innovations
2851 Commerce Street
Blacksburg, VA 24060

No. M-06-01791-VRW    PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | | |
| 2 | F. Thomas Hecht<br>Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>Chicago, IL 60602 | Leondra Kruger<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1875 Pennsylvania NW Avenue<br>Washington, DC 20006-3642 |
| 3 | | |
| 4 | Anthony D. Irpino<br>Irpino Law Firm<br>365 Canal Street<br>22nd Floor<br>New Orleans, LA 70130 | Melanie G. Lagarde<br>St. Martin & Williams<br>4084 Highway 311<br>Houma, LA 70360 |
| 5 | | |
| 6 | | |
| 7 | Joseph G. Jevic , III<br>St. Martin & Williams<br>4084 Highway 311<br>P.O. Box 2017<br>Houma, LA 70361-2017 | David L. Lawson<br>Sidley Austin Brown & Wood<br>172 Eye Street, N.W.<br>Washington, DC 20006 |
| 8 | | |
| 9 | | |
| 10 | Philip J. John , Jr<br>Baker & Botts<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002 | Roger L. Mandel<br>Stanley Mandel & Iola LLP<br>3100 Monticello ave<br>Suite 750<br>Dallas, TX 75205 |
| 11 | | |
| 12 | | |
| 13 | C. J. Johnson<br>Kalkstein Law Firm<br>P.O. Box 8568<br>Missoula, MT 59807 | Howard A. Merten<br>Partridge, Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903 |
| 14 | | |
| 15 | | |
| 16 | Joshua Karsh<br>Gessler Hughes Piers Resnick & Dym Ltd.<br>Three First National Plaza<br>70 West Madison Street, Suite 4000<br>Chicago, IL 60602 | Randolph D. Moss<br>Wilmer, Cutler, Pickering, Hale & Dorr LLP<br>1875 Pennsylvania Avenue, N.W.<br>Washington, DC 20006 |
| 17 | | |
| 18 | | |
| 19 | Peter D. Keisler<br>United States Department of Justice<br>Assistant Attorney General<br>20 Massachusetts Avenue, NW<br>Room 7312<br>Washington, DC 20530 | Michael C. O'Malley<br>Siben & Siben, LLP<br>90 East Main Street<br>BayShore, NY 11706 |
| 20 | | |
| 21 | | Michele L. Odorizzi<br>Mayer Brown Rowe & Maw<br>190 South LaSalle Street<br>Chicago, IL 60603 |
| 22 | | |
| 23 | Jonathan D. King<br>DLA Piper Rudnick Gray Cary US LLP<br>203 North LaSalle Street<br>#1900<br>Chicago, IL 60601-1293 | Wendy Sangbee Park<br>Roger Baldwin Foundation of ACLU, Inc.<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601 |
| 24 | | |
| 25 | | |
| 26 | Joseph R. Knight<br>Baker Botts LLP<br>98 San Jacinto Blvd.<br>Suite 1500<br>Austin, TX 78701-4039 | Robert J. Patterson<br>Watts Law Firm LLP<br>555 N. Carancahua Street<br>Twr II Bldg 14th Floor |
| 27 | | |
| 28 | | |

No. M-06-01791-VRW        PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | Corpus Christi, TX 78401 | Inc.<br>180 North Michigan Avenue |
| 2 | Paul Lee Peyronnin | Suite 2300 |
| 3 | Baker Donelson Bearman Caldwell & Berkowitz, PC | Chicago, IL 60601-7401 |
| 4 | 201 St. Charles Ave.<br>Suite 3600 | Christopher A. Slater<br>Slater & Ross |
| 5 | New Orleans, LA 70170 | 1 S.W. Columbia Street<br>Suite 1850 |
| 6 | Michael James Philippi<br>Ungaretti & Harris LLP | Portland, OR 97258 |
| 7 | 3500 Three First National Plaza<br>Chicago, IL 60602 | Michael A. St. Pierre<br>Revens Revens & St. Pierre |
| 8 | | 946 Centerville Road<br>Warwick, RI 02886 |
| 9 | Jason S. Ritchie<br>Holland & Hart | |
| 10 | P.O. Box 639<br>Billings, MT 59103 | Marc Ver Der Hout<br>Ver Der Hout & Brigagliano<br>180 Sutter Street, 5th Floor |
| 11 | Harry Rosenberg<br>Phelps Dunbar, LLP | San Francisco, CA 94123 |
| 12 | Canal Place<br>365 Canal Street | Nicholas Wagner<br>Law Offices of Wagner & Jones |
| 13 | Suite 2000<br>New Orleans, LA 70130-6534 | 1111East He rndon, Suite 317<br>Fresno, CA 93720 |
| 14 | Michael J. Ross | Thomas P. Walsh |
| 15 | Slater Ross<br>1850 Benjamin Franklin Plaza | United States Attorney's Office NDIL<br>219 South Dearborn Street |
| 16 | 1 S.W. Columbia Street<br>Portland, OR 97258 | Suite 500<br>Chicago, IL 60604 |
| 17 | William A. Rossbach | Peter Wasylyk |
| 18 | Rossbach & Whiston<br>401 North Washington Street | Law Offices of Peter Wasylyk<br>1307 Chalkstone Avenue |
| 19 | P.O. Box 8988<br>Missoula, MT 59807-8988 | Providence, RI 02908 |
| 20 | | Mikal C. Watts |
| 21 | Alan Norris Salpeter<br>Mayer, Brown,Rowe & Maw | Watts Law Firm, LLP<br>Bank of America Plaza |
| 22 | 190 South LaSalle Street<br>Chicago, IL 60603 | 300 Convent Street<br>Suite 100<br>San Antonio, TX 78205 |
| 23 | Mark Schlosberg | |
| 24 | American Civil Liberties Union Fndt.<br>1663 Mission Street, Suite 460 | Conrad S.P. Williams , III<br>St. Martin, Williams & Bourque |
| 25 | San Francisco, CA 94103 | P.O. Box 2017<br>Houma, LA 70361 |
| 26 | Eric Schneider<br>1730 South Federal Hwy. #104 | Martin Woodward |
| 27 | Delray Beach, FL 33483 | Stanley, Mandel & Iola, LLP<br>3100 Monticello Avenue |
| 28 | Adam D. Schwartz<br>Roger Baldwin Foundation of ACLU, | Suite 750<br>Dallas, TX 75205 |

No. M-06-01791-VRW     PROOF OF SERVICE

| | |
|---|---|
| 1 | |
| 2 | Matthew A. Woolf |
| | Baker Donelson Bearman Caldwell & |
| 3 | Berkowitz, PC |
| | 201 St. Charles Ave. |
| 4 | Suite 3600 |
| | New Orleans, LA 70170 |
| 5 | |

No. M-06-01791-VRW					PROOF OF SERVICE