1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON #76342
2  DAVID L. ANDERSON #149604
   JACOB R. SORENSEN #209134
3  MARC H. AXELBAUM #209855
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA 94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6  Email: bruce.ericson@pillsburylaw.com

7  SIDLEY AUSTIN LLP
   DAVID W. CARPENTER (admitted *pro hac vice*)
8  DAVID L. LAWSON (admitted *pro hac vice*)
   BRADFORD A. BERENSON (admitted *pro hac vice*)
9  EDWARD R. McNICHOLAS (admitted *pro hac vice*)
   1501 K Street, N.W.
10 Washington, D.C. 20005
   Telephone: (202) 736-8010
11 Facsimile: (202) 736-8711

12 Attorneys for the AT&T Defendants

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*Hepting, et al. v. AT&T Corp., et al.*, No. C-06-0672-VRW | MDL Dkt. No. 06-1791-VRW<br><br>**AT&T'S RESPONSE TO *HEPTING* PLAINTIFFS' ADMINISTRATIVE MOTION FOR SCHEDULING ORDER (DKT. 39)**<br><br>Courtroom: 6, 17th Floor<br>Judge:    Hon. Vaughn R. Walker |

## I. INTRODUCTION.

The *Hepting* Plaintiffs' Administrative Motion for Scheduling Order (Dkt. 39) ("Motion") asks the Court to act prematurely and in only one of the approximately forty cases that are in the process of being consolidated into this MDL proceeding.[1] It would make no sense at this time to do either of the things the *Hepting* Plaintiffs suggest—schedule an individual case management conference or require defendant **AT&T CORP.** or specially appearing defendant **AT&T INC.** (collectively, "AT&T") to answer the *Hepting* complaint. AT&T does not oppose the eventual scheduling of a consolidated MDL case management conference; indeed, as noted by the *Hepting* Plaintiffs, the Court has already indicated that it plans such a conference. *See* Practice and Procedure Order, filed Aug. 31, 2006, Dkt. 15; Order filed Sept. 1, 2006, Dkt. 19. Lest the efficiencies of coordinated case management be undercut, however, any action by the Court should await transfer of the additional cases that will be part of the MDL and a ruling by the Ninth Circuit on the cross-petitions under 28 U.S.C. § 1292(b) for review of the Court's July 20, 2006 Order (*Hepting* Dkt. 308).

The *Hepting* Plaintiffs have tried and failed before to force precipitous action on the Court. On September 1, 2006, the Court ordered over plaintiffs' opposition (*see* Dkt. 13) that "[a]ll pending filing deadlines in cases transferred to this court pursuant to MDL 1791 are hereby vacated until further order of the court following the initial case management conference and issuance of a consolidated case management order." Order filed Sept. 1, 2006, Dkt. 19. This approach remains the most logical way to proceed. The case management conference should await the arrival of all cases and parties. It also should

---

[1] In addition, the Motion is procedurally defective. Although couched as a motion under Civil Local Rules 7-11 and 6-3(c), it does not meet the requirements of either. Rule 6-3(c) relates to *oppositions* to motions to enlarge or shorten time, but the Motion is no such thing. The Motion more closely resembles a motion under Rule 6-3(a), but the *Hepting* Plaintiffs make no attempt to meet the requirements of that provision. They provide no declaration making the detailed showing required by Rule 6-3(a). They also fail to include a declaration explaining why a stipulation could not be obtained, as required by Rule 7-11(a). The *Hepting* Plaintiffs made no attempt to meet and confer; they simply filed this Motion without warning.

1 await news of whether the Ninth Circuit will review the July 20 *Hepting* Order.  The case

2 should then proceed, as the Court has suggested, pursuant to a "*consolidated* case

3 management order" rather than by the piecemeal litigation of individual cases apparently

4 favored by the *Hepting* Plaintiffs.

5 **II.    A CASE MANAGEMENT CONFERENCE SHOULD AWAIT TRANSFER**
6 **          OF ALL OF THE CASES TO MDL 06-1791.**

7          The *Hepting* Plaintiffs' view of how things should proceed is *Hepting*-centric,

8 ignoring the fact that this is an MDL in which the interests of numerous plaintiffs and

9 defendants need to be addressed.  To afford everyone involved an opportunity to address

10 case management issues, a conference should not be scheduled until the MDL transfer

11 process is complete and all parties are before the Court.  Particularly in this matter, the

12 MDL transfer process should be relatively quick.  The *Hepting* Plaintiffs may wish to put

13 their own discovery and case management agenda ahead of all others, but doing so would

14 be at odds with the pretrial consolidation of these cases.  *See* Practice and Procedure Order

15 filed Aug. 31, 2006, Dkt. 15, ¶ 2.  All interested parties should be afforded an opportunity

16 to appear and discuss such issues before the Court decides how to proceed.

17          Requiring AT&T to answer the *Hepting* complaint now makes even less sense than

18 scheduling a conference.  Before any answers are filed, all of the actions should be

19 transferred to this Court and a decision should be made as to whether the various plaintiffs

20 will file a consolidated master complaint.  Precisely how such a complaint should be

21 answered, if at all, in light of the state secrets issues that remain in the various MDL cases

22 is also a subject that should be addressed by all parties at a conference.  Accordingly, if,

23 when and how AT&T is required to answer the *Hepting* complaint should be addressed at

24 the case management conference, not before.[2]  Assuming that the pending section 1292(b)

---

26 [2] The fact that AT&T entities filed an answer in the *Gaw* case does not support the *Hepting*
     Plaintiffs' argument.  That answer was to a complaint filed *by the government,* which, far
27   from making factual allegations implicating state secrets, was making purely legal
     allegations about preemption in an effort to prevent a state regulatory agency from
28                                                                              (continued…)

1 petitions to the Ninth Circuit are granted, it may be that a full stay of the MDL pending

2 appeal is the most sensible immediate course of action. But if the Court should decide to

3 order AT&T to answer the complaint in some fashion, that process should go forward as

4 part of a consolidated, coordinated approach to all of the MDL cases.

5     AT&T believes that all pending cases related to MDL 06-1791 and subject to the

6 Panel's jurisdiction have been identified, and that all but one, which was tagged earlier this

7 week (and one day after it was filed), have now been included in existing Conditional

8 Transfer Orders ("CTOs") issued by the Panel. The existing CTOs embrace all major

9 categories of cases potentially subject to the MDL, including the most recent

10 category—five lawsuits brought by the United States against various states seeking to

11 preempt state investigations of alleged carrier cooperation with NSA intelligence activities.

12 Thus, after any oppositions to the current set of CTOs have been adjudicated by the Panel,

13 the full contours of the MDL will be clear. This Court should await completion of that

14 process before addressing issues that affect not just the *Hepting* Plaintiffs, but all parties to

15 the actions that may become part of this MDL.

16     The current status of the MDL process is summarized in Exhibit A hereto.

17 **III.  A CASE MANAGEMENT CONFERENCE SHOULD ALSO AWAIT**

18       **RULING ON THE PETITIONS FOR PERMISSION TO APPEAL.**

19     As set forth in AT&T's Response to the August 14, 2006 Order in *Hepting* (Dkt. 34-

20 1), the cross-petitions for review of the Court's July 20, 2006 Order (*Hepting* Dkt. No. 308)

21 under 28 U.S.C. § 1292(b) were filed on July 31 and August 9, 2006, respectively. *See*

22 App. Case Nos. 06-80109, 06-80110 (U.S.C.A. 9th Cir.). As of the filing of this Response,

23 the Ninth Circuit has not acted on these petitions. In addition to waiting for all of the MDL

24 cases to reach this Court, the Court should wait to schedule a conference until the Ninth

---

25 (…continued)
invading the zone of state secrets the government has marked out in *Hepting* and other
26 cases. Answering the complaint in *Gaw* is not at all analogous to answering the
complaint in *Hepting*. The *Gaw* complaint does not raise any of the issues about
27 confirming or denying classified material that are presented squarely by the *Hepting*
complaint.
28

1  Circuit makes a decision on the petitions, when the Court will be better able to evaluate the

2  potential merits of a stay of the entire MDL.³

3  The Court should also wait for that determination, and the resolution of any ensuing

4  motions to stay the MDL pending review by the Ninth Circuit, before deciding whether to

5  require AT&T to answer any of the complaints (or a master complaint, if the Court

6  ultimately favors that approach).  AT&T cannot at present answer the *Hepting* complaint in

7  any meaningful way in light of the government's assertion of the state secrets privilege.

8  Almost every paragraph of that lengthy complaint raises complex and difficult issues of

9  privilege.  Those issues should be evaluated after the Ninth Circuit acts on the section

10  1292(b) petitions and after full discussion with all parties of the various substantive and

11  procedural complications an answer might entail.

12  Recent developments in other cases highlight the likelihood of appellate review and

13  the need to let the appellate process play out before proceeding in *Hepting* or any other

14  individual cases that are part of the MDL.  On September 7, 2006, the Honorable Garr M.

15  King issued an opinion in *Al-Haramain Islamic Foundation, Inc. v. Bush*, ___ F. Supp. 2d

16  ___, 2006 WL 2583425 (D. Or. Sept. 7, 2006).  The government petitioned for

17  interlocutory appeal under 28 U.S.C. § 1292(b), a true and correct copy of that petition is

18  attached hereto as Exhibit B.  The government's petition asks the Ninth Circuit to hold the

19  petition in *Al-Haramain* pending a final ruling on the interlocutory appeal in *Hepting*,

20  noting that the issues in *Hepting* substantially overlap those in *Al-Haramain*.  Ex. B at 18.

21  Similarly, an appeal from the August 17, 2006 Order of the Honorable Anna Diggs

22  Taylor granting a permanent injunction in *ACLU v. NSA*, 438 F. Supp. 2d 754 (E.D. Mich.

23  Aug. 17, 2006), is pending in the U.S. Court of Appeals for the Sixth Circuit.  On

24

---

25  ³ An administrative motion is the wrong place for the *Hepting* Plaintiffs' discussion of the propriety of a stay pending appeal.  *See* Motion at 2:15-3:22.  AT&T therefore will not
26  address the issue of a stay here.  These issues may be addressed in due course, if and when the parties move for a stay.  Depending on what the Ninth Circuit does with the
27  pending petitions, AT&T believes that a stay of the MDL pending appeal may be the most sensible and appropriate course of action.
28

1   October 4, 2006, the Sixth Circuit issued an order staying the August 17 Order pending

2   appeal.  A copy of the stay order is attached hereto as Exhibit C.  (AT&T is not a defendant

3   in *Al-Haramain* or in *ACLU v. NSA*.)

4        Although the court of appeals obviously sets its own calendar, AT&T expects the

5   Ninth Circuit to rule on the petitions for review in *Hepting* presently.  In addition to

6   awaiting completion of the pending MDL transfer process, the Court should wait to see

7   whether the Ninth Circuit grants review before proceeding with a case management

8   conference or deciding whether and how AT&T must answer the *Hepting* (or any other)

9   complaint.  After the Ninth Circuit rules, the parties will be in a better position to address

10  whether the MDL proceedings should be stayed pending the *Hepting* appeal.

11  **IV.   CONCLUSION.**

12       For the reasons set forth above, the Motion should be denied pending transfer of the

13  remaining actions to the Court and a decision by the Ninth Circuit on the cross-petitions for

14  review.

15  Dated:  October 6, 2006.            PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        BRUCE A. ERICSON
16                                      DAVID L. ANDERSON
                                        JACOB R. SORENSEN
17                                      MARC H. AXELBAUM
                                        50 Fremont Street
18                                      Post Office Box 7880
                                        San Francisco, CA 94120-7880
19
                                        SIDLEY AUSTIN LLP
20                                      DAVID W. CARPENTER
                                        DAVID L. LAWSON
21                                      BRADFORD A. BERENSON
                                        EDWARD R. McNICHOLAS
22                                      1501 K Street, N.W.
                                        Washington, D.C. 20005
23

24                                      By      */s/ Bruce A. Ericson*
                                                    Bruce A. Ericson
25
                                        Attorneys for Defendants
26                                      AT&T CORP. and AT&T INC.

27

28