

**A CERTIFIED TRUE COPY**

DEC 1 5 2006

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 5 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1791*
M 06- 1791 VRW

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION*

*Mink v. AT&T Communications of the Southwest, Inc., et al.*, E.D. Missouri,
    C.A. No. 4:06-cv-01113
*Shubert, et al. v. Bush, et al.*, E.D. New York,
    C.A. No. 1:06-cv-02282
*Center for Constitutional Rights, et al. v. Bush, et al.*, S.D. New York,
    C.A. No. 1:06-cv-00313
*Al-Haramain Islamic Foundation, Inc., et al. v. Bush, et al.*, D. Oregon,
    C.A. No. 3:06-cv-00274

**F I L E D**

DEC 1 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these four actions to vacate the portion of a Panel order conditionally transferring the actions to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Federal Government defendants in the actions pending in the Eastern District of New York, Southern District of New York, and District of Oregon oppose the motions filed with respect to those actions, and telecommunication company defendants[1] in the Eastern District of Missouri action oppose the motion filed with respect to that action.[2] Plaintiffs in fourteen of the sixteen initially centralized actions have submitted a brief in support of the motions submitted by the Eastern District of New York, Southern District of New York, and District of Oregon plaintiffs.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these four actions involve common questions of fact with the actions in this litigation previously centralized in the Northern District of California, and that transfer of the four actions to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of

---

[1] AT&T Communications of the Southwest, Inc., Southwestern Bell Telephone, L.P., and SBC Long Distance, L.L.C.

[2] Plaintiff Claudia Mink's motion to strike the telecommunication company defendants' response to her motion to vacate the conditional transfer order in the Missouri action is denied.

A CERTIFIED TRUE COPY

DEC 2 1 2006

the litigation. Transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Northern District of California was a proper Section 1407 forum for actions sharing factual and legal questions regarding alleged Government surveillance of telecommunications activity and the participation in (or cooperation with) that surveillance by individual telecommunications companies. The Panel stated that centralization under Section 1407 was necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to matters involving national security), and conserve the resources of the parties, their counsel and the judiciary. *See In re National Security Agency Telecommunications Records Litigation*, 444 F.Supp.2d 1332, 1334 (J.P.M.L. 2006). Like the actions already centralized in this docket, the four actions currently before the Panel arise from the Government's alleged telecommunications surveillance program, and necessarily implicate common and delicate questions of national security, including the applicability and scope of the state secrets privilege and related authorities.

Plaintiffs in the action pending in the District of Oregon argue that the existence of a top-secret sealed document renders their action unique, in that the document purportedly proves that plaintiffs were actually subject to surveillance, a key contested element of the other MDL-1791 actions. Even if plaintiffs' recollections of that document's contents are correct, however, the document would only show that surveillance was being conducted at some time prior to August 2004, when the document was inadvertently disclosed to plaintiffs. Plaintiffs' complaint, by contrast, raises allegations encompassing the allegedly ongoing surveillance program in its entirety, including events occurring subsequent to August 2004.

In the Southern District of New York action, plaintiffs attempt to distinguish their action on the theory that their status as civil rights attorneys for suspected terrorists will allow them to prevail in their pending summary judgment motion by attesting merely to a well-founded fear of surveillance (based on what has been publicly disclosed about the surveillance program), without having to show actual surveillance and without the need for any discovery. The pendency of that motion and the Government's competing motion to dismiss is not an impediment to transfer, inasmuch as the transferee judge can resolve them. Moreover, the contention that certain individuals or groups have legitimate and especial reasons to fear surveillance which are not shared by the average citizen is one that is likely to arise in some form in other actions centralized in this docket. Centralization avoids the possibility of inconsistent rulings on this important issue. The Panel finds the remaining arguments in opposition to transfer also unpersuasive.

As the Panel stated in its original order of transfer, the evolution of Section 1407 proceedings in the transferee district may prompt a plaintiff to contend that the continued inclusion of an action or claim in MDL-1791 is no longer advisable. At that juncture, the affected plaintiff can seek a suggestion of remand from the transferee judge. If the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these four actions are transferred to the Northern District of California and, with the consent of that court, assigned to the

- 3 -

Honorable Vaughn R. Walker for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*a/z2urelllHolgn*

Wm. Terrell Hodges
Chairman