WILMER CUTLER PICKERING HALE
AND DORR LLP
John A. Rogovin    (*pro hac vice*)
Randolph D. Moss   (*pro hac vice*)
Samir C. Jain       # 181572
Brian M. Boynton    # 222193
Benjamin C. Mizer  (*pro hac vice*)
1875 Pennsylvania Ave, NW
Washington, DC  20006
Tel.: 202-663-6000
Fax:  202-663-6363
Email: john.rogovin@wilmerhale.com

Attorneys for Verizon Maryland Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*Bready v. Verizon Maryland Inc.*,<br>No. 1:06-2185 | MDL NO. 06-1791 VRW<br><br>**VERIZON'S OPPOSITION TO *BREADY* PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Judge:  Hon. Vaughn R. Walker |

The *Bready* Plaintiffs' Motion for Administrative Relief should be denied because it is premature. Plaintiffs' motion (at 2) asks the Court to "issue an order to show cause as to why the Court's resolution of the remand motions" in the *Campbell* and *Riordan* cases "should not be applied to the remand motion pending" in the *Bready* case. But until the Court actually decides the motions to remand in *Campbell* and *Riordan*, it is impossible to know whether the Court's ruling will be applicable to the *Bready* case. It makes no sense to ask the parties to brief *now* the impact of an order that has yet to be issued.

The Court's ruling on the motions to remand in *Campbell* and *Riordan* may well be dispositive of the Plaintiffs' motion to remand in *Bready*, but because the cases involve

1

substantively different claims under the laws of different states, the jurisdictional analysis applicable to the cases could differ depending on the grounds of the Court's decision. Indeed, when the Court decided to schedule oral argument on the motions to remand filed in *Campbell* and *Riordan* but not the other removed cases (including *Bready*), the Court recognized that those other cases "may involve peculiar facts or peculiar circumstances." 11-17-06 Hr'g Tr. at 77-78.

Verizon anticipates that the impact of the Court's ruling in *Campbell* and *Riordan* will be readily apparent once the Court issues a decision. As a result, the most efficient course is for the parties to confer expeditiously following the issuance of the Court's ruling in *Campbell* and *Riordan* to determine the proper manner of resolving any disputes that may then exist as to the propriety of the removal of the *Bready* case.

Accordingly, the *Bready* Plaintiffs' motion should be denied as premature.

Dated: December 22, 2006

> WILMER CUTLER PICKERING HALE AND DORR LLP
> John A. Rogovin
> Randolph D. Moss
> Samir C. Jain
> Brian M. Boynton
> Benjamin C. Mizer
>
> By: /s/ Brian M. Boynton
> _____
> Brian M. Boynton
>
> Attorneys for Verizon Maryland Inc.