BRENDAN V. SULLIVAN, JR.
JOHN G. KESTER
GILBERT O. GREENMAN
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
jkester@wc.com
ggreenman@wc.com

Attorneys for Sprint Nextel Corp.,
Sprint Communications Co. L.P.,
Sprint Spectrum L.P. and
Nextel West Corp.

IN THE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

-- San Francisco Division --

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This document relates to:<br><br>Nos. C-06-6222-VRW;<br>C-06-6224-VRW;<br>C-06-6254-VRW;<br>C-06-6295-VRW;<br>C-07-0464-VRW | MDL Dkt. No. 06-1791-VRW<br><br>REPLY IN SUPPORT OF MOTION FOR STAY<br><br>Date: February 9, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

1. This is not a motion for preliminary injunction, nor for stay of a final judgment pending appeal. Cf. Fed. R. Civ. P. 62, 65. The issue as to the non-AT&T defendants is simply that of a district court's practical management of its pending cases, a matter as to which all district courts have wide discretion. As Justice Cardozo wrote for the Supreme Court,

> "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Landis v. North American Co., 299 U.S. 248, 254 (1936). That inherent power is to be exercised "[e]specially in cases of extraordinary public moment" -- which these cases surely are -- in which

> "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."

Id. at 256. In addition, "[t]he Federal Rules of Civil Procedure . . . contain numerous grants of authority that supplement the court's inherent power to manage litigation." Manual for Complex Litigation Fourth § 10.1 (2004) (footnote omitted).

2. Plaintiffs are simply mistaken when they contend at elaborate length, Opp. 2-3, 5-23, that this Court must go through a complex and formal "balancing test" before it is allowed to manage its own docket. United States district courts stay proceedings in pending cases for any number of reasons as a matter of course every business day of the year.

> "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an

> action before it, pending resolution of independent proceedings, which bear upon the case . . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it."

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) (Kennedy, J.), cert. denied, 444 U.S. 827 (1979).

Even if injunction-type balancing were applied, there is no doubt that a stay is called for. The sensitivity of the national-security matters that plaintiffs seek to explore, which implicate the physical security of everyone in this country, is sufficient reason in itself not to proceed without benefit of the appellate process. Courts do not press to "play with fire." Sterling v. Tenet, 416 F.3d 338, 344 (4th Cir. 2005), cert. denied, 126 S. Ct. 1052 (2006). In matters of classified and sensitive national-security secrets, particularly those involving intelligence sources and methods, stays pending appeal are the norm. E.g., American Civil Liberties Union v. NSA/CSS, 467 F.3d 590 (6th Cir. 2006) (granting stay of injunction after district court declined to do so); Tenet v. Doe, 544 U.S. 1, 6 (2005) (noting that "[t]he District Court certified an order for interlocutory appeal and stayed further proceedings pending appeal").[1/]

3. A glaring fact, which the plaintiffs acknowledge only deep in a footnote, Opp. at 8 n.3, is that the Ninth Circuit itself has stayed its own action in another of these cases in order to await

---

[1/] See also Al-Haramain Islamic Foundation, Inc. v. Bush, 451 F. Supp. 2d 1215, 1233 (D. Ore. 2006) ("If the parties choose to appeal, and if the appeal is taken, the parties may move to stay proceedings in the district court."), No. C-07-0109-VRW, appeal pending, Nos. 06-36083, 06-80134 (9th Cir.).

its decision in Hepting. Al-Haramain Islamic Foundation, Inc. v. Bush, No. 06-36083 (9th Cir.), order of Jan. 9, 2007 (attached hereto as Exhibit A). All the more reason for this Court to do the same.

4. As the government and AT&T have pointed out, the Ninth Circuit's granting of the appeals in Hepting has divested this Court of jurisdiction as to all matters within the scope of the Hepting appeal, and that scope is enormous. That jurisdictional bar exists both as to Hepting, No. C-06-672-VRW, and also as to Al-Haramain, No. C-07-0109-VRW, which is also on interlocutory appeal. The bar based on appellate jurisdiction does not apply in terms to the other cases. But to proceed with them would be remarkably inappropriate. To do so would undermine rather than promote "economy of time and effort," Landis, 299 U.S. at 254 -- time and effort of the Court and everyone else. Plaintiffs say they want to proceed with what they call "the rest of the case." Opp. 37. But here as a practical matter there is no "rest of the case." This is not some self-contained discrete discovery dispute. The issue on appeal, state secrets, touches every aspect. It permeates the litigation. It prevents going forward at this stage in any efficient and practical way. Take away what concerns state secrets in this litigation, and nothing is left but disconnected shards and remnants.

5. For this Court to proceed in a matter of this sensitive nature while Hepting is on appeal would defeat the entire purpose of 28 U.S.C. § 1292(b) -- that of permitting courts of appeals to provide crucial legal guidance on controlling legal issues before district courts engage in what may well turn out to have been not just a risky enterprise, but a total waste of their time. Briefs will be filed in the Hepting appeal only two weeks from the day this

Court hears argument on this motion. Further proceedings during the pendency of that appeal could rest only on the implied speculative assumption that the Court of Appeals will not say anything of much moment.

6. Plaintiffs' repeated assertions that continuing harm to them is piling up are both insubstantial and moot. The Attorney General has stated that the Terrorist Surveillance Program has been placed within the prescribed procedures of the Foreign Intelligence Surveillance Court. Doc. 127. To await the Ninth Circuit's ruling in orderly fashion, just as that court itself is doing in the Al-Haramain appeal, will cause no significant harm to anyone.[2/]

CONCLUSION

For the reasons stated herein and previously, the motion for stay should be granted.

Respectfully submitted,

*/s/ John G. Kester*

BRENDAN V. SULLIVAN, JR.
JOHN G. KESTER
GILBERT O. GREENMAN

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel.: (202) 434-5000
Fax: (202) 434-5029
jkester@wc.com
ggreenman@wc.com

Attorneys for Sprint Nextel Corp., Sprint Communications Co. L.P, Sprint Spectrum L.P. and Nextel West Corp.

February 1, 2007

---

[2/] With respect to plaintiffs' conception of an immensely complex, burdensome and questionable procedure under 50 U.S.C. § 1806(f), the Sprint defendants adopt the discussion in the reply filed by AT&T.