WILMER CUTLER PICKERING HALE
AND DORR LLP
John A. Rogovin (*pro hac vice*)
Randolph D. Moss (*pro hac vice*)
Samir C. Jain # 181572
Brian M. Boynton # 222193
Benjamin C. Mizer (*pro hac vice*)
1875 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: 202-663-6000
Fax: 202-663-6363
Email: john.rogovin@wilmerhale.com

Attorneys for Verizon Communications Inc., Verizon Global Networks, Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL NO. 06-1791 VRW<br><br>**VERIZON'S REPLY IN SUPPORT OF UNITED STATES' MOTION FOR A STAY PENDING DISPOSITION OF INTERLOCUTORY APPEAL IN *HEPTING v. AT&T***<br><br>Judge: Hon. Vaughn R. Walker |



Dockets.Justia.com

Plaintiffs have failed to provide any apt reason for this Court to permit the broad-ranging discovery and novel *ex parte*, *in camera* litigation that they seek—all before the Court of Appeals provides critical guidance regarding the core, threshold question that has been the focus of the litigation to date. Permitting Plaintiffs to embark on the course they have charted would threaten to expose information the government contends is shielded by the state-secrets privilege and would impose significant burdens on the parties and judicial system without substantially advancing Plaintiffs' claims. Rather than commencing discovery (and the collateral litigation that will inevitably arise) and requiring defendants to file answers and other submissions for review by the "Court's *in camera* eyes" (Pls.' Opp'n 33) (MDL Dkt. No. 128), the Court should take the preliminary step of adjudicating the merits of the motion to dismiss that Verizon[1/] proposes to file. Litigating the threshold issues raised in such a motion, along with the government's likely invocation of the state-secrets privilege, would permit the Court to advance these proceedings without the perils and inefficiencies sure to result from following Plaintiffs' suggested approach. Accordingly, Verizon respectfully submits that this Court should suspend further litigation of MDL 1791 with the exception of resolution of a motion to dismiss that Verizon proposes to file now that it has had an opportunity to review Plaintiffs' Master Consolidated Complaint.

1. In its Joinder in the United States' Motion for a Stay filed December 22, 2006 (MDL Dkt. No. 101), Verizon agreed with the United States that the Court should stay discovery, the filing of answers, and the resolution of any preliminary injunction motions pending disposition of the *Hepting* appeal. Verizon indicated, however, that it was not then in a position to assess fully

---

[1/] "Verizon" refers to Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC. Several cases consolidated in this proceeding purport to name Verizon Wireless, LLC or MCI WorldCom Advanced Networks, LLC as defendants, but no such entities exist. Additional Verizon entities are mentioned in Plaintiffs' Master Consolidated Complaint Against MCI Defendants and Verizon Defendants (MDL Dkt. No. 125) ("Master Consolidated Complaint"), but plaintiffs have taken the position that the Master Consolidated Complaint is solely an "administrative device" that is not "intended to change the rights of the parties" (Master Consol. Compl. ¶ 2), and have not amended the underlying complaints to add the newly named entities or served the newly named entities. By filing this Reply, defendants do not waive any defense that can be raised pursuant to Rule 12 of the Federal Rules of Civil Procedure, including defenses based on improper service or lack of personal jurisdiction.

whether it intended to file a dispositive motion as to the claims against it because it had not yet been served with Plaintiffs' Master Consolidated Complaint against the Verizon defendants. Plaintiffs filed master complaints for each of the defendant groups on January 16, 2007. Having now had the opportunity to review those complaints, the Verizon defendants intend, with leave of the Court, to file a motion (or motions) to dismiss the Master Consolidated Complaint. Verizon intends to expand on arguments to dismiss that were presented in *Hepting* and to raise new arguments not addressed in the *Hepting* Order. Verizon's motion will of course take into account this Court's decision in *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D. Cal. 2006). But Verizon intends to show that, for a number of reasons, the outcome reached in that case does not control resolution of the claims against it. In addition, as Plaintiffs indicated in the Joint Case Management Statement filed by the parties on November 7, 2006 (MDL Dkt. No. 61) ("Joint Statement"), they wish to bring new matters to the Court's attention. (Joint Statement 20-21.) Litigation of Verizon's motion to dismiss therefore would permit the Court to address issues that were not before it or fully addressed in the *Hepting* case, which will facilitate ultimate resolution of this proceeding. Further, depending upon the schedule imposed by the Court of Appeals in *Hepting*, it may be possible for an appeal of this Court's order on Verizon's motion to dismiss to be coordinated with the *Hepting* appeal.[2/]

Accordingly, the Verizon defendants respectfully request that they be granted 60 days after the Court rules on the United States' Stay Motion to file their motion(s) to dismiss. This deadline would allow the United States time to assemble any papers it may wish to file concerning the state-secrets privilege. Plaintiffs could then be given 30 days to file an opposition, and Verizon (and the Government, if applicable) 21 days to file a reply.

2. Aside from litigation and resolution of Verizon's motion to dismiss, further litigation of these cases—particularly discovery—should be stayed.[3/]

---

[2/] Verizon does not suggest that there is a need to require litigation of motions to dismiss by the other non-AT&T defendants. Until the Court of Appeals provides guidance regarding the application of the state-secrets privilege to these cases, litigation of motions to dismiss that add no new arguments to those already raised in the *Hepting* case or by Verizon in its motion to dismiss would be unnecessary.

[3/] In light of Verizon's intent to file a motion to dismiss, it is unnecessary at this time to stay the time for Verizon to file an answer beyond the deadline for the motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4). Moreover, for the reasons explained by the defendants and the government in the

a. The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The Court therefore has discretion to stay proceedings where efficiency and fairness dictate.

Plaintiffs suggest that the appropriate legal standard on the Motion of the United States for a Stay Pending Disposition of Interlocutory Appeal in *Hepting v. AT&T Corp.*, No. 06-00672 (MDL Dkt. No. 67) ("Stay Motion"), is the same as that applied to preliminary injunction motions. (Pls.' Opp'n 5-7.) But in the line of cases on which Plaintiffs rely, the requesting party sought an across-the-board stay of all proceedings pending appeal, and in virtually every case the appeal was from a preliminary injunction or dispositive order. *See Lopez v. Heckler*, 713 F.2d 1432, 1433 (9th Cir. 1983) (seeking partial stay pending appeal of preliminary injunction); *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998) (requesting stay of deportation proceedings pending appeal of denial of order denying asylum); *see also Miller v. Carlson*, 768 F. Supp. 1341, 1342 (N.D. Cal. 1991) (applying *Lopez* standard to request for stay pending appeal of preliminary injunction).[4/]

Here, by contrast, Verizon will, with the Court's permission, file a potentially dispositive motion to dismiss. Accordingly, the Court has ample discretion to defer discovery pending resolution of that motion without engaging in the preliminary injunction inquiry that Plaintiffs seek. *See Alaska Cargo Transp. Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (affirming

---

Joint Statement, none of the defendants should be required to file answers before *Hepting* is resolved on appeal. *See* Joint Statement at 31-33.

[4/] Plaintiffs cite two cases that applied the preliminary injunction standard to stay requests pending appeal of non-dispositive orders that did not enter preliminary injunctions. *See WCI Cable, Inc. v. Alaska R.R. Corp.*, 285 B.R. 476, 478 (D. Or. 2002); *United States v. Milligan*, 324 F. Supp. 2d 1062, 1066 (D. Ariz. 2004). In both cases, however, the requesting party sought a stay of all proceedings and, unlike Verizon, did not indicate that it would file a motion to dismiss. *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977) (per curiam), is similarly distinguishable, because there the Ninth Circuit considered (and rejected) a request for an *injunction* of a disputed construction project pending appeal of the district court's order denying a permanent injunction.

district court's decision to stay discovery pending resolution of motion to dismiss for lack of subject matter jurisdiction); *United States v. Bourgeois*, 964 F.2d 935, 937 (9th Cir. 1992) (applying abuse of discretion standard to denial of discovery request in criminal case). In fact, the Court took precisely that approach in *Hepting*, deferring litigation of Plaintiffs' motion for a preliminary injunction, including Plaintiffs' request for discovery, pending resolution of motions to dismiss filed by AT&T Corp. and the government. *See* Civil Minute Order (5-17-06) (Dkt. No. 130). Indeed, Verizon's filing of a motion to dismiss would be the only efficient and appropriate manner to satisfy Plaintiffs' professed desire "to proceed forward . . . in a careful, step-by-step process in which [the Court] proceeds one stage at a time." (Pls.' Opp'n 1.)

Plaintiffs argue that because Verizon has represented that "the Ninth Circuit's rule in the *Hepting* appeal cannot bind them" (Pls.' Opp'n 2), it "cannot use the pendency of the *Hepting* appeal as a ground for staying the non-AT&T actions" (*id*. n.1). Plaintiffs' argument distorts not only Verizon's position but also plain logic and the law. For reasons that Verizon will explain fully in its response to this Court's Order to Show Cause Why the *Hepting* Order Should Not Apply to All Cases, the Court should not bind Verizon to the *Hepting* Order because Verizon is neither a party in *Hepting* nor in privity with the AT&T defendants in that case.[5/] Regardless of whether the *Hepting* order formally binds Verizon, however, the Ninth Circuit's eventual decision on appeal will likely have substantial ramifications for all of the cases in this MDL, because the Court of Appeals will provide critical guidance on the application of the state-secrets privilege in these cases, particularly as to the scope of appropriate discovery, if any. This Court has the discretion to stay proceedings against Verizon "pending resolution of *independent proceedings* which *bear upon* the case." *Levya*, 593 F.2d at 863 (emphasis added). Verizon's position is therefore fully consistent both with the understanding that Verizon is not directly bound by *Hepting* and with the fact that the Ninth Circuit's decision in that case will substantially affect the litigation against Verizon.

b. Under the discretionary standard set forth in *Landis* and *Levya*, a stay of

---

[5/] That is why counsel for Verizon explained at the November 17, 2006, Case Management Conference that Verizon should not be bound by a ruling in a case to which it was not a party. *See* 11/17/06 CMC Tr. (MDL Dkt. No. 77) at 54:13-15 (cited in Pls.' Opp'n 2-3).

discovery in this case—especially as to Verizon, which has not yet filed a motion to dismiss—is plainly appropriate. In the unique circumstances of this case, prudence dictates that this Court stay all discovery pending the outcome of the interlocutory appeal in *Hepting*. Plaintiffs' Master Consolidated Complaint demonstrates the substantial overlap between the claims against Verizon and those against AT&T in *Hepting*. The Court of Appeals has agreed to determine how the state-secrets privilege applies to the allegations of the *Hepting* complaint. *See* Order, *Hepting v. United States*, Nos. 06-80109 & 06-80110 (Nov. 7, 2006). Until the Court of Appeals resolves the application of the state-secrets privilege to these cases, proceeding with any discovery would not only be inefficient, but it would risk disclosure of sensitive national security information and would invite unnecessary litigation regarding the scope and application of a privilege that inevitably touches upon issues of profound national importance.

Plaintiffs' brief makes clear that the discovery they seek is not appropriate prior to receiving guidance from the Court of Appeals in *Hepting*. To the extent that Plaintiffs seek "public statements by the government and the carriers" (Pls.' Opp'n 28), that information is already publicly available—as Plaintiffs' brief amply demonstrates—and thus "the discovery sought is . . . obtainable from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C). In any case, the relevance of public statements by persons outside of the Executive Branch is one of the very issues in the *Hepting* appeal. As courts have explained, "in the arena of intelligence and foreign relations there can be a critical difference between official and unofficial disclosures," and "the fact that information resides in the public domain does not eliminate the possibility that further disclosures can cause harm to intelligence sources, methods and operations." *Fitzgibbon v. CIA*, 911 F.2d 755, 765, 766 (D.C. Cir. 1990).[6/] If the Court of Appeal agrees that such statements are not relevant to whether the plaintiffs' allegations implicate state secrets, then

---

[6/] Plaintiffs' rampant speculation about the possibility of congressional hearings is similarly beside the point. (Pls.' Opp'n 24-25.) No such hearings have occurred, nor is there any reason to assume that they will result in the public disclosure of new information suggesting that Verizon might possess additional, discoverable information. In any event, Plaintiffs are wrong to suggest that discovery should proceed *now* because secret information might *later* be disclosed. Moreover, unless disclosed by an authorized source, future news reports and unauthorized (and thus unverified) statements should not bear on the applicability of the state-secrets privilege. *See Fitzgibbon*, 911 F.2d at 765-66.

discovery into those statements may well be inefficient and unnecessary.

Permitting the discovery of "network architecture" that Plaintiffs seek (Pls.' Opp'n 30-31) is similarly ill advised at this time. To the extent such discovery served to confirm or deny the averments of Plaintiffs' Complaint—which asserts that Verizon and the government have employed specified technology as part of the alleged government surveillance program, *see* Master Consol. Compl. ¶¶ 164-168, 172-176, 185-197—permitting it to go forward would inappropriately reveal information covered by the state-secrets privilege before the Court of Appeals has the opportunity to rule. Plaintiffs' requests are plainly aimed at discovering documents that the government claims are protected by the state-secrets privilege. Because "such probing in open court would inevitably be revealing," *Farnsworth Cannon, Inc. v. Grimes*, 635 F.2d 268, 281 (4th Cir. 1980) (en banc) (per curiam), the privilege precludes it, at least until the Court of Appeals provides further guidance. For the reasons explained by the government in its reply brief, Plaintiffs' suggestion that information implicating the state-secrets privilege be submitted for *in camera* review by the Court pursuant to 50 U.S.C. § 1806(f) should be rejected.

To the extent the requested "network architecture" discovery could be limited so as not to confirm or deny the truth of Plaintiffs' allegations, the discovery would not, in fact, serve the purpose of advancing his proceeding. Indeed, Plaintiffs make only the vaguest of assertions regarding the expected benefit of this discovery. (Pls.' Opp'n 30.) Instead of advancing the litigation, the requested discovery would simply burden the defendants and risk divulgence of highly sensitive, proprietary information.

Moreover, as a general matter, even if some subset of Plaintiffs' discovery requests encompassed some limited non-secret information, the heavy presence of the privilege would render the discovery process itself wholly impracticable. The government has made clear that it intends to invoke the state-secrets privilege as to all of Plaintiffs' proposed discovery, since "any discovery would be aimed at proving allegations and claims that inherently require the disclosure of state secrets to adjudicate." (Joint Statement 43.) Requiring the government to invoke the privilege in response to each and every discovery request would force the Court to repeat unnecessarily the process of reviewing the privilege assertions just as it already has in *Hepting*. Indeed, permitting

discovery before the Ninth Circuit addresses the state-secrets issues in *Hepting* inevitably would cause wide-ranging discovery battles and create the need for repeated motions—as well as possible appeals—as Plaintiffs propound discovery requests to which the carriers cannot respond for fear of violating federal criminal provisions and related laws. In short, "[d]iscovery would . . . be a waste of time and resources" in light of the pervasiveness of privileged material. *Zuckerbraun v. General Dynamics Corp*., 935 F.2d 544, 548 (2d Cir. 1991).

c. Balanced against the harm to the defendants and the government that would occur if discovery were permitted are Plaintiffs' illusory claims of harm from a stay of discovery. Staying the limited discovery that could proceed in these cases *before* a decision by the Court of Appeals will result in *no* harm to Plaintiffs. Plaintiffs devote pages to arguing that a program of surveillance described in certain press accounts is causing them irreparable harm on a "massive scale." (Pls.' Opp'n 9.) But even if that were true, Plaintiffs utterly ignore the fact that proceeding with the limited discovery that might conceivably be permissible while *Hepting* is on appeal will generate significant litigation while doing exceedingly little to advance this case to verdict. Even if the allegations of Plaintiffs' Complaint were true, this Court would be in no position to litigate the merits of this case and obtain any relief for Plaintiffs until the Court of Appeals adjudicates the appeal in *Hepting*.

The government has asserted that the facts necessary for Plaintiffs to prove their claims and for the defendants to raise any defenses available to them are shielded by the states-secrets privilege. For the reasons explained by the government and AT&T, until the Court of Appeals determines whether the government is correct in this assertion, no meaningful steps can be taken to advance Plaintiffs' claims. Taking discovery of press statements and other publicly available information or of certain unclassified network information certainly will not bring Plaintiffs materially closer to prevailing in this case or to preventing their alleged harm.

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests an order staying any proceedings beyond litigation of its anticipated motion to dismiss.

Dated: February 1, 2006

WILMER CUTLER PICKERING HALE AND DORR LLP
John A. Rogovin
Randolph D. Moss
Samir C. Jain
Brian M. Boynton
Benjamin C. Mizer

By: /s/ Brian M. Boynton
____________________________
Brian M. Boynton

Attorneys for Verizon Communications Inc., Verizon Global Networks, Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC