PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
DANIEL J. RICHERT #232208
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. MCNICHOLAS (admitted *pro hac vice*)
ERIC A. SHUMSKY #206164
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for the AT&T Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Dkt. No. 06-1791-VRW<br><br>**AT&T'S RESPONSE TO ORDER TO SHOW CAUSE RE: APPLICATION OF *HEPTING* ORDER [DKT. 79]** |
| This Document Relates To:<br><br>ALL ACTIONS | Date: February 9, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION. .......... 1

II. ARGUMENT. .......... 2

A. It is premature to apply the Order to other cases. .......... 2

1. The Order should not be extended until appellate review is complete. .......... 2

2. Plaintiffs may file a consolidated complaint against AT&T. .......... 3

3. The Government has not yet asserted the state secrets privilege in other cases. .......... 3

B. The Order cannot be given collateral estoppel effect. .......... 4

1. The Order cannot estop the Government. .......... 4

2. The Order cannot estop AT&T. .......... 4

a. The Order is not a final judgment on the merits. .......... 5

b. The issues in *Hepting* are not identical to the issues in all the other cases. .......... 5

c. The Order cannot be applied to parties not involved in *Hepting*. .......... 6

III. CONCLUSION. .......... 8

## TABLE OF AUTHORITIES

**Page**

**Cases**

Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971) ........ 7

Gospel Missions of Am. v. City of Los Angeles, 328 F.3d 548, 554 (9th Cir. 2003) ........ 6

Hepting v. AT&T Corp., 439 F. Supp. 2d 974 (N.D. Cal. 2006) ........ 1, 2, 5, 6

Kourtis v. Cameron, 419 F.3d 989 (9th Cir. 2005) ........ 5

Luben Indus., Inc. v. United States, 707 F.2d 1037 (9th Cir. 1983) ........ 5

Lumkin v. Envirodyne Indus., Inc., 159 B.R. 814 (N.D. Ill. 1993) ........ 7

Nat'l Med. Enters., Inc. v. Sullivan, 916 F.2d 542 (9th Cir. 1990) ........ 7

Parklane Hosiery v. Shore, 439 U.S. 322 (1979) ........ 5

Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985) ........ 5

Starker v. United States, 602 F.2d 1341 (9th Cir. 1973) ........ 5

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ........ 6

United States v. Mendoza, 464 U.S. 154 (1984) ........ 2, 4

United States v. Reynolds, 345 U.S. 1 (1953) ........ 4

**Statutes and Codes**

United States Code
Title 28, section 1292(b) ........ 2

## I. INTRODUCTION.

This Court has asked "[a]ll parties to SHOW CAUSE in writing why the *Hepting* order should not apply to all cases and claims to which the government asserts the state secrets privilege." Dkt. 79. For the reasons set forth herein, defendants **AT&T CORP., AT&T OPERATIONS, INC., SBC LONG DISTANCE LLC, PACIFIC BELL TELEPHONE CO., AT&T COMMUNICATIONS OF CALIFORNIA, AT&T TELEHOLDINGS, AT&T COMMUNICATIONS, SBC COMMUNICATIONS, INDIANA BELL, ILLINOIS BELL** and specially appearing defendant **AT&T INC.** (collectively, "AT&T") respectfully submit that it would be premature and improper to apply the *Hepting* order, *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D. Cal. 2006) ("Order"), to other cases and claims in this MDL for these reasons:

1. The Ninth Circuit is now reviewing the Order. The Government has moved to stay this MDL until the appellate process concludes. Whether or not this Court grants a stay, there is no reason to consider applying the Order until the appeals court tells us whether the Order will be reversed, modified or affirmed.

2. Plaintiffs have filed consolidated complaints against other defendants, but not yet against AT&T. Plaintiffs have reserved the right to file a consolidated complaint against AT&T after the Ninth Circuit rules on the Order. There is no occasion to decide now whether the Order might apply to consolidated claims against AT&T that have not yet been drafted. There also is no reason for AT&T to file motions to dismiss complaints that may be superseded after the appeal.

3. The Government has not yet invoked the state secrets privilege in most of the other MDL cases. Unless it does, the Order's application to these cases is purely hypothetical. The Order's effects should be considered when and if the Government invokes the privilege—and then in the course of deciding actual motions to dismiss.

4. While the Order's effects should be decided in a concrete setting, we can say now that the Order has no collateral estoppel effect. The Order cannot estop the Government because non-mutual collateral estoppel cannot be applied against the

Government. *See United States v. Mendoza*, 464 U.S. 154, 159--62 (1984). The Order cannot estop any party, including AT&T, because the Order does not meet the Ninth Circuit's test for collateral estoppel: it is not sufficiently firm; the issues are not identical; and it cannot bind parties who were not defendants in *Hepting*.

## II. ARGUMENT.

### A. It is premature to apply the Order to other cases.

#### 1. The Order should not be extended until appellate review is complete.

The Ninth Circuit is in the midst of considering interlocutory appeals from the Order. Appellants' opening briefs are due February 23. The Ninth Circuit may reverse or materially modify the Order; only time will tell. Even if it substantially affirms the Order, modifications might affect *Hepting* and the other MDL cases. The final scope and application of the Order cannot properly be determined until after the Ninth Circuit has decided the pending appeals. For this reason, the United States has moved for a stay of all proceedings in this MDL. *See* Dkt. 67. AT&T has joined in this motion. *See* Dkt. 100.

This Court noted, in the course of certifying the Order for immediate appeal, that the "state secrets issues resolved [therein] represent controlling questions of law as to which there is a substantial ground for difference of opinion." Order, 439 F. Supp. 2d at 1011 (citing 28 U.S.C. § 1292(b)). The Court recently reiterated in its order denying the remand motions in *Campbell* and *Riordan* that it intends to await the result of the Ninth Circuit appeals until relying upon its state secrets ruling:

> Plaintiffs contend that the court's order in *Hepting* . . . renders the effect of the state secrets privilege undisputed in the present cases. But this argument belies the court's certification of the Hepting order for appeal pursuant to 28 USC § 1292(b). The court certified the order because the state secrets privilege is an issue for which "there is a substantial ground for difference of opinion." See Doc #308 at 70, 06-672. . . . *Therefore, the court's ruling in Hepting does not determine unequivocally the effect of the state secrets privilege, particularly with respect to the present cases.*

MDL Dkt. 130, at 13 (emphasis added). Accordingly, the Court should decline to rule on the Order to Show Cause until the appeals conclude, or at a minimum, until this Court's determination with respect to the stay.

**2. Plaintiffs may file a consolidated complaint against AT&T.**

Applying the *Hepting* Order to other cases against AT&T would be premature now. Those complaints will likely be superseded by a consolidated complaint against AT&T filed after the appeals (assuming something of this case survives the appeals).

Plaintiffs have filed consolidated complaints against all major defendants except AT&T. MDL Dkt. 121, 123-26. Plaintiffs did not file a superseding consolidated complaint against AT&T at this time precisely because of the pending appeals. In the Joint Case Management Statement, plaintiffs stated that they "do not … intend to file a consolidated complaint against defendant AT&T *at this time*" and propose that the Court "treat the *Hepting* amended complaint as the controlling complaint with regard to AT&T, *at least until the appeal is complete* . . . ." Dkt. 61, at 28 (emphases added). Plaintiffs have thus left open the possibility—indeed, the probability—that they will file a consolidated complaint against AT&T after the appellate process concludes if the state secrets privilege does not effectively end this litigation.

Neither the Court nor AT&T knows what a future consolidated complaint might allege (indeed, plaintiffs probably will not finally know until they read the Ninth Circuit's opinion). Thus, it would be premature and pointless to apply the Order to other cases against AT&T at this time. It also would be pointless to start litigating motions to dismiss those other AT&T cases based on existing complaints that probably will be superseded.

Once the appellate process is over, we will know if any part of the MDL cases survives. If nothing survives, the Order's application will be moot. If some aspect of these cases survives, plaintiffs will doubtlessly seek to amend. Once they do so, the Order's application can be considered in light of the appellate ruling and the amended pleadings, and as part of the process of deciding actual motions directed at actual complaints.

**3. The Government has not yet asserted the state secrets privilege in other cases.**

This Court would be rendering an advisory opinion if it applied its state secrets determinations in *Hepting* to other cases in the MDL now. The Government has not yet asserted the state secrets privilege in the other MDL cases. There is no cause to address the

state secrets privilege hypothetically before the Government actually invokes it in a particular case and makes whatever sort of *in camera* showing it chooses to make.

**B. The Order cannot be given collateral estoppel effect.**

Nonmutual collateral estoppel is not applicable here: first, because it cannot ever bind the Government; and second, because it does not apply to anyone else in these circumstances.

**1. The Order cannot estop the Government.**

The Court cannot apply the state secrets determination in *Hepting* to other cases for the fundamental reason that "nonmutual offensive collateral estoppel is not to be extended to the United States." *United States v. Mendoza*, 464 U.S. 154, 158 (1984). Nonmutual collateral estoppel is an exception to the general requirement that preclusion be mutual; in *Mendoza*, a unanimous Supreme Court unequivocally held that nonmutual estoppel does not apply to the United States. *Id.* at 158-59, 162.

An application of nonmutual estoppel to a ruling on the state secrets privilege would be an application of nonmutual estoppel against the United States. The state secrets privilege belongs exclusively to the United States and can only be raised by the United States. *See United States v. Reynolds*, 345 U.S. 1, 7 (1953). There is no dispute that the United States properly invoked its privilege in *Hepting*. Using the *Hepting* state secrets determination to estop the United States from litigating the validity of a state secrets invocation in suits brought by other plaintiffs would violate *Mendoza*. Thus, factual and legal conclusions underlying this Court's prior state secrets ruling—including any factual findings regarding AT&T—cannot have preclusive effect in other litigation.

**2. The Order cannot estop AT&T.**

Even if one could overcome the decision of a unanimous Supreme Court in *Mendoza*, the basic test for collateral estoppel still cannot be satisfied here. Any application of the Order to other cases would involve the doctrine of non-mutual offensive collateral estoppel. That doctrine may apply when "a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another

plaintiff." *Parklane Hosiery v. Shore*, 439 U.S. 322, 329 (1979). It can only be applied if: (1) the first proceeding ended with a final judgment on the merits; (2) the issue necessarily decided at the previous proceeding is identical to the one that is sought to be relitigated; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005). As set forth below, these requirements are not met here.

**a. The Order is not a final judgment on the merits.**

To constitute a final judgment on the merits for collateral estoppel purposes, the order must have been "sufficiently firm" to have preclusive effect. *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983) (affirming a trial court's decision not to apply non-mutual offensive collateral estoppel where the earlier ruling was not sufficiently firm). Here, the Order does not meet the "sufficiently firm" standard because, with respect to several issues, this Court declined to rule definitively for purposes of present district court litigation and until the Ninth Circuit has ruled. These issues include: whether the government's state secrets assertion will preclude evidence necessary for plaintiffs to establish a *prima facie* case; whether the existence or non-existence of a communications records program is a state secret; and whether Congress has limited the state secrets privilege. *See* Order, 439 F. Supp. 2d at 994, 997-98; *see also supra* at 2-3.

**b. The issues in *Hepting* are not identical to the issues in all the other cases.**

For collateral estoppel to apply, the issue decided in the earlier litigation must be the same issue that is sought to be relitigated. *Starker v. United States*, 602 F.2d 1341, 1344 (9th Cir. 1973). "Similarity between issues is not sufficient; collateral estoppel is applied only when the issues are identical." *Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 408 (9th Cir. 1985).

First, as discussed above, state secrets assertions and determinations are context-specific. Therefore, until the United States invokes the privilege, this Court cannot determine whether the state secrets issue is sufficiently identical to warrant preclusion.

Second, this Court's standing determination is not an issue that can be deemed

"identical" for purposes of collateral estoppel; each person (or named representative plaintiff) must establish in each case that he or she suffered an injury-in-fact in order to establish Article III jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 554 (9th Cir. 2003) ("A court must always decide for *itself* its own jurisdiction."). Therefore, a finding of standing for one party could not preclude the relitigation of standing in a future case by another party raising similar claims.

Third, the reasons underlying the Court's standing ruling (which AT&T is arguing in the Ninth Circuit was in error) cannot be applied to other cases that may present materially different allegations. For instance, the *Hepting* plaintiffs allege that they were customers of AT&T who placed international calls, *Hepting* FAC ¶¶ 11-16, but the plaintiffs in most of the other complaints against AT&T do not so allege.[1] Whatever the sufficiency of the *Hepting* plaintiffs' allegations, complaints failing to allege international calls therefore present very different state secrets issues than the ones presented in *Hepting*, where the Government's public pronouncements concerning an international communications surveillance program played a substantial role in the Court's analysis of whether the subject of a particular claim is a state secret. Order, 439 F. Supp. 2d at 995-97.

**c. The Order cannot be applied to parties not involved in *Hepting*.**

The final requirement for the application of offensive collateral estoppel is that the party against whom collateral estoppel is asserted was a party to the prior proceeding. Here, most of the MDL cases have been brought against entities that are not parties to *Hepting*. Indeed, the only party against which the Order could even theoretically be used is

[1] *See, e.g., Campbell, et al. v. AT&T Commc'ns of Cal., et al.*, C-06-3596-VRW; *Conner, et al. v. AT&T, et al.*, Case No. C-06-5576-VRW; *Fortnash v. AT&T Corp., et al.*, C-06-6385-VRW; *Hardy v. AT&T Corp., et al.*, C-06-6924-VRW; *Herron, et al. v. Verizon Global Networks, Inc., et al.*, C-06-5343-VRW; *Mahoney v. AT&T Commc'ns*, C-06-5065-VRW; *Mink v. AT&T Corp., et al.*, C-06-7934-VRW; *Roe, et al. v. AT&T Corp., et al.*, C-06-3467-VRW; *Souder v. AT&T Corp.*, C-06-5067-VRW; *Terkel, et al. v. AT&T Inc., et al.*, C-06-5340-VRW; *Trevino, et al. v. AT&T Corp., et al.*, C-06-5268-VRW; and *Waxman v. AT&T Corp.*, C-06-6294-VRW.

AT&T Corp.[2] Applying the Order to other AT&T defendants at this point in the proceedings—without affording them the opportunity to show why the Order does not apply to them—would deny these separate entities the basic due process of being able to present their evidence and arguments for different treatment. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) (due process prohibits application of collateral estoppel against litigants who never appeared in prior action); *Nat'l Med. Enters., Inc. v. Sullivan*, 916 F.2d 542, 545 (9th Cir. 1990) (declining to apply collateral estoppel against subsidiaries, noting that "whatever relationship exists between NME and its offspring is not sufficient to override the important values limiting the use of collateral estoppel"); *Lumkin v. Envirodyne Indus., Inc.*, 159 B.R. 814, 818 (N.D. Ill. 1993) (declining to apply collateral estoppel against parent despite previous judgment against subsidiary).

The plaintiffs have made no allegations of a lack of corporate separateness among the AT&T entities and have no basis for the veil-piercing or reverse veil-piercing that would be required to treat all of them as the same entity. Similarly, they have made no demonstration sufficient to establish privity in this context. The various operating entities that are defendants operate businesses and networks that are materially different than those of AT&T Corp. Moreover, AT&T is currently in the process of conferring with the plaintiffs regarding their need to dismiss several of the AT&T entities that are solely holding companies, or, in one case, merely a trademark and not a company at all. It would, of course, be inappropriate for the Court to apply the Order to entities that either do not exist or that were not properly named as defendants.

//

//

//

//

[2] The Court has not ruled on AT&T Inc.'s motion to dismiss for lack of personal jurisdiction.

## III. CONCLUSION.

The Order should not be applied to other cases and claims in the MDL against AT&T over which the Government asserts the state secrets privilege.

Dated: February 1, 2007.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
DANIEL J. RICHERT
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By /s/ Bruce A. Ericson
Bruce A. Ericson

SIDLEY AUSTIN LLP
DAVID W. CARPENTER*
BRADFORD A. BERENSON*
DAVID L. LAWSON*
EDWARD R. MCNICHOLAS*
ERIC A. SHUMSKY
1501 K Street, N.W.
Washington, DC 20005
* admitted *pro hac vice*

By /s/ Bradford A. Berenson
Bradford A. Berenson

Attorneys for the AT&T Defendants