Lycos, Inc. v. Verizon Communications, Inc. Doc. 151

WILMER CUTLER PICKERING HALE AND DORR LLP
John A. Rogovin (*pro hac vice*)
Randolph D. Moss (*pro hac vice*)
Samir C. Jain # 181572
Brian M. Boynton # 222193
Benjamin C. Mizer (*pro hac vice*)
1875 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: 202-663-6000
Fax: 202-663-6363
Email: john.rogovin@wilmerhale.com

Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL NO. 06-1791 VRW<br><br>**VERIZON'S RESPONSE TO THE ORDER TO SHOW CAUSE WHY THE *HEPTING* ORDER SHOULD NOT APPLY TO ALL CASES**<br><br>Date: February 9, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |



Dockets.Justia.com

Verizon[1/] hereby responds to the Court's Pretrial Order No. 1, which ordered the parties "to SHOW CAUSE in writing why the *Hepting* order should not apply to all cases and claims to which the government asserts the state secrets privilege" in this multidistrict litigation. The Court should decide the application of the state-secrets privilege to the cases against Verizon in connection with a motion to dismiss by Verizon and a formal assertion of the state-secrets privilege by the government in those cases. Only in the specific context of such a motion will the Court be in a position to determine in a concrete setting whether the reasoning in its July 20, 2006 order in *Hepting v. AT&T Corp.*, No. 3:06-cv-00672-VRW ("Hepting Order"), applies to the cases against Verizon.

**ARGUMENT**

The Court should not mechanically apply the *Hepting* Order to the cases against Verizon in the abstract. As an initial matter, Verizon was not a party to *Hepting*, so the Court's *Hepting* Order could not be binding as to Verizon as a matter of due process. Moreover, independent litigation of the applicability of the state-secrets privilege is necessary in light of the different allegations and circumstances regarding AT&T Corp. and the Verizon defendants. Indeed, in its order denying the motions to remand filed in the *Campbell* and *Riordan* cases, the Court acknowledged that its "ruling in *Hepting* does not determine unequivocally the effect of the states secrets privilege" in other cases. 1-18-07 Order (MDL Dkt. No. 130) at 13. The United States has not yet asserted the state-secrets privilege as to the Verizon cases. Likewise, neither Verizon nor the Plaintiffs have briefed the effect of the assertion of that privilege on the cases against Verizon given the particular factual allegations and circumstances at issue. Instead of applying the *Hepting* Order without the benefit of any such

---

[1/] "Verizon" refers to Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC. Several cases consolidated in this proceeding purport to name Verizon Wireless, LLC or MCI WorldCom Advanced Networks, LLC as defendants, but no such entities exist. Additional Verizon entities are mentioned in Plaintiffs' Master Consolidated Complaint Against MCI Defendants and Verizon Defendants (MDL Dkt. No. 125) ("Master Consolidated Complaint"), but plaintiffs have taken the position that the master complaint is solely an "administrative device" that is not "intended to change the rights of the parties" (Master Consol. Compl. ¶ 2), and have not amended the underlying complaints to add the newly named entities or served the newly named entities. By responding to the Court's Order To Show Cause, defendants do not waive any defense that can be raised pursuant to Rule 12 of the Federal Rules of Civil Procedure, including defenses based on improper service or lack of personal jurisdiction.

submissions, the Court should instead allow, at the appropriate time, full briefing on Verizon's motion to dismiss following the government's formal assertion of the state-secrets privilege in the Verizon cases.[2/] In briefing such a motion, Verizon would certainly have to take account of this Court's decision in *Hepting* and explain why it is distinguishable. It also intends to focus on aspects of the state-secrets privilege that were not fully addressed in the *Hepting* Order. It is only in the concrete context of litigating such a fully briefed motion that the Court can most sensibly apply its *Hepting* Order to the Verizon cases.

1. As Plaintiffs appear to concede in their opposition to the government's motion for a stay, Verizon clearly is not bound by the Court's order in *Hepting* because Verizon is not a party in that case and it is not in privity with the AT&T defendants in *Hepting*. It is, of course, black-letter law that a party generally cannot be bound by a decision issued in a case to which it was not a party whether through the application of collateral estoppel or "law of the case." As the Supreme Court explained in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971):

> Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

*Id.* at 329. Indeed, the Supreme Court and the Ninth Circuit have consistently adhered to this basic principle of due process. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."); *Baker v. General Motors Corp.*, 522 U.S. 222, 238 n.11 (1998) ("In no event, we have observed, can issue preclusion be invoked against one who did not participate in the prior adjudication."); *Grayson v. McGowan*, 543 F.2d 79, 81 (9th Cir.

---

[2/] As set forth in Verizon's reply to the Motion of United States for a Stay Pending Disposition of Interlocutory Appeal in *Hepting v. AT&T Corp.*, Verizon is prepared to proceed with a motion to dismiss. If the Court were instead to decide that no further litigation should occur until the Court of Appeals provides guidance regarding the application of the state-secrets privilege in the *Hepting* appeal, there would no reason to make any determination about the applicability of the *Hepting* Order or its reasoning to the cases against Verizon until the Court of Appeals provided that guidance.

1976) ("To permit the offensive use of the prior determination against [Defendant], who was not a party in the first action, not represented there, not directing or controlling that litigation, and not in privity with [the defendant in the prior action], would be to impermissibly deny appellee his due process right to a full and fair opportunity to litigate his claims"). And, although the government had intervened in *Hepting*, that does not provide a basis for applying the state-secrets determination in *Hepting* even to the United States (and certainly not to Verizon)[3/] in other cases because, among other things, "nonmutual offensive collateral estoppel is not to be extended to the United States." *United States v. Mendoza*, 464 U.S. 154, 158 (1984).

Similarly, the "law of the case" cannot apply to a *different* case. *See, e.g.*, *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[L]aw of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law that decision should continue to govern the same issues in subsequent stages *in the same case*." (emphasis added)). Although the various cases against the carriers have all been transferred to this Court for purposes of efficient resolution, that does not transform them into the same case. *See, e.g.*, *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). That conclusion is evident from the fact that the Court ordered the plaintiffs to file *separate* complaints against each set of carrier defendants.

That Verizon cannot be bound by a case to which it was not a party is "part of our deep-rooted historic tradition that everyone should have his own day in court." *Richards v. Jefferson Cty.*, 517 U.S. 793, 798 (1996) (internal quotation marks omitted). This tradition is drawn from "clear experience with the general fallibility of litigation and with the specific distortions of judgment that arise from the very identity of the parties." 18A Charles Alan Wright et al., *Federal Practice &*

---

[3/] Although the decision whether to assert the privilege belongs to the government, the Court nonetheless must consider the position of individual defendants whom the privilege leaves unable to present a full and fair defense. *See Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("[I]f the privilege deprives the *defendant* of information that would otherwise give the defendant a valid defense to the claim, then the court may grant summary judgment to the defendant." (internal quotation marks omitted) (emphasis in original)).

*Procedure* § 4449 (2006). Thus, Verizon is entitled to its "day in court."[4/] In particular, Verizon should be able to explain, *inter alia*, why the government's expected assertion of the state-secrets privilege will render Verizon largely unable to defend itself and therefore requires dismissal of the cases against it. To deny Verizon that opportunity in a case seeking a massive damages award based on a decision made in a different case involving different allegations and circumstances to which it was not a party would violate basic norms of fundamental fairness

2. Factual differences among the various carrier defendants involved in this multidistrict litigation—including among the nine different Verizon entities sued—also require that the Court decide the application of the state-secrets privilege following briefing on motions to dismiss and assertions of the privilege by the government. Although Verizon, respectfully, does not share the Court's view that the size of a company or general statements by a company regarding its willingness to assist the government are relevant to the application of the state-secrets privilege in these cases, the Court's *Hepting* Order relied on those factual issues, *see Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974, 991-93 (N.D. Cal. 2006) (relying on size and public statements of AT&T), which may well differ among the carriers. Additionally, the Court's conclusion that the plaintiffs in *Hepting* might be able to establish standing despite the assertion of the state-secrets privilege relied in part on the "Klein and Marcus declarations," which the Court indicated "provide at least some factual basis for plaintiffs' standing" and which are relevant (if at all) only to the claims against the

---

4/ Although a party in a subsequent case may be bound by a prior decision if it was in privity with a party to that decision, Verizon and AT&T were not in "privity." "Privity—for the purposes of applying the doctrine of *res judicata*—is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks omitted). "[P]arallel legal interests alone, identical or otherwise, are not sufficient to establish privity." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1054 (9th Cir. 2005). Instead, "[a] non-party can be bound by the litigation choices made by his virtual representative, only if certain criteria are met: a close relationship, substantial participation, and tactical maneuvering all support a finding of virtual representation; identity of interests and adequate representation are necessary to such a finding. *Id.* at 1053-54 (internal quotation marks omitted). Here, Verizon and AT&T do not meet any of the criteria necessary for a finding of virtual representation. There is no "close relationship" between AT&T and Verizon such that they are legally accountable to one another. *See id.*; *Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1171 (9th Cir. 2000). Verizon did not participate at all—much less substantially—in the *Hepting* litigation such that it should be bound by the judgments therein. The roughly parallel legal interests of AT&T and Verizon alone are insufficient to bind Verizon to the *Hepting* Order.

AT&T defendants. *Id.* at 1001.

Indeed, the Court itself observed during the November 17, 2006 hearing that there were numerous factual distinctions among the carrier defendants that might have to be "analyzed individually, telecommunications company by telecommunications company." 11-17-06 Hr'g Tr. at 32; *id.* at 30-31 ("[T]he practices and policies of the telecommunications companies differ. They're not uniform."); *id.* at 31-32 ("But those statements are not the same by these other telecommunications companies. The policies of the other telecommunications companies appear not to be the same as AT&T. The statements of the government with respect to these other telecommunications companies are not identical to the statements made against or made in AT&T.").

Plaintiffs likewise have taken the position that the carriers are differently situated. Plaintiffs' counsel, for example, has stated that "the factual issues for each of the defendants are actually quite different" and that "the story for each telecommunications company is likely to be dramatically different and they should be handled differently." *Id.* at 24, 26; *see also id.* at 24 (carriers "had different interactions with the government"); *id.* at 25 (suggesting that "it's better to look at what each of these telcos did and said independently"); *id.* at 24 (carriers have "different network architectures" and "different structures as telecommunications companies").

In addition to the different allegations about the different carrier defendants, it is also possible that the government may rely upon different classified facts in making its assertions of the state-secrets privilege in the various cases. Without seeing the government's submissions, the Court cannot assess the application of the privilege to the cases involving carrier defendants other than those in *Hepting*. Indeed, developments since the government's submission in *Hepting*, such as the Attorney General's recent announcement that electronic surveillance previously conducted under the Terrorist Surveillance Program will now occur pursuant to one or more orders of the FISA Court, may effect the scope and applicability of the state-secrets privilege. *See* Letter from Alberto R. Gonzalez, Attorney General of the United States, to Patrick Leahy, Chairman, Committee on the Judiciary, United States Senate, and Arlen Specter, Ranking Minority Member, Committee on the Judiciary, United States Senate (Jan. 17, 2007). Thus, only after the government has made its formal

assertions of the privilege can the Court perform its role of assessing whether the assertion of the privilege precludes further litigation.

3. Finally, an independent assessment of the impact of the government's assertion of the state-secrets privilege to the Verizon cases is necessary because Verizon intends to focus its motion on aspects of the state-secrets privilege that were not fully addressed in the *Hepting* Order.[5/] For example, the Court's *Hepting* Order principally addresses the contentions that dismissal of the claims against AT&T is required under *Totten v. United States*, 92 U.S. 105 (1875), or because the "very subject matter of the action" is a state secret. *See Hepting*, 439 F. Supp. 2d at 986-994. Verizon, however, intends to demonstrate that even if the very subject matter of the claims against it were not a state secret (and it is), no further proceedings on these claims would be possible because it is clear *now* that the state-secrets privilege will prevent Verizon from defending itself in numerous ways and that it will likewise prevent Plaintiffs from establishing a prima facie case against Verizon. *See, e.g.*, *Kasza*, 133 F.3d at 1166 (court must enter judgment for the defendant "if the privilege deprives the *defendant* of information that would otherwise give the defendant a valid defense to the claim" or if "the plaintiff cannot prove the *prima facie* elements of her claim with nonprivileged evidence" (internal quotation marks omitted) (emphasis in original)).

In *Hepting*, the Court "decline[d] to decide at this time whether this case should be dismissed on the ground that the government's state secrets assertion will preclude evidence necessary for plaintiffs to establish a *prima facie* case or for AT&T to raise a valid defense to the claims." *Hepting*, 439 F. Supp. 2d at 994. Verizon intends to demonstrate that the Court is obligated, at the outset of the case, to look ahead and make a predictive judgment regarding whether the case can be litigated in light of the government's invocation of state secrets. For this reason alone, any decision by the Court regarding the application of the state-secrets privilege to the claims against Verizon should wait until briefing on a motion to dismiss in those cases is completed.

---

[5/] Verizon also anticipates that it will raise defenses that are unrelated to the state-secrets privilege. There can be no dispute that Verizon is entitled fully to brief and litigate these other defenses.

## CONCLUSION

For the foregoing reasons, the Court should decline at this time to make any determination regarding the applicability of its *Hepting* Order to the cases against Verizon. Such a determination should be made only following briefing on a motion to dismiss by Verizon and the formal assertion of the state-secrets privilege by the government in the Verizon cases.

Dated: February 1, 2007

WILMER CUTLER PICKERING HALE AND DORR LLP
John A. Rogovin
Randolph D. Moss
Samir C. Jain
Brian M. Boynton
Benjamin C. Mizer

By: /s/ Brian M. Boynton
____________________________
Brian M. Boynton

Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC