PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email: bruce.ericson@pillsburylaw.com

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
DAVID L. LAWSON (admitted *pro hac vice*)
EDWARD R. MCNICHOLAS (admitted *pro hac vice*)
ERIC A. SHUMSKY #206164
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for Defendants Cingular and BellSouth

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Dkt. No. 06-1791-VRW<br><br>**RESPONSE OF CINGULAR AND BELLSOUTH TO ORDER TO SHOW CAUSE RE: APPLICATION OF *HEPTING* ORDER [DKT. 79]** |
| This Document Relates To:<br><br>ALL ACTIONS | Date: February 9, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

This Court has asked "[a]ll parties to SHOW CAUSE in writing why the *Hepting* order should not apply to all cases and claims to which the government asserts the state secrets privilege." Dkt. 79. For the reasons set forth herein, **CINGULAR WIRELESS LLC,** now known as **AT&T MOBILITY LLC, NEW CINGULAR WIRELESS SERVICES, INC.,** and **CINGULAR WIRELESS CORPORATION,** now known as **AT&T MOBILITY CORPORATION**,[1] as well as **BELLSOUTH CORP., BELLSOUTH TELECOMMUNICATIONS, INC.** and **BELLSOUTH COMMUNICATIONS SYSTEMS, LLC** (collectively, "Cingular and BellSouth") respectfully submit that this Court cannot and should not apply the *Hepting* order to bind carriers, including Cingular and BellSouth, which were not parties to the *Hepting* litigation.

As this Court is well aware, the only defendants named in the *Hepting* complaint are AT&T Inc. and AT&T Corp. The cases against Cingular and BellSouth were transferred to this MDL only *after* the issuance of this Court's *Hepting* July 20, 2006 Order ("*Hepting* Order") and six months *after* the complaint in *Hepting*.

Like the Sprint Defendants, Cingular and BellSouth were not parties to the *Hepting* Order, and it would violate fundamental norms of due process to deny them a full and fair opportunity to be heard. In order to reduce redundant arguments, Cingular and BellSouth reply upon, and hereby incorporate by reference, the Sprint Defendants' Response to this Court's Order to Show Cause for the further explanation of its position.[2]

Cingular and BellSouth are now subsidiaries of AT&T Inc. as the result of the recent merger of AT&T Inc. and BellSouth, which was finalized after the *Hepting* Order was entered and after the filing of the complaints in this MDL. Although the various

---

[1] The name change for Cingular Wireless LLC to AT&T Mobility LLC was accepted and filed by the Delaware Secretary of State effective January 8, 2007. The name change for Cingular Wireless Corporation to AT&T Mobility Corporation was accepted and filed by the Delaware Secretary of State effective January 8, 2007.

[2] The Sprint Defendants include Sprint Nextel Corp., Sprint Communications Co. L.P., Sprint Spectrum L.P. and Nextel West Corp.

Cingular and BellSouth entities are conducting business under new names and are now subsidiaries of AT&T Inc., a holding company, they remain distinct legal entities. Cingular and BellSouth should not be estopped from presenting their arguments to dismiss the complaints because of the consummation of the merger after the *Hepting* order was entered. *See, e.g.*, *Hawthorne Savings F.S.B.* v. *Reliance Ins. Co. of Ill.*, 421 F.3d 835, 856 n.22 (9th Cir. 2005) (collateral estoppel did not bar successor-in-interest from challenging litigation bond ordered against acquired company prior to merger, even though the court had reaffirmed the bond after the merger: "Collateral estoppel is inappropriate if there is any doubt as to whether an issue was actually litigated in a prior proceeding.") (internal quotation marks and citations omitted), *amended on other grounds*, 433 F.3d 1089 (9th Cir. 2006); *Lumpkin* v. *Envirodyne Indus., Inc.*, 159 B.R. 814, 818 (N.D. Ill. 1993) (refusing to apply non-mutual offensive collateral estoppel against a parent corporation based on prior conduct by a newly-acquired subsidiary). Consequently, it would be improper to apply the *Hepting* Order to Cingular and BellSouth.

For the reasons set forth in this Response and those presented by the Sprint Defendants, this Court should not apply the July 2006 *Hepting* Order to the actions brought against Cingular and BellSouth.

Dated: February 1, 2007.

PILLSBURY WINTHROP
SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

By /s/ Bruce A. Ericson
Bruce A. Ericson

SIDLEY AUSTIN LLP
DAVID W. CARPENTER*
BRADFORD A. BERENSON*
DAVID L. LAWSON*
EDWARD R. MCNICHOLAS*
ERIC A. SHUMSKY
1501 K Street, N.W.
Washington, DC 20005

* admitted *pro hac vice*

By /s/ Bradford A. Berenson
Bradford A. Berenson

Attorneys for the Cingular and BellSouth Defendants