ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 06-1791 VRW<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO GOVERNMENT MOTION TO STAY PROCEEDINGS**<br><br>Date: February 9, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |



Dockets.Justia.com

The government has long maintained that the secrecy of its surveillance program would be irrevocably compromised by any attempt by this Article III Court to adjudicate the constitutional and statutory legality of the wholesale, suspicionless surveillance it is conducting of the communications of millions of innocent Americans. It has similarly maintained that procedures like those established by Congress in 50 U.S.C. § 1806(f), under which the Court protects the government's interest in the secrecy of its surveillance techniques by first reviewing *in camera* and *ex parte* any information provided by the government concerning the surveillance, are insufficient and inadequate.

Plaintiffs, in their previous filings have demonstrated to the contrary why the government's surveillance is not a secret and have submitted independent record evidence of the ongoing surveillance that is occurring. Plaintiffs have thereby shown that they are "aggrieved persons" who may use section 1806(f) to litigate whether the surveillance they are suffering is lawful.[1] As Congress provided in that section: "[W]henever any motion or request is made by an aggrieved person . . . to discover or obtain applications or orders or other materials relating to electronic surveillance . . . the United States district court . . . shall, notwithstanding any other law, . . . review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1806(f).

[1] The government's argument that plaintiffs have not yet proven they are "aggrieved persons" and must do so before the Court can use the procedures of section 1806(f), Gov't Reply in Support of Stay at 12, ignores the *undisputed* record evidence showing wholesale, suspicionless government surveillance of millions of innocent Americans. *See, e.g.,* Declaration of Mark Klein (*Hepting* Dkt. 230); Declaration of J. Scott Marcus (*Hepting* Dkt. 231); Plaintiffs' Request for Judicial Notice (*Hepting* Dkt. 20); Declaration of Michael Markman (*Hepting* Dkt. 182, 194); Declaration of Elena DiMuzio (*Hepting* Dkt. 298); Declaration of Barry Himmelstein (MDL Dkt. 156). Nor is the state secrets privilege the reason why the government has not disputed the evidence in the Klein and Marcus declarations; the government has confirmed that the information that is the subject of the Klein and Marcus declarations can be litigated without intruding on state secrets. *Hepting* 6/23/06 RT at 76:16-20 ("THE GOVERNMENT: We have not asserted any privilege over the information that is in the Klein and Marcus declarations. THE COURT: Either in the declaration or its exhibits? THE GOVERNMENT: We have not asserted a privilege over either of those.").

AT&T also has not disputed the authenticity or reliability of the testimony and evidence of Mr. Klein, a disinterested non-party to the litigation, by, for example, showing that Mr. Klein was not

The government's unbidden and *sua sponte* filing of January 11, 2007 (MDL Dkt. 120), further undermines its assertion that there is no practical way for this litigation to advance pending conclusion of the interlocutory appeal in *Hepting.* In order to further its own litigation interests, the government has submitted "materials relating to the surveillance," 50 U.S.C. § 1806(f),"for the Court's *in camera*, *ex parte* consideration," MDL Dkt. 120 at 2:2-3. In its public notice of this filing, the government stated: "The classified materials lodged with the Court on January 11, 2007 (as reflected in the notice of lodging filed on January 13, 2007), concern the Foreign Intelligence Surveillance Court orders that were publicly announced today." MDL Dkt. 127 at 2:12-15.

As the Court has noted, section "1806(f), in pertinent part, provides procedures for consideration of the propriety of FISA orders." Order Denying Remand (MDL Dkt. 130) at 7:20-22. The procedures of section 1806(f) begin with exactly the sort of *in camera*, *ex parte* submission of surveillance-related materials that the government made in its January 11 submission. Thus, it appears that the government has no reluctance to utilize procedures like those contemplated by section 1806(f) to submit surveillance-related materials when those procedures suit its own litigation purposes, even while protesting that similar procedures cannot reasonably be used to allow plaintiffs to pursue their case. The government cannot have it both ways.[2]

Moreover, the information the government has submitted to the Court relates to its surveillance of persons it has probable cause to believe are confirmed terrorists. The FISA orders

---

an AT&T employee at the time of the events in question, that he did not have access to the facilities in question, that he was not present at the facilities at the times he states he was, or that other facts in his declaration are false. Nor has AT&T contested the authenticity of the Klein Exhibits. To the contrary, AT&T has confirmed the status of Mr. Klein as an AT&T employee until May 2004. Declaration of AT&T Managing Director—Asset Protection James Russell, Ex. A (*Hepting* Dkt. 220). It has also vouched for the authenticity of the documentary evidence attested to by Mr. Klein by asserting that those documents are AT&T's trade secrets and by asserting that their contents accurately describe AT&T's networks and facilities. *Id.* at ¶¶ 5 to 6, 10 to 13, 15, 17, 20-22. It has likewise vouched for the correctness of the percipient observations testified to by Mr. Klein. *Id.* at ¶¶ 5 to 6, 15, 19.

[2] Significantly, the government's submission occurred months after the Court denied the government's state secrets privilege motion to dismiss and while that issue is up on appeal. Thus, the January 11 submission cannot have been made for the purpose of invoking the state secrets privilege, as the government's earlier *ex parte*, *in camera* filings were (*see Hepting* Dkt. 124), but instead must be directed to other issues in the litigation.

that the materials in the government's submission concern are "orders authorizing the Government to target for collection international communications into or out of the United States *where there is probable cause to believe that one of the communicants is a member or agent of al Qaeda or an associated terrorist organization*." MDL Dkt. 127 at 2:4-7 (emphasis added).[3]

The government's willingness to submit these materials to the Court belies its assertion that it cannot similarly submit *in camera* and *ex parte*, under the protective procedures of section 1806(f) as Congress intended, information concerning its surveillance of law-abiding Americans who are ***not*** "members or agents of al Qaeda or an associated terrorist organization." Information about targeted surveillance of known terrorists is obviously more, not less, sensitive than information about suspicionless mass surveillance of ordinary Americans. The government's refusal to submit these less sensitive materials, in addition to being self-contradictory, is also contrary to the Court's recognition of its fundamental Article III duty in this case: "While the court recognizes and respects the executive's constitutional duty to protect the nation from threats, the court also takes seriously its constitutional duty to adjudicate the disputes that come before it. *See Hamdi v Rumsfeld*, 542 U.S. 507, 536 (2004) (plurality opinion) ('Whatever power the United States Constitution envisions for the Executive in its exchanges with other nations or with enemy organizations in times of conflict, it most assuredly envisions a role for all three branches when individual liberties are at stake.'). To defer to a blanket assertion of secrecy here would be to abdicate that duty, particularly because the very subject matter of this litigation has been so publicly aired." *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974, 995 (N.D. Cal. 2006).

The government's willingness to make its recent voluntary *ex parte*, *in camera* submission to the Court during the pendency of the *Hepting* interlocutory appeal supports the conclusion that procedures like those established by Congress in section § 1806(f) can reasonably be utilized by the Court to proceed forward with this litigation, and that the Court can reasonably do so without awaiting the conclusion of the *Hepting* interlocutory appeal.

---

[3] Plaintiffs note that even the government does not agree with Defendant Sprint Nextel's argument that the FISA orders render plaintiffs' case moot. (MDL Dkt. 141 at 5:5-11).

DATED: February 5, 2007

ELECTRONIC FRONTIER FOUNDATION

By ______________/s/______________

Cindy A. Cohn, Esq. (SBN 145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

Additional Plaintiffs' Counsel:

ROGER BALDWIN FOUNDATION OF ACLU
HARVEY GROSSMAN
ADAM SCHWARTZ
180 North Michigan Avenue
Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760

PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND PLAINTIFFS' LIASON COUNSEL

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
JEFF D. FRIEDMAN
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND PLAINTIFFS' LIASON COUNSEL

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
ELIZABETH J. CABRASER
BARRY R. HIMMELSTEIN
MICHAEL W. SOBOL
ERIC B. FASTIFF
ALLISON S. ELGART
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

PLAINTIFFS' COUNSEL FOR MCI

SUBSCRIBER CLASS

MOTLEY RICE LLC
RONALD MOTLEY
DONALD MIGLIORI
JODI WESTBROOK FLOWERS
JUSTIN KAPLAN
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9163
Facsimile: (843) 216-9680

PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS AND MISCELLANEOUS SUBSCRIBER CLASSES

GEORGE & BROTHERS, L.L.P.
R. JAMES GEORGE, JR.
DOUGLAS BROTHERS
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094

PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS

THE MASON LAW FIRM, PC
GARY E. MASON
NICHOLAS A. MIGLIACCIO
1225 19th St., NW, Ste. 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS

WHITFIELD & COX P.S.C.
JOHN C. WHITFIELD
29 East Center Street
Madisonville, KY 42431
(270)-821-0656
(270)-825-1163 (fax)

PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS

BRUCE I AFRAN, ESQ.
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
VAL PATRICK EXNICIOS
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611

Facsimile: (504) 410-9937

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

KRISLOV & ASSOCIATES, LTD.
CLINTON A. KRISLOV
W. JOEL VANDER VLIET
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

MAYER LAW GROUP
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, New Jersey 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.
STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties whose e-mail addresses have been registered in the case as required by the Court..

DATED: February 5, 2007

ELECTRONIC FRONTIER FOUNDATION

/s/

Cindy A. Cohn, Esq. (SBN 145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org