| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>BRUCE A. ERICSON  #76342 |
| 2 | DAVID L. ANDERSON  #149604<br>JACOB R. SORENSEN  #209134 |
| 3 | MARC H. AXELBAUM  #209855<br>DANIEL J. RICHERT #232208 |
| 4 | 50 Fremont Street<br>Post Office Box 7880 |
| 5 | San Francisco, CA  94120-7880<br>Telephone: (415) 983-1000 |
| 6 | Facsimile: (415) 983-1200 |
| 7 | SIDLEY AUSTIN LLP |
| 8 | DAVID W. CARPENTER (admitted *pro hac vice*)<br>BRADFORD A. BERENSON (admitted *pro hac vice*) |
| 9 | EDWARD R. MCNICHOLAS (admitted *pro hac vice*)<br>DAVID LEE LAWSON (admitted *pro hac vice*) |
| 10 | ERIC A. SHUMSKY #206124<br>1501 K Street, N.W. |
| 11 | Washington, D.C.  20005<br>Telephone:  (202) 736-8010 |
| 12 | Facsimile:  (202) 736-8711 |
| 13 | Attorneys for the Cingular Defendants |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>06-5452-VRW<br>06-6222-VRW<br>06-6224-VRW<br>06-6253-VRW<br>06-6254-VRW<br>06-6570-VRW<br>07-0464-VRW | MDL Dkt. No. 06-1791-VRW<br><br>**STIPULATION TO STAY CASES AGAINST CINGULAR**<br><br>[Civil L.R. 6-2, 7-1(5), 7-12]<br><br>Courtroom:  6, 17th Floor<br>Judge:      Hon. Vaughn R. Walker |

**RECITALS**

A. On January 31, 2006, *Hepting, et al. v. AT&T Corp., et al.*, Case No. 06-672-VRW, was filed in this District. The *Hepting* complaint alleges, *inter alia*, that certain AT&T entities have cooperated with the National Security Agency ("NSA") in connection with a terrorist surveillance program.

B. On May 11, 2006, *USA Today* published an article entitled "NSA has massive database of Americans' phone calls," which alleges that AT&T, Verizon and BellSouth have provided customer call records to the NSA. Following the publication of this article, dozens of lawsuits were filed in various fora across the United States against a number of telecommunications entities. Among the named parties in these lawsuits were the following entities: Cingular Wireless LLC (now known as AT&T Mobility LLC), New Cingular Wireless Services, Inc., and Cingular Wireless Corporation (now known as AT&T Mobility Corporation) (collectively, the "Cingular Entities").

C. On July 20, 2006, this Court entered an order in *Hepting* denying motions to dismiss filed by the United States of America and AT&T Corp. (the "*Hepting* Ruling"). This Court certified the *Hepting* Ruling for immediate appeal pursuant to 28 U.S.C. § 1292(b). Both the United States and AT&T Corp. petitioned the Ninth Circuit for permission to appeal the *Hepting* Ruling, and the *Hepting* plaintiffs filed a cross-petition.

D. On August 9, 2006, the Judicial Panel on Multi-District Litigation ("JPML") entered its Transfer Order creating this MDL and transferring cases to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since the August 9, 2006 Initial Transfer Order, the JPML has entered additional transfer orders, transferring additional cases to this Court for coordinated or consolidated pretrial proceedings.

E. The cases transferred into the MDL that have been filed against the Cingular Entities are:

06-5452-VRW, *Harrington* v. *AT&T, Inc.*

06-6222-VRW, *Cross* v. *AT&T Communications, Inc.*

1       06-6224-VRW, *Cross* v. *AT&T Communications of California Inc.*

2       06-6253-VRW, *Derosier* v. *Cingular Wireless LLC*

3       06-6254-VRW, *Crockett* v. *Verizon Wireless*

4       06-6570-VRW, *Chulsky* v. *Cellco Partnership d/b/a Verizon Wireless*

5       07-0464-VRW, *Lebow et al* v. *BellSouth Corporation*

6       F.      On November 7, 2006, the Ninth Circuit granted the petitions of the United States and AT&T Corp. to appeal the *Hepting* Ruling.

      G.      On November 17, 2006, this Court held an MDL Case Management Conference where, *inter alia*, it was ordered that Plaintiffs would file master consolidated complaints against various defendant groups including against the Cingular Entities.

      H.      On January 16, 2007, the Plaintiffs filed consolidated complaints against the Cingular Entities.

      I.      In furtherance of judicial economy, the plaintiffs' counsel for the subscribers to the Cingular Entities, and the Cingular Entities wish to stay all proceedings against the Cingular Entities pending the final adjudication of all appeals of the *Hepting* Ruling, including disposition of any petition for certiorari to the United States Supreme Court, without any prejudice to the rights of any party.

### STIPULATION

The plaintiffs' counsel for the subscribers to the Cingular Entities and the Cingular Entities hereby stipulate as follows:

1.      All proceedings against the Cingular Entities shall be stayed pending the final appellate ruling on the July 20, 2006, Hepting Ruling, including the disposition of any petition for certiorari (or the expiration of time to seek such a petition) from the United States Supreme Court for review of any decision the Ninth Circuit issues in its interlocutory review of the Hepting ruling. This stay shall encompass any proceedings against the Cingular Entities transferred by the JPML to this Court and consolidated with this MDL subsequent to the entry of this Stipulation.

1     2.     This stay shall in no way affect any MDL proceedings against entities other than the Cingular Entities.

3     3.     This stay shall not affect the substantive and other procedural rights of the Cingular Entities or of the subscribers who have filed complaints against them.

5     4.     The Cingular Entities need not file any pleading responding to the consolidated complaints against each of them until sixty (60) days after the expiration of this stay.

8 //
9 //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, BRUCE A. ERICSON, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on February 1, 2007, at San Francisco, California.

                                                        */s/ Bruce A. Ericson*

Dated: February 1, 2007.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
DANIEL J. RICHERT
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
DAVID L. LAWSON
BRADFORD A. BERENSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By     */s/ Bruce A. Ericson*
        Bruce A. Ericson
Attorneys for the Cingular Defendants

GEORGE & BROTHERS
R. JAMES GEORGE, JR.
D. DOUGLAS BROTHERS
1100 Norwood Tower
114 W. 7th Street
Austin, TX 78701
Tel: (592) 495-1400
Fax: (592) 499-0094

By     */s/ R. James George, Jr. per G.O. 45*
        R. James George Jr.
Interim Class Counsel for the Cingular Subscriber Class

- 5 -

Stipulation to Stay Cases Against Wireless Carriers
MDL No. 06-1791-VRW

**[PROPOSED] ORDER**

Pursuant to the foregoing Stipulation, and good cause appearing, the Court orders the following:

1. All proceedings against Cingular Wireless LLC (now known as AT&T Mobility LLC), New Cingular Wireless Services, Inc., Cingular Wireless Corporation (now known as AT&T Mobility Corporation) (collectively, the "Cingular Defendants") in this MDL, including those proceedings transferred to this Court by the JPML and consolidated with this MDL subsequent to entry of this Order, are hereby stayed pending the final appellate ruling on this Court's July 20, 2006 ruling in *Hepting, et. al v. AT&T Corp., et. al.*, including the disposition of any petition for certiorari (or the expiration of time to seek such a petition) from the United States Supreme Court for review of any decision the Ninth Circuit issues in its interlocutory review of that Hepting ruling.

2. This stay shall in no way affect any MDL proceedings against entities other than the Cingular Defendants.

3. The Cingular Defendants need not file pleadings responsive to the consolidated complaints against them until sixty (60) days after the expiration of this stay.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 22, 2007.

_____
Hon. _____
United States _____

*IT IS SO ORDERED*
Judge Vaughn R Walker