PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON #76342
DAVID L. ANDERSON #149604
JACOB R. SORENSEN #209134
MARC H. AXELBAUM #209855
DANIEL J. RICHERT #232208
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

SIDLEY AUSTIN LLP
DAVID W. CARPENTER (admitted *pro hac vice*)
BRADFORD A. BERENSON (admitted *pro hac vice*)
EDWARD R. MCNICHOLAS (admitted *pro hac vice*)
DAVID LEE LAWSON (admitted *pro hac vice*)
ERIC A. SHUMSKY #206124
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8010
Facsimile: (202) 736-8711

Attorneys for the AT&T Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION

MDL Dkt. No. 06-1791-VRW

**STIPULATION AND [PROPOSED] ORDER STAYING ALL CASES (EXCEPT *HEPTING*) AGAINST AT&T DEFENDANTS**

This Document Relates To:

06-0672 06-5269 06-6222 06-6924
06-3467 06-5340 06-6224 06-7934
06-3596 06-5343 06-6294 07-1243
06-5065 06-5452 06-6385
06-5067 06-5485 06-6387
06-5268 06-5576 06-6570

*Mayer v. Verizon Communications, Inc., et al.*, No. 06-3650 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned)

[Civil L.R. 6-2, 7-1(5), 7-12]

Courtroom: 6, 17th Floor
Judge: Hon. Vaughn R. Walker

## RECITALS

A. On November 8, 2006, the United States filed a motion to stay all proceedings in this MDL pending the resolution of the appeal of this Court's July 20, 2006 order in *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D. Cal. 2006) ("*Hepting* Order"). Dkt. 67. On December 22, 2006, Defendant AT&T Corp. filed a joinder in the United States' motion to stay. Dkt. 100. On January 17, 2007, Plaintiffs filed their opposition to the motion to stay. Dkt. 128.

B. Oral argument on the motion to stay was held on February 9, 2007. Dkt. 161. On February 20, 2007, this Court entered an order granting in part, and denying in part, the motion to stay ("Stay Order"). Dkt. 172.

C. The Stay Order provides: "With respect to *Hepting v. AT&T*, 06-672, the court imposes a limited stay. If plaintiffs propound a limited and targeted set of interrogatories . . . , the court will entertain plaintiffs' motion to lift the stay for the purpose of requiring a response. Any such motion shall describe why the discovery will not moot the issues on interlocutory appeal to the Ninth Circuit. After consideration of such motion, the court will determine whether to call for opposition to be filed by defendants." Dkt. 172 at 1.

D. The Stay Order further provides: "With respect to all other cases in MDL 1791, the court will enter an order staying proceedings pending resolution of the interlocutory appeal in *Hepting if* the parties stipulate to a stay." Dkt. 172 at 2.

E. In furtherance of judicial economy, Plaintiffs, the AT&T Defendants[1] and the United States agree to stay all cases, except for *Hepting*, against the AT&T Defendants.

## STIPULATION

Plaintiffs, the AT&T Defendants and the United States hereby stipulate as follows:

[1] "AT&T Defendants" refers to all of the AT&T defendants in this MDL, as defined in footnote 3 of the previously filed Joint Case Management Statement. Dkt. 61 at 2.

1. All cases pending against the AT&T Defendants, except for *Hepting v. AT&T Corp.*, No. 06-0672, shall be stayed against the AT&T Defendants until 30 days after entry of the Ninth Circuit's judgment in *Hepting* (Ninth Cir. App. Case Nos. 06-80109 & 06-80110 ("*Hepting* Appeals")). Plaintiffs shall promptly notify the AT&T Defendants and the United States whether they intend to file a consolidated complaint against the AT&T Defendants or will stand on the existing individual complaints against them. If the Plaintiffs elect to file a consolidated complaint, the AT&T Defendants shall have 30 days after it is filed to respond to it. If the Plaintiffs elect to stand on the existing individual complaints, then the AT&T Defendants shall have 45 days after the Plaintiffs notify them of that decision to respond to the complaints. This stay may be modified by the Court on good cause shown by any party to the actions affected.

2. This stay shall encompass any proceedings against AT&T Defendants (except *Hepting*) in any cases currently pending in this MDL, No. 06-1791-VRW. The following cases that include AT&T Defendants have been transferred to this Court: *Hepting*, 06-0672; *Roe*, 06-3467; *Campbell*, 06-3596; *Mahoney,* 06-5065; *Souder*, 06-5067; *Trevino,* 06-5268; *Dolberg*, 06-5269; *Terkel*, 06-5340; *Herron,* 06-5343; *Harrington*, 06-5452; *Joll*, 06-5485; *Conner,* 06-5576; *Cross,* 06-6222; *Cross,* 06-6224; *Waxman*, 06-6294; *Fortnash*, 06-6385; *Dubois*, 06-6387; *Chulsky*, 06-6570; *Hardy*, 06-6924; *Mink*, 06-7934; *Roche*, 07-1243; and *Mayer v. Verizon Communications, Inc., et al.*, No. 06-3650 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned). This stay does not affect any claims in any of the above-referenced cases against non-AT&T Defendants, nor any cases in which the United States is a plaintiff, nor *Clayton v. AT&T Communications of the Southwest, Inc.*, 07-1187.

3. In the event Plaintiffs are allowed discovery in *Hepting* through the mechanism set forth in the Stay Order, Plaintiffs may direct such discovery toward any of the AT&T Defendants, regardless of whether they have been named as defendants in *Hepting*, and such AT&T Defendants shall respond and/or object to such discovery to the

extent required by law and further order of this Court, and such responses shall be deemed applicable and useable in any of the cases against such AT&T Defendant.

4. By entering into this Stipulation, the AT&T Defendants and the United States do not waive any procedural or substantive defenses, rights or objections with respect to the discovery that plaintiffs may seek in *Hepting*, or with respect to any non-*Hepting* case against an AT&T defendant, including, but not limited to, the right to challenge personal jurisdiction over any particular AT&T defendant and the right to appeal any order of this Court granting any discovery to Plaintiffs. AT&T Defendants do, however, waive any objection to such discovery on the basis that any particular defendant was not named as a defendant in *Hepting*.

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, MARC H. AXELBAUM, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on March 8, 2007, at San Francisco, California.

*/s/ Marc H. Axelbaum*
Marc H. Axelbaum

Dated: March 8, 2007.

PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ANDREW H. TANNENBAUM
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Room 6102
Washington, DC 20001
Telephone: (202) 514-4782
Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

By *__/s/ Anthony J. Coppolino per G.O. 45__*
Anthony J. Coppolino
Attorneys for United States of America, National Security Agency, President George W. Bush

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
DAVID L. ANDERSON
JACOB R. SORENSEN
MARC H. AXELBAUM
DANIEL J. RICHERT
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
DAVID L. LAWSON
BRADFORD A. BERENSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By *__/s/ Marc H. Axelbaum__*
Marc H. Axelbaum

Attorneys for the AT&T Defendants

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
CORYNNE MCSHERRY (221504)
JAMES S. TYRE (083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Fax: (415) 436-9993

By __/s/ *Cindy Cohn per G.O. 45*__
Cindy Cohn

Attorneys for AT&T Class Plaintiffs and Co-Chair of Plaintiffs' Executive Committee

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
ANN BRICK (65296)
MARK SCHLOSBERG (209144)
NICOLE A. OZER (228643)
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Fax: (415) 255-8437

By __/s/ *Ann Brick per G.O. 45*__
Ann Brick

Attorneys for Plaintiffs in *Campbell v. AT&T Communications of California, et al.*, No. 06-3596

**[PROPOSED] ORDER**

Pursuant to the foregoing Stipulation, and good cause appearing, the Court orders the following:

1. All cases pending against the AT&T Defendants, except for *Hepting v. AT&T Corp.*, No. 06-0672, shall be stayed against the AT&T Defendants until 30 days after entry of the Ninth Circuit's judgment in *Hepting* (Ninth Cir. App. Case Nos. 06-80109 & 06-80110 ("*Hepting* Appeals")). Plaintiffs shall promptly notify the AT&T Defendants and the United States whether they intend to file a consolidated complaint against the AT&T Defendants or will stand on the existing individual complaints against them. If the Plaintiffs elect to file a consolidated complaint, the AT&T Defendants shall have 30 days after it is filed to respond to it. If the Plaintiffs elect to stand on the existing individual complaints, then the AT&T Defendants shall have 45 days after the Plaintiffs notify them of that decision to respond to the complaints. This stay may be modified by the Court on good cause shown by any party to the actions affected.

2. This stay shall encompass any proceedings against AT&T Defendants (except *Hepting*) in any cases currently pending in this MDL, No. 06-1791-VRW. The following cases that include AT&T Defendants have been transferred to this Court: *Hepting*, 06-0672; *Roe*, 06-3467; *Campbell*, 06-3596; *Mahoney*, 06-5065; *Souder*, 06-5067; *Trevino*, 06-5268; *Dolberg*, 06-5269; *Terkel*, 06-5340; *Herron*, 06-5343; *Harrington*, 06-5452; *Joll*, 06-5485; *Conner*, 06-5576; *Cross*, 06-6222; *Cross*, 06-6224; *Waxman*, 06-6294; *Fortnash*, 06-6385; *Dubois*, 06-6387; *Chulsky*, 06-6570; *Hardy*, 06-6924; *Mink*, 06-7934; *Roche*, 07-1243; and *Mayer v. Verizon Communications, Inc., et al.*, No. 06-3650 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned). This stay does not affect any claims in any of the above-referenced cases against non-AT&T Defendants, nor any cases in which the United States is a plaintiff, nor *Clayton v. AT&T Communications of the Southwest, Inc.*, 07-1187.

3. In the event Plaintiffs are allowed discovery in *Hepting* through the mechanism set forth in the Stay Order, Plaintiffs may direct such discovery toward any of the AT&T Defendants, regardless of whether they have been named as defendants in *Hepting*, and such AT&T Defendants shall respond and/or object to such discovery to the extent required by law and further order of this Court, and such responses shall be deemed applicable and useable in any of the cases against such AT&T Defendant.

4. By entering into this Stipulation, the AT&T Defendants and the United States have not waived any procedural or substantive defenses, rights or objections with respect to the discovery that plaintiffs may seek in *Hepting*, or with respect to any non-*Hepting* case against an AT&T defendant, including, but not limited to, the right to challenge personal jurisdiction over any particular AT&T defendant and the right to appeal any order of this Court granting any discovery to Plaintiffs. The AT&T Defendants have, however, waived any objection to such discovery on the basis that any particular defendant was not named as a defendant in *Hepting*.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March __, 2007.

________________________________________
Hon. Vaughn R. Walker
United States District Chief Judge