Lycos, Inc. v. Verizon Communications, Inc. Doc. 194

PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov
ANDREW H. TANNENBAUM
ALEXANDER K. HAAS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8470
*Attorneys for Federal Defendants in their Official Capacities and Federal Intervenor-Defendants (United States of America, National Security Agency, President George W. Bush)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br><u>This Document Relates To</u>:<br><br>ALL ACTIONS | **No. M:06-cv-01791-VRW**<br><br>**ADMINISTRATIVE MOTION OF THE UNITED STATES TO CHANGE TIME (CIV. L.R. 6-3) AND FOR A SCHEDULING ORDER**<br><br>Courtroom 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |



Dockets.Justia.com

## INTRODUCTION

By Order dated February 20, 2007 (Dkt. 172), the Court granted and denied in part the United States' motion to stay further proceedings in this MDL action pending resolution of the appeal in *Hepting v. AT&T Corp*., 439 F. Supp. 2d 974 (N.D. Cal. 2006). *See* Dkt. 67. With respect to non-*Hepting* cases, the Court held that, unless the parties stipulated to a stay pending the *Hepting* appeal by March 8, 2007, the Defendants must answer or otherwise respond to pending complaints by March 29, 2007. Upon conferring, the parties did not reach agreement to stay further proceedings in several pending actions.[1] *See* Declaration of Anthony J. Coppolino. Because of the various tracks that will be proceeding, the United States sought agreement to a coordinated schedule designed to ensure an efficient and logical progression of work. As part of that proposal, and because of the substantial work associated with preparing an assertion of the state secrets privilege, the United States sought a modest three-week extension (from March 29 to April 20) in which to file its first dispositive motion. Because of how further briefing would be scheduled, this would result in a hearing only two weeks later than Plaintiffs themselves proposed (June 22 vs. June 8). However, Plaintiffs who brought claims against MCI (hereafter the "MCI Plaintiffs") refused to accommodate the United States' request.

In refusing to consent to even this short extension, the MCI Plaintiffs linked any agreement on a schedule to their demand that the United States (and the Verizon Defendants) file dispositive motions *solely* with respect to the MCI claims at issue in the *Verizon* master complaint. This simply is not a logical or efficient manner of proceeding. Since January 2006, MCI has been a part of Verizon Communications, and the Court agreed with the Verizon Defendants last November that claims against MCI should be folded into the master complaint against the Verizon Defendants (Dkt. 125). Moving to dismiss the entire *Verizon* complaint,

[1] Cases for which a dispositive motion would now be due on March 29, 2007 under the Court's order include: (1) cases against the *Verizon* Defendants consolidated in the master *Verizon* complaint, *see* Dkt. 125 (1/16/07); (2) cases against the *BellSouth* Defendants consolidated in the master *BellSouth* complaint, *see* Dkt. 126 (1/16/07); (3) separate claims against the *Verizon* Defendants in the *Bready* (06-06313) and (4) *Chulsky* (06-6570) actions; and (5) claims brought solely against the United States in *Shubert v. Bush* (07-693).

rather than a subset of claims in that complaint, makes the most sense,

In sum, the United States regrets that it was forced to file this motion over what is, in effect, a two-week difference between the parties, but given the Plaintiffs' unwillingness to agree to the United States' proposal, we respectfully request that the Court enter our proposed schedule.

**ACTION REQUESTED**

The United States requests that the following schedule be entered for briefing on dispositive motions in response to the *Verizon* master complaint (Dkt. 125) and other claims against *Verizon* in the *Bready* (06-06313) and *Chulsky* (06-6570) actions.

| | |
|---|---|
| April 20, 2007 | United States' Motion to Dismiss or, in the Alternative, for Summary Judgment and Any State Secrets Privilege Assertion by the United States |
| April 30, 2007 | Verizon Defendants' Motion to Dismiss |
| May 25, 2007 | Plaintiffs' Oppositions |
| June 8, 2007 | Reply Briefs of the United States and Verizon Defendants |
| June 22, 2007 | Hearing on *Verizon* Motions (or thereafter as the Court determines)[2/] |

**REASONS SUPPORTING THE MOTION**

1. *Need for Extension in Verizon Cases*: A brief extension of time is essential for the United States to complete a dispositive motion and any state secrets privilege assertion in the *Verizon* cases. A state secrets privilege assertion is a complex, sensitive, and highly significant undertaking. Any privilege assertion would involve the preparation and submission of classified information for *ex parte, in camera* review—a process that must proceed with particular care and requires close scrutiny by Government counsel and officials. Indeed, as the Court knows, a state

---

[2] The parties in two other matters that will proceed (cases against the *BellSouth* Defendants and the *Shubert* case against the United States) have stipulated to separate schedules for those cases. *See* Dkt. 192 (3/12/07) and Dkt. 193 (3/12/07). This motion also does not address the schedule for other MDL cases as to which there is no current deadline. The Court's February 20 Order did not decide whether *Al-Haramain Islamic Foundation v. Bush* (Civ. 07-109) would be stayed pending appeal (as the United States had requested) and did not set a particular schedule for the *Hepting* case. Further proceedings in these cases will have to be worked into the schedule in an appropriate way. In addition, two additional cases are pending against the United States in which dispositive motions are already on file: *Center for Constitutional Rights v. Bush* (07-01115) and *Guzzi v. Bush* (06-06225). The United States will confer with those parties on a schedule for supplemental briefs and a hearing on those motions.

secrets privilege assertion *requires* personal consideration by the responsible agency head, in this case the Director of National Intelligence and, as before, the Director of the National Security Agency. Notably, since the Government's filings in *Hepting*, a new Director of National Intelligence ("DNI") has been appointed who, after personally becoming familiar with the matter at issue, would decide whether to assert the privilege.

Thus, the United States cannot merely resubmit its prior filings in *Hepting* in some *pro forma* fashion. Assuming the DNI decides that the privilege should be asserted again with respect to the allegations in the *Verizon* case, the United States' submission, while likely similar in some respects to that submitted in *Hepting*, will also: take into account pertinent changes that have occurred since the *Hepting* filing, including the recent orders of the Foreign Intelligence Surveillance Court issued in January 2007, *see* Dkt. 127 (1/17/07) and Dkts. 175/176 (2/22/07); address the specific allegations and circumstances concerning defendants other than AT&T; and address the Court's *Hepting* decision and other decisions (such as *Terkel v. AT&T* and *ACLU v. NSA*) concerning the same kinds of allegations made in the *Verizon* cases. Our submission will therefore be an expanded presentation containing additional information. The United States thus seeks a modest three-week extension of time in which to make a significant state secrets filing, on an overall schedule that is only two weeks longer than Plaintiffs proposed. (Plaintiffs proposed that a hearing be conducted on June 8, 2007, as opposed to the United States' proposed hearing date of June 22, 2007.) In light of that negligible effect on the overall schedule, the United States' request is plainly reasonable.[3/]

Plaintiffs will likely argue that the United States has had ample time to prepare its motion, or should have done so in connection with the Court's Order to Show Cause, *see* Dkts. 76/78 (1/17/06) and Dkt. 79 (1/22/07). Those arguments should not be credited. After various cases (including the *Verizon* cases) were transferred to this Court, the United States moved on November 8, 2006, to stay all MDL proceedings pending the *Hepting* appeal. *See* Dkt. 67

---

[3] The United States has also lodged a classified submission for the Court's *ex parte, in camera* review in support of this motion.

(11/8/06). On November 17, 2006, the Court heard initial argument on the stay issue during a case management conference and scheduled further argument for February 9, 2007.[4/] It was not until February 20, 2007, that the United States knew that its motion for a stay pending the *Hepting* appeal would not be granted. At no prior time was any response to the *Verizon* complaint required or due. It was not until the conferral process necessitated by the Court's February 20 Order was complete that the United States knew whether and how many cases would proceed. Similarly, any argument that the United States was required to assert the state secrets privilege in response to the Court's November 17 Order to Show Cause would be unfounded. The Order to Show Cause did not indicate that such a significant undertaking as a state secrets privilege assertion be filed to address the impact of *Hepting* on the other MDL cases. Indeed, the Court was simultaneously considering the United States' stay motion, which if granted would have obviated any need to assert that privilege (or to take any further action).[5/]

2. *Scope of* *Verizon* *Motion*: A major reason that the MCI Plaintiffs refused to consent to any extension of time was their insistence that the United States and Verizon move to dismiss only the MCI claims (rather than all pending claims against *Verizon*). This is not a new issue for the Court. The MCI Plaintiffs previously sought leave to have a separate master complaint against MCI only, and also asserted that they "would agree to an alternate arrangement where only MCI was required to respond to the consolidated complaint at this time." *See* Joint Case Management Statement, Dkt. 61-1 (11/7/2006) at 27-28. At the November 17 hearing, however, the Court rejected those positions and held that all Verizon-related claims (including claims against MCI) had to be consolidated into a single master complaint. *See* Transcript, 11/17/06 at

---

[4] Indeed, at the February 9 hearing, the Court suggested that it would be flexible in scheduling motions if proceedings were not stayed. *See* Trans., 2/9/07 at 78:24-79:2 ("MR. ROGOVIN: I don't think we need to go over the precise schedule today, but I did want to suggest that we'd be very happy to propose a schedule for [the filing of motions to dismiss]. THE COURT: We'd set a date that works on your calendars.")

[5] The Verizon Defendants will separately address why filing their own motion10 days after the Government is warranted, but tailoring their position to any privilege assertion by the Government would be in the best interests of efficiency as well.

79-81. The Court's decision was correct: it makes no sense to divide up the allegations against Verizon, just as it would make no sense to prevent the United States and Verizon from moving to dismiss all claims against *Verizon*, particularly where a state secrets privilege assertion puts at issue the threshold question of whether a carrier's alleged involvement in NSA intelligence activities cannot be confirmed or denied. The point of MDL proceedings— the efficient management of litigation—would be defeated by having separate motions filed months apart on the same issue of whether claims against the Verizon Defendants must be dismissed. Indeed, because the *Bready* case against Verizon has not been stayed, the United States will have to file a dispositive motion and any state secrets privilege assertion with respect to certain claims against Verizon (not just MCI) regardless of the MCI Plaintiffs' demands.

Moreover, even if the MCI Plaintiffs wished to preserve their position that only one dispositive motion be filed now as to one aspect of the master complaint against Verizon, they surely could at least have agreed upon a schedule that was quite close to their own proposal and let the Court resolve separately the scope of the forthcoming motions. Although we think it inefficient and illogical to file multiple motions to dismiss on state secrets grounds concerning Verizon's alleged role in alleged NSA activities, should the Court prefer that course, we still request entry of our proposed schedule in order to allow us sufficient time to complete an important state secrets filing. No possible prejudice would result to any party by this modest extension.[6/]

## CONCLUSION

For the foregoing reasons, the Court should grant this administrative motion for a scheduling order by the United States. A proposed order is attached.

---

[6] The United States will respond separately to a motion filed on March 9, 2007, by various State Defendants in actions brought by the United States, and which were recently transferred here, that challenge the authority of State officials to investigate the alleged participation of telecommunication carriers in alleged NSA activities. We note for now that the State Defendants propose that the United States file various briefs in those cases on March 30, 2007—just one day after the Verizon Plaintiffs demand that dispositive motions be filed in their case. This underscores the need to coordinate the scheduling of all further MDL proceedings.

Dated: March 12, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

ANDREW H. TANNENBAUM
ALEXANDER K. HAAS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8470
*Attorneys for Federal Defendants in their Official Capacities and Federal Intervenor-Defendants (United States of America, National Security Agency, President George W. Bush)*