PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ANDREW H. TANNENBAUM
ALEXANDER K. HAAS (SBN 220932)
Trial Attorneys
Email: alexander.haas@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 307-3937
Fax: (202) 616-8470/(202) 616-8202
*Attorneys for Federal Defendants Sued in their Official Capacities, the Federal Intervenor-Defendants (United States of America, National Security Agency, President George W. Bush), and the United States of America as Plaintiff against state officials*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **No. M:06-cv-01791-VRW** |
| This Document Relates To:<br><br>*United States v. Rabner (Farber), et al.*;<br>*United States v. Gaw, et al.*;<br>*United States v. Adams, et al.*;<br>*United States v. Palermino, et al.*;<br>*United States v. Volz, et al.*;<br>*Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al.* | **OPPOSITION OF THE UNITED STATES TO THE STATE OFFICIALS' ADMINISTRATIVE MOTION FOR A SCHEDULING ORDER**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |



Dockets.Justia.com

## INTRODUCTION

The United States respectfully submits this opposition to the administrative motion of state officials, intervenors, and putative intervenors (collectively the "state officials") for a scheduling order in the various cases transferred by the Judicial Panel on Multidistrict Litigation ("JPML") to this Court on February 15, 2007. We agree that a comprehensive scheduling order should be entered for these cases, all of which involve the same question of whether the state officials have the authority to demand the production of national security information regarding telecommunications carriers' purported involvement in alleged foreign intelligence gathering operations of the National Security Agency ("NSA"). But the state officials' proposal—which would require the Court to potentially review more than 50 briefs, the vast majority of which do not focus on either Ninth Circuit law or recent developments, such as the recent decision in one of the cases, *United States v. Adams*, __ F. Supp. 2d __, 2007 WL 441876 (D. Me. Feb. 08, 2007)—is an extremely inefficient mechanism for resolving these cases. We respectfully suggest that a more efficient and economical course would be for the parties to submit a single set of consolidated dispositive cross-motions that would govern all of the pending cases while taking account of Ninth Circuit law and other recent developments. Our specific proposal is set forth fully below, *see infra* at 4, but in brief we propose that: the United States would file a consolidated motion for summary judgment in all of these cases on April 6; the state officials would file consolidated motions to dismiss and oppositions to the United States' motion for summary judgment in early May; the telecommunications carriers would thereafter file a single brief; briefing on both sets of motions would be completed by June 22, 2007; and a hearing would be held sometime in late June or July 2007.[1]

---

[1] Attached as Exhibit A is a consolidated schedule setting forth the relevant dates that would apply in four sets of cases—the state cases, the *Verizon* cases, *Shubert v. Bush*, and *Al-Haramain Islamic Foundation v. Bush*—if the Court were to accept the United States' proposals for the state and *Verizon* cases, as well as the parties' stipulation in *Shubert*. Under that schedule, a brief or hearing would occur approximately every five days between April 6 and June 29, with two later events occurring thereafter (a brief on July 20 and a hearing on August 3). This schedule does not include any dates for *Hepting v. AT&T* (in which the Court permitted the plaintiffs to file a motion to show how limited discovery would not moot the pending appeal); or

## BACKGROUND

On February 15, 2007, the JPML transferred six cases (the "state cases") to MDL 1791: (i) *United States v. Rabner (Farber), et al.*; (ii) *United States v. Gaw, et al.*; (iii) *United States v. Adams, et al.*; (iv) *United States v. Palermino, et al.*; (v) *United States v. Volz, et al.*; (vi) *Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al.* *See* United States' Notice of JPML Decision, Dkt. 165 (Feb. 16, 2007). The state cases all involve challenges to the authority of state officials to demand the production of national security information from telecommunications carriers regarding the carriers' purported involvement in alleged foreign intelligence gathering operations using various kinds of state process, *e.g.*, state subpoenas or other state discovery orders. To date, at least 34 merits briefs have been filed in connection with motions to dismiss and motions for summary judgment. Those briefs address largely similar questions of federal law regarding, among other issues: (i) whether the state officials' efforts impermissibly intrude into the operations of the federal government, *see McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819), and its progeny; (ii) whether federal law otherwise preempts the state officials' actions; (iii) whether (as the state officials contend) federal jurisdiction and a cause of action are lacking; and (iv) whether the federal court should abstain from exercising jurisdiction. Various intervention motions have also been briefed. But none of those briefs focuses on Ninth Circuit law. And with the exception of the United States brief in opposition to the *Volz* officials' motion to dismiss, none of those briefs addresses the February 8, 2007 decision in *United States v. Adams*, where the Court decided many of the federal issues presented in all of these cases—such as whether it had jurisdiction, whether it should abstain, and whether the United States had established a likely harm to national security—in enjoining Maine officials from holding a contempt proceeding regarding Verizon's alleged involvement in alleged NSA operations.

After the process of transferring these state cases to this Court commenced, counsel for

---

*Center for Constitutional Rights v. Bush* (07-01115), and *Guzzi v. Bush* (06-06225) (where the parties are conferring on a schedule for supplemental briefing and a hearing).

the United States initiated conferral with the state officials in an attempt to reach agreement on the manner in which these six cases would progress. We proposed a coordinated and consolidated schedule. The state officials rejected that proposal and, on March 9, 2007, filed a motion for a scheduling order. The state officials first propose that the parties complete any briefing that has already begun (by, for example, filing reply briefs to the pending motions to dismiss and for summary judgment in *Palermino* and *Volz*) and, recognizing that none of the previously filed briefs focuses on Ninth Circuit law, further propose that the parties file supplemental briefs regarding Ninth Circuit law. As a result, under the state officials' proposal, the parties would file up to 24 *additional* briefs: (i) six to complete briefing in *Palermino* and *Volz* (replies for the United States in both cases, two sets of intervenor briefs in *Palermino*, the state officials' reply in *Volz*, and the carrier defendants' brief in *Volz*); (ii) six briefs (one for each case) by the state officials regarding Ninth Circuit law; (iii) six briefs by intervenors/proposed intervenors on Ninth Circuit law; and (iv) up to six briefs by the United States on Ninth Circuit law. Under the state officials' proposal, then, the Court might have to review more than 50 briefs: the 34 briefs already filed, plus the 24 new briefs that would be filed.[2]

## ARGUMENT

The United States shares the state officials' desire to resolve these cases in an expeditious and efficient manner. But because of the common, if not identical, federal questions presented across these cases, the state officials' proposal greatly sacrifices orderly resolution and judicial

[2] In addition, the state officials' proposal either ignores or misstates the status of several cases. First, with regard to the Vermont and Connecticut cases, it is not correct that only reply briefs need to be filed. The telecommunication carrier defendants are entitled to file a response to the United States' and Vermont's papers before any replies are to be filed. Second, the *Clayton* case from the Western District of Missouri is not addressed by the state officials' proposal. Although there are no motions currently pending in *Clayton*, the United States intends to intervene and move for summary judgment in that action, and would do so on the schedule it proposes. Third, while the state officials' proposal suggests that the pending intervention motions are "fully briefed," this briefing does not address the relevant law in this circuit and must be supplemented. Finally, the state officials suggest that the parties also brief "choice of law issues." No such briefing has occurred to date on this topic however, and the state officials do not explain what they mean to address through this issue.

economy for little to no benefit. The United States respectfully submits that the more appropriate and efficient course would be for the parties to submit to the Court a single set of briefs that address all of the issues in all of the cases, that focus on Ninth circuit law, and that account for recent developments (such as Judge Woodcock's decision in the *Adams* case). Under that approach, the Court would be presented with no more than nine briefs that are current and that address all relevant issues, the controlling law in this circuit, and any recent developments. The United States suggests that the following would be an appropriate schedule for such an approach:

| | |
|---|---|
| **April 6, 2007** | United States files consolidated motion for summary judgment |
| **May 4, 2007** | 1. State officials file consolidated motion to dismiss/opposition to summary judgment<br>2. ACLU/Cowie intervenors file consolidated brief<br>3. State agency intervenors file consolidated brief |
| **May 18, 2007** | Carriers file consolidated brief responding to opening briefs of the United States and state officials |
| **June 1, 2007** | United States files consolidated brief in opposition to the motions to dismiss and its reply in support of its motion for summary judgment |
| **June 22, 2007** | State officials, ACLU/Cowie intervenors, and state agencies reply in support of their May 4, 2007 briefing |
| **June 29, 2007** | Hearing on cross motions |

While the state officials have expressed general reluctance to engage in consolidated briefing, they have provided no explanation as to why their proposal is more efficient for the parties or the Court given that additional supplemental briefing is necessary even under their proposal. And although we believe that factual or state law distinctions between the cases are largely (if not completely) irrelevant because these cases present purely federal issues, to the extent such distinctions become relevant, they can be dealt with through separate subsections in the consolidated filings.

If the Court does not agree with the United States' proposal, in the alternative the United States respectfully suggests that the administrative motion be denied and that a status conference, telephonic or otherwise, be set to resolve the scheduling issues in these state cases.

DATED: March 14, 2007

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

*/s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

*/s/ Alexander K. Haas*
ANDREW H. TANNENBAUM
ALEXANDER K. HAAS (SBN 220932)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/(202) 307-3937
Fax: (202) 616-8470/(202) 616-8202
Email: alexander.haas@usdoj.gov