| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | BRUCE A. ERICSON  #76342 |
| 2 | DAVID L. ANDERSON  #149604 |
|   | JACOB R. SORENSEN  #209134 |
| 3 | MARC H. AXELBAUM  #209855 |
|   | DANIEL J. RICHERT #232208 |
| 4 | 50 Fremont Street |
|   | Post Office Box 7880 |
| 5 | San Francisco, CA  94120-7880 |
|   | Telephone: (415) 983-1000 |
| 6 | Facsimile: (415) 983-1200 |
| 7 | SIDLEY AUSTIN LLP |
| 8 | DAVID W. CARPENTER (admitted *pro hac vice*) |
|   | BRADFORD A. BERENSON (admitted *pro hac vice*) |
| 9 | EDWARD R. MCNICHOLAS (admitted *pro hac vice*) |
|   | DAVID LEE LAWSON (admitted *pro hac vice*) |
| 10 | ERIC A. SHUMSKY #206124 |
|    | 1501 K Street, N.W. |
| 11 | Washington, D.C.  20005 |
|    | Telephone:  (202) 736-8010 |
| 12 | Facsimile:  (202) 736-8711 |
| 13 | Attorneys for the AT&T Defendants |

14               UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 17 | | MDL Dkt. No. 06-1791-VRW |
| 18 | In re: | **STIPULATION AND [PROPOSED]** |
| 19 | NATIONAL SECURITY AGENCY | **ORDER STAYING ALL CASES** |
|    | TELECOMMUNICATIONS RECORDS | **(EXCEPT *HEPTING*) AGAINST AT&T** |
| 20 | LITIGATION | **DEFENDANTS** |
| 21 | | |
| 22 | This Document Relates To: | [Civil L.R. 6-2, 7-1(5), 7-12] |
| 23 | 06-0672  06-5269  06-6222  06-6924 | Courtroom: 6, 17th Floor |
|    | 06-3467  06-5340  06-6224  06-7934 | Judge:     Hon. Vaughn R. Walker |
| 24 | 06-3596  06-5343  06-6294  07-1243 | |
|    | 06-5065  06-5452  06-6385 | |
| 25 | 06-5067  06-5485  06-6387 | |
|    | 06-5268  06-5576  06-6570 | |
| 26 | *Mayer v. Verizon Communications, Inc., et al.*, | |
| 27 | No. 06-3650 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned) | |
| 28 | 700648072v4 | Stipulation and [Proposed] Order |
|    | | Staying Cases Against |
|    | | AT&T Defendants |
|    | | MDL No. 06-1791-VRW |

**RECITALS**

A. On November 8, 2006, the United States filed a motion to stay all proceedings in this MDL pending the resolution of the appeal of this Court's July 20, 2006 order in *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D. Cal. 2006) ("*Hepting* Order"). Dkt. 67. On December 22, 2006, Defendant AT&T Corp. filed a joinder in the United States' motion to stay. Dkt. 100. On January 17, 2007, Plaintiffs filed their opposition to the motion to stay. Dkt. 128.

B. Oral argument on the motion to stay was held on February 9, 2007. Dkt. 161. On February 20, 2007, this Court entered an order granting in part, and denying in part, the motion to stay ("Stay Order"). Dkt. 172.

C. The Stay Order provides: "With respect to *Hepting v. AT&T*, 06-672, the court imposes a limited stay. If plaintiffs propound a limited and targeted set of interrogatories . . . , the court will entertain plaintiffs' motion to lift the stay for the purpose of requiring a response. Any such motion shall describe why the discovery will not moot the issues on interlocutory appeal to the Ninth Circuit. After consideration of such motion, the court will determine whether to call for opposition to be filed by defendants." Dkt. 172 at 1.

D. The Stay Order further provides: "With respect to all other cases in MDL 1791, the court will enter an order staying proceedings pending resolution of the interlocutory appeal in *Hepting if* the parties stipulate to a stay." Dkt. 172 at 2.

E. In furtherance of judicial economy, Plaintiffs, the AT&T Defendants[1] and the United States agree to stay all cases, except for *Hepting*, against the AT&T Defendants.

**STIPULATION**

Plaintiffs, the AT&T Defendants and the United States hereby stipulate as follows:

---

[1] "AT&T Defendants" refers to all of the AT&T defendants in this MDL, as defined in footnote 3 of the previously filed Joint Case Management Statement. Dkt. 61 at 2.

700648072v4     - 2 -     Stipulation and [Proposed] Order
Staying Cases Against
AT&T Defendants
MDL No. 06-1791-VRW

1       1.      All cases pending against the AT&T Defendants, except for *Hepting v.
2  AT&T Corp.*, No. 06-0672, shall be stayed against the AT&T Defendants until 30 days after
3  entry of the Ninth Circuit's judgment in *Hepting* (Ninth Cir. App. Case Nos. 06-80109 &
4  06-80110 ("*Hepting* Appeals")).  Plaintiffs shall promptly notify the AT&T Defendants and
5  the United States whether they intend to file a consolidated complaint against the AT&T
6  Defendants or will stand on the existing individual complaints against them.  If the
7  Plaintiffs elect to file a consolidated complaint, the AT&T Defendants shall have 30 days
8  after it is filed to respond to it.  If the Plaintiffs elect to stand on the existing individual
9  complaints, then the AT&T Defendants shall have 45 days after the Plaintiffs notify them
10 of that decision to respond to the complaints.  This stay may be modified by the Court on
11 good cause shown by any party to the actions affected.
12      2.      This stay shall encompass any proceedings against AT&T Defendants
13 (except *Hepting*) in any cases currently pending in this MDL, No. 06-1791-VRW.  The
14 following cases that include AT&T Defendants have been transferred to this Court:
15 *Hepting,* 06-0672; *Roe*, 06-3467; *Campbell*, 06-3596; *Mahoney,* 06-5065; *Souder*, 06-5067;
16 *Trevino*, 06-5268; *Dolberg*, 06-5269; *Terkel*, 06-5340; *Herron*, 06-5343; *Harrington*, 06-
17 5452; *Joll*, 06-5485; *Conner*, 06-5576; *Cross*, 06-6222; *Cross*, 06-6224; *Waxman*, 06-6294;
18 *Fortnash*, 06-6385; *Dubois*, 06-6387; *Chulsky*, 06-6570; *Hardy*, 06-6924; *Mink*, 06-7934;
19 *Roche*, 07-1243; and *Mayer v. Verizon Communications, Inc., et al.*, No. 06-3650
20 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned).  This stay does not affect any claims in
21 any of the above-referenced cases against non-AT&T Defendants, nor any cases in which
22 the United States is a plaintiff, nor *Clayton v. AT&T Communications of the Southwest,*
23 *Inc.*, 07-1187.
24      3.      In the event Plaintiffs are allowed discovery in *Hepting* through the
25 mechanism set forth in the Stay Order, Plaintiffs may direct such discovery toward any of
26 the AT&T Defendants, regardless of whether they have been named as defendants in
27 *Hepting*, and such AT&T Defendants shall respond and/or object to such discovery to the
28

1  extent required by law and further order of this Court, and such responses shall be deemed
2  applicable and useable in any of the cases against such AT&T Defendant.
3      4.    By entering into this Stipulation, the AT&T Defendants and the United
4  States do not waive any procedural or substantive defenses, rights or objections with respect
5  to the discovery that plaintiffs may seek in *Hepting*, or with respect to any non-*Hepting*
6  case against an AT&T defendant, including, but not limited to, the right to challenge
7  personal jurisdiction over any particular AT&T defendant and the right to appeal any order
8  of this Court granting any discovery to Plaintiffs.  AT&T Defendants do, however, waive
9  any objection to such discovery on the basis that any particular defendant was not named as
10 a defendant in *Hepting*.

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, MARC H. AXELBAUM, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on March 8, 2007, at San Francisco, California.

                         */s/ Marc H. Axelbaum*
                         Marc H. Axelbaum

Dated: March 8, 2007.

```
                        PETER D. KEISLER
                        Assistant Attorney General, Civil Division
                        CARL J. NICHOLS
                        Deputy Assistant Attorney General
                        DOUGLAS N. LETTER
                        Terrorism Litigation Counsel
                        JOSEPH H. HUNT
                        Director, Federal Programs Branch
                        ANTHONY J. COPPOLINO
                        Special Litigation Counsel
                        ANDREW H. TANNENBAUM
                        Trial Attorney
                        U.S. Department of Justice
                        Civil Division, Federal Programs Branch
                        20 Massachusetts Avenue, N.W.
                        Room 6102
                        Washington, DC 20001
                        Telephone: (202) 514-4782
                        Fax: (202) 616-8460
                        Email: tony.coppolino@usdoj.gov

                        By    /s/ Anthony J. Coppolino per G.O. 45
                               Anthony J. Coppolino
                        Attorneys for United States of America, National
                        Security Agency, President George W. Bush


                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                        BRUCE A. ERICSON
                        DAVID L. ANDERSON
                        JACOB R. SORENSEN
                        MARC H. AXELBAUM
                        DANIEL J. RICHERT
                        50 Fremont Street
                        Post Office Box 7880
                        San Francisco, CA 94120-7880
```

SIDLEY AUSTIN LLP
DAVID W. CARPENTER
DAVID L. LAWSON
BRADFORD A. BERENSON
EDWARD R. McNICHOLAS
1501 K Street, N.W.
Washington, D.C. 20005

By  /s/ Marc H. Axelbaum
        Marc H. Axelbaum

Attorneys for the AT&T Defendants

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
CORYNNE MCSHERRY (221504)
JAMES S. TYRE (083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Fax: (415) 436-9993

By  /s/ Cindy Cohn per G.O. 45
        Cindy Cohn

Attorneys for AT&T Class Plaintiffs and Co-Chair of Plaintiffs' Executive Committee

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
ANN BRICK (65296)
MARK SCHLOSBERG (209144)
NICOLE A. OZER (228643)
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Fax: (415) 255-8437

By  /s/ Ann Brick per G.O. 45
        Ann Brick

Attorneys for Plaintiffs in *Campbell v. AT&T Communications of California, et al.*, No. 06-3596

1 **[~~PROPOSED~~] ORDER**

2   Pursuant to the foregoing Stipulation, and good cause appearing, the Court orders
3 the following:

4   1.   All cases pending against the AT&T Defendants, except for *Hepting v.*
5 *AT&T Corp.*, No. 06-0672, shall be stayed against the AT&T Defendants until 30 days after
6 entry of the Ninth Circuit's judgment in *Hepting* (Ninth Cir. App. Case Nos. 06-80109 &
7 06-80110 ("*Hepting* Appeals")).  Plaintiffs shall promptly notify the AT&T Defendants and
8 the United States whether they intend to file a consolidated complaint against the AT&T
9 Defendants or will stand on the existing individual complaints against them.  If the
10 Plaintiffs elect to file a consolidated complaint, the AT&T Defendants shall have 30 days
11 after it is filed to respond to it.  If the Plaintiffs elect to stand on the existing individual
12 complaints, then the AT&T Defendants shall have 45 days after the Plaintiffs notify them
13 of that decision to respond to the complaints.  This stay may be modified by the Court on
14 good cause shown by any party to the actions affected.

15   2.   This stay shall encompass any proceedings against AT&T Defendants
16 (except *Hepting*) in any cases currently pending in this MDL, No. 06-1791-VRW.  The
17 following cases that include AT&T Defendants have been transferred to this Court:
18 *Hepting,* 06-0672; *Roe*, 06-3467; *Campbell*, 06-3596; *Mahoney,* 06-5065; *Souder*, 06-5067;
19 *Trevino*, 06-5268; *Dolberg*, 06-5269; *Terkel*, 06-5340; *Herron*, 06-5343; *Harrington*, 06-
20 5452; *Joll*, 06-5485; *Conner*, 06-5576; *Cross*, 06-6222; *Cross*, 06-6224; *Waxman*, 06-6294;
21 *Fortnash*, 06-6385; *Dubois*, 06-6387; *Chulsky*, 06-6570; *Hardy*, 06-6924; *Mink*, 06-7934;
22 *Roche*, 07-1243; and *Mayer v. Verizon Communications, Inc., et al.*, No. 06-3650
23 (S.D.N.Y.) (N.D. Cal. case no. not yet assigned).  This stay does not affect any claims in
24 any of the above-referenced cases against non-AT&T Defendants, nor any cases in which
25 the United States is a plaintiff, nor *Clayton v. AT&T Communications of the Southwest,*
26 *Inc.*, 07-1187.

27
28

1       3.     In the event Plaintiffs are allowed discovery in *Hepting* through the

2 mechanism set forth in the Stay Order, Plaintiffs may direct such discovery toward any of

3 the AT&T Defendants, regardless of whether they have been named as defendants in

4 *Hepting*, and such AT&T Defendants shall respond and/or object to such discovery to the

5 extent required by law and further order of this Court, and such responses shall be deemed

6 applicable and useable in any of the cases against such AT&T Defendant.

7       4.     By entering into this Stipulation, the AT&T Defendants and the United

8 States have not waived any procedural or substantive defenses, rights or objections with

9 respect to the discovery that plaintiffs may seek in *Hepting*, or with respect to any non-

10 *Hepting* case against an AT&T defendant, including, but not limited to, the right to

11 challenge personal jurisdiction over any particular AT&T defendant and the right to appeal

12 any order of this Court granting any discovery to Plaintiffs. The AT&T Defendants have,

13 however, waived any objection to such discovery on the basis that any particular defendant

14 was not named as a defendant in *Hepting*.

15       **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

16       Dated: March 14, 2007.

                                            Hon. Vaughn R. Walker
                                            United States District Chief Judge