ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for AT&T Class Plaintiffs and Co-Chair of Plaintiffs' Executive Committee

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL Docket No 06-CV-01791 VRW<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION OF THE UNITED STATES TO CHANGE TIME (CIV. L.R. 6-3) AND FOR SCHEDULING ORDER**<br><br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |



Dockets.Justia.com

## I. Introduction

Plaintiffs agree that these MDL cases merit an overarching scheduling plan that will ensure that the Court and the parties can address the large number of complex cases and issues that have been transferred to this Court in a reasonable and timely manner. To that end, plaintiffs have suggested a course that stays several cases, staggers the Carrier motions to dismiss and the government's anticipated state secrets motions, and allows a reasonably quick decision on the cases that had fully briefed motions prior to transfer.

Defendants and the government have rejected this plan, and now seek to have the Court adopt a schedule for the carrier motions that would burden the Court with an unnecessary motion to dismiss as to the Verizon defendants and that unnecessarily further delay the MCI case.

The Government's motion regarding scheduling the carrier cases should be denied and plaintiffs' proposed schedule should be adopted. That schedule is:

**Plaintiffs' proposed schedule for carrier case motions**

| DATE | CASE | EVENT |
|---|---|---|
| March 29 (per February 20 Court Order) | MCI class | Motions to dismiss due (both Govt and MCI) |
| April 26 | MCI class | Opposition to motions to dismiss |
| May 18 | MCI class | Reply on motions to dismiss |
| June 8 | MCI class | Hearing on motions to dismiss |

Notes

1. Verizon and BellSouth motions to dismiss for all types of pending cases will be scheduled after a decision on MCI. BellSouth has a pending stipulation that provides for responsive pleadings due 28 days after decision on MCI and/or Verizon Motion to Dismiss or May 29, 2007, whichever is later. (Dckt 192).

2. The scheduling for *Shubert v. Bush* is subject to a pending separate stipulation (Dckt 193).

3. The scheduling for *Center for Constitutional Rights v. Bush ("CCR")* is now being handled separately by counsel for those plaintiffs and the government.

4. The scheduling for the State Officials' motions is addressed in a separate Administrative Motion (Dckt 189)

5. Dates for defendants' responses to *Hepting* discovery brief, and the discovery itself, to be determined if the Court allows per Order of February 20, 2007 (Dckt# 347).

## II. Statement of Facts[1]

On November 17, 2006, this Court ordered defendants and the government to show cause why its rulings in *Hepting v. AT&T Corp.,* 439 F.Supp.2d 974 (N.D. Cal. 2006), should not be applied to the additional carriers who have been sued in cases transferred to this court under the MDL process. Neither the carrier defendants nor the government complied with this request. Instead, the government claimed that it could not respond because it had not yet asserted the state secrets privilege in those other cases – a decision that it of course controlled. The carriers argued largely that the *Hepting* decision provides no basis for collateral estoppel against the other carriers, an answer to a question that neither the Court nor the plaintiffs had asked. As a result of this strategy, the February 9, 2007 hearing did *not* result in a substantive hearing on the question posed by the Court, but rather a debate over whether such a hearing should in fact take place, effectively stalling these cases for another three months between November and February.

On February 20, 2007, the Court issued an Order (Dckt # 317) requiring, among other things, that the carrier defendants and the government respond to any non-stayed complaints in this MDL by March 29, 2007, over five weeks later. A week after the February 20 Order, on February 27, 2007, the counsel for the Government, including Anthony Coppolino, contacted Ms. Cohn (as Co-Lead Counsel for the class plaintiffs) and stated that they were interested in coordinating the various cases that have been assigned to the Court through the MDL process and in setting an overall schedule that would be "manageable" by the parties and the Court. Cohn Decl ¶3. Ms. Cohn agreed to undertake to coordinate a manageable schedule on behalf of the plaintiffs in the various cases, including:

1. The remaining carrier cases that were not yet stayed, including Verizon, MCI, the non-*Hepting* AT&T cases, and BellSouth.

2. The cases based on state law only that had sought remand.[2]

---

[1] Just as the government did, this statement of facts does not attempt to recount exhaustively the negotiations that were undertaken before this Administrative Motion was filed, but rather to recount the salient points from plaintiffs' perspective.

[2] The state-law-only cases are *Riordan v. Verizon Communications, Inc., Campbell v. AT&T Communications of California, Roche v. AT&T Corp., Chulsky v. Cellco Partnership d/b/a/*

3. The *Center for Constitutional Rights v. Bush* case ("*CCR*") recently transferred from the Southern District of New York that has fully briefed motions pending, and

4. The *Shubert v. Bush* case, another recently transferred case from the Eastern District of New York that was brought against just the government but that is a class action.[3] Cohn Decl. ¶4.

Shortly thereafter, the government submitted a proposed schedule that would have required all of the remaining carrier motions and any corresponding state secrets motions to be briefed and decided simultaneously, provided a delay until May 4 for the government's anticipated state secrets motions and until May 18 for the carrier motions, and stretched the briefing schedule out until a September, 2007 hearing. Cohn Decl. ¶5

After several discussions with the various parties and the defendants and government, plaintiffs proposed an omnibus alternative approach to the government and defendants that did the following:

1. Stayed the non-*Hepting* AT&T cases, including the state claims only cases until after a decision on the *Hepting* appeal as long as the non-AT&T defendants in the non-*Hepting* AT^T cases agreed to respond to discovery issued to them in the context of *Hepting*.

2. Folded the state law cases into the schedule for the federal cases with the exception of *Bready*, a state law claims case from Maryland that has an administrative motion currently pending before this Court seeking hearing on its remand motion.

3. Reduced the burden on the parties and the Court by granting an extension to the Verizon and BellSouth defendants until some time period after the Motion to Dismiss by MCI was decided.

4. Largely adopted the scheduling for *CCR* and *Shubert* that the government had proposed.

---

*Verizon Wireless, Bready v. Verizon Maryland,* and *Mink v. AT&T Communications of the Southwest, Inc.* All of them except *Bready* have agreed to be folded into the scheduling for the federal claims cases against the relevant defendants. Thus, *Chulsky, Campbell, Roche* and *Mink* have offered to stay their cases, along with the class actions that have been stayed (Verizon for *Chulsky*, non-*Hepting* AT&T cases for *Campbell, Roche and Mink*). *Riordan* counsel offered to allow any motion to dismiss in its case, which is not a class action and is based on different state laws than those raised in the class action complaint, to be heard on the same schedule as the Verizon motion to dismiss.

[3] The Government represented that they would be negotiating separately with counsel for the State Officials cases, and rejected plaintiffs' suggestion that those discussions be folded in.

Cohn Decl. ¶6.

BellSouth defendants agreed to plaintiffs' proposal and entered into a stipulation so providing (Dckt #192). The government responded by rejecting plaintiffs' schedule, rejecting plaintiffs' offer to defer motions as to the Verizon defendants other than MCI, and proposing that the government's state secrets motion as to both would be due in late April with the carrier motion due approximately two weeks thereafter. Cohn Decl. ¶7. Plaintiffs rejected this and again provided an alternate proposal. Cohn Decl ¶8 and Exh B. This Administrative Motion followed.

## III. Argument

### A. MCI's Motion to Dismiss Can and Should Be Heard Separately From Verizon's Motion to Dismiss.

As this Court is well aware, MCI was an independent long distance telephone company between late 2001 and 2006, during which time, at least, plaintiffs allege MCI was illegally violating their customers' privacy. On January 6, 2006, Verizon, which is not primarily a long distance carrier, purchased MCI. MCI remains a separate, wholly owned subsidiary. Verizon will undoubtedly argue that MCI has separate corporate leadership, corporate books and records and financial accounts. MCI also has separate customers from Verizon, evidenced by the fact that the plaintiffs in the claims against the two entities are separate and that the two companies largely provided different services. Plaintiffs anticipate that Verizon will dispute any claim that it has liability for the acts of MCI pre-merger, and that it will also dispute claims plaintiffs make in support of secondary or primary liability for post-merger acts taken by MCI. Most importantly, the factual support for the claims against the companies are not the same – with some news stories mentioning one company, others mentioning the other, no statement from MCI itself and a carefully worded statement from Verizon about the issue. These differences are not surprising given the relatively recent acquisition of MCI by Verizon and the distinct nature of their businesses and customers.

Based on these differences, and the fact that they indicated that the cases should have separate plaintiffs' class counsel to look out for the interests of the separate classes, plaintiffs originally suggested that the case against MCI have a separate complaint from the case against

Verizon. At the November CMC, however, the Court ordered a single complaint in response to a last minute suggestion by Verizon's counsel. Cohn Decl., Exh C. But this did not mean that the claims against the two companies must now move forward in lockstep on all issues. Cognizant of the need for this Court and the parties to have a manageable schedule for consideration of the many categories of cases now before it, plaintiffs offered to stay the claims against Verizon and to pursue the claims against MCI first. Yet Verizon and the Government have refused this offer.

Plaintiffs now ask the Court to order that the claims against Verizon be stayed until after its decision on the government and carrier motions to dismiss as to MCI.[4] This plan is the most manageable for the parties and the Court – it will allow the parties to focus on the distinct facts concerning one carrier, and leave sufficient space in the overall schedule for consideration by the Court of the remaining cases and issues that have also been waiting for adjudication for some time, including the *Al-Haramain, CCR, Shubert* and the State Officials cases.

**A. <u>The Government's Motion for Additional Time Should be Denied.</u>**

The February 20 Order gave the carrier defendants over five weeks to prepare their motions to dismiss, until March 29, 2007. That Order came after several months of briefing, and after at least two court hearings, in which the Court indicated that it was not inclined to put this case into the "deep freeze" pending the *Hepting* appeal. Given this, the government could have anticipated that the Court might require the cases to move forward pending the appeal, and could have begun the internal processes necessary for it to invoke the state secrets privilege if it desired to do so.[5] While plaintiffs have not seen the government's *in camera* submission in *Hepting,* the Court has, and apparently believed that an additional five weeks was sufficient to invoke the privilege as to all of the nonstayed carriers. Plaintiffs' proposal reduces this burden significantly, by only seeking to move the case ahead as to one additional carrier, MCI. The five weeks that the Court granted for

---

[4] As stated in the Master Consolidated Complaint against MCI Defendants and Verizon Defendants (Dckt. # **125)** ¶¶ 7-12, the MCI Defendants are MCI Communications Services, Inc. and MCI, LLC.

[5] Plaintiffs note that in the State Officials case in Maine, the government was able to raise its state secrets arguments in the context of a temporary restraining order on very shortened time.

this purpose should be sufficient for this purpose.

Unless and until the government actually invokes the state secrets privilege, the privilege simply is not part of any case, and provides no reason to delay the pending deadlines set for the carriers to provide a responsive pleading. Indeed, the February 20 Order does not impose any deadline *on the government* requiring only that the "defendants shall answer or otherwise respond to the complaint" by March 29. The plaintiffs recognize that the government may very well assert the privilege, but respectfully submit it would be an unwarranted expansion of the state secrets privilege to delay the carrier's response time in light of an *anticipated* invocation of the privilege.

Moreover, even if the state secret privilege had been invoked, it is a common law evidentiary privilege that does not require a change in procedural law. "[I]nvocation of the privilege results in no alteration of pertinent substantive or procedural rules…," *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983). Here, the government has not even invoked the privilege yet, so its efforts to alter the normal procedures of the case in order to do so are especially unreasonable.

### B. <u>MCI's Motion to Dismiss Should be Filed Concurrently with the Government's.</u>

This Court may recall that in *Hepting,* AT&T filed its motion to dismiss on April 28, 2006, two week before the Government filed its state secrets privilege motion on May 12, 2006. Plaintiffs believe that schedule was reasonable, since the state secrets privilege resides with the government alone. The Government now seeks a schedule that provides that MCI need not file its motion to dismiss until 10 days *after* the government's motion. MCI does not seek this extra time for itself. The government provides no basis for this staggered schedule, which results in less than 4 weeks for a response from the MCI case plaintiffs.

## III. Conclusion

Based upon the foregoing, the Court should deny the Government's Administrative Motion and adopt plaintiffs proposed schedule

DATED: March 15, 2007

ELECTRONIC FRONTIER FOUNDATION

By /s/

Cindy A. Cohn, Esq. (SBN 145997)
Lee Tien, Esq. (SBN 148216)
Kurt Opsahl, Esq. (SBN 191303)
Kevin S. Bankston, Esq. (SBN 217026)
Corynne McSherry, Esq. (SBN 221504)
James S. Tyre, Esq. (SBN 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

Additional Plaintiffs' Counsel on Executive Committee and Liaison Counsel:

ROGER BALDWIN FOUNDATION OF ACLU
HARVEY GROSSMAN
ADAM SCHWARTZ
180 North Michigan Avenue
Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760

PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
ERIC ALAN ISAACSON
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND PLAINTIFFS' LIAISON COUNSEL

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
JEFF D. FRIEDMAN
SHANA E. SCARLETT
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND PLAINTIFFS' LIAISON COUNSEL

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
ELIZABETH J. CABRASER
BARRY R. HIMMELSTEIN
MICHAEL W. SOBOL
ERIC B. FASTIFF
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS

MOTLEY RICE LLC
RONALD MOTLEY
DONALD MIGLIORI
JODI WESTBROOK FLOWERS
JUSTIN KAPLAN
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9163
Facsimile: (843) 216-9680

PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS AND MISCELLANEOUS SUBSCRIBER CLASSES

GEORGE & BROTHERS, L.L.P.
R. JAMES GEORGE, JR.
DOUGLAS BROTHERS
1100 Norwood Tower
114 W. 7th Street
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094

PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS

THE MASON LAW FIRM, PC
GARY E. MASON
NICHOLAS A. MIGLIACCIO
1225 19th St., NW, Ste. 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS

MAYER LAW GROUP
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, New Jersey 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

BRUCE I AFRAN, ESQ.
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

KRISLOV & ASSOCIATES, LTD.
CLINTON A. KRISLOV
W. JOEL VANDER VLIET
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
VAL PATRICK EXNICIOS
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

ANN BRICK (65296)
MARK SCHLOSBERG (209144)
NICOLE A. OZER (228643)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Fax: (415) 255-8437

PLAINTIFFS' COUNSEL IN *CAMPBELL v. AT&T COMMUNICATIONS OF CALIFORNIA, ET AL.*, NO. 06-3596 and *RIORDAN v. VERIZON COMMUNICATIONS, INC.* NO. 06-03574

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.
STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

By /s/

Cindy A. Cohn, Esq. (SBN.145997)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333 x108
Facsimile: (415) 436-9993
cindy@eff.org