WILMER CUTLER PICKERING HALE
AND DORR LLP
John A. Rogovin (*pro hac vice*)
Randolph D. Moss (*pro hac vice*)
Samir C. Jain # 181572
Brian M. Boynton # 222193
Benjamin C. Mizer (*pro hac vice*)
1875 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: 202-663-6000
Fax: 202-663-6363
Email: john.rogovin@wilmerhale.com

Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL NO. 06-1791 VRW<br><br>**VERIZON'S JOINDER IN THE ADMINISTRATIVE MOTION OF THE UNITED STATES FOR A SCHEDULING ORDER** |



Dockets.Justia.com

Verizon[1/] hereby joins in the motion of the United States to set a consolidated schedule for briefing motions to dismiss the Master Consolidated Complaint against the Verizon defendants, as well as the other claims against Verizon in *Bready* (06-06313), *Chulsky* (06-6570), and *Riordan* (06-3574), including the government's request that (i) its assertion of the state-secrets privilege and motion to dismiss the cases pending against Verizon be due April 20, 2007, and (ii) Verizon's motion to dismiss be due 10 days later on April 30, 2007. The Master Consolidated Complaint raises ten separate claims and a host of novel and important legal issues, including many issues of first impression. Given the breadth of Plaintiffs' claims and the significance of this litigation, Verizon respectfully requests that the Court provide both the United States and Verizon with a modest extension of time to ensure that they are able fully to develop and present the relevant materials for the Court's consideration. Verizon strongly opposes the Plaintiffs' effort effectively to reverse the Court's earlier decision to require a single consolidated complaint against all the Verizon defendants by insisting on a schedule that calls for two separate motions to dismiss as to Verizon, one for most of the non-MCI Verizon defendants and another for the MCI defendants (as well as one non-MCI defendant). This would directly undermine the coordination and efficiency that are the essential purposes of an MDL proceeding.

## ARGUMENT

### A. Allowing Verizon Additional Time For a Motion to Dismiss Is Reasonable

As it has previously explained,[2/] Verizon is prepared, absent a stay of all proceedings against it, to go forward with a motion to dismiss the Master Consolidated Complaint. Verizon respectfully requests, however, that the Court grant the United States the time it needs to collect the necessary

[1/] "Verizon" refers to Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC. Several cases consolidated in this proceeding purport to name Verizon Wireless, LLC or MCI WorldCom Advanced Networks, LLC as defendants, but no such entities exist. Additional Verizon entities are mentioned in Plaintiffs' Master Consolidated Complaint Against MCI Defendants and Verizon Defendants (MDL Dkt. No. 125) ("Master Consolidated Complaint"), but plaintiffs have taken the position that the master complaint is solely an "administrative device" that is not "intended to change the rights of the parties" (Master Consol. Compl. ¶ 2), and have not amended the underlying complaints to add the newly named entities or served the newly named entities.

[2/] *See* Reply in Support of the United States' Motion for a Stay Pending Disposition of Interlocutory Appeal in *Hepting v. AT&T* (MDL Dkt. No. 145).

information and to prepare its state-secrets filing, and that the Court provide Verizon with a relatively modest amount of time (10 days) after the United States asserts the state-secrets privilege to file its own dispositive motion.

Staggering the time for filing the United States' state-secrets filing and Verizon's dispositive motion will promote the efficient and orderly resolution of the issues presented. Verizon will endeavor to avoid repetition in its filing and will, instead, focus on additional issues and the implications of the United States' privilege assertion. Allowing Verizon a modest amount of time to review the government's submission will conserve judicial resources because it will help minimize duplication in the briefing of this matter. The precise contours of the government's likely assertion of the privilege, moreover, will inform Verizon's arguments in its motion to dismiss, because Verizon intends to explain, *inter alia*, why the exclusion of evidence resulting from the government's invocation of the state-secrets privilege will prevent this case from being litigated and requires immediate dismissal. In this respect, Verizon's approach differs from the approach taken by AT&T in *Hepting*. AT&T filed its motion to dismiss on the same day as the United States in *Hepting* but did not address the effect of the state-secrets privilege on its ability to defend itself. Verizon also intends to address a number of other statutory and constitutional issues on the merits of Plaintiffs' claims that were not previously presented or developed in the *Hepting* case. Verizon cannot fully assess all of those arguments until it is able to review the government's submission.[3/]

The schedule proposed by the United States is also reasonable because of the complexity of the issues presented in the Master Consolidated Complaint. Plaintiffs have asserted several legal claims not raised against AT&T in *Hepting*. In addition, state law claims are pending in several cases against Verizon that have been transferred to this MDL but that are not currently included in the Master Consolidated Complaint—*Riordan, Bready,* and *Chulsky*.[4/] Verizon respectfully submits that the schedule proposed by the United States will allow Verizon adequate time to analyze and

---

[3/] It was for all these reasons that counsel for Verizon raised this scheduling issue at the end of the most recent hearing and in Verizon's response to the Court's Order to Show Cause. 2/9/07 Hr'g Tr. at 78-79); Verizon's Response To Order To Show Cause (MDL Dkt. No. 151) at 3, 5.

[4/] *Riordan v. Verizon Commc'n. Inc.*, CV-06-3574 (N.D. Cal.); *Bready v. Verizon Maryland,* 06-CV-2185 (D. Md.); *Chulsky v. Cellco Partnership,* CV-06-2530 (D. N.J.).

brief all of the legal issues presented in this matter, including the many state law claims that have been presented. It would also allow Verizon the needed time to coordinate with the United States and the other defendants. Finally, adopting the United States' proposal in place of an accelerated timeline that requires motions to dismiss to be filed by the end of March will not prejudice Plaintiffs. An accelerated schedule is unnecessary given the pending interlocutory appeal in *Hepting*: Only a limited number of issues can proceed before the Ninth Circuit renders a decision in that case, and the United States' proposed schedule would allow ample time for the Court to dispose of those issues.

**B. The Court Should Reject Plaintiffs' Proposal To Split the Briefing of a Motion to Dismiss the Master Consolidated Complaint Against Verizon**

Last November, in the Joint Case Management Statement (MDL Dkt. No. 61-1), Plaintiffs proposed that separate law firms serve as Interim Class Counsel for the so-called "MCI Defendants" (Lieff, Cabraser, Heinman & Bernstein LLC) and for the so-called "Verizon Defendants" (Motley Rice LLC). (Joint Statement, Exh. C.) As part of their suggested structure, Plaintiffs proposed filing separate complaints for the MCI Defendants and the Verizon Defendants. (Joint Statement at 27.) The Government and the Carriers argued that there should be one consolidated complaint for all carriers.

At the hearing held in this matter on November 17, 2006, Plaintiffs vigorously argued their position that the Verizon defendants should be split between MCI and non-MCI Verizon defendants. (11/17/06 Tr. at 79-81.) Counsel for Verizon explained that it would be inefficient to proceed having two separate complaints. (*Id*. at 80:19.) Indeed, such a split would be incoherent: One of the named Verizon defendants is Verizon Communications Inc. ("VCI"), and the MCI defendants are all direct or indirect subsidiaries of VCI. As a result, it is unclear how Plaintiffs' proposed structure would have even worked. The Court rejected Plaintiffs' position and ruled that "a complaint against all the Verizon defendants would be appropriate." (*Id*. at 81:23-24.) On January 16, 2007, Plaintiffs filed a 48-page unified Master Consolidated Complaint Against MCI Defendants And Verizon Defendants. (MDL Dkt. No. 125.)

Although there is a single unified complaint against Verizon, there is no unified position

among the Verizon Plaintiffs. Counsel for the non-MCI Verizon Plaintiffs in the Master Consolidated Complaint have indicated that they prefer a stay, while counsel for the MCI Plaintiffs have said they would not agree to a stay.[5] Counsel for the non-MCI Plaintiffs initially indicated that they were willing to agree to the schedule proposed by the Government but have now said that it is their position that any motion to dismiss by the Verizon defendants should be filed *after* resolution of a motion to dismiss against the claims of the MCI Plaintiffs. Counsel for the MCI Plaintiffs, on the other hand, will not agree to an adjustment to the March 29 deadline. Meanwhile, the other Verizon cases—*Bready*, *Chulsky*, and *Riordan*—remain unaccounted for in the Master Consolidated Complaint. Counsel for the *Riordan* Plaintiffs have taken the position that their case should *not* be part of the Master Consolidated Complaint because it is not a class action, while counsel in *Bready*—a suit filed against a non-MCI Verizon defendant—have taken the position that any motion to dismiss that case should be filed on March 29, thus mixing the *Bready* non-MCI Verizon action with the MCI cases rather than the other non-MCI Verizon cases.

Plaintiffs' proposed schedule for Verizon essentially effectuates their preference for two separate complaints—one for MCI and one for the other Verizon entities—by forcing Verizon to file separate motions to dismiss: one against the claims that relate to MCI in the Master Consolidated Complaint and the Verizon-related state law claims in *Bready*, and then another against all the other Verizon defendants at some later, unspecified time. But this Court has already considered, and rejected, Plaintiffs' contention that proceedings against MCI and non-MCI Verizon defendants should advance on different tracks. Moreover, proceeding in the manner that Plaintiffs propose would invite unnecessary inefficiency, delay, and duplication of efforts. Verizon intends in its motion to dismiss—which will necessarily be based on questions of law, not fact—to assert the same grounds for dismissal as to *all* Verizon defendants. Plaintiffs' proposal would undermine the very efficiency that the MDL is intended to serve and would undercut this Court's prior decision rejecting Plaintiffs' efforts divide the MCI and non-MCI Verizon claims into separate proceedings.

---

[5] Verizon has explained to Plaintiffs that it would, in light of the other stays in this matter involving other carriers, be willing to enter into a stay if it encompassed all claims against all the Verizon defendants.

## CONCLUSION

For the foregoing reasons, Verizon respectfully requests that the Court grant the United States' motion to enter a briefing schedule for dispositive motions as to the Verizon defendants. The United States should be required to invoke the state-secrets privilege by April 20, 2007, and Verizon should then be allowed 10 additional days to tailor its motion to dismiss in light of the government's privilege assertion and associated arguments. The Court should also reject any suggestion by Plaintiffs to split the briefing and resolution of the motion to dismiss between the MCI and non-MCI Verizon defendants.

Dated: March 15, 2007

WILMER CUTLER PICKERING HALE AND DORR LLP
John A. Rogovin
Randolph D. Moss
Samir C. Jain
Brian M. Boynton
Benjamin C. Mizer

By: /s/ John A. Rogovin

John A. Rogovin

Attorneys for Verizon Communications Inc., Verizon Global Networks Inc., Verizon Northwest Inc., Verizon Maryland Inc., MCI, LLC, MCI Communications Services, Inc., Cellco Partnership, Verizon Wireless (VAW) LLC, and Verizon Wireless Services LLC