Lycos, Inc. v. Verizon Communications, Inc. Doc. 208

WILMER CUTLER PICKERING HALE
AND DORR LLP
John A. Rogovin (*pro hac vice*)
Randolph D. Moss (*pro hac vice*)
Samir C. Jain # 181572
Brian M. Boynton # 222193
Benjamin C. Mizer (*pro hac vice*)
1875 Pennsylvania Ave, NW
Washington, DC 20006
Tel.: 202-663-6000
Fax: 202-663-6363
Email: john.rogovin@wilmerhale.com

Attorneys for Verizon Northwest Inc., Verizon Maryland Inc., MCI Communications Services, Inc., Cellco Partnership, and Verizon Wireless (VAW) LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL NO. 06-1791 VRW<br><br>**VERIZON'S ADMINISTRATIVE MOTION TO EXCEED OTHERWISE APPLICABLE PAGE LIMITS IN ITS MOTION TO DISMISS PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT**<br><br>**[Civ. L.R. 7-11]**<br><br>Filed concurrently:<br><br>1. Declaration of John A. Rogovin |



Dockets.Justia.com

Pursuant to Civil Local Rule 7-11, Verizon[1/] respectfully moves for leave to exceed otherwise applicable page limitations for its brief in support of its Motion To Dismiss Plaintiffs' Master Consolidated Complaint ("Motion To Dismiss").

The Master Complaint is sprawling in scope. It seeks many billions of dollars in statutory damages, and is comprised of 10 claims, many of which include numerous subclaims under federal statutes and the Constitution, as well as under the consumer protection and surveillance laws of all 50 states. Plaintiffs' claims are not only broad, but their subject matter—alleged surveillance to protect the nation against terrorist attacks—concerns public policy and legal issues of the highest order.

Verizon requires a minimum of 95 pages to present the reasons that the Master Complaint should be dismissed. Verizon emphasizes that its motion will address arguments not previously presented to the Court by AT&T or the government. Only a portion of its brief (approximately 15 pages) will address the state-secrets doctrine, and then only to address points that were not fully developed in the *Hepting* case. The major portion of Verizon's brief (approximately 80 pages) will set forth other grounds for dismissal, not raised in *Hepting*, which involve extremely important, complex, and novel issues of constitutional law and statutory interpretation. Absent the requested extension, Verizon would be unable to present all of these grounds completely. Verizon recognizes that this is an unusual request, but this is an extraordinary case and this request is necessary to permit Verizon the opportunity fully to present the threshold issues.

---

[1/] "Verizon" refers to Verizon Northwest Inc., Verizon Maryland Inc., MCI Communications Services, Inc., Cellco Partnership, and Verizon Wireless (VAW) LLC. Verizon Communications Inc., Verizon Global Networks Inc., MCI, LLC, and Verizon Wireless Services LLC intend to file a separate motion to dismiss for lack of personal jurisdiction and thus do not join in this motion. Several cases consolidated in this proceeding purport to name Verizon Wireless, LLC or MCI WorldCom Advanced Networks, LLC as defendants, but no such entities exist. Additional Verizon entities are mentioned in Plaintiffs' Master Consolidated Complaint Against MCI Defendants and Verizon Defendants (MDL Dkt. No. 125) ("Master Consolidated Complaint"), but Plaintiffs have taken the position that the master complaint is solely an "administrative device" that is not "intended to change the rights of the parties" (Master Consol. Compl. ¶ 2), and have not amended the underlying complaints to add the newly named entities or served the newly named entities.

Verizon sought but was unable to obtain the consent of Plaintiffs to this motion. *See* Decl. of John A. Rogovin in Support of Verizon's Administrative Motion To Exceed Otherwise Applicable Page Limitations in its Motion To Dismiss Plaintiffs' Master Consolidated Complaint ¶ 3.

## ARGUMENT

The majority of Verizon's brief will address the reasons that the Master Complaint must be dismissed for failure to state a claim. Neither AT&T nor the government briefed these issues in *Hepting*. Many of the arguments Verizon intends to raise will present significant questions of constitutional and statutory interpretation raised by this unique case that courts previously have not had occasion to address.

For example, Verizon intends to show that if the Stored Communications Act ("SCA") were construed as prohibiting Verizon from communicating truthful information to the Government for the purpose of assisting the government in protecting the country from terrorist attack, the Act would violate Verizon's rights under the free speech and petition clauses of the First Amendment. Verizon will also explain why Article II and separation-of-powers principles require that the SCA be interpreted not to restrict the disclosure of call records for foreign intelligence and national security purposes. Verizon will demonstrate why the SCA can and must be construed not to apply to the communications alleged in the Master Complaint, which do not constitute a "divulge[nce]" of records, and which would have been authorized by the existence of a serious "emergency" and the protection of the "rights or property" of the provider, among other reasons. It also intends to address (among other things) the proper sphere of state authority in national security matters, the merits of Plaintiffs' "consumer protection" claims, the scope and application of Title III, the Foreign Intelligence Surveillance Act, and sections 605 and 222 of the Communications Act.

Verizon will also argue that the Government's anticipated assertion of the state-secrets privilege requires dismissal of all claims against Verizon. Verizon is mindful of this Court's prior rulings in *Hepting*, as well as the briefing that the Court will receive from the Government. Verizon will focus its state-secrets arguments on issues that were not the principal focus of briefing in the *Hepting* case. For example, Verizon intends to explain in detail why separation-of-powers concerns

and other reasons require that the Court make a prospective judgment *now* as to whether the state-secrets privilege will prevent Plaintiffs from establishing a prima facie case and/or deprive Verizon of evidence that would be relevant to its ability to defend itself.

In light of the broad and complicated claims brought by Plaintiffs, and Verizon's intention to brief a broad range of threshold issues of this important case, Verizon requests that it be granted an extended page limit. Verizon does not make this request lightly and will endeavor to address the many substantial issues presented by this extraordinary case as succinctly as possible. We respectfully submit that the proposed number of pages is necessary for Verizon to defend itself adequately in this matter and to place a number of the central issues before the Court.

## CONCLUSION

For the foregoing reasons, Verizon respectfully asks that the Court grant Verizon leave to file a brief in support of its consolidated Motion To Dismiss not to exceed 95 pages in length.

Dated: March 19, 2007

WILMER CUTLER PICKERING HALE AND DORR LLP
John A. Rogovin
Randolph D. Moss
Samir C. Jain
Brian M. Boynton
Benjamin C. Mizer

By: /s/ John A. Rogovin
John A. Rogovin

Attorneys for Verizon Northwest Inc., Verizon Maryland Inc., MCI Communications Services, Inc., Cellco Partnership, and Verizon Wireless (VAW) LLC