Elizabeth J. Cabraser (State Bar No. 083151)
Barry R. Himmelstein (State Bar No. 157736)
Michael W. Sobol (State Bar No. 194857)
Eric B. Fastiff (State Bar No. 182260)
Allison S. Elgart (State Bar No. 241901)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Interim Class Counsel for MCI Class

Ronald L. Motley
Jodi W. Flowers
Don Migliori
Vincent Parrett (State Bar No. 237563)
MOTLEY RICE, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9027

Interim Class Counsel for Verizon Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 (VRW) |
| THIS DOCUMENT RELATES TO: | **MCI AND VERIZON CLASS PLAINTIFFS' OPPOSITION TO VERIZON'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITS** |
| All Class Actions Against MCI Defendants and Verizon Defendants | [Civ. L.R. 7-11(b)] |
| | Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |



Dockets.Justia.com

Verizon seeks leave to file a 95-page brief, nearly *four times* the 25-page limit set by Local Rule 7-4(b). Verizon states that a mere 15 pages of its brief "will address the state-secrets doctrine, and then only to address points that were not fully developed in the *Hepting* case." Motion at 1. Indeed, this is the brief that Verizon *should* have filed in response to the Court's November 22, 2006 Pretrial Order No. 1, which required "[a]ll parties to SHOW CAUSE in writing why the *Hepting* order should not apply to all cases and claims to which the government asserts the state secrets privilege."

Verizon proposes to devote approximately 80 pages of its proposed 95-page brief to the following arguments: (1) that Verizon has a First Amendment right to turn over the telecommunications records of its customers to the federal government in violation of multiple federal statutes; (2) that separation-of-powers principles render these statutes unconstitutional; and (3) that the MCI/Verizon Master Complaint does not allege a "divulgence" of records, and/or that such divulgence was authorized under statutory exceptions for an "emergency" or protecting MCI/Verizon's "rights or property." To these arguments, Verizon would append an amorphous discussion — apparently untethered to any legal argument — of "the proper sphere of state authority in national security matters, . . . the scope and application of Title III, the Foreign Intelligence Surveillance Act, and sections 605 and 222 of the Communications Act." Motion at 2.[1]

MCI/Verizon Plaintiffs respectfully submit that the above-enumerated arguments can be made within the confines of an ordinary, 25-page brief. Accordingly, MCI/Verizon Plaintiffs propose that Verizon be allowed to file a brief of not more than 40 pages (including the estimated fifteen pages devoted to "state secrets" issues). However many pages the Court allows, MCI/Verizon Plaintiffs request an equal amount for their opposition.

---

[1] To this list, Verizon adds "the merits of Plaintiffs' 'consumer protection' claims . . . ." Motion at 2. MCI/Verizon Plaintiffs have repeatedly offered to defer briefing on their purely state law claims as unnecessary at this juncture, but Verizon has repeatedly rejected this offer, which remains open.

Dated: March 21, 2007

Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

By: \s\ *Barry R. Himmelstein*
Barry R. Himmelstein
Interim Class Counsel for MCI Class

MOTLEY RICE, LLC

By: \s\ *Jodi W. Flowers*
Jodi W. Flowers
Interim Class Counsel for Verizon Class

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Jodi W. Flowers.