PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ANDREA GACKI
RENEE ORLEANS
ANDREW H. TANNENBAUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax:    (202) 616-8470
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*Al-Haramain Islamic Foundation, Inc. et al. v. Bush, et al.*, 07-109 | **MDL 06-1791 VRW; 07-109 VRW**<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING THE COURT OF APPEALS' CONSIDERATION OF DEFENDANTS' STAY MOTION**<br><br>Hon. Vaughn R. Walker |

On March 13, 2007, the Court entered an Order setting a briefing schedule and a hearing on Plaintiffs' motion for partial summary judgment in *Al-Haramain Islamic Foundation, Inc. v. Bush*, No. 07-109, thereby implicitly rejecting Defendants' motion that this case be stayed pending the Ninth Circuit's consideration of our pending current interlocutory appeal. As we argued in our stay motion (which Judge Garr M. King did not decide prior to the transfer of the case to this Court) and at the hearing before this Court on February 9, 2007,[1] we believe that the Court of Appeals' grant of our 1292(b) petition divested this Court of jurisdiction over Plaintiffs' summary judgment motion because all of the issues it raises, including the fundamental question of whether judgment can be entered for Plaintiffs, are necessarily intertwined with issues on appeal; indeed, further proceedings on that motion necessarily will repeat the precise state secrets issues now on appeal.

Through this motion, we do not seek to reargue issues that the Court has already considered. Instead, we have filed a motion with the Court of Appeals seeking a stay of *Al Haramain* pending the interlocutory appeal (attached as Exhibit 1), and therefore seek from this Court only an interim stay of the briefing schedule in *Al-Haramain* pending the Ninth Circuit's consideration of our stay motion.[2] Plaintiffs have informed us that they do not consent to the relief we seek in this motion.

## BACKGROUND

Plaintiffs in this action are the Oregon branch of the Al-Haramain Islamic Foundation (AHF) and two attorneys with alleged "business and other relationships" with AHF.[3] Plaintiffs filed this suit in the District of Oregon on February 28, 2006, alleging that a classified document inadvertently provided to them by the Department of Treasury during the designation process shows that the two attorneys and a director or directors of AHF were subject to warrantless electronic surveillance by

---

[1] *See Al-Haramain*, 07-109-VRW, Dkts. 1-85 and 1-86 (Government's Motion to Stay *Al-Haramain*); Dkt. 1-101 (Plaintiffs' Response); Dkt. 1-103 (Government's Reply). *See also* MDL 06-1791-VRW Dkt. 172, Transcript, February 9, 2007, at 49:25-70:12.

[2] Of course, if, after considering this motion, the Court is inclined to enter a full stay pending the appeal in *Al-Haramain*, we think that would be the appropriate course and would withdraw the pending motion in the Ninth Circuit.

[3] AHF has been designated by the Department of Treasury as a "Specially Designated Global Terrorist" for providing support to al Qaeda, and has been similarly designated by the United Nations Security Council.

1

the National Security Agency (NSA) in March and April of 2004. Plaintiffs claim, *inter alia,* that the alleged surveillance violated FISA and various provisions of the Constitution.

In proceedings before Judge Garr M. King in the District of Oregon, on June 21, 2006, the Director of National Intelligence (DNI) asserted the state secrets privilege over key information in the case, including any information tending to confirm or deny whether Plaintiffs have been subject to any surveillance under the Terrorist Surveillance Program (TSP) or any other government program, information contained in the classified document inadvertently provided to Plaintiffs, and classified information regarding the TSP in general. Because the privilege assertion precluded Plaintiffs from establishing their standing or proving their claims and Defendants from presenting a complete defense, Defendants moved to dismiss or, in the alternative, for summary judgment.

On September 7, 2006, Judge King denied Defendants' motion to dismiss and, *inter alia*, granted Defendants leave to renew their summary judgment motion. *See* 451 F. Supp. 2d 1215 (D. Or. 2006). The Court held that the fact of whether or not Plaintiffs were subject to surveillance, and information contained in the classified document at issue, were properly secret, because the information had not been officially confirmed or denied or declassified even in light of the inadvertent disclosure of the document. *See id.* at 1223. The Court concluded that harm to the national security *would* occur if the Government were forced to confirm or deny whether it intercepted any communications other than those allegedly referred to in the document, and thus precluded Plaintiffs from seeking any relief regarding alleged prospective surveillance, as well as any retrospective relief based on alleged surveillance not reflected in the document. *See id.* at 1224. In declining to dismiss the case, however, the Court held that no harm to the national security would occur if it were confirmed or denied that Plaintiffs were subject to surveillance as alleged, if no other information in the classified document is publicly disclosed. *Id.* The Court thus concluded that Plaintiffs should have an opportunity to establish standing and make a *prima facie* case, even if they must do so *in camera* and from their memory of the document. *Id.* at 1224, 1229. The Court noted that it may conclude after further proceedings that the case cannot be adjudicated without state secrets, and that it understood the Government's position that further proceedings would be futile, but it was "not prepared to dismiss the case without first examining all available options." *Id.* at

1227. The Court, *sua sponte*, certified its ruling for interlocutory appeal under 28 U.S.C. § 1292(b).

On September 20, 2006, Defendants filed a petition for interlocutory review of Judge King's decision (attached as Tab 5 to Exhibit 1). On October 24, 2006, at Judge King's invitation, Defendants moved for a stay of district court proceedings pending the Ninth Circuit's decision regarding whether to take the appeal and pending any appeal. *See* n.1, *supra*. On October 30, 2006, Plaintiffs filed a motion for partial summary judgment seeking judgment on the issue of liability. Plaintiffs argued that it was undisputed that they were subject to the TSP (a highly misleading assertion), that the TSP was unlawful, and that it was Defendants' burden to produce a warrant in order to avoid liability. *See* Dkt. 1-90, 07-109 VRW, at 7-9. In the alternative, Plaintiffs requested an adjudication of all purely legal issues in the case. *Id.* at 7. In other words, Plaintiffs sought a declaration that the TSP was unlawful in the abstract, without first establishing that they were actually subject to the program and had standing to challenge it.

On December 15, 2006, before Judge King ruled on Defendants' motion for a stay pending appeal, the JPML transferred the case to this Court for coordination with the other cases in MDL 06-1791. *See* Dkt. 95, 06-274-KI (clarifying that Judge King did not rule on the stay motion prior to transfer). On December 21, 2006, the Ninth Circuit granted Defendants' appeal petition, and on January 9, 2007, the Ninth Circuit decided to hold the appeal in abeyance (*i.e.*, stay the briefing schedule) pending its resolution of *Hepting v. AT&T*, Nos. 06-17132, 06-17137.

## ARGUMENT

### I. THE COURT LACKS JURISDICTION TO HEAR PLAINTIFFS' SUMMARY JUDGMENT MOTION AND SHOULD GRANT AN INTERIM STAY PENDING DEFENDANTS' EFFORTS TO SEEK A STAY FROM THE NINTH CIRCUIT.

As the Supreme Court has held, the filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In the case of an interlocutory appeal like this one, the notice of appeal is "deemed to be filed" when the court of appeals grants permission to appeal. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Thus, as soon as a court of appeals issues an order accepting an interlocutory appeal, that order "divests the district court of

3

jurisdiction over the particular issues involved in that appeal." *Id.*

Accordingly, the Ninth Circuit's decision to accept the interlocutory appeal in this case divested this Court of jurisdiction over any issues involved in the appeal. The Court has nonetheless scheduled briefing and a hearing on Plaintiffs' summary judgment motion. Defendants respectfully submit that the Court lacks jurisdiction to hear Plaintiffs' summary judgment motion, because the motion involves the same threshold issues that are currently on appeal. Indeed, the very purpose of Plaintiffs' summary judgment motion is to seek a ruling that they were subject to unlawful electronic surveillance by Defendants. But the questions of whether surveillance can even be confirmed or denied, or whether the case can proceed past the dismissal stage, are central issues on appeal. *See* Exhibit 2. Thus, at a very fundamental level, adjudication of Plaintiffs' summary judgment motion would pose a direct interference with the Ninth Circuit's current jurisdiction over the matter.

Plaintiffs' own assertions demonstrate the jurisdictional problem. For example, Plaintiffs argue in their summary judgment motion that it is "undisputed" that they were "actual victims" of the TSP and that they therefore "have standing to bring this action." Pl. MSJ at 7. This is a highly misleading statement. As Judge King expressly held, the United States has *not* officially confirmed or denied whether Plaintiffs have been surveilled and such information therefore remains secret despite what Plaintiffs think they know. *See* 451 F. Supp. 2d at 1223. Thus, far from having been conceded, Plaintiffs' ability to prove standing is very much in dispute and is a major question before the Ninth Circuit. With respect, this Court cannot simultaneously adjudicate the same question.

Plaintiffs also claim that the surveillance they were allegedly subject to constituted "*electronic surveillance.*" *Id.* at 8 (emphasis in original). This is an apparent reference to the term defined in FISA, 50 U.S.C. § 1801(f), and a significant reference because Plaintiffs would be required, *inter alia*, to prove that surveillance meeting the specific requirements of that definition occurred before they could obtain judgment on their FISA claim. But like the fact of surveillance itself, facts tending to show the method or location of alleged surveillance—including whether or not alleged surveillance met the specific requirements of § 1801(f)—are covered by the state secrets privilege assertion in this case. *See* § 1801(f) (listing four different definitions of "electronic surveillance," each of which depends on the method of communication, the location of acquisition,

4

or the location of the communicants).

There is simply no way, therefore, for Plaintiffs to prove their standing or claims in the context of summary judgment without directly implicating the state secrets issues on appeal. Nor could Defendants present any defense on standing or the merits of Plaintiffs' claims without implicating the same issues. For instance, Plaintiffs suggest that all Defendants need to do to avoid liability is produce a warrant. *See* Pl. MSJ at 8-9. But the existence of any warrant or order from the Foreign Intelligence Surveillance Court would itself be classified, and producing such an order, of course, would confirm surveillance. And if there were no warrant, Defendants would either have to confirm that surveillance did not occur or confirm that surveillance did occur and explain the reasons why a warrant was not necessary. All of these explanations would involve state secrets.

Indeed, because Defendants could not adequately respond to the merits of Plaintiffs' summary judgment motion without revealing state secrets, any response to Plaintiffs' motion that Defendants might be required to file would necessarily rely on the state secrets privilege. Thus, not only would such an exercise be pointless, but it would also involve repeating the very same state secrets issues that are currently before the Ninth Circuit.[4]

Although Defendants believe that the appeal divests this Court of jurisdiction, at the very least there is at least a question as to whether the Court can hear Plaintiffs' summary judgment motion during the appeal. Defendants therefore respectfully submit that the Ninth Circuit should be given an opportunity to consider whether proceeding with Plaintiffs' motion would interfere with its jurisdiction. Accordingly, we request that this Court enter a limited stay of briefing pending the Ninth Circuit's consideration of a stay. (Of course, Defendants would prefer that this Court enter a full stay pending appeal and request that the Court enter such a stay if it is inclined to do so.)

---

[4] Even Plaintiffs' misguided suggestion that the Court adjudicate the legality of the TSP in the abstract, without first considering Plaintiffs' standing, would run directly into the state secrets issues on appeal. As Defendants argued in their motion to dismiss, classified information about the TSP would be necessary to present a full defense of the program, and such information is covered by the privilege. In any event, Plaintiffs cannot avoid the standing inquiry. They are required to establish standing before obtaining judgment, and the Court cannot issue an advisory opinion on abstract legal questions without considering the concrete facts of this case.

5

Dated: March 26, 2007

                        Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

  *s/ Andrew H. Tannenbaum*
ANDREA GACKI
RENEE ORLEANS
ANDREW H. TANNENBAUM
Trial Attorneys
andrew.tannenbaum@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782/ (202) 514-4263
Fax:    (202) 616-8470/ (202) 616-8202

*Attorneys for Defendants*