**Jon B. Eisenberg**, California Bar No. 88278 (jon@eandhlaw.com)
**William N. Hancock**, California Bar No. 104501 (bill@eandhlaw.com)
Eisenberg & Hancock LLP
1970 Broadway, Suite 1200
Oakland, CA 94612
510.452.2581 – Fax 510.452.3277

**Steven Goldberg**, OSB 75134 (steven@stevengoldberglaw.com)
River Park Center, Suite 300
205 SE Spokane St.
Portland, OR 97202
503.445.4622 – Fax 503.238.7501

**Thomas H. Nelson**, OSB 78315 (nelson@thnelson.com)
**Zaha S. Hassan**, OSB 97062 (zahahassan@comcast.net)
Thomas H. Nelson & Associates
P.O. Box 1211, 24525 E. Welches Road
Welches, OR 97067
503.622.3123 - Fax: 503.622.1438

**J. Ashlee Albies** OSB # 05184 (ashlee@albieslaw.com)
Law Offices of J. Ashlee Albies
River Park Center, Suite 300
205 SE Spokane St.
Portland, OR 97202
503.963.3571 – Fax 503.238.7501

**Lisa R. Jaskol**, California Bar No. 138769 (ljaskol@publiccounsel.com)
601 S. Ardmore Ave.
Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*Al-Haramain Islamic Foundation, Inc. et al. v. Bush et al.,* 07-109 | MDL 06-1791 VRW; 07-109 VRW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING THE COURT OF APPEALS' CONSIDERATION OF DEFENDANTS' STAY MOTION**<br><br>Hon. Vaughn R. Walker |

PLNTFS' RESP TO DEFS' ADMIN MOTION PURSUANT TO CIVIL L.R. 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING CT OF APPEALS' CONSID OF DEFS' STAY MOT, MDL 06-1791 VRW; 07-109 VRW

Dockets.Justia.com

# INTRODUCTION

On March 13, 2007, this Court ordered the resumption of briefing and scheduled a hearing on plaintiffs' pending "Motion For Partial Summary Judgment Of Liability Or, Alternatively, For Partial Summary Adjudication Of Specific Issues Within Claims." Two weeks later, on March 27, 2007, defendants filed in the Ninth Circuit Court of Appeals a motion for stay of this Court's March 13 order, including a request for an "immediate, interim stay" of briefing on plaintiffs' summary judgment motion pending the Ninth Circuit's consideration of defendants' stay motion. At the same time, defendants filed in this Court "Defendants' Administrative Motion Pursuant To Civil Local Rule 7-11 For An Interim Stay Of Briefing Pending the Court Of Appeals' Consideration Of Defendants' Stay Motion."

This memorandum responds to defendants' administrative motion, explaining the following: (1) this Court retains jurisdiction over the issues raised in the summary judgment motion because those issues are not implicated by the pending interlocutory appeal in this case; (2) defendants need no interim stay from this Court because they have already asked the Ninth Circuit to grant an interim stay; and (3) defendants need only a nominal amount of time to respond to the summary judgment motion in the manner in which they intend to respond, and thus they require no interim relief from this Court's generous briefing schedule.

# ARGUMENT

**I. THIS COURT RETAINS JURISDICTION OVER THE ISSUES RAISED IN THE SUMMARY JUDGMENT MOTION BECAUSE THOSE ISSUES ARE NOT IMPLICATED BY THE INTERLOCUTORY APPEAL.**

Defendants correctly observe that an interlocutory appeal "divests the district court of jurisdiction over the *particular issues* involved in that appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (emphasis added); *see* Defendants' Administrative Motion For Interim Stay at 3-4. In the present case, however, the "particular issues" raised on defendants' interlocutory appeal do not implicate *any* of the issues raised in plaintiffs' summary judgment motion. Consequently, this Court retains jurisdiction to decide those issues during the pendency of the interlocutory appeal.

At the February 9, 2007 hearing to determine whether the summary judgment motion

should go forward, we did not have the benefit of knowing precisely what "particular issues" defendants are raising in the interlocutory appeal. Now we do.

In defendants' petition for interlocutory appeal, they asked the Ninth Circuit to defer action on the petition until the Ninth Circuit's decision of the interlocutory appeal in *Hepting v. AT&T*. Defendants requested such deferral because "the Court's resolution of the issues in *Hepting* may govern or, at a minimum, significantly impact the state secrets issues in this petition," and the issues presented in the *Hepting* interlocutory appeal "largely parallel the issues presented here." Motion Of United States For A Stay Pending Disposition Of Interlocutory Appeal In *Hepting v. AT&T* at 18-19.

Thus, to determine what "particular issues" are raised in defendants' interlocutory appeal here – and hence whether any of those issues implicate the issues raised in plaintiffs' summary judgment motion – we must look to the *Hepting* appeal, since the issues in both appeals are largely the same. And now that defendants have filed their opening brief in the *Hepting* appeal, on March 12, 2007, we know what "particular issues" defendants are raising there and thus in the present appeal – and hence which issues must be scrutinized to determine whether any of them implicate plaintiffs' summary judgment motion.

As demonstrated more fully in the attached Response Of Appellees To Appellants' Motion For Stay in the Ninth Circuit (hereinafter "Ninth Circuit Response") (attached as Exhibit A), *none* of the four issues defendants raise in the *Hepting* appeal – and hence in the *Al-Haramain* appeal – implicate the issues plaintiffs raise in their summary judgment motion, which means this Court retains jurisdiction to decide the summary judgment issues.

*First,* the interlocutory appeals raise the issue whether an action must be dismissed if it is premised on the existence of an alleged secret espionage relationship. Plaintiffs' action is not premised on a secret espionage relationship. *See* Ninth Circuit Response at 4.

*Second,* the interlocutory appeals raise the issue whether the state secrets privilege applies to this litigation because it requires disclosure of information that would tend to "confirm or deny" alleged secret surveillance activities. Plaintiffs' summary judgment motion requires no such disclosure, but merely requires (1) the Court's review of the

materials already filed under seal in this case, and (2) analysis of legal authorities to determine the purely legal issues whether the Foreign Intelligence Surveillance Act (FISA) is trumped by "inherent Presidential authority" or the Authorization for Use of Military Force Against Terrorists (AUMF). *See* Ninth Circuit Response at 4-5.

*Third*, the interlocutory appeals raise the issue whether the state secrets privilege applies to this litigation because it requires disclosure of information concerning the "reasons for" and the "method and means of" the so-called "Terrorist Surveillance Program" ("TSP"). These points are irrelevant to plaintiffs' summary judgment motion. Defendants' "reasons" are their *motive* for violating FISA, which is irrelevant to the ultimate issue whether they "intentionally" engaged in warrantless electronic surveillance in violation of FISA. *See* 50 U.S.C. § 1809-1810. And the determination whether the TSP violates FISA does not require disclosure of any details about the "method and means" of plaintiffs' surveillance. *See* Ninth Circuit Response at 6-9.

*Fourth*, the interlocutory appeals raise the issue whether the state secrets privilege restricts consideration of facts concerning the TSP to authoritative government statements. This issue does not implicate plaintiffs' summary judgment motion because it is based solely on such statements. *See* Ninth Circuit Response at 9.

Defendants' *Hepting* brief thus confirms what this Court has already concluded – that the interlocutory appeal does not divest this Court of jurisdiction to adjudicate plaintiffs' summary judgment motion.

## II. DEFENDANTS HAVE ALREADY ASKED THE NINTH CIRCUIT TO GRANT THE SAME "INTERIM STAY" THEY REQUEST FROM THIS COURT.

Defendants say this Court should grant an "interim stay" of briefing on plaintiffs' summary judgment motion because "the Ninth Circuit should be given an opportunity to consider whether proceedings with [sic] Plaintiffs' motion would interfere with its jurisdiction." Defendants' Administrative Motion For Interim Stay at 5. But the Ninth Circuit has *already* been given that opportunity, by virtue of the stay motion defendants filed in the Ninth Circuit at the same time they filed their administrative motion in this Court.

Indeed, defendants' Ninth Circuit motion seeks *precisely the same* "interim stay" they ask of this Court, requesting the Ninth Circuit to issue an "immediate, interim stay" of the summary judgment proceedings until the Ninth Circuit rules on the motion. *See* Appellants' Motion For Ninth Circuit Stay at 3, 20. This Court need not duplicate what the Ninth Circuit can do and has already been asked to do.

### III. DEFENDANTS NEED ONLY A NOMINAL AMOUNT OF TIME TO RESPOND TO THE SUMMARY JUDGMENT MOTION IN THE MANNER IN WHICH THEY INDICATE THEY INTEND TO RESPOND – BY SIMPLY INVOKING THE STATE SECRETS PRIVILEGE.

Finally, defendants indicate that if the Ninth Circuit denies a stay, they will refuse to respond *at all* to the summary judgment motion, other than to re-assert the state secrets privilege. *See* Defendants' Administrative Motion For Interim Stay at 5 ("any response to Plaintiffs' motion that Defendants might be required to file would necessarily rely on the state secrets privilege" and would merely "involve repeating the very same state secrets issues that are currently before the Ninth Circuit"). This seems a strange tactical decision, but if that is defendants' choice – to allow this Court to decide the standing and merits issues without responsive briefing by defendants – then it should take defendants very little time to prepare their response to the summary judgment motion. They need only repackage the same arguments they have already presented in their previous motion to dismiss this action on the basis of the state secrets privilege. Defendants do not need interim relief from this Court's generous briefing schedule in order to rewrite what they already have written.

//
//
//
//
//
//
//
//

PLNTFS' RESP TO DEFS' ADMIN MOTION PURSUANT TO CIVIL L.R. 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING CT OF APPEALS' CONSID OF DEFS' STAY MOT, MDL 06-1791 VRW; 07-109 VRW
4

## CONCLUSION

For the foregoing reasons, this Court should deny defendants' administrative motion for an interim stay of briefing on plaintiffs' summary judgment motion.

DATED this 28th day of March, 2007.

           //Jon B. Eisenberg//
JON B. EISENBERG, CALIF. BAR # 88278
LISA JASKOL, CALIF. BAR # 138769
STEVEN GOLDBERG, OSB # 75134
WILLIAM N. HANCOCK, CALIF. BAR # 104501
J. ASHLEE ALBIES, OSB # 05184
THOMAS H. NELSON, OSB # 78315
ZAHA S. HASSAN, OSB # 97062

ATTORNEYS FOR PLAINTIFFS

PLNTFS' RESP TO DEFS' ADMIN MOTION PURSUANT TO CIVIL L.R. 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING CT OF APPEALS' CONSID OF DEFS' STAY MOT, MDL 06-1791 VRW; 07-109 VRW

5

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | RE: <u>In Re National Security Agency Telecommunications Records Litigation</u><br>MDL 06-1791 VRW; 07-109 VR |

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 180 Montgomery Street, Suite 2200, San Francisco, California 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING THE COURT OF APPEALS' CONSIDERATION OF DEFENDANTS' STAY MOTION**

<u>XX</u>  ECF to all parties designated through ECF in the United States District Court, Northern District of California for this matter.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2006 at San Francisco, California.

                                                          //Mary B. Cunniff//<br>
                                                          MARY B. CUNNIFF

PLNTFS' RESP TO DEFS' ADMIN MOTION PURSUANT TO CIVIL L.R. 7-11 FOR AN INTERIM STAY OF BRIEFING PENDING CT OF APPEALS' CONSID OF DEFS' STAY MOT, MDL 06-1791 VRW; 07-109 VRW

6