| | |
|---|---|
| 1 | ANDREW M. SCHATZ |
| | SETH R. KLEIN |
| 2 | WAYNE T. BOULTON |
| | **SCHATZ NOBEL IZARD, P.C.** |
| 3 | 20 Church Street, Suite 1700 |
| | Hartford, Connecticut 06103 |
| 4 | Telephone: (860) 493-6292 |
| | Telecopier: (860) 493-6290 |

RENEE REDMAN
**AMERICAN CIVIL LIBERTIES FOUNDATION OF CONNECTICUT**
32 Grand Street
Hartford, CT 06106
Telephone: (860) 247-9823
Telecopier: (860) 728-0287

*Attorneys for the American Civil Liberties Union of Connecticut*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NATIONAL SECURITY AGENCY TELEPHONE RECORDS LITIGATION | MDL No. 06-1791 VRW |
| This Document Relates To: | **MEMORANDUM OF LAW IN REPLY TO USA'S OPPOSITION TO ACLU-CT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| USA v. Palermino, C 07-01326 VRW | |
| | Date: June 14, 2007 |
| | Time: 2:00 p.m. |
| | Courtroom: 6, 17th Floor |

Prior to the transfer of USA v. Palermino, C 07-01326 VRW, from the District of Connecticut to this Court, the parties to that action had already filed cross-motions for summary judgment and opposition briefs. However, the litigation was transferred to this Court prior to the completion of reply briefing. Pursuant to this Court's March 26, 2007 Scheduling Order (Doc #219), the American Civil Liberties Union of Connecticut ("ACTU-CT") now files this reply memorandum in response to the United States of America's ("United States") opposition to the ACLU-CT's Motion for Partial Summary Judgment.

ACLU'S SUMMARY JUDGMENT REPLY
MDL No. 06-1791 VRW
Case No. C-07-1326 VRW

1

Dockets.Justia.com

## STATEMENT OF ISSUE TO BE DECIDED

Whether to grant the ACLU-CT's motion for partial summary judgment.

## STATEMENT OF RELEVANT FACTS

As set forth in the ACLU-CT's opening memorandum (Doc. #1-55) ("ACLU-CT Open. Mem."), the ACLU-CT on May 24, 2006 filed a complaint before the Connecticut Department of Public Utility Control ("DPUC") against SBC Communications, Inc., d/b/a Southern New England Telecommunications Corp. and Woodbury Telephone Company (collectively, "AT&T") and Verizon New York and related entities (collectively, "Verizon") (the "State Action"). In the State Action, the ACLU-CT requested that the DPUC investigate allegations that AT&T and Verizon may have violated DPUC rules or regulations or state or federal laws or regulations by disclosing the Proprietary Network Information ("CPNI") of their customers, without proper legal basis or authority and in violation of their published privacy policies.

On August 10, 2006, the ACLU-CT issued interrogatories (the "Interrogatories") to AT&T (nos. 1-12) and Verizon (nos. 13-24). *See* Exs. B & C attached to the Statement of Material Facts submitted in conjunction with the ACLU-CT's Open. Mem. (Doc. #1-55). The two sets of interrogatories are substantively identical except for the identity of the recipient. Most of the Interrogatories seek information only about AT&T and Verizon's internal privacy practices and decision makers. *See* Interrogatories No. 1-4, 6-7 and 10-12 with regard to AT&T and 13-16, 18-19 and 22-24 with regard to Verizon. Only three of the twelve interrogatories served on each of AT&T or Verizon seek any information whatsoever about disclosures to third parties, including the United States. *See* Interrogatories No. 5, 8-9 with regard to AT&T and 17, 20-21 with regard to Verizon.

On September 6, 2006, the United States filed an action in the District of Connecticut seeking to bar AT&T and Verizon from responding to, and the DPUC from ordering responses

to, *any* of the Interrogatories. However, that complaint referenced only *two* of the twelve interrogatories served on each party. Consequently, on December 12, 2006, the ACLU-CT moved for summary judgment as to the Interrogatories for which there is no allegation (or support) that they implicate national security concerns (the "Internal Policy Interrogatories"). *See* ACLU-CT Open. Mem.(Doc. #1-55), pp. 4-6.

**ARGUMENT**

**I. THE UNITED STATES DOES NOT DISPUTE THAT THE INTERNAL POLICY INTERROGATORIES DO NOT IMPLICATE NATIONAL SECURITY CONCERNS**

The United States does not does not dispute that the Internal Policy Interrogatories do not touch upon any national security interests. *See* United States Combined Opposition Memorandum ("U.S. Combined Opp. Mem.") (Doc. #1-66) at 36-37. Indeed, the United States does not substantively address the ACLU-CT's arguments *at all*. Rather, in response to the ACLU-CT's motion the Untied States simply reiterates its contention that the DPUC lacks the constitutional authority to hold these proceedings in the first place. *Id.* However, as explained in detail in the DPUC's Opening Memorandum in Support of its Motion for Summary Judgment (Doc. #1-51) and its Opposition to the United States' Motion for Summary Judgment (Doc. #1-62), the DPUC is *not* preempted from investigating and regulating breaches of privacy by telecommunications companies operating within Connecticut's own borders. Accordingly, the ACLU-CT's Motion for Partial Summary Judgment should be granted.

**II. BECAUSE THE UNTIED STATES HAS DECLINED TO ASSERT THE STATE SECRETS PRIVILEGE, ALL OF THE ACLU-CT'S INTERROGATORIES SHOULD BE ANSWERED**

Although the ACLU-CT only moved for summary judgment as to the Internal Policy Interrogatories only, the United States' subsequent litigation posture demonstrates that the DPUC is entitled to enforce responses to *all* of the Interrogatories. The ACLU-CT originally moved for

summary judgment only as to the Internal Policy Interrogatories out of sensitivity to the United States' apparent invocation of the state secrets privilege in its Complaint (Doc. #1-1) and the ACLU-CT's belief that a factual dispute fairly existed as to whether or not that privilege had been properly invoked.  However, in its Combined Opposition Memorandum, the United States makes clear that it has expressly declined to invoke the state secrets privilege.  U.S. Combined Opp. Mem. at 11 ("The United States does not rely on the state secrets privilege for its cause of action . . . The United States has not and need not invoke the state secrets privilege . . ." ). Because the United States has expressly decided not to invoke the state secrets privilege, and because the DPUC is not preempted from investigating privacy violations by telecommunications companies operating within its borders, the DPUC should properly be allowed to fully investigate and enforce *all* of the ACLU-CT's Interrogatories.

Dated:  April 5, 2007

**AMERICAN CIVIL LIBERTIES
UNION OF CONNECTICUT**

\s\
Andrew M. Schatz
Seth R. Klein
Wayne T. Boulton
**SCHATZ NOBEL IZARD, P.C.**
20 Church Street, Suite 1700
Hartford, Connecticut  06103
Telephone:  (860) 493-6292
Telecopier:  (860) 493-6290

Renee Redman
**AMERICAN CIVIL LIBERTIES
FOUNDATION OF CONNECTICUT**
32 Grand Street
Hartford, CT 06106
Telephone:  (860) 247-9823
Telecopier:  (860) 728-0287

*Attorneys for the American Civil Liberties
 Union of Connecticut*

# CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

DATED this 5th day of April, 2007.

**SCHATZ NOBEL, IZARD, P.C.**

By    /s/ Wayne T. Boulton
       WAYNE T. BOULTON
       Cooperating Counsel
        for the ACLU of Connecticut
       20 Church Street
       Hartford, CT 06103
       Telephone: (860) 493-6292
       Facsimile: (415) 493-6290
       *wboulton@snlaw.net*