**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

April 13, 2007

Hon. Vaughn R. Walker
Chief Judge
United States District Court
  for the Northern District of California
450 Golden Gate Avenue, Courtroom 6
San Francisco, CA 94102

**RE:** *In re NSA Telecommunications Litigation,* **No. M:06-cv-01791-VRW**, *Docket No. 239 and Request for Administrative Order Concerning Government Ex parte, In Camera Filings*

Dear Judge Walker:

On behalf of the plaintiffs in all of the actions in this MDL proceeding, and pursuant to Local Rule 7-11(a), we write to seek a formal process to control the government's submission of *ex parte, in camera* filings. The immediate impetus for this request is Docket No. 239 filed by the government on April 9, but it also arises out of similar past filings by the government, such as. Docket No. 120, filed January 13. We are concerned that a pattern is developing in which the government presents secret filings to the Court with no indication whatsoever of their topic or context, and does so outside the confines of any briefing or other scheduled filing in the case. On April 10, I sent an email to government counsel asking for some basic context or explanation about Docket No. 239 (Exh. A). On April 11 the government responded "There is nothing more we can add to our notice at this time." (Exh B).

Plaintiffs recognize that, under some limited circumstances, it may be appropriate for this Court to consider *ex parte* and *in camera* filings. *See* 50 U.S.C. § 1806(f); *see also Hepting*, Dkt. No. 171 (Case No. 06-0672-VRW ) (order after briefing supported by unclassified redacted declarations and allowing *in camera, ex parte* filing of particular material). However, it conflicts with basic notions of due process and the First Amendment's presumption of access to judicial process to make such filings without any formal request to do so, followed by a court order permitting the filing. *See Lynn v. Regents of Univ. of Cal.*, 656 F.2d 1337, 1346 (9th Cir. 1981) (examination of *ex parte* information impinges upon "principles of due process upon which our judicial system depends to resolve disputes fairly and accurately."); *Guenther v. Comm'r of Internal Revenue*, 939 F.2d 758, 760 (9th Cir. 1991) ("Only in light of a 'compelling justification' would *ex parte* communications be tolerated."); *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (discussing the importance of open judicial processes).

454 Shotwell Street • San Francisco, CA 94110 USA
+1 415 436 9333    +1 415 436 9993    www.eff.org    information@eff.org

Moreover, it conflicts with well-established procedures in cases in which the state secrets privilege has been asserted. A similar situation existed in *Ellsberg v. Mitchell*, 709 F.2d 51, 63 (D.C. Circ. 1983). Evaluating governmental response to interrogatories, the D.C. Circuit first denied the government's assertion that the requirement of "utmost deference" to executive assertions of the state secrets privilege prevented the Court from requiring further public information from the government. It noted:

> The defendants fail to recognize that it is equally well established that courts must not abdicate "to the caprice of executive officers" their control over the evidence submitted in a case.

*Id*. at 60, n. 44. The court then required the government to publicly explain both the scope of the claimed state secret or secrets and the claimed potential harm from disclosing information provided *ex parte, in camera* to the court under the state secrets privilege, stating:

> The more specific the public explanation, the greater the ability of the opposing party to contest it. The ensuing arguments assist the judge in assessing the risk of harm posed by dissemination of the information in question. This kind of focused debate is of particular aid to the judge when fulfilling his duty to disentangle privileged from non-privileged materials – to ensure that no more is shielded than is necessary to avoid the anticipated injuries.

*Id. at 63; see id*. at 64 ("the case before us . . . considerable time and resources might have been saved by adherence to the principle that *in camera* proceedings should be preceded by as full as possible a public debate over the basis and scope of a privilege claim").

Similarly, in upholding a district-court order enforcing a grand jury subpoena to the President, the D.C. Circuit in *Nixon v. Sirica*, 487 F.2d 700, 721 (D.C. Cir. 1973) (*en banc*), observed that the proper procedure for assessing claims of executive privilege is to have the President submit, prior to any *in camera* hearing or examination, "more particular claims of privilege, . . . accompanied by an analysis in manageable segments." *Id.* "Without compromising the confidentiality of the information," the D.C. Circuit held, "the analysis should contain descriptions specific enough to identify the basis of the particular claim or claims." *Id.*

The government has followed this rule in the Ninth Circuit. In *Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998), the government publicly filed an unclassified affidavit that listed ten categories of information it said were privileged as state secrets, providing a public explanation of "why certain environmental data is sensitive to the national security." *Id.* at 1181-83 (Appendix) (setting forth government's unclassified affidavit).

Here, in contrast, the government has provided no context whatsoever for its *ex parte, in camera* submissions, much less provided the categorical information provided in *Kasza*. It has thereby deprived plaintiffs of any opportunity to ascertain what sorts of arguments

and information have been placed before the Court, much less lodge a coherent opposition to the government's filing.

For instance, it may be that Docket No. 239 concerns the reauthorization by the Foreign Intelligence Surveillance Court ("FISC") of the portions of the government's surveillance program that have been submitted to it. The government has publicly admitted that such reauthorizations would be necessary and this secret filing comes at the time that such a reauthorization would be required under the government's public admissions. Yet if that is the case then the fact of reauthorization, which was already publicly admitted by the government, is not properly a secret.

While portions of the FISC Order(s) may be properly submitted *in camera* (*see* 50 U.S.C. § 1806(f)), the mere fact of a FISC reauthorization should not be. If the government's submission concerns reauthorization of the FISC Order(s), it should be required to publicly state so. Moreover, plaintiffs are entitled to the opportunity to argue that the FISC authorizations of other portions of the government's surveillance program are irrelevant to this MDL proceeding overall, or that the Order(s) are irrelevant at least to the vast majority of the cases in the MDL which are consumer class actions focusing on wholesale surveillance of ordinary Americans, since the government has never indicated that it has submitted this portion of its surveillance activities to the FISC.

Alternatively, Docket 239 may relate only to the briefing that is currently ongoing in the "state officials" cases, or only to those cases that include claims that may be implicated by the FISC Order(s), and was merely mismarked by the government as relating to "all cases." In these instances the government should amend its filing.

Or it may be that the filing relates to something else altogether. If the government can ignore the requirement that it provide even the most basic context for its *ex parte, in camera* filings, plaintiffs are left to engage in these sorts of guessing games.[1] As *Kasza, Ellsberg,* and other cases demonstrate, this is not appropriate for federal litigation, even when the state secrets privilege has been raised.

Accordingly, Plaintiffs request an Order from this Court for Docket 239, and setting out processes for any future *ex parte, in camera* filings by the government in this MDL proceeding. Plaintiffs request that if the filing is not in response to an order of the Court authorizing the filing and not otherwise authorized by the federal or local rules, the government be required to make a public motion for leave to file the information. In its

---

[1] The problem created by the government may be as much one for the Court as for the plaintiffs. Docket 239 states that the underlying material has been lodged "with the Court Security Officer …." The Court Security Officer is an employee of the Department of Justice and, as we understand it, is located in Washington, D.C., not San Francisco. In the absence of any information from the government about the nature or relevance of the filing underlying Docket 239, the Court will have no way of knowing when, or under what circumstances, it should seek to review the underlying filing.

motion, the government should be required to demonstrate, first, good cause for the government to make a filing, public or secret, that is not otherwise authorized by the federal or local rules, and, second, good cause why the filing should be made *ex parte, in camera* rather than in the public docket. If the filing is in response to an order of the court authorizing the filing or is otherwise authorized by the federal or local rules, the government should be required to make a public motion along with any *ex parte, in camera* filing demonstrating good cause why the filing should be made *ex parte, in camera* rather than in the public docket. In either case, the public motion must include descriptions of the information specific enough to identify the basis of the particular claim or claims of privilege, including, at a minimum:

1. The privilege asserted;
2. Categories of information in the sealed material covered by the privilege, and
3. Either:
    a. An explanation of why the non-disclosed information is sensitive to the national security (or other basis for the asserted privilege), or
    b. An indication of why such an explanation would itself endanger national security (or other basis for the asserted privilege).

*See e.g. Ellsberg* at 63. While these minimal requirements do not eliminate the due process and other concerns raised by the government's *ex parte, in camera* filings, they do reduce them and are consistent with the application of the state secrets privilege in both this Circuit and others.

        Respectfully submitted,

        ELECTRONIC FRONTIER FOUNDATION


        //s//

        Cindy Cohn
        Co-chair of Plaintiffs' Executive Committee

Encl:    Attachments A and B

# EXHIBIT A

From: Cindy Cohn <cindy@eff.org>
Subject: **Dckt 239**
Date: April 10, 2007 4:38:19 PM PDT
To: "Tony ((CIV)) Coppolino" <Tony.Coppolino@usdoj.gov>, "Andrew ((CIV)) Tannenbaum" <Andrew.Tannenbaum@usdoj.gov>
Cc: "Bruce A. Ericson" <bruce.ericson@pillsburylaw.com>



Dear Andrew and Tony,

Plaintiffs note that yesterday the government filed an ex parte, in camera submission (Dckt 239) relating to "all actions." This filing gives no indication of the subject matter of the information provided to the Court, fails to provide the specific categories of the information submitted, contains no explanation of why the information provided is sensitive to the national security or why it is appropriately filed in the absence of any pending motion. See e.g. Kasza v. Browner 133 F.3d 1159, 1181-3 (9th Cir. 1998).

As you know, after motion practice in Hepting last spring, the Court permitted the government to file certain affidavits ex parte, in camera (Hepting Dckt #171). The Court did not, however, authorize ongoing ex parte, in camera filings, much less filings outside the context of a motion or other scheduled proceedings and unaccompanied by an appropriate public explanation. Such secret filings are inconsistent with due process and the caselaw involving the state secrets privilege, which provides that the government should give as much of a public explanation as possible for the information provided in camera, consistent with the needs of national security.

Perhaps this filing relates only to the briefing filed last week in the "state officials" cases rather than all cases. If so, the appropriate step would be to file an amended pleading reflecting this limitation.

Regardless of the scope of the filing, however, the government must abide by the requirements set by the settled caselaw on the state secrets privilege and provide descriptions specific enough to identify the basis of the particular claim or claims of privilege, including categories of information covered by the privilege and a public explanation of why the nondisclosed information is sensitive to the national security. Should you fail to do so by Thursday, April 12, we will seek appropriate relief from the Court.

Please feel free to contact me to discuss this further.

Cindy

# EXHIBIT B

From: "Coppolino, Tony \(CIV\)" <Tony.Coppolino@usdoj.gov>
Subject: **RE: Dckt 239**
Date: April 11, 2007 4:27:47 PM PDT
To: "Cindy Cohn" <cindy@eff.org>
Cc: "Bruce A. Ericson" <bruce.ericson@pillsburylaw.com>, "Coppolino, Tony \(CIV\)" <Tony.Coppolino@usdoj.gov>, "Tannenbaum, Andrew \(CIV\)" <Andrew.Tannenbaum@usdoj.gov>

Cindy -

There is nothing more we can add to our notice at this time

Tony Coppolino
(202) 514-4782

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Tuesday, April 10, 2007 7:38 PM
To: Coppolino, Tony (CIV); Tannenbaum, Andrew (CIV)
Cc: Bruce A. Ericson
Subject: Dckt 239

Dear Andrew and Tony

Plaintiffs note that yesterday the government filed an ex parte, in camera submission (Dckt 239) relating to "all actions." This filing gives no indication of the subject matter of the information provided to the Court, fails to provide the specific categories of the information submitted, contains no explanation of why the information provided is sensitive to the national security or why it is appropriately filed in the absence of any pending motion. See e.g.
Kasza v. Browner 133 F.3d 1159, 1181-3 (9th Cir. 1998).

As you know, after motion practice in Hepting last spring, the Court permitted the government to file certain affidavits ex parte, in camera (Hepting Dckt #171). The Court did not, however, authorize ongoing ex parte, in camera filings, much less filings outside the context of a motion or other scheduled proceedings and unaccompanied by an appropriate public explanation. Such secret filings are inconsistent with due process and the caselaw involving the state secrets privilege, which provides that the government should give as much of a public explanation as possible for the information provided in camera, consistent with the needs of national security.

Perhaps this filing relates only to the briefing filed last week in the "state officials" cases rather than all cases. If so, the appropriate step would be to file an amended pleading reflecting this limitation.

Regardless of the scope of the filing, however, the government must abide by the requirements set by the settled caselaw on the state secrets privilege and provide descriptions specific enough to identify the basis of the particular claim or claims of privilege, including categories of information covered by the privilege and a public explanation of why the nondisclosed information is sensitive to the national security. Should you fail to do so by Thursday, April 12, we will seek appropriate relief from the Court.

Please feel free to contact me to discuss this further.

Cindy

```
***************************************************************
```
Cindy Cohn             ---- Cindy@eff.org
Legal Director         ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)