PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ANDREW H. TANNENBAUM
ALEXANDER K. HAAS (SBN 220932)
Trial Attorneys
Email: tony.coppolino@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460

*Attorneys for Federal Defendants Sued in their Official Capacities and the Federal Intervenor-Defendants (United States of America, National Security Agency, President George W. Bush)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **No. M:06-cv-01791-VRW** <br><br> **NOTICE OF MOTION AND MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA** |
| This Document Relates To: <br><br> *Bready* (MDL 06-06313) | Judge: Hon. Vaughn R. Walker <br> Courtroom 6 <br> Date: June 21, 2007; 2:00 p.m. |

---

No. M:06-cv-01791-VRW — MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA

# NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that, on June 21, 2007, before the Honorable Vaughn R. Walker, United States of America will move, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for an order allowing the United States to intervene in this action for the purpose of ultimately seeking dismissal. The grounds in support of this motion are set out in the United States' memorandum below.

# MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

# INTRODUCTION

Plaintiffs, subscribers of various communications services of Verizon, allege that Verizon participated in a Government program in which Verizon allegedly provided certain telephone records to the National Security Agency ("NSA") in violation of the California Constitution and state statute. Through the present motion, the United States seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a), for the purpose of seeking dismissal of this action. The United States initially sought the stipulation of the *Bready* plaintiffs for the United States' intervention, but the *Bready* plaintiffs refused to agree to the intervention of the United States. For the reasons set forth below, the United States clearly meets all the requirements for intervention under Rule 24(a): (1) its application for intervention is timely; (2) the United States has a significantly protectable interest relating to the subject matter of this action, *i.e.,* the preservation of state secrets; (3) the United States needs to intervene because this action challenges alleged government surveillance activities; and (4) no other party in this lawsuit could adequately represent the United States' interest. Accordingly, the United States' motion to intervene should be granted.

# FACTUAL BACKGROUND

**A.     The Terrorist Surveillance Program**

The President has explained that, following the devastating events of September 11, 2001, he authorized the National Security Agency ("NSA") to intercept international communications into and out of the United States of persons linked to al Qaeda or related

terrorist organizations.[1]  The Attorney General has further explained that in order to intercept a communication, there must be "a reasonable basis to conclude that one party to the communication is a member of al Qaeda, affiliated with al Qaeda, or a member of an organization affiliated with al Qaeda."[2]  The purpose of these intercepts is to provide the United States with an early warning system to detect and prevent another catastrophic terrorist attack on the United States.  *See* President's Press Conference.  The President has stated that the NSA activities "ha[ve] been effective in disrupting the enemy, while safeguarding our civil liberties." *Id*.

B. **Allegations in Plaintiffs' Complaint**

Following certain news articles, Plaintiffs filed this action, on July 21, 2006, in the Circuit Court of Maryland alleging that Verizon participated in a United States Government program "to monitor and or intercept the telephone and or internet communications, and or records of those communications, of all [Verizon's] subscribers in order to search for terrorist activity" in alleged violation of various sections of section 10-4 of the Maryland Wiretap and Electronic Surveillance Act.  Complaint ¶¶ 13-25; 35-79.  Citing news reports, Plaintiffs claim that, on or about May 10, 2006, they learned from newspaper reports that since shortly after September 11, 2001, Verizon has been providing to the United States access to "telephone and internet communications, and the records thereof" to Verizon's Maryland telephone customers.  *Id*. ¶¶ 16, 24-25.

Plaintiff assert that the Government uses and continues to use the information allegedly obtained from Verizon "in order to search for terrorist activity through 'data mining,' a process used to analyze data for patterns or connections among disparate records." *Id*. ¶ 13.  They claim that the information allegedly provided by Verizon to the United States "with direct access to all

---

[1] *See* Press Conference of President Bush (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-2.html ("President's Press Conference").

[2] Press Briefing by Attorney General Alberto Gonzales and General Michael Hayden, Principal Deputy Director for National Intelligence (Dec. 19, 2005), *available at* http://www.whitehouse.gov/news/releases/2005/12/20051219-1.html.

or a substantial number of the telephone and internet communications, and the records [of Verizon subscribers in Maryland]." Plaintiffs further assert that Verizon has made this information available to the United States "without authorization" from subscribers or Maryland governmental entities. *Id.* ¶ 23. Plaintiffs seek an order that, *inter alia,* enjoins Verizon from "continued or future participation in the 'data mining' program." Complaint, Prayer for Relief.

C. **Procedural History**

At the time this action was filed, telecommunications carriers subject to similar suits in state and federal courts submitted to the Judicial Panel on Multidistrict Litigation ("JPML") a motion for transfer and coordination pursuant to 28 U.S.C. § 1407. That motion requested that the JPML transfer 20 virtually identical purported class actions (pending before 14 different federal district courts) to a single district court; and coordinate those actions for pretrial proceedings. Because this case was filed after that motion for transfer and coordination, it was not subject to the original motion, but was noted to the JPML as a potential tag along action on August 24, 2006, after it was removed to the U.S. District Court for the District of Maryland on August 23, 2006. The JPML ultimately granted the transfer and coordination motion, creating MDL 1791, and transferred *Bready* to this Court on October 10, 2006, *see* Dkt. 47.

On January 16, 2007, pursuant to this Court's case management order, the plaintiffs in suits against the Verizon and MCI defendants filed a Master Complaint [Dkt. 125]. In addition, there are several other cases against Verizon defendants not covered by the Master Complaint, such as *Riordan* (MDL 06-3574); *Bready* (MDL 06-06313); and *Chulsky* (MDL 06-06570). This Court entered an Order [Dkt. 217] giving the United States until April 20, 2007, to file a "motion to dismiss or, in the alternative, for summary judgment and any assertion of the state secrets privilege" in the MCI and Verizon cases. The United States intends to seek the dismissal of this and other MCI and Verizon cases through the assertion of the state secrets privilege on April 20, 2007. The United States requested the stipulation of all plaintiffs in the MCI and Verizon cases where the United States had not yet intervened, as well as the stipulation of MCI's and Verizon's counsel. The *Bready* plaintiffs would not stipulate to the intervention of the United States and oppose this motion. Counsel for Defendants do not oppose this motion.

# ARGUMENT

## THE UNITED STATES IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A potential intervenor must meet four requirements to satisfy Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). The Ninth Circuit generally construes Rule 24(a) liberally in favor of potential intervenors. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818; *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("the requirements for intervention are broadly interpreted in favor of intervention"). The United States clearly meets all the standards for intervention.[3]

First, there should be no question that the Government's motion to intervene is timely within the meaning of Rule 24. "In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). This case is only in its initial

---

[3] This Court granted the United States' motion to intervene in several similar suits, including *Hepting* (MDL 06-672); and in particular cases raising state claims only in *Riordan* (MDL 06-3574, Dkt. 64) and *Campbell* (MDL 06-3596, Dkt. 64)

stages. Plaintiffs filed their Complaint on July 21, 2006 in the Circuit Court of Maryland. Verizon filed a notice of removal on August 23, 2006, and tagged it to the JPML on August 24, 2006. It was transferred to this Court on October 10, 2006, *see* Dkt. 47. A hearing on the motion of the United States and the defendants to dismiss this and other cases against Verizon and MCI is set for June 21, 2007. The United States has thus moved to intervene during the pending motion practice and before any scheduled hearing date in this case.

Second, the United States clearly has an interest relating to the subject matter of this action. This case involves a challenge to Verizon's alleged role in alleged foreign-intelligence surveillance activities involving the NSA. The United States intends to assert the state secrets privilege in this matter, and is hereby moving to intervene for the purpose of ultimately moving to dismiss the action.[4] Because the lawsuit challenges alleged intelligence activities of the United States and because the United States intends to assert the state secrets privilege over information at issue, the government's interest satisfies requirements of Rule 24(a).

Third, for these very reasons – that the lawsuit challenges alleged activities of the United States and that the United States intends to assert the state secrets privilege – the United States intends to seek dismissal of this action. It is appropriate to permit the United States to intervene to seek such dismissal. *See Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546-48 (2nd Cir. 1991) (United States intervened and successfully sought dismissal of the action based on the assertion of the state secrets privilege)*; Fitzgerald v. Penthouse Int'l, Ltd.*, 77 F.2d 1236, 1239 (4th Cir. 1985) (court allowed intervention where United States has a national interest in proceedings); *see also Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("'if the very subject matter of the action' is a state secret, then the court should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege") (quoting *Reynolds*, 345 U.S. at 11 n. 26).

Finally, the United States' interest is not adequately represented by the parties to the

---

[4] The state secrets privilege permits the Government to protect against the unauthorized disclosure in litigation of information that may harm national security interests. *See United States v. Reynolds*, 345 U.S. 1, 7-8 (1953).

litigation.  In determining whether a potential intervenor's interests will be adequately represented by an existing party, courts consider: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822.  The intervenor's burden of showing that the existing parties may not adequately represent its interest is "minimal," and the potential intervenor "need only show that representation of its interests by existing parties 'may be' inadequate." *Id*. at 822-23 (citing *Trbobich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).  The court's focus should be on the "subject of the action." *Southwest Center for Biological Diversity*, 268 F.3d at 823 (citation omitted).

None of the parties has either the obligation or the ability to assert the state secrets privilege in this litigation.  The state secrets privilege belongs to the government alone and cannot be asserted by private citizens. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must be asserted by head of department which has control over issue).  Indeed, the parties are not aware of the breadth of the information covered by the privilege, and because information covered by the privilege is classified, they would, in any event, be unable to present the issues to the Court effectively and properly.  Moreover, the parties' interest may well be in the *disclosure* of state secrets to the extent that doing so might assist them in presenting their claims or defenses fully to vindicate their own private interests.  Thus, only the United States is in a position to protect against the disclosure of information over which it intends to assert the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why continued litigation of the matter threatens the national security.  Accordingly, the United States should be permitted to intervene for the purpose of ultimately moving to dismiss this action on state secrets grounds.

Having satisfied the requirements of Rule 24(a), the United States should be allowed to

intervene as of right.[5]

## CONCLUSION

Accordingly, the United States respectfully requests that the Court grant its motion to intervene pursuant to Fed. R. Civ. P. 24(a).

DATED: April 20, 2007          Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

   */s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

   */s/ Alexander K. Haas*
ANDREW H. TANNENBAUM
ALEXANDER K. HAAS (SBN 220932)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782 — Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

---

[5] In the alternative, Rule 24(b) allows for permissive intervention where the motion is timely, the party has an interest in the litigation, and there is no undue delay or prejudice to the parties in allowing the intervention. *See* Fed. R. Civ. P. 24(b). As the discussion above demonstrates, the government has met these standards for permissive intervention.

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MOTION TO INTERVENE BY THE UNITED STATES OF AMERICA** with the Court's CM/ECF system and was served thereby this 20th day of April 2007 on:

Joshua Graeme Whitaker
Griffin Whitaker LLP
8730 Georgia Avenue
Suite LL100
Silver Spring, MD 20910

John Rogovin
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006-3642

                                                */s/ Alexander K. Haas*
                                                 Alexander K. Haas