PETER D. KEISLER
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
RUPA BHATTACHARYYA (VA Bar 38877)
ANDREW H. TANNENBAUM
Trial Attorneys
Email: tony.coppolino@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460
*Attorneys for Federal Defendants Sued in their Official Capacities
and the Federal Intervenor-Defendants (United States of America,
National Security Agency, President George W. Bush)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | No. M:06-cv-01791-VRW <br><br> **UNITED STATES'S RESPONSE TO PLAINTIFFS' LETTER REGARDING *IN CAMERA*, *EX PARTE* FILINGS [Dkt. 246]** |
| This Document Relates To: <br><br> ALL CASES | Judge: Hon. Vaughn R. Walker |

Plaintiffs' April 13, 2007 letter seeks to impose procedural requirements that have no basis in law upon the Government when the Government seeks to fulfill its responsibilities to ensure that the Court has adequate information   including, where necessary, classified information   to decide matters before it.[1] Plaintiffs specifically challenge the adequacy of the April 9, 2007 Notice by the United States of the Lodging of Classified Submission (Docket No. 239), and seek to require the Government to request leave to file classified submissions in the future, and to justify both the need for any particular filing and the necessity for making the filing outside of the public docket.

Plaintiffs' proposals are inconsistent with the well-established requirements for making classified submissions, requirements with which the Government has complied throughout these proceedings by creating as full a public record as possible before lodging classified material for the Court's *in camera, ex parte* review. In some circumstances, however, nothing more may be said without compromising the Government's compelling interest in protecting the Nation's security. As the Court's *in camera, ex parte* review of the materials filed April 9, 2007, should make clear, that filing was such a circumstance. There is, accordingly, no basis in law to impose the additional requirements sought by plaintiffs. The Government will continue to provide as full a public justification as possible without compromising the interests of national security in any circumstance when it makes a classified filing for the Court's *in camera, ex parte* review. Plaintiffs' request for the imposition of additional requirements, therefore, should be denied.

## ARGUMENT

Plaintiffs argue that, before filing classified material with the Court for its *in camera, ex parte* review, the Government must make a specific   *i.e.,* public   showing about the information it is presenting. As the record fully demonstrates, however, in every circumstance when classified material has been filed in these proceedings, the Government has provided on the public record as full a justification as possible without compromising the security of highly sensitive national security

---

[1] Pursuant to an agreement among the parties, plaintiffs' April 13 letter is treated herein as an administrative motion under Local Rule 7.11(a).

information.[2] But, as this Court has recognized, requiring such a showing would be improper where it would "forc[e] 'disclosure of the very thing'" sought to be protected. *See* Order, *Hepting v. AT&T Corp.*, No. 06-672, Docket No. 171, June 6, 2006, at 3-4 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 63 (D.C. Cir. 1983) (in turn, quoting *United States v. Reynolds*, 345 U.S. 1, 8 (1953)); *see also* 709 F.2d at 63 (noting the court's "[f]ear" that "insufficient public justification result[ing] in denial of the privilege entirely might induce the government's representatives to reveal some material that, in the interest of national security, ought not to be uncovered"); Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003) (restricting the disclosure of classified materials). Thus, as the court recognized in *Ellsberg* — the case on which plaintiffs primarily rely — "[t]he government's public statement need be no more (and no less) specific than is practicable under the circumstances." 709 F. 2d at 64; *accord id.* ("*in camera* proceedings should be preceded by *as full as possible* a public debate . . .") (emphasis added); *see also Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998) ("*whenever possible*, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter") (emphasis added); *Hayden v. NSA*, 608 F.2d 1381, 1384 (D.C. Cir. 1979) (when accepting classified material *in camera* under Freedom of Information Act, court must "require the agency to create as full a public record *as possible*") (emphasis added).

The necessity for deferring to the Government's view of how much information "practicably" or "possibly" can be placed on the public record in a case concerning classified information is rooted in the Constitution. Courts have routinely held that "weigh[ing] the variety of subtle and complex

---

[2] For example, each of the *in camera, ex parte* declarations filed in support of the Motion to Dismiss or, in the Alternative, for Summary Judgment, in *Hepting v. AT&T Corp.*, Civil No. 06-0672 (Docket No. 124), was accompanied by an unclassified version for the public record; the same is true of the Memorandum of Law filed in support of that motion. Similarly, while classified information was lodged with the Court on January 11, 2007 in order to advise the Court of the important and then-classified fact of the Foreign Intelligence Court's January 10, orders as expeditiously as possible, see Docket No. 120, once the Attorney General was authorized to disclose publicly the fact of those orders' existence and other pertinent information relating to them, that information was immediately provided to the Court and the plaintiffs on the public record. See Docket No. 127. Most recently, in its April 20, 2007 filing in the actions against, *inter alia*, the MCI and Verizon defendants (Docket No. 254), the Government once again made a substantial public filing, including a 57-page memorandum of law, as well as two unclassified declarations, in addition to its classified, *in camera, ex parte* submissions.

1 factors in determining whether disclosure of information may lead to an unacceptable risk of
2 compromising the [nation's] intelligence gathering process" is a task committed to the Executive
3 Branch, *Central Intelligence Agency v. Sims*, 471 U.S. 159, 180 (1985), and that courts are ill-
4 equipped to weigh the national security consequences associated with the disclosure of sensitive
5 security information. *Id.; see also Dept. of the Navy v . Egan*, 484 U.S. 518, 529 ("Predictive
6 judgment [about whether someone might 'compromise sensitive information'] must be made by
7 those with the necessary expertise in protecting classified information") (citation omitted). Courts
8 have also recognized the "considerable variety in the situations in which a state secrets privilege
9 may be fairly asserted." *Ellsberg,* 709 F.2d at 63. These twin principles   the recognition of the
10 Executive's prerogative to protect and control national security information, and the logical
11 acknowledgment of the variety of situations in which national security information may be placed
12 in issue   lead inexorably to the conclusion that, in some circumstances, the Executive's
13 responsibility to protect classified information will result in less public disclosure than in others.[3]

14 This is one such circumstance. Given the extraordinary sensitivity of the foreign intelligence
15 matters at issue in these coordinated cases, nothing more can be said at this time on the public record
16 about the materials provided to the Court for its *in camera, ex parte* review on April 9, 2007, other
17 than that those materials were provided in the Government's effort to ensure that the Court had
18 before it information and facts that might be necessary to its consideration and disposition of matters
19 at issue in these cases.[4]

---

[3] Plaintiffs try to contrast the Government's public filings in this case with the materials filed on the public record in *Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998). There is, however, no indication in *Kasza* (and no basis in law or logic) to suggest that the Court was creating a minimum requirement for public descriptions of classified material. To the contrary, as noted above, courts have recognized that classified material may need to be protected in a variety of circumstances, and have imposed only the requirement that the Government make as full a public record as "practicable" or "possible" under the circumstances of the particular case. *Ellsberg*, 709 F.2d at 64; *Kasza*, 133 F.3d at 1166; *Hayden*, 608 F.2d at 1384.

[4] If the Court has questions regarding the classification of those materials, it may raise those questions with the Government either *ex parte* or in a public manner that will not disclose the substance of the information, to which the Government would respond accordingly. See Order, *Hepting v. AT&T Corp.*, No. 06-672, Docket No. 171, June 6, 2006, at 3-4 ("the court cannot, without first examining the classified documents, determine whether the government could provide a more detailed public explanation without potentially 'forc[ing] disclosure of the very thing the privilege is designed to protect'") (citing *Ellsberg, supra*). *Cf. Stillman v CIA*, 319 F.3d 546, 548

Contrary to plaintiffs' rhetoric, the Government's submission of classified materials in this proceeding for the Court's *in camera, ex parte* review violates neither plaintiffs' due process rights nor any "presumption of access to judicial process" under the First Amendment. *See* Pltfs' Ltr. at 1.[5] While *ex parte* submissions are not the norm, courts have repeatedly recognized that such submissions are appropriate in a variety of contexts and, specifically, have rejected claims that due process rights are violated where the Government makes an *in camera, ex parte* submission of classified material. *See, e.g.*, *Kasza,* 133 F.3d at 1169 (finding submission of classified material for *in camera, ex parte* review "unexceptional" in cases where the state secrets privilege is invoked) (citations omitted); *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 n. 6 (9th Cir. 2003) (noting that "[i]n cases such as this, there are few, if any, alternatives to *in camera* inspection that do not defeat the purpose of the rules and privileges protecting confidential material. As a result, we rely in the first instance upon the district court conducting the *in camera* inspection to assess critically the arguments of the party opposing disclosure"); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) ("We find that the procedure [declarations subject to *in camera, ex parte* review] used by the court in the instant case was proper; it adequately balanced the rights of the Government and [plaintiff]. . . . [A]lthough [plaintiff] did not have the opportunity to conduct discovery and cross-examine the Government's witness, its interests as a litigant are satisfied by the ex parte/in camera decision of an impartial district judge.").[6]

---

(D.C. Cir. 2003) (explaining that, in suits involving classified information, a court's "*in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm") (quoting *McGehee v. Casey*, 719 F.2d 1137, 1149 (D.C. Cir. 1983)).

[5] To the extent plaintiffs rely on some claimed right under 50 U.S.C. § 1806(f), the Government has previously explained why that statute is inapplicable to plaintiffs' claims in this litigation. *See United States' Reply in Support of A Stay of Proceedings*, Docket No. 147, at 10-15. That argument is not repeated here, but is, as necessary, incorporated by reference herein.

[6] *See also In re Grand Jury Proceedings*, 867 F.2d 539, 540-41 (9th Cir. 1988) (rejecting due process challenge to *in camera* submission supporting enforcement of grand jury subpoena); *Jifry v. Fed. Aviation Admin.*, 370 F.3d 1174, 1182, 1183-84 (D.C. Cir. 2004) (upholding agency decision based on *ex parte* review of classified material where private litigants claimed to be "unable to defend against the charge that they are security risks" "without knowledge of the specific evidence on which [the agency] relied"); *Holy Land Found. v. Ashcroft*, 333 F.3d 156, 164 (D.C. Cir. 2003) (approving *in camera, ex parte* review of classified information supporting designation as global terrorist and holding that due process requires "disclosure of *only* the unclassified portion" of the record to a private litigant); *In re Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1982) (recognizing that

Similarly, in the context of determining whether the public has a First Amendment right of access to information in specific contexts, the Supreme Court has applied a two-part "experience and logic" test, *see Press-Enterprise Co. v. Sup. Ct. of Calif., Riverside Cty.*, 478 U.S. 1, 9 (1986), and both experience and logic demonstrate that the public has no First Amendment right to access classified information submitted in court proceedings. *See United States v. Moussaoui*, 65 Fed. Appx. 881, 887 & n.5, 890-91 (4th Cir. 2003) (non-precedential ruling; directing public oral argument for unclassified portion of criminal appeal and closing argument for remainder); *In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) (recognizing public's right to access to criminal hearings and filings in national security cases where public access would not risk "inappropriate disclosures of classified information" or "alert the public to the substance of the information sought to be kept secret"); *Al-Haramain Islamic Found. v. Bush*, 451 F. Supp. 2d 1215, 1232 (D. Or. 2006) (denying press request for classified document because "even if the document were one to which the press or public have historically had access by virtue of its being filed with the Court, the government has asserted a compelling national security interest that overrides any public interest in the document"), *appeal pending on other grounds,* No. 06-36083 (9th Cir.).

Thus, despite plaintiffs' attempts to impose unprecedented procedural requirements on the Government, applicable law requires only that the Government provide such public justifications for the filing of classified material as are "practicable" or "possible," *Ellsberg*, 709 F.2d at 64, *Kasza*, 133 F.3d at 1166, and the Government fully intends to continue to adhere to this requirement. When the Government cannot say more publicly, however, it should not — and cannot — be penalized through the imposition of onerous procedural requirements simply because it has done nothing other than take steps necessary to protect the national security of the United States. *See In re United States*, 872 F.2d 472, 476 (D.C. Cir. 1989) ("Notions of sovereign immunity preclude any further adverse consequence to the government, such as *alteration of procedural or substantive rules*") (emphasis added). The relief requested by plaintiffs is contrary to law, and should be denied.

---

due process is a "flexible concept" and, while our "adversarial legal system *generally* does not tolerate *ex parte* determinations on the merits of a civil case," an "exception to this principle is made when countervailing government interests dictate that information sought to be discovered should remain secret").

| | | |
|---|---|---|
| 1 | DATED: April 27, 2007 | Respectfully submitted, |
| 2 | | PETER D. KEISLER<br>Assistant Attorney General, Civil Division |
| 3 | | |
| 4 | | CARL J. NICHOLS<br>Deputy Assistant Attorney General |
| 5 | | DOUGLAS N. LETTER<br>Terrorism Litigation Counsel |
| 6 | | |
| 7 | | JOSEPH H. HUNT<br>Director, Federal Programs Branch |
| 8 | | ANTHONY J. COPPOLINO<br>Special Litigation Counsel |
| 9 | | |
| 10 | | RUPA BHATTACHARYYA (VA Bar 38877)<br>ANDREW H. TANNENBAUM |
| 11 | | Trial Attorneys<br>U.S. Department of Justice |
| 12 | | Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW |
| 13 | | Washington, D.C. 20001<br>Phone: (202) 514-4782 |
| 14 | | Fax: (202) 616-8460<br>Email: tony.coppolino@usdoj.gov |
| 15 | | |
| 16 | | By:   */s/ Rupa Bhattacharyya*<br>        RUPA BHATTACHARYYA |
| 17 | | Attorneys for United States of America, National Security Agency, President George W. Bush |