1   WILMER CUTLER PICKERING HALE          MUNGER, TOLLES & OLSON LLP
    AND DORR LLP                          Henry Weissmann      # 132418
2   John A. Rogovin     (pro hac vice)    Susan R. Szabo       # 155315
    Randolph D. Moss    (pro hac vice)    Aimee A. Feinberg    # 223309
3   Samir C. Jain       # 181572          355 South Grand Avenue
    Brian M. Boynton    # 222193          35th Floor
4   Benjamin C. Mizer   (pro hac vice)    Los Angeles, CA  90071-1560
    1875 Pennsylvania Ave, NW             Tel.:  213-683-9100
5   Washington, DC  20006                 Fax:  213-683-5150
    Tel.:  202-663-6000                   Email:  Henry.Weissmann@mto.com
6   Fax:   202-663-6363
    Email:  john.rogovin@wilmerhale.com
7
    Randal S. Milch        (pro hac vice)
8   Verizon Communications Inc.
    One Verizon Way
9   VC43E043
    Basking Ridge, NJ  07920
10  Tel.:  908-559-1752
    Fax:  908-696-2136
11
    Attorneys for Verizon Communications Inc.,
12  Verizon Global Networks Inc., and MCI, LLC

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17                                      )    MDL NO. 06-1791 VRW
                                        )
18  IN RE:                              )
                                        )
19  NATIONAL SECURITY AGENCY            )    **MEMORANDUM IN SUPPORT OF**
    TELECOMMUNICATIONS                  )    **VERIZON'S MOTION TO DISMISS FOR**
20  RECORDS LITIGATION                  )    **LACK OF PERSONAL JURISDICTION**
                                        )
21  This Document Relates To:           )
                                        )
22  No. 06-220 (D.R.I.)                 )
    No. 1:06-cv-632 (E.D. Cal.)         )
23  No. cv-06-77 (D. Mont.)             )
    No. 06-2491 (D. La.)                )
24  No. cv-06-694 (D. Ore.)             )
    No. 1:06-cv-2680 (N.D. Ill.)        )
25  No. 06-224 (D.R.I.)                 )
    No. 3:06-cv-3574 (N.D. Cal.)        )
26  No. 3:06-cv-4221 (N.D. Cal.)        )
                                        )
27

28

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................................................ii

ISSUES TO BE DECIDED .............................................................................................iv

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 1

ARGUMENT .................................................................................................................. 5

I.     PLAINTIFFS MUST DEMONSTRATE THAT THE VERIZON DEFENDANTS
       HAVE SUFFICIENT MINIMUM CONTACTS TO SATISFY THE
       REQUIREMENTS OF DUE PROCESS ............................................................ 5

II.    THE MOVING VERIZON DEFENDANTS DO NOT HAVE "MINIMUM
       CONTACTS" WITH THE RELEVANT FORUM STATES............................... 6

       A.     Plaintiffs Cannot Establish "General Jurisdiction" ............................ 6

       B.     Plaintiffs Cannot Establish "Specific Jurisdiction"........................... 8

III.   CONTACTS OF SUBSIDIARIES OF VCI AND MCI, LLC CANNOT SUBJECT
       VCI AND MCI, LLC TO PERSONAL JURISDICTION ...................................... 9

CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*AT & T Corp. v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996) ................................ 6, 9

*Allegheny Airlines, Inc., v. LeMay*, 448 F.2d 1341 (7th Cir. 1971) ........................................ 5

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ................................ 6

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986) ........................................ 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................ 8

*Conn v. ITT Aetna Finance Co.*, 252 A.2d 184 (R.I. 1969) ........................................ 5

*Covad Communications Co. v. Pacific Bell,* No. C 98-1887 SI, 1999 U.S. Dist. LEXIS
22789, 1999 WL 33757058  (N.D. Cal. Dec. 14, 1999) ........................................ 7, 10

*Davis v. American Family Mutual. Insurance Co.*, 861 F.2d 1159 (9th Cir. 1988) ........................................ 5

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ........................................ 5, 6, 8, 9, 10

*Gammino v. Verizon Communications, Inc.*, No. 03-CV-5579, 2005 U.S. Dist. LEXIS
35873, 2005 WL 3560799 (E.D. Pa. Dec. 27, 2005) ........................................ 11

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ........................................ 6

*International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945) ........................................ 6

*Maricopa County v. American Petrofina, Inc.*, 322 F. Supp. 467 (N.D. Cal. 1971) ........................................ 5

*Millennium Enterprises., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907 (D. Or. 1999) ........................................ 5

*Negron-Torres v. Verizon Communications Inc.*, 478 F.3d 19 (1st Cir. 2007) ........................................ 7, 10-11

*Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717 (D. Md. 2000) ........................................ 7, 10

*Phonetel Communications, Inc. v. U.S. Robotics Corp.*, No. 4:00-CV-1750-R, 2001 U.S.
Dist. LEXIS 7233 (N.D. Tex. June 1, 2001) ........................................ 7, 10, 11

*Shepherd Investments International, Ltd. v. Verizon Communications Inc.*, 373 F. Supp. 2d
853 (E.D. Wis. 2005) ........................................ 7

*Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003) ........................................ 7, 10

## STATUTES

Communications Act of 1934, 47 U.S.C. §§ 151 *et seq* ........................................ 3

California Civil Procedure Code § 410.10 ........................................ 5

735 Illinois Compiled Statutes 5/2-209(c) ........................................ 5

Louisiana Revised Statutes Annotated § 13:3201(B) ........................................ 5

Rhode Island General Laws § 9-5-33................................................................................5

**RULES**

Federal Rules of Civil Procedure 4(k)(1)(A) .....................................................................5

Federal Rules of Civil Procedure 12(b)(2)] .....................................................................iv

Montana Rules of Civil Procedure 4B ................................................................................5

Oregon Rules of Civil Procedure 41 ...................................................................................5

**OTHER AUTHORITIES**

17 MOORE'S FEDERAL PRACTICE § 112.07[1][b] (3d ed. 2006)..............................................5

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction          MDL No. 06:1791-VRW

**ISSUES TO BE DECIDED**

1.      Does a court in the State of California have personal jurisdiction over MCI, LLC, where MCI, LLC is a holding company that does not do any business in California and has no presence in California?

2.      Do courts in California, Illinois, Montana, Oregon, and Rhode Island have personal jurisdiction over Verizon Communications Inc., where Verizon Communications Inc. is a holding company that does not do any business in these states and has no presence in them?

3.      Does a court in Louisiana have jurisdiction over Verizon Global Networks Inc., where that company offers no services in that state?

**INTRODUCTION**

In many of the complaints filed against Verizon-related entities in this MDL proceeding, Plaintiffs have sued the wrong companies. Defendants Verizon Communications Inc. ("VCI") and MCI, LLC[1] are holding companies that provide no services of any kind to the public and have no contacts with the states at issue in this motion: California, Illinois, Montana, Oregon, and Rhode Island. Indeed, VCI and MCI, LLC do not advertise, do not solicit business, do not provide services, have no offices, own or lease no property, and have no employees in these states. They have never been registered or otherwise qualified to do business in these states and they have not appointed an agent for service of process in them. Because VCI and MCI, LLC lack sufficient minimum contacts with California, Illinois, Montana, Oregon, and Rhode Island to subject them to jurisdiction in those states, Plaintiffs' underlying complaints in these states must be dismissed. Similarly, Defendant Verizon Global Networks Inc. does not provide telecommunications services (or any services) in Louisiana, the only state in which it was sued, and the *Herron* case must also be dismissed.

**BACKGROUND**

In December 2005, *The New York Times* published an article asserting that the National Security Agency ("NSA") was secretly monitoring the content of international telephone calls and e-mails as part of the government's efforts to combat international terrorism. In May 2006, an article appeared in *The USA Today* contending that the NSA had also secretly obtained telephone call records from AT&T, Verizon, and BellSouth as part of its post-September 11, 2001 efforts to fight terrorism. Based on these press reports, in the months that followed, plaintiffs across the country filed dozens of lawsuits, almost all of which were class actions, against a host of telecommunications companies, including over 20 lawsuits against a number of Verizon-related entities (including the Defendants filing this motion). All of the cases against Verizon allege in some form that Verizon has cooperated with secret government counter-terrorism programs by giving the government access to the content of telephone or Internet communications or to records

---

[1] MCI, LLC changed its name to Verizon Business Global, LLC on November 21, 2006. For purposes of this motion, however, we will refer to the entity as MCI, LLC, the name used by Plaintiffs in their complaint.

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction        MDL No. 06:1791-VRW

1  relating to those communications.  Based on these allegations, the cases assert a number of federal

2  and state constitutional, statutory, and common law causes of action.

3        In a series of orders in August, September, and October 2006, the Judicial Panel on

4  Multidistrict Litigation transferred 20 of these cases against Verizon as well as a number of cases

5  against other telephone carriers to this Court for consolidated treatment along with two similar cases

6  against Verizon and a number of cases against other carriers that were already pending in this Court.

7  On January 16, 2007, the plaintiffs filed a series of consolidated complaints grouped by defendants.

8  One of those consolidated complaints named a number of Verizon defendants, including two entities

9  associated with the telecommunications company MCI, which was acquired by Verizon in January

10 2006.

11       In this motion, VCI seeks dismissal of the complaints filed against it in *Bissitt et al. v.*

12 *Verizon Communications Inc. et al.*, No. 06-220 (D.R.I.); *Conner et al. v. AT&T, Verizon et al.*, No.

13 1:06-cv-632 (E.D. Cal.), *Fuller v. Verizon Communications Inc.*, No. cv-06-77 (D. Mont.); *Hines v.*

14 *Verizon Communications Inc.*, No. cv-06-694 (D. Ore.); *Joll et al. v. AT&T Corp., Verizon*

15 *Communications Inc. et al.*, No. 1:06-cv-2680 (N.D. Ill.); *Mahoney v. Verizon Communications Inc.*,

16 No. 06-224 (D.R.I.); and *Riordan et al. v. Verizon Communications Inc.*, No. 3:06-cv-3574 (N.D.

17 Cal.).  Those cases were filed in California, Illinois, Montana, Oregon, and Rhode Island.[2]

18       MCI, LLC is moving to dismiss the lone complaint filed against it—*Spielfogel-Landis v.*

19 *MCI, LLC*, No. 3:06-cv-4221 (N.D. Cal.)—which was filed in this Court in California.

20       Verizon Global Networks Inc. is seeking dismissal of the only case brought against it—

21 *Herron et al. v. Verizon Global Networks Inc. et al.*, No. 06-2491 (D. La.)—which was filed in

22 Louisiana.[3]

23

24 [2]    VCI has also been named in a suit in New Jersey (*Chulsky*), a suit in Florida (*Jacobs*), and a
   number of suits in New York.  VCI has not moved to dismiss those cases for lack of personal
   jurisdiction but has, instead, moved (long with other Verizon defendants) to dismiss them on the

25 merits.

26 [3]    The list of Verizon defendants named in Plaintiffs' Master Consolidated Complaint Against
   MCI Defendants and Verizon Defendants (MDL Dkt. No. 125) ("Master Consolidated Complaint")
   does not match completely the defendants named in the 22 underlying cases against Verizon.  Some

27 of the underlying defendants are not named in the consolidated complaint, while the consolidated
   complaint could be construed to name numerous other entities not named in the underlying cases.

28 But because Plaintiffs have taken the position that the consolidated complaint is solely an

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction     MDL No. 06:1791-VRW

As Plaintiffs acknowledge, VCI is a Delaware corporation with its principal place of business at 140 West Street, New York, NY 10007. *See* Master Consol. Complaint ¶ 14; Declaration of Joseph P. Dunbar in Support of Verizon's Motion To Dismiss for Lack of Personal Jurisdiction ("Dunbar Decl.") ¶ 2. Contrary to Plaintiffs' allegations, however, VCI is not "a 'telecommunications carrier' within the meaning of the Communications Act of 1934, 47 U.S.C. §§151 *et seq.*" Master Consol. Compl. ¶ 14. Rather, VCI is purely a holding company. *See* Dunbar Decl. ¶ 3.

VCI's only assets are the stock of its subsidiaries, certain trademarks, cash, promissory notes, and other equity investments. *Id.* VCI conducts no business and provides no services of any kind to the public, including telecommunications services. *Id.* Because VCI is a holding company headquartered in New York that provides no services to the public, it unsurprisingly does not have any business operations in California, Illinois, Montana, Oregon, or Rhode Island. VCI has no offices, owns or leases no property, and has no employees in these states. *Id.* ¶ 4. VCI has never been registered or otherwise qualified to do business in these states, and it has not appointed an agent for service of process in them. *Id.* Finally, VCI does not advertise, solicit business, or provide any services in these states. *Id.*

Various subsidiaries of VCI do provide various telecommunications services in California, Illinois, Oregon, and Rhode Island. *Id.* ¶ 5. Each of these subsidiaries, however, is a corporate entity distinct and independent from VCI. *Id.* Each has its own Board of Directors and management, has regularly scheduled Board meetings, and keeps its own books and records. *Id.* VCI does not control the internal affairs or daily operations of these subsidiaries. *Id.*

MCI, LLC is a limited liability company incorporated in Delaware. *See* Dunbar Decl. ¶ 6; *see also Spielfogel-Landis* Compl. ¶ 7; Master Consol. Compl. ¶ 10. Its headquarters are at One Verizon Way in Basking Ridge, New Jersey. Dunbar Decl. ¶ 6. Like VCI, MCI, LLC is purely a holding company. *Id.* ¶ 7. Its only assets are the stock of its subsidiaries, certain trademarks, cash,

---

"administrative device" that is not "intended to change the rights of the parties" (Master Consol. Compl. ¶ 2), and have not amended the underlying complaints to add the newly named entities or served the newly named entities, this motion is filed on behalf of only entities named in the underlying cases.

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction        MDL No. 06:1791-VRW

promissory notes, and other equity investments. *Id.* And it, too, conducts no business and provides no services of any kind to the public, including telecommunications services. *Id.*[4] MCI, LLC has no business operations in the State of California. It has no offices, owns or leases no property, and has no employees in California. *Id.* ¶ 8. The company has never been registered or otherwise qualified to do business in California, and it has not appointed an agent for service of process in California. *Id.*[5] It does not advertise, solicit business, or provide any services in the state. *Id.*

As with VCI, subsidiaries of MCI, LLC provide telecommunications services in California, but each is a corporate entity distinct and independent from MCI, LLC. Dunbar Decl. ¶ 9. The subsidiaries have Boards and management of their own, have regularly scheduled Board meetings, and keep their own books and records. *Id.*[6]

Verizon Global Networks Inc. is a Delaware corporation with its corporate headquarters at One Verizon Way in Basking Ridge, New Jersey. *Id.* ¶ 18. The company offers services to affiliated telephone carriers in the wholesale market; it does not provide telecommunications services to individuals. *Id.* Verizon Global Networks Inc. has no offices, owns or leases no property, and has no employees in Louisiana. *Id.* ¶ 19. It has never been registered or otherwise qualified to do business in Louisiana, and it has not appointed an agent for service of process in that state. *Id.* It does not advertise, solicit business, or provide any services there. *Id.*

---

[4] The Corporate predecessors of MCI, LLC during the relevant period (October 2001 through the present) were also holding companies incorporated and headquartered outside of California that offered no telecommunications services to the public and thus did no business in California. *See* Dunbar Decl. ¶¶ 10-12, 14-16.

[5] Plaintiff Spielfogel-Landis served the summons and Complaint in this action on MCI, LLC's agent for service of process in Delaware. *See* Plaintiff's Proof of Service Summons and Complaint (filed July 21, 2006).

[6] The subsidiaries of MCI, LLC's predecessor holding companies that provided telecommunication services in California similarly were corporate entities distinct from their parent holding company. *See* Dunbar Decl. ¶¶ 13, 17.

4

# ARGUMENT

**I. PLAINTIFFS MUST DEMONSTRATE THAT THE VERIZON DEFENDANTS HAVE SUFFICIENT MINIMUM CONTACTS TO SATISFY THE REQUIREMENTS OF DUE PROCESS**

In multidistrict litigation cases, personal jurisdiction over the defendants must be proper in the state in which the transferor courts sit. *See* 17 MOORE'S FEDERAL PRACTICE § 112.07[1][b] (3d ed. 2006) ("In those cases in which the litigants have sought to name new defendants or third-party defendants after the actions have been transferred, the courts have held that only new defendants that would have been subject to the jurisdiction of the transferor courts may be added to the proceedings in the transferee district."); *Maricopa County v. American Petrofina, Inc.*, 322 F. Supp. 467, 469 (N.D. Cal. 1971) ("the transferee court may by its process obtain jurisdiction over persons to the same extent as could the court of original jurisdiction"); *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1342 (7th Cir. 1971) (noting that district court had dismissed third parties named in transferee district after transfer because they were not subject to jurisdiction of transferor court, although subject to jurisdiction of transferee court). As a result, Plaintiffs must demonstrate that (1) VCI is subject to the jurisdiction of California, Illinois, Montana, Oregon, and Rhode Island; (2) MCI, LLC is subject to jurisdiction in California; and (3) Verizon Global Networks Inc. is subject to jurisdiction in Louisiana.

Federal Rule of Civil Procedure 4(k) provides that "[s]ervice of summons . . . is effective to establish jurisdiction over the person of a defendant . . . who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Courts in California, Illinois, Louisiana, Montana, Oregon, and Rhode Island are permitted by the laws of those states to exercise jurisdiction to the extent permissible under the Due Process Clause of the United States Constitution. *See* Cal. Civ. Proc. Code § 410.10; *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (interpreting California law); 735 Ill. Comp. Stat. 5/2-209(c); La. Rev. Stat. Ann. § 13:3201(B); Mont. R. Civ. P. 4B; *Davis v. American Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988) (interpreting Montana law); Or. R. Civ. P. 4L; *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999); R.I. Gen. Laws § 9-5-33; *Conn v. ITT Aetna Finance Co.*, 252 A.2d 184, 186 (R.I. 1969).

Due process permits a court to exercise personal jurisdiction over a nonresident defendant only if it has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Unocal*, 248 F.3d at 923; *see Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-15 (1984). "If the defendant's activities in the forum are substantial, continuous and systematic, **general** jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Unocal*, 248 F.3d at 923 (emphasis added). "A court may exercise **specific** jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court." *Id.* (emphasis added).

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id.* at 922. To establish a prima facie case that personal jurisdiction is proper in the face of affidavits submitted by the defendant, the plaintiff must submit affidavits of its own putting the relevant facts at issue. *AT & T Corp. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

## II. THE MOVING VERIZON DEFENDANTS DO NOT HAVE "MINIMUM CONTACTS" WITH THE RELEVANT FORUM STATES

Applying the standards set forth above, it is clear that this Court lacks personal jurisdiction over the relevant Verizon defendants in the cases at issue in this motion.

### A. Plaintiffs Cannot Establish "General Jurisdiction"

Plaintiffs cannot meet the rigorous standards enunciated by the Ninth Circuit for establishing general jurisdiction. The Court of Appeals has explained that "[t]he standard for establishing general jurisdiction is 'fairly high,' *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*

1      Plaintiffs cannot make this heightened showing for the moving Verizon defendants.  As

2  discussed above, VCI and MCI, LLC are holding companies incorporated in Delaware with their

3  headquarters in New York and New Jersey respectively.  Dunbar Decl. ¶¶ 2-3, 6-7.  Their only

4  assets are the stock of their subsidiaries, certain trademarks, cash, promissory notes, and other equity

5  investments.  *Id.* ¶¶ 3, 7.  They conduct no business and provide no services of any kind to the

6  public, including telecommunications services.  *Id.*  And they do not advertise, solicit business, or

7  provide services in the relevant states.  *Id.* ¶¶ 4, 8.  Moreover, VCI and MCI, LLC have no offices,

8  own or lease no property, and have no employees in the relevant states.  *Id.*  They have never been

9  registered or otherwise qualified to do business in the relevant states, and they have not appointed

10  agents for service of process in the relevant states.  *Id.*

11      In light of these facts, it is clear that any contacts by VCI and MCI, LLC with the relevant

12  states are sporadic and limited, not continuous and systematic.  In similar circumstances, courts have

13  found general jurisdiction over telecommunications holding companies—including VCI—to be

14  lacking.  *See Negron-Torres v. Verizon Commc'ns Inc.*, 478 F.3d 19, 24-27 (1st Cir. 2007) (no

15  general jurisdiction over VCI in Puerto Rico); *Phonetel Commnc'ns, Inc. v. U.S. Robotics Corp.*, No.

16  4:00-CV-1750-R, 2001 U.S. Dist. LEXIS 7233, at *7-17 (N.D. Tex. June 1, 2001) (no general

17  jurisdiction over VCI in Texas); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1295 (S.D. Cal.

18  2003); *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 722 (D. Md. 2000).[7]  Indeed, the Court in

19  *Phonetel* held that personal jurisdiction over VCI in Texas was lacking in part because VCI "is only

20  a holding company" that offers no products or services in Texas.  2001 U.S. Dist. LEXIS 7233, at

21  *12.  This Court should reach the same conclusion here with respect to both VCI and MCI, LLC.

22      Verizon Global Networks Inc. similarly lacks the contacts with Louisiana to sustain a finding

23  of general jurisdiction.  As set forth above, Verizon Global Networks Inc. is not registered to do

24  _____

  [7]      *Covad Communications Co. v. Pacific Bell*, No. C 98-1887 SI, 1999 U.S. Dist. LEXIS
25  22789, 1999 WL 33757058  (N.D. Cal. Dec. 14, 1999), is not to the contrary.  There, the plaintiff
  was able to establish a prima facie case of general jurisdiction by putting forward evidence that, on
26  its face, appeared to indicate that SBC Communications Inc. did business in California. *Id.* at *18-
  22, 1999 WL 33757058, at *4-8.  Similarly, *Shepherd Investments International, Ltd. v. Verizon*
27  *Communications Inc.*, 373 F. Supp. 2d 853 (E.D. Wis. 2005), is inapposite.  That case involved
  claims of breach of contract and misrepresentation related to the sale of stock by VCI.  *See id.* at
28  856.

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction       MDL No. 06:1791-VRW

1  business in Louisiana and does not have its headquarters, advertise, solicit business, conduct

2  services, own or lease property, have employees, or have an agent for service of process in

3  Louisiana. Dunbar Decl. ¶¶ 18-19.

4  **B.  Plaintiffs Cannot Establish "Specific Jurisdiction"**

5  Plaintiffs similarly are unable to meet their burden of demonstrating specific jurisdiction over

6  the moving Verizon defendants in the relevant states. The Supreme Court has explained that "[b]y

7  requiring that individuals have fair warning that a particular activity may subject [them] to the

8  jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the

9  legal system that allows potential defendants to structure their primary conduct with some minimum

10  assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp.*

11  *v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). "Where a

12  forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to

13  suit there, this fair warning requirement is satisfied if the defendant has purposefully directed his

14  activities at residents of the forum, and the litigation results from alleged injuries that arise out of or

15  relate to those activities." *Id.* (internal quotation marks and citations omitted). Consistent with the

16  decision in *Burger King*, the Ninth Circuit applies the following three-part test for specific

17  jurisdiction:

18
19  (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
20
21  (2) The claim must be one which arises out of or results from the defendant's forum-related activities.

22  (3) Exercise of jurisdiction must be reasonable.

23  *Unocal*, 248 F.3d at 923 (quoting *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)).

24  Plaintiffs cannot satisfy this test for one very simple reason: Plaintiffs' claims arise from

25  alleged divulgences of telecommunications content or records, but none of the moving Verizon

26  defendants provides telecommunications services in the relevant states. VCI and MCI, LLC are

27  mere holding companies that do not provide telecommunications services in *any* state. Dunbar Decl.

28  ¶¶ 3, 7. Verizon Global Networks Inc. does not provide telecommunications services to any

8

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction        MDL No. 06:1791-VRW

individuals, in Louisiana or elsewhere. *Id.* ¶ 18. Because they do not provide telecommunications services to individual customers, the moving Verizon defendants could not have made the alleged disclosures of telecommunications content or records in the relevant states or with respect to customers in those states. As a result, it is clear that the activities Plaintiffs allege the moving Verizon defendants undertook cannot give rise to specific jurisdiction over those defendants in the states at issue in this motion.

## III. CONTACTS OF SUBSIDIARIES OF VCI AND MCI, LLC CANNOT SUBJECT VCI AND MCI, LLC TO PERSONAL JURISDICTION

As a general rule, "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Unocal*, 248 F.3d at 925. Only if "the parent and subsidiary are not really separate entities, or one acts as an agent of the other," can "the local subsidiary's contacts with the forum . . . be imputed to the foreign parent corporation." *Id.* at 926 (internal quotation marks omitted). Under this standard, "a parent corporation may be directly involved in the activities of its subsidiaries" and yet be treated as a distinct corporate entity "so long as that involvement is consistent with the parent's investor status." *Id.* at 926 (internal quotation marks omitted).

To prevail on an alter ego theory by showing that a parent and subsidiary are not really separate entities, a plaintiff must demonstrate "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Id.* at 926 (quoting *Compagnie Bruxelles Lambert*, 94 F.3d at 591 (internal quotation marks omitted)). To prevail on an agency theory, a plaintiff must demonstrate that "the subsidiary functions as the parent corporation's representative in that it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *Unocal*, 248 F.3d at 928. In applying this test, however, the Court must "distinguish[] an agency relationship between a parent and its subsidiary from that of a holding company and its subsidiary." *Id.* at 929. "[I]n the case of a holding company

9

the parent could simply hold another type of subsidiary, in which case imputing the subsidiaries' jurisdictional contacts to the parent would be improper." *Id.*

Here, Plaintiffs cannot satisfy either standard. First, as demonstrated by the declaration of Joseph P. Dunbar, VCI and MCI, LLC are legally and factually distinct from the VCI and MCI, LLC subsidiaries that provide telecommunications services in California, Illinois, Montana, Oregon, and Rhode Island. Each of those subsidiaries has its own Board of Directors and management, has regularly scheduled Board meetings, and keeps its own books and records. Dunbar Decl. ¶¶ 5, 9, 13, 17. VCI and MCI, LLC do not direct the internal affairs or daily operations of the relevant subsidiaries. *Id.* In these circumstances, the subsidiaries of VCI and MCI, LLC cannot be considered to be the alter egos of the holding companies. *See Phonetel*, 2001 U.S. Dist. LEXIS 7233, at \*12-16 (holding VCI not subject to jurisdiction based on the activities of a subsidiary); *see also Von Grabe*, 312 F. Supp. 2d at 1295-1300; *Newman*, 125 F. Supp. 2d at 722-23.

Moreover, VCI's and MCI, LLC's subsidiaries in the relevant states are not simply agents for VCI and MCI, LLC because VCI and MCI, LLC are holding companies. Dunbar Decl. ¶¶ 3, 7. As noted above, VCI's and MCI, LLC's only assets are the stock of their subsidiaries, certain trademarks, cash, promissory notes, and other equity investments. *Id.* Neither company provides any services of any kind to the public, including telecommunications services. *Id.* Thus, under *Unocal*, any theory of agency must fail. *See* 248 F.3d at 929 (contacts of subsidiary cannot be attributed to holding company under agency theory). In any event, the declaration of Mr. Dunbar (¶¶ 5, 9) reveals that VCI and MCI, LLC do not exercise sufficient control over their subsidiaries to make them their agents for jurisdictional purposes. *See Covad Commc'ns Co.*, 1999 U.S. Dist. LEXIS 22789, at \*21-22, 1999 WL 33757058, at \*7-8 (citing *Kramer v. British Leyland*, Ltd., 628 F.2d 1175, 1177 (9th Cir. 1980)).

Indeed, the only three published cases that appear to have addressed whether VCI and its subsidiaries should be treated as a single unit for purposes of determining personal jurisdiction have held that VCI and its subsidiaries cannot be so conflated. In *Negron-Torres v. Verizon Communications Inc.*, the First Circuit refused to consider contacts of Puerto Rico subsidiaries of VCI in determining whether VCI was subject to personal jurisdiction in Puerto Rico. *See* 478 F.3d

10

at 25-27.  The court observed:  "[T]he mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner of the subsidiary.  There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary."  *Id.* at 27 (internal quotation marls omitted).

The court in *Phonetel* similarly held that "[s]o long as the parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other."  2001 U.S. Dist. LEXIS 7233, at *13.  Applying this standard, the court concluded that there was "no evidence that VCI's relationship with its subsidiaries would justify a finding of specific or general jurisdiction in Texas."  *Id.* at *17.  Finally, in *Gammino v. Verizon Communications, Inc.*, No. 03-CV-5579, 2005 U.S. Dist. LEXIS 35873, 2005 WL 3560799 (E.D. Pa. Dec. 27, 2005), the court held that "there is no basis for this court to exercise alter-ego jurisdiction over the Defendant subsidiaries because Plaintiff has not offered evidence that VCI and its subsidiaries are a single functioning entity."  *Id.* at *13, 2005 WL 3560799, at *5.  This Court should reach the same conclusion here with respect to both VCI and MCI, LLC.

## CONCLUSION

For the reasons set forth above, this Court should grant Verizon's Motion To Dismiss for Lack of Personal Jurisdiction.

Dated:  April 30, 2007

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

MUNGER, TOLLES & OLSON LLP

Randal S. Milch

By:  /s/ John A. Rogovin

_____
John A. Rogovin

Attorneys for Verizon Communications Inc.,
Verizon Global Networks Inc., and MCI, LLC

Mem. in Support of Verizon's Motion To Dismiss For Lack of Personal Jurisdiction          MDL No. 06:1791-VRW