WILMER CUTLER PICKERING HALE
AND DORR LLP
John A. Rogovin     (pro hac vice)
Randolph D. Moss    (pro hac vice)
Samir C. Jain       # 181572
Brian M. Boynton    # 222193
Catherine M.A. Carroll  (pro hac vice pending)
Benjamin C. Mizer   (pro hac vice)
1875 Pennsylvania Ave, NW
Washington, DC  20006
Tel.: 202-663-6000
Fax:  202-663-6363
Email: john.rogovin@wilmerhale.com

Randal S. Milch     (pro hac vice)
Verizon Communications Inc.
One Verizon Way
VC43E043
Basking Ridge, NJ  07920
Tel.: 908-559-1752
Fax: 908-696-2136

MUNGER, TOLLES & OLSON LLP
Henry Weissmann    # 132418
Susan R. Szabo     # 155315
Aimee A. Feinberg  # 223309
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071-1560
Tel.: 213-683-9100
Fax:  213-683-5150
Email: Henry.Weissmann@mto.com

Attorneys for Verizon Communications Inc.,
Verizon Northwest Inc., Verizon Florida Inc., and
MCI Communications Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>All Actions Against the MCI and Verizon Defendants in the Master MCI and Verizon Consolidated Complaint, Dkt. 125 | MDL NO. 06-1791 VRW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF VERIZON'S MOTION TO DISMISS PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT** |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Verizon Communications Inc., Verizon Northwest Inc., Verizon Florida Inc., and MCI Communications Services Inc. hereby request that the Court take judicial notice of the document attached as EXHIBIT 1 entitled "Verizon Wireless Privacy Principles," which is partially quoted in paragraph 179 of Plaintiffs' Master Consolidated Complaint. The document can be found on Verizon Wireless's web page at http://www.verizonwireless.com/b2c/globalText?contentType=globalContent&jspName=footer/privacyPrinciples.jsp&textName=PRIVACY_POLICY.

The Court may take judicial notice of the document under Rule 201 because "it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("as a general matter, websites and their contents may be proper subjects for judicial notice"). Because Plaintiffs have dismissed their claims against the Verizon Wireless defendants, *see* Dkt. # 223, Verizon Wireless's Privacy Principles are no longer relevant to this action. Defendants ask the Court to take judicial notice of Verizon Wireless's Privacy Principles, however, because Plaintiffs have not identified the document in the Master Consolidated Complaint and have quoted only a portion of it.

In addition to the Privacy Policy for which defendants request judicial notice, defendants attach as EXHIBITS 2 and 3, for the Court's convenience, excerpts from two legislative history reports cited in defendants' memorandum that are not easily accessible on-line.

1

Dated: April 30, 2007

WILMER CUTLER PICKERING HALE AND DORR LLP

MUNGER, TOLLES & OLSON LLP

Randal S. Milch

By: /s/ John A. Rogovin
_____
John A. Rogovin

Attorneys for Verizon Communications Inc., Verizon Northwest Inc., Verizon Florida Inc., and MCI Communications Services, Inc.