GRIFFIN WHITAKER LLP
JOSHUA GRAEME WHITAKER
(Appearing pursuant to MDL Rule 1.4 [U.S. Dist. Ct. for
the Dist. of Md. Bar No. 16457])
joshuawhitaker@griffinwhitaker.com
EDWARD NELSON GRIFFIN
(Appearing pursuant to MDL Rule 1.4 [U.S. Dist. Ct. for
the Dist. of Md. Bar No. 16435])
edwardgriffin@griffinwhitaker.com
8730 Georgia Avenue Suite LL100
Silver Spring, MD 20910
Telephone: (301) 587-3345
Facsimile: (888) 367-0383
Attorneys for Plaintiffs Christopher Bready, *et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: <br><br> NATIONAL SECURITY AGENCY <br><br> TELECOMMUNICATIONS RECORDS LITIGATION <br><br> This Document Relates To: <br><br> *Bready, et al. v. Verizon Maryland, Inc.* <br> United States District Court for the District of Maryland   Case No. 1:06-2185 | MDL Docket No. 06-1791 VRW <br><br> Relates to Case No. 3:06-3596 <br> and <br> Relates to Case No. 3:06-3574 <br><br> ***BREADY* PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO INTERVENE** <br><br> Courtroom: 6, 17th Floor <br> Judge: Hon. Vaughn R. Walker <br><br> [Civ. L.R. 7-11] |

MDL Docket No. 06-01791-VRW      *BREADY* PLAINTIFFS' OPPOSITION
                                  TO UNITED STATES' MOTION TO INTERVENE

1       Plaintiffs Christopher Bready, *et al.* (hereinafter "Plaintiffs" or the "*Bready*

2 Plaintiffs"), by and through undersigned counsel, do hereby oppose the United States

3 Government's ("USG" or the "Government") Motion to Intervene (the "Motion") in this

4 matter, and state as following:

5       The Government's Motion should be denied because it is not timely, USG has

6 failed to demonstrate a significant, direct, and legally protectable interest in the *Bready*

7 suit, and Defendant Verizon Maryland, Inc., adequately represents USG's interests in the

8 suit.

9       **1. THE MOTION TO INTERVENE IS NOT TIMELY**

10       The Unite States Government's ("USG") Motion to Intervene is not ripe, and

11 therefore untimely, because whether this Court has subject matter jurisdiction over the

12 *Bready* action has not yet been determined. A district court may not consider a motion to

13 intervene before determining whether it has subject matter jurisdiction over a removed

14 case. *Vang v. Healy*, 804 F. Supp. 79, 83 (E.D. Cal. 1992). The reason is simple: the

15 federal courts are courts of limited jurisdiction, whose removal jurisdiction is derived

16 solely from Congressional authorization. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d

17 1062, 1064 (9th Cir. 1979); *Vang,* 804 F. Supp. at 81 (E.D. Cal. 1992). Thus, prior to a

18 determination of whether subject matter exists, a court may not consider a motion to

19 intervene on the theory that granting intervention will then confer jurisdiction. *Vang*, 804

20 F. Supp. at 83; *see Libhart,* 592 F.2d at 1066 (district court lacked jurisdiction to grant

21 motion to amend complaint to add federal claim because it lacked jurisdiction over case

22 as removed). USG's Motion is therefore untimely, premature and unwarranted.

23       **2. USG HAS NOT DEMONSTRATED ANY DIRECT AND "LEGALLY
24       PROTECTABLE INTEREST" IN THE *BREADY* SUIT**

The USG has no "legally protectable interest" in the *Bready* suit, which is a civil suit seeking statutory damages and other relief against a corporation for violations of Maryland law. Rule 24(a)(2) requires that the party seeking intervention demonstrate "a direct, significant legally protectable interest in the property or transaction subject to the action." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001); *Wade v. Goldschmidt*, 673 F.2d 182 (7th Cir. 1982). Although USG identifies its interest in intervention primarily by identifying its intentions upon intervention, *e.g.*, to assert the "state secrets privilege, *see* Mot. at 6, this is not its "legally protectable interest" in intervention. The real interest USG seeks to protect through intervention is to continue its "Terrorist Surveillance Program," in order to "detect and prevent another catastrophic terrorist attack on the United States." Mot. at 3.

However, this interest is insufficient to justify intervention in the *Bready* suit. USG's statement regarding its "Terrorist Surveillance Program" is that the program only intercepts communications where one party to the communication is "a member of al Qaeda, affiliated with al Qaeda, or a member of an organization affiliated with al Qaeda." *Id.* at 3. The communications at issue in the *Bready* suit are Maryland communications made for legal residential or business purposes, not in any way associated with terrorism. Thus, their communications do not fall within the interests identified by USG in its Motion.

Plaintiffs note that Verizon and would-be intervenor USG have offered no allegations that the "Terrorist Surveillance Program" was authorized under Maryland law. Therefore, to the extent that USG seeks to intervene related to what appears to be unauthorized, and hence illegal, disclosures and interceptions of communications

disallowed under Maryland law, it is questionable whether their interest qualifies as a "*legally* protectable interest." *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (5th Cir. 1982), *cert. denied*, 459 U.S. 969 (1982) (holding that there can be "no legally cognizable interest" in practices that "presumptively could only occur as the result of" illegal conduct); *see also In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 919 (8th Cir. 1997) (executive privileges can be waived when confronted with the "need for production of relevant evidence" when "specific and central" to the adjudication of illegal acts).

To the extent that USG has legitimate and legally protectable interests in the *Bready* transactions, those interest are indirect and contingent in nature. Indirect and contingent interests are insufficient to justify intervention under Rule 24(a)(2). *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (stating that "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."). If Defendant Verizon's conduct is determined to have violated the Maryland statutes identified in the Complaint, *e.g.*, Maryland Code Annotated Title 10, Subtitles 4, 4A, and 4B, Verizon will face fines for that non-compliance. This does not affect the "Terrorist Surveillance Program," unless Verizon refuses further participation (in which case USG could simply indemnify Verizon), or USG is not able to obtain authorization for continuing the program, as provided for by Maryland law, *see*, *e.g.*, Maryland Code, Courts and Judicial Proceedings, § 10-402(d)(2)(i) (stating that disclosure of communications is lawful "[a]s otherwise authorized by federal or State law.").

1   If USG seeks to prevent injunctive relief that may be issued against its "Terrorist

2   Surveillance Program," then that interest, in and of itself, does not justify any more than a

3   limited intervention in the *Bready* suit. Limited intervention is appropriate when the

4   interests of the intervenor are discrete and limited in nature. *Howard v. McLucas*, 782

5   F.2d 956, 962 (11th Cir.1986) (allowing non-minority employees to intervene for the

6   limited purpose of challenging a promotional remedy, but not to contest the existence of

7   past discrimination); *Bradley v. Milliken*, 620 F.2d 1141, 1142 (6th Cir.1980) (allowing

8   representative of minority community to intervene for the limited purpose of presenting

9   evidence on question of segregation); *Harris v. Pernsley*, 820 F.2d 592, 599 (3rd Cir.

10  1987) (discussing limited intervention). Limited intervention, which is appropriate

11  should this Court determine that USG has a protectable interest related to injunctive

12  relief, is in stark contrast to USG's stated intention to intervene for the purpose of

13  completely eliminating the *Bready* Plaintiffs' valid claims for statutory damages against

14  Verizon Maryland, Inc.

**3. VERIZON HAS ASSERTED A MYRIAD OF PREEMPTION AND AUTHORIZATION DEFENSES, DEMONSTRATING THAT USG'S INTEREST ARE ADEQUATELY REPRESENTED BY THE DEFENDANT**

19  USG's argument regarding the adequacy of the representation of its interests in

20  the *Bready* suit, like those related to the other prongs of the intervention test, does not

21  pass the required threshold justifying intervention. As demonstrated by Verizon's recent

22  Motion to Dismiss the *Bready* action (Dkts. 270 and 271), Defendant Verizon has raised

23  a myriad of defenses seeking to establish federal preeminence over the subject matter of

24  the suit, including, *inter alia*, stating that "constitutional field preemption," preemption

25  over state laws that regulate the activities of the Executive Branch, and preemption of

federal statutory law over any claims related to state-law regulation of records; these assertions are in addition to their previous assertion of executive authorization and state secrets privilege in the *Bready* matter.  *See generally*, Def. Verizon's Memo. in Support of Mot. to Dismiss (Dkt. 271).  While the *Bready* Plaintiffs challenge those defenses, Verizon Maryland has zealously attempted to protect the federal preemption interests that align with USG's interest in continuing the Terrorist Surveillance Program, therefore, there is no need to add them as a party to this matter.

4.  **CONCLUSION**

For the foregoing reasons, USG's Motion should be denied.

DATED: May 24, 2007

>    /SIGNED/
> JOSHUA GRAEME WHITAKER
> (U.S. Dist. Ct. for the Dist. of Md. Bar No. 16457)
> joshuawhitaker@griffinwhitaker.com
> EDWARD NELSON GRIFFIN
> (U.S. Dist. Ct. for the Dist. of Md. Bar No.16435)
> edwardgriffin@griffinwhitaker.com
> 8730 Georgia Avenue Suite LL100
> Silver Spring, MD  20910
> Telephone:     (301) 587-3345
> Facsimile:     (888) 367-0383
> Attorneys for Plaintiffs Christopher Bready, *et al.*

.

Docket Number 06-1791-VRW

CERTIFICATE OF SERVICE

I, Joshua Graeme Whitaker, the undersigned, do hereby declare and state as follows:

1. I am over 18 and not a party to this case. I am a partner at the firm of Griffin Whitaker, LLP.

2. My business address is 8730 Georgia Avenue, Suite LL100, Silver Spring, Maryland, 20910.

3. On May 24th 2007, I served a true and accurate copy of the attached MOTION FOR ADMINISTRATIVE RELIEF and PROPOSED ORDER thereof by electronic mail, utilizing this Court's electronic filing system.

I declare under the penalty of perjury that the foregoing is true.

DATED: May 24, 2007

       /SIGNED/
JOSHUA GRAEME WHITAKER
(U.S. Dist. Ct. for the Dist. of Md. Bar No. 16457)
joshuawhitaker@griffinwhitaker.com
8730 Georgia Avenue Suite LL100
Silver Spring, MD 20910
Telephone: (301) 587-3345
Facsimile: (888) 367-0383
Attorney for Plaintiffs Christopher Bready, *et al.*