Ilann M. Maazel
Matthew D. Brinckerhoff
Kennisha Austin
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
Telephone: (212) 763-5000
Facsimile: (212) 763-5001
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates to:<br><br>VIRGINIA SHUBERT, NOHA ARAFA, SARAH DRANOFF and HILARY BOTEIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>-against-<br><br>GEORGE W. BUSH, MICHAEL V. HAYDEN, KEITH B. ALEXANDER, ALBERTO GONZALES, JOHN ASHCROFT, UNITED STATES OF AMERICA, and JOHN/JANE DOES #1-100 (07-693) | MDL Dkt. No. 06-1791-VRW<br><br>**DECLARATION OF ILANN M. MAAZEL PURSUANT TO RULE 56(f) IN OPPOSITION TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT BY THE UNITED STATES AND THE OFFICIAL CAPACITY DEFENDANTS**<br><br>Date: August 30, 2007<br>Time: 2:00 pm<br>Courtroom: 6<br>Hon. Vaughn R. Walker |

Dockets.Justia.

ILANN M. MAAZEL declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a member of Emery Celli Brinckerhoff & Abady LLP, counsel for plaintiffs in this case. I make this declaration in opposition to the motion to dismiss, or in the alternative for summary judgment, by defendants United States of America and the Official Capacity Defendants.

2. As part of plaintiffs' opposition, plaintiffs incorporate by reference Exhibits A-KK attached to paragraph 2 of the "Declaration of Candace J. Morey In Support Of Plaintiffs' Joint Opposition To Motion To Dismiss Or, In The Alternative For Summary Judgment By The United States Of America And To State Secrets And Related Arguments In Verizon's Motion To Dismiss," dated June 22, 2007. (Relating to Class action in the Master MCI & Verizon Consolidated Complaint, and Case No. 06-6313, 06-6570, 06-3574).

3. I am familiar with the records and proceedings in this action, with the exception of the *in camera*, *ex parte* materials submitted to the Court by defendants. Plaintiffs have diligently developed the factual record relating to their claims. Although plaintiffs contend that their pleadings and evidence already set forth in the record of these proceedings are sufficient to defeat defendants' "motion to dismiss or, in the alternative, for summary judgment," should the Court believe that critical evidence is missing (whether by operation of the state secrets privilege or otherwise), plaintiffs respectfully submit that further information supporting their claims is in the hands of other parties. Non-privileged discovery is likely to reveal additional facts that will contribute to the genuine issues of material fact, thereby warranting

denial of defendants' "alternative" motion for summary judgment.

4. The information that plaintiffs intend to cover through discovery exists in several sources, as outlined below. As a preliminary matter, plaintiffs would ask the Court to require defendants to answer the Amended Complaint in this action, thereby generating admissions that would support plaintiffs' claims.

5. Under the multi-step protocol of the Foreign Intelligence Surveillance Act ("FISA"), Section 1806(f), whereby Congress superseded the common law state secrets privilege to allow courts to review sensitive material on all motions "to discover or obtain applications or orders or other materials relating to electronic surveillance," 50 U.S.C. § 1806, plaintiffs would propound targeted discovery on telecommunications carriers (such as AT&T, Verizon, & MCI) seeking information on the interception and disclosure of plaintiffs' communications to the Government. To the extent that the Court finds that it needs additional information on the challenged surveillance, and the Government asserts that such information would harm national security, the procedures of Section 1806(f) provide for the requisite discovery without undue risk of public disclosure.

6. In addition, under *Webster v. Doe*, 486 U.S. 592, 603 (1988), the Court has "latitude to control any discovery process which may be instituted so as to balance [plaintiffs'] need for access to proof . . . against the extraordinary needs of [defendants] for confidentiality and the protection of its methods, sources, and mission."

7. Specifically, plaintiffs would propound targeted discovery to these third-party carriers on the existence and scope of the content monitoring program.

8. To the extent necessary, plaintiffs would also propound targeted discovery

3

on defendants, concerning the existence and scope of the content monitoring program.

9. Plaintiffs would serve requests for admissions regarding the facts of the telecommunications carriers' interception of plaintiffs' communications for the Government.

10. Plaintiffs would serve requests for admissions regarding the facts of the telecommunications carriers' disclosure of plaintiffs' communications to the Government.

11. Defendants have previously stated in open court in *Hepting* that AT&T documents obtained by Mark Klein and accompanying declarations, "which documents allegedly demonstrate how AT&T has implemented a warrantless surveillance system on behalf of the NSA" did "not . . . contain classified information." *Hepting*, 439 F.Supp.2d at 989 (citing 6/23/6 Transcript at 76:9-20). Plaintiffs would serve requests for admissions, interrogatories, and document production requests on defendants and the telecommunications carriers seeking information on their network architecture and the manner in which they intercept plaintiffs' communications.

12. Plaintiffs would seek to obtain declarations from, or propound depositions to the confidential sources quoted in the various news reports describing the interception of plaintiffs' communications to overcome any possible hearsay objections, to the extent plaintiffs are able to identify those confidential sources.

13. Plaintiffs would seek to obtain declarations from, or propound depositions to past and future whistleblowers and government employees who have disclosed and/or who will disclose aspects of the spying program.

14. Plaintiffs would take depositions of Qwest executives regarding public statements made by Qwest executives that the NSA asked Qwest to intercept and disclose

customer communications.[1]

15. Each of the topics of targeted discovery outlined above is highly likely to yield further evidence of a genuine dispute of material facts relating to plaintiffs' claims.

Dated: July 19, 2007
New York, New York

_____
Ilann M. Maazel

---

[1] At this early stage of the litigation, plaintiffs naturally cannot anticipate every single source of discovery for this case. Plaintiffs reserve the right to seek other discovery as the case progresses.