1  PETER D. KEISLER
   Assistant Attorney General, Civil Division
2  CARL J. NICHOLS
   Deputy Assistant Attorney General
3  JOSEPH H. HUNT
   Director, Federal Programs Branch
4  ANTHONY J. COPPOLINO
   Special Litigation Counsel
5  Email: tony.coppolino@usdoj.gov
   ANDREW H. TANNENBAUM
6  Trial Attorney
   Email: andrew.tannenbaum@usdoj.gov
7  U.S. Department of Justice
   Civil Division, Federal Programs Branch
8  20 Massachusetts Avenue, NW, Rm. 6102
   Washington, D.C. 20001
9  Phone: (202) 514-4782/(202) 514-4263
   Fax: (202) 616-8460
10 *Attorneys for Defendants*

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14                                          )  **No. M:06-cv-01791-VRW**
   IN RE NATIONAL SECURITY AGENCY          )
15 TELECOMMUNICATIONS RECORDS              )  **DEFENDANTS' NOTICE OF**
   LITIGATION                              )  **STATUTORY AMENDMENTS TO THE**
16                                          )  **FOREIGN INTELLIGENCE**
   _____ )  **SURVEILLANCE ACT**
17                                          )
   This Document Relates Only To:          )
18                                          )  Judge:      Hon. Vaughn R. Walker
   *Center for Constitutional Rights v. Bush*, )  Date:       August 9, 2007
19 (Case No. 07-1115)                       )  Time:       2 p.m.
                                            )  Courtroom:  6, 17th Floor
20                                          )
                                            )
21 _____ )

22

23

24

25

26

27

   **Defendants' Notice of FISA Amendments**
28 *Center for Constitutional Rights v. Bush* (07-CV-1115-VRW)
   M:06-CV-1791-VRW

**DEFENDANTS' NOTICE OF STATUTORY AMENDMENTS TO THE FOREIGN INTELLIGENCE SURVEILLANCE ACT**

Defendants hereby give notice of the attached statute, signed into law by the President on August 5, 2007. *See* S. 1927, 110th Cong., 153 Cong. Rec. H9952-05 (enacted) (attached as Exhibit A). The statute, entitled the Protect America Act of 2007, amends the Foreign Intelligence Surveillance Act ("FISA") in a manner that bears directly on this case.

First, the statute amends FISA by clarifying that "[n]othing in the definition of electronic surveillance under [50 U.S.C. § 1801(f)] shall be construed to encompass surveillance directed at a person reasonably believed to be located outside of the United States." *Id.* § 2 (adding § 105A to FISA).

Second, the statute sets forth new procedures for authorizing acquisitions of foreign intelligence information concerning persons reasonably believed to be outside the United States. *See id.* (adding § 105B to FISA). In relevant part, the Director of National Intelligence ("DNI") and Attorney General may authorize such acquisitions for periods of up to one year if they determine, *inter alia*, that there are reasonable procedures in place for determining that the acquisition concerns persons reasonably believed to be outside the United States; the acquisition does not constitute electronic surveillance as defined by FISA; a significant purpose of the acquisition is to obtain foreign intelligence information; and the minimization procedures to be used with respect to such acquisition activity meet the definition of minimization procedures under 50 U.S.C. § 1801(h). *Id.* The determination of the DNI and Attorney General may be made orally if immediate action is required, but shall be reduced to a sworn written certification within 72 hours and transmitted to the Foreign Intelligence Surveillance Court ("FISC") "as soon as practicable." *Id.* The DNI and Attorney General are also authorized under the statute to direct a person to provide information, facilities, and assistance necessary to accomplish the acquisition and in such a manner as to preserve secrecy. *See id.* The Government may request the FISC to enforce the directive, which the FISC shall do if the directive was issued in accordance with the directive provision and is otherwise lawful, and the person may challenge

the legality of the directive with a FISC judge pursuant to certain procedures. *See id.*

Third, the statute provides for judicial review by the FISC of the procedures by which the Government determines that acquisitions conducted pursuant to section 105B do not constitute electronic surveillance. *See id.* § 3 (adding § 105C to FISA). Within 120 days of enactment, and annually thereafter, the Attorney General is required to submit those procedures to the FISC, and within 180 days of enactment the FISC is required to assess the Government's determination that the procedures are reasonably designed to ensure that the acquisitions do not constitute electronic surveillance. *Id.* If the FISC concludes that the Government's determination is clearly erroneous, it shall direct the Government to submit new procedures within 30 days or cease any implicated acquisitions; otherwise, it shall approve the continued use of such procedures. *Id.* The Government may appeal any adverse order to the Foreign Intelligence Surveillance Court of Review and, ultimately, the Supreme Court, and any affected acquisitions may continue during the pendency of the appeal. *See id.*

Fourth, the statute provides for congressional oversight by requiring the Attorney General on a semi-annual basis to inform the Senate Select Committee on Intelligence, the House Permanent Select Committee on Intelligence, the Senate Judiciary Committee, and the House Judiciary Committee of the number of certifications and directives issued, as well as any incidents of non-compliance. *See id.* § 4. The DNI and Attorney General are also required to assess compliance with minimization procedures and report such assessments to the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence. *See id.* § 2 (§ 105B(d)).

Finally, the statute expires 180 days after the date of enactment, although authorizations for the acquisition of foreign intelligence information pursuant to the statute shall remain in effect until their expiration, and the Government has the option during the 180 days to continue to seek the FISC's authorization or reauthorization of surveillance under the provisions of FISA as they existed on the day before enactment of these amendments. *See id.* § 6.

* * *

This action should be dismissed for all of the reasons that we have previously explained,

regardless of the foregoing FISA amendments.  Because the basis for Plaintiffs' claims is their

alleged communications with individuals located outside of the United States suspected of links

to al Qaeda or other terrorist groups, however, the FISA amendments provide an additional basis

for dismissal.  *See* Compl. ¶¶ 3-5, 36-44.  Indeed, now that Congress, in returning to the balance

it generally struck when it enacted FISA in 1978, has expressly clarified that surveillance

directed at individuals reasonably believed to be outside the United States does not constitute

electronic surveillance as defined in FISA, Plaintiffs cannot claim that any alleged surveillance

directed at individuals outside the United States violates FISA, the Administrative Procedure

Act, or the separation of powers doctrine.  Moreover, because the statute subjects such

surveillance to certain procedures, minimization requirements, FISC review, and congressional

oversight, Plaintiffs' allegations of a First Amendment chill are further negated.  By Plaintiffs'

own description, their alleged chill derives from their belief that the now-inoperative Terrorist

Surveillance Program did not involve FISA minimization procedures, and while we have

explained why that alleged chill was plainly insufficient before the FISA amendments, the

statute now expressly applies FISA minimization procedures to surveillance conducted pursuant

to the amendments and directed at individuals outside the United States.[1]

The fact that the Protect America Act is set to expire in six months should not delay the

Court from dismissing this case on any number of valid grounds previously identified by

Defendants.  As we have explained, Plaintiffs' allegations of injury were never sufficient from

the outset of this case, and state secrets would be needed to fully adjudicate Plaintiffs' claims.

Moreover, while the sunset provision should not preclude the Court from granting our motion to

dismiss or for summary judgment at any time, it should, at the very least, preclude the Court

---

[1] Although the statutory amendments may not be dispositive of a Fourth Amendment claim, Plaintiffs have abandoned any claim of actual interception.

from granting Plaintiffs' summary judgment motion during the next six months when FISA, on its face, clarifies that surveillance directed at individuals reasonably believed to be outside the United States does not constitute "electronic surveillance."[2]


DATED: August 8, 2007                    Respectfully Submitted,

                                         PETER D. KEISLER
                                         Assistant Attorney General, Civil Division

                                         CARL J. NICHOLS
                                         Deputy Assistant Attorney General

                                         JOSEPH H. HUNT
                                         Director, Federal Programs Branch

                                         _____/s/ Anthony J. Coppolino_____
                                         ANTHONY J. COPPOLINO
                                         Special Litigation Counsel
                                         tony.coppolino@usdoj.gov

                                         _____/s/ Andrew H. Tannenbaum_____
                                         ANDREW H. TANNENBAUM
                                         Trial Attorney
                                         andrew.tannenbaum@usdoj.gov

                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue, NW
                                         Washington, D.C. 20001
                                         Phone:  (202) 514-4782
                                                 (202) 514-4263
                                         Fax:    (202) 616-8460

---

[2] Of course, we submit that the Court should not grant Plaintiffs' summary judgment motion in any event, not only for the various reasons that we have argued in support of dismissal, but also because, as we have explained, at the very least the state secrets questions must be conclusively decided before Defendants could adequately respond to the merits of Plaintiffs' motion.

**Defendants' Notice of FISA Amendments**
*Center for Constitutional Rights v. Bush* (07-CV-1115-VRW)
M:06-CV-1791-VRW

4