1  PETER D. KEISLER
   Assistant Attorney General, Civil Division
2  CARL J. NICHOLS
   Deputy Assistant Attorney General
3  DOUGLAS N. LETTER
   Terrorism Litigation Counsel
4  JOSEPH H. HUNT
   Director, Federal Programs Branch
5  ANTHONY J. COPPOLINO
   Special Litigation Counsel
6  ANDREW H. TANNENBAUM
   ALEXANDER K. HAAS (SBN 220932)
7  Trial Attorneys
   Email: tony.coppolino@usdoj.gov
8  U.S. Department of Justice
   Civil Division, Federal Programs Branch
9  20 Massachusetts Avenue, NW, Rm. 6102
   Washington, D.C. 20001
10 Phone: (202) 514-4782
   Fax: (202) 616-8460
11 *Attorneys for Federal Defendants Sued in their Official Capacities
   and the Federal Intervenor-Defendants (United States of America,*
12 *National Security Agency, President George W. Bush)*

13                  **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN FRANCISCO DIVISION**

16                                    )    **No. M:06-cv-01791-VRW**
   IN RE NATIONAL SECURITY AGENCY   )
17 TELECOMMUNICATIONS RECORDS       )    **REPLY BY THE UNITED STATES OF**
   LITIGATION                       )    **AMERICA IN SUPPORT OF**
18                                    )    **THE MOTION TO INTERVENE**
   _____ )
19                                    )    Judge: Hon. Vaughn R. Walker
   This Document Relates To:        )    Courtroom 6
20                                    )    Date: August 30, 2007; 2:00 p.m.
   *Bready* (MDL 06-06313)           )
21 _____ )

22

23

24

25

26

27

28
   _____
   No. M:06-cv-01791-VRW—REPLY BY THE UNITED STATES OF AMERICA IN SUPPORT OF THE
   MOTION TO INTERVENE

Dockets.Justia.com

**INTRODUCTION**

The United States submits this reply in further support of its motion to intervene in the *Bready* action (MDL No. 06-06313). The *Bready* plaintiffs oppose the United States' intervention on these grounds that: (i) it is "not ripe, and therefore untimely;" (ii) the United States' either has no interest in the *Bready* litigation or has an indirect interest not sufficient for intervention purposes; and (iii) Verizon adequately represents the United States' interests. *See* Bready Intervention Opposition ("Bready Opp.), Dkt. 292 at 2-6. Each of these arguments is misguided. Where, as here, the very object of the suit is Verizon's alleged participation in alleged intelligence operations of the United States, and plaintiffs cannot establish even a prima facie case, let alone fully litigate the action, absent discovery into the alleged cooperation between Verizon and the United States, it is plain that the United States is entitled to intervene in order to assert the state secrets privilege. The Court should therefore grant the United States' motion to intervene for the same reasons it already did in *Riordan*, a virtually identical case.

**I.      THE UNITED STATES' MOTION IS TIMELY**

The *Bready* plaintiffs argue that the United States' motion is "not ripe" because the Court has not determined whether it has subject matter jurisdiction. *See* Bready Opp. at 2. Although this argument is unexplained, plaintiffs apparently are referring to the fact that this case was initially filed in state court and was subject to an unresolved remand motion before the transfer by the Judicial Panel on Multidistrict Litigation. But this Court already has held that identical actions are properly removed to federal court. *In re NSA Telecomm. Records Litig.*, 483 F. Supp. 2d 934, 947 (N.D. Cal. 2007). There is therefore no question that this Court has jurisdiction over this action.[1]

---

[1] It is remarkable that plaintiffs somehow contest this Court's jurisdiction where they have previously sought an order to show cause "as to why the Court's resolution of the remand motions of [*Campbell* and *Riordan*] . . . should not be applied to the remand motion pending in [*Bready*]. *See* Bready Motion for Administrative Relief, Dkt. 94at 2 (Dec. 19, 2006).

## II. THE UNITED STATES' INTEREST IS MORE THAN SUFFICIENT TO JUSTIFY ITS INTERVENTION.

The *Bready* plaintiffs also argue that the United States has no "legally protectable interest" in this case, or to the extent that it does, those interests are "indirect and contingent" and therefore not sufficient to justify intervention. *See* Bready Opp. at 3-5. This argument is misguided at best. The central allegation of this suit is that "without any court, legislative, or consumer authorization for such disclosure . . . the United States Government requested that telephone and internet communication service companies, including [Verizon], participate in a 'data mining' program that would monitor telephone and internet communication in a search for terrorist activity." *Bready* Compl. ¶ 2. By the plaintiffs' own allegations, this case is directed against alleged intelligence activities of the United States and Verizon's alleged involvement in those alleged activities. The United States clearly has a direct interest in protecting against the unauthorized disclosure in litigation of information that may harm national security interests, *see United States v. Reynolds*, 345 U.S. 1, 7-8 (1953). Given the allegations in plaintiffs' complaint, it is plain that the United States' interest is a legally protectable one and is directly implicated and therefore sufficient for intervention purposes.[2]

## III. VERIZON DOES NOT ADEQUATELY REPRESENT THE UNITED STATES' INTEREST.

The *Bready* plaintiffs also argue that the United States' interest is adequately represented because the Verizon Defendants have presented "a myriad of defenses." *See* Bready Opp. at 5-6. But only the United States may assert the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why continued litigation of the matter threatens the national security. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege must be asserted by

---

[2] Other of plaintiffs' assertions, such as whether the alleged intelligence operations of the United States are "disallowed under Maryland law," *see* Bready Opp. at 4, are irrelevant to the issue of whether the United States has an interest in the course of the litigation sufficient to justify intervention. Indeed, irrespective of the plainly wrong assertion that a state's law has any bearing on the legality of an alleged *federal* program, *see* U.S. Const. Art VI, the legality of Verizon's and the United States' alleged conduct is a merits question.

1  head of department which has control over issue).  And the *Bready* plaintiffs have not established

2  that any of the other parties to this litigation have the same interest in preventing the disclosure of

3  information protected by the state secrets privilege.  *See Southwest Ctr. for Biological Diversity*,

4  268 F.3d 810, 822-23 (9th Cir. 2001).

5  **CONCLUSION**

6       For the foregoing reasons and the reasons set forth in the motion to intervene, the Court

7  should permit the United States to intervene in the above-captioned action.

8  DATED: August 16, 2007         Respectfully Submitted,

9                           PETER D. KEISLER
                         Assistant Attorney General, Civil Division

10

11                           CARL J. NICHOLS
                         Deputy Assistant Attorney General

12                           DOUGLAS N. LETTER
                         Terrorism Litigation Counsel

13

14                           JOSEPH H. HUNT
                         Director, Federal Programs Branch

15                               */s/ Anthony J. Coppolino*
                         ANTHONY J. COPPOLINO

16                           Special Litigation Counsel

17                               */s/ Alexander K. Haas*
                         ANDREW H. TANNENBAUM

18                           ALEXANDER K. HAAS (SBN 220932)
                         Trial Attorneys

19                           U.S. Department of Justice
                         Civil Division, Federal Programs Branch

20                           20 Massachusetts Avenue, NW
                         Washington, D.C. 20001

21                           Phone:   (202) 514-4782 — Fax: (202) 616-8460
                         Email: tony.coppolino@usdoj.gov

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MOTION TO INTERVENE BY THE**

**UNITED STATES OF AMERICA** with the Court's CM/ECF system and was served thereby

this 16th day of August 2007 on:

Joshua Graeme Whitaker
Griffin Whitaker LLP
8730 Georgia Avenue
Suite LL100
Silver Spring, MD 20910


John Rogovin
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006-3642


                                        /s/ Alexander K. Haas
                                        Alexander K. Haas