ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL CASES except AL HARAMAIN v. BUSH 07-0109; CENTER FOR CONSTITUTIONAL RIGHTS v. BUSH 07-1115; UNITED STATES V. FARBER, ET AL 07-1324; UNITED STATES V. ADAMS, ET. AL. 07-1323; UNITED STATES V. PALERMINO, ET AL, 07-1326; UNITED STATES V. VOLZ, ET AL, 07-1396 | MDL Docket No 06-1791 VRW<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR ORDER TO PRESERVE EVIDENCE; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO PRESERVE EVIDENCE**<br><br>Date: October 25, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**MOTION**

Plaintiffs hereby move the Court for an order requiring all parties to preserve documents that they know, or reasonably should know, are relevant to the above titled action. Plaintiffs seek to prevent parties from altering or destroying such information. This motion is based on the notice of motion filed on September 10, 2007 (MDL Dkt. No. 371), this motion and memorandum of points and authorities, as well as any declarations, exhibits, and evidence filed in support thereof, the pleadings and papers filed in this action, and oral arguments of counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the Manual for Complex Litigation § 11.442, Plaintiffs request that this Court issue a preservation order to ensure that defendants do not destroy or alter documents — including stored electronic information — relevant to the claims in the above titled action.[1] Defendants have a duty to preserve documents that they know, or reasonably should know, are relevant to the pending lawsuits. *Silvestri v. General Motors*, 271 F.3d 583, 591 (4th Cir.2001); *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998); *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1067 (N.D.Cal.2006); *World Courier v. Barone*, No. C 06-3072 TEH, 2007 WL 1119196 at *1 (N.D.Cal. Apr 16, 2007); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y.2003). *National Assoc. of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-67 (N.D.Cal.1987); *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D.Cal.1984).

Plaintiffs bring this motion because the government, speaking on behalf of all of the defendants, has refused to acknowledge that this well-settled preservation duty applies in this case or to confirm that defendants have taken the necessary steps, such as instituting a litigation hold, to

---

[1] The Court has authority to issue such preservation orders. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) (noting that courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Niggard Sec. Ins. Co. v. Lakewood Egg's & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir.1992) (a court's power includes the "broad discretion to make ... evidentiary rulings conducive to the conduct of a fair and orderly trial."); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 434 n.2 (W.D.Pa.2004) ("recognizing that it has become routine to order the preservation of evidence prior to the beginning of the discovery period at the initial case management conference and sometimes even before such a conference in complex litigation").

abide by it. Plaintiffs simply wish to ensure that potentially admissible evidence is not being destroyed while this case awaits discovery and trial. Plaintiffs propose a two-step process to take into account the concerns the government has raised about the implications of its state secrets privilege assertions on the normal processes required under Federal Rule of Civil Procedure 26(f): a first step consisting of a general preservation order based on the settled caselaw and a more tailored approach after the Ninth Circuit decision in *Hepting*.

The vast majority of plaintiffs' discovery efforts in this litigation will be directed at the telecommunication defendants, not the government. As this Court is well aware, proof of plaintiffs' claims requires only that the carriers acquired customer communications for the government and/or disclosed customer communications records to the government.[2] Plaintiffs need not discover whether or how the government analyzed, reviewed, "mined," or targeted any of the communications and records that the carriers unlawfully disclosed. Thus, the primary preservation duty also rests with the carriers, not the government.

Nevertheless, the government has intervened in the discussions between the carrier defendants and the plaintiffs about preservation of evidence. Declaration of Cindy Cohn in Support of Plaintiffs' Motion to Preserve Evidence ("Cohn Decl.") filed herewith, Exhibit A (Coppolino email of August 2, 2007). For over a year, the parties have attempted to arrive at a stipulation concerning their duties to preserve such documents. Those attempts have not succeeded, and the parties agreed to submit this issue to the Court.[3]

Plaintiffs have asked merely that the defendants acknowledge and agree to abide by their duties to preserve relevant evidence. Plaintiffs referenced two leading cases in their request:

---

[2] This MDL includes *Shubert v. Bush,* in which the government is a defendant. Yet the limited nature of plaintiffs' proof is true for those claims as well. The subpoenas and other instruments at issue in the State Administrator cases *Clayton* and *Gaw*, in which the government is a plaintiff, were also originally aimed solely at the carriers.

[3] The government maintains that it is willing to submit information on this issue to the Court *ex parte, in camera*. Congress has designated the proper procedure for such a submission in 50 U.S.C. 1806(f), and the parties anticipate that the government's opposition papers will seek to invoke those procedures. Moreover, the government maintains that no oral argument should be heard on this issue, again citing its state secrets concerns. Plaintiffs believe that there is no state secrets issue raised by the limited Order sought here — merely requiring the defendants and the government to abide by the basic preservation duties required of all civil litigants — and that oral argument may assist the Court in this decision.

> [You have a d]uty to preserve what you know or reasonably should know will be relevant evidence in these pending lawsuits, including any evidence the destruction of which would prejudice plaintiffs. We expect that you understand that this duty includes the institution of a "litigation hold" on any document retention/destruction policies in effect. *In re Napster, Inc. Copyright Litigation* 462 F.Supp.2d 1060 (N.D. Cal. 2006). The information that must be preserved is any that would tend to support (or disprove) plaintiffs claims. *Zublake v. UBS Warburg LLC,* 220 FRD 212, 217-8 (S.D.N.Y. 2003).

Cohn Decl., Exh. B (July 13, 2007 email from Cohn to defendants and government). Citing its invocation of the state secrets privilege, the government has maintained that neither they nor the carriers can do so. *See e.g.* Cohn Decl., Exh. A. (August 2, 2007 email from government, on behalf of all defendants, "we do not believe it would be appropriate to rely on general understandings of what the law provides"). Plaintiffs are concerned that defendant's refusal to agree to the bare minimum preservation duties -- the standard legal obligations provided by settled caselaw -- reflects an interpretation that those obligations do not apply or apply in some strained way that will result in the destruction of evidence and prejudice to plaintiffs.

There is no legal authority providing for an alteration in the duty to preserve evidence due to the invocation of the state secrets privilege. To the contrary, "invocation of the privilege results in no alteration of pertinent substantive or procedural rules…," *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983). Congress, in the Federal Rules of Civil Procedure, has delineated the procedures applicable when a party invokes such a privilege, and the Supreme Court explicitly relied upon the Federal Rules in *United States v. Reynolds*, 345 U.S. 1, 6 (1953). Those rules require the invoking party to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." F.R.C.P. 26(b)(5)(A). Importantly, where there is a dispute over privilege, "[t]he producing party must preserve the information until the claim is resolved." F.R.C.P. 26(b)(5)(B).

These rules reinforce the principal articulated in *Reynolds* that "[t]he court itself must determine whether the circumstances are appropriate for the claim of privilege," *Reynolds*, 345 U.S. at 8, a process which may "require a complete disclosure to the judge before the claim of

privilege will be accepted. . .". *Id*., at 10. They also dovetail with the procedures Congress detailed in 50 U.S.C. § 1806(f). A party's failure to preserve documents would, thus, interfere with the Court's procedural prerogatives as well as a determination on the merits.

None of the exceptions to discovery contained in F.R.C.P. 26(b) excuse defendants from their duty to preserve relevant evidence. As the comments to that rule make clear, "[a] party's identification of sources of electronically stored information as not reasonably accessible does not relieve the party of its common-law or statutory duties to preserve evidence." Advisory Committee Notes to 2006 Amendment of F.R.C.P. 26. Thus the rules and applicable caselaw are clear that the defendants have an affirmative preservation duty and there is no basis for altering that duty due to the assertion of the state secrets privilege.

Plaintiffs recognize that the invocation of the state secrets privilege may pose some impediments to the specific party discussion contemplated by F.R.C.P. 26(f). Fortunately, the rule is flexible enough to allow this court to modify, or relieve the parties of, the requirements of conferring on preservation issues. In recognition of the government's concerns, plaintiffs are willing to forego this more detailed discussion for the time being, until the Court determines what, if any, information is covered by the state secrets privilege. For the same reason, plaintiffs have acknowledged that defendants need not admit at this time, even by implication, that any relevant documents exist. Cohn Decl., Exh. B (Cohn email of July 13, 2007).[4]

Plaintiffs do require adequate assurance that relevant information is not being destroyed, however. As noted, regardless of whether or not plaintiffs eventually get to see such information, the Court itself, may need to examine it. *United States v. Reynolds*, 345 U.S. 1. 10 (1953); 50 U.S.C. § 1806(f). Plaintiffs, therefore, have sought a modest initial agreement, asking defendants to acknowledge that they will abide by their duty to preserve what they know, or reasonably should know, will be relevant evidence in these pending lawsuits based on the well-settled standards for

---

[4] Plaintiffs note, however, that Director of National Intelligence Michael McConnell has recently admitted that the government's "partner" in warrantless wiretapping has been sued, indicating that at least one of the defendants in this litigation will have documents relevant to this litigation. *In Re National Security Agency Telecommunications Records Litigation*, MDL No. 1791, Dkt. No. 363, Plaintiffs' Second Supplemental Request for Judicial Notice for the Motions to Dismiss by Verizon.

preservation in the caselaw. Cohn Decl., Exh. C. (Cohn email of April 30, 2007).

The government has responded by claiming that defendants cannot state what their preservation obligations include at even this most abstract level. Cohn Decl., Exh. A, (Coppolino email of August 2, 2007). The government has only offered the following carefully worded statement: "We do understand that parties to litigation have obligations to take steps to preserve their relevant evidence." Cohn Decl., Exh. C, (Coppolino email of June 29, 2007). But when asked to acknowledge that the caselaw requires these steps include the cessation of standard data retention/destruction practices that purge relevant evidence, the government has repeatedly refused. Cohn Decl., Exh. A & C. Given the government's precise choice of wording in its representations in the past, this Court should not leave the outcome of this critical matter to the government's possibly cramped interpretation of its carefully worded statement in attorney correspondence.

Finally, even assuming that the government's assertion of the state secrets privilege somehow modifies the preservation obligation as to the material reasonably subject to the asserted state secrets privilege, defendants cannot credibly maintain that *all* potentially discoverable information is encompassed by the privilege claim. For instance, in the *Hepting* case the government has expressly and repeatedly disclaimed that the privilege extends to the information and testimony presented by Mr. Klein. *Hepting v. AT & T Corp.*, Transcript of June 23, 2006 Hearing at 76:8-23; *See also*, *Hepting v. AT & T Corp.*, 439 F. Supp. 2d 974, 989 (N.D. Cal 2006). Discovery arising from that information, which the *Hepting* plaintiffs have long included in their list of likely discovery (Plaintiffs' Brief on the Order to Show Cause, MDL Dkt. No. 317, August 8, 2006), would similarly be outside the scope of any reasonable claim of privilege and should be preserved.

Plaintiffs ask that this Court consider an initial order that requires defendants to abide by their duty to preserve what they know or reasonably should know will be relevant evidence. This duty should include a suspension of defendants' document retention/destruction policies and the institution of a "litigation hold." *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1070 (N.D. Cal. 2006); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216-18 (S.D.N.Y.2003); Advisory Committee Notes to 2006 Amendment of F.R.C.P. 37(f) ("[A] party is not permitted to

exploit the routine operation of an information system to thwart discovery obligations by allowing that operation to continue in order to destroy specific stored information that it is required to preserve. When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold.'"); *Doe v. Norwalk Community College*, No. 3:04-CV-1976 (JCH), 2007 WL 2066497 at *4 (D.Conn. July 16, 2007) ( "[A] party needs to act affirmatively to prevent the system from destroying or altering information, even if such destruction would occur in the regular course of business."); *See also, Miller v. Holzmann*, CA No. 95-01231 (RCL/JMF), 2007 WL 172327, at *5 (D. D.C. Jan. 17, 2007) (referencing the need to deal with programming of computers to prevent routine destruction of information); *Tantivy Commc'ns, Inc. v. Lucent Techs., Inc.*, No. Civ.A.2:04CV79, 2005 WL 2860976 at *2 (E.D.Tex. Nov. 1, 2005) (stating that party and counsel permitted loss of electronic documents due to system operations without credible explanation).

Once a basic preservation order is in place plaintiffs are willing to await the Ninth Circuit decision in *Hepting* before engaging in a discussion about further tailoring of the order. As the Court has considered previously, it may make sense to employ a special master with appropriate clearances and expertise to aid in this process.

As one court fittingly observed, "when critical documents go missing, judges and litigants alike descend into a world of *ad hocery* and half measures — and our civil justice system suffers." *United Med. Supply Co. Inc. v. U.S.*, No. 03-289C, 2007 WL 1952680 at *1 (Fed. Cl. June 27, 2007). Plaintiffs urge this Court to prevent defendants from using the government's privilege claims to sidestep their preservation obligations.

Accordingly, plaintiffs respectfully request that this Court issue a Preservation Order as described above and in the Proposed Order filed herewith.

| | |
|---|---|
| DATED: September 20, 2007 | ELECTRONIC FRONTIER FOUNDATION |
| | By _____/s/_____<br>Cindy A. Cohn, Esq. (SBN 145997)<br>Lee Tien, Esq. (SBN 148216)<br>Kurt Opsahl, Esq. (SBN 191303)<br>Kevin S. Bankston, Esq. (SBN 217026)<br>Corynne McSherry, Esq. (SBN 221504)<br>James S. Tyre, Esq. (SBN 083117)<br>454 Shotwell Street<br>San Francisco, CA 94110<br>Telephone: (415) 436-9333 x108<br>Facsimile: (415) 436-9993 |
| | ATTORNEYS FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE |

Additional Plaintiffs' Counsel on Executive Committee and Liaison Counsel:

| | |
|---|---|
| ROGER BALDWIN FOUNDATION OF ACLU<br>HARVEY GROSSMAN<br>ADAM SCHWARTZ<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 201-9760 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER<br>BARRY R. HIMMELSTEIN<br>ERIC B. FASTIFF<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE | PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS |
| MOTLEY RICE LLC<br>RONALD MOTLEY<br>DONALD MIGLIORI<br>JODI WESTBROOK FLOWERS<br>JUSTIN KAPLAN<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465<br>Telephone: (843) 216-9163<br>Facsimile: (843) 216-9680 | GEORGE & BROTHERS, L.L.P.<br>R. JAMES GEORGE, JR.<br>DOUGLAS BROTHERS<br>1100 Norwood Tower<br>114 W. 7th Street<br>Austin, Texas 78701<br>Telephone: (512) 495-1400<br>Facsimile: (512) 499-0094 |
| PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS AND | PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS |

| | |
|---|---|
| MISCELLANEOUS SUBSCRIBER CLASSES | |
| | |
| THE MASON LAW FIRM, PC<br>GARY E. MASON<br>NICHOLAS A. MIGLIACCIO<br>1225 19th St., NW, Ste. 500<br>Washington, DC 20036<br>Telephone: (202) 429-2290<br>Facsimile: (202) 429-2294<br><br>PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS | MAYER LAW GROUP<br>CARL J. MAYER<br>66 Witherspoon Street, Suite 414<br>Princeton, New Jersey 08542<br>Telephone: (609) 921-8025<br>Facsimile: (609) 921-6964<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |
| BRUCE I AFRAN, ESQ.<br>10 Braeburn Drive<br>Princeton, NJ 08540<br>609-924-2075<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS | LISKA, EXNICIOS & NUNGESSER ATTORNEYS-AT-LAW<br>VAL PATRICK EXNICIOS<br>One Canal Place, Suite 2290<br>365 Canal Street<br>New Orleans, LA 70130<br>Telephone: (504) 410-9611<br>Facsimile: (504) 410-9937<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |
| KRISLOV & ASSOCIATES, LTD.<br>CLINTON A. KRISLOV<br>20 North Wacker Drive<br>Suite 1350<br>Chicago, IL 60606<br>Telephone: (312) 606-0500<br>Facsimile: (312) 606-0207<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS | THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ.<br>STEVEN E. SCHWARZ<br>2461 W. Foster Ave., #1W<br>Chicago, IL 60625<br>Telephone: (773) 837-6134<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |
| ROGER BALDWIN FOUNDATION OF ACLU<br>HARVEY GROSSMAN<br>ADAM SCHWARTZ<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER<br>BARRY R. HIMMELSTEIN<br>ERIC B. FASTIFF<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000 |

| | |
|---|---|
| Facsimile: (312) 201-9760 | Facsimile: (415) 956-1008 |
| PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE | PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS |

PEGGY A. WHIPPLE (MO 54758)
JENNIFER HEINTZ (MO 57128)
P.O. BOX 360
Jefferson City, MO 65102

ATTORNEYS FOR MISSOURI PUBLIC SERVICE COMMISSION
(Plaintifs in Clayton v. AT&T, 07-1187) and Defendants in United States v. Gaw, 07-1242

| | |
|---|---|
| 1 | **<u>CERTIFICATE OF SERVICE</u>** |
| 2 | I hereby certify that on September 20, 2007, I electronically filed the foregoing with the |
| 3 | Clerk of the Court using the CM/ECF system which will send notification of such filing to the e- |
| 4 | mail addresses denoted on the attached Electronic Mail Notice List. |

By     /s/
    Cindy A. Cohn, Esq. (SBN.145997)
    ELECTRONIC FRONTIER FOUNDATION
    454 Shotwell Street
    San Francisco, CA 94110
    Telephone:   (415) 436-9333 x108
    Facsimile:    (415) 436-9993
    cindy@eff.org