| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP<br>John A. Rogovin (*pro hac vice*)<br>Randolph D. Moss (*pro hac vice*)<br>Samir C. Jain   SBN 181572<br>Brian M. Boynton   SBN 222193<br>Catherine M.A. Carroll (*pro hac vice*)<br>1875 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Fax: (202) 663-6363<br>Email: john.rogovin@wilmerhale.com<br><br>Randal S. Milch (*pro hac vice*)<br>Verizon Communications Inc.<br>One Verizon Way, VC 43E043<br>Basking Ridge, NJ 07920<br>Telephone: (908) 559-1752<br>Fax: (908) 696-2136 | MUNGER, TOLLES & OLSON LLP<br>Henry Weissmann   SBN 132418<br>Susan R. Szabo   SBN 155315<br>Aimee A. Feinberg   SBN 223309<br>355 South Grand Avenue, Suite 3500<br>Los Angeles, CA 90071-1560<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702<br>Email: Henry.Weissmann@mto.com |

Attorneys for Verizon Communications Inc.,
Verizon Northwest Inc., Verizon Florida Inc.,
Verizon Maryland Inc., Verizon Global Networks Inc.,
MCI, LLC, and MCI Communications Services, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>All Actions Against the MCI and Verizon Defendants, except for *United States v. Rabner*, 07-1324; *United States v. Adams*, 07-1323; *United States v. Palermino*, 07-1326; and *United States v. Volz*, 07-1396 | **MDL NO. 06-1791 VRW** (Nos. 06-6434 VRW, 06-5066 VRW, 06-6313 VRW, 06-6570 VRW, 06-5576 VRW, 06-6254 VRW, 06-6222 VRW, 06-6224 VRW, 06-6387 VRW, 06-5267 VRW, 06-5343 VRW, 06-5341 VRW, 06-5485 VRW, 06-5064 VRW, 06-5063 VRW, 07-2029 VRW, 06-6435 VRW, 06-3574 VRW, 06-6388 VRW, 06-4221 VRW, 07-2538 VRW)<br><br>**VERIZON'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO PRESERVE EVIDENCE**<br><br>Hearing Date: November 15, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6 (17th floor)<br>Judge: Hon. Vaughn R. Walker |

The Verizon and MCI Defendants[1] (hereinafter "the Verizon Defendants") respectfully submit this brief in opposition to Plaintiffs' motion for an order to preserve evidence (Dkt. 373). For the reasons explained in the United States' opposition brief, Plaintiffs' motion should be denied.

The Verizon Defendants recognize the existence of legal obligations with respect to the preservation of potentially discoverable evidence. If and to the extent any evidence potentially discoverable in this litigation exists, the Verizon Defendants agree that they are obligated to take reasonable steps to preserve any such evidence. The government's assertion of the state secrets privilege, however, precludes the Verizon Defendants from discussing with Plaintiffs how any preservation obligations would apply in the particular context of this case.

Nothing in this brief should be construed as an admission or denial that any evidence potentially relevant to Plaintiffs' allegations exists.

Dated: October 25, 2007

        WILMER CUTLER PICKERING HALE AND DORR LLP

        MUNGER, TOLLES & OLSON LLP

        Randal S. Milch

        By: /s/ John A. Rogovin
        _____
            John A. Rogovin

        Attorneys for Verizon Communications Inc., Verizon Northwest Inc., Verizon Florida Inc., Verizon Maryland Inc., Verizon Global Networks Inc., MCI, LLC, and MCI Communications Services, Inc.

---

[1] Verizon Communications Inc. and MCI, LLC continue to contest that they are subject to personal jurisdiction in the cases at issue in their motion to dismiss for lack of personal jurisdiction (Dkt. 268) and intend to re-notice that motion at an appropriate time in accordance with the Court's September 27, 2007 order (Dkt. 379).