IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |
| This Document Relates To: | |
| ALL CASES | |
| _____/ | |

     Plaintiffs have moved for an order prohibiting the alteration or destruction of evidence during the pendency of this action. MDL Doc # 384. The United States has filed papers opposing the motion, Doc # 386, and has prepared and lodged with the court a confidential submission designed for ex parte, in camera review. Doc # 387. Telephone company defendants AT&T, Cingular, Bellsouth, Sprint and Verizon have joined in the United States's opposition to plaintiffs' motion. Doc # 365, 388, 390.

     Upon careful review of the non-confidential papers submitted in support of and in opposition to the motion, the court

has determined that (1) no hearing on the motion is necessary; (2) an order requiring the preservation of evidence is appropriate; and (3) an interim order shall forthwith enter requiring the parties to take steps to prevent the alteration or destruction of evidence as follows:

    A. Until the issues in these proceedings can be further refined in light of the guidance and directives anticipated to be received upon appellate review of the court's decision in <u>Hepting v AT&T Corporation</u>, 439 F Supp 974 (N D Cal 2006) and of the Oregon district court's decision in <u>Al-Haramain Islamic Foundation, Inc v Bush</u>, 451 F Supp 2d 1215 (D Or 2006), the court reminds all parties of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees of corporate or institutional parties.

    B. "Documents, data and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries,

compilations, computations, charts, diagrams, graphic presentations, drawings, films, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata, is also included in this definition.

  **C.** "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery under FRCP 26, 45 and 56(e) in this action.  Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

  **D.** Counsel are directed to inquire of their respective clients if the business practices of any party involve the routine destruction, recycling, relocation, or mutation os such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to

  (1) halt such business processes;

  (2) sequester or remove such material from the business process; or

  (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

\\

**3**

The most senior lawyer or lead trial counsel representing each party shall, not later than December 14, 2007, submit to the court under seal and pursuant to FRCP 11, a statement that the directive in paragraph D, above, has been carried out.

  The clerk is directed to vacate the hearing now scheduled for November 15, 2007 in this matter.

  IT IS SO ORDERED.

  **VAUGHN R WALKER**
  United States District Chief Judge