UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>All cases naming AT&T entities as defendants[1] | MDL Docket No 06-1791 VRW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JOHN R. GILLESPIE IN COMPLIANCE WITH PRESERVATION ORDER**<br><br>Judge: The Hon. Vaughn R. Walker |

I, JOHN R. GILLESPIE, declare and state:

1. I am an attorney duly licensed to practice before all of the courts of the State of Florida as well as the United States District Court for the Southern District of Florida and other courts. I am counsel of record for Theresa Fortnash, proposed class representative in the case initially filed in the the United States District Court for the Southern District of Florida styled *Fortnash v. AT&T*.

2. I have personal knowledge of the matters stated herein, except where I have indicated below that my knowledge is based on information and belief. If called upon, I could and would competently testify thereto.

3. On November 6, 2007, the Court issued an Order that "reminds all parties of their duty to preserve evidence that may be relevant to this action." 06 MDL 1791 Docket No. 393 ("Preservation Order").

4. The Preservation Order directs counsel "to inquire of their respective clients if the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to (1) halt such business processes; (2) sequester or remove such material from the business process; or (3) arrange for the preservation of complete and accurate duplicates or copies of such

Lycos, Inc. v. Verizon Communications, Inc.　　Doc. 421

Dockets.Justia.com

material, suitable for later discovery if requested." Preservation Order ¶ D ("Paragraph D").

5. The Preservation Order directs the most senior lawyer representing each party to submit to the Court under seal a statement that the directive in Paragraph D has been carried out.

6. I respectfully note that I my client, Theresa Fortnash, is not a business, and, as such, she would have no "business practices" that "involve the routine destruction, recycling, relocation or mutation of such materials" as Paragraph D specifies.

7. Nevertheless, in a good faith effort to comply with the Preservation Order, I have instructed my client, Theresa Fortnash, to the extent that she has maintained and has in her possession any bills, statements or other communication from the defendant, AT&T, to preserve the same.

8. This is not to suggest nor to imply that she has copies of any such documents but she has been directed to make a diligent search and, to the extent her search yields potential evidence, she has been directed to preserve the same

I declare under penalty of perjury of the laws of the United States and pursuant to Fed. R. Civ. P. 11 that the foregoing is true and correct. Executed this 9th day of January, 2008.

*s/John R. Gillespie*