1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
2  **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
   **Eisenberg & Hancock LLP**
3  1970 Broadway, Suite 1200 • Oakland, CA  94612
   510.452.258l – Fax 510.452.3277
4

5  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
6  503.445.4622 – Fax 503.238.7501

7  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
8  503.622.3123 - Fax: 503.622.1438

9
   **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
10 8101 N.E. Parkway Drive, Suite F-2 • Vancouver, WA 98662
   360.213.9737 - Fax 866.399.5575
11

12 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
13 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
14

15 **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
   610 S. Ardmore Ave.• Los Angeles, CA 90005
16 213.385.2977 – Fax 213.385.9089

17
   **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc.,**
18 **Wendell Belew and Asim Ghafoor**

19                **IN THE UNITED STATES DISTRICT COURT**
20              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** | MDL Docket No. 06-1791 VRW |
| 22 | |
| 23 | **April 23, 2008; 10:00 a.m.** |
|    <u>This Document Relates Solely To:</u> | **ANSWER TO AMICUS CURIAE BRIEF OF TELECOMMUNICATIONS CARRIERS** |
| 24 | |
| 25  *Al-Haramain Islamic Foundation, Inc., et al. v. Bush, et al.* (C07-CV-0109-VRW) | |
| 26 | *Al-Haramain Islamic Foundation, Inc., et al., v. Bush, et al.* |
| 27 | |

28

ANSWER TO AMICUS CURIAE BRIEF OF TELECOMMUNICATIONS CARRIERS
MDL DOCKET NO. 06-1791 VRW

Dockets.Justia.com

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. PLAINTIFFS RELY ON SECTION 1806(f) NOT TO *DISCOVER* WHETHER THEY WERE SURVEILLED BUT TO ENABLE THIS COURT TO CONSIDER EVIDENCE *DEMONSTRATING* THAT THEY WERE SURVEILLED . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FISA'S LEGISLATIVE HISTORY DOES NOT NARROW, BUT CONFIRMS, THE BROAD SCOPE OF SECTION 1806(f) AS APPLYING TO CIVIL FISA ACTIONS . . . 2

III. THE STATE SECRETS PRIVILEGE IS INCONSISTENT WITH FISA'S COMPREHENSIVE REGULATORY PROGRAM FOR PROTECTION OF NATIONAL SECURITY IN FISA LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

## CASES

*Alderman v. United States*, 394 U.S. 165 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*J.E.M. Ag. Supply, Inc. v. Pioneer Hi-Bred International, Inc.*, 534 U.S. 124 (2001) . . . . . . . . . . 2

*Milwaukee v. Illinois*, 451 U.S. 304 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Youngstown Sheet and Tube Co. Inc. v. Sawyer*, 343 U.S. 579 (1952) . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES

7 U.S.C. § 2321 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3504(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

35 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

50 U.S.C. § 1806(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## OTHER AUTHORITIES

H. Conf. Rep. No. 95-1720 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

S. Rep. No. 95-604(I) (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

S. Rep. No. 95-701 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

## INTRODUCTION

This brief addresses points in the amicus curiae brief of the telecommunications carriers regarding the *Al-Haramain* litigation. In this brief, we explain the following: *First*, the carriers fail to understand that the *Al-Haramain* plaintiffs rely on 50 U.S.C. section 1806(f) not to *discover* whether they were surveilled but to enable this Court to consider evidence *demonstrating* that they were surveilled. *Second*, FISA's legislative history does not, as the carriers claim, narrow the scope of section 1806(f) to apply only to prosecutions against criminal defendants, but instead confirms the statute's broad scope as applying also to civil FISA actions. *Third*, the standard prescribed in *Milwaukee v. Illinois*, 451 U.S. 304, 316-17 (1981) for determining whether congressional legislation preempts federal common law is not inapposite here, as the carriers claim, but is dispositive, because the state secrets privilege is inconsistent with FISA's comprehensive regulatory program for protecting national security in FISA litigation.

We do not address points regarding the MDL cases against the carriers that are not germane to the *Al-Haramain* litigation.

## DISCUSSION

### I. PLAINTIFFS RELY ON SECTION 1806(f) NOT TO *DISCOVER* WHETHER THEY WERE SURVEILLED BUT TO ENABLE THIS COURT TO CONSIDER EVIDENCE *DEMONSTRATING* THAT THEY WERE SURVEILLED.

The telecommunications carriers' brief is infected throughout by a fundamental misunderstanding of the *Al-Haramain* case. The *Al-Haramain* plaintiffs do not, as the telecommunications carriers say, seek to "discover[] whether" plaintiffs were surveilled. Amicus Curiae Br. of Telecommunications Carrier Defs. at 1; *see also id.* at 13. We do not seek "to determine whether [plaintiffs have] been subjected to classified surveillance," and we are not seeking "to confirm [a] mere suspicion" that plaintiffs were surveilled. *Id.* at 2; *see also id.* at 12, 14. This is not a "civil case brought by a plaintiff who merely suspects that he was surveilled." *Id.* at 3. We are not seeking to use section 1806(f) as "a general discovery tool." *Id.* at 12. We do not seek "to force government disclosure." *Id.* at 13.

As we have explained in our opposition memorandum, the *Al-Haramain* plaintiffs do not seek any discovery, any government confirmation, or any disclosure as to whether they were surveilled.

They only ask this Court to consider, under secure conditions, evidence *demonstrating* that they were surveilled. The carriers do not appreciate this critical distinction because they have not seen the Document. This Court, in contrast, will understand upon reviewing the Document that the *Al-Haramain* case is about using section 1806(f) not to discover or confirm a suspicion of surveillance but to demonstrate, for purposes of standing, instances of surveillance that the Document reveals.

Because of this, the telecommunications carriers' discussion of 18 U.S.C. section 3504(a)(1) – which affords, for criminal defendants who challenge the admission of evidence as the product of an unlawful act, a procedure to obtain confirmation of the act's occurrence – is off point. Even if it is true, as the carriers argue, that Congress cannot have intended section 1806(f) to provide the identical right that criminal defendants possess to obtain confirmation that surveillance occurred, *see* Amicus Curiae Br. of Telecommunications Carrier Defs. at 16, the point is inapposite here because the *Al-Haramain* plaintiffs are not criminal defendants and do not seek confirmation that their surveillance occurred. The Document itself confirms that the surveillance occurred.

**II. FISA'S LEGISLATIVE HISTORY DOES NOT NARROW, BUT CONFIRMS, THE BROAD SCOPE OF SECTION 1806(f) AS APPLYING TO CIVIL FISA ACTIONS.**

According to the telecommunications carriers, FISA's legislative history indicates that Congress intended to restrict section 1806(f)'s application to "adjudication of the legality of foreign intelligence surveillance that the government *seeks to use against a defendant*." Amicus Curiae Br. of Telecommunications Carrier Defs. at 5 (emphasis added). The carriers rely on statements in FISA's legislative history indicating that section 1806(f) *applies* in such situations. *Id.* But to say that section 1806(f) applies in such situations is not to say, as the carriers claim, that the statute applies *only* in such situations. *See* Amicus Curiae Br. of Telecommunications Carrier Defs. at 7 ("Congress intended for § 1806(f) to apply *only* when the government seeks to use evidence against an aggrieved person") (emphasis added). There is no suggestion of any such "only" in FISA's legislative history. *Cf. J.E.M. Ag. Supply, Inc. v. Pioneer Hi-Bred International, Inc.*, 534 U.S. 124, 138, 145-46 (2001) (limited patent-like protection of 7 U.S.C. § 2321 *et seq.* for sexually reproduced plants does not prescribe the *only* means of protection to the exclusion of utility patents under 35 U.S.C. § 101; "we decline to narrow the reach of § 101 where Congress has given us no indication that it intends this result"). In

fact, the precise opposite is true, for two reasons.

First, the 1978 Senate Intelligence Committee report – one of the two Senate reports on which the carriers rely – makes clear that its comments regarding section 1806(f)'s application in criminal prosecutions were meant to be *exemplary*, not *exclusive*. The report explains that the procedure prescribed by section 1806(f) "applies, *for example*," in the situations that the report specifies. S. REP. NO. 95-701, at 63 (1978) (emphasis added). Further, the report explains:

> The committee wishes to make very clear that the procedures set out in [section 1806(f)] apply *whatever the underlying rule or statute* referred to in the motion. This is necessary to prevent the carefully drawn procedures in subsection [f] from being bypassed by the inventive litigant using a new statute, rule or judicial construction.

*Id.* (emphasis added). This explanation demonstrates that section 1806(f) was intended to be given the broad construction that its plain language requires – application "whatever the underlying rule or statute," which in this case is FISA section 1810 and its prescription of a private cause of action for FISA violations. Indeed, the carriers' brief virtually ignores section 1810 and its civil remedy, which creates situations other than criminal prosecutions where section 1806(f) can be invoked.

Neither of these Senate reports spoke to circumstances like *Al-Haramain* because both reports discussed an early draft of section 1806(f) which did not yet include the language that addresses such circumstances – when an aggrieved person makes a "motion or request" to "discover or obtain applications or orders or other materials relating to electronic surveillance," 18 U.S.C. § 1801(f). *See* Amici Curiae Memorandum of MDL Plfs. at 14-15. And there would have been no point in Congress adding that language to the final version of section 1806(f) if it were to be restricted to use of information against defendants in criminal cases, since the earlier draft addressed in the Senate reports already covered that ground.

Second, the 1978 House Conference Report plainly states that section 1806(f) applies "in both criminal and civil cases." H. CONF. REP. NO. 95-1720, at 32 (1978). This statement debunks any notion that Congress intended to restrict section 1806(f)'s application to use of information against defendants in criminal cases. And it would be fanciful to suggest that the report's reference to "civil cases" was meant to be restricted to civil cases where a government plaintiff seeks to use information against a surveilled *defendant*, for no such case is imaginable. The report's reference to "civil cases"

can only have meant civil actions by surveilled *plaintiffs* – like the *Al-Haramain* case.

Thus, while it is certainly true, as the carriers state, that section 1806(f) was meant to address *Alderman v. United States*, 394 U.S. 165 (1969) and to preserve the government's option to dismiss a criminal prosecution rather than disclose information about surveillance, *see* Amicus Curiae Br. of Telecommunications Carrier Defs. at 10, that does not mean the statute was intended *only* to preserve the "dismiss option" in criminal cases. FISA's legislative history tells us that section 1806(f) also applies to civil actions against government defendants, who have no such "dismiss option."

It is noteworthy that the two Senate reports on which the carriers rely – S. REP. NO. 95-604(I) (1977) and S. REP. NO. 95-701 (1978) – were issued on November 15, 1977 and March 14, 1978, respectively. The subsequent House Conference Report, issued on October 5, 1978, further explains that section 1806(f) applies in civil as well as criminal cases. *See* H.CONF. REP. NO. 95-1720, *supra*, at 32. The House Conference Report tells the full story – which is that Congress did *not* intend section 1806(f) to apply only to criminal prosecutions.

The telecommunications carriers are the "inventive litigant" of which the 1978 Senate Intelligence Committee report warns, seeking to use "a new . . . judicial construction" of section 1806(f) to evade its application according to its plain language. S. REP. NO. 95-701, *supra*, at 63. FISA's legislative history precludes that attempt.

### III. THE STATE SECRETS PRIVILEGE IS INCONSISTENT WITH FISA'S COMPREHENSIVE REGULATORY PROGRAM FOR PROTECTION OF NATIONAL SECURITY IN FISA LITIGATION.

One of the salient points of the *Al-Haramain* plaintiffs' opposition memorandum is that, according to the standard prescribed in *Milwaukee v. Illinois*, 451 U.S. 304, 316-17 (1981) for determining whether congressional legislation preempts federal common law, FISA preempts the state secrets privilege with section 1806(f)'s comprehensive regulatory program for adjudicating civil FISA actions. The telecommunications carriers barely acknowledge this point, saying in a footnote that *Milwaukee v. Illinois* is "inapposite" because the statute and case law in that case were "inconsistent," whereas section 1806(f) and the state secrets privilege purportedly can "comfortably coexist." Amicus Curiae Br. of Telecommunications Carrier Defs. at 19 n.10. The carriers are wrong. If the state secrets privilege applies here, the *Al-Haramain* case is subject to outright dismissal. In contrast, if section

1806(f) applies, the case can proceed to an adjudication on the merits. The inconsistency between these two results could not be starker. The standard prescribed in *Milwaukee v. Illinois* for determining the preemption issue is hardly inapposite here – it is dispositive.

And the telecommunications carriers fail entirely to come to grips with another salient point in the *Al-Haramain* plaintiffs' opposition memorandum – that, according to *Youngstown Sheet and Tube Co. v. Sawyer*, 343 U.S. 579 (1952), Congress can preempt the state secrets privilege by enacting legislation like FISA that puts presidential power at its lowest ebb. Evidently the carriers have no rejoinder.

## CONCLUSION

For the foregoing reasons, and for those set forth in the *Al-Haramain* plaintiffs' opposition memorandum and the amicus curiae brief of the MDL plaintiffs, this Court should deny defendants' motion and proceed to determine plaintiffs' standing and, thereafter, the merits of this lawsuit.

DATED this 14th day of April, 2008.

      /s/ Jon B. Eisenberg
Jon B. Eisenberg, Calif. Bar No. 88278
William N. Hancock, Calif. Bar No. 104501
Steven Goldberg, Ore. Bar No. 75134
Thomas H. Nelson, Oregon Bar. No. 78315
Zaha S. Hassan, Calif. Bar No. 184696
J. Ashlee Albies, Ore. Bar No. 05184
Lisa Jaskol, Calif. Bar No. 138769

Attorneys for Plaintiffs Al-Haramain Islamic
Foundation, Inc., Wendell Belew, and Asim Ghafoor

# CERTIFICATE OF SERVICE

**RE: In Re National Secrurity Agency Telecommunications Records Litigation
MDL Docket No. 06-1791 VRW**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **ANSWER TO AMICUS CURIAE BRIEF OF TELECOMMUNICATIONS CARRIERS**

\_\_\_ **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

\_\_\_ **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Bush, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2008 at San Francisco, California.

/s/ Mary B. Cunniff
MARY B. CUNNIFF