**Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
**Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA 94612
510.452.258l – Fax 510.452.3277

**Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
503.445.4622 – Fax 503.238.7501

**Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
503.622.3123 - Fax: 503.622.1438

**Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
8101 N.E. Parkway Drive, Suite F-2 • Vancouver, WA 98662
360.213.9737 - Fax 866.399.5575

**J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089

Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** <br><br>This Document Relates Solely To: <br><br>*Al-Haramain Islamic Foundation, Inc., et al. v. Bush, et al.* (C07-CV-0109-VRW) | MDL Docket No. 06-1791 VRW <br><br> **PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE PURSUANT TO F. R. CIV. P. 4(m)** <br><br> *Al-Haramain Islamic Foundation, Inc., et al., v. Bush, et al.* |

## INTRODUCTION

Plaintiffs hereby move this Court under F. R. Civ. P. 4(m) for an Order extending the time for service of the Complaint and Summons on Defendants George W. Bush, Keith B. Alexander, Robert W. Werner, and Robert S. Mueller III, individually. This Motion is based upon F. R. Civ. P. 4(m), N.D. Cal. Civil L.R. 6-3, and the Declaration of Steven Goldberg attached hereto.

Rule 4(m) requires a two-step analysis in deciding whether to extend the time for serving a Complaint. First, upon a showing of good cause, the Court must extend the time period. Second, even absent good cause, the Court still has discretion to extend the time period. *In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001). Plaintiffs request an extension on both grounds.

## I. GOOD CAUSE

To put the issue in context here: Plaintiffs properly served the U.S. government through the U.S. Attorney General. Within weeks, however, this case became focused on the classified document that Plaintiffs filed under seal with the Complaint. (Docket Nos. 6, 9). There were numerous telephone conferences with Judge Garr King, to whom the case was initially assigned, regarding the nature of the document, where the document should be kept, and whether Plaintiffs should have access to the document or be able to rely on it in this litigation. (Declaration of Steven Goldberg, p. 1). These issues, along with Defendants' assertion of the state secrets privilege, have driven this litigation to date in the trial and appellate courts and have overshadowed all other aspects of this case.

We believe this context explains plaintiffs' oversight in omitting to serve Defendants individually and demonstrates good cause for the requested extension. If, however, this Court concludes otherwise, we respectfully ask the Court to exercise its discretion to extend the time period for serving the named Defendants individually.

## II. EXERCISE OF DISCRETION

District courts have broad discretion to extend the time for service under Rule 4(m). In actions that arise under federal law and have been commenced in compliance with the governing statute of limitations, "the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules." *Henderson v. United States,* 517 U.S. 654, 656 (1966). In particular, 1993 amendments to Rule 4(m) gave courts greater leeway to preserve meritorious

lawsuits despite untimely service of process. Thus, the Ninth Circuit has made clear that district courts have broad discretion under Rule 4(m) to extend the time for service even without a showing of good cause. *Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir. 2006). Further, a district court may extend the time for service retroactively after the 120-day service period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *United States v. 2164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004).

In making extension decisions under Rule 4(m), the district court may consider such factors as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams,* 473 F.3d at 1041. Here, these factors favor extending the time for service against the individual Defendants:

### A. Actual Notice to Defendants

This lawsuit has engendered much publicity since its initial filing – in Oregon, San Francisco and nationally. Throughout this case, Defendants have been represented by the Department of Justice, which filed its appearance "on behalf of all defendants." (Docket Nos. 13-15). At least one individual Defendant, Keith Alexander, has filed declarations in his capacity as Director of the National Security Agency. [Dockets Nos. 55, 59]. Plaintiffs do not know whether the declarations of other individual Defendants are among the many ex parte, in camera filings in this case to which Plaintiffs and their counsel have been denied access.

In any event, there can be no doubt that the individual Defendants have known of this lawsuit. And it is well settled – and surely known by the Department of Justice – that a nonspecific complaint may be characterized as alleging both official and personal capacity liability. *See Brandon v. Holt,* 469 U.S. 464, 469 (1985)*; Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The individual Defendants surely have had actual notice of this lawsuit, and their counsel certainly must have known the applicable law under which the Complaint may be characterized as naming the Defendants individually.

### B. Absence of Prejudice to Defendants

Defendants cannot have suffered any conceivable prejudice because of Plaintiffs' omission to serve them individually. Defendants might have obtained independent counsel, but certainly they

would not have pursued a different trial strategy. To date, there has been no discovery in this case. No documents have been exchanged; no depositions have been taken. The entirety of this litigation has been halted in its tracks while the courts have focused on the classified document, the state secrets privilege, and FISA preemption. Defendants have been ably represented by the Department of Justice, and that representation would have been no different had they been served individually.

### C.     Statute of Limitations Bar

If, as seems likely, the applicable limitations period in this case is two years, the statute of limitations may bar the filing of an Amended Complaint for service on Defendants individually, since Plaintiffs first realized in December 2005 that they were unlawfully surveilled. The Ninth Circuit has made clear that a statute of limitations bar is a factor supporting the exercise of discretion to extend the time for service. *United States v. 2164 Watches*, 366 F.3d at 773; *Mann v. American Airlines*, 324 F.3d at 1090-1091 ("The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.' Fed R CivP 4, Advisory Committee Note to 1993 Amendments, Subdivision (m).").

### D.     The Importance of This Case

Finally, if this lawsuit dies because of the omission to serve Defendants individually, there might never be any resolution of the critical issues the action raises – whether FISA preempts the state secrets privilege and whether the President may disregard an act of Congress in the name of national security. Similar litigation elsewhere has failed for lack of standing, and the actions against the telecommunications carriers are under threat of retroactive immunity. The present case might well be the only hope for a judicial determination of these critical issues. Public policy favors disposition of cases on their merits rather than dismissal on procedural grounds. "This policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted).

//

**CONCLUSION**

In light of these various factors, we respectfully ask this Court to grant a 30-day extension of the time period for serving the Defendants individually.

DATED this 17th day of April, 2008.

                                           /s/ Steven Goldberg
                                     STEVEN GOLDBERG, Ore. Bar No. 75134