JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax:     (202) 616-8460

*Attorneys for the Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Solely Relates To:<br><br>*Al-Haramain Islamic Foundation et al.*<br>   *v. Bush*, *et al*. (07-CV-109-VRW) | No. M:06-CV-01791-VRW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR PERSONAL SERVICE IN** *Al-Haramain Islamic Foundation et al.* *v. Bush et al.*<br><br>Date:         April 23, 2008<br>Time:         10:00 a.m.<br>Courtroom:  6, 17th Floor<br>Honorable Vaughn R. Walker |

*Al-Haramain v. Bush* **(07-CV-109)(MDL-1791) Defs' Opp. to Pls.' Mtn. to Extend Time for Personal Service**

On April 17, 2008, after over two years of litigation and just a few days before a hearing on the Government's renewed motion to dismiss or for summary judgment, Plaintiffs filed a motion to extend the 120 day time limit (long since elapsed) to serve each Defendant in this case in his *personal* capacity. *See* Pls. Service Mot. at 1. But Plaintiffs cannot possibly satisfy their burden of proving that they missed the service deadline for good cause, and offer no credible reason why the Court should exercise its discretion to extend the service deadline. As even they concede, Plaintiffs have had actual knowledge of the personal service issue for at least the last nine months (and should have been aware of the issue for nearly two years) and did *nothing* to address the matter. Plaintiffs' excuse—essentially that they were busy—hardly provides a reason, let alone good cause to extend the service deadline. The Court should summarily reject Plaintiffs' motion to extend the service deadline in light of their willful disregard of the matter.[1]

## ARGUMENT

### I. Plaintiffs Fail to Establish Good Cause

Under Rule 4(m), a litigant has 120 days after the filing of a complaint to accomplish service. By placing time limits on service, "Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Townsel v. County of Contra Costa*, 820 F.2d 319, 321 (9th Cir. 1987). "The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. Hawaii*,

---

[1] If necessary, the Court could place this on the motion calendar, where it should have been raised, to allow for full consideration of the issue. *See* L.R. 6-3(d). The motion certainly should not be granted without doing so. Plaintiffs have sought to use Local Rule 6, on a three-day fast track, to address an issue of obvious substantive significance—service of a lawsuit on the President of the United States and three agency heads in their personal capacity. But Local Rule 6 concerns motions to extend time and appears intended to address non-controversial *scheduling* issues akin to non-substantive matters governed by administrative motion practice. Courts in this district have held that analogous Local Rule 7-11(a)—concerning administrative motions—should not be used for substantive matters. *See Dister v. Apple-Bay East*, 2007 WL 4045429, *3 (N.D. Cal. 2007); *Hess v. Astrazeneca Pharmaceuticals*, 2006 WL 2092068, *1 (N.D. Cal. 2006) (noting that "an administrative motion is not the appropriate vehicle for resolution of the substantive arguments"). To file the instant motion on an expedited track and give the Defendants just a few days to review and respond, while we are simultaneously preparing for oral argument on the pending motions, should not be condoned. This is especially so where Defendants again indicated prior to the February 7 case management conference that they would raise sovereign immunity in their pending dispositive motion, and Plaintiffs failed to present their motion to extend the service date during the briefing on Defendants' motion.

***Al-Haramain v. Bush* (07-CV-109)(MDL-1791) Defs' Opp. to Pls.' Mtn. to Extend Time for Personal Service**

763 F.2d 370, 372 (9th Cir. 1985). "Good cause generally means plaintiff attempted service but did not complete it," *Television Signal v. City & County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000) (Walker, J.), while ignorance or misunderstanding of Rule 4 does not constitute good cause. *Townsel*, 820 F.2d at 319 ("To hold that complete ignorance of Rule 4(j) [now 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule."). Likewise, counsel's own inadvertence does not constitute good cause to extend the service date. *Wei*, 763 F.2d at 372 ("Counsel always could aver that he or she inadvertently forgot about the 120 day limit").

      Here, there is no dispute that Plaintiffs never attempted to effectuate personal service on the federal official Defendants, as required by Rule 4(i)(3) to initiate suit against a government employee in his individual capacity. Instead, Plaintiffs' only argument is that the press of other issues at the outset of this case distracted their attention away from obtaining proper service on each of the Defendants in their individual capacity. This contention is simply not credible: service of process is the most basic act of filing a lawsuit, as experienced counsel well know. And even if this claim were credible, the failure to make any attempt at service for over two years cannot constitute good cause.

      Plaintiffs' claimed belief that service on the Attorney General was sufficient is expressly contradicted by the clear text of the relevant rules governing service of a complaint on a government employee. Plaintiffs followed the rule for service of a complaint "on the United States" its agencies or officers for official capacity claims under Rule 4(i)(2). But Rule 4(i)(3) clearly sets forth different requirements for suing a government employee personally in his "individual capacity" and it is uncontested that Plaintiffs have never attempted to comply with Rule 4(i)(3).[2]

      More fundamentally, a review of the complaint demonstrates that Plaintiffs' arguments are nothing more than post-hoc attempts to avoid a strategic decision Plaintiffs made long ago.

---

[2] The section was clarified in the 2000 Amendments, and the Advisory Committee Notes to those amendments state: "It has been understood that the individual defendant must be served as an individual defendant, a requirement that is made explicit." Advisory Comm. Note to 2000 Amend. to Rule 4.

*Al-Haramain v. Bush* **(07-CV-109)(MDL-1791) Defs' Opp. to Pls.' Mtn. to Extend Time for Personal Service** 2

Plaintiffs' complaint reflects no intent at all to sue any of the Defendants in their *individual* capacity. The law is clear that such claims are quite distinct from official capacity claims, *see Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1140 (N.D. Cal. 2007), and yet the complaint fails to raise such claims on its face as required by Rule 8.[3/] *See* Compl. ¶¶ 7-13; *see also Multi-Denominational Ministry*, 474 F. Supp. 2d at 1140-41; *Kaufmann v. United States*, 840 F. Supp. 641, 652-55 (E.D. Wis. 1993) (rejecting claimed personal capacity suits against named federal officials because of absence of facts of personal involvement). And while Plaintiffs assert that Defendants have had 'actual notice" of the complaint, such notice was not of potential *personal* liability of any individual defendant.[4/] In addition, of course, Plaintiffs never *acted* as if they had sued any individuals in their personal capacity.[5/]

Moreover, Plaintiffs have been on notice of the issue of sovereign immunity for well over a year and, in particular, of their failure to serve individual defendants for at least nine months. (Even if they had not bee so alerted, Plaintiffs' obligation to serve the Defendants in their individual capacity is Plaintiffs' alone, not the Government's, the Court's, or the clerk's office.) The Government first raised the sovereign immunity issue in October 2006, in seeking a stay pending appeal after Judge King had ruled on the Government's first dispositive motion. *See* Exh. A at 12-14 (Gov't stay motion). Judge King upheld the state secrets privilege as to any alleged *current* surveillance, and thus left only a question of retrospective damages. The Government then pointed out that further proceedings pending appeal would be futile because Plaintiffs' claim for damages against the United States was barred by sovereign immunity. In opposing that motion, Plaintiffs never mentioned that they had sued *any* Defendant in his

---

[3] *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1968 (2007) (a complaint must state " enough facts to state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

[4] Indeed, the individual defendants would likely be represented by different counsel from a separate component of the Department of Justice in an individual capacity suit.

[5] In any event, the mere service of an official capacity suit on the Defendants does not serve to convert that suit into personal capacity action. To allow such a result would effectively read Rule 4(i)(3) out of the Federal Rules of Civil Procedure.

individual capacity, but argued simply that the sovereign immunity issue was prematurely raised. *See* Exh. B at 12-13 (Pls. Opp. to stay). Thereafter, in their Ninth Circuit brief, Plaintiffs claimed for the first time that their complaint raised personal capacity claims against the individual Defendants. *See* Exh. C (pages from Pls. 9th Cir. Brief). When the Government, in reply, noted that the complaint had never been served on these individuals, *see* Exh. D (pages from Gov't Reply), Plaintiffs still did *nothing* to cure this service defect—six months *before* the statute of limitations expired.

To be sure, requiring a party to follow the rules for service may, in some cases, bar a plaintiff's claim. But it is well-established in this Circuit that such a result does not relieve a litigant of the obligation to timely serve a complaint. *See Wei*, 763 F.2d at 372 (dismissing plaintiff's claim pursuant to Rule 4 prior to 1993 amendment although it would be time-barred, reasoning "Wei may be harmed by his attorney's neglect, but litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here."); *see also Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (actual notice to a defendant is insufficient).

## II. Plaintiffs Point to No Basis for the Court to Exercise its Discretion

Recognizing that they cannot demonstrate good cause, Plaintiffs appeal to the Court's discretion. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). But even assuming the Court has discretion to grant Plaintiffs' request absent good cause, the circumstances here do not warrant allowing the case to proceed in light of the strategic decisions Plaintiffs have made in this case. After all, Plaintiffs are not pro se litigants who missed a service deadline. Instead, Plaintiffs and their counsel have had numerous opportunities to amend their complaint or otherwise make clear that they were bringing personal capacity claims against the Defendants individually, as well as to effect proper service. Because Plaintiffs chose to dawdle with the statute of limitations running—even when on notice months before it expired—it cannot possibly be a sound act of discretion to allow them to serve now. "Willful failure in serving a complaint is a particularly serious failure to prosecute." *See Television Signal*, 193 F.R.D. at 647. To

permit these claims to proceed would sanction an intentional disregard of the rules for over two years.[6]

The notion that there would be "no prejudice" to the Government by allowing Plaintiffs to serve the individual Defendants now is also wrong. The Government has been litigating this case for over two years, has prevailed in its central state secrets privilege claim, and has briefed additional jurisdictional and legal issues. The central issue in this case is whether national security would be harmed by further litigation, and allowing that harm to continue in the face of dilatory tactics would put the Government's interests in harms way despite a clear holding by the Ninth Circuit that risk to national security is at stake. Also, any individual defendant subject to suit in their personal capacity would obviously be prejudiced by the existence of a lawsuit seeking damages against them personally—particularly after having received no notice of the specific allegations against them, no service of the suit, and no ability, therefore, to defend themselves over the past two years.

In sum, no basis exists to grant this motion. At bottom, the "good cause" and "discretion" embodied in Rule 4(m) cannot be stretched so far as to gut the rule, as Plaintiffs request. Two years after the suit was filed, eighteen months after the sovereign immunity issue was first raised, and nine months after again being alerted to the deficiency in their position on appeal, Plaintiffs offer nothing that would justify relief at this late stage from the inadvertence and tactical choices they have made. If the Court were to grant the requested relief, it would be difficult to imagine any circumstance where such a motion could possibly be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: April 22, 2008

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

---

[6] The fact that the statute of limitations would otherwise expire is not an independent ground to let the case proceed. It is at most a factor. Indeed, rigid reliance on the statute of limitations would have the perverse effect of rewarding those who most ignore the service rules.

*Al-Haramain v. Bush* (07-CV-109)(MDL-1791) Defs' Opp. to Pls.' Mtn. to Extend Time for Personal Service 5

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Branch Director

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
tony.coppolino@usdoj.gov

*s/ Alexander K. Haas*
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax:   (202) 616-8460
Attorneys for the Defendants