1  GREGORY G. KATSAS
   Assistant Attorney General, Civil Division
2  CARL J. NICHOLS
   Principal Deputy Associate Attorney General
3  JOHN C. O'QUINN
   Deputy Assistant Attorney General
4  DOUGLAS N. LETTER
   Terrorism Litigation Counsel
5  JOSEPH H. HUNT
   Director, Federal Programs Branch
6  ANTHONY J. COPPOLINO
   Special Litigation Counsel
7  ALEXANDER K. HAAS
   PAUL G. FREEBORNE
8  Trial Attorneys
   U.S. Department of Justice
9  Civil Division, Federal Programs Branch
   20 Massachusetts Avenue, NW, Rm. 6102
10 Washington, D.C. 20001
   Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for Government Defendants
in their Official Capacities*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Solely Relates To:<br><br>*Al-Haramain Islamic Foundation et al. v Bush, et al.* (07-109) | No. M:06-cv-01791-VRW<br><br>JOINT CASE MANAGEMENT STATEMENT IN *Al-Haramain Islamic Foundation et al. v. Bush et al.*<br><br>Honorable Chief Judge Vaughn R. Walker |

**INTRODUCTION**

Pursuant to Local Rule 16, the plaintiffs and the defendants sued in their official capacity (hereafter "defendants" or "Government defendants") submit this joint case management statement in the *Al-Haramain v. Bush* action (07-109) in order to advise the Court that they have conferred regarding further proceedings and set forth herein points of agreement and, where they are unable to agree, their respective positions on further proceedings. The parties have request that any case management conference in this matter be held on the morning of September 12, 2008 – a date on which we have been advised the Court is available.

---

**Joint Case Management Statement** *Al-Haramain Islamic Foundation et al. v. Bush et al.* **(07-109)**
**MDL No. 06-1791-VRW**                                                                           1

A. *Procedural History*

This action was remanded by the Court of Appeals for the Ninth Circuit, *see Al-Haramain Islamic Foundation v. Bush,* 507 F.3d 1190 (9th Cir. 2007), for consideration of whether the state secrets privilege is preempted by provisions of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801-1871. *See id.* at 1205. Following the remand, this Court held a case management conference on February 7, 2008, and ordered briefing on both the preemption question and the Government's position that the Court lacked jurisdiction. *See* Order, Dkt 427 (06-1791-VRW) (Feb. 11, 2008).

Following briefing and argument on the Government's dispositive motion, the Court entered an Order on July 2, 2008, dismissing without prejudice plaintiffs' claim for damages under Section 1810 of the FISA, 50 U.S.C. § 1810, and granting plaintiffs leave to file an amended complaint within 30 days of that Order and attempt to establish based on non-classified evidence that they are "aggrieved persons" within the meaning of 50 U.S.C. § 1801(k) of the FISA. *See* Order in *Al-Haramain Islamic Found. et al. v. Bush et al.* (07-109-VRW) (July 2, 2008) (Dkt. 453, 06-CV-1791-VRW). The Court ruled that "[p]laintiffs must first establish 'aggrieved person' status without the use of the sealed document and may then bring a 'motion or request' under [FISA Section] 1806(f) [50 U.S.C. § 1806(f)] in response to which the attorney general may file an affidavit opposing disclosure." *Id*. at 49. "At that point, in camera review of materials responsive to the motion or request, including the sealed document, might well be appropriate." *Id.*

Plaintiffs filed their amended complaint on July 29, 2008. *See* Dkt. # 35 (07-109-VRW). The plaintiffs and Government defendants have stipulated to an extension of time of the date on which Government defendants' response to the amended complaint would be due, *see* Stipulation, Dkt. 40 (07-CV-109-VRW) (July 31, 2008), but, as set forth below, otherwise have different views as to how the case should now proceed.

**B.** *Plaintiffs' Position Concerning Further Proceedings*

This Court has stated that, in order to proceed with this lawsuit, plaintiffs must first establish aggrieved person status and may then bring a motion or request under § 1806(f). Slip

Op. at 49. In plaintiffs' view, the first amended complaint filed on July 29, 2008 establishes aggrieved person status, which means plaintiffs may now proceed under § 1806(f). Defendants contend otherwise. The question to be resolved by a Case Management Conference is what is the appropriate procedure for deciding whether the first amended complaint establishes aggrieved person status. Defendants propose to proceed by a defense "motion," but they do not identify the nature of the motion they propose to file.

According to *Bischoff v. Osceola County, Fla.*, 222 F.3d 874 (11th Cir. 2000), there are three possible procedures for pretrial adjudication of standing challenges, none of which seems appropriate here:

First, defendants can file a *motion to dismiss based solely on the complaint. Id.* at 878. On such a motion, however, the Court must accept as true all of the plaintiffs' material allegations. *Id.* at 879. If, in the present case, the material factual allegations of plaintiffs' amended complaint are taken as true, the dismissal motion would have to be denied. (Also, defendants would be precluded from challenging the amended complaint's material allegations with secret filings, to which defendants have repeatedly resorted previously in this case.)

Second, defendants can file a *motion for summary judgment based solely on affidavits supporting and opposing the factual allegations in the complaint. Id.* at 878. On such a motion, however, the facts set forth in plaintiffs' affidavits must be taken to be true, and any disputed facts must be construed in the light most favorable to plaintiffs. *Id.* Here, in opposition to such a motion, plaintiffs would simply produce the public statements and other non-classified evidence set forth in the amended complaint. That evidence would have to be taken as true, with any disputed facts construed in the light most favorable to plaintiffs, so that the summary judgment motion would have to be denied.

Third, the Court can hold, either on defendants' request or sua sponte, a *pretrial evidentiary hearing, on a motion to dismiss or a motion for summary judgment. Id.* at 878-80. Any disputed factual issues concerning standing would be resolved through such an evidentiary hearing. *Id.* at 879. Defendants may request such a hearing in the context of a motion to dismiss or a motion for summary judgment. *Id.* at 878-79. In the present case, however, the amended

complaint's standing allegations are all indisputable matters of public record or personal recollections of plaintiffs Belew and Ghafoor regarding the substance of their personal telephone conversations. There are no disputed factual issues to resolve here.

In truth, the pivotal issue at this point in the case is simply this: What is plaintiffs' burden of establishing their status as aggrieved persons who may proceed under § 1806(f), and do plaintiffs' indisputable factual allegations regarding such status meet that burden? Plaintiffs will propose on the upcoming motion (whatever its form) that plaintiffs' burden is to produce prima facie evidence, direct and/or circumstantial, sufficient to raise a reasonable inference that plaintiffs were subjected to electronic surveillance. This proposition is directly supported by *In re Sealed Case*, 494 F.3d 139, 147 (D.C. Cir. 2007), which held that electronic surveillance can be proved by "direct or circumstantial evidence" that "creates a reasonable inference" of eavesdropping. The proposition is further supported by analogy to case law articulating standards for establishing aggrieved party status under 18 U.S.C. § 3504 – which this court described as "certainly relevant" though perhaps not "directly transferrable" to the standing inquiry under FISA, Slip. Op. p. 50 – by prescribing facts that were essential "to raise a prima facie issue of electronic surveillance." *United States v. Alter*, 482 F.2d 1016, 1026 (9th Cir. 1973); *see Black's Law Dictionary* 1228 (8th ed. 2004) (defining "prima facie case" as "a party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor"). The purely legal issue of the nature of plaintiffs' burden is easily resolved as a threshold question at the outset of a § 1806(f) motion – and, in plaintiffs' view, once the applicable standard is established, the conclusion that plaintiffs have met that standard is inevitable, for plaintiffs' amended complaint demonstrates the "rich lode of disclosure" that this Court has indicated will be sufficient. Slip Op. at 51.

In contrast, none of the three alternative procedures prescribed by *Bischoff* for pretrial adjudication of standing issues seems appropriate here. A motion to dismiss would be restricted by the rule requiring the amended complaint's allegations to be taken as true. A motion for summary judgment would be restricted by the rule requiring plaintiffs' evidence to be taken as true, with any disputed facts construed in the light most favorable to the plaintiffs. And there

does not seem to be any need for an evidentiary hearing. A § 1806(f) motion seems to be the best fit.

Going forward on a § 1806(f) motion will also avoid disagreements between the parties regarding the standards governing a motion to dismiss or for summary judgment (e.g., taking the amended complaint's allegations as true on a motion to dismiss), on which the parties have been unable to agree. Finally, a § 1806(f) motion seems to be the best way to avoid the sort of delay that has plagued this case from its inception. If, on a § 1806(f) motion, the plaintiffs are determined to be aggrieved persons, this Court can immediately proceed to consider the treatment of the sealed document under § 1806(f), instead of proceeding by two consecutive motions, two briefing schedules, and two hearings.

Defendants take the position that, because a proceeding under § 1806(f) is a two-step process requiring a threshold showing of aggrieved persons status before resort to § 1806(f)'s security procedures, the process must be bifurcated into two separate and consecutive proceedings – first, some sort of defense motion, the nature of which defendants do not specify; and then, if the defense motion is unsuccessful, a plaintiff's motion under § 1806(f). Defendants do not, however, suggest any reason why this two-step process cannot occur in a single proceeding on the § 1806(f) motion, with this Court reaching the second step only if the Court determines on the first step that plaintiffs have made the required threshold showing. Plaintiffs, in contrast, have demonstrated a compelling reason why the process should not occur in separate and consecutive proceedings – none of the three alternative procedures for pretrial adjudication of standing issues seems appropriate in the context of § 1806(f), a point for which defendants have no answer.

As this Court has noted, the lack of precedent for a civil FISA claim "complicates the task of charting a path forward." Slip Op. at 56. Plaintiffs believe the simplest and most expeditious path forward is a § 1806(f) motion wherein this Court can preliminarily determine plaintiffs' burden and whether they have sustained it. If the Court determines that plaintiffs have not sustained their burden, the obvious disposition will be dismissal of the lawsuit; if the Court determines that plaintiffs have sustained their burden, the Court can immediately proceed to

1  consider the treatment of the sealed document under § 1806(f).

2  If the Court agrees with plaintiffs' position, plaintiffs respectfully propose the following
3  schedule:

4  Plaintiffs' § 1806(f) motion due September 18, 2008.

5  Defendants' opposition due October 16, 2008.

6  Plaintiffs' reply due October 30, 2008.

7  Hearing on November 13, 2008.

**C.  *Government Defendants' Position Concerning Further Proceedings***

In its Order dated July 2, 2008, the Court ruled that "[p]laintiffs must *first* establish 'aggrieved person' status" without the use of the classified sealed document that has been at issue in this case, and "may *then* bring a 'motion or request' under [FISA Section] 1806(f) in response to which the attorney general may file an affidavit opposing disclosure." Slip Op. at 49 (emphasis added). "*At that point*, in camera review of materials responsive to the motion or request, including the sealed document, *might* well be appropriate." *Id.* (emphases added). The Court also indicated that "*[i]n the event* plaintiffs meet this hurdle" (*i.e.*, establishing aggrieved status), the Court "would have occasion to consider the treatment of the sealed document." *Id.* at 55 (emphasis added).

Notwithstanding the Court's ruling, plaintiffs seek to file and litigate their motion or request under FISA Section 1806(f) before the Court has made any determination as to whether the plaintiffs have met their burden of establishing that they are "aggrieved persons" under the FISA. Defendants submit that the Court should proceed as indicated in its July 2 Order and address first whether the plaintiffs have met their burden of establishing that they are "aggrieved" persons under the FISA and thus have standing to proceed. The Court should not attempt to proceed simultaneously with plaintiffs' motion under Section 1806(f) until that threshold standing question is resolved. At this stage, plaintiffs have not "first" established their aggrieved status and, accordingly, the "point" at which plaintiffs may "then" bring a motion under Section 1806(f) is an "event" that has not yet occurred—and may not occur.

Plaintiffs' discussion of the various motions by which the Government defendants may

1  seek to challenge and adjudicate whether plaintiffs have standing is beside the point. Whether
2  defendants decide to challenge plaintiffs' alleged standing through a motion to dismiss or for
3  summary judgment, or perhaps utilize both approaches, and how such motions would be
4  resolved under the applicable standards, are matters to be addressed in litigating the motions
5  themselves. The case management question for now is whether the standing issue should be
6  addressed and decided first—before a motion that invokes Section 1806(f) proceedings. In
7  support of their position, plaintiffs simply assume that they have already prevailed on the
8  standing question, or will likely prevail on any type of motion defendants bring, by virtue of
9  assuming the truth of the averments in their Amended Complaint. But that obviously is a matter
10 that defendants can and will contest by motion. Indeed, as plaintiffs acknowledge, the Court has
11 not yet even addressed the standard of review for determining whether a person is "aggrieved"
12 under the FISA. Plaintiffs briefly describe their position in favor of a "prima facie" standard of
13 review, citing *inter alia*, *United States v. Alter*, 482 F.2d 1016, 1026 (9th Cir. 1973). *See supra*.
14 But the *Alter* case concerned the standard for proceeding under 18 U.S.C. § 3504, and the Court
15 has already noted that Section 3504 standards do "not appear directly transferrable to a standing
16 inquiry for an 'aggrieved person' under FISA," *see* Slip Op. at 50. While plaintiffs again assume
17 that they "inevitably" will prevail on this key issue, the matter must be addressed and resolved
18 by motion before any determination as to whether or not plaintiffs have standing.

19     Moreover, plaintiffs' proposed motion under Section 1806(f) is not the proper procedure
20 for addressing the threshold issue of standing. Section 1806(f) establishes special statutory
21 procedures for *in camera, ex parte* review for seeking discovery into whether any electronic
22 surveillance at issue was undertaken lawfully by parties that have already established that they
23 are aggrieved persons. *See* Slip Op. at 48 ("As the court reads section 1806(f), a litigant must
24 first establish himself as an 'aggrieved person' before seeking to make a 'motion or request'"
25 under that provision). Indeed, plaintiffs concede that there must be a two-step process—noting
26 that the 1806(f) process could only be reached only "*if the court determines* that plaintiffs have
27 sustained their burden." *See supra*.

28     Plaintiffs' contention that filing their Section 1806(f) motion now would allow the Court

to "immediately proceed" to consider the treatment of the sealed document under Section 1806(f) if their standing is established—without the delay resulting from a subsequent round of motions—is clearly flawed.  The standing issue must still be decided first as a separate matter in any event.  This may of course lead to dismissal of the case and negate the need to even address plaintiffs' motion.  More importantly, significant factors—already noted by the Court—weigh strongly against attempting to proceed simultaneously "in a single proceeding" with plaintiffs' motion under Section 1806(f) in order to address their claim for damages under FISA Section 1810, 50 U.S.C. § 1810.  The Court observed in its July 2 Order that "section 1810 is not user friendly," that "the impediments to using it may yet prove insurmountable," *see* Slip Op. at 52, and that "significant practical challenges" exist for adjudicating plaintiffs' claim, *see id*. at 56.  In particular, plaintiffs contemplate that their Section 1806(f) would concern whether the classified sealed document may be used in further proceedings—as the Court has indicated may occur, *see* Slip Op. at 55, and their motion would also call for an affidavit by the Attorney General under Section 1806(f).  Accordingly, the significant and complex issues raised by the Court's July 2 Order concerning whether and how this case should proceed under Section 1806(f), along with the underlying national security interests at stake, would immediately be subject to litigation upon the filing of plaintiffs' motion—before any determination is made as to whether plaintiffs have established their standing.  The Court's July 2 Order appears to contemplate that such issues not be confronted until after a determination that the case will proceed, and the Government defendants respectfully request that the Court adhere to that order of proceeding.

Finally, we note that the Court proceeded in a similar fashion during the last round of motions in this case.  At that time, plaintiffs wished to proceed immediately with their motion for summary judgment addressing the merits of their claims, and the Government proposed to address first whether Section 1806(f) preempted the state secrets privilege and other jurisdictional issues.  *See* Defendants' Case Management Statement (Dkt. 14) (07-CV-109-VRW) (Feb. 6, 2008).  The Court decided against considering plaintiffs' summary judgment motion until after it decided whether the case would proceed and, indeed, ultimately dismissed

plaintiffs' pending FISA claim without prejudice. In light of the Court's action, this case remains in a similar posture, and the proper course again would be to consider whether the case should proceed before addressing the significant and complex issues that would be raised by attempting to proceeding simultaneously under FISA Sections 1806(f) and 1810.

If the Court agrees with Government defendants' approach to further proceedings, we respectfully propose the following schedule for briefing and a hearing on our forthcoming dispositive motion:

| | |
|---|---|
| Government Defendants' Dispositive Motion in Response to Amended Complaint: | September 18, 2008 |
| Plaintiffs' Opposition: | October 16, 2008 |
| Government Defendants' Reply: | October 30, 2008 |
| Hearing: | November 13, 2008 |

DATED: August 18, 2008                    Respectfully Submitted,

| FOR PLAINTIFFS | FOR DEFENDANTS |
|---|---|
| Jon B. Eisenberg, California Bar 88278<br>(jon@eandhlaw.com)<br>William N. Hancock, California Bar 104501<br>(bill@eandhlaw.com)<br>Eisenberg & Hancock LLP<br>1970 Broadway, Suite 1200<br>Oakland, CA 94612<br>510.452.2581 – Fax 510.452.3277<br><br>Steven Goldberg, Oregon Bar 75134<br>(steven@stevengoldberglaw.com)<br>River Park Center, Suite 300<br>205 SE Spokane St.<br>Portland, OR 97202<br>503.445.4622 – Fax 503.238.7501<br><br>Thomas H. Nelson, Oregon Bar 78315<br>(nelson@thnelson.com)<br>P.O. Box 1211, 24525 E. Welches Road<br>Welches, OR 97067<br>503.622.3123 - Fax: 503.622.1438<br><br>Zaha S. Hassan, California Bar 184696<br>(zahahassan@comcast.net)<br>8101 N.E. Parkway Drive, Suite F-2<br>Vancouver, WA 98662<br>360.213.9737 - Fax 866.399.5575<br><br>J. Ashlee Albies, Oregon Bar 05184<br>(ashlee@sstcr.com)<br>Steenson, Schumann, Tewksbury, Creighton<br>   and Rose, PC<br>815 S.W. Second Ave., Suite 500<br>Portland, OR 97204<br>503.221.1792 – Fax 503.223.1516<br><br>Lisa R. Jaskol, California Bar No. 138769<br>(ljaskol@earthlink.net)<br>610 S. Ardmore Ave.<br>Los Angeles, CA 90005<br>213.385.2977 – Fax 213.385.9089<br><br>By:  *s/ Jon B. Eisenberg per G.O. 45*<br>   Jon B. Eisenberg<br>   (jon@eandhlaw.com)<br><br>*Counsel for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor* | GREGORY G. KATSAS<br>Assistant Attorney General, Civil Division<br><br>CARL J. NICHOLS<br>Principal Deputy Associate Attorney General<br><br>JOHN C. O'QUINN<br>Deputy Assistant Attorney General<br><br>DOUGLAS N. LETTER<br>Terrorism Litigation Counsel<br><br>JOSEPH H. HUNT<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Special Litigation Counsel<br><br>ALEXANDER K. HAAS (SBN 220932)<br>Trial Attorney<br><br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW, Rm. 6102<br>Washington, D.C. 20001<br>Phone: (202) 514-4782/Fax: (202) 616-8460<br><br><br><br><br><br><br><br><br><br>By:  *s/ Anthony J. Coppolino*<br>   Anthony J. Coppolino<br>   (tony.coppolino@usdoj.gov)<br><br>*Attorneys for Government Defendants in their Official Capacities* |

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, ANTHONY J. COPPOLINO, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatory listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on August 18, 2008, in the City of Washington, District of Columbia.

GREGORY G. KATSAS
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Principal Deputy Associate Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

ALEXANDER K. HAAS (SBN 220932)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 6102
Washington, DC 20001
Telephone: (202) 514-4782 — Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

By: *s/ Anthony J. Coppolino*
Anthony J. Coppolino

*Attorneys for Government Defendants in their Official Capacities*

By: *s/ Jon B. Eisenberg per G.O. 45*
Jon B. Eisenberg, Calif. Bar No. 88278
William N. Hancock, Calif. Bar No. 104501
Steven Goldberg, Ore. Bar No. 75134
Thomas H. Nelson, Oregon Bar No. 78315
Zaha S. Hassan, Calif. Bar No. 184696
J. Ashlee Albies, Ore. Bar No. 05184
Lisa Jaskol, Calif. Bar No. 138769

*Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor*