Lycos, Inc. v. Verizon Communications, Inc. Doc. 478

CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
CORYNNE MCSHERRY
JAMES S. TYRE
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Counsel For AT&T Class Plaintiffs And
Co-Lead Coordinating Counsel

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Counsel for AT&T Class Plaintiffs

HARVEY GROSSMAN
ADAM SCHWARTZ
ROGER BALDWIN FOUNDATION OF ACLU
180 North Michigan Avenue
Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760

Counsel For AT&T Class Plaintiffs And
Co-Lead Coordinating Counsel

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 841-2369

Counsel For AT&T Class Plaintiffs

[Additional Counsel on Last Page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To: All Cases Except: *Al-Haramain Islamic Foundation, Inc. v. Bush*, No. 07-0109; *Center for Constitutional Rights v. Bush*, No. 07-1115; *Guzzi v. Bush*, No. 06-06225; *Shubert v. Bush*, No. 07-0693; *Clayton v. AT&T Commc'ns of the Southwest*, No. 07-1187; *U. S. v. Adams*, No. 07-1323; *U. S. v. Clayton*, No. 07-1242; *U. S. v. Palermino*, No. 07-1326; *U. S. v. Rabner*, No. 07-1324; *U. S. v. Volz*, No. 07-1396 | MDL Docket No 06-1791 VRW<br><br>**DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(F) IN OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY FISAAA § 802 (50 U.S.C. § 1885a) TO DISMISS THESE ACTIONS**<br><br>Date: December 2, 2008<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

MDL Docket No. 06-1791-VRW

DECL OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(F) IN OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY FISAAA § 802 (50 U.S.C. § 1885A) TO DISMISS THESE ACTIONS

Dockets.Justia.com

I, CINDY COHN, declare and state:

1. I am familiar with the records and proceedings in this action, with the exception of the *in camera, ex parte* materials submitted to the Court by the government.

2. The government has styled its motion as a motion to dismiss or alternatively for summary judgment. The government's motion is properly one for summary judgment, since it relies on "matters outside the pleadings," Fed. R. Civ. P. 12(d). Section 802 requires the government to submit extrinsic evidence to the Court, and in opposition Plaintiffs cannot rest merely on the allegations of their complaints. Accordingly, Plaintiffs "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Ibid*.

3. Under Rule 56(c), Plaintiffs are entitled to present evidence, not just argument, in opposition to the government's summary judgment motion. ("The adverse party prior to the day of hearing may serve opposing affidavits.")

4. Under Rule 56(f), in turn, Plaintiffs are entitled to seek discovery before the government's summary judgment motion may be heard. Rule 56(f) provides that the Court may not decide the government's motion until it has provided Plaintiffs with an opportunity to conduct discovery to obtain "facts essential to justify its opposition." Fed. R. Civ. P. 56(f) (providing for continuances of summary judgment motions "to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken").

5. Plaintiffs have diligently developed the factual record relating to this motion, and have marshaled evidence in support of their claims as filed herewith. Plaintiffs contend that the evidence already set forth in the record of these proceedings is sufficient to defeat the government's motion. Nevertheless, Plaintiffs are entitled under Rule 56(f) to conduct discovery before the Court hears the government's motion. This is especially so if the Court concludes that essential evidence is missing from Plaintiffs' opposition. Plaintiffs respectfully submit that further information supporting their opposition is in the hands of other parties and witnesses, including the government and its agents and employees and Defendants and their agents and employees. Discovery is likely to reveal additional facts that will contribute to demonstrating there are genuine

issues of material fact that preclude granting the government's summary judgment motion. Plaintiffs have sought the right to do discovery many times before (including most recently at the September 12, 2008 Case Management Conference), but the Court has denied Plaintiffs the opportunity to do so.

6. The information that Plaintiffs intend to uncover through discovery exists in several sources, as outlined below.

7. If necessary, some of Plaintiffs' attorneys would seek a security clearance in order to allow them to conduct discovery. As noted by the Declarant Shayana Kadidal of the Center for Constitutional Rights in support of the Al Haramain Plaintiffs' motion under 50 U.S.C. § 1806(f), this process can take as little as six weeks (Al Haramain Docket No. 472-9). Mr. Kadidal's clearance is top secret / SCI, not just classified, secret, or even top-secret but without SCI. In their concurrently filed Evidentiary Objections, Plaintiffs here contend that the government cannot prevail unless, among other things, Plaintiffs are given some access to classified materials on which the government relies in support of its motion.

8. Plaintiffs would take the deposition of current and former government officials who have spoken publicly about the communications carriers' involvement in the NSA's warrantless surveillance, including Michael Chertoff, Keith B. Alexander, Michael B. Mukasey, John M. McConnell, David S. Addington, Michael V. Hayden, Alberto R. Gonzales, John D. Ashcroft, John D. Negroponte, James Comey, Jack Goldsmith, John Yoo, Patrick Philbin, and Robert S. Mueller III. As noted above, if needed Plaintiffs would seek a security clearance to enable them to conduct this discovery in a manner that protects national security.

9. Plaintiffs would seek further written and deposition discovery arising out of the documents summarized in the accompanying Summary of Voluminous Evidence filed under Federal Rule of Evidence 1006 in part to address any claims that any of the information in those documents requires authentication, is hearsay or is otherwise inadmissible.

10. For instance, the 1006 Summary documents reference the unclassified nature of 17 paragraphs of notes of then White House Counsel Alberto Gonzales' March 10, 2004 meeting with

3
MDL Docket No. 06-1791-VRW    DECL OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(F) IN OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY FISAAA § 802 (50 U.S.C. § 1885A) TO DISMISS THESE ACTIONS

certain members of Congress known as the "Gang of Eight." The notes discuss legal concerns about the program. As the Inspector General of the Department of Justice reported: "The NSA officials determined that 3 of 21 paragraphs in the notes contains SCI information about the NSA surveillance program, 1 paragraph contains SCI information about signals intelligence." Opsahl Decl. Ex. 7 (Office of the Inspector General, *U.S. Dept. of Justice, Report of Investigation Regarding Allegations of Mishandling of Classified Documents by Att'y Gen. Alberto Gonzales* (Sept. 2, 2008), at p. 10 n.14). Those notes themselves are evidence, or at a minimum are likely to lead to the discovery of admissible evidence, about the scope and legal justification for some portion of the alleged surveillance.

11. Similarly, testimony regarding issues discussed at the March 10, 2004 meeting in Attorney General Ashcroft's hospital room is not classified, since non-cleared personnel were present. *See* Opsahl Decl. Ex. 11 (*Dept. of Justice Oversight*: Hearing before the S. Judiciary Comm. 110th Cong. (Jan 18, 2007)).[1] Again those issues are either directly relevant to the surveillance claimed in this case or are likely to lead to the discovery of admissible evidence about the facts of the surveillance that led to legal concerns about it at the Department of Justice.

12. Plaintiffs would take depositions of and seek documents from the named sources in the published reports included in the Summary of Voluminous Evidence filed under Federal Rule of Evidence 1006, regarding their personal knowledge of published or unpublished information or their discussions with or knowledge of other sources of information.

13. To the extent Plaintiffs are able independently to identify any additional sources, Plaintiffs would seek to obtain declarations from, or propound depositions on written questions to, any unnamed sources, including those quoted in news reports.

14. Plaintiffs would serve requests for admissions regarding the fact of the Defendants' interception and disclosure of the communications and communications records of their customers, including those of the named Plaintiffs and class members.

15. Plaintiffs would take the depositions of Qwest executives including Joseph Nacchio

---

[1] http://www.washingtonpost.com/wp-srv/politics/documents/gonzalez_transcript_072407.html

4

regarding non-privileged discussions with the NSA pertaining to warrantless wiretapping, including content data acquisition. Published accounts note that unlike AT&T, Qwest has publicly disclosed that it received a request from the NSA to intercept and disclose customer communications and data and that it rejected the request.

16. Plaintiffs would take the depositions of Verizon executives regarding non-privileged discussions with the NSA pertaining to warrantless surveillance, including content data acquisition. For instance, a Verizon Wireless spokeswoman has publicly disclosed that Verizon Wireless was asked and rejected requests by the NSA that Verizon Wireless intercept and disclose customer communications and data.

17. Plaintiffs would request an inspection of the premises of AT&T's Folsom Street facility under Fed. R. Civ. P. 34, including the WorldNet Internet room, the splitter cable, the inside and outside of the splitter cabinet, and the area outside the SG3 Secure Room. Plaintiffs would also request an inspection of the premises outside of other of AT&T's SG3 rooms, which the record indicates exist in Atlanta, Seattle, San Jose, San Diego, and Los Angeles. Declaration of Mark Klein ¶ 36 (Hepting Dkt. 31 [Vol. 5, Ex. 78, p. 02041]).

18. Plaintiffs would take the depositions (or obtain the sworn declarations) of current or former AT&T employees with knowledge of, and who worked in, the SG3 Secure Room, doing so in a manner that would protect the identities of these witnesses, as needed. Such persons would include, but are not limited to: (1) James W. Russell, who filed under seal a Declaration dated April 10, 2006, due to AT&T trade secret concerns, *see* Notice of Manual Filing, Hepting Dkt. No 42; and (2) the named author of certain exhibits to the Klein Decl., which were also filed under seal, *see* Notice of Manual Filing, Hepting Dkt. No. 31.

19. Plaintiffs would request an inspection of AT&T's facilities housing the Daytona database and databases used for similar purposes at AT&T and other Defendant carriers.

20. Plaintiffs would take depositions of the persons most knowledgeable about AT&T's Daytona database and databases used for similar purposes at AT&T and other Defendant carriers.

21. Plaintiffs would propound targeted interrogatories to Defendants regarding other facts

in the record (*e.g.*, for AT&T the existence of the splitter and splitter cabinet, the nature of the data carried by the fiber-optic cable subject to the splitter, and the equipment provided by AT&T for use inside the SG3 Room and the Daytona database), and the identities of persons with knowledge of those facts.

22. Each of the topics of specific discovery outlined above is highly likely to yield further evidence of genuinely disputed material facts relating to all of Plaintiffs' claims.

23. For instance, inspection of the AT&T facilities on Folsom Street and elsewhere, and depositions of key persons who work or worked there, will provide admissible information about whether the government has met its burden to prove that its assertion under § 802(a)(5) that no "content dragnet" has occurred by providing additional evidence the past and current nature and scope of the surveillance.

24. Discovery of the nature and scope of the government's communication contents and records surveillance program will also test whether under § 802(a)(4) the government's program was specifically designed to detect or prevent a terrorist attack against the United States or instead was designed to be a suscpicionless dragnet intercepting the communications and communications records of millions of Americans.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 16th day of October, 2008.

DATED: October 16, 2008  By: _____/s/_____
                              Cindy A. Cohn

| | |
|---|---|
| ROGER BALDWIN FOUNDATION OF ACLU<br>HARVEY GROSSMAN<br>ADAM SCHWARTZ<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 201-9760<br><br>COUNSEL FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA<br>ANN BRICK (SBN 65296)<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437<br><br>COUNSEL FOR PLAINTIFFS IN CAMPBELL v. AT&T AND RIORDAN v. VERIZON COMMUNICATIONS INC.<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA<br>PETER J. ELIASBERG<br>1313 West Eighth St.,<br>Los Angeles, CA 90026<br><br>Telephone: (213) 977-9500<br>Facsimile: (213) 977-5299<br><br>COUNSEL FOR PLAINTIFFS IN CAMPBELL v. AT&T AND RIORDAN v. VERIZON COMMUNICATIONS INC.<br><br>FENWICK & WEST LLP<br>LAURENCE F. PULGRAM<br>JENNIFER KELLY<br>CANDACE MOREY<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br>Facsimile: (415) 281-1350<br><br>COUNSEL FOR PLAINTIFFS IN CAMPBELL v. AT&T AND RIORDAN v. VERIZON COMMUNICATIONS INC. | LAW OFFICE OF RICHARD R. WIEBE<br>RICHARD R. WIEBE<br>425 California Street<br>Suite 2025<br>San Francisco, CA 94104<br>Telephone: (415) 433-3200<br>Facsimile: (415) 433-6382<br><br>COUNSEL FOR AT&T CLASS PLAINTIFFS<br><br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>Elizabeth J. Cabraser<br>Barry R. Himmelstein<br>Eric B. Fastiff<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS<br><br>GEORGE & BROTHERS, L.L.P.<br>R. JAMES GEORGE, JR.<br>DOUGLAS BROTHERS<br>1100 Norwood Tower<br>114 W. 7th Street<br>Austin, Texas 78701<br>Telephone: (512) 495-1400<br>Facsimile: (512) 499-0094<br><br>PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS<br><br>LISKA, EXNICIOS & NUNGESSER ATTORNEYS-AT-LAW<br>VAL PATRICK EXNICIOS<br>One Canal Place, Suite 2290<br>365 Canal Street<br>New Orleans, LA 70130<br>Telephone: (504) 410-9611<br>Facsimile: (504) 410-9937<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |

| | |
|---|---|
| MOTLEY RICE LLC<br>RONALD MOTLEY<br>DONALD MIGLIORI<br>JODI WESTBROOK FLOWERS<br>VINCENT I. PARRETT<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465<br>Telephone: (843) 216-9000<br>Facsimile: (843) 216-9450<br><br>PLAINTIFFS' COUNSEL FOR VERIZON<br>SUBSCRIBER CLASS<br><br>THE MASON LAW FIRM, PC<br>GARY E. MASON<br>NICHOLAS A. MIGLIACCIO<br>1225 19th St., NW, Ste. 500<br>Washington, DC 20036<br>Telephone: (202) 429-2290<br>Facsimile: (202) 429-2294<br><br>PLAINTIFFS' COUNSEL FOR SPRINT<br>SUBSCRIBER CLASS<br><br>BRUCE I AFRAN, ESQ.<br>10 Braeburn Drive<br>Princeton, NJ 08540<br>609-924-2075<br><br>PLAINTIFFS' COUNSEL FOR<br>BELLSOUTH SUBSCRIBER CLASS<br><br>KRISLOV & ASSOCIATES, LTD.<br>CLINTON A. KRISLOV<br>20 North Wacker Drive<br>Suite 1350<br>Chicago, IL 60606<br>Telephone: (312) 606-0500<br>Facsimile: (312) 606-0207<br><br>PLAINTIFFS' COUNSEL FOR<br>BELLSOUTH SUBSCRIBER CLASS | MAYER LAW GROUP LLC<br>CARL J. MAYER<br>66 Witherspoon Street, Suite 414<br>Princeton, New Jersey 08542<br>Telephone: (609) 921-8025<br>Facsimile: (609) 921-6964<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH<br>SUBSCRIBER CLASS<br><br>THE LAW OFFICES OF STEVEN E.<br>SCHWARZ, ESQ.<br>STEVEN E. SCHWARZ<br>2461 W. Foster Ave., #1W<br>Chicago, IL 60625<br>Telephone: (773) 837-6134<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH<br>SUBSCRIBER CLASS |

MDL Docket No. 06-1791-VRW

DECL OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(F) IN OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY FISAAA § 802 (50 U.S.C. § 1885A) TO DISMISS THESE ACTIONS