| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | BRUCE A. ERICSON  #76342 |
| 2 | JACOB R. SORENSEN  #209134 |
| | MARC H. AXELBAUM  #209855 |
| 3 | DANIEL J. RICHERT  #232208 |
| | 50 Fremont Street |
| 4 | Post Office Box 7880 |
| | San Francisco, CA  94120-7880 |
| 5 | Telephone: (415) 983-1000 |
| | Facsimile: (415) 983-1200 |
| 6 | Email: bruce.ericson@pillsburylaw.com |
| 7 | SIDLEY AUSTIN LLP |
| | DAVID W. CARPENTER (admitted *pro hac vice*) |
| 8 | BRADFORD A. BERENSON (admitted *pro hac vice*) |
| | DAVID L. LAWSON (admitted *pro hac vice*) |
| 9 | EDWARD R. MCNICHOLAS (admitted *pro hac vice*) |
| | ERIC A. SHUMSKY #206164 |
| 10 | 1501 K Street, N.W. |
| | Washington, D.C.  20005 |
| 11 | Telephone:  (202) 736-8010 |
| | Facsimile:  (202) 736-8711 |
| 12 | |
| | Attorneys for Defendant AT&T CORP. |
| 13 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | MDL Dkt. No. 06-1791-VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **RESPONSE OF AT&T CORP. TO *HEPTING* PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE *JEWEL* TO *HEPTING* [Docket Nos. 383-84]** |
| | [Civ. L.R. 3-12(e)] |
| This Document Relates To: | Courtroom: 6, 17th Floor |
| *TASH HEPTING, et al. v. AT&T CORP.,* No. C-06-0672-VRW | Judge:      Hon. Vaughn R. Walker |

| | |
|---|---|
| 1 | This is the response of **AT&T CORP.** ("AT&T") to the "Administrative Motion by |
| 2 | Plaintiffs to Consider Whether Cases Should Be Related; Declaration of Kevin Bankston," |
| 3 | MDL Docket No. 383, filed Oct. 21, 2008. |
| 4 | *Jewel* is a case brought solely against the federal government and various |
| 5 | government officials. *Hepting* is a case brought solely against AT&T and its parent |
| 6 | (although the federal government intervened to assert the state secrets defense). |
| 7 | *Jewel* asserts 17 claims, at least nine of which do not appear in *Hepting*. *Hepting* |
| 8 | asserts seven claims, only three of which appear in *Jewel*. (The numbers do not add up |
| 9 | because some legal theories asserted as one count in *Hepting* appear in as many as four |
| 10 | counts in *Jewel*.) Despite some "subject matter" overlap, the two cases raise different legal |
| 11 | issues and may be met by very different defenses. |
| 12 | AT&T does not object to relating *Jewel* to *Hepting* so long as relating the two cases |
| 13 | does not affect in any way the Court's briefing schedule (MDL Docket No. 381) for |
| 14 | dispositive motions pursuant to the FISA Amendments Act of 2008, Pub. L. No. 110-261. |
| 15 | The principal purpose of Title II of the FISA Amendments Act is to achieve a prompt |
| 16 | dismissal of cases such as *Hepting* filed against carriers. It would frustrate congressional |
| 17 | intent to let a procedural device such as a related-case motion delay the Court's |
| 18 | consideration of dispositive motions filed pursuant to the FISA Amendments Act. |
| 19 | Dated: October 23, 2008. |

| | | |
|---|---|---|
| 20 | PILLSBURY WINTHROP | SIDLEY AUSTIN LLP |
|    | SHAW PITTMAN LLP | DAVID W. CARPENTER* |
| 21 | BRUCE A. ERICSON | BRADFORD A. BERENSON* |
|    | JACOB R. SORENSEN | DAVID L. LAWSON* |
| 22 | MARC H. AXELBAUM | EDWARD R. McNICHOLAS* |
|    | DANIEL J. RICHERT | ERIC A. SHUMSKY |
| 23 | 50 Fremont Street | 1501 K Street, N.W. |
|    | Post Office Box 7880 | Washington, DC 20005 |
| 24 | San Francisco, CA 94120-7880 | |
|    | | * admitted *pro hac vice* |
| 25 | | |
| 26 | By   /s/ Bruce A. Ericson | By   /s/ Bradford A. Berenson |
|    |      Bruce A. Ericson  |      Bradford A. Berenson |
| 27 | | |
|    | Attorneys for Defendant AT&T Corp. | |
| 28 | | |