| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>BRUCE A. ERICSON #76342 |
| 2 | JACOB R. SORENSEN #209134<br>MARC H. AXELBAUM #209855 |
| 3 | DANIEL J. RICHERT #232208<br>50 Fremont Street |
| 4 | Post Office Box 7880<br>San Francisco, CA 94120-7880 |
| 5 | Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200 |
| 6 | Email: bruce.ericson@pillsburylaw.com |
| 7 | SIDLEY AUSTIN LLP<br>DAVID W. CARPENTER (admitted *pro hac vice*) |
| 8 | BRADFORD A. BERENSON (admitted *pro hac vice*)<br>DAVID L. LAWSON (admitted *pro hac vice*) |
| 9 | EDWARD R. MCNICHOLAS (admitted *pro hac vice*)<br>ERIC A. SHUMSKY #206164 |
| 10 | 1501 K Street, N.W.<br>Washington, D.C. 20005 |
| 11 | Telephone: (202) 736-8010<br>Facsimile: (202) 736-8711 |
| 12 | |
| 13 | Attorneys for Defendant AT&T CORP. |

14     UNITED STATES DISTRICT COURT

15     NORTHERN DISTRICT OF CALIFORNIA

16     SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 17 | | |
| 18 | In re: | MDL Dkt. No. 06-1791-VRW |
| 19 | NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **RESPONSE OF AT&T CORP. TO *HEPTING* PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE *JEWEL* TO *HEPTING* [Docket Nos. 383-84]** |
| 20 | | |
| 21 | | [Civ. L.R. 3-12(e)] |
| 22 | | |
| 23 | This Document Relates To: | Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |
| 24 | *TASH HEPTING, et al. v. AT&T CORP.,*<br>No. C-06-0672-VRW | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1   This is the response of **AT&T CORP.** ("AT&T") to the "Administrative Motion by
2   Plaintiffs to Consider Whether Cases Should Be Related; Declaration of Kevin Bankston,"
3   MDL Docket No. 383, filed Oct. 21, 2008.
4       *Jewel* is a case brought solely against the federal government and various
5   government officials. *Hepting* is a case brought solely against AT&T and its parent
6   (although the federal government intervened to assert the state secrets defense).
7       *Jewel* asserts 17 claims, at least nine of which do not appear in *Hepting*. *Hepting*
8   asserts seven claims, only three of which appear in *Jewel*. (The numbers do not add up
9   because some legal theories asserted as one count in *Hepting* appear in as many as four
10  counts in *Jewel*.) Despite some "subject matter" overlap, the two cases raise different legal
11  issues and may be met by very different defenses.
12      AT&T does not object to relating *Jewel* to *Hepting* so long as relating the two cases
13  does not affect in any way the Court's briefing schedule (MDL Docket No. 381) for
14  dispositive motions pursuant to the FISA Amendments Act of 2008, Pub. L. No. 110-261.
15  The principal purpose of Title II of the FISA Amendments Act is to achieve a prompt
16  dismissal of cases such as *Hepting* filed against carriers. It would frustrate congressional
17  intent to let a procedural device such as a related-case motion delay the Court's
18  consideration of dispositive motions filed pursuant to the FISA Amendments Act.
19      Dated: October 23, 2008.

| | |
|---|---|
| PILLSBURY WINTHROP<br>  SHAW PITTMAN LLP<br>BRUCE A. ERICSON<br>JACOB R. SORENSEN<br>MARC H. AXELBAUM<br>DANIEL J. RICHERT<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA 94120-7880 | SIDLEY AUSTIN LLP<br>DAVID W. CARPENTER*<br>BRADFORD A. BERENSON*<br>DAVID L. LAWSON*<br>EDWARD R. McNICHOLAS*<br>ERIC A. SHUMSKY<br>1501 K Street, N.W.<br>Washington, DC 20005<br><br>* admitted *pro hac vice* |
| By   /s/ Bruce A. Ericson<br>      Bruce A. Ericson | By   /s/ Bradford A. Berenson<br>      Bradford A. Berenson |

Attorneys for Defendant AT&T Corp.