United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>NATIONAL SECURITY AGENCY<br>TELECOMMUNICATIONS RECORDS<br>LITIGATION<br>_____<br><br>This Document Relates To All<br>Cases Except:<br><br>Al-Haramain Islamic Foundation, Inc<br>v Bush, No C 07-0109; Center for<br>Constitutional Rights v Bush, No C<br>07-1115; Guzzi v Bush, No C 06-6225;<br>Shubert v Bush, No C 07-0693; United<br>States v Adams, No C 07-1323; United<br>States v Clayton, No C 07-1242;<br>United States v Palermino, No C<br>07-1326; United States v Rabner, No<br>07-01324; United States v Volz, No<br>07-1396<br>_____/ | MDL Docket No 06-1791 VRW<br><br>ORDER |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS TO BE ADDRESSED AT THE HEARING SCHEDULED DECEMBER 2, 2008 AT 10:00 AM:

1. Given the extensive information about the telecommunications carriers' cooperation with the government in the wake of the September 11, 2001 attacks that is publicly known and acknowledged by the government, how is the national security harmed if this cooperation is certified on the public record?

2. What exactly has Congress created with § 802 (in Pub L No 110-261, 122 Stat 2467, tit II, § 201 (2008))? It does not appear to be an affirmative defense but rather appears to be a retroactive immunity for completed acts that allegedly violated constitutional rights, but one that can only be activated by the executive branch. Is

there any precedent for this type of enactment that is analogous in all of these respects: retroactivity; immunity for constitutional violations; and delegation of broad discretion to the executive branch to determine whether to invoke the provision?

3. Is due process not compromised by the lack of an open adversarial process? How can national security concerns warrant such a compromise here? What is the harm in disclosing past cooperation in connection with adjudicating immunity for that past cooperation?

4. If the Attorney General certifies that a defendant in a suit for assistance to an element of the intelligence community did not provide such assistance and the person did not in fact do so, how are plaintiffs harmed by a dismissal based on the Attorney General's certification?

5. How does the Attorney General show by substantial evidence that a person did not provide assistance and is entitled to relief under section 802(a)(5)? Of what would such substantial evidence consist?

6. Some of the parties describe section 802 as providing immunity. How can that characterization be reconciled with section 802(a)(5) which provides for dismissal of an action even in the case of a person who did not provide assistance to an element of the intelligence community?

7. To the extent that section 802(a)(5) requires dismissal of an action against a person who did not provide assistance if the Attorney General submits a certification under that provision, is the Act simply one that provides the Attorney General unlimited discretion? Inasmuch as the Attorney General can provide immunity under section 802(a)(5) to a person who did not provide assistance, is not his authority under the FISA amendments essentially boundless?

8. Inasmuch as the plaintiffs have a claim against the government for allegedly unlawful surveillance even after enactment of the FISA amendments, are not the claims against the telecommunications carriers displaced by the claims against the government?

9. In making the certification called for by section 802(a)(5), is the Attorney General performing an adjudicatory function? That is, is he not making a determination that only a court can make?

10. If a person assists the government pursuant to one of the provisions referred to in section 802(a)(1)-(4), but the person's activities go beyond that authorized (e g, conducting surveillance for a longer period than authorized), how does the Attorney General make his

2

certification under this section?  Under this scenario, is there not a danger that the Attorney General's certification could hide the unauthorized conduct?  What is the district court's function in such a case?

11. What facts must be determined by the court under the substantial evidence standard in section 802(a)(4)?  How does the substantial evidence standard compare to the showing required under 50 USC § 1804 to obtain an electronic surveillance order from the FISC?  Should the court assume that it is about the same?

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge