Lycos, Inc. v. Verizon Communications, Inc.　　Doc. 535

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL CASES Except: *Al-Haramain Islamic Foundation, Inc. v. Bush*, No. 07-0109; *Center for Constitutional Rights v. Bush*, No. 07-1115; *Guzzi v. Bush*, No. 06-06225; *Shubert v. Bush*, No. 07-0693; *Clayton v. AT&T Commc'ns of the Southwest*, No. 07-1187; *U.S. v. Adams*, No. 07-1323; *U.S. v. Clayton*, No. 07-1242; *U.S. v. Palermino*, No. 07-1326; *U.S. v. Rabner*, No. 07-1324; *U.S. v. Volz*, No. 07-1396 | MDL Docket No 06-1791 VRW<br><br>**CLASS ACTION**<br><br>**NOTICE OF NEW LEGAL AND FACTUAL AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY 50 U.S.C. §1885a TO DISMISS THESE ACTIONS**<br><br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

No. M-06-01791-VRW　　NOTICE OF NEW LEGAL AND FACTUAL AUTHORITIES IN SUPPORT OF PLTFS OPP TO MTN OF THE US SEEKING TO APPLY 50 U.S.C. §1885a TO DISMISS THESE ACTIONS

Dockets.Justia.com

1      Plaintiffs hereby submit new legal and factual authorities, published after the December 2,
2  2008 oral argument, to assist the Court in its determination of the above-referenced motion.

3      1.     Attached hereto as Exhibit A is a true and correct copy of the slip opinion of the recent
4  decision of the United States Court of Appeals for the Second Circuit in *Doe v. Mukasey*, CV 07-
5  4943 (December 15, 2008).

6      2.     Attached hereto as Exhibit B is a true and correct copy of a declaration filed on
7  December 10, 2008, by Carl J. Nichols in *EFF v. Office of the Director of National Intelligence, et
8  al.,*(3:08-cv-02997-JSW).  This is a Freedom of Information Act case that the Electronic Frontier
9  Foundation brought seeking information about the lobbying campaign in favor of telecom
10 immunity.

11     3.     Attached hereto as Exhibit C is a true and correct copy of two magazine articles
12 published this week revealing further information about the warrantless wiretapping that is the
13 subject of this action. Michael Isikoff, *The Fed Who Blew the Whistle,* NEWSWEEK, (December 22,
14 2008) 40-48 and an insert to that article by Daniel Klaidman, *Now We Know What the Battle Was
15 About,* NEWSWEEK, (December 22, 2008) 46-47.

16     4.     As to Exhibit A, the *Doe v. Mukasey* decision bolsters Plaintiffs' contention that the
17 non-disclosure provisions of the Foreign Intelligence Surveillance Act of 1978 (FISA)
18 Amendments Act of 2008, (FISAAA), codified at 50 U.S.C. § 1885a, violate the First Amendment.
19 *See* MDL Plaintiffs Memorandum of Points and Authorities in Opposition to the Government's
20 Motion to Dismiss under 50 U.S.C. §1885a (Docket 483) at pages 31-36; MDL Plaintiffs' Reply
21 (Docket 524) at 22-25.  *Doe* concerned a First Amendment challenge to 18 U.S.C. §§ 2709 and
22 3511, which respectively bar the recipient from disclosing that he has received a National Security
23 Letter (NSL) and establish a mechanism for the recipient to challenge that non-disclosure order in
24 court.

25     5.     Section 3511(b) allows the NSL recipient to challenge the executive's non-disclosure
26 order, but provides that if a government official designated in the statute certifies that the
27 disclosure "may endanger the national security of the United States, or interfere with diplomatic
28 relations" "such certification shall be treated as *conclusive* unless the court finds the certification

was made in bad faith." *Id*. (emphasis added). The Second Circuit held that the statute violated the First Amendment by compelling the courts to defer to the executive's determination of harm, thereby eliminating "meaningful judicial review of the Executive Branch decision" and making it impossible for a court to apply "either traditional strict scrutiny or a less exacting application of that standard." Slip op. at 47.[1] "To accept deference to that extraordinary degree would be to reduce strict scrutiny to no scrutiny, save only in the rarest of situations where bad faith could be shown." *Id*. In the words of the Second Circuit: "The fiat of a governmental official, though senior in rank and doubtless honorable in the execution of official duties, cannot displace the judicial obligation to enforce constitutional requirements." *Id*. at 47-48.

6. The nondisclosure requirements of FISAAA'a section 802 similarly violate the First Amendment by eliminating judicial review and compelling the Court to defer to the Executive's unreviewable determination that disclosure would harm national security and that there is no less restrictive alternative to nondisclosure. The nondisclosure requirements of section 802 of FISAAA are even more clearly unconstitutional than section 3511(b) because section 802 requires even greater deference to the executive than does section 3511(b) in two key areas. First, unlike section 3511, section 802 provides no mechanism whatsoever for an affected person to challenge the validity of the non-disclosure requirement. Second, section 3511 permits the court to override the government's certification in limited circumstances, i.e., if it finds that the certification was in bad faith. By contrast, under section 802(c), once the Attorney General certifies that disclosure will harm the national security, the court is powerless to permit any disclosure, even if it concludes the Attorney General made his certification in bad faith. Section 802(d) goes even further than section 802(c), in that section 802(d) mandates permanent non-disclosure without any declaration asserting harm by the government. Thus, unlike section 3511(b), to which the Second Circuit gave an extensive a saving construction, the unambiguous language of sections 802(c) and 802(d) does not permit any finding other than facial unconstitutionality.

7. *Mukasey* also supports Plaintiffs' First Amendment argument that the non-disclosure

---

[1] As Plaintiffs explained on pages 32-33 of their opposition and pages 24, 25-26 n.29 of their reply, strict scrutiny applies to the non-disclosure provisions of section 802.

provisions of section 802 violate the First Amendment because they require nondisclosure for all time, without any mechanism for an affected party to seek disclosure on the ground that the government's justifications for disclosure are no longer valid. The Second Circuit noted the potential validity of such an argument, but rejected it only because Section 3511 allowed an affected party annually to petition the court to set aside the non-disclosure requirement. Slip op. at 50 n.16. Section 802 provides no such mechanism.

8. Exhibit B, the Nichols Declaration, was executed after the date of the hearing on this matter and supports Plaintiffs' assertion that the Attorney General is a biased decisionmaker who has not acted impartially in submitting his certification to this Court. Of particular note is paragraph 22, in which Mr. Nichols, counsel to party-intervenor the United States who argued this motion on behalf of the government on December 2, 2008, describes a meeting that took place in February 2006 in which the United States and Defendant AT&T determined that they had a sufficient "common interest" so that they might assert a common interest privilege against production of documents that they shared. "The United States has always understood that it shares common interests with the telecommunications carriers in the various [MDL] cases described above and has acted accordingly." *Id.* at paragraph 21. Mr. Nichols also states that the telecommunications carrier defendants and the Government share a common interest in "legislation that would protect telecommunications carriers from litigation alleging they had provided assistance to the Government following the attacks of September 11, 2001," *i.e.,* a common interest in using section 802 to protect the telecommunication carrier defendants from liability. *Id.* at paragraph 23."

9. Exhibit C, the *Newsweek* articles, provide the identity of a previously unidentified whistleblower, Thomas M. Tamm, who provided information to the *New York Times* about the warrantless surveillance of communications and their records. *Newsweek* also provides a more detailed description of the surveillance that supports Plaintiffs' claims in this action and should be considered as part of this Court's evaluation of whether the government has met its burden under either the motion to dismiss or the motion for summary judgment standards. For instance, the article by Mr. Klaidman explains:

> . . . the clash [in Mr. Ashcroft's hospital room] erupted over a part of Bush's espionage program that had nothing to do with the wiretapping of *individual* suspects. Rather, Comey and others threatened to resign because of the vast and indiscriminate collection of communications data. . . . the National Security Agency, with cooperation from some of the country's largest telecommunications companies, was able to vacuum up the records of calls and e-mails of tens of millions of average Americans between September 2001 and March 2004.

Plaintiffs request that these articles be considered along with the evidence submitted in support of its Plaintiffs Evidence Rule 1006 Summary of Voluminous Evidence Filed In Support of Plaintiffs' Opposition to Motion of the United States Seeking to Apply FISAAA §802 (50 U.S. C. §1885a) to Dismiss These Actions (Docket 479). Plaintiffs note that while the information provided by the whistleblower only extends to the resolution of the specific dispute in 2004, the magazine adds: "It's unclear whether the administration has since found new legal justification to return to at least some of these activities." Thus the discovery could address both past and current actions.

10. Additionally, these articles provide further support for plaintiffs' request under Federal Rule of Civil Procedure 56(f) (Docket 478) for the opportunity to conduct discovery to obtain facts essential to justify plaintiffs' opposition to the governments' motion to terminate these cases. The articles reference documents that plaintiffs would seek in discovery and also identify additional individuals who could be deposed.

11. While some of the information sought here and in Plaintiffs earlier filing may be classified, Executive Order 13292 issued by President Bush expressly bars the government from designating materials as classified in order to, *inter alia*, "conceal violations of law," or to "prevent embarrassment to a person, organization, or agency." Exec. Order No. 13292 (2003) (amending Exec. Order No. 12958).

DATED: December 19, 2008

Respectfully submitted,

　　　*/s/  Cindy A. Cohn*
　　　　Cindy A. Cohn
ELECTRONIC FRONTIER FOUNDATION

ROGER BALDWIN FOUNDATION OF ACLU
HARVEY GROSSMAN
ADAM SCHWARTZ
180 North Michigan Avenue
Suite 2300
Chicago, IL 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760

COUNSEL FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

ANN BRICK
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

COUNSEL FOR PLAINTIFFS IN *CAMPBELL v. AT&T* AND *RIORDAN v. VERIZON COMMUNICATIONS INC*.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA
PETER J. ELIASBERG
1313 West Eighth St.
Los Angeles, CA 90026

Telephone: (213) 977-9500
Facsimile: (213) 977-5299

COUNSEL FOR PLAINTIFFS IN *CAMPBELL v. AT&T* AND *RIORDAN v. VERIZON COMMUNICATIONS INC*.

FENWICK & WEST LLP
LAURENCE F. PULGRAM
JENNIFER KELLY
CANDACE MOREY
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

COUNSEL FOR PLAINTIFFS IN *CAMPBELL v. AT&T* AND *RIORDAN v. VERIZON COMMUNICATIONS INC*.

ELECTRONIC FRONTIER FOUNDATION
CINDY A. COHN, ESQ.
LEE TIEN, ESQ.
KURT OPSAHL, ESQ.
KEVIN S. BANKSTON, ESQ.
CORYNNE MCSHERRY, ESQ.
JAMES S. TYRE, ESQ.
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

COUNSEL FOR AT&T CLASS PLAINTIFFS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE
425 California Street
Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

COUNSEL FOR AT&T CLASS PLAINTIFFS

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
ELIZABETH J. CABRASER
BARRY R. HIMMELSTEIN
ERIC B. FASTIFF
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS

LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
VAL PATRICK EXNICIOS
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS

MOTLEY RICE LLC
RONALD MOTLEY
DONALD MIGLIORI
JODI WESTBROOK FLOWERS
VINCENT I. PARRETT
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

PLAINTIFFS' COUNSEL FOR VERIZON
SUBSCRIBER CLASS

THE MASON LAW FIRM, PC
GARY E. MASON
NICHOLAS A. MIGLIACCIO
1225 19th St., NW, Ste. 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

PLAINTIFFS' COUNSEL FOR SPRINT
SUBSCRIBER CLASS

BRUCE I AFRAN, ESQ.
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075

PLAINTIFFS' COUNSEL FOR
BELLSOUTH SUBSCRIBER CLASS

MAYER LAW GROUP LLC
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, New Jersey 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS

THE LAW OFFICES OF STEVEN E.
SCHWARZ, ESQ.
STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS

KRISLOV & ASSOCIATES, LTD.
CLINTON A. KRISLOV
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS