GREGORY G. KATSAS
Assistant Attorney General, Civil Division
CARL J. NICHOLS
Principal Deputy Associate Attorney General
JOHN C. O'QUINN
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | No. M:06-cv-01791-VRW |
| This Document Relates To: | **UNITED STATES' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| *United States v. Rabner, et al.* (07-1324);<br>*United States v. Gaw, et al.* (07-1242);<br>*United States v. Adams, et al.* (07-1323);<br>*United States v. Palermino, et al.* (07-1326);<br>*United States v. Volz, et al.* (07-1396);<br>*Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al*. (07-1187) | Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Hearing: March 26, 2009 |

PLEASE TAKE NOTICE that, on March 26, 2009, before Chief Judge Vaughn R. Walker, the United States of America will move for summary judgment in the above-referenced actions pursuant to Rule 56 of the Federal Rules of Civil Procedure. The grounds for this motion are that Section 201 of Title II of the Foreign Intelligence Surveillance Act of 1978 Amendments Act of 2008, Pub. L. 110-261, 122 Stat. 2467, Title II, § 201 (July 10, 2008) ("FAA" or "Act") preempts state law and forecloses the respective state investigations of alleged federal intelligence activities at issue in the above-referenced actions. The Act established Section 803 of the FISA, 50 U.S.C. § 1885b, which expressly preempts the authority of state officials to

**United States' Notice of Motion and Motion for Summary Judgment**
**and Memorandum in Support (MDL No. 06-CV-1791-VRW)**

investigate or otherwise require disclosure of information related to alleged assistance by an electronic communications service provider to an element of the intelligence community. In light of this express preemption of state law, the United States is entitled to summary judgment in these actions. This motion is supported by the accompanying memorandum of points and authorities.

Dated: December 23, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General, Civil Division

CARL J. NICHOLS
Principal Deputy Associate Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

    */s/ Alexander K. Haas*
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7142
Washington, D.C. 20001
Phone: (202) 305-9334—Fax: (202) 616-8460
Email: alexander.haas@usdoj.gov
*Attorneys for the United States of America*

1  GREGORY G. KATSAS
   Assistant Attorney General, Civil Division
2  CARL J. NICHOLS
   Principal Deputy Associate Attorney General
3  JOHN C. O'QUINN
   Deputy Assistant Attorney General
4  DOUGLAS N. LETTER
   Terrorism Litigation Counsel
5  JOSEPH H. HUNT
   Director, Federal Programs Branch
6  ANTHONY J. COPPOLINO
   Special Litigation Counsel
7  ALEXANDER K. HAAS (SBN 220932)
   Trial Attorney
8  U.S. Department of Justice
   Civil Division, Federal Programs Branch
9  20 Massachusetts Avenue, NW, Rm. 7142
   Washington, D.C. 20001
10 Phone: (202) 305-9334—Fax: (202) 616-8460
   *Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*United States v. Rabner, et al.* (07-1324);<br>*United States v. Gaw, et al.* (07-1242);<br>*United States v. Adams, et al.* (07-1323);<br>*United States v. Palermino, et al.* (07-1326);<br>*United States v. Volz, et al.* (07-1396);<br>*Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al.* (07-1187) | No. M:06-cv-01791-VRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Vaughn R. Walker<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Hearing: March 26, 2009 |

# INTRODUCTION

Pending in these consolidated proceedings are six cases (the "State Cases") that, as this Court has described them, arise out of "attempts by state officials to compel various telecommunication carriers to release information concerning their alleged disclosure of customer telephone records to the National Security Agency (NSA)." *In re NSA Telecomm. Records Litig.*, 2007 WL 2127345, *6 (N.D. Cal. 2007). In these actions, the United States challenges the authority of the states to conduct these investigations and, hence, their lawfulness under the Constitution and federal law. In prior motions, the Government had contended that the states could not pursue these investigations because (i) the United States Constitution vests exclusively to the Federal Government—to the exclusion of the States—matters related to foreign affairs, the common defense of the nation, and, in particular, foreign intelligence activities and that the state investigations interfere with federal functions, and (ii) federal law preempts, under either field or conflict preemption theories, the state investigations. *See*, *e.g.*, United States' Supplemental Brief, Dkt. 265 in 06-m-1791. On July 24, 2007, after concluding that there was no interference with federal functions and no preemption absent a decision by a state to disregard the invocation of the state secrets privilege, the Court denied the Government's motion for summary judgment without prejudice pending the Ninth Circuit's then-pending consideration in *Hepting* of the scope of the state secrets privilege. *See id.* at *8-18.

On July 10, 2008, Congress passed the Foreign Intelligence Surveillance Act of 1978 Amendments Act of 2008, Pub. L. 110-261, 122 Stat. 2467 (July 10, 2008) ("FAA" or "Act"). As relevant here, Section 803 of Title II *expressly* preempts the state investigations at issue in the State Cases. In particular, Congress provided that no state has authority to "conduct an investigation into an electronic communication service provider's alleged assistance to an element of the intelligence community" or "require through regulation or any other means the disclosure of information about an electronic communication service provider's alleged assistance to an element of the intelligence community." 50 U.S.C. § 1885b(a)(1)-(2). Further, Congress proscribed the ability of states to "impose any administrative sanction on an electronic communication service provider for assistance to an element of the intelligence community" or

"commence or maintain a civil action or other proceeding to enforce a requirement that an electronic communication service provider disclose information concerning alleged assistance to an element of the intelligence community." *See id.* § 1885b(a)(3)-(4).[1]

Because each of the State Cases falls within Section 803, federal law now expressly preempts state authority underlying the investigations at issue. The State Cases each concern attempts to "conduct an investigation into an electronic communication service provider's alleged assistance to an element of the intelligence community" and to require "the disclosure of information about an electronic communication service provider's alleged assistance to an element of the intelligence community." *See id.* at § 1885b(a)(1)-(2). The United States is therefore entitled to summary judgment in each of the above-referenced actions.

**ISSUE TO BE DECIDED**

1. Whether Section 803 of the FAA expressly preempts the state investigations at issue in the State Cases?

**BACKGROUND**

**A.  State Investigations Concerning Alleged Assistance to an Element of the Intelligence Community by Electronic Communication Service Providers.**

In the wake of May 2006 media reports, various state administrative bodies or other state officers began investigating allegations of assistance by electronic communication service providers to the National Security Agency in alleged foreign intelligence activities of the United States. The history of efforts by state governments to investigate the "alleged disclosure of customer telephone records to the National Security Agency (NSA)" is set forth in greater detail in this Court's July 24, 2007 Opinion. *See In re NSA Telecomm. Records Litig.*, 2007 WL 2127345, *1 (N.D. Cal. 2007). In sum, each of the states in this proceeding had issued subpoenas or some other form of process to compel telecommunication providers to produce varying kinds of information concerning alleged assistance given to the NSA. *See id.* at *1-3

---

[1] Section 802 of Title II of the FAA in turn provides protection from civil actions brought by private parties against electronic communications service providers and a mechanism to implement that statutory protection, *see* 50 U.S.C. § 1885a. Dismissal of other pending actions against the provider-defendants under Section 802 is subject to separate litigation in these proceedings. *See* United States' Motion to Dismiss, Dkt. 492.

(describing the discovery demands in the investigations of New Jersey, Missouri, Maine, Connecticut and Vermont officials). Those demands seek information concerning alleged assistance provided by the providers to the NSA. *See id.*; *see also* Exhibit A, attached hereto (representative disclosure demands of the states).

### B. Summary of Procedural History

The United States brought suit in federal district court against state officials and entities in New Jersey, Missouri, Connecticut, Maine, and Vermont in the summer and fall of 2006 to enjoin those state investigations of alleged assistance by carriers in alleged NSA intelligence activities. While briefing on dispositive motions was ongoing, the United States also sought the transfer and coordination of these cases as part of *In re National Security Agency Telecommunications Records Litigation*. On February 15, 2007, the Judicial Panel on Multidistrict Litigation transferred the State Cases to this Court to be consolidated in MDL 1791.[2] Thereafter, the parties submitted supplemental briefs concerning jurisdictional and merits issues under Ninth Circuit law on June 1, 2007. *See* Dkt. 219.

On July 24, 2007, this Court denied without prejudice the United States' motion for summary judgment. The Court agreed that the United States may seek relief in federal court, and rejected the states' arguments on a number of threshold issues, including that the Court lacked jurisdiction, that the United States did not have a cause of action, that the Court should abstain from deciding the matter, and that the case was not justiciable. *See In re NSA Telecomm. Records Litig.*, 2007 WL 2127345, *4-8. The Court held, however, that the state investigations did not impermissibly interfere with or regulate the operations of the Federal Government. The Court also rejected the United States' argument that field preemption or conflict preemption

---

[2] The cases are *United States v. Rabner, et al*, 07-1324; *United States v. Gaw, et al*, 07-1242; *United States v. Adams, et al*, 07-1323; *United States v. Palermino, et al*, 07-1326; *United States v. Volz, et al*, 07-1396; and *Clayton, et al v. AT & T Communications of the Southwest, Inc, et al*, 07-1187. *See* Dkt. 165 in MDL 1791. *Clayton* (07-1187) is a subpoena enforcement action brought by the state defendants in *Gaw* that originally was filed in Missouri state court prior to its removal to United States District Court for the Western District of Missouri and ultimate transfer to this Court, and presents facts and issues identical to those raised by *Gaw*.

principles precluded the state investigations. *Id.* at *10-15. Finally, the Court declined to rule on the scope of the state secrets privilege until after a decision in *Hepting*, which was pending before the Ninth Circuit at the time. *Id.* at *18.

    **C.    Section 803 of the FAA Expressly Preempts the State Investigations at Issue in the State Cases.**

Section 803 of the FAA expressly preempts the authority of any state governmental entity or officer to investigate alleged assistance furnished to the intelligence community by electronic communication service providers. *See* 50 U.S.C. § 1885b. That provision states:

> No State shall have authority to—(1) conduct an investigation into an electronic communication service provider's alleged assistance to an element of the intelligence community; (2) require through regulation or any other means the disclosure of information about an electronic communication service provider's alleged assistance to an element of the intelligence community; (3) impose any administrative sanction on an electronic communication service provider for assistance to an element of the intelligence community; or (4) commence or maintain a civil action or other proceeding to enforce a requirement that an electronic communication service provider disclose information concerning alleged assistance to an element of the intelligence community.

50 U.S.C. § 1885b(1)-(4). This provision applies to any case, including these State Cases, pending at the time of the FAA's enactment. *See* 50 U.S.C. § 1885b(d). Congress also provided the United States with express authority to enforce this new provision of federal law and for district courts to have jurisdiction over suits brought by the United States to enforce these provisions. *See id.* § 1885b(b)-(c)

## **ARGUMENT**

Federal law's preemptive power flows from the Supremacy Clause, which provides that "the Constitution and the Laws of the United States . . . shall be the supreme Law of the Land." U.S. Const., art. VI; *Fidelity Federal v. De La Cuesta*, 458 U.S. 141, 152 (1982). The Supreme Court has recognized three ways in which federal law may preempt, and thereby displace, state law. *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007) (noting that preemption may be express or implied and that two kinds of implied preemption exist)); *In re NSA Telecomm. Records Litig.*, 2007 WL 2127345, *10. Most relevant to the instant motion, state laws or activities are expressly preempted when there is an explicit federal statutory command that they

be displaced.³ *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992); *Uhm v. Humana Inc.*, 540 F.3d 980, 983 (9th Cir. 2008). Under an express preemption theory, state law is preempted insofar as Congress has expressly stated its intent to supersede state law. *Shaw v. Delta Air Lines, Inc*, 463 U.S. 85, 95-98 (1983).⁴

In Section 803(a) of the FAA, titled "Preemption," Congress provided that "[n]o State shall have authority to" engage in four distinct kinds of activities related to an electronic communication service provider's alleged assistance to an element of the intelligence community.⁵ Under Section 803, States may not: (i) "conduct an investigation" into alleged assistance by the electronic communication service provider; (ii) "require through regulation or any other means the disclosure of information about an electronic communication service provider's alleged assistance;" (iii) "impose any administrative sanction on an electronic

---

³ "Field preemption" arises when federal law "so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the states to supplement it." *Cipollone v. Liggett Group*, 505 U.S. 504, 516 (1992). In addition, under what is commonly called "conflict preemption," state law is displaced when it is impossible to comply with both state and federal law, or when state law "stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941). Notwithstanding this Court's prior ruling, the United States maintains that the state investigations at issue were impermissible under the Supremacy Clause even before Congress passed Section 803 of the FAA, and we preserve our prior position. The instant motion addresses express preemption under Section 803.

⁴ The task of statutory construction of an express preemption clause "must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent." *CSX Transportation, Inc v. Easterwood*, 507 U.S. 658, 664 (1993).

⁵ Congress chose to broadly define the term 'State' to include "any State, political subdivision of a State, the Commonwealth of Puerto Rico, the District of Columbia, and any territory or possession of the United States, and *includes any officer, public utility commission, or other body authorized to regulate an electronic communication service provider*." *See* 50 U.S.C. § 1885(9) (emphasis added). Thus, no dispute exists that the various state defendants in the instant cases each qualify as a "state" for purposes of Section 803. It is also undisputed that the telecommunication carrier defendants subject to the State Officials' investigations qualify as "electronic communication service provider[s]" and that the NSA constitutes an element of the intelligence community under the Act. *See* 50 U.S.C. §§ 1885(6) (defining "electronic communication service provider"), 1885(7) (defining "intelligence community.").

communication service provider for assistance;" or (iv) "commence or maintain a civil action or other proceeding to enforce a requirement that an electronic communication service provider disclose information concerning alleged assistance." 50 U.S.C. § 1885b(a)(1)-(4). Further, to ensure that the amendment of substantive law would apply to these pending cases, Congress expressly provided that Section 803 "shall apply to any investigation, action, or proceeding that is pending on or commenced after the date of the enactment" of FAA. *Id*. § 1885b(d).

Section 803 covers the state investigations at issue in the above-referenced actions. The New Jersey subpoena seeks:

- "[a]ll names and complete addresses of Persons including, but not limited to, all affiliates, subsidiaries and entities, that provide Telephone Call History Data to the NSA";

- "[a]ll orders, subpoenas and warrants issued by or on behalf of any unit or officer of the Executive Branch of the Federal Government and provided to [the carriers] concerning any demand or request to provide Telephone Call History Data to the NSA"; and

- "[a]ll Documents concerning any communication between [the carriers] and the NSA or any other unit or officer of the Executive Branch of the Federal Government concerning the provision of Telephone Call History Data to the NSA."

*See* Exh. A, Tab 1, pp. 10-11 (Document Requests). Similarly, the Vermont order seeks:

- whether they "disclosed or delivered to the [NSA] the phone call records of any [] customers in Vermont at any time since January 1, 2001";

- "the categories of information [] provided to the NSA";

- whether they "disclosed or delivered to any other state or federal agency the phone call records of any [] customer in Vermont since January 1, 2001"; and

- whether they "modified any . . . equipment or other physical plant in Vermont to permit access to data and other information carried on [their] network by any agency of the federal government."

*See* Exh. A, Tab 2, pp. 1-3. The Missouri subpoenas seek:

- "[t]he nature or type of information disclosed to the NSA";

- "[t]he number of Missouri customers, if any, whose calling records have been delivered or otherwise disclosed to the National Security Agency"; and

- the "legal authority" for alleged disclosures to the NSA.

*See* Exh. A, Tab 3, p. 2. And the Connecticut interrogatories and Maine order seek, respectively:

| | |
|---|---|
| 1 | • whether the carriers "disclosed customer information and/or records to private parties, government entities and/or law enforcement personnel when not compelled to do so by subpoena, warrant, court order or a request under 18 U.S.C. § 2709 ("National Security Letter" []), along with the "full details" of any such alleged disclosures "including the date of each request, the information sought, the information provided, and the date on which the information was provided" [Connecticut]; and |
| 5 | • for Verizon to confirm that it "was not asked by NSA to provide, nor did [it] provide, customer phone records from any of its businesses, or any call data from those records" and that "[n]one of these companies – wireless or wireline – provided customer records or call data." [Maine] |

*See* Exh. A, Tab 4, at p. 4, Tab 5, at p. 2.

Accordingly, the state defendants in the above-referenced actions are "conduct[ing] an investigation into an electronic communication service provider's alleged assistance to an element of the intelligence community," *see* 50 U.S.C. § 1885b(a)(1), and each order or subpoena constitutes an impermissible attempt to "require through regulation or any other means the disclosure of information about an electronic communication service provider's alleged assistance to an element of the intelligence community." *See* 50 U.S.C. § 1885b(a)(2).

Section 803 reflects Congress' view that "although states play an important role in regulating electronic communication service providers, they should not be involved in regulating the relationship between electronic communication service providers and the intelligence community" through their investigatory powers. S. Rep. 110-209 at 14, Accompanying S. 2248, Foreign Intelligence Surveillance Act of 1978 Amendments Act of 2007, Senate Select Committee on Intelligence; *see also* 154 Cong. Rec. S6097-08, 6129 (Statement of Chairman Rockefeller). The FAA's express preemption provision was intended to provide "for the protection . . . of the federal government's ability to conduct intelligence activities without interference by state investigations." S. Rep. 110-209 at 14; *see also* 154 Cong. Rec. S6097-08, 6135 (Statement of Chairman Rockefeller). Indeed, Section 803 was added specifically to address the instant investigations "that a number of state regulatory commissions have [begun] . . . to investigate cooperation by state regulated carriers with U.S. intelligence agencies." S. Rep. 110-209 at 26.

"[T]he purpose of Congress is the ultimate touchstone in every preemption case," *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996), and is revealed both through the actual text of

the statute as well as Congressional intent, *see id.* at 486.  Here, there is no doubt that Congress expressly intended to preempt the state investigations at issue in this litigation.  Congress has spoken with unmistakably clear language to prevent the state defendants from exercising any authority to engage in these investigations.  Accordingly, the United States is now entitled to summary judgment in all the above-referenced actions.

## **CONCLUSION**

For the foregoing reasons, the Court should declare that Section 803 of the FAA expressly preempts the state investigations at issue here, permanently enjoin the state defendants from engaging in these investigations, and enter summary judgment for the United States in each of these actions.

Dated:  December 23, 2008        Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

CARL J. NICHOLS
Principal Deputy Associate Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

　　　*/s/ Alexander K. Haas*　　　
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7142
Washington, D.C. 20001
Phone: (202) 305-9334—Fax: (202) 616-8460
Email: alexander.haas@usdoj.gov

*Attorneys for the United States*