A CERTIFIED TRUE COPY
ATTEST

By Denise Morgan-Stone on Dec 19, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
UNITED STATES
JUDICIAL PANEL ON
DEC 23 2008 MULTIDISTRICT LITIGATION

RICHARD W. WIEKING Dec 19, 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA FILED

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

CLERK'S OFFICE

IN RE: NATIONAL SECURITY AGENCY
TELECOMMUNICATIONS RECORDS LITIGATION
Reverend Joe McMurray, et al. v. Verizon Communications, Inc., )
et al., S.D. New York, C.A. No. 1:08-6264　　　　　　　　　　)　　　MDL No. 1791

M 06-1791 VRW

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in an action pending in the Southern District of New York have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action (*McMurray*) to the Northern District of California for inclusion in MDL No. 1791. Responding defendant the United States of America opposes the motion.

After considering all argument of counsel, we find that *McMurray* involves common questions of fact with actions in this litigation previously transferred to the Northern District of California, and that transfer of the action to the Northern District of California for inclusion in MDL No. 1791 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of the action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was a proper Section 1407 forum for actions "sharing factual and legal questions regarding alleged Government surveillance of telecommunications activity and the participation in (or cooperation with) that surveillance by individual telecommunications companies." *See In re National Security Agency Telecommunications Records Litigation*, 444 F.Supp.2d 1332, 1334 (J.P.M.L. 2006).

In opposing transfer, plaintiffs principally argue that *McMurray* involves only a legal issue – whether certain recently-enacted amendments to the Foreign Intelligence Surveillance Act (FISA) are unconstitutional.[1] Certainly, this is a valid consideration here. In these circumstances, however,

---

[*]　Judge Vratil took no part in the disposition of this matter.

[1]　The FISA amendments provide, in relevant part, that a civil action "may not lie or be maintained" in a federal or state court against any person for providing assistance to an element of the intelligence community, if the Attorney General certifies to the involved federal district court that one of several possible circumstances exist, including (1) that the person did not provide the alleged assistance, (2) that the person provided the assistance pursuant to an order of the FISA court or other

it does not carry the day. Because the Panel has already centralized very similar cases which are now further advanced than this one, a more efficient, more consistent and fairer procedure likely results from the transferee court reviewing this new case as well. Virtually all the parties in *McMurray* are already present in MDL No. 1791. With but one exception, plaintiffs in *McMurray* are also plaintiffs in one of the actions (*Mayer*) initially centralized in this docket in August 2006. Defendants in *McMurray* and *Mayer* are also identical. Moreover, the core issue presented in *McMurray* is one that is already squarely before the transferee judge. Indeed, the viability of most, if not all, of the actions in MDL No. 1791 appears to turn on the effect of the aforementioned FISA amendments.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vaughn R. Walker for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

J. Frederick Motz    Robert L. Miller, Jr.
Kathryn H. Vratil*   David R. Hansen
W. Royal Furgeson, Jr.

---

certifications or directives authorized by the statute, or (3) that the person provided the assistance in connection with an intelligence activity involving communications that was authorized by the President during the period from September 11, 2001, to January 17, 2007, that was designed to detect or prevent a terrorist attack against the United States, and that was the subject of a written request to such person indicating that the activity was authorized by the President and determined to be lawful. *See* 50 U.S.C. § 1885a(a)(1)-(5).