1 GREGORY G. KATSAS
  Assistant Attorney General, Civil Division
2 JOHN C. O'QUINN
  Deputy Assistant Attorney General
3 DOUGLAS N. LETTER
  Terrorism Litigation Counsel
4 JOSEPH H. HUNT
  Director, Federal Programs Branch
5 ANTHONY J. COPPOLINO
  Special Litigation Counsel
6 ALEXANDER K. HAAS
  Trial Attorney
7 U.S. Department of Justice
  Civil Division, Federal Programs Branch
8 20 Massachusetts Avenue, NW, Rm. 6102
  Washington, D.C. 20001
9 Phone: (202) 514-4782—Fax: (202) 616-8460

10 *Attorneys for the Government Defendants*

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                                              )   No. M:06-CV-01791-VRW
14 IN RE NATIONAL SECURITY AGENCY              )
   TELECOMMUNICATIONS RECORDS                  )   **DEFENDANTS' NOTICE OF**
15 LITIGATION                                  )   **MOTION AND MOTION FOR A**
                                               )   **STAY PENDING APPEAL AND FOR**
16 This Document Solely Relates To:            )   **CERTIFICATION OF AN**
                                               )   **INTERLOCUTORY APPEAL**
17 *Al-Haramain Islamic Foundation et al.*     )
      *v. Bush, et al.* (07-CV-109-VRW)        )
18                                             )   Date:          April 9, 2009
                                               )   Time:          2:30 pm
19                                             )   Courtroom:     6, 17th Floor
                                               )
20                                             )   Honorable Vaughn R. Walker

21        PLEASE TAKE NOTICE that on April 9, 2009, or a date sooner to be determined by the

22 Court, the defendants sued in their official capacity ("Government Defendants") hereby move for

23 a stay pending appeal in this action of the Court's Order of January 5, 2009 (Dkt. 57) (07-cv-

24 109-VRW) and, in addition, pursuant to 28 U.S.C. § 1292(b), for certification of interlocutory

25 appeal of that Order. This motion is supported by the accompanying memorandum of points and

26 authorities and the Declaration of Ariane E. Cerlenko, National Security Agency. The

27 Government Defendants are conferring with the plaintiffs on a schedule for shortening the time

28

---

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**

for this motion to be heard. The Government requests that, in light of the Court's Order, this motion be heard well before the Court's next available motion date. The Government will address this issue with the Court at the case management conference scheduled for January 23, 2009, or file a stipulation if agreement is reached on a schedule, or file an administrative motion to shorten time to consider this motion.

Dated: January 19, 2009

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General, Civil Division

JOHN C. O'QUINN
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

*s/ Alexander K. Haas*
ALEXANDER K. HAAS

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                    -2-

1    GREGORY G. KATSAS
     Assistant Attorney General, Civil Division
2    JOHN C. O'QUINN
     Deputy Assistant Attorney General
3    DOUGLAS N. LETTER
     Terrorism Litigation Counsel
4    JOSEPH H. HUNT
     Director, Federal Programs Branch
5    ANTHONY J. COPPOLINO
     Special Litigation Counsel
6    ALEXANDER K. HAAS
     Trial Attorney
7    U.S. Department of Justice
     Civil Division, Federal Programs Branch
8    20 Massachusetts Avenue, NW, Rm. 6102
     Washington, D.C. 20001
9    Phone: (202) 514-4782—Fax: (202) 616-8460

10   *Attorneys for the Government Defendants*

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13
                                          )    No. M:06-CV-01791-VRW
14   IN RE NATIONAL SECURITY AGENCY       )
     TELECOMMUNICATIONS RECORDS           )
15   LITIGATION                           )    **DEFENDANTS' MEMORANDUM OF**
                                          )    **POINTS AND AUTHORITIES IN**
16   This Document Solely Relates To:     )    **SUPPORT OF A MOTION FOR**
                                          )    **STAY PENDING APPEAL AND FOR**
17   *Al-Haramain Islamic Foundation et al.* )  **CERTIFICATION OF AN**
          *v. Bush*, *et al*. (07-CV-109-VRW) )  **INTERLOCUTORY APPEAL**
18                                        )    **PURSUANT TO 28 U.S.C. § 1292(b)**
                                          )
19                                        )    Date:        April 9, 2009
                                          )    Time:        2:30 pm
20                                        )    Courtroom:   6, 17th Floor
                                          )
21                                        )    Honorable Vaughn R. Walker

22

23

24

25

26

27

28   **Government Defendants' Motion for a Stay Pending Appeal**
     **and for Certification of Interlocutory Appeal**
     *Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**

# TABLE OF CONTENTS

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.      Pre-Remand Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.      Initial Remand Proceedings & July 2008 Order . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.      Plaintiffs' Amended Complaint & Proceedings
              Concerning that Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.      The January 2009 Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.      A STAY PENDING APPEAL IS WARRANTED HERE . . . . . . . . . . . . . . . . . . . . . . . 7

    A.      The Court's Order Raises Serious Questions
              of Constitutional Significance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.      The Government Faces Irreparable Harm Under the Order . . . . . . . . . . . . . . . 9

    C.      The Court's Determination that Due Process Requires Access
              by Plaintiffs' Counsel to Classified Information Also Poses
              Irreparable Harm to the Government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

II.     CERTIFICATION OF THE JANUARY 2009 ORDER
        IS WARRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Government Defendants' Motion for a Stay Pending Appeal**
**and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**        -i-

TABLE OF AUTHORITIES

<u>CASES</u>

*Admiral Ins. Co. v. U.S. Dist. Court*,
  881 F.2d 1486 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Al-Haramain v. Bush*,
  451 F. Supp. 2d 1215 (D. Or. 2006), *rev'd*, 507 F.3d 1190 (9th Cir. 2007) . . . . . . . . . . . . . 3

*Al-Haramain v. Bush*,
  507 F.3d 1190 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 11

*Al-Haramain v. Bush,*
  564 F. Supp. 2d 1109 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

*Artukovic v. Rison*,
  784 F.2d 1354 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Department of the Navy v. Egan*,
  484 U.S. 518 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Dorfmont v. Brown*,
  913 F.2d 1399 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*,
  512 F.3d 1112 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Halkin v. Helms*,
  598 F.2d 1 (D.C. Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hepting v. AT&T,*
  439 F. Supp. 2d 974 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Humane Soc. of the United States v. Gutierrez*,
  527 F.3d 788 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Cement Antitrust Litigation*,
  673 F.2d 1020 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Copley Press*,
  518 F.3d 1022 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*In re Papandreou*,
  139 F.3d 247, 251 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Providence Journal Co. v. FBI*,
  595 F.2d 889 (1st Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sterling v. Tenet*,
  416 F.3d 338, 344 (4th Cir. 2005), *cert. denied*, 546 U.S. 1093 (2006) . . . . . . . . . . . . 10-11

*Tidewater Oil Co. v. United States*,
  409 U.S. 151 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Government Defendants' Motion for a Stay Pending Appeal**
**and for Certification of Interlocutory Appeal**
***Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)**       -ii-

*United States v. Abu-Jihaad*,
    531 F. Supp. 2d 299 (D. Conn. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Philip Morris Inc.*,
    314 F.3d 612 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

*United States v. Nixon*,
    418 U.S. 683 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Warsame*,
    547 F. Supp. 2d 982 (D. Minn. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STATUTES, REGULATIONS, OTHER AUTHORITY

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

50 U.S.C. § 1801(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

50 U.S.C. § 1806(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

50 U.S.C. § 1810 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

Exec. Order No. 12,958, 60 Fed. Reg. 19825 (Apr. 17, 1995) . . . . . . . . . . . . . . . . . . . . . . . 13

Exec. Order No. 13,292, 68 Fed. Reg. 15315 (Mar. 25, 2003) . . . . . . . . . . . . . . . . . . . . . . . 13

Wright, Miller & Cooper, Fᴇᴅ. Pʀᴀᴄ. & Pʀᴏ. § 3930 at 422 (3d ed. 1999) . . . . . . . . . . . . . . . . 15

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**     -iii-

# ISSUES PRESENTED

1.  Whether the Court should stay its January 5, 2009 Order pending direct appeal.

2.  Whether the Court should certify its January 5, 2009 Order for interlocutory review pursuant to 28 U.S.C. § 1292(b).

On January 5, 2009, the Court issued an Order denying the Government's Third Motion to Dismiss or for Summary Judgment and granting Plaintiffs' motion for discovery under Section 1806(f) of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1806(f). *See* January 2009 Order, Dkt. 57 (07-cv-109-VRW). In sum, the Court ordered that plaintiffs had established sufficient grounds at the pleading stage for the case to proceed under Section 1806(f), and made two central rulings regarding those further proceedings.

First, the Court held that it would now undertake *ex parte*, *in camera* review of the classified Sealed Document that has been at issue in this case and then "issue an order regarding whether plaintiffs may proceed—that is, whether the Sealed Document establishes that plaintiffs were subject to electronic surveillance not authorized by FISA." Slip Op. at 23. Second, the Court stated that "[u]nless counsel for plaintiffs are granted access to the court's rulings and, possibly, to at least some of defendants' classified filings, however, the entire remaining course of this litigation will be *ex parte*," and held that "[t]his will deprive plaintiffs due process to an extent inconsistent with Congress's purpose in enacting FISA's sections 1806(f) and 1810." Slip Op. at 23. Accordingly, the Court's Order also "provides for members of plaintiff's litigation team to obtain the security clearances necessary to litigate the case." *Id*. The Court directed the Government to arrange for plaintiffs' counsel to apply for clearances and to expedite the process to be completed by February 13, 2009. *Id*. at 24. The Court also directed the Government to conduct a declassification review of the Sealed Document at issue in this case as well as the Government's prior classified filings in this action. *Id.*

On January 16, 2009, the Government noticed an appeal of the Court's January 2009 Order. *See* Dkt. 59 (07-cv-109-VRW). The Government now respectfully moves for a stay pending disposition of this appeal. The Court's Order involves issues of first impression and extraordinary significance. The Court has held that it will now proceed under a provision of the FISA that it believes preempts the state secrets privilege in order to decide the very issue protected by that successful privilege assertion—whether or not the plaintiffs were subject to

alleged unlawful surveillance. The Court has also indicated its intent to use a classified document to make this determination that otherwise has been excluded from this case under the state secrets privilege, and that due process requires that plaintiffs' counsel be granted security clearances to obtain access to the classified information needed to litigate this case. Not only do these issues raise profound constitutional questions of first impression, but further proceedings ordered by the Court would inherently risk or require disclosure of information subject to the Government's privilege assertion, including highly sensitive information provided in support of the privilege assertion itself.

The law is clear that a district court should not proceed in a manner that threatens to negate a privilege assertion (let alone a successful one) without permitting further review. Since the Government is now seeking an appeal on the matter, we respectfully submit that the proper and prudent course is for the Court to stay its hand on further proceedings to avoid any alteration of the status quo while an appeal is pending, as well as irreparable harm to the Government's successful privilege assertion in the meantime.

In addition, although the Government believes that firm grounds for an appeal now exist, the significance of the issues at hand would also warrant the Court's certification of interlocutory review under 28 U.S.C. § 1292(b) to further ensure that appellate review occurs at this critical time in the case.

## BACKGROUND

A.    Pre-Remand Proceedings

Plaintiffs—Al-Haramain Islamic Foundation of Oregon and two U.S. citizens—allege that in 2004 they were subject to warrantless foreign intelligence surveillance by the NSA authorized by the President after the September 11, 2001 attacks, *see* Complaint ¶¶ 5, 6, 19 and Amended Compl. ¶¶ 16-22, 48, and that a terrorist organization designation by the Department of Treasury was based in part on evidence derived from the alleged surveillance, *see* Compl. ¶¶ 1, 18; Am. Compl. ¶¶ 1, 24-30. Plaintiffs sought to rely upon the inadvertent release of the Sealed Document to support their allegations. In June 2006, the Director of National

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)                          -2-

Intelligence ("DNI") asserted the state secrets privilege over information implicated by this case. In September 2006, Judge King of the District of Oregon upheld the Government's state secrets privilege assertion with respect to any information confirming or denying whether plaintiffs' communications have been or continue to be intercepted—except with respect to any prior communications allegedly reflected in the Sealed Document. *See Al-Haramain v. Bush*, 451 F. Supp. 2d 1215, 1224 (D. Or. 2006), *rev'd*, 507 F.3d 1190 (9th Cir. 2007). Judge King therefore declined to dismiss the case, but certified his decision for interlocutory review. The Government appealed to the Ninth Circuit, which granted the petition for review. *See* December 21, 2006 Order, Dkt. 96 (Civ. 06-274-KI) (D. Or.).

In November 2007, the Ninth Circuit reversed the denial of the Government Defendants' motion to dismiss and upheld the Government's state secrets privilege assertion to protect from disclosure information concerning whether or not the plaintiffs had been subject to the alleged surveillance, as well information contained in the Sealed Document. *See Al-Haramain*, 507 F.3d at 1202-04. The Ninth Circuit held that, without the privileged information, plaintiffs could not establish their standing to litigate their claims. *See id.* at 1205. The Ninth Circuit's decision did not pertain solely to the use of the Sealed Document in this case. Rather, it covered information concerning "whether Al-Haramain was subject to surveillance." *See id.* at 1202 (identifying these two separate state secret privilege issues and resolving both in the Government's favor). The Court of Appeals remanded for the district court to consider a separate issue—whether the FISA preempts the state secrets privilege. *See id.* at 1205.

**B.      Initial Remand Proceedings & July 2008 Order**

Following the remand, the Government moved to dismiss or for summary judgment raising both threshold jurisdictional issues and the FISA preemption issue. Specifically, the Government argued that the lapse of the TSP in January 2007 meant that plaintiffs could not establish standing to obtain prospective declaratory and/or injunctive relief, and also that sovereign immunity barred plaintiffs' retrospective claim for damages against the United States under 50 U.S.C. § 1810. *See* Defs. 2d MSJ Mem. (Dkt. 17) at 6-12. The Government also

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)                    -3-

argued that the FISA does not preempt the state secrets privilege, and that Section 1806(f) of the FISA applies to cases where the Government's use of evidence based on acknowledged electronic surveillance is at issue. The Government also argued that FISA Section 1806(f) cannot be read to compel the Government to disclose (or risk the disclosure of) information concerning intelligence sources and methods that the Government chooses to protect. *Id.* at 12-24.

By Order dated July 2, 2008, the Court held that it had jurisdiction to proceed and that the FISA preempts the state secrets privilege. *See Al-Haramain v. Bush*, 564 F. Supp. 2d 1109 (N.D. Cal. 2008). But the Court also held that a "a litigant must first establish himself as an 'aggrieved person' before seeking to make a 'motion or request'" under Section1806(f). *See id.* at 1134. The Court also precluded plaintiffs' attempt to make this showing through the use of the classified Sealed Document that had been inadvertently disclosed to them. *See id.* at 1135. The Court stated that "[t]o proceed with their FISA claim, plaintiffs must present to the court enough specifics based on non-classified evidence to establish their 'aggrieved person' status under FISA." *Id.* The Court then dismissed the complaint without prejudice and permitted plaintiffs to amend within thirty days.

**C.     Plaintiffs' Amended Complaint & Proceedings Concerning that Complaint**

After the July 2008 Order, plaintiffs amended their complaint, *see* Dkt. 35 (07-109-VRW), and relied principally on various public statements and reports in an attempt to establish with public evidence that they were subject to alleged surveillance in violation of FISA. In response, the Government filed a Third Motion to Dismiss and/or for Summary Judgment and argued that plaintiffs had not established they were subject to surveillance but, instead, had relied upon speculation and unfounded inferences that did not remotely demonstrate that any of the plaintiffs has been subject to the alleged warrantless surveillance they challenge.

In particular, the Government argued that nothing in the Amended Complaint establishes the communications of these plaintiffs were intercepted, or if they were, that they were intercepted through electronic surveillance on a wire in the United States under the TSP without

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                                    -4-

a warrant in violation of the FISA. Accordingly, the Government argued that plaintiffs did not meet their burden of proof to establish Article III standing at the summary judgment stage. The Government also reiterated its argument that the FISA did not preempt the state secrets privilege and that Section 1806(f) proceedings could not be used to determine whether a party had been subject to alleged surveillance. *See* Defs. 3d MSJ Mem. (Dkt. 49) at 9-24.[1] Plaintiffs opposed the Government's motion and cross-moved for discovery under Section 1806(f), arguing principally that they need only present a *prima facie* case based on circumstantial evidence that would create a reasonable inference of "aggrieved" party status under the FISA, *see* 50 U.S.C. § 1801(k), in order to employ Section 1806(f) procedures.

**D.    The January 2009 Order**

On January 5, 2009, the Court denied the Government's motion and ordered further proceedings. The Court reiterated its earlier holding "that FISA 'preempts or displaces the SSP for matters within its purview." January 2009 Order (Dkt. 57) at 11. The Court also concluded that Government acknowledgment of surveillance was not required to establish standing because a complaint can survive a motion to dismiss if plaintiffs can establish a prima facie case, based on unclassified evidence (even if circumstantial), that permits a reasonable inference that they were subject to electronic surveillance. *Id.* at 13. The Court found the amended complaint sufficient to allege plaintiffs' status as aggrieved persons, concluding that to do otherwise "would effectively render [applicable] provisions of FISA without effect, an outcome the court is required to attempt to avoid." *Id.* at 18. Moreover, despite the absence of an Attorney General determination to invoke Section 1806(f), the Court has resolved to proceed on the ground that nothing in FISA "prohibits the court from exercising its discretion to conduct an *in camera*, *ex parte* review following the plaintiffs' motion and entering other orders appropriate to advance

---

[1] The Government also requested the Court to certify this case for interlocutory appeal if it intended to proceed under Section 1806(f), *see* Defs. 3d MSJ Mem. (Dkt. 49 at 25 n.15; Defs. 3d MSJ Reply (Dkt. 54) at 14; Defs. Opp. § 1806(f) Mot. (Dkt. 51) at 23-24. The Court's January 2009 Order did not address that request, which we reiterate herein now that the Court has actually issued a decision on the matter.

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)                    -5-

the litigation if the Attorney General declines to act." *Id.* at 22.

With respect to how the case would now proceed, the Court stated that it had "carefully considered the logistical problems and process concerns that attend considering classified evidence and issuing rulings based thereon," January 2009 Order at 22, and that it would review, *ex parte*, *in camera*, the Sealed Document that was the subject of the state secrets privilege claim and "will then issue an order regarding whether plaintiffs may proceed—that is, whether the Sealed Document establishes that plaintiffs were subject to electronic surveillance not authorized by FISA." *Id.* at 23.[2] The Court also stated that, "[a]s it understands its obligations with regard to classified materials, only by placing and maintaining some of all of its future orders in this case under seal may the court avoid indirectly disclosing some aspect of the Sealed Document's contents." *Id.* The Court then went on to state that "[u]nless counsel for plaintiffs are granted access to the court's rulings and, possibly, to at least some of defendants' classified filings, however, the entire remaining course of this litigation will be *ex parte*," and that "[t]his will deprive plaintiffs due process to an extent inconsistent with Congress's purpose in enacting FISA's sections 1806(f) and 1810." *Id.* Accordingly, the Court ordered "members of plaintiffs' litigation team to obtain the security clearances necessary to be able to litigate the case, including, but not limited to, reading and responding to the court's future orders." *Id.* The Court directed the Government to arrange for plaintiffs' counsel "to apply for TS/SCI clearance and [that it] shall expedite the processing of such clearances so as to complete them no later than Friday, February 13, 2009."[3] *Id.* at 24. The Court also directed the Government to review all previous classified filings to determine whether any materials may now be declassified and report back to the Court within 45 days (*i.e.*, by February 19, 2009). *Id.* at 23-24.

---

[2] The Court ordered that the Government arrange for its review of the document within 14 days of its Order. *See* Slip Op. at 24. By letter to the Court dated January 19, 2009, the Government confirmed that the document had previously been lodged with court security officers.

[3] As ordered by the Court, the Government has consulted with DOJ court security officers regarding the Court's Order and arranged for plaintiffs to apply for a security clearance. The Government has also commenced the declassification review process.

**I.     A STAY PENDING APPEAL IS WARRANTED HERE.**

"In deciding whether to issue a stay pending appeal, the court considers '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *See Humane Soc. of the United States v. Gutierrez*, 527 F.3d 788, 789-90 (9th Cir. 2008) (quoting *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008)).  The court weighs these factors along "a single continuum": at one end of the continuum, the moving party is required to demonstrate probable success on the merits and the possibility of irreparable harm, and at the other end, the party is required to show that serious questions have been raised and the balance of hardships tips sharply in the moving party's favor.  *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986).  This standard for a stay pending appeal is satisfied here.  Extremely serious questions of law—indeed, questions of constitutional dimension—are presented, the Court's decision is unprecedented, and the balance of hardships decidedly tips in the Government's favor.

The Court's Order has two principal effects.  First, the Court ordered that it will now review, initially *ex parte*, the Sealed Document which the Ninth Circuit excluded under the Government's privilege assertion, and then proceed to decide the very fact question that is also barred from adjudication under the privilege—whether the plaintiffs were subject to the alleged surveillance.  *See* January 2009 Order at 23.  Second, the Court has held that due process requires that, for plaintiffs' counsel to litigate the case, they must obtain security clearances for access to certain classified information, including the heretofore Sealed Document, court orders and possibly the Government's classified filings in this case.  Both holdings raise serious questions of law and would subject the Government to irreparable harm.

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                                    -7-

**A.     The Court's Order Raises Serious Questions of Constitutional Significance.**

The unprecedented nature and significance of the Court's Order should be apparent.  The Court will now adjudicate and decide the precise matter at issue in the Government's privilege assertion, and reinsert into the case information that has been excluded under the privilege, utilizing a statutory provision that has never been applied in the circumstances presented here. No court has held that an assertion of the state secrets privilege is preempted by statutory law—an issue that is plainly of constitutional dimension because the judgment made by Executive branch officials responsible for national security matters to protect certain information is rooted in the Article II powers of the President.  *See United States v. Nixon*, 418 U.S. 683, 710-11 (1974) (state secrets privilege based on constitutional authority of the President to protect national security).  In addition, Section 1806(f) of the Foreign Intelligence Surveillance Act has never previously been applied in the manner in which the Court is now proceeding: where the Attorney General has not invoked the provision to protect against the disclosure of sensitive information in an adjudication concerning the use of surveillance evidence.  In particular, the question of whether Section 1806(f) can be used to decide whether a party has actually been subject to alleged unlawful surveillance is one of first impression.  Moreover, in applying Section 1806(f), courts have consistently declined to grant counsel for a private party discovery of classified information even where the use of acknowledged surveillance evidence is being adjudicated.  *See United States v. Warsame*, 547 F. Supp. 2d 982, 987 (D. Minn. 2008); *United States v. Abu-Jihaad*, 531 F. Supp. 2d 299, 310 (D. Conn. 2008).[4]

Thus, the next proceedings in this case clearly will take the matter into uncharted waters, and the first element for a stay pending appeal is easily met.

---

[4] As we have previously set forth, the circumstances in which Section 1806(f) may authorize access to classified information by a private litigant seeking discovery under this provision applies where the Government is using FISA-derived evidence against that party, typically to convict them of a crime and imprison them.  And even in this circumstance, Congress intended that the Government may still choose to protect, rather than disclose, intelligence sources and methods by withdrawing use of the evidence.  *See* Defs.' 1806(f) Opp. (Dk 51) at 9-10, 21-22 n.14  The Court is set to apply Section 1806(f) in a wholly novel manner.

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)                    -8-

**B.     The Government Faces Irreparable Harm Under the Order.**

Aside from the clear significance of the issues at stake, the Government faces irreparable harm from further proceedings under the Court's Order. While the Court has indicated that its review of the document will initially be *ex parte*, it "understands its obligations with regard to classified materials to extend to avoiding direct or indirect disclosure of the document's "content." *See id.* With respect, this reflects too narrow a view of the Government's successful privilege assertion. The Ninth Circuit sustained the Government's privilege assertion not merely as to the "content" of the sealed document but over *the fact of* whether or not plaintiffs had been subject to the alleged surveillance, and excluded use of the Sealed Document to address that issue, including any *memory* of the document that plaintiffs may have. *See Al-Haramain*, 507 F.3d at 1202-03.[5] Thus, an order that merely seeks to protect the substance of the document's content, but which addresses whether the plaintiffs are "aggrieved" and the case can proceed, would inherently reveal privileged information.

Also, as we have previously set forth, *see* Defs. 2d MSJ Mem. (Dkt. 17) at 23-24, efforts to proceed *ex parte* on the most basic issue of standing is fraught with peril and ultimately risks or necessarily will lead to the disclosure of information protected under the state secrets privilege. The most basic fact of whether or not this litigation may or may not proceed upon a determination of standing cannot effectively be sealed from the public or the plaintiffs for the duration of the litigation. If the Court were to find, upon its *ex parte* review, that none of the plaintiffs are aggrieved parties, the case obviously could not proceed, but such a holding would reveal to plaintiffs and the public at large information that is protected by the state secrets privilege— namely, that certain individuals were not subject to alleged surveillance.

---

[5] *See Al-Haramain*, 507 F.3d at 1202 (identifying these two separate state secret privilege issues and resolving both in the Government's favor); *see also id.* at 1203 ("[W]e conclude that the Sealed Document is protected by the state secrets privilege, *along with the information as to whether the government surveilled Al-Haramain*.") (emphasis added); *id.* (addressing the question of "whether Al-Haramain has been subject to NSA surveillance" and holding that "judicial intuition about this proposition is no substitute for documented risks and threats posed by the potential disclosure of national security information").

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* (07-cv-109-VRW) (MDL06-cv-1791-VRW)                    -9-

Conversely, if the case did proceed, it could do so only as to an aggrieved party, which would confirm that a plaintiff *was* subject to surveillance. Indeed, if the actual facts were that just one of the plaintiffs had been subject to alleged surveillance, any such differentiation likewise could not be disclosed because it would inherently reveal intelligence information as to who was and was not a subject of interest, which communications were and were not of intelligence interest, and which modes of communication may or may not have been subject to surveillance. *See Halkin v. Helms*, 598 F.2d 1, 8 (D.C. Cir. 1978). Under the unique circumstances of this case, the Court's finding that the state secrets privilege has been preempted, and that the question of standing may now be adjudicated, even initially *ex parte*, is tantamount to risking or requiring the destruction of the privilege before appellate review.[6]

As Chief Judge Kozinski recently remarked in *In re Copley Press*, 518 F.3d 1022 (9th Cir. 2008), "[s]ecrecy is a one-way street: Once information is published [or disclosed], it cannot be made secret again," and thus it is plain that such orders of disclosure are "effectively unreviewable on appeal from a final judgment.'" *Id.* at 1025 (citations omitted). Indeed, "an appeal after disclosure of the privileged communication [or information] is an inadequate remedy." *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989). Any disclosure that results even upon the Court's attempt at a sealed *ex parte* review could "mak[e] the issue of privilege effectively moot." *United States v. Philip Morris Inc.*, 314 F.3d 612, 619 (D.C. Cir. 2003). "Disclosure followed by appeal after final judgment is obviously not adequate in [privilege] cases—the cat is out of the bag." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998). While the Court may believe that it is proceeding adequately to protect national security interests under the procedures of Section 1806(f), further review of whether those procedures even apply is required before a successful national security privilege is put at risk or negated. *See Sterling v. Tenet*, 416 F.3d 338, 344 (4th Cir. 2005) ("[c]ourts are not required to play with

---

[6] Of course, as discussed below, the Court does not contemplate that such proceedings would be entirely *ex parte*, and thus, at a minium, the Government would face the loss of its privilege assertion through disclosures contemplated by the Court's Order to the plaintiffs' counsel.

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                    -10-

fire and chance further disclosure—inadvertent, mistaken, or even intentional—that would defeat the very purpose for which the privilege exists."), *cert. denied*, 546 U.S. 1093 (2006).

While the Court of Appeals remanded this case for consideration of whether the privilege was preempted, it did not direct an outcome on this issue nor imply that, if the privilege were preempted, the information at issue should be disclosed or put at risk of disclosure in further proceedings without further review. The Ninth Circuit recognized that disclosure of "information concerning the Sealed Document and the means, sources and methods of intelligence gathering in the context of this case would undermine the government's intelligence capabilities and compromise national security." *Al-Haramain*, 507 F.3d at 1203-04. That court could not have meant that such harm be risked or incurred before further review of *whether* the FISA preempts the privilege. While that review is now being sought, no steps should be taken that may compromise the privilege assertion in the meantime.

C.     **The Court's Determination that Due Process Requires Access by Plaintiffs' Counsel to Classified Information Also Poses Irreparable Harm to the Government.**

The January 2009 Order poses irreparable harm to the Government's interests in another respect: it specifically provides for the disclosure of classified information by the Court to the plaintiffs in Section 1806(f) proceedings—that is, for a *direct* abrogation of the Government's privilege assertion. The Order "provides for members of plaintiffs' litigation team to obtain the security clearances necessary to litigate the case." January 2009 Order at 23. This aspect of the Order is based on the Court's conclusion that due process requires that plaintiffs obtain access to classified information to litigate their claims under Section 1806(f). *See id.* Furthermore, the Court has held that it—not the Executive branch—will now control that process. The Court concluded that Section 1806(f) "leaves the court free to order discovery of materials or information sought by the 'aggrieved person' in whatever manner it deems consistent with section 1806(f)'s text and purpose." *Id.* at 22. And, citing its July 2008 decision, the Court again rejected the Government's contention that, under *Department of the Navy v. Egan*, 484 U.S. 518, 529 (1988), the Executive branch, not the Court, controls access to classified

information.  *See* January 2009 Order at 21.  Indeed, the Court expressly held that "*Egan*

recognizes that the authority to protect national security information is neither exclusive nor

absolute in the executive branch."  *Al-Haramain*, 564 F. Supp. 2d at 1121 (citing language in

*Egan* courts have been reluctant to intrude upon Executive authority "unless Congress

specifically has provided otherwise") (citing *Egan*, 484 U.S. at 530).  But even if *Egan* is read to

reflect the general principle that Congress may attempt to expressly preempt executive authority

by statute, whether that has occurred here is the very issue in dispute at this stage of the case.

And to avoid the extraordinary constitutional concern of a court disclosing classified information

over the Executive's express objection and, indeed, *successful* privilege assertion, any such

disclosure should not occur without further review of the legal underpinnings of the Court's

Order.[7]

Moreover, under Executive branch procedures, the granting of a security clearance, by

itself, is not sufficient to permit a person (such as plaintiffs' counsel) to obtain access to

classified information, as the Court's Order contemplates.  Rather, under applicable Executive

Orders, even if a person is found to be "suitable" to receive access to classified information after

an investigation of their background and, thus, is granted a "security clearance," the agency that

originates the information at issue must make a separate "need-to-know" determination that

actually grants access to classified information.  *See* Defs. 1806(f) Opp. (Dkt. 51) at 22 (citing

*Egan*, 484 U.S. at 529 ("the protection of classified information must be committed to the broad

discretion of the agency responsible, and this must include broad discretion to decide who may

have access to it.") and *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990)).  *See*

---

[7]  In particular, the key issue in dispute on the issue of access by plaintiffs' counsel is
whether the proviso in Section 1806(f) that a district court may "disclose to the aggrieved
person, under appropriate security procedures and protective orders, portions of the application,
order, or other materials relating to the surveillance only where such disclosure is necessary to
make an accurate determination of the legality of the surveillance, *see* 50 U.S.C. § 1806(f),
applies in the present circumstances or solely where, as the Government contends, where the use
evidence of acknowledged surveillance against a party is at issue.  Given the significance of this
dispute, the Court should not seek to use this provision to disclose information to the plaintiffs's
counsel pending appeal.

**Government Defendants' Motion for a Stay Pending Appeal**
**and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                              -12-

Declaration of Ariane E. Cerlenko, National Security Agency, ¶¶ 3-7 (describing clearance process and separate access determination by the NSA even if a person is deemed suitable to receive classified information). Only where an agency official with appropriate authority separately concludes that an individual has a demonstrated "need to know" classified information in connection with the performance of a "governmental function" that is "lawful and authorized" by the agency will a person be given access to classified information. *See* Exec. Ord. 12,958, §§ 4.1(a), 4.2(a), 5.4(d)(5), 6.1(z), 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Exec. Ord. 13,292, 68 Fed. Reg. 15315 (Mar. 25, 2003).[8/] Thus, under normal clearance procedures, the NSA would decide—not the Court—whether the plaintiffs' counsel should receive access to any classified NSA information. *See* Cerlenko Decl. ¶¶ 5-7. And in this particular case, consistent with the Government's successful privilege assertion, the NSA Director has determined, subsequent to the Court's January 2009 Order, that neither plaintiffs nor their counsel have a need for access to classified NSA information that has been (or would be) excluded under the state secrets privilege assertion. *See* Cerlenko Decl. ¶ 9. The NSA Director has further determined that it does not serve a governmental function, within the meaning of the Executive Order, to disclose the classified NSA information at issue in this case simply to assist the plaintiffs' counsel in representing the interests of private parties who have filed suit against the NSA and who seek to obtain disclosure of information related to NSA intelligence sources and methods. *Id.*

In lieu of a process and access determination controlled by the Executive branch, the Court has now determined that due process requires that plaintiffs have access to classified information, and that Section 1806(f) grants *the Court* authority to make that determination. Thus, once plaintiffs' counsel may be determined to be "suitable" for classified information, they can obtain access under the Court's Order over the Government's longstanding objection and in

---

[8] In making this determination, the President has instructed federal agencies to "ensure that the number of persons granted access to classified information is limited to the minimum consistent with operational and security requirements and needs." *See* Exec. Ord. § 5.4(d)(5)(B).

Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -13-

the face of a successful privilege assertion.  Plainly, any disclosure of classified information to the plaintiffs' counsel would irreparably harm, indeed, would negate, the Government's privilege assertion before any further appellate review.  *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time.  The status quo could never be restored").   Indeed, the Court's Order contemplates that plaintiffs may receive access not only to the sealed document but to new and additional classified information contained in the Government's classified filings in this case—information that was prepared for and provided to the Court solely for *ex parte* review.  *See* Cerlenko Decl. ¶ 8.[9]

Again recognizing that the Court views the law differently, we respectfully request a stay for appellate review before the Court proceeds further, in order to avoid the harms identified and extraordinarily serious constitutional issues arising from the Court granting access to the Executive Branch's classified information.  The key focus in deciding a motion for a stay pending appeal should be the  consequences of a failure to stay if the Court is ultimately reversed.  Here, any disclosures to the plaintiffs would be fundamentally in error and compromise the Government's privilege assertion if the Court of Appeals views the preemption question differently.

For the foregoing reasons, a stay pending appeal is warranted here.[10]

---

[9]  The fact that the Court has not yet disclosed classified information to the plaintiffs is irrelevant for purposes of finding irreparable harm.  The Court has clearly ordered that *ex parte* proceedings would conflict with due process, that the plaintiffs' counsel must obtain clearances, and that the Court may determine under the FISA whether to grant access.  If the Court's Order is not stayed and reviewed, then at any point in future proceedings access to highly sensitive information, including in the Government's prior privilege assertions could be disclosed outside of the Government's control.  The Government cannot wait until any actual physical disclosure of classified information occurs through a Court order or by some other means before seeking a stay, and is not required to do so.

[10]  If the Court declines to grant a complete stay pending appeal, the Government also asks for a limited stay while we pursue a stay in the Court of Appeals.

**Government Defendants' Motion for a Stay Pending Appeal**
**and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                                    -14-

## II.     CERTIFICATION OF THE JANUARY 2009 ORDER IS WARRANTED.

While the Government believes it has firm grounds for a direct appeal of the Court's Order,[11] we also request that the Court certify its Order for interlocutory appeal. The matters at issue are of such significance, and the need for appellate review so apparent under the circumstances, that such review should also be certified by the Court.

Interlocutory appeal is warranted when the Court finds that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The 1292(b) certification inquiry has been broken into three steps: (1) the matter at issue must be a controlling question of law; (2) there must be substantial grounds for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). These three factors should be applied flexibly and viewed together, *see* Wright, Miller & Cooper, FED. PRAC. & PRO. § 3930 at 422 (3d ed. 1999), for Section 1292(b) represents the "contemporary view that interlocutory appeals involving important and controlling questions of law are a useful means of expediting litigation." *Tidewater Oil Co. v. United States*, 409 U.S. 151, 179 (1972).

The Court's January 2009 Order meets this standard. Whether the case should now proceed under the FISA on the ground that it preempts the state secrets privilege is a controlling issue of law because, if the Court is reversed, this case will be dismissed under the Ninth Circuit's prior ruling in this case. There is, moreover, a substantial ground for difference of opinion as to the Court's Order. The Court itself has recognized that there are no cases applying Section 1806(f) in the context presented by this case. Moreover, immediate appeal would

---

[11]  The Government believes that several possible grounds exist for appealing the Court's Order under 28 U.S.C. § 1292, including under the collateral order and mandamus doctrines, but as set forth herein, we submit another appropriate course would be for the Court to certify the case to ensure review of the significant questions at hand before irreparable harm to the Government's successful privilege assertion is put at risk or actually results.

**Government Defendants' Motion for a Stay Pending Appeal**
**and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                                    -15-

materially advance the termination of litigation by either resulting in its disposition without any further proceedings that may compromise the Government's privilege assertion, or by providing guidance as to how to proceed in unprecedented circumstances. Certification also would be consistent with the Court's action in the *Hepting* case, where it certified a threshold question as to whether the case could even proceed. *Hepting v. AT&T,* 439 F. Supp. 2d 974, 1011 (N.D. Cal. 2006) ("[G]iven that the state secrets issues resolved herein represent controlling questions of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the litigation, the court certifies this order for the parties to apply for an immediate appeal pursuant to 28 U.S.C. § 1292(b).").

Finally, 1292(b) certification is particularly appropriate given that a successful privilege assertion is at issue in this case. Interlocutory appeals are generally appropriate to address— even outside the national-security context—the assertedly inappropriate disclosure of sealed or privileged documents. *See In re Copley Press*, 518 F.3d at 1025; *Philip Morris Inc.*, 314 F.3d at 619. In contrast, post-judgment appellate review will not be an adequate remedy for any irreparable harm imposed on the Government by the further proceedings contemplated by the Court's Order. Given the substantial dispute concerning the fundamental legal framework of this case, the most prudent and expeditious course would be for the Court to certify its January 2009 Order now for interlocutory review.

### CONCLUSION

For the foregoing reasons, the Court should stay further proceedings pending direct appeal by the Government Defendants and certify its January 5, 2009 Order for appeal.

Dated: January 19, 2009                    Respectfully Submitted,

                                           GREGORY G. KATSAS
                                           Assistant Attorney General, Civil Division

                                           JOHN C. O'QUINN
                                           Deputy Assistant Attorney General

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                    -16-

JOSEPH H. HUNT
Director, Federal Programs Branch

 *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

 *s/ Alexander K. Haas*
ALEXANDER K. HAAS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*

**Government Defendants' Motion for a Stay Pending Appeal
and for Certification of Interlocutory Appeal**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                    -17-