1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
2  **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
   **Eisenberg & Hancock LLP**
3  1970 Broadway, Suite 1200 • Oakland, CA 94612
   510.452.2581 – Fax 510.452.3277
4

5  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
6  503.445-4622 – Fax 503.238.7501

7  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
8  503.622.3123 - Fax: 503.622.1438

9
   **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
10 8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
   360.213.9737 - Fax 866.399.5575
11

12 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
13 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
14

15 **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
   610 S. Ardmore Ave.• Los Angeles, CA 90005
16 213.385.2977 – Fax 213.385.9089

17
   **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim
18 Ghafoor**

19                 **IN THE UNITED STATES DISTRICT COURT**
20               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

21 IN RE NATIONAL SECURITY ) MDL Docket No. 06-1791 VRW
   AGENCY TELECOMMUNICATIONS )
22 RECORDS LITIGATION        ) **PLAINTIFFS' CASE**
                             ) **MANAGEMENT STATEMENT**
23 This Document Relates Solely To:    )
24                                      ) Date:    Friday, January 23, 2009
   *Al-Haramain Islamic Foundation, Inc., et al.* ) Time:  10:30 a.m.
25 *v. Bush, et al.* (C07-CV-0109-VRW) ) Court:   Courtroom 6, 17th Floor
                                        )          Honorable Vaughn R. Walker
26                                      )
   **AL-HARAMAIN ISLAMIC**             )
27 **FOUNDATION, INC., et al.,**       )
                                        )
28               Plaintiffs,            )

─────────────────────────────────────────

Dockets.Justia.com

vs.                                          )
                                             )
**GEORGE W. BUSH, President of the**         )
**United States, et al.,**                   )
                                             )
                    Defendants.              )
_____)

Pursuant to Local Rule 16-10(d), plaintiffs submit this separate case management statement proposing a plan for proceeding with the adjudication of Article III standing in *Al-Haramain Islamic Foundation, Inc. v. Bush* (07-109).

## REASON FOR SUBMITTING SEPARATE STATEMENT

Plaintiffs submit their case management statement separately, instead of jointly with defendants, for the following reason:

On Friday, January 9, 2009, plaintiffs' counsel Jon B. Eisenberg sent email to defendants' counsel Anthony J. Coppolino attempting to begin conferring on a joint case management conference statement. On January 12, Mr. Coppolino responded by email, asking Mr. Eisenberg to send a proposal. On January 13, Mr. Eisenberg emailed Mr. Coppolino the proposed plan set forth below. On January 15, Mr. Coppolino emailed that he hoped to respond the next day – Friday, January 16 – with an indication of the government's position, and he suggested that counsel "touch base" that Friday, although he also suggested that it might be more appropriate for the parties to file separate statements. Mr. Eisenberg agreed that he and Mr. Coppolino would "touch base" on Friday.

Mr. Eisenberg then waited all day Friday, January 16, to hear from Mr. Coppolino. Meanwhile, at 8:21 p.m. Eastern time that evening, Mr. Coppolino filed a notice of appeal from this Court's order of January 5, 2009. Ten minutes later, Mr. Coppolino emailed plaintiffs' counsel saying the parties should file separate case management statements.

On the morning of Saturday, January 17, 2009, Mr. Eisenberg left email and voicemail for Mr. Coppolino asking him to call to discuss the notice of appeal that had been filed the night before. Mr. Coppolino telephoned Mr. Eisenberg on the afternoon of Monday, January 19, 2009 and advised that defendants would be filing, late that evening, a motion in the district court for a stay of further proceedings. Mr. Eisenberg advised Mr. Coppolino of plaintiffs' view that defendants' notice of

1 appeal does not effect a stay of further proceedings in this Court if the order of January 5, 2009 is not

2 directly appealable, and asked Mr. Coppolino to state the grounds on which the government believes

3 the order is directly appealable, so that plaintiffs could effectively address, in their case management

4 statement, appealability and its effect on further district court proceedings. Mr. Coppolino responded

5 that "the Solicitor General has determined that the order is appealable under the collateral order

6 doctrine and 1292 and other authority," but Mr. Coppolino declined to specify that "other authority."

7 Mr. Coppolino suggested that plaintiffs could file a separate case management statement or that,

8 alternatively, the parties could attempt to prepare and file a joint statement on January 21, 2009. Mr.

9 Coppolino added, however, that in his view it would be "more reasonable" for plaintiffs to address the

10 appealability issue in opposition to the stay motion. Mr. Coppolino also suggested that the parties

11 stipulate to a continuance of the case management conference to January 30, 2009. Mr. Eisenberg

12 responded that plaintiffs would so stipulate if defendants would agree not to file their stay motion in

13 this Court until after 12:00 noon Eastern time on January 20, 2009. Mr. Coppolino refused to so agree.

14 At 10:56 p.m. Eastern time on January 19, 2009 – 64 minutes before midnight on the last day

15 of the Bush presidency – defendants filed a motion for a stay pending appeal and for certification of

16 an interlocutory appeal under 28 U.S.C. section 1292(b). The motion also summarily asserts that this

17 Court's order of January 5, 2009 is *directly* appealable, stating that defendants "believe that several

18 possible grounds exist for appealing the Court's Order under 28 U.S.C. § 1292, including the collateral

19 order and mandamus doctrines." Doc. #60, at 15, n. 11.

20 Plaintiffs have chosen to submit this separate statement today, rather than making any further

21 attempts to get defendants' agreement to a joint statement, because in plaintiffs' view too much delay

22 has already occurred in the filing of statements that were due a week ago. Plaintiffs also have chosen

23 to address the appealability issue in this statement, rather than later in opposition to the stay motion,

24 because that issue is critical to this Court's decision on how to proceed in light of defendants' notice

25 of appeal. Plaintiffs do not at this time respond to defendants' motion for a stay and certification of

26 an interlocutory appeal, but will do so in due course according to the applicable deadline for filing

27 opposition.

28 //

PLAINTIFFS' CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW

In plaintiffs' view, defendants' filing of a notice of appeal from this Court's order of January 5, 2009 has no effect on this Court's jurisdiction to proceed with the adjudication of plaintiffs' Article III standing, because that order is not appealable. However, because defendants have not provided any details with regard to their theories of appealability – other than to mention in their newly-filed motion the collateral order doctrine and mandamus – plaintiffs must necessarily address several possible theories, each of which is meritless.

We begin with the collateral order doctrine, which permits a direct appeal from an interlocutory order if (1) the order "conclusively determine[s]" a disputed question, (2) the question is "completely separate from the merits of the action" and is not "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," and (3) the order is "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978) (emphasis and internal quotation marks omitted). This Court's order of January 5, 2009 is not appealable under the collateral order doctrine unless all three of these requirements are met.

The January 5 order has two elements. The first is the denial of defendants' third dismissal motion for purported lack of standing. The law is well settled that this element of the order is not appealable under the collateral order doctrine because "the issue of standing is not effectively unreviewable on appeal from a final judgment and, thus, fails the last prong of the collateral order doctrine." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1334 (11th Cir. 1999); *see also Triad Associates, Inc. v. Robinson*, 10 F.3d 492, 497 n. 2 (7th Cir. 1993) ("a denial of a motion to dismiss for lack of standing does not qualify as a final judgment and thus is not eligible for review at this time").

The second element of the January 5 order is the granting of plaintiffs' motion under 50 U.S.C. section 1806(f). This element of the order is not appealable under the collateral order doctrine because it fails both the first and second prongs of the doctrine. It fails the first prong because it does not "conclusively determine" the issue of disclosure of the Sealed Document and/or defendants' classified submissions. *See Coopers & Lybrand,* 437 U.S. at 468; *accord, Eisen v.*

4

*Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974) (issue must be "settled conclusively"). That is because this Court has *not yet ordered disclosure* of anything. A key provision of the January 5 order is its requirement that defendants

> shall review the Sealed Document and their classified submissions to date in this litigation and determine whether the Sealed Document and/or any of defendants' classified submissions may be declassified, take all necessary steps to declassify those that they have determined may be declassified and, no later than forty-five (45) days from the date of this order, serve and file a report of the outcome of that review.

Doc. #50, at 24-25. If defendants decide to *declassify* the Sealed Document or an appropriately redacted portion of it, and/or their classified submissions, it may not be necessary for this Court to order any disclosure at all, because such disclosure will have occurred by defendants' voluntary declassification. And, as defendants make clear in their stay motion, they have "commenced the declassification review process," Doc. #60, at 6, n. 3 – which evidently means they have not yet made any decisions with regard to declassification, so that it is still quite possible there will be declassification and thus no issue of compelled disclosure. Thus, the issue whether defendants must disclose anything is not yet conclusively determined.

With the advent of the Obama presidency, defendants might very well choose to declassify some portions of the Sealed Document and/or the classified submissions. In a speech to the American Constitution Society last summer, Attorney General designate Eric Holder condemned the warrantless wiretapping program, saying:

> We owe the American people a reckoning . . . . I never thought that I would see that a president would act in direct defiance of federal law by authorizing warrantless NSA surveillance of American citizens. This disrespect for the rule of law is not only wrong, it is destructive in our struggle against terrorism. . .

*See* http://www.acslaw.org/node/6720 (last visited Jan. 18, 2009).

In a law review article last spring, President Obama's pick to head the Department of Justice's Office of Legal Counsel, Dawn E. Johnsen, wrote of defendants' asserted justifications for the warrantless wiretapping program – the so-called "unitary executive"theory and defendants' "Commander-in-Chief" theory – that:

> The Bush administration's 'unitary executive' and 'Commander-in-Chief' theories, in my view, are clearly wrong and threaten both the constitutionally prescribed

5

balance of powers and individual rights.

Dawn E. Johnsen, *What's a President to do? Interpreting the Constitution in the Wake of Bush Administration Abuses*, 88 B.U.L. Rev. 395, 417 (2008).

It would be a remarkable turnabout for the new Department of Justice, under the guidance of Mr. Holder and Ms. Johnsen, to refuse any declassification here and continue the effort to resist a decision on plaintiffs' standing and this Court's adjudication of the Bush administration's "unitary executive" and Commander-in-Chief" theories.

This Court's 1806(f) ruling fails the second prong of the collateral order doctrine because the key question that is implicated and may be resolved on plaintiffs' 1806(f) motion – whether plaintiffs' surveillance "was lawfully authorized and conducted," 50 U.S.C. § 1806(g) – is not "completely separate from the merits of the action," *Coopers & Lybrand*, 437 U.S. at 468, but, quite to the contrary, is "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," *id.* The 1806(f) issue – whether plaintiffs were subjected to unlawful surveillance – is hardly collateral to the merits issue, but *is* the merits issue.

In short, this Court's order of January 5, 2009 cannot be directly appealable under the collateral order doctrine. As for defendants' other theory of "appealability" – mandamus – that is not a theory of appealability at all, for mandamus is a writ, not an appeal. Defendants have not even filed a petition for writ of mandamus. They cannot claim the benefit of mandamus when they have not requested it.

We also note that, according to 50 U.S.C. section 1806(h), an order to disclose materials relating to electronic surveillance is "final." That provision, however, does not make this court's 1806(f) order appealable, for one of the same reasons it is not appealable under the collateral order doctrine: It does not yet order disclosure of anything – that is, it does not conclusively determine the matter of disclosure – and thus is not final.

Finally, there is reason to doubt that defendants truly believe the January 5 order is directly appealable, when they have filed a 16-page motion for certification of an interlocutory appeal and a discretionary stay yet devote only half a sentence in a footnote to a contradictory and unsupported

6

1  claim that the order is directly appealable.

2      Because no direct appeal lies from the January 5, 2009 order, defendants' purported appeal

3  from that order has no effect on this Court's jurisdiction to proceed with the adjudication of

4  plaintiffs' Article III standing.  Purported appeals from unappealable orders "do not transfer

5  jurisdiction to the appellate court and thus do not strip the district court of jurisdiction to conduct

6  further proceedings in the case." *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007);

7  accord, *Estate of Conners*, 6 F.3d 656, 658 (9th Cir. 1993).

8                    **PLAINTIFFS' PROPOSED PLAN**

9      In plaintiffs' view, as explained at pages 20-21 of Plaintiffs' Opposition To Defendants'

10 Third Motion To Dismiss Or, In The Alternative, For Summary Judgment, Doc. #50, at 29-30, this

11 Court can and should adjudicate plaintiffs' Article III standing upon plaintiffs' 1806(f) motion in

12 the course of determining "whether the surveillance of the aggrieved person[s] was lawfully

13 authorized and conducted." 50 U.S.C. § 1806(f).

14     Before this Court decides the standing issue, plaintiffs propose a round of briefing in which

15 plaintiffs have the opportunity to address how the Sealed Document contributes to plaintiffs'

16 showing of Article III standing.  That briefing should occur after defendants have decided whether

17 the Sealed Document or an appropriately redacted portion of it and/or any of defendants' classified

18 submissions will be declassified and have completed any such declassification, and after plaintiffs'

19 counsel receive their TS/SCI clearances and have reviewed any remaining classified material under

20 secure conditions.  Briefing by plaintiffs' counsel addressing still-classified information should be

21 prepared under secure conditions similar to those under which plaintiffs' counsel prepared sealed

22 filings during litigation in the Ninth Circuit Court of Appeals.

23     This Court's order of January 5, 2009 prescribes the following schedule for upcoming

24 proceedings:

25     •    January 20:    Deadline for the Court's review of the Sealed Document (14 days

26                        from filing of order).

27     •    February 13:   Deadline for processing of applications by plaintiffs' counsel for

28                        TS/SCI security clearances (date specified in order).

7

| | |
|---|---|
| 1 | •      February 19:   Deadline for defendants' report on declassification (45 days from |
| 2 | filing of order). |

3  Pursuant to the Court's order of January 5, 2009, three of plaintiffs' counsel (Jon B. Eisenberg,

4  Steven Goldberg, and J. Ashlee Albies) have applied for TS/SCI security clearances, and the FBI

5  has commenced investigations of counsel upon their applications.

6         Plaintiffs propose the following schedule for filing briefs on the issue of Article III

7  standing, with portions of plaintiffs' briefs to be prepared under secure conditions and filed under

8  seal to the extent they address still-classified information:

9      •      March 19, 2009:    Plaintiffs' opening brief.

10      •      April 16, 2009:    Defendants' opposition brief.

11      •      April 30, 2009:    Plaintiffs' reply brief.

12      •      May 2009:      Hearing date selected by the Court.

13         This schedule assumes that plaintiffs' counsel will receive their security clearances by

14  February 13, 2009, as contemplated by the Court's order of January 5, 2009, and then will

15  promptly review any still-classified and declassified materials. Regrettably, however, in

16  defendants' newly-filed motion, defendants have advised this Court that, even if counsel receive

17  the security clearances, defendants will refuse to give counsel access to classified material – yet

18  another act of defiance of the current access proceedings under section 1806(f). Plaintiffs are at a

19  loss at this time to propose how the Court should go forward in light of that refusal, but suggest

20  that the Court defer that decision until the new Obama administration has decided whether to

21  change course in this regard.

22         Plaintiffs do not anticipate the need for any discovery on the issue of Article III standing

23  unless defendants request an evidentiary hearing to resolve disputed factual issues pertaining to

24  Article III standing and proffer evidence that they contend defeats plaintiffs' Article III standing. If

25  that happens, then plaintiffs may request further discovery under section 1806(f) on the disputed

26  factual issues that defendants raise, to be completed before the Court hears oral argument and rules

27  on standing. It is anticipated that this point will be addressed at the case management conference

28  on January 23, 2009.

PLAINTIFFS' CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW

1

2    DATED this 20th day of January, 2009.          /s/ Jon B. Eisenberg

3                                           Jon B. Eisenberg, Calif. Bar No. 88278
                                            William N. Hancock, Calif. Bar No. 104501
4                                           Steven Goldberg, Ore. Bar No. 75134
                                            Thomas H. Nelson, Oregon Bar No. 78315
5                                           Zaha S. Hassan, Calif. Bar No. 184696
                                            J. Ashlee Albies, Ore. Bar No. 05184
6                                           Lisa Jaskol, Calif. Bar No. 138769

7                                           **Attorneys for Plaintiffs Al-Haramain Islamic
                                            Foundation, Inc., Wendell Belew, and Asim
8                                           Ghafoor**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW

# CERTIFICATE OF SERVICE

**RE:** **In Re National Secrurity Agency Telecommunications Records Litigation**
**MDL Docket No. 06-1791 VRW**

  I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

•   **PLAINTIFFS' CASE MANAGEMENT STATEMENT**

\_\_\_   **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

\_\_\_   **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

<u>XX</u>   **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Bush, et al.*, Docket Number C07-CV-0109-VRW.

  I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2009 at San Francisco, California.

             _____/s/ Jessica Dean_____

             JESSICA DEAN

PLAINTIFFS' CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW