MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*United States v. Rabner, et al.* (07-1324);<br>*United States v. Gaw, et al.* (07-1242);<br>*United States v. Adams, et al.* (07-1323);<br>*United States v. Palermino, et al.* (07-1326);<br>*United States v. Volz, et al.* (07-1396);<br>*Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al.* (07-1187) | No. M:06-cv-01791-VRW<br><br>**UNITED STATES' OPPOSITION TO ADMINISTRATIVE MOTION TO DEFER BRIEFING**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Hearing: March 26, 2009 |

On December 23, 2008, United States filed an eight-page motion for summary judgment in the above-captioned state cases pursuant to Section 803 of the FISA Amendments Act, 50 U.S.C. § 1885b. Section 803 is an express preemption statute enacted by Congress to specifically preclude state attempts to investigate the alleged intelligence activities of the United States, through, among other things, state demands for the disclosures of certain information from Electronic Communication Service Providers. It is clearly applicable here.

The United States contacted counsel in the state cases in an attempt to agree upon a modified schedule for briefing and a hearing on this motion.[1] The United States proposed that

---

[1] Because the first available motion date for the Court was in late-March, the ordinary operation of Local Rule 7 would have given the states nearly three months to oppose the eight-

the states respond to the motion by mid-February with the United States reply due in mid-March. The states refused and instead advised they would seek to put off the United States' motion entirely through the instant administrative motion. The states' motion is meritless and should be denied. The Government requests that the Court enter the briefing schedule set forth below.

The only basis cited by the states for their refusal to brief the issues related to Section 803 is that a separate matter is now *sub judice*—*i.e.*, whether Section 802 of the FAA requires dismissal of claims against electronic communication service providers brought by private litigants. A delay in the state cases to await the outcome of that question would be unwarranted. Sections 802 and 803 of the FAA serve different purposes and operate independently from one another. Indeed, regardless of how the Court rules with respect to Section 802, Section 803 would still operate to preempt the state authority at issue and would require entry of judgment for the United States in these cases. The States have identified no reason to halt briefing on the United States' motion in light of the Section 802 issue now under submission.[2]

Accordingly, the states' administrative motion should be denied, and the United States requests that the court enter the following schedule for consideration of its motion

**February 18, 2009:** Consolidated Brief of the States in response to United States' Summary Judgment Motion under Section 803;

**March 4, 2009:** Consolidated Brief of the Telecommunication Carrier Defendants in Response to the Motion and Opposition of the Federal and State Parties

**March 18, 2009:** United States' Reply in Support of Its Motion under Section 803

**April 1, 2009:** Hearing on the United States' Motion under Section 803 (this hearing date has been set by the Court previously)

## **CONCLUSION**

For the foregoing reasons, the Court should deny the administrative motion to defer

---

page motion and then given the United States seven days to reply.

[2] Even if Section 802 had any bearing on resolution of the state cases under Section 803, that matter could be addressed through supplemental briefing after the Court ruled on Section 802 without delaying the motion on Section 803 preemption.

briefing on the United States' motion for summary judgment in the state cases and enter the foregoing briefing schedule.

Dated: January 21, 2009

Respectfully Submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Special Litigation Counsel

    */s/ Alexander K. Haas*
ALEXANDER K. HAAS (SBN 220932)
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7142
Washington, D.C. 20001
Phone: (202) 305-9334—Fax: (202) 616-8460
Email: alexander.haas@usdoj.gov
*Attorneys for the United States of America*