MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Solely Relates To:<br><br>*Al-Haramain Islamic Foundation et al.*<br>   *v. Bush, et al.* (07-CV-109-VRW) | No. M:06-CV-01791-VRW<br><br>**GOVERNMENT DEFENDANTS'**<br>**CASE MANAGEMENT STATEMENT**<br><br>Date:           January 23, 2009<br>Time:          10:30 a.m.<br>Courtroom:  6, 17th Floor<br><br>Honorable Vaughn R. Walker |

Pursuant to Local Rule 16-10(d) and the Court's Order of January 5, 2009, the Government submits this case management statement in connection with the Case Management Conference set for Friday, January 23, 2009. This report will: (1) set forth the Government's position as to further proceedings; and (2) respond to issues raised in Plaintiffs' Case Management Report ("Pls. Rep.").

## I.     The Government's Position as to Further Proceedings

On January 5, 2009, the Court issued an Order denying the Government Defendants' Third Motion to Dismiss or for Summary Judgment. *See* Dkt. 57 (07-cv-109-VRW). On

---

**Government Defendants' Case Management Statement.**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**

January 16, 2009, the Government noticed an appeal of the Court's Order. *See* Dkt. 59. On January 19, 2009, the Government filed a motion for a stay pending appeal and for certification of the Court's Order pursuant to 28 U.S.C. § 1292(b). *See* Dkt. 60 (hereafter "Stay Mem."). For the reasons set forth in detail in that motion, the Government requests that further proceedings in this action be stayed pending appeal.

The Government also requests that the Court shorten the time for plaintiffs to respond to the Government's motion because the January 5 Order provides for immediate proceedings and deadlines that, in the Government's view, present issues of irreparable harm and thus necessitate consideration of the stay motion as soon as possible. *See* Stay Mem. (Dkt. 60). We propose that the plaintiffs' respond to the motion by Tuesday, January 27, 2009, that the Government reply by Friday, January 30, 2009 and that if the Court deems a hearing is necessary, it be set for Thursday, February 5, 2009.

## II. The Government's Response to Plaintiffs' Case Management Statement

Plaintiffs' Case Management Report addresses three topics that the Government will briefly address in turn.

### A. Timing of Conferral and Submission of Separate Statements

Plaintiffs spend two pages discussing the parties conferral process since the January 5 Order, addressing why a joint report was not submitted and the timing of these reports. *See* Pls. Rep. at 2-3. The substance and tone of plaintiffs' discussion appears to cast blame on the Government for either inadequately conferring or for delaying the process of setting forth the parties views for the Court. We see little point to an extended discussion of the matter. The bottom line is that the Government could not state its position as to further proceedings until that position had been determined after internal deliberations. The Government apprised plaintiffs of the its position on further proceedings as soon as possible. Moreover, the Court's Order itself permits the parties to file separate statements of their "respective plans" after conferring in any event. *See* Dkt. 57 at 25.

After the Court issued its Order, the Government immediately undertook deliberations on

whether to undertake an appeal of the Court's Order and, on January 16, 2009, the Solicitor General authorized the Government to appeal that Order, to seek a stay pending appeal, and to seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b). Prior to that time, the Government could not indicate to the plaintiffs how it proposed to proceed in this case. We recognize that the decisions to appeal and to seek a stay were made within a week of the scheduled January 23, 2009 conference. But the Court's Order raised significant issues for the Government to examine, and the Government moved expeditiously (within 10 days) and has set forth its position at length. The Government also sought to continue the conference to January 30, 2009 to allow plaintiffs more time to respond. Indeed, plaintiffs' statement indicates that they would like additional time to respond to the motion, as the Government had proposed.

In sum, the compressed conferral process resulted from the need for the Government to determine its position on future proceedings in a significant case; we did so expeditiously, advised the plaintiffs of our position, and set forth that position at length before the conference. There was no intent to delay conferring and advising the Court of our views but, on the contrary, to make those views clear and detailed.

**B. Plaintiffs' Objections to Appellate Jurisdiction**

Plaintiffs next spend over three pages arguing that the Court's Order is not appealable under 28 U.S.C. § 1291 and, thus, that this Court has not been divested of jurisdiction. *See* Pls. Rep. at 4-7 (citing *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) and *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). But this has nothing to do with the question at hand. The Government is not here addressing the argument that the Court has been divested of jurisdiction by the filing of a notice of appeal. We seek a stay pending the disposition of that appeal to preserve the status quo and the Ninth Circuit's ability to consider the matter without the imposition of irreparable harm on the Government. If plaintiffs wish to challenge the Court of Appeal's jurisdiction, they should do so in that court.

To the extent any briefing on this topic is necessary in this Court, the appropriate course would be for parties to do so in connection with the pending stay motion. For now, we note

**Government Defendants' Case Management Statement.**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -3-

simply our disagreement with plaintiffs' specific contention that the collateral order doctrine would not provide grounds for an appeal under 28 U.S.C. § 1291. *See* Pls. Rep. at 4-5.[1] The Court's Order conclusively determined that Section 1806(f) of the FISA has preempted the state secrets privilege and that those procedures now will be applied in this case, first to determine whether the plaintiffs have been subject to the alleged surveillance and thus whether they in fact have Article III standing. That issue is separate from the merits question of whether any surveillance violated the law. Also, for the reasons set forth in the Government's stay motion, any decision on the issue of standing under Section 1806(f), in the unique context here, would be effectively unreviewable because the proceedings ordered by the Court would not only inherently risk disclosure of the privileged information, they provide for its disclosure to plaintiffs' counsel based on due process considerations. *See* USG Stay Mem. at 9-14. Plaintiffs' plan for proceeding does not contend otherwise, but confirms their agreement that further proceedings under the Order would involve the disclosure of classified information to plaintiffs' counsel, including possibly of the Government's prior classified filings. Under these circumstances, the Government need not wait until the last minute for an actual physical disclosure of classified information to the plaintiffs' counsel before appealing. *See id.* at 14, n.9.[2]

Finally, in arguing that the Order is not appealable, plaintiffs refer to some statements of two individuals who have been nominated to offices in the Department of Justice regarding the lawfulness of some particular forms of surveillance. See Pls. CMC at 5-6. These observations are also irrelevant to whether the Court should grant a stay pending appeal. The concern raised by the Government's stay motion is that the privilege assertion not be irreparably harmed

---

[1] The order is appealable under Sections 1291 and 1292(a)(1). The government has also sought certification under 28 U.S.C. § 1292(b). But this has nothing to do with the present question regarding a stay of this Court's order pending appellate proceedings.

[2] The fact that the Order provides for declassification review of information implicates an issue of timing, not the legal effect of the Order, which provides that due process requires the disclosure of classified information to the plaintiffs under Section 1806(f) after the 45 day review period.

**Government Defendants' Case Management Statement.**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -4-

pending appeal. The Government's position remains that this case should be stayed.

### C. Plaintiffs' Plan for Further Proceedings

For the foregoing reasons as well as those set forth in our stay motion, the Government opposes the plaintiffs' plan for further proceedings.

Dated: January 22, 2009

Respectfully Submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

  *s/ Alexander K. Haas*
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*