**Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
**Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA 94612
510.452.2581 – Fax 510.452.3277

**Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
503.445-4622 – Fax 503.238.7501

**Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
503.622.3123 - Fax: 503.622.1438

**Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
360.213.9737 - Fax 866.399.5575

**J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089

**Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** | ) MDL Docket No. 06-1791 VRW |
| | ) |
| This Document Relates Solely To: | ) **PLAINTIFFS' OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION FOR STAY** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | ) **PENDING APPEAL AND FOR** |
| | ) **CERTIFICATION OF AN** |
| | ) **INTERLOCUTORY APPEAL** |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** | ) **PURSUANT TO 28 U.S.C. § 1292(b)** |
| | ) |
| Plaintiffs, | ) Date:       April 9, 2009 |
| | ) Time:       2:30 p.m. |
| vs. | ) Courtroom:  Courtroom 6, 17th Floor |
| | ) Honorable Vaughn R. Walker |
| **BARACK H. OBAMA, President of the United States, et al.,** | ) |
| | ) |
| Defendants. | ) |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
MDL DOCKET NO. 06-1791 VRW

# TABLE OF CONTENTS

                                                                                  **Page**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   THE COURT SHOULD DENY DEFENDANTS' REQUEST TO CERTIFY
     AN INTERLOCUTORY APPEAL FROM THE ORDER OF JANUARY 5, 2009
     BECAUSE THE ISSUE ON WHICH DEFENDANTS SEEK CERTIFICATION
     – FISA PREEMPTION – WAS DECIDED IN THE ORDER OF JULY 2, 2008 . . . . . . 1

II.  NOTHING IN THE JANUARY 5, 2009 ORDER MERITS CERTIFICATION
     OF AN INTERLOCUTORY APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. IT IS TOO LATE FOR A REQUEST TO CERTIFY AN INTERLOCUTORY
     APPEAL FROM THE ORDER OF JULY 2, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.  DEFENDANTS' MOTION FOR A STAY PENDING THEIR APPEAL
     FILED ON JANUARY 16, 2009 IS MOOTED BY THIS COURT'S HOLDING
     THAT THE APPEAL IS A NULLITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   EVEN IF THE COURT CERTIFIES AN INTERLOCUTORY APPEAL, NO STAY
     SHOULD ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

Page

## CASES

*Artukovic v. Rison*
    784 F.2d 1354 (9th Cir. 1986) ............................................. 8

*Century Pacific, Inc. v. Hilton Hotels Corp.*
    2008 WL 2276701 (S.D.N.Y. 2008) ...................................... 5

*City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*
    254 F.3d 882 (9th Cir. 2001) ............................................. 8

*Dr. Seuss Enterprises, LP v. Penguin Books USA, Inc.*
    109 F.3d 1394 (9th Cir. 1997) ........................................... 8

*Durkin v. Shea & Gould*
    92 F.3d 1510 (9th Cir. 1996) ......................................... 2, 3

*Electrical Fittings Corporation v. Thomas & Betts Co.*
    307 U.S. 241 (1939) ..................................................... 7

*Environmental Protection Information Center, Inc. v. Pacific Lumber Company*
    257 F.3d 1071 (9th. Cir. 2001) ........................................ 6, 7

*Ferraro v. Secretary of HHS*
    780 F.Supp. 978 (E.D.N.Y. 1992) ....................................... 5

*Green v. City of New York*
    2006 WL 3335051 (E.D.N.Y. 2006) ...................................... 5

*In re Cement Antitrust Litigation*
    673 F.2d 1020 (9th Cir. 1982) ........................................... 4

*In re National Security Agency Telecommunications Records Litigation*
    564 F.Supp.2d 1109 (N.D. Cal. 2008) ............................... 2, 6, 9

*Lara v. Secretary of Interior of U.S.*
    820 F.2d 1535 (9th. Cir. 1987) .......................................... 8

*Morris v. Flaig*
    511 F.Supp.2d 282 (E.D.N.Y. 2007) ..................................... 5

*Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*
    202 F.3d 957 (7th Cir. 2000) ........................................... 5

*Ruvalcaba v. City of Los Angeles*
    167 F.3d 514 (9th Cir. 1999) ........................................... 6

*The Cetacean Community v. Bush*
    386 F.3d 1169 (9th Cir. 2004) .......................................... 6

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
MDL DOCKET NO. 06-1791 VRW

*United States v. Stanley*
    483 U.S. 669 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Weir v. Probst*
    915 F.2d 283 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Yamaha Motor Corporation v. Calhoun*
    516 U.S. 199 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES

28 U.S.C. section 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

50 U.S.C. section 1806(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 10

## MISCELLANEOUS

16 C. WRIGHT, A. MILLER, E. COOPER & E. GRESSMAN, FEDERAL PRACTICE AND PROCEDURE
    § 3929 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
MDL DOCKET NO. 06-1791 VRW

**INTRODUCTION**

Currently pending before this Court is a motion by defendants requesting (1) certification of an interlocutory appeal, pursuant to 28 U.S.C. section 1292(b), of this Court's order of January 5, 2009, and (2) a stay pending appeal of that order. This Court should deny the motion in both its aspects.

With regard to the request to certify an interlocutory appeal: The issue on which defendants seek interlocutory appellate review – whether FISA preempts the state secrets privilege – was decided in this Court's order of July 2, 2008, not in the order of January 5, 2009. That issue cannot be reviewed on an interlocutory appeal of the January 5, 2009 order, for lack of appellate jurisdiction over the issue. The FISA preemption ruling might have been reviewable on an interlocutory appeal of the July 2, 2008 order, but with seven months now having passed without defendants requesting certification of that order for appeal, the time for them to do so is long past. Defendants have not asked for certification on any of the issues decided in the January 5, 2009 order – which is understandable, because nothing in that order merits certification of an interlocutory appeal.

With regard to the request for a stay pending appeal: That request is based solely on defendants' purported direct appeal filed on January 16, 2009. This Court has determined, however, that the January 16, 2009 notice of appeal is a nullity, which means there is no valid appeal on which a stay pending appeal could be based. Even if the Court were to certify an interlocutory appeal from the January 5, 2009 order, no stay should issue with regard to such appeal, because the transfer of jurisdiction from this Court to the Court of Appeals that would occur upon the perfection of an interlocutory appeal would prevent any possibility of the injury that defendants claim might occur absent a stay.

**ARGUMENT**

**I.  THE COURT SHOULD DENY DEFENDANTS' REQUEST TO CERTIFY AN INTERLOCUTORY APPEAL FROM THE ORDER OF JANUARY 5, 2009 BECAUSE THE ISSUE ON WHICH DEFENDANTS SEEK CERTIFICATION – FISA PREEMPTION – WAS DECIDED IN THE ORDER OF JULY 2, 2008.**

We begin by addressing the portion of defendants' motion requesting certification of an interlocutory appeal from the Court's order of January 5, 2009. This Court should deny the request

1  for the simple reason that defendants do not seek interlocutory review of an issue decided in the

2  January 5, 2009 order. Rather, they seek review of an issue this Court decided in its order of July 2,

3  2008 -- whether FISA preempts the state secrets privilege.

4      Defendants' motion plainly states that their sole reason for requesting certification of the

5  January 5, 2009 order for an interlocutory appeal is to obtain immediate appellate review of the

6  question "[w]hether the case should now proceed under the FISA on the ground that it *preempts the*

7  *state secrets privilege*." Defs.' Motion at 15, Doc. #60 at 22 (emphasis added); *see also* Doc. #67 at

8  22 (defense counsel's argument at case management conference of January 23, 2009 for certification

9  under section 1292(b) on "the issue of FISA preemption"). But this Court decided the FISA

10  preemption issue more than seven months ago in a different order -- the order of July 2, 2008. The

11  FISA preemption ruling in the July 2, 2008 order could not be plainer: "[T]he [C]ourt has determined

12  that . . . FISA preempts the state secrets privilege in connection with electronic surveillance for

13  intelligence purposes and would appear to displace the state secrets privilege for purposes of plaintiffs'

14  claims." *In re National Security Agency Telecommunications Records Litigation*, 564 F.Supp.2d 1109,

15  1111 (N.D. Cal. 2008). That is *not* the order on which defendants now request certification under

16  section 1292(b), and it is not subject to appellate review on an interlocutory appeal of the order of

17  January 5, 2009.

18      An interlocutory appeal under section 1292(b) "is from the *certified order*, not from any other

19  orders that may be have been entered in the case." *United States v. Stanley*, 483 U.S. 669, 677 (1987)

20  (emphasis in original). Appellate jurisdiction under section 1292(b) is "confined to the particular

21  order appealed from." *Id.* "Commentators and courts have consistently observed that 'the scope of

22  the issues open to the court of appeals is closely limited to the order appealed from [and] [t]he court

23  of appeals will not consider matters that were ruled upon in other orders.'" *Id.* (quoting 16 C. WRIGHT,

24  A. MILLER, E. COOPER & E. GRESSMAN, FEDERAL PRACTICE AND PROCEDURE § 3929, p. 143 (1977)).

25  "The court of appeals may not reach beyond the certified order to address other orders made in the

26  case." *Yamaha Motor Corporation v. Calhoun*, 516 U.S. 199, 205 (1996).

27      Thus, for example, in *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996), the Ninth Circuit

28  dismissed an interlocutory appeal from an order issued on July 12, 1994, which denied a motion for

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
MDL DOCKET NO. 06-1791 VRW

summary judgment based on collateral estoppel, because the arguments asserted on the appeal – pertaining to claims of breach of fiduciary duty and fraudulent transfers – had been addressed by the district court in *different orders* – e.g., an order issued on February 24, 1993 declining to dismiss the fraudulent transfer claims. *Id.* at 1514 & n. 9. As the Ninth Circuit put it: "The fiduciary duty and fraudulent transfer claims are the subject of district court orders *that are not before us.*" *Id.* (emphasis added). Consequently, said the court, "we lack jurisdiction to consider the . . . arguments concerning the fiduciary duty and fraudulent transfer claims." *Id.* The appeal had to be dismissed "for lack of appellate jurisdiction." *Id.* at 1515.

Were this Court to certify its order of January 5, 2009 for an interlocutory appeal under section 1292(b), the result would be the same as in *Durkin*: The Court of Appeals would have to reject the attempted appeal for lack of appellate jurisdiction, because the sole issue on which defendants seek interlocutory appellate review – FISA preemption – was decided by this Court in a *different order* – the order of July 2, 2008. This Court should not certify an interlocutory appeal where appellate jurisdiction would be absent.

During the case management conference of January 23, 2009, defense counsel argued that the order of January 5, 2009 "is reasonably and clearly read to incorporate the Court's holding of the July 2nd Order that FISA preempts the privilege. In fact, you specifically refer to it . . . ." Doc. #67 at 18. A similar argument appeared – and was quashed – in *Durkin*, which said "we reject [appellant's] contention at oral argument that the district court's earlier order (declining to dismiss Durkin's fraudulent transfer claims) was somehow certified for appeal because the July 12, 1994 Order contains a passing reference to the earlier order." *Durkin*, 92 F.3d at 1515, n. 12. Here, similar to *Durkin*, the order on which defendants seek interlocutory appellate review – the order of January 5, 2009 – did not revisit, but merely recounted, the FISA preemption ruling in the order of July 2, 2008. *See* Order of Jan. 5, 2009, Doc. #57 at 1 ("This court entertained briefing and held a hearing on that issue and, on July 2, 2008, issued a ruling that . . . FISA preempts the state secrets privilege in connection with electronic surveillance for intelligence purposes and would appear to displace the state secrets privilege for purposes of plaintiffs' claims"), 11 ("Defendants' stance does not acknowledge the court's ruling in the July 2, 2008 order that FISA 'preempts' or displaces the SSP for matters within its purview").

This Court's January 5, 2009 order does not, as defendants claim, "incorporate" the prior FISA preemption ruling, but merely mentions that ruling in reciting this case's multi-faceted procedural history. The Court's FISA preemption ruling occurred on July 2, 2008, not January 5, 2009. That ruling would not be subject to appellate review on certification of the January 5, 2009 order for an interlocutory appeal. Given that defendants have requested certification *only* on the issue of FISA preemption, such certification would be a futile gesture, due to the absence of appellate jurisdiction to review that issue.

## II.  NOTHING IN THE JANUARY 5, 2009 ORDER MERITS CERTIFICATION OF AN INTERLOCUTORY APPEAL.

Defendants have *not* asked this Court to certify the January 5, 2009 order for an interlocutory appeal on any of the issues decided in that order – e.g., the standard for determining "aggrieved person" status under 50 U.S.C. section 1806(f), the question whether plaintiffs have met that standard, the matter of security clearances for plaintiffs' counsel, and the requirement that defendants determine whether to declassify any of the sealed or classified submissions in this case. Plainly, defendants do not believe that any of those issues merit certification of an interlocutory appeal.

On that score, defendants are right. Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). An immediate appeal must "materially advance the ultimate termination of the litigation." *Id.* Here, an immediate appeal would have precisely the opposite effect, by stalling the case for yet another year or so while the parties pay a second interlocutory visit to the Ninth Circuit. The salient tactic of the Bush Administration throughout this case has been, with rare exception, *delay*. The pending motion – filed 64 minutes before the end of the last day of the Bush presidency – is consistent with that tactic. The motion was intended to *create* rather than avoid "protracted and expensive litigation" and to *delay* rather than advance "the ultimate termination of the litigation." *Id.* This Court should recognize this latest (and, it is to be hoped, last) delaying tactic as such and reject it accordingly.

The pending motion poses the danger this Court noted during the case management conference of January 23, 2009 – of "postponing the steps and postponing one after the other, and pretty soon, a

tremendous amount of time has passed." Doc. #67 at 33. Indeed, a tremendous amount of time (now coming on three years) has *already* passed since the inception of this case, without even an answer by defendants yet on file – a testament to the ability of a powerful litigant like the federal government to impede the timely administration of justice. This case should now move forward expeditiously, with no further stalling tactics.

**III.    IT IS TOO LATE FOR A REQUEST TO CERTIFY AN INTERLOCUTORY APPEAL FROM THE ORDER OF JULY 2, 2008.**

In their third dismissal motion, defendants indicated that they might subsequently request certification of an interlocutory appeal under section 1292(b), but they did not request such certification with regard to the order of July 2, 2008. Even now, more than seven months after the FISA preemption ruling, defendants still have not asked this Court to certify an interlocutory appeal from that order. The pending certification request is plainly directed only to the order of January 5, 2009.

We anticipate, however, that in reply to this opposition memorandum defendants might ask this Court to treat their motion as a request to certify the order they are actually seeking to appeal – the order of July 2, 2008. Any such request, however, should be denied for the reason we previously noted in our opposition to defendants' third dismissal motion – the request would be untimely. Although section 1292(b) does not prescribe a time limit for requesting a district judge to certify an appeal under section 1292(b), the judge "should not grant an inexcusably dilatory request." *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). Any delay in making the request "'must be reasonable.'" *Century Pacific, Inc. v. Hilton Hotels Corp.*, 2008 WL 2276701, *2 (S.D.N.Y. 2008) (quoting *Morris v. Flaig*, 511 F.Supp.2d 282, 314 (E.D.N.Y. 2007)). Courts have found unexplained delays of two to five months to be unreasonable. *See, e.g., Richardson Electronics, supra*, 202 F.3d at 958 (two months); *Weir v. Probst*, 915 F.2d 283, 287 (7th Cir. 1990) (five months); *Century Pacific, supra*, 2008 WL at 2276701, *2 ("almost four months"); *Green v. City of New York*, 2006 WL 3335051, *2 (E.D.N.Y. 2006) ("more than two month[s]"); *Ferraro v. Secretary of HHS*, 780 F.Supp. 978, 979 (E.D.N.Y. 1992) ("nearly two and a half months"). With

//

1   seven months of delay now upon us, the time is long past for defendants to request certification of the

2   July 2, 2008 order for an interlocutory appeal.

3        During the case management conference of January 23, 2009, defense counsel argued that this

4   Court's "discussion of the [FISA] preemption issue" in the July 2, 2008 order "was – shall we say –

5   dicta, because you dismissed the case without prejudice, and, in effect, at that moment in time, the

6   Government won." Doc. #67 at 18. If defense counsel meant to suggest that defendants could not

7   have sought certification of the July 2, 2008 order for an interlocutory appeal on the FISA preemption

8   issue because they were the prevailing parties at that point and thus had no standing to file an appeal

9   challenging a dictum in a decision that they had won, then defense counsel was wrong, for multiple

10  reasons.

11       First, the July 2, 2008 ruling on FISA preemption was *not* a dictum. A statement in a judicial

12  decision is a dictum if it is "unnecessary to the decision." *The Cetacean Community v. Bush*, 386 F.3d

13  1169, 1173 (9th Cir. 2004). This Court's July 2, 2008 ruling on FISA preemption was necessary to

14  the Court's decision to allow plaintiffs to file an amended complaint, *see In re National Security*

15  *Agency Telecommunications Records Litigation,* 564 F.Supp.2d at 1137, which the Court could not

16  have permitted absent FISA preemption. As such, it was a ruling adverse to defendants, even though

17  defendants had "prevailed" in the July 2, 2008 order to the extent it dismissed the case without

18  prejudice. The Ninth Circuit has recognized that a prevailing party has standing to appeal an adverse

19  ruling in an otherwise favorable order "[i]f the adverse ruling can serve as the basis for collateral

20  estoppel in subsequent litigation." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir.

21  1999); *accord, Environmental Protection Information Center, Inc. v. Pacific Lumber Company*, 257

22  F.3d 1071, 1076 (9th Cir. 2001). This Court's July 2, 2008 ruling on FISA preemption can serve as

23  the basis for collateral estoppel in the "delisting" lawsuit by plaintiff Al-Haramain Islamic Foundation,

24  Inc. now pending in the Oregon district court, which challenges Al-Haramain's designation as a

25  Specially Designated Global Terrorist organization. *See Al-Haramain Islamic Foundation, Inc. v.*

26  *United States Dept. of Treasury, et al.,* Civ. Case No. 07-CV-1155-KI (D. Ore). Defendants thus had

27  standing to seek an interlocutory appeal of that ruling in an attempt to prevent collateral estoppel.

28  //

1    Second, even if the July 2, 2008 FISA preemption ruling *were* a dictum, defendants still would

2    have had standing to seek an interlocutory appeal of the ruling, on two different theories: One theory

3    is based on the rule that a prevailing party has standing to seek appellate "reformation" of a favorable

4    district court judgment (other than review on the merits of the judgment) as to a discussion within the

5    opinion that is "immaterial to the disposition of the cause" but establishes "rights or liabilities" of the

6    parties. *Environmental Protection Information Center*, 257 F.3d at 1075; *see Electrical Fittings*

7    *Corporation v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939.) If the July 2, 2008 FISA preemption

8    ruling were a dictum, then it was immaterial to the disposition of the cause, yet it established a right

9    of the plaintiffs – the right to file an amended complaint in an attempt to invoke 50 U.S.C. section

10   1806(f) despite the state secrets privilege – thus giving defendants standing to seek appellate

11   reformation of the ruling. Another theory is based on the rule that a prevailing party has standing to

12   seek appellate review of a dictum where the district court lacked Article III jurisdiction. *See*

13   *Environmental Protection Information Center*, 257 F.3d at 1077. If defendants thought the July 2,

14   2008 FISA preemption discussion was a dictum, they certainly also thought this Court lacked Article

15   III jurisdiction entirely, and thus they could have sought interlocutory appellate review on that theory.

16       Either way – whether or not this Court's FISA preemption ruling was a dictum – defendants

17   could have, but have not, sought interlocutory appellate review of that ruling.

18   **IV.    DEFENDANTS' MOTION FOR A STAY PENDING THEIR APPEAL FILED ON**
         **JANUARY 16, 2009 IS MOOTED BY THIS COURT'S HOLDING THAT THE**
19       **APPEAL IS A NULLITY.**

20       We turn now to the portion of defendants' motion requesting a "stay pending appeal." That

21   request is expressly based solely on defendants' purported direct appeal filed on January 16, 2009 from

22   this Court's order of January 5, 2009. *See* Defs.' Memo. at 1, Doc. #60 at 8 ("On January 16, 2009,

23   the Government noticed an appeal of the Court's January 2009 order. [Citation.] The Government now

24   respectfully moves for a stay pending disposition of *this appeal*." (emphasis added)). This Court,

25   however, determined at the case management conference of January 23, 2009 that the January 16, 2009

26   notice of appeal *is a nullity* because the January 5, 2009 order is not directly appealable. *See* Doc. #67

27   at 41. That determination moots defendants' stay request, for there is no valid appeal on which a stay

28   //

7

pending appeal could be based. There could be a stay pending appeal only if this Court were to grant the portion of defendants' motion requesting certification of an interlocutory appeal.

## V. EVEN IF THE COURT CERTIFIES AN INTERLOCUTORY APPEAL, NO STAY SHOULD ISSUE.

Defendants have *not* requested a stay pending appeal if this Court were to certify an interlocutory appeal of the January 5, 2009 order. We nevertheless address, for the Court's assistance, the question whether the Court should issue such a stay if the Court certifies an interlocutory appeal from that order (which, of course, we oppose).

The procedural context of this question is as follows: If this Court certifies an interlocutory appeal, defendants then must timely file in the Court of Appeals a petition for permission to appeal under Rule 5 of the Federal Rules of Appellate Procedure. If the appellate court grants the petition, jurisdiction over the issues addressed in the January 5, 2009 order is transferred from this Court to the Court of Appeals, as of the moment the petition is granted. *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001). Until then, however, this Court retains jurisdiction to reconsider or modify its January 5, 2009 order. *Id.* at 886. And even upon a transfer of jurisdiction to the Court of Appeals, this Court would still retain jurisdiction, absent a stay, to enforce the provisions of the January 5, 2009 order requiring defendants to process security clearance applications and to consider possible declassification. *See Lara v. Secretary of Interior of U.S.*, 820 F.2d 1535, 1543 (9th Cir. 1987). Thus, the precise question here is whether – if this Court certifies an interlocutory appeal from the January 5, 2009 order – the Court should stay enforcement of the order's provisions (1) pending the Ninth Circuit's decision whether to permit the appeal, and (2) thereafter, if such permission is granted. The answer on both counts should be *no*.

To obtain a stay pending a proposed interlocutory appeal, the moving party must show both "a probability of success on the merits" of the appeal and "the possibility of irreparable injury" absent a stay. *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986). The weaker the showing on the probability of success, the stronger the showing of irreparable injury must be. *Dr. Seuss Enterprises, LP v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1397, n. 1 (9th Cir. 1997). Here, defendants make no effort at all to demonstrate a probability of success on the merits of an interlocutory appeal.

1    Defendants merely argue that the issue of FISA's preemption of the state secrets privilege, which was

2    not even decided in the order they seek to appeal, is an important issue of "constitutional dimension,"

3    Defs.' Memo. at 8, Doc. #60 at 15, even though this Court has already rejected defendants' arguments

4    regarding the purported "constitutional dimension" of the state secrets privilege, *see In re National*

5    *Security Agency Telecommunications Records Litigation,* 564 F.Supp.2d at 1120-24. Having utterly

6    failed to demonstrate the requisite probability of success, defendants bear a very heavy burden of

7    demonstrating a possibility of irreparable injury. They have shown no such possibility at all.

8       Defendants assert a threat of "irreparable harm" from two aspects of the January 5, 2009 order

9    – the Court's decision to proceed with an adjudication whether plaintiffs were subjected to unlawful

10   electronic surveillance and thus have Article III standing, and the Court's decision that plaintiffs'

11   counsel should obtain security clearances so that they may have essential access to classified

12   information. *See* Defs.' Motion at 7, Doc. #60 at 14. According to defendants, without a stay of the

13   standing adjudication, the Nation's security will be irreparably harmed by a disclosure to "plaintiffs

14   and the public at large" as to whether "certain individuals" were "subject to surveillance." Defs.'

15   Motion at 9-10, Doc. #60 at 16-17. Further, according to defendants, without a stay of the security

16   clearances, the Nation's security will be irreparably harmed by "disclosure" of classified information

17   to plaintiffs' counsel (never mind that they have already seen the Sealed Document itself, making

18   defendants' use of the word "disclosure" in this context more than a little ironic). Defs.' Motion at

19   11-12, Doc. #60 at 18-19.

20       But if this Court were to certify, and the Court of Appeals were to permit, an interlocutory

21   appeal of the January 5, 2009 order, *neither* of those purported harms could occur, because of the

22   consequent transfer of jurisdiction from this Court to the Court of Appeals. During the pendency of

23   the interlocutory appeal, this Court would lack jurisdiction to adjudicate plaintiffs' Article III standing

24   or to disclose any classified information to plaintiffs, because both of those matters would be embraced

25   in the transfer of jurisdiction. The very pendency of the interlocutory appeal would prevent the

26   "irreparable harm" that defendants assert. There would be no need for a stay.

27       The only way the purported "irreparable harm" could occur would be if this Court were to

28   certify an interlocutory appeal but then proceed so rapidly with a disclosure to plaintiffs' counsel and

1   an adjudication of Article III standing that the Court of Appeals would not have enough time to grant

2   permission to appeal and deprive this Court of jurisdiction to proceed. This Court, however, has made

3   clear that there is no danger of premature disclosure to plaintiffs' counsel, having assured defense

4   counsel during the case management conference of January 23, 2009 that the Sealed Document will

5   not be reviewed by plaintiffs' counsel prior to the security clearance determinations, after which the

6   Court will "evaluate what to do in the next step." Doc. #67 at 33-34. Further, the Court can – and the

7   January 5, 2009 order gives ample assurance that the Court will – employ the security measures

8   authorized by section 1806(f) to prevent any damaging disclosure to the public at large. *See* Doc. #57

9   at 23. And plaintiffs' proposal in their case management statement for the sequence of briefing on the

10  adjudication of Article III standing contemplates that such adjudication will occur no sooner than May

11  of 2009, Doc. #64 at 8, which gives ample time for the Court of Appeals to transfer jurisdiction before

12  that can happen. There is no threat of any "harm" at all, irreparable or not – and thus there is no need

13  for a stay pending a decision by the Court of Appeals whether to permit a certified interlocutory

14  appeal.

15      Nor would there be any need for a stay of enforcement of the January 5, 2009 order if the Court

16  of Appeals were to permit a certified interlocutory appeal. All that could be enforced during the

17  pendency of the appeal would be the provisions of the January 5, 2009 order requiring the processing

18  of security clearance applications by February 13, 2009, and requiring defendants to review the Sealed

19  Document and their classified submissions for possible declassification and to report to the Court by

20  February 19, 2009. *See* Doc. #57 at 24-25. Those events almost certainly will have occurred by the

21  time an interlocutory appeal were perfected, and even if they had not yet occurred there would be no

22  need for a stay because there would be no threat of any harm. The mere grant of security clearances

23  would not in itself result in any disclosure, and any declassification would make consequent disclosure

24  voluntary on defendants' part and thus nothing for them to complain about.[1]

25

26  [1]     Plaintiffs do acknowledge, however, that new personnel at the Department of Justice may
27  need more time to review the Sealed Document and classified submissions for possible
    declassification (with redactions, as appropriate), and plaintiffs are willing to stipulate to an
28  appropriate extension of the deadline for defendants to report to the Court on such declassification.

To summarize: If this Court denies certification of an interlocutory appeal, defendants' request for a stay pending appeal will be wholly moot, for want of a valid direct appeal or a certified interlocutory appeal. If the Court were to grant such certification, there would be no need for the Court to issue a stay – either during the pendency of a motion in the Ninth Circuit for permission to appeal, or thereafter if permission were granted – because there would be no danger of this Court disclosing classified information to plaintiffs' counsel and the public at large or adjudicating plaintiffs' Article III standing during proceedings in the Ninth Circuit.

## CONCLUSION

For the foregoing reasons, this Court should deny defendants' requests to certify an interlocutory appeal pursuant to 28 U.S.C. section 1292(b) and for a stay pending appeal.

DATED this 6th day of Februrary, 2009.


                                        /s/ Jon B. Eisenberg
                                    Jon B. Eisenberg, Calif. Bar No. 88278
                                    William N. Hancock, Calif. Bar No. 104501
                                    Steven Goldberg, Ore. Bar No. 75134
                                    Thomas H. Nelson, Oregon Bar No. 78315
                                    Zaha S. Hassan, Calif. Bar No. 184696
                                    J. Ashlee Albies, Ore. Bar No. 05184
                                    Lisa Jaskol, Calif. Bar No. 138769

                                    **Attorneys for Plaintiffs Al-Haramain Islamic
                                    Foundation, Inc., Wendell Belew, and Asim Ghafoor**

# CERTIFICATE OF SERVICE

**RE:** **In Re National Secrurity Agency Telecommunications Records Litigation**
**MDL Docket No. 06-1791 VRW**

    I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

____    **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

____    **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

<u>XX</u>    **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

    I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2009 at San Francisco, California.

                    ____/s/ Jessica Dean_____
                     JESSICA DEAN

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL AND
FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
MDL DOCKET NO. 06-1791 VRW