| | |
|---|---|
| 1 | MICHAEL F. HERTZ |
| | Acting Assistant Attorney General, Civil Division |
| 2 | DOUGLAS N. LETTER |
| | Terrorism Litigation Counsel |
| 3 | JOSEPH H. HUNT |
| | Director, Federal Programs Branch |
| 4 | ANTHONY J. COPPOLINO |
| | Special Litigation Counsel |
| 5 | PAUL G. FREEBORNE |
| | Trial Attorneys |
| 6 | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| 7 | 20 Massachusetts Avenue, NW, Rm. 6108 |
| | Washington, D.C. 20001 |
| 8 | Phone: (202) 514-4782 |
| | Fax: (202) 616-8460 |

*Attorneys for the Government Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-cv-1791-VRW |
| | **UNITED STATES' ADMINISTRATIVE MOTION TO TREAT RECENTLY TRANSFERRED *McMurray* ACTION AS SUBJECT TO PENDING DISPOSITIVE MOTION** |
| This Document Relates To: *McMurray v. Verizon Comm., Inc.*, No. 09-cv-0131-VRW | |
| | [CIVIL L.R. 7-11] |
| | Chief Judge Vaughn R. Walker |

---

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).**

**INTRODUCTION**

On December 19, 2008, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court *McMurray et al. v. Verizon Communications, Inc. et al.*, No. 08-cv-6264 (S.D.N.Y), a case in which plaintiffs challenge the constitutionality of Section 802 of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), which was enacted in the FISA Amendments Act of 2008, Pub. L. 110-261, 122 Stat. 2467, Title II, § 201 (July 10, 2008), *see* 50 U.S.C. § 1885a(a) ("FISA Act Amendments of 2008"). As the Court is aware, Section 802 of the FISA provides that actions against electronic communication service providers shall be promptly dismissed if the statutory conditions for dismissal are satisfied upon a certification by the Attorney General of the United States. The Government previously moved to dismiss all actions against electronic communication service providers in this MDL proceeding based on this provision, *see* Dkt. 469, and, in opposition to that motion, the plaintiffs in cases against provider-defendants have challenged Section 802 of the FISA on the ground that it violates the constitution, *see* Dkt. 482. That matter was heard on December 2, 2008, and is presently under submission.

The newly transferred *McMurray* action is for all relevant purposes <u>identical</u> to a separate action that was originally transferred to this Court in August 2006—*McMurray et al. v. Verizon et al.*, 06-cv-03650 (S.D.N.Y.)—and which is one of the cases to which the Government's dispositive motion applied. The first *McMurray* action raises claims, *inter alia*, against electronic communication service providers for alleged assistance to the intelligence community. The second *McMurray* action just transferred to this Court purports to challenge the lawfulness of Section 802 of the FISA Act of 2008. That is, the *McMurray* plaintiffs filed a *second*, separate lawsuit in another district court challenging application of Section 802 of the FISA to its *first* lawsuit which was pending before this Court. Accordingly, the Government sought consolidation of this second *McMurray* case to this MDL proceeding where the first *McMurray* action still resides, and the JPML concurred.

At this stage of proceedings, the lawfulness of Section 802 of the FISA has been briefed in connection with the Government's pending motion to dismiss or for summary judgment in all actions against electronic communication service providers. The Government's motion was specifically directed at the first *McMurray* action filed in 2006, and the plaintiffs' joint opposition to the Government's motion was submitted on behalf of the plaintiffs in the first *McMurray* case as well. Accordingly, as set forth further below, the second *McMurray* action transferred to this Court should be treated as subject to the Government's motion with respect to claims against electronic communication service providers now under submission.[1]

## FACTUAL BACKGROUND

On May 12, 2006, the *McMurray* plaintiffs filed their first lawsuit against Verizon Communications Inc., and Cellco Partnership (collectively, the "Verizon Defendants"); BellSouth Corporation, AT&T Corporation, and AT&T Inc. (collectively the "AT&T Defendants); President George Bush, and the National Security Agency (collectively, the "Government Defendants") in the United States District Court for the Southern District of New York. This first lawsuit was designated as civil action 06-cv-3650. On April 11, 2007, the clerk of this Court issued a notice docketing *McMurray* in MDL-1791 and designated that as civil action number 07-cv-02029-VRW (N.D. Cal.). *See* Dkt. 243.[2]

After enactment of the FISA Act Amendments of 2008, the United States filed a motion to dismiss or for summary judgment in all actions against electronic communication services

---

[1] Counsel for the Government has conferred with counsel for the provider-defendants and the provider-defendants have advised that they agree with the relief sought in this motion.

[2] The identification of the lead plaintiff in the caption of this lawsuit has changed. When originally filed in the Southern District of New York, civil action 06-cv-3650 was brought by the two attorneys now representing the *McMurray* plaintiffs – Carl Mayer and Bruce Afran – and thus captioned *Mayer et al. v. Verizon Communications Inc., et al.* An amended complaint was later filed in the Southern District listing the *McMurray* plaintiffs, starting with Rev. Joe McMurray. The *McMurray* action (06-cv-3650) was then transferred to this Court by the JPML and given a separate document number within MDL-1791 (07-cv-02029-VRW) (N.D. Cal.). This separate MDL docket number lists the *McMurray* plaintiffs alphabetically and, thus, re-captions the case "*Anderson et al. v. Verizon Communications et al.*" To avoid any further confusion, we will refer to both the 2006 case as the *McMurray* case.

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).** 2

providers, including the *McMurray* action. *See* Dkt. 469 (listing among the actions for which dismissal is sought 07-cv-02029-VRW).[3/] The plaintiffs' opposition to the Government's motion likewise pertained to all actions in this MDL proceeding against electronic communication service providers, including the first *McMurray* action. *See* Dkt. 482. Indeed, plaintiffs' opposition and reply briefs listed counsel for the *McMurray* plaintiffs. *See id.* at 52; Dkt. 524 at 47. Thus, there is no dispute that the first *McMurray* case was subject to the Government's motion to dismiss actions against provider-defendants based on Section 802 of the FISA, and the *McMurray* plaintiffs were subject to briefing on the lawfulness of that provision, which culminated in a hearing on December 2, 2008.

On July 10, 2008, the *McMurray* plaintiffs filed a second, separate lawsuit against the same defendants in the United States District Court for the Southern District of New York (Case No. 1:08-6264) (Attachment #1). The complaint in this second lawsuit challenges the lawfulness of Section 802 of the FISA—specifically as it would be applied to the lawsuit the *McMurray* plaintiffs had filed in 2006 and which had been transferred to this Court. *See* Attachment #2, Compl. ¶ 9. The Government then sought to transfer the second *McMurray* lawsuit filed in 2008 for transfer to these multi-district proceedings as a "tag along" case. On August 12, 2008, the JPML issued a Conditional Transfer Order ("CTO-7") transferring the action to this Court for inclusion in MDL-1791. On September 9, 2008, plaintiffs filed a motion to vacate CTO-7, which the government opposed. The JPML considered plaintiffs' motion without oral argument during its November 20, 2008 sitting and, by Order dated December 19, 2008, transferred *McMurray* to MDL-1791 for "coordinated or consolidated pretrial proceedings occurring there in [that] docket." Attachment # 2 at 2. In doing so, the JPML recognized that "[w]ith but one exception, plaintiffs in *McMurray* are also plaintiffs in [the earlier *McMurray* action] initially

---

[3] *McMurray* plaintiffs are also listed in master consolidated complaints against the Verizon defendants, *see*, Dkt. 125, which was also subject to the Government's pending motion, *see* Dkt. 469.

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).** 3

centralized in [the Court's] docket in August 2006." *Id*. [4/] Because the constitutionality of Section 802 of the FISA "is already squarely before" this Court, the JPML found transfer appropriate. *Id*. The second *McMurray* action was docketed in this Court on January 13, 2009 and given a separate civil action number for these proceedings (09-cv-0131-VRW). *See* Dkt. 541.

## ARGUMENT

After the second *McMurray* case was transferred to this Court, the parties have attempted to confer regarding the appropriate disposition of this action in this MDL proceeding, but have not been able to reach agreement. It is our understanding that the *McMurray* plaintiffs wish to present separate arguments concerning the lawfulness of Section 802 of the FISA, despite the fact that they have already participated in opposition briefing on the Government's motion which is now under submission. The Government's position is that further briefing in connection with the *McMurray* plaintiffs' second lawsuit is not appropriate and that this second action should be subject to the parties' prior briefing on the Government's motion and controlled by the Court's ruling on that now under submission.

It is not clear why the *McMurray* plaintiffs filed an entirely new lawsuit in 2008 in another district challenging application of Section 802 to their 2006 lawsuit that was already pending before this Court. Once Section 802 was applied in this proceeding by the Government, the *McMurray* plaintiffs had an opportunity to challenge the lawfulness of that provision—and they did so. The Government's motion expressly was directed at the original *McMurray* action.

---

[4] One plaintiff in the newly transferred *McMurray* action is not a party to the first suit before this Court—Amidax Trading Corp. *See* Second *McMurray* Complaint (¶ 10). But that plaintiff has no right to re-litigate the lawfulness of Section 802 of the FISA in this case either. Amidax has filed a separate lawsuit currently pending in the Southern District of New York, *Amidax v. SWIFT SCRL*, No. 08-cv-5689 (S.D.N.Y.), in which it seeks money damages and declaratory and injunctive relief in connection with administrative subpoenas issued by the United States Department of Treasury Office of Foreign Assets Control ("OFAC") to the Society for Worldwide Interbank Financial Telecommunications ("SWIFT"). The *SWIFT* case is not before *this* Court, and to the extent the FISA Act of 2008 is even relevant in that case, any litigation over the matter would properly be considered by the Southern District of New York.

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).** 4

*See* Dkt. 469 (listing 07-cv-02029 as among actions for which dismissal was sought). Moreover, on October 16, 2008, a joint opposition was filed to the Government's motion on behalf of *all* MDL Plaintiffs in cases against the provider-defendants—including the *McMurray* Plaintiffs. *See* Dkt. 482.[5]

The second *McMurray* complaint should thus be controlled by the submitted briefing on the lawfulness and application of Section 802 of the FISA, and there is no reason why the second *McMurray* action should now be permitted to proceed separately from that submitted matter. This is particularly so where the parties have already devoted considerable effort to briefing and argument on the Government's pending motion now under submission. Thus, to the extent the *McMurray* plaintiffs now seek to use their newly filed action to brief a matter already under submission (which we understand is their intent), they should be foreclosed from doing so.[6]

## CONCLUSION

For the foregoing reasons, the Court should enter an order submitting the second *McMurray* action (09-cv-0131-VRW) to the already submitted briefing regarding the constitutionality of Section 802 of the FISA in connection with the Government's pending dispositive motion.[7]

---

[5] Indeed, counsel representing the *McMurray* plaintiffs (Carl Mayer, Bruce Afran, and Steven Schwarz) are listed in the plaintiffs' opposition and reply briefs. See Dkt. 482 at 52 and Dkt. 524 at 47. To the extent the *McMurray* plaintiffs now claim they did not join in that briefing, the plaintiffs' joint organization plan approved by the Court provides that where such a coordinated presentation is made, arguments made by coordinating counsel are binding upon all "actions later instituted, add-ons, or actions coordinated or consolidated . . . that involve similar claims." *See* Dkt. 58 at 7-8 (¶ 3). That the *McMurray* complaint raises a takings claim, *see* Attachment #1, Count I, does not alter the fact that plaintiffs are bound by the previously submitted briefing; they had every opportunity to present such claim and chose not to do so.

[6] While the original *McMurray* action includes claims against the Government, the second *McMurray* lawsuit filed in 2008 (09-cv-1131-VRW) concerns *solely* the lawfulness of Section 802 of the FISA, which relates to claims against the provider-defendants.

[7] The Government notes that the defendants' obligation to answer or otherwise respond to the complaint is currently due on March 19, 2009. To the extent that the Court is unable to rule on this motion before that date, the Government requests that the defendants' obligation to answer or otherwise respond to the complaint be stayed until the Court rules on this motion.

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).** 5

| | |
|---|---|
| Dated: February 6, 2009 | Respectfully Submitted, |
| | MICHAEL F. HERTZ<br>Acting Assistant Attorney General |
| | DOUGLAS N. LETTER<br>Terrorism Litigation Counsel |
| | JOSEPH H. HUNT<br>Director, Federal Programs Branch |
| | _s/ Anthony J. Coppolino_<br>ANTHONY J. COPPOLINO<br>Special Litigation Counsel |
| | _s/ Paul G. Freeborne_<br>PAUL G. FREEBORNE<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW, Rm. 6108<br>Washington, D.C. 20001<br>Phone: (202) 353-0543<br>Fax: (202) 616-8460<br>Email: paul.freeborne@usdoj.gov |
| | *Attorneys for the Government Defendants* |

---

**United States' Administrative Motion Regarding Recently Transferred *McMurray* Action, *McMurray et al. v. Verizon et al.*, 09-cv-0131-VRW (MDL 06-cv1791-VRW).**