United States District Court
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |
| This Document Relates To All Cases Except: | |
| Al-Haramain Islamic Foundation, Inc v Bush, No C 07-0109; Center for Constitutional Rights v Bush, No C 07-1115; Guzzi v Bush, No C 06-6225; Shubert v Bush, No C 07-0693; United States v Adams, No C 07-1323; United States v Clayton, No C 07-1242; United States v Palermino, No C 07-1326; United States v Rabner, No 07-01324; United States v Volz, No 07-1396 | |

          The United States predicates its motion to dismiss "all claims against the electronic communication service providers" in the cases in this multidistrict ligitation (MDL) matter (Doc #469) on section 802 of the FISA Amendments Act of 2008, Pub L No 110-261, 122 Stat 2436, enacted July 10, 2008.  In the considering the arguments on the various constitutional challenges to section 802 set forth in plaintiffs' opposition (Doc #483), the court requests supplemental briefing as set forth herein.

Section 802(a) contains the key provision upon which the United States relies in seeking dismissal:

> (a) REQUIREMENT FOR CERTIFICATION. — Notwithstanding any other provision of law, a civil action may not lie or be maintained in a Federal or State court against any person for providing assistance to an element of the intelligence community, and shall be promptly dismissed, if the Attorney General certifies to the district court of the United States in which such action is pending that —
>
> > (1) any assistance by that person was provided pursuant to an order of the court established under section 103(a)directing such assistance;
> >
> > (2) any assistance by that person was provided pursuant to a certification in writing under section 2511(2)(a)(ii)(B) or 2709(b) of title 18, United States Code;
> >
> > (3) any assistance by that person was provided pursuant to a directive under section 102(a)(4), 105B(e), as added by section 2 of the Protect America Act of 2007 (Public Law 110-55), or 702(h) directing such assistance;
> >
> > (4) in the case of a covered civil action, the assistance alleged to have been provided by the electronic communication service provider was —
> >
> > > (A) in connection with an intelligence activity involving communications that was —
> > >
> > > > (i) authorized by the President during the period beginning on September 11, 2001, and ending on January 17, 2007; and
> > > >
> > > > (ii) designed to detect or prevent a terrorist attack, or activities in preparation for a terrorist attack, against the United States; and
> > >
> > > (B) the subject of a written request or directive, or a series of written requests or directives, from the Attorney General or the head of an element of the intelligence community (or the deputy of such person) to the electronic communication service provider indicating that the activity was —
> > >
> > > > (i) authorized by the President; and
> > > >
> > > > (ii) determined to be lawful; or
> >
> > (5) the person did not provide the alleged assistance.

Section 802(b) sets out the standard for judicial review of a certification and the universe of "supplemental materials" a court may consider. Subsections (c) and (d) specify the manner in which a court is to handle classified evidence, what parties "may submit" and limitations on their participation in a proceeding under section 802.

Nonetheless, section 802 appears to contain "literally no guidance for the exercise of discretion" by the Attorney General. <u>Whitman v American Trucking Assns</u>, 531 US 457, 474 (2001). It appears to leave the Attorney General free take no action at all or to take action to invoke section 802's protection on behalf of one or more "persons" based on any consideration of his choosing; no charge or directive, timetable and/or criteria for the Attorney General's exercise of discretion are apparent. The parties are directed to address whether section 802 runs afoul of the principle the Supreme Court set forth in <u>Yakus v United States</u>, 321 US 414, 425 (1944):

> [T]he only concern of courts is to ascertain whether the will of Congress has been obeyed. This depends not upon the breadth of the definition of the facts or conditions which the administrative officer is to find but upon the determination whether the definition sufficiently marks the field within which the Administrator is to act so that it may be known whether he has kept within it in compliance with the legislative will.

The parties are directed to submit to the court, on or before February 25, 2009, supplemental briefs not to exceed twenty (20) pages addressing the constitutional question outlined above. The parties are further directed, in doing so, to give consideration to two principles of statutory construction: (1) a court should treat the "plain meaning of legislation [as]

3

conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,'" <u>United States v Ron Pair Enterprises, Inc</u>, 489 US 235, 242 (1989); and (2) "[t]he canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction; and the canon functions as <u>a means of choosing between them</u>." <u>Clark v Martinez</u>, 543 US 371, 385 (2005)(emphasis in original).

In their supplemental briefs, the parties may paraphrase and/or refer to arguments made in previously-filed briefs, but should not repeat them verbatim.

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
United States District Chief Judge