MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Solely Relates To:<br><br>*Al-Haramain Islamic Foundation et al.*<br>    *v. Obama, et al.* (07-CV-109-VRW) | No. M:06-CV-01791-VRW<br><br>**GOVERNMENT DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL AND CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**REQUEST FOR INTERIM STAY**<br><br>Date:   April 9, 2009<br>Time:   2:30 pm<br>Courtroom: 6, 17th Floor<br><br>Honorable Vaughn R. Walker |

---

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al.* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**

# **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    THE COURT SHOULD CERTIFY ITS JANUARY 5 ORDER FOR
      INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . 3

II.   THE COURT SHOULD STAY PROCEEDINGS PENDING APPEAL. . . . . . . . . . . . 9

    A.    A Stay Pending the Government's Appeal of the January 5 Order
          Should be Entered.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    A Stay Should Be Entered Pending Any 1292(b) Interlocutory Appeal. . . . . . 12

    C.    The Court Should At Least Enter an Immediate Interim Stay. . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Government Defendants' Reply in Support of Stay of All Proceedings Pending
Appeal and Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b)**
*Al-Haramain v. Bush* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**        -i-

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Admiral Ins. Co. v. U.S. Dist. Court*,
    881 F.2d 1486 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Al-Haramain v. Bush*,
    507 F.3d 1190 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 9

*Al-Haramain v. Bush*,
    564 F. Supp. 2d 1109 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Artukovic v. Rison*,
    782 F.2d 1354 (9th Cir, 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bassidji v. Goe*,
    413 F.3d 928 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Cinematronics, Inc.*,
    916 F.2d 1444 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ducre v. Executive Officers of Halter Marine, Inc.*,
    752 F.2d 975 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Durkin v. Shea & Gould,*
    92 F.3d 1510 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Environmental Prot. Info. Ctr. v. Pacific Lumber Co.*,
    257 F.3d 1071 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Cement Antitrust Litigation*,
    673 F.2d 1020 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Copley Press*,
    518 F.3d 1022 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Napster, Inc. Copyright Litigation*,
    479 F.3d 1078 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re: PUC,*
    813 F.2d 1473 (9th. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lee v. American National Insurance Co.*,
    260 F.3d 997 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending
Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al.* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**     -ii-

| | | |
|---|---|---|
|1| *Negrete v. Allianz Life Ins. Co.,* | |
| | 523 F.3d 1091 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
|2| | |
| |*Orange County Airport Hotel Assocs. v. HSBC Ltd.,* | |
|3| 52 F.3d 821 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
|4|*United States v. Good Samaritan Church,* | |
| | 29 F.3d 487 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9 |
|5| | |
| |*United States v. Philip Morris USA Inc.,* | |
|6| 396 F.3d 1190 (D.C. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5 |
|7|*United States v. Stanley,* | |
| | 483 U.S. 669 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 |
|8| | |
| |*Yamaha Motor Corporation v. Calhoun,* | |
|9| 516 U.S. 199 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 |

**STATUTORY LAW**

18 U.S.C. § 3504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1292(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

50 U.S.C. § 1806(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending
Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al*. **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**                    -iii-

## INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion for a Stay Pending Appeal and for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Dkt. 69) ("Pls. Opp."),[1] fails to address the significant issues now before the Court. As set forth below, the grounds for certification of an interlocutory appeal of the Court's January 5, 2009 Order are amply satisfied, and the need for a stay pending appeal should be clear—indeed, we respectfully submit that certification of the Court's Order, or the entry of a stay pending appeal, are not close questions under the present circumstances.

Certification of the Court's Order under 1292(b) is plainly appropriate. The Court of Appeals has previously determined that plaintiffs' case cannot proceed without critical information that the state secrets privilege was properly asserted to protect—including whether or not plaintiffs were subject to alleged surveillance and, in particular, the classified sealed document at issue in this case. *See Al-Haramain v. Bush*, 507 F.3d 1190, 1205 (9th Cir. 2007). The Court of Appeals agreed that disclosure of this information would harm the national security of the United States. *See id.* at 1203-04 (disclosure of information concerning the Sealed Document and the means, sources and methods of intelligence gathering in the context of this case would undermine the government's intelligence capabilities and compromise national security). This Court has now held that Section 106(f) of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1806(f), displaces the state secrets privilege, and that the case will now proceed under that provision to adjudicate the very fact question at issue in the privilege assertion, using the document previously excluded by the Court of Appeals. The Court has also held that due process requires that plaintiffs' counsel obtain security clearances for access to the classified privileged information in order to litigate their claims. The proper and prudent course is to permit the Court of Appeals to review the key issue previously remanded—whether the

---

[1] All docket numbers herein are to the docket in Civil Action 07-cv-109-VRW. The Court's January 5 Order is at Dkt. 57. The Government filed a Notice of Appeal on January 16, 2009. *See* Dkt. 59. The Government filed a Motion for a Stay Pending Appeal and for Certification of Interlocutory Appeal ("USG Stay") on January 19, 2009. *See* Dkt 60.

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al.* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)**

FISA permits the proceedings now ordered by the Court—before steps are taken that would risk or require disclosures that would negate the privilege assertion already upheld by the Ninth Circuit.

A stay pending appeal (whether the Government's appeal of right or permissive appeal under Section 1292(b)) is likewise the proper and reasonable course now. To risk or require the disclosure of privileged information while the Government challenges the legal basis for doing so would plainly impose irreparable harm—not merely on to the Government's position in this litigation, but the grave harm to national security identified by the Ninth Circuit when it upheld the privilege assertion.

Plaintiffs' objections to 1292(b) certification and a stay pending appeal are insubstantial. Plaintiffs' primary contention as to why 1292(b) certification should be denied is that the Government did not seek certification of the Court's July 2, 2008 decision on FISA preemption. *See* Pls. Opp. (Dkt. 69) at 1-4. That argument is clearly meritless. The plaintiffs' pending complaint was *dismissed* by the July 2 Order, rendering interlocutory review at that time senseless. Moreover, the law does not foreclose appellate review of an issue decided in the July 2 Order that is material to the January 5 Order. Likewise, plaintiffs' contention that there is no risk of irreparable harm to the Government warranting a stay pending appeal of the January 5 Order is also wrong. Under the January 5 Order, classified information protected by the Government's privilege assertion is subject to disclosure after February 13, 2009—not months later as plaintiffs contend.

Accordingly, the Government requests that the Court not only certify its Order and enter a stay pending appeal, but that it put in place an interim stay to ensure that no disclosures occur in the meantime, and to permit the Government to seek a stay from the Court of Appeals, if necessary. The Government has submitted proposed Orders that would either grant 1292(b) certification, or a stay pending appeal, or an interim stay while the Government seeks relief from the Ninth Circuit. The Government respectfully requests that the Court indicate how it will proceed by 3 p.m. on February 13, 2009. In order to protect its interests, the Government plans

to seek relief from the Ninth Circuit before the close of business that day in the absence of relief from this Court.

## ARGUMENT

### I. THE COURT SHOULD CERTIFY ITS JANUARY 5 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b).

Plaintiffs' opposition to the Government's motion to certify the January 5 Order rests primarily on erroneous procedural objections and devotes little attention to the central question at hand: whether 1292(b) certification is warranted because there are substantial grounds for a difference of opinion on a controlling question of law as to which appellate review may materially advance termination of the litigation. *See In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981). As set forth in our opening motion, *see* USG Stay (Dkt. 60) at 15-16, the Court's determination that the case will now proceed under FISA Section 1806(f) controls all further proceedings in this case. Under that legal framework, which remains very much in dispute, the Court has ruled that it will decide a threshold jurisdictional question—whether the plaintiffs in fact have been subject to alleged surveillance and thus have standing—in the face of the Ninth Circuit's prior ruling that the case would otherwise have to be dismissed under the state secrets privilege. *See Al-Haramain v. Bush*, 507 F.3d at 1205.

Moreover, there are substantial grounds for a difference of opinion as to the Court's Order. We are aware of no prior case where the state secrets privilege has been held to be preempted by statutory law, nor any case that has applied Section 1806(f) in the manner in which the Court is now proceeding—to decide whether alleged surveillance has occurred and to grant security clearances for the disclosure of classified information to a party seeking that information in order to litigate their claims. An immediate appeal would also materially advance the termination of this litigation. If the Court of Appeals finds that the Court has erred in applying Section 1806(f) of the FISA to adjudicate matters at issue in the Government's privilege assertion, then the case would be dismissed. At a minimum, the Court of Appeals may provide further guidance as to how the Court should proceed in unprecedented circumstances.

Plaintiffs oppose 1292(b) certification primarily "for the simple reason that the

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al*. **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -3-

defendants do not seek interlocutory review of an issue decided in the January 5, 2009 Order" but "[r]ather seek review of an issue that this Court decided in its order of July 2, 2008—whether FISA preempts the state secrets privilege." *See* Pls. Opp. (Dkt. 69) at 2. But that simply is wrong; the Government expressly seeks certification of the January 5 *Order*.[2] And the January 5 Order clearly and expressly applies the procedures of Section 1806(f) to preempt the Government's state secrets privilege assertion. Moreover, under applicable law, the fact that the FISA preemption issue was addressed in the Court's July 2 decision is of no consequence to whether the Court should certify its January 5 Order.

As plaintiffs assert, the Supreme Court stated in *Yamaha Motor Corporation v. Calhoun*, 516 U.S. 199 (1996), that a court of appeals reviewing an order under Section 1292(b) "may not reach beyond the certified order to address other orders made in the case." *Id*. at 205; *see* Pls. Opp. (Dkt. 69) at 2. But "the *Yamaha* opinion did not end with [that] sentence." *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1194 (D.C. Cir. 2005). The Supreme Court went on to state in *Yamaha* that "the appellate court may address any issue fairly included within the certified order because 'it is the *order* that is appealable, and not the controlling question identified by the district court.'" *Yamaha*, 516 U.S. at 205 (citations omitted) (original emphasis). As this statement indicates, a key purpose of the rule that *orders* are reviewed under 1292(b) is to prevent a limitation on appellate review based on how a district court may characterize the controlling issue of law being certified. But plaintiffs' reading of this authority to mean that issues addressed in other orders may never be reviewed under 1292(b) is wrong.

As the Ninth Circuit and other courts have held, review of a certified order "may address those issues *material* to the order from which an appeal has been taken." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990) (original emphasis) (citing *Ducre v. Executive Officers of Halter Marine, Inc.*, 752 F.2d 975, 983 n.16 (5th Cir. 1985)). The fact that an issue may have

---

[2] *See* Dkt. 60 at 22 (the Government "request(s) that the Court certify its *Order* for interlocutory appeal") and *id*. (after discussing applicable standards for 1292(b) review stating that "[t]he Court's January 5 *Order* meets this standard) (emphases added).

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al*. **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -4-

been decided in another order is irrelevant to whether that issue may be considered in review of the certified order. In *In re Cinematronics*, the Ninth Circuit, in exercising review of a certified district court order under 1292(b), considered a prior ruling by a bankruptcy court because "the validity of the district court decision. . . [was] inextricably tied to the bankruptcy judge's earlier ruling." *See* 916 F.2d at 1449. Likewise, in *Lee v. American National Insurance Co.*, 260 F.3d 997, 1000 (9th Cir. 2001), the Ninth Circuit reviewed under 1292(b) an order denying a motion to remand a case to state court that was based on the district court's previous holding that the court lacked jurisdiction over the plaintiffs' claim. *See also Philip Morris, USA Inc.*, 396 F.3d at 458 (rejecting contention that appellate review under 1292(b) must be limited solely to a new specific theory set forth in the certified order and could not extend to a theory that had been reiterated from a prior order).[3] Accordingly, there is no bar to 1292(b) certification of an order where a related material issue has been addressed in a prior separate order.

Plaintiffs' contention that the January 5 Order "merely mentions [the July 2 ruling] in reciting the case's multi-faceted procedural history," *see* Pls. Opp. (Dkt. 69) at 4, is wholly inaccurate. On the contrary, there should be no question that issues decided in the Court's July 2 Order are material to the January 5 Order and, indeed, are inextricably bound up in that Order. While the Court generally concluded on July 2 that FISA Section 1806(f) preempted the state

---

[3] The case on which plaintiffs rely extensively, *Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996), is not to the contrary. The issue in *Durkin* was whether the Court of Appeals, in reviewing the denial of a motion for summary judgment under 1292(b), could exercise jurisdiction over the denial of a motion to dismiss claims in a *separate* companion case. In that context, the Ninth Circuit held that its review was limited to the particular certified order and that it would not review a non-certified order in a separate case based merely on a passing reference to it in the certified order. *See Durkin*, 92 F.3d at 1515 n.12. Likewise the Supreme Court's decision in *United States v. Stanley*, 483 U.S. 669 (1987), is inapposite here. In *Stanley*, the Supreme Court held that, in reviewing a certified order that denied dismissal of certain *Bivens* claims, the court of appeals did not have jurisdiction to remand the case for consideration of whether the plaintiff's long dismissed claims against the Government under the Federal Tort Claims Act might be viable under recent case law, since the dismissal of the FTCA claims was an "issue [that] had not been addressed in the order from which the interlocutory appeal was taken." *See id.* at 675.

secrets privilege, *see Al-Haramain v. Bush*, 564 F. Supp. 2d 1109, 1115-25 (N.D. Cal. 2008), it did not order that Section 1806(f) proceedings commence or even that they would be applied in this case. The Court stated that the plaintiffs must first establish whether they were "aggrieved persons" who would have standing to invoke Section 1806(f). *See id.* at 1134. And, specifically in accord with the Ninth Circuit's ruling on the state secrets privilege, the Court barred plaintiffs from using the classified sealed document to establish their aggrieved status. *See id.* The Court then dismissed the original complaint without prejudice while granting plaintiffs leave to file an amended complaint. *See id.* at 1137.

After plaintiffs filed an amended complaint, this lawsuit returned to the pleading stage of the case, and the Government then filed its Third Motion to Dismiss or for Summary Judgment challenging the new complaint. *See* Dkt. 49. The Government's motion was based on all of the prior grounds for dismissal and summary judgment that the Government had previously raised in this case, including on its position that the FISA did not preempt the state secrets privilege. *See* Government's Notice of Motion and Motion to Dismiss or for Summary Judgment (Dkt. 49) at 1-3; *see also* Memorandum in Support of the Government's Third Motion to Dismiss or for Summary Judgment (Dkt. 49) at 23-25. The January 5 Order denied the Government's motion and granted the plaintiffs' motion to proceed with discovery under FISA Section 1806(f) (Dkt. 46). *See* Dkt. 57. Thus, all of the issues related to the denial of the Government's motion and the granting of plaintiffs' motion— including the FISA preemption issue—would properly be subject to interlocutory review if the Order is certified.

Plaintiffs' contention that there is "nothing" in the January 5 Order that merits certification, *see* Pls. Opp. (Dkt. 69) at 4, is also clearly wrong. That Order was not limited to merely deciding the standard for invoking Section 1806(f), or merely to facilitate the processing of security clearances, or to direct a declassification review as plaintiffs' contend. *See id.* Rather, the Court went on to decide that that this case would actually proceed under Section 1806(f) of the FISA. After finding that, at the "pleading stage," plaintiffs "have alleged enough to plead 'aggrieved person' status so as to proceed to the next step in proceedings under FISA's

section 1806(f) and 1810," *see* Dkt. 57 at 14-18,[4] the Court ruled as to how FISA Section 1806(f) would now be applied. *See id*. at 19-22.

The Court held that, despite the absence of an Attorney General determination to invoke Section 1806(f), the Court would proceed nonetheless on the ground that nothing in FISA "prohibits the court from exercising its discretion to conduct an *in camera*, *ex parte* review following the plaintiffs' motion and entering other orders appropriate to advance the litigation if the Attorney General declines to act." *See* Dkt. 57 at 22. The Court then held that it would review, initially *ex parte*, the Sealed Document that was the subject of the state secrets privilege assertion and will then issue an order regarding a factual question at issue in that privilege assertion— "whether the Sealed Document establishes that plaintiffs were subject to electronic surveillance not authorized by FISA." *Id.* at 23. The Order then adds that fully *ex parte* proceedings under Section 1806(f) "would deprive plaintiffs of due process to an extent inconsistent with Congress' purpose in enacting FISA Sections 1806(f) and 1810." *Id.* Accordingly, the Order "provides for members of plaintiffs' litigation team to obtain the security clearances necessary to be able to litigate the case, including, but not limited to, reading and responding to the court's future orders." *Id*. The Court's Order also "specifically rejected" the Government's assertion that the Executive branch controls access to classified information, *see id.* at 21, and held that Section 1806(f) "leaves the court free to order discovery of the materials or other information sought by the 'aggrieved person' in whatever manner it deems consistent

---

[4] The Court initially reviewed the allegations in the amended complaint to determine whether the case may proceed to Section 1806(f) proceedings. *See* Dkt. 57 at 2-8. The Court then considered and rejected the Government's contention that the public evidence cited in the amended complaint was insufficient to establish plaintiffs' standing to proceed under Section 1806(f) as "aggrieved persons" subject to the alleged surveillance. *See id.* at 9. In making this determination, the Court decided an issue held open in its July 2 decision: what the standard would be for determining whether the case could proceed under Section 1806(f), *see id*. at 10-12 (discussing standard applicable under 18 U.S.C. § 3504), and then decided for the first time that it was sufficient for plaintiffs merely to establish a *prima facie* case of alleged surveillance, *see id.* at 13.

with section 1806(f)'s text and purpose." *Id.* at 22.[5]

Thus, in denying the Government's Third Motion to Dismiss or for Summary Judgment, and granting plaintiffs' motion that the case proceed to discovery under Section 1806(f), the January 5 Order operates to supplant the Government's state secrets privilege assertion with actions that will now be taken under Section 1806(f) procedures. To the extent review of the Court's prior analysis of the preemption issue is necessary to review the January 5 Order, that issue is clearly material to and inextricably bound up in the Order. *See Bassidji v. Goe*, 413 F.3d 928, 935 (9th Cir. 2005) (where the relevant district court order being certified is the denial of a motion to dismiss, any issue material to the effect of the controlling issue on the propriety of dismissing the action is "fairly included" within the certified order).

Accordingly, there simply was no need for the Government to have sought certification of the July 2 Order in order for the January 5 Order to be certified. Moreover, certification of the July 2 Order would have made no sense. The July 2 Order ended the case, at least at that point. For purposes of seeking an appeal, the possibility existed that either the plaintiffs would not pursue the matter further or that the Court would reject their subsequent attempts to re-start the case under the terms of the July 2 Order. Thus, certification of the July 2 Order would not have advanced the termination of a case that had just been terminated, and which might never have proceeded to Section 1806(f) proceedings. The January 5 Order may properly be certified, even where the related FISA preemption issue was addressed in the July 2 Order. As set forth above,

---

[5] It bears noting that the Court's January 5 Order appears to shift course from aspects of the July 2 ruling. Whereas the Court appeared to hold on July 2 that the plaintiffs could not utilize Section 1806(f) to determine whether in fact they are aggrieved, *see Al-Haramain*, 564 F. Supp. 2d at 1134, the January 5 Order provides that Section 1806(f) proceedings would be utilized first to decide whether the plaintiffs have been subject to the alleged surveillance at issue. *See* Dkt. 57 at 23. In addition, whereas the July 2 Order did not permit use of the sealed document in adjudication of whether or not plaintiffs are aggrieved, *see Al-Haramain*, 564 F. Supp. 2d at 1134, under the January 5 Order, that document will now be used to decide whether the plaintiffs have standing. *See* Dkt. 57 at 23.

the requirements for certification of the January 5 Order are easily satisfied.[6]

## II. THE COURT SHOULD STAY PROCEEDINGS PENDING APPEAL.

The Court should also enter a stay pending either the appeal taken by the Government or any appeal certified by the Court. The Government also requests that at least an interim stay be entered by February 13, 2009—the date after which further proceedings may commence under the January 5 Order.

### A. A Stay Pending The Government's Appeal of the January 5 Order Should be Entered.

The question of whether to stay this case pending appeal is straightforward: where national security information has been successfully protected under the state secrets privilege, no action should be taken in district court that might risk or require disclosure of that information until the Court of Appeals determines that it will hear the appeal and then decides whether the course on which the Court is now embarked is proper. Under these circumstances, the harms to national security recognized by the Ninth Circuit should not be risked before it is conclusively determined that further proceedings under the FISA are proper. *See* USG Stay Mem. (Dkt. 60) at 7-14; *Al-Haramain*, 507 F.3d at 1203-04.[7]

---

[6] In addition, plaintiffs' contention that the Government would have had standing to appeal the Court's ruling on FISA preemption in the July 2 decision is irrelevant. The question is whether 1292(b) certification of the July 2 Order would have been appropriate, not whether the Government had standing to appeal. Likewise, plaintiffs' contention that the Government could have appealed the July 2 Order because it is somehow collaterally estopped by that Order, *see* Pls. Opp. (Dkt. 69) at 6, is meritless as well, because the Court's preemption analysis was not a final judgment and, in any event, was immaterial to dismissal of plaintiffs' original complaint. *See Environmental Prot. Info. Ctr. v. Pacific Lumber Co.*, 257 F.3d 1071, 1075-76 (9th Cir. 2001); *United States v. Good Samaritan Church*, 29 F.3d 487, 488-89 (9th Cir. 1994). The Court could simply have held that, assuming *arguendo* that FISA Section 1806(f) were applicable, the plaintiffs had failed to fall within its terms as "aggrieved persons" based on the evidence they had presented to date and, thus, that their case must be dismissed. As set forth herein, it was not until after the Government challenged the amended complaint that the Court held, in its January 5 Order, that the case would proceed under FISA Section 1806(f).

[7] Plaintiffs' contention that the Government made "no effort at all to demonstrate a probability of success on the merits" of any appeal, *see* Pls. Opp. (Dkt. 69) at 8-9, is wrong and misapprehends the nature of the stay inquiry. The Government obviously contends that all of its arguments on the substantive legal issues at stake are correct on the merits, including that the

Plaintiffs' primary objection to the entry of a stay pending the appeal is that the Court has already found the pending notice of appeal to be a nullity. *See* Pls. Opp. (Dkt. 69) at 7-8. But that does not address the question at hand: whether a stay is appropriate before privileged national security information is put at risk of disclosure. While the Government believes that the January 5 Order is appealable and, thus, that the Court presently lacks any jurisdiction to proceed, that question will undoubtedly be litigated in the Court of Appeals, and this Court should act to preserve the status quo and avoid irreparable harm before the Ninth Circuit reviews the matter.

Plaintiffs do not dispute that, under the January 5 Order, further proceedings would entail the disclosure of classified information, including to plaintiffs' counsel. They concede that, absent certification and a stay, the Court would now proceed to apply Section 1806(f) to decide the very question at issue in the privilege assertion pursuant to procedures where plaintiffs' counsel would receive classified information. Plaintiffs' main response is that the procedures of Section 1806(f) could be utilized to foreclose any harmful disclosure to the public; that there would be no disclosures to plaintiffs' counsel until after their clearance suitability determinations are completed on February 13, 2009; and that, under plaintiffs' litigation plan, any final adjudication of whether they had standing would not occur until May 2009—by which time the Court of Appeals would have decided whether it has jurisdiction to hear a 1292(b) appeal (if certified by the Court). *See* Pls. Opp. (Dkt. 69) at 10.

But the very issue raised by the Government's appeal of the January 5 Order is *whether* the Section 1806(f) procedures should be applied as now directed by the Court, including

---

FISA does not preempt the state secrets privilege, and that any information subject to the privilege assertion may not be disclosed in any further proceedings. But the applicable standard for a stay pending appeal does not require the district court to find that its own decision was likely in error. Rather, a stay may be granted either where the moving party demonstrates probable success on the merits and the possibility of irreparable harm, or that serious questions have been raised and the balance of hardships tips decidedly toward the moving party. *Artukovic v. Rison*, 782 F.2d 1354, 1355 (9th Cir. 1986). The Government's motion satisfies all factors at either end of the continuum, but emphasized the serious constitutional nature of the issues to indicate that the Court need not find that it had likely erred in order to grant a stay.

whether plaintiffs' counsel should be granted access to classified information. That issue is ripe now—not in May 2009. The Court ordered the Government to expedite security clearances by February 13, 2009; after that date, there is no stay in place on any further proceedings under the Order. While the Court indicated that it would not act until after February 13, 2009, to carry out the provisions of the Order,[8/] including to review the sealed document or disclose any classified information to the plaintiffs' counsel once cleared, the time for those further proceedings is now upon us. Indeed, plaintiffs' May 2009 timetable assumes that their counsel will receive immediate access to classified information after February 13, 2009. *See* Plaintiffs' Case Management Statement (Dkt. 64) at 8 (the May 2009 hearing schedule proposed by plaintiffs "assumes plaintiffs' counsel will receive their security clearances by February 13, 2009, as contemplated by the Court's Order of January 5, 2009, and then will promptly review any still-classified and de-classified materials.").

The January 5 Order thus presents a clear-cut conflict between the Court and the Executive Branch over whether plaintiffs may receive classified information. *See* Declaration of Ariane Cerlenko, National Security Agency ¶ 9 (NSA finds that plaintiffs have no "need to-know" classified information under applicable executive orders). The Court's Order operates to take that determination from the Government in proceedings under Section 1806(f). In addition, as the Government has previously set forth, even fully *ex parte* proceedings (which are not contemplated by the Order ) are used to adjudicate the privileged factual question of whether plaintiffs have been subject to alleged surveillance, they cannot be undertaken without risking or requiring the disclosure of privileged information. *See* USG Stay (Dkt. 60) at 9-10. Under these circumstances, the Government cannot stand by and wait for further interim steps that might

---

[8] *See* Transcript of Jan. 23, 2009 Hearing at 31:17-32:23 (Court declines Government's request and leaves the February 13, 2009 deadline in place for clearance suitability determination); *id.* at 33:12-18 (Court indicates that disclosure of the sealed document would not occur until after suitability determination and "we can evaluate what to do in the next step"); *id.* at 34:11-22 (Court indicates that sealed document would not be reviewed or disclosed prior to February 13, 2009 and a process is in place "in which both parties have access to the material upon which the Court makes a decision").

occur before its privilege assertion is negated in future proceedings under the terms of this Order.[9]

### B. A Stay Should Be Entered Pending 1292(b) Interlocutory Appeal.

Plaintiffs' separate contention—that the Court should not issue a stay pending interlocutory appeal under 28 U.S.C. § 1292(b) because the Court would be automatically divested of jurisdiction if such review is granted by the Court of Appeals—is meritless. Assuming the Court certifies its January 5 Order, a stay is necessary pending a decision on the granting of an interlocutory appeal to prevent any disclosures in the interim.[10] Contrary to

---

[9] For these reasons, the pending appeal is on solid jurisdictional ground under, *inter alia*, 28 U.S.C. § 1291. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *In re: PUC*, 813 F.2d 1473, 1475-76 (9th Cir. 1987) (describing standards for collateral order review). The Order conclusively determines that this case will now proceed under Section 1806(f)—a question distinct from the merits issue of whether any alleged surveillance violated the law. Moreover, the collateral order doctrine generally applies where the disclosure of privileged information is at stake and the privilege is a sufficiently important one. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1088-89 (9th Cir. 2007); *see also In re Copley Press*, 518 F.3d 1022, 1025 (9th Cir. 2008) (collateral order review of disclosure requirement because "[s]ecrecy is a one-way street: Once information is published [or disclosed], it cannot be made secret again," and thus orders of disclosure are "'effectively unreviewable on appeal from a final judgment.'"); *see also Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) (appeal after disclosure of privileged information is "an inadequate remedy"). The Order is also appealable under 28 U.S.C. § 1292(a) because it has the practical effect of granting an "injunction," has serious or irreparable consequences, and can be effectively challenged only by immediate appeal. *Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1097 (9th Cir. 2008); *Orange County Airport Hotel Assocs. v. HSBC Ltd.*, 52 F.3d 821, 825-26 (9th Cir. 1995). In addition, the order is not only directed at a party and enforceable by contempt but would "accord or protect 'some or all of the substantive relief sought by a complaint.'" *HSBC*, 52 F.3d at 825-26. Here, the Court's Order is squarely directed at the Government and imposes requirements that imminently risk or require the disclosure of privileged information, including to plaintiffs' counsel after they obtain security clearances. Moreover, part of the actual relief sought by the plaintiffs in this case is a mandatory injunction that would require disclosure to plaintiffs of any information related to the alleged surveillance. *See* Am. Compl., Dkt. 30, Prayer for Relief ¶¶ 2-3 (seeking disclosure of information related to alleged surveillance). While we acknowledge that this Court has concluded that an appeal of right is premature, we respectfully disagree and submit that the Court of Appeals is the most appropriate body to make that determination.

[10] In April 2007, when this case was previously pending on interlocutory appeal, the Court of Appeals entered a stay of this Court's Order of March 13, 2007 (*see* Dkt. 3), which had ordered briefing on plaintiffs' motion for partial summary judgment. *See* Dkt. 5.

plaintiffs' assertion, there is no certainty that this process will be completed by May 2009, *see* Pls. Opp. at 10, and disclosures should not occur at any point in the interim. Thus, while we agree that the granting of a petition to hear an interlocutory appeal by the Ninth Circuit would automatically stay further proceedings in district court, a stay should be entered while that petition is pending to preserve the status quo and avoid irreparable harm.[11/]

### C. The Court Should At Least Enter an Immediate Interim Stay.

Finally, because further proceedings under the January 5 Order would commence as soon as after plaintiffs' counsel receive their clearances by the February 13, 2009 deadline set by the Court, the Government requests that the Court either rule on this instant motion or at least enter an interim stay of further proceedings—either to allow the Court additional time to consider this motion or to permit the Government to seek a stay from the Court of Appeals should the Court deny this motion. As indicated above, the Government respectfully requests that the Court rule on at least interim relief by 3 p.m. on February 13, 2009. In order to protect its interests, the Government plans to seek relief from the Ninth Circuit before the close of business that day.

### CONCLUSION

For the foregoing reasons, the Court should certify its January 5, 2009 Order for appeal pursuant to 28 U.S.C. § 1292(b), and enter a stay of further proceedings pending the current appeal by the Government Defendants noticed on January 19, 2009 (Dkt. 59), or the disposition of any appeal certified by the Court under 1292(b), or enter an interim stay pending disposition of this motion or to permit the Government to seek a stay from the Court of Appeals. Alternative proposed orders are attached hereto.

---

[11] Plaintiffs also contend that the declassification review ordered by the Court may also foreclose any harm to the Government. *See* Pls. Opp. (Dkt. 69) at 10 n. 1. The Court ordered that process to be completed by February 19, 2009, the Government expects that the relevant information at issue in the privilege assertion will remain classified, if not all of the information contained in prior classified submissions.

**Government Defendants' Reply in Support of Motion to Stay Proceedings Pending Appeal and for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)**
*Al-Haramain et al. v. Obama et al.* **(07-cv-109-VRW) (MDL06-cv-1791-VRW)** -13-

| | | |
|---|---|---|
| Dated: February 11, 2009 | | Respectfully Submitted, |

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*