BRUCE I. AFRAN
10 Braeburn Drive
Princeton, NJ 08540
Telephone: (609) 924-2075
bruceafran@aol.com

*Attorney for the Plaintiffs*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** _____ **This Document Relates To:** *McMurray v. Verizon Comm., Inc.,* **No. 09-cv-0131-VRW** _____ | **MDL Docket No. 06-1791 (VRW)** **PLAINTIFFS' OPPOSITION TO UNITED STATES' ADMINISTRATIVE MOTION TO TREAT RECENTLY TRANSFERRED** *McMurray* **ACTION AS SUBJECT TO PENDING DISPOSITIVE MOTION** [CIVIL L.R. 7-11] Chief Judge Vaughn R. Walker |

## INTRODUCTION

On July 10, 2008, President Bush signed into law the FISA Amendments Act of 2008 (hereafter, the "FAA"). Since that date, at least three lawsuits have been brought in two District Courts challenging the legality and constitutionality of that Act. As will be shown in more detail below, the Government's response to these lawsuits has been entirely arbitrary and self-serving. For the reasons argued below, the Government's Administrative Motion to effectively bar the McMurray Plaintiffs from arguing their Takings Clause claim should be denied.

## FACTUAL BACKGROUND

The first action challenging the legality of the FAA was *Amnesty International USA, et al. v. John M. McConnell, et al.* (S.D.N.Y. No. 08-cv-6259, hereafter, the "Amnesty International" case). (Exhibit A). This lawsuit alleges (1) that the FAA violates the Fourth Amendment (Compl. ¶ 104); (2) that the FAA violates the First Amendment (Compl. ¶ 105); (3) that the FAA violates Article III of the United States Constitution (Compl. ¶ 106); and (4) that the FAA violates the principle of separation of powers (Compl. ¶ 107).

The Government chose not to notify the Judicial Panel on Multidistrict Litigation (the "JPML") of the pendency of the *Amnesty International* case as a potential "tag-along" action. Instead, the Government chose to allow this case to proceed on a separate track and is currently litigating it in the Southern District of New York. As of the date of this filing, the parties' cross-motions for summary judgment are fully briefed and are under submission.

On July 10, 2008, well before the Government filed its Motion to Dismiss the MDL-1791 cases, the undersigned attorneys filed *McMurray, et al. v. Verizon Communications, Inc., et al.*, (S.D.N.Y. No. 08-cv-6264. (Exhibit B). This lawsuit alleges (1) that the FAA violates the Fifth Amendment's takings clause which prohibits the taking of property without due process and compensation (Compl. ¶¶ 18-21); (2) that the FAA violates Article III of the United States Constitution (Compl. ¶¶ 22-35); (3) that the FAA violates the principle of separation of powers (Compl. ¶¶ 22-35); and (4) that the FAA violates the due process provisions of the Fifth Amendment by interposing defenses that did not exist in law at the time of commencement of the actions (Compl. ¶¶ 36-39). The *McMurray* Plaintiffs notified the Clerk of Court of the

Southern District of New York of related cases and the Clerk reassigned the *McMurray* case to the judge presiding over the *Amnesty International* case.

The Government's response to the *McMurray* case was to notify the JPML of the case as a potential pending "tag-along" action to this MDL effectively severing it from the *Amnesty International* case. Plaintiffs filed a Motion to Vacate the JPML's Conditional Transfer Order. Their Motion was denied and the Panel transferred the case to this Court for inclusion in this MDL on December 19, 2008. On January 13, 2009, the case was docketed in this Court and given a separate civil action number for these proceedings.

On September 18, 2008, *Jewel, et al. v. National Security Agency, et al.* (N.D.C.A. No. 08-cv-4373) was filed and assigned to Judge Breyer. (Exhibit C). This case alleges, among other claims, (1) that the FAA violates the Fourth Amendment (Compl. ¶¶ 108 – 126); (2) that the FAA violates the First Amendment (Compl. ¶¶ 127 – 142); and (3) that the FAA violates the principle of Separation of Powers (Compl. ¶¶ 262-265).

The Government chose not to notify the JPML of the pending *Jewel* case as a potential "tag-along" action. By unopposed motion of the *Jewel* Plaintiffs, the *Jewel* case was reassigned to this Court, although it was not made a part of this MDL. The Government inexplicably chose not to argue that the *Jewel* case should be treated as subject to the pending motion to which it now argues that the *McMurray* case should be treated as subject. The defendants' obligation to answer or otherwise respond to the *Jewel* Complaint is due on April 3, 2009.

On September 19, 2008, the Government filed its Motion to Dismiss the MDL-1791 cases. (Dkt. No. 469).

## **ARGUMENT**

It is obvious that the *Amnesty International*, *McMurray*, and *Jewel* cases are all direct challenges to the legality and constitutionality of the FAA itself. The arbitrary manner in which the Government has responded to these three cases – seeking to merge *McMurrary* into the MDL but not *Jewel* or *Amnesty* -- suggests the absence of a compelling basis for the Government's motion to stay or suppress the *McMurray* matter, particularly since many of these same substantive issues are being briefed anyway in the *Jewel* and *Amnesty*. There is little rationale,

apart from an interest in evading *McMurray's* Takings Clause claim, for the Government to have sought to bar *McMurray* from being briefed while raising no such objections as to *Jewel* or *Amnesty*.

The Government mischaracterizes the *McMurray* case as "a separate lawsuit… challenging application of Section 802 of the FISA to its first lawsuit[1]." (Admin. Motion at 2). This is incorrect in that the *McMurray* case, like the *Amnesty International* and *Jewel* cases, is a purely legal challenge to the FAA itself. Whatever impact Section 802 of the FISA may have on any of the MDL-1791 cases against electronic communications providers is wholly irrelevant to the question of whether or not the FAA is itself legal and constitutional. Assuming, *arguendo,* that the Government prevails on its MDL-1791 Motion to Dismiss the cases to which that motion pertains, the legal challenges raised by *Amnesty International, McMurray,* and *Jewel* would continue unabated.

The Government implies that *McMurray* should be treated differently from *Amnesty International* and *Jewel* because it includes as defendants telecommunications providers. Although telecommunications providers are not named defendants in *Amnesty International* or *Jewel,* they are necessary parties to at least *Jewel*. Yet the Government has not sought to suppress *Jewel* as it does *McMurray*. Moreover, *Jewel* is replete with detailed factual allegations of cooperation between the Government and AT&T and defines its purported class as including "All individuals in the United States that are current residential subscribers or customers of AT&T's telephone services or Internet services". (Exhibit B, Jewel Complaint at ¶¶ 8, 10, 12, 13, 20 – 24, 42, 43, 50 -98, 103, 109 – 111, 119 – 121, 128, 130, 137, 149, 162, 176, 178, 192, 194, 206, 108, 214, 218, 223, 224, 230, 231, 237 – 241, 246 – 249, 253 – 256.)

The Government argues that the *McMurray* case should be treated as subject to the pending motion to dismiss simply because many of the named *McMurray* plaintiffs are also named plaintiffs in the earlier filed action of *McMurray*, *et al. v. Verizon Communications Inc., et al,* Case No. 06-cv-3650, made part of this MDL. But this argument fails because all of the

---

[1] Plaintiffs note that the Government did not characterize the *Jewel* case as "a separate lawsuit… challenging application of Section 802 of the FISA to the *Hepting* case."

named *Jewel* plaintiffs except one are also named plaintiffs in the earlier filed action of *Hepting*[2], *et al. v. AT&T Corp., et al.,* Case No. 06-cv-672, the lead case of this MDL. Moreover, *McMurray* contains a wholly new plaintiff – Amidax Trading Group– whose standing is not based on telecom services like the other *McMurray* or *Jewel* plaintiffs but because of the effect of the new law on Amidax' wholly unrelated banking privacy case pending in the Southern District of New York. Thus, the Government's motion to suppress *McMurray* would have the effect of suppressing Amidax' right to be heard and Amidax is not and has never been a part of the underlying MDL.

Second, the Government argues for the relief requested because the undersigned attorneys (Afran, Mayer, and Schwarz) signed the Plaintiffs' opposition to the Government's Motion to Dismiss the MDL cases. The Government argues that this somehow precludes Plaintiffs in the instant case from alleging any claims, including their Fifth Amendment Takings Clause claim, not contained in the earlier-filed lawsuits. This argument fails because all but one of the plaintiffs' attorneys in the *Jewel* case (Bankston, Cohn, Opsahl, Tien, Tyre, and Wiebe) also signed the same opposition and reply briefs (Dkt. No. 482 and 524) and the Government is apparently perfectly content to let the *Jewel* case proceed before this Court without being subject to the MDL-1791 Motion to Dismiss.

The Government can not have it both ways with respect to the *McMurray* and *Jewel* cases. Neither the *McMurray* Plaintiffs nor the *Jewel* Plaintiffs should be barred from making their arguments simply because their attorneys signed briefs responding to a motion to dismiss other cases making different claims. Indeed, *McMurray* contains a claim wholly absent from either Jewell or Amnesty, namely *McMurray's* Takings Clause claim that the new law retroactively eliminates plaintiffs' property interest in their damage claims without just compensation. Since such claims are not in either *Amnesty* or *Jewel* it is apparent that at least *McMurray's* Takings Clause claim must be briefed to effect due process. Indeed, it appears to

---

[2] Tash Hepting, lead plaintiff in *Hepting, et al. v. AT&T, Inc., et al.,* is the second named plaintiff in the *Jewel* case. Carolyn Jewel, lead plaintiff in the *Jewel* case, is the second named plaintiff in the *Hepting* case.

be the very purpose of the Government's motion to prevent the Takings Clause claim from ever being argued, a plainly inappropriate use of an administrative motion.

Finally, and perhaps most obviously, the Motion should be denied as a matter of fundamental fairness because the *McMurray* case was not made a part of this MDL until after oral argument was heard on the fully-briefed motion to dismiss. The argument was heard on December 2, 2008. The *McMurray* case was not transferred to this MDL until December 19, 2008. As noted above, the McMurray plaintiffs steadfastly opposed transfer and filed a Motion to Vacate the JPML's Conditional Transfer Order. At no time did the Government argue in its submissions to the JPML or give the *McMurray* plaintiff's any notice that it believed *McMurray* would be precluded if not briefed prior to the transfer order.

The Government essentially now asks this Court to bar the *McMurray* Plaintiffs from proceeding on their Takings claim because, according to the Government, the *McMurray* Plaintiffs should have contradicted themselves by simultaneously opposing Section 1407 transfer and demanding that their Takings claim be included in the MDL Plaintiffs' opposition. Moreover, since the Government's "administrative" motion is essentially asserting *res judicata*-type preclusion, it is not appropriate as an administrative motion as such relief is available and should properly be sought under Fed. R. Civ. P. 56 or Fed. R. Civ. P. 12(b).

## **CONCLUSION**

Based on the above arguments, the Court should deny the Government's administrative motion as improperly seeking through an administrative motion relief on the merits based on preclusion.

In the alternative, the Court should grant the defendants until April 3, 2009 to answer or otherwise plead to the *McMurray* complaint. That is the date on which the defendants must answer or otherwise respond to the *Jewel* complaint. This would promote efficiency in that it would allow the defendants to respond to both of the Complaints before this Court challenging the legality and constitutionality of the FAA on a single date.

Should the Court grant the relief requested, the Plaintiffs should be granted leave to submit a brief in response to the Motion to Dismiss addressing their Takings Clause claim.

Dated: February 11, 2009
       Princeton, New Jersey

Respectfully submitted,

By:   /s/ Bruce I. Afran
BRUCE I. AFRAN, Esq.
10 Braeburn Drive
Princeton, NJ 08540
Telephone: (609) 924-2075

*Attorney for the Plaintiffs*

MAYER LAW GROUP, LLC
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ., LLC
Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134
Facsimile: (773) 837-6134

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses of all counsel registered with that system.

By:    /s/ Steven E. Schwarz
Steven E. Schwarz, Esq.
THE LAW OFFICES OF STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134
Facsimile: (773) 275-0202
Stevenschwarz23@yahoo.com