**Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
**Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA 94612
510.452.258l – Fax 510.452.3277

**Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
503.445-4622 – Fax 503.238.7501

**Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
503.622.3123 - Fax: 503.622.1438

**Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
360.213.9737 - Fax 866.399.5575

**J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089

Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** <br><br> <u>This Document Relates Solely To:</u> <br><br> *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) <br><br> **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** <br><br>             Plaintiffs, <br>    vs. <br><br> **BARACK H. OBAMA, President of the United States, et al.,** <br><br>             Defendants. | MDL Docket No. 06-1791 VRW <br><br> **PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |

PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW

## INTRODUCTION

Pursuant to Local Rule 16-10(d), plaintiffs submit this supplemental case management statement in connection with the case management conference held on January 23, 2009. This statement addresses the Court's authority to decide whether plaintiffs' counsel have a "need to know" some or all of the classified information filed with the Court in this case.

## DISCUSSION

### I. PLAINTIFFS' COUNSEL NOW HAVE SECURITY CLEARANCE.

The Court indicated in its January 5, 2009 order that, if plaintiffs' counsel are granted TS/SCI security clearance, the Court will then determine whether counsel will be granted access to some or all of the classified filings. *See* Doc. #57 at 23-24. On February 12, 2009, the Department of Justice Litigation Security Section advised plaintiffs' counsel that background investigations for plaintiffs' counsel Jon B. Eisenberg and Steven Goldberg have been "favorably adjudicated" within the meaning of Executive Order No. 12968, § 3.1(b) (1995). That decision means Messrs. Eisenberg and Goldberg have been "deemed to be eligible for access to classified information," *id.*, § 3.1(a), because they are persons "whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information," *id.*, § 3.1(b).

According to Department of Defense (DoD) regulations, this determination of "eligibility" for access to classified information is, in fact, a "security clearance." *See* DoD 5200.2-R, § DL1.1.21 (1987) (defining "security clearance" as "[a] determination that a person is eligible under the standards of this Regulation for access to classified information"); *accord, Schmidt v. Boone*, 59 M.J. 841, 852-53 (A.F. Ct. Crim. App. 2004), *vacated as moot sub. nom. United States v. Schmidt*, 60 M.J. 1 (C.A.A.F. 2004). Defendants themselves have characterized an "eligibility" (or "suitability") determination as a "security clearance." *See* Defs.' Memorandum of Points and Authorities In Support of a Motion for Stay Pending Appeal and for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) at 12, Doc. #60 at 19 ("even if a person is found to be 'suitable' to receive access to classified information after an investigation of their background and, thus, is granted a 'security

clearance' . . . .") Messrs. Eisenberg and Goldberg now have security clearance.[1]

## II. THIS COURT CAN DETERMINE COUNSEL'S "NEED TO KNOW."

The security clearance for Messrs. Eisenberg and Goldberg does not in itself mean they will now have access to the classified filings. According to Executive Order No. 13,292 (issued by President Bush in 2003), which amended Executive Order No. 12,958 (issued by President Clinton in 1995), access to classified information requires not only an "eligibility" determination but also a determination that "the person has a need-to-know the information." Exec. Order No. 13,292, § 4.1(3) (2003). Now that Messrs. Eisenberg and Goldberg have been found eligible, it must be determined whether they have a "need to know" information in the classified filings in this case. That raises the question of *who determines* counsel's "need to know" – this Court, or defendants themselves.

In their motion to certify an interlocutory appeal from the order of January 5, 2009, defendants insisted that only the National Security Agency (NSA), and not this Court, has the power to make the "need to know" determination, and defendants informed the Court that the NSA has unilaterally determined that plaintiffs' counsel do not have the requisite "need to know." *See* Defs.' Memorandum at 13, Doc. #60 at 20. In defendants' reply memorandum in support of that motion, defendants complained that the January 5, 2009 order "operates to take that determination from the Government." Defs.' Reply at 11, Doc. #70 at 15. Thus, according to defendants, the January 5, 2009 order "presents a clear-cut conflict between the Court and the Executive Branch over whether plaintiffs may receive classified information." *Id.*

Defendants' dire warning of a looming constitutional conflict between the Executive and the Judiciary in this case is not grounded in any legal support. In fact, the applicable legal authorities demonstrate that there is no conflict at all, and that this Court possesses the power to determine counsel's "need to know" the information in the classified filings.

Executive Order No. 13,292 defines "need to know" as "a determination *made by an*

---

[1] In email to plaintiffs' counsel on February 12, 2009, Department of Justice Security Specialist Christine E. Gunning advised counsel that their eligibility determination does not mean they have been granted security clearance. The applicable legal authorities demonstrate that Ms. Gunning was wrong in that regard.

2
PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT
MDL DOCKET NO. 06-1791 VRW

*authorized holder of classified information* that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized government function." Exec. Order No. 13,292, § 6.1(z) (2003) (emphasis added). This provision means *this Court* may make the "need to know" determination here, because the Court is an "authorized holder" of the classified filings in this case. According to Department of Defense regulations, "Members of . . the Federal judiciary . . . do not require personnel security clearances. They may be granted access to DoD classified information to the extent necessary to adjudicate cases being heard before these individual courts." DoD 5200.2-R, § C3.4.4.5 (1987); *see also Schmidt v. Boone,* 59 M.J. at 850 (federal judges do not need security clearances to have access to classified information); *cf.* 18 U.S.C. App. 3, § 9, Security Procedures, No. 4 (regulation stating that "[a] security clearance for justices and judges is not required" in proceedings under the Classified Information Procedures Act); *see also* ROBERT TIMOTHY REAGAN, KEEPING GOVERNMENT SECRETS: A POCKET GUIDE FOR JUDGES ON THE STATE-SECRETS PRIVILEGE, THE CLASSIFIED INFORMATION PROCEDURES ACT, AND COURT SECURITY OFFICERS 3 (2007) ("Article III judges are automatically entitled to access to classified information necessary to resolve issues before them . . . ."). Congress has declared that executive orders and regulations pertaining to security clearances "shall not apply to . . . Federal judges appointed by the President." 50 U.S.C. § 437.

Thus, the applicable regulatory and statutory law makes this Court an "authorized holder" of the classified filings here, as the Court needs no security clearance and plainly needs access to the filings in order to adjudicate this case. The Executive Branch's own regulations give this Court, as an "authorized holder," the power to make the "need to know" determination. *See* DoD 5200.2-R, § C3.4.4.5 (1987).

Because of the constitutional separation of powers, it could not be any other way. "Every court has supervisory power over its own records and files . . . ." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). "So long as they remain under the aegis of the court, they are superintended by judges who have dominion over the court." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004); *see also In re Motion for Release of Court Records*, 526 F.Supp.2d 484, 486 (FISA Ct. 2007) (Foreign Intelligence Surveillance Court may determine whether and the extent to which to

provide access to its own records). The supervisory power of the courts over their files is "an incident of their constitutional function." *In re Sealed Affidavit(s) To Search Warrants Executed On February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979); *see also Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 n. 1 (10th Cir. 1980) ("There are no statutes or rules that seem to limit or preclude the exercise of this power."). Thus, control over the classified filings in this case is a Judicial Branch power which the Executive Branch cannot impair or intrude upon by operation of executive orders or agency regulations. "Because of the separation of powers doctrine and the need for an independent judiciary, the requirements in executive orders and agency regulations relating to access, storage, handling, and transmission of classified information do not apply to the federal judiciary." P. STEPHEN GIDIERE, THE FEDERAL INFORMATION MANUAL 100, § 4.2.3 (2006). This aspect of the constitutional separation of powers is given practical effect by the doctrine of judicial immunity, which gives this Court immunity for its judicial acts and is essential to the "independence without which no judiciary can be either respectable or useful." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Even if the Executive Branch *could* control a federal judge's disclosure of classified court filings to persons with security clearance, Executive Order No. 13,292 does not purport to do so, but merely states that "[a]n *agency* shall not disclose information originally classified by another agency without its authorization." Exec. Order No. 13,292, § 4.1(c) (2003) (emphasis added). A federal court is not such an "agency." Executive Order No. 13,292 makes this clear in defining "agency" as "any '*Executiv*e agency,' as defined in 5 U. S. C. [§] 105; any 'Military department' as defined in 5 U.S.C. [§] 102; and any other entity within the *executive branch* that comes into the possession of classified information." *Id.*, § 6.1(b) (emphasis added).

The declaration of NSA Associate General Counsel Ariane E. Cerlenko filed in support of defendants' motion to certify an interlocutory appeal contends that Intelligence Community Directive No. 704 (Oct. 1, 2008) governs access to information classified TS/SCI and gives the Director of National Intelligence control over such access. *See* Doc. #62-2 at 3-4, 6. That directive, however, expressly limits its application to "the IC [Intelligence Community], as defined by the National Security Act of 1947" and other departments or agencies that are designated "as an element of the IC

or those government entities designated to determine eligibility for SCI status." I.C. Dir. No. 704, § C (Oct. 1, 2008), Doc. #62-2 at 6. The Intelligence Community consists of 16 government *intelligence* agencies. The federal judiciary, of course, is not among them. Thus, Intelligence Community Directive No. 704 does not purport to govern the federal courts – nor could it, for that would violate the constitutional separation of powers.

In *United States v. Pollard*, 416 F.3d 48 (D.C. Cir. 2005), Judge Judith Rogers, concurring and dissenting, addressed the power of a federal court to determine the "need to know" classified information to which a person is eligible to have access. Defense counsel in that case had unsuccessfully asked the district court for access to classified documents in the defendant's sentencing file for the purpose of filing a clemency petition with the President. On appeal, defendant challenged the district court's determination that counsel had no "need to know" the contents of the documents. *See id.* at 53. The majority did not reach that issue, instead determining that the court lacked jurisdiction because clemency decisions are within the exclusive province of the Executive Branch. *Id.* at 56-57. Judge Rogers disagreed with the majority on the jurisdictional issue but concluded that the district court had properly determined that counsel had no "need to know." In an edifying discussion of judicial power to determine the "need to know" (which the majority did not address), Judge Rogers observed that, crucially, the documents at issue in that case had been "filed with the district court." *Id.* at 58. Thus, the case did "not involve the traditional request for access to classified documents that are within the Executive Branch's possession." *Id.* at 59. Although the documents in that case – like the Sealed Document and classified government filings in the present case – were "nominally" in the custody of the Department of Justice Litigation Security Section, the district court had "continuing control over them" by virtue of the court's supervisory power over its own files. *Id.* Thus, the district court had the power to make the "need to know" determination, because otherwise the court "would be in the untenable position of lacking jurisdiction over motions that relate to documents that were filed with it and over which it has continuing control." *Id.*

So it is here: The classified filings being within this Court's supervisory control, the Court has the power to make the "need to know" determination.

Analogous authority under the Classified Information Procedures Act (CIPA), 18 U.S.C. App.

3, which governs a criminal defendant's access to classified information, is consistent with the notion of judicial authority to determine the "need to know" with regard to classified information that is under a court's control. The provision of CIPA governing discovery of classified information by defendants, 18 U.S.C. App. 3, § 4, "gives *the court* the authority to regulate the access to classified information of persons assisting the defense." *United States v. Musa*, 833 F.Supp. 752, 756 (E.D. Mo. 1993) (emphasis added). Implementing regulations provide that defense counsel "may, *at the discretion of the court*, be afforded access to classified information provided by the government in secure quarters . . . ." 18 U.S.C.App. 3, § 4, Security Procedures, No. 8(a) (emphasis added). Similarly, the "final authority to decide" whether *judicial branch employees* may see classified court filings after the Executive Branch completes a favorable background check is vested in the court. *United States v. Smith*, 899 F.2d 564, 567 (6th Cir. 1990).

In this regard, the Sixth Circuit observed that "[u]nder no circumstances should the Judiciary become the handmaiden of the Executive." *United States v. Smith*, 899 F.2d at 569. Those words ring as true for "need to know" determinations in FISA proceedings as they do in CIPA proceedings.

## CONCLUSION

The applicable legal authorities plainly demonstrate that this Court is vested with the power to determine whether, as a matter of due process, Messrs. Eisenberg and Goldberg have a "need to know" information contained in the classified filings in this case.

DATED this 18th day of Februrary, 2009.

          /s/ Jon B. Eisenberg
Jon B. Eisenberg, Calif. Bar No. 88278
William N. Hancock, Calif. Bar No. 104501
Steven Goldberg, Ore. Bar No. 75134
Thomas H. Nelson, Oregon Bar No. 78315
Zaha S. Hassan, Calif. Bar No. 184696
J. Ashlee Albies, Ore. Bar No. 05184
Lisa Jaskol, Calif. Bar No. 138769

**Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor**

# CERTIFICATE OF SERVICE

**RE:** **In Re National Securrity Agency Telecommunications Records Litigation
MDL Docket No. 06-1791 VRW**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

___ **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___ **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2009 at San Francisco, California.

                                              /s/ Jessica Dean
                                              JESSICA DEAN

# CERTIFICATE OF SERVICE

**RE:  In Re National Secrurity Agency Telecommunications Records Litigation
MDL Docket No. 06-1791 VRW**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT STATEMENT**

___  **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___  **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX  **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2009 at San Francisco, California.

                                                 /s/ Jessica Dean
                                                 JESSICA DEAN