MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
PAUL G. FREEBORNE
MARC KRICKBAUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To:<br><br>*McMurray et al. v. Verizon Comm., Inc. et al.*, No. 09-cv-0131-VRW | No. M:06-cv-01791-VRW<br><br>**GOVERNMENT DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN 09-CV-0131-VRW**<br><br>Date: May 14, 2009<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br><br>Chief Judge Vaughn R. Walker |

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW (MDL 06-cv1791-VRW).**

PLEASE TAKE NOTICE that, on May 14, 2009, at 2:30 p.m. before Chief Judge Vaughn R. Walker, the Government Defendants will move to dismiss the Complaint in the above-referenced proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(6). The Complaint contains three counts challenging the constitutionality of Section 802 of the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1885a, on the grounds that it violates the Fifth Amendment's takings and due process clauses, as well as the separation of powers. The takings claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. In addition, each of plaintiff's constitutional claims should be dismissed under Rule 12(b)(6) because they fail as a matter of law, and thus plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

This motion is supported by the accompanying Memorandum of Points and Authorities.

Dated: March 13, 2009

Respectfully Submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

PAUL G. FREEBORNE
Trial Attorney

  *s/ Marc Krickbaum*
MARC KRICKBAUM
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*

MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
PAUL G. FREEBORNE
MARC KRICKBAUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates To: *McMurray et al. v. Verizon Comm. Inc. et al.*, No. 09-cv-0131-VRW) | No. M:06-cv-01791-VRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN 09-CV-0131-VRW**<br><br>Date: May 14, 2009<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br><br>Chief Judge Vaughn R. Walker |

## INTRODUCTION

Pending before the Court in this Multidistrict Litigation ("MDL") are various consolidated complaints setting forth claims against electronic communication service providers alleged to have provided assistance to an element of the intelligence community. Among these is the case of *McMurray et al. v. Verizon Comm. Inc., et al.*, (07-cv-02029-VRW), which has been before the Court since 2007. As the Court is aware, the Government has intervened and moved to dismiss or, in the alternative, for summary judgment in all actions against provider-defendants pursuant to Section 802 of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. § 1885a(a) (*see* Dkt. 469). Section 802 provides that a civil action "may not lie or be maintained" against electronic communication services providers alleged to have provided assistance to an element of the intelligence community, and "shall be promptly dismissed" if the Attorney General of the United States certifies that one of several circumstances exist with respect to the alleged assistance. *See* 50 U.S.C. § 1885a(a)(1)-(5). The Attorney General has made the requisite certification (Dkt 470), and accordingly, the Government has sought dismissal of all pending actions against electronic communication service providers (Dkt. 469). Plaintiffs filed an opposition to the Government's motion and raised various constitutional challenges to Section 802 (*see* Dkt. 483). The opposition was filed on behalf of all plaintiffs, including the *McMurray* plaintiffs, whose counsel were identified on the plaintiffs' brief in support of the opposition, and in their reply brief (*see* Dkt 483 at 52; Dkt. 524 at 37). The Court heard argument on the Government's motion on December 2, 2008, and the motion is presently under submission.

Despite the fact that the first *McMurray* action was already pending before this Court, the plaintiffs in *McMurray* filed a second action in the Southern District of New York in July 2008 challenging the application of Section 802 to their first action. *See McMurray et al. v. Verizon Communications, Inc. et al.*, No. 08-cv-6264 (S.D.N.Y).[1] Because the second *McMurray* case

---

[1] The second *McMurray* Complaint includes one plaintiff that was not a party in the first *McMurray* Complaint—Amidax Trading Corp. *See* Second *McMurray* Complaint (Dkt. 561 Ex. B ¶ 10). Amidax's lawsuit allegedly implicating Section 802 was brought in the Southern District of New York, and has now been dismissed. *See Amidax v. SWIFT SCRL*, No. 08-cv-

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW (MDL 06-cv1791-VRW).**

raised issues that obviously pertained to and would be subject to adjudication in the first lawsuit already before the Court, the United States sought transfer of this second action to these MDL proceedings, and the Judicial Panel on Multidistrict Litigation transferred the second *McMurray* action to this Court (*see* Dkt. 540).[2/]

The constitutional challenges to Section 802 raised by the *McMurray* plaintiffs in their second lawsuit largely duplicate claims that have been briefed by all parties in connection with the Government's prior dispositive motion—again, including briefing that was submitted on behalf of, and joined by, these very *McMurray* plaintiffs. For this reason, the Government filed a motion to treat the second *McMurray* action as subject to the Government's prior motion to dismiss. *See* United States' Administrative Motion (Dkt. 557). The *McMurray* plaintiffs opposed this course, arguing that their second action contains one issue not raised in prior briefing: a challenge to Section 802 under the Fifth Amendment's takings clause. *See* Plaintiffs' Opposition (Dkt. 561) at 5-6. The Court the directed the Government to respond to the second *McMurray* Complaint, *see* Feb. 19, 2009 Order (Dkt. 565), and the Government now seeks dismissal.

## SUMMARY OF ARGUMENT

The *McMurray* plaintiffs' second Complaint contains three counts (Dkt. 561 Ex. B ¶¶ 18-39). Two counts—challenging Section 802 on the basis of the separation of powers doctrine and the due process clause—have been briefed in connection with the Government's prior motion, including briefs submitted on behalf of and joined by the *McMurray* plaintiffs. These claims should be dismissed for the reasons outlined further below and in the Government's memoranda in support of its prior motion. The second *McMurray* Complaint presents a third claim—a takings clause challenge—that is arguably novel, but no more promising. The Court should dismiss the takings claim for lack of subject matter jurisdiction, because federal courts may not

---

5689 (S.D.N.Y.) (Dkt. 35). Even if Amidax had a right to challenge Section 802 in that case, such a challenge is now moot (and would have been meritless for the reasons outlined below).

[2] The second *McMurray* action was docketed in this Court on January 13, 2009 and given a separate civil action number for these proceedings (09-cv-0131-VRW) (*see* Dkt. 541).

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW (MDL 06-cv1791-VRW).** 2

address the merits of a takings challenge where plaintiffs have failed to pursue a claim for compensation pursuant to the Tucker Act. Even if this Court were to reach the merits, it should dismiss the takings claim because—as the *McMurray* plaintiffs themselves have already conceded—plaintiffs have no constitutionally protected property interest in causes of action that have not been reduced to final judgments.

## **ARGUMENT**

### I. THE COURT DOES NOT HAVE JURISDICTION TO CONSIDER THE MERITS OF PLAINTIFFS' TAKINGS CLAIM.

The Court does not have subject matter jurisdiction over plaintiffs' takings claim because plaintiffs must seek compensation for any alleged taking pursuant to the Tucker Act. The Fifth Amendment prohibits the federal government from taking "private property . . . for public use, without just compensation." U.S. Const. amend. V. The takings clause does not prohibit all takings of private property; it requires that when the government takes private property, it must pay just compensation. *See Preseault v. ICC*, 494 U.S. 1, 11 (1990); *Bay View, Inc. v. Ahtna, Inc.*, 105 F.3d 1281, 1284-85 (9th Cir. 1997). The government need not provide compensation immediately, but must simply "provide[] an adequate process for obtaining [it]." *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985); *Bay View*, 105 F.3d at 1285.

"The federal government has provided such a compensation process by consenting to suit . . . under the Tucker Act." *Bay View*, 105 F.3d at 1285. The Tucker Act provides that the United States Court of Federal Claims has exclusive jurisdiction to hear any claim against the United States based on the Constitution and that seeks damages in excess of $10,000. *See Marceau v. Blackfeet Hous. Author.*, 455 F.3d 974, 986 (9th Cir. 2006)*;* 28 U.S.C. § 1491(a)(1). Claims for damages not exceeding $10,000 may be brought in either the Court of Federal Claims or in federal district court. *See Marceau*, 455 F.3d at 986; 28 U.S.C. § 1346(a)(2). The law is clear that a takings claim is "premature until the [alleged] property owner has availed himself of the process provided by the Tucker Act," *Presault*, 494 U.S. at 11, and "[t]his restriction is jurisdictional." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.***, 09-cv-0131-VRW (MDL 06-cv1791-VRW).**  3

1157, 1172 (9th Cir. 2007). The *McMurray* plaintiffs have not sought compensation under the Tucker Act for their alleged taking, but instead filed this action seeking only equitable relief for their takings claim. *See* Complaint (Dkt. 561 Ex. B) at ¶¶ 18-21, 39-1. This Court has "no jurisdiction to address the merits of takings claims where Congress has provided a means for paying compensation for any taking that might have occurred." *Bay View*, 105 F.3d at 1285 (dismissing plaintiffs' takings claim for equitable relief); *accord Consejo*, 482 F.3d at 1172-73; *Mead v. City of Cotati*, No. C 08-3585, 2008 WL 4963048, at *3-7 (N.D. Cal. Nov. 19, 2008) (Wilken, J.).[3/] Consequently, following the rule laid down in these cases, the Court should dismiss plaintiffs' takings claim for lack of subject matter jurisdiction.

## II. EVEN IF THIS COURT EXERCISES JURISDICTION, PLAINTIFFS' TAKINGS CLAIM FAILS BECAUSE PENDING CAUSES OF ACTION ARE NOT A PROTECTED PROPERTY INTEREST TAKEN BY SECTION 802.

"In order to state a claim under the Takings Clause, a plaintiff must first demonstrate that he possesses a property interest that is constitutionally protected." *Turnacliff v. Westly*, 546 F.3d 1113, 1118 (9th Cir. 2008) (internal quotation omitted). The Supreme Court has stated that "a cause of action is a species of property," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982), but the Ninth Circuit has long held that "those words do not translate into a cognizable taking claim." *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 989 (9th Cir. 1987). The takings clause protects only "*vested* property rights." *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994) (emphasis added). Under well-settled Ninth Circuit law, "a party's property right in any cause of action does not vest" until he obtains "a final *unreviewable* judgment." *Grimesy v. Huff*, 876 F.2d 738, 743-44 (9th Cir. 1989); *accord Fields v. Legacy Health Sys.*, 413 F.3d 943, 956 (9th Cir. 2005); *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir. 2001); *Austin*

---

[3] A plurality of the Supreme Court has stated that courts may consider the merits of a takings claim for equitable relief under narrow circumstances not applicable here—where the challenged statute "requires a direct transfer of funds mandated by the Government." *Eastern Enters. v. Apfel*, 524 U.S. 498, 521 (1998) (plurality opinion). Since *Eastern Enterprises* was decided, the Ninth Circuit has continued to hold that takings claims for equitable relief should be dismissed for lack of subject matter jurisdiction. *See Consejo*, 482 F.3d at 1172-73; *see also Mead*, 2008 WL 4963048, at *5-7.

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW (MDL 06-cv1791-VRW).** 4

*v. City of Bisbee*, 855 F.2d 1429, 1435-36 (9th Cir. 1988); *Atmospheric Testing*, 820 F.2d at 989. Following this rule, the Ninth Circuit has rejected takings claims where plaintiffs, like the *McMurray* plaintiffs, assert a property interest in a cause of action that is not a final judgment. *See Grimsey*, 876 F.2d at 743-44; *Atmospheric Testing*, 820 F.2d at 988-89. The Ninth Circuit's approach enjoys wide support: "every circuit court to have addressed the issue has likewise concluded that no vested property right exists in a cause of action unless the plaintiff has obtained a final, unreviewable judgment." *Ileto v. Glock, Inc.*, 421 F. Supp. 2d 1274, 1299 (C.D. Cal. 2006) (rejecting takings claim).[4]

Because a cause of action is not an "enforceable property right until reduced to final judgment," the Ninth Circuit has recognized "Congress's authority to step into previously-filed litigation and terminate a party's substantive rights." *Austin*, 855 F.2d at 1434, 1435-36 (internal quotation omitted). Accordingly, courts in the Ninth Circuit and elsewhere have repeatedly rejected takings clause and due process challenges to laws that eliminate entire causes of action. In *Beretta*, for example, the D.C. Court of Appeals held that plaintiffs had no vested property rights in "pending—but not final—causes of action," and upheld a law that eliminated certain causes of action against sellers and manufacturers of firearms and required "immediate[] dismiss[al]" of all such actions, which were pending in district court at the time Congress passed the immunity statute. 940 A.2d at 166-68, 180-81 (rejecting takings claim); *see also Ileto*, 421 F. Supp. 2d at 1299-1300 (upholding same law against takings claim); *Austin*, 855 F.2d at 1434, 1435-36 (upholding law that eliminated plaintiffs' claims under Fair Labor Standards Act, after they had filed suit). Courts have also consistently upheld laws that eliminate entire causes of action against private defendants and permit claims against only the government. *See Salmon v.*

---

[4] *See Dist. of Columbia v. Beretta U.S.A. Corp.*, 940 A.2d 163, 176, 180-81 (D.C. 2008); *Paramount Health Sys., Inc. v. Wright*, 138 F.3d 706, 710 (7th Cir. 1998) (Posner, J.); *In re TMI*, 89 F.3d 1106, 1113 (3d Cir. 1996); *In re Jones Truck Lines, Inc.*, 57 F.3d 642, 651 (8th Cir. 1995); *Salmon v. Schwarz*, 948 F.2d 1131, 1142-43 (10th Cir. 1991); *Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir. 1990); *Sowell v. Am. Cyanamid Co.*, 888 F.2d 802, 805 (11th Cir. 1989); *Hammond v. United States*, 786 F.2d 8, 12 (1st Cir. 1986); *Ducharme v. Merrill-Nat'l Labs.*, 574 F.2d 1307, 1310 (5th Cir. 1978); *Battaglia v. Gen. Motors Corp.*, 169 F.2d 254, 259 (2d Cir. 1948).

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW (MDL 06-cv1791-VRW).** 5

*Schwarz*, 948 F.2d at 1142-43; *Arbour v. Jenkins*, 903 F.2d at 420; *Sowell v. Am. Cyanamid Co.*, 888 F.2d at 805; *Atmospheric Testing*, 820 F.2d at 989; *Hammond v. United States*, 786 F.2d at 12; *Ducharme v. Merrill-Nat'l Labs.*, 574 F.2d at 1310.

Furthermore, the very Supreme Court decision recognizing that "a cause of action is a species of property," *Logan*, 455 U.S. at 428, also acknowledges that Congress may eliminate causes of action so long as it does not disturb final judgments. *Logan* held that the government may not "deny[] potential litigants use of established adjudicatory procedures" "in a random manner." 455 U.S. at 429, 434. But the Court also emphasized that a legislature "remains free" to enact statutes such as Section 802 that "create substantive defenses or immunities for use in adjudication *or to eliminate its statutorily created causes of action altogether . . . .*" *Id.* at 432 (emphasis added). The rule, as the D.C. Court of Appeals recently explained in *Beretta*, is that Congress may not alter "causes of action that have reached final, unreviewable judgment[,] and in that sense have vested[,]" but Congress may modify or eliminate certain other causes of action so long as they are "pending and future." 940 A.2d at 176 (emphasis omitted). The Supreme Court recognized this distinction over one hundred years ago, holding that while a law may not alter a final judgment, "legislation may act on subsequent proceedings, [and] may abate actions pending . . . ." *McCullough v. Virginia*, 172 U.S. 102, 123-24 (1898); *accord New York Cent. R.R. Co. v. White*, 243 U.S. 188, 198 (1917); *Louisville & Nashville R.R. Co. v. Mottley*, 219 U.S. 467, 484 (1911). And in its decisions since *Logan*, the Supreme Court has continued to recognize this distinction, holding that Congress may change the law with respect to pending and future cases, but not with respect to final judgments. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 227-28 (1995); *see also Beretta*, 940 A.2d at 176.[5]

---

[5] The Ninth Circuit's decision in *In re Aircrash in Bali, Indonesia*, 684 F.2d 1301 (9th Cir. 1982), is not contrary to this weight of authority. *Bali* states, without further explanation, that "claims for compensation are property interests that cannot be taken for public use without compensation." *Id.* at 1312. The Ninth Circuit has explained that this "postulate[]" was "dictum." *Atmospheric Testing*, 820 F.2d at 988 n.3. Moreover, the Supreme Court has since emphasized that the takings clause protects only "*vested* property rights," s*ee Landgraf*, 511 U.S. at 266 (emphasis added), and the Ninth Circuit has repeatedly held that a "property right in any cause of action does not vest" until a party obtains "a final *unreviewable* judgment." *Grimesy*,

Section 802 of the FISA applies only to "pending" actions, and thus does not affect any final, unreviewable judgments. *See* 50 U.S.C. § 1885a(a). Given the weight and uniformity of authority supporting dismissal, it is unsurprising that the plaintiffs themselves have already conceded that they have no claim under the takings clause. The reply to the Government's pending motion to dismiss, which was filed on behalf of the *McMurray* plaintiffs, and which they joined, concedes that the Ninth Circuit's decision in *Atmospheric Testing* held that the "Takings Clause did not apply to [a] cause of action that had not been reduced to final judgment . . . ." MDL Plaintiffs' Reply (Dkt. 524) at 17 n.16, 37.

### III. THE COURT SHOULD DISMISS PLAINTIFFS' REMAINING CLAIMS FOR REASONS OUTLINED IN THE GOVERNMENT'S BRIEFS IN SUPPORT OF ITS PRIOR MOTION TO DISMISS.

In addition to their takings clause claim, the *McMurray* plaintiffs claim that Section 802 violates the separation of powers doctrine and the due process clause. *See* Complaint (Dkt. 561 Ex. B) at ¶¶ 21-39. These counts largely repeat claims plaintiffs, including the *McMurray* plaintiffs, made in response to the Government's prior dispositive motion, and fail for the reasons set forth at length in the Government's brief, which are incorporated in full by reference herein. *See* Corrected United States' Reply (Dkt. 520) at 3-4, 6-15. In particular, contrary to plaintiffs' assertions regarding separation of powers, Section 802 does not mandate legislative dismissal of plaintiffs' claims, nor does it permit the Executive to alter the law or to determine the legality of its own actions. Instead, Congress amended applicable law in a way that affected pending cases, something Congress has done before, and under well-established authority, plainly may do. *See e.g., Robertson v. Seattle Audubon Soc.*, 503 U.S. 429, 440-41 (1992). In addition, plaintiffs' due process claim fails because it is well-established that Congress's creation of retroactive defenses that mandate dismissal of a claim does not violate the due process clause. *See Austin*, 855 F.2d at 1434, 1435-36; *see also Fields*, 413 F.3d at 955-56; *Lyon*, 252 F.3d at 1085-87; *Atmospheric Testing*, 820 F.2d at 989-90; *Beretta*, 940 A.2d at 173-180. These arguments are outlined at

---

876 F.2d at 743-44; *see also* cases cited *supra* at 4-5. Thus, *Bali*'s dictum provides no support for plaintiff's takings claim.

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.***, 09-cv-0131-VRW (MDL 06-cv1791-VRW).**                7

greater length in the Government's prior brief, and so will not be repeated here.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the second *McMurray* Complaint (Dkt. 1 Attach. #2 in 09-cv-0131-VRW).

March 13, 2009               Respectfully Submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

 *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

PAUL G. FREEBORNE
Trial Attorney

 *s/ Marc Krickbaum*
MARC KRICKBAUM
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*

**Government Defendants' Notice of Motion and Motion to Dismiss and Memorandum in Support,** *McMurray et al. v. Verizon Comm. Inc. et al.*, **09-cv-0131-VRW** (**MDL 06-cv1791-VRW**)**.**           8