| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | BRUCE A. ERICSON  #76342 |
| 2 | JACOB R. SORENSEN  #209134 |
| | MARC H. AXELBAUM  #209855 |
| 3 | 50 Fremont Street |
| | Post Office Box 7880 |
| 4 | San Francisco, CA  94120-7880 |
| | Telephone: (415) 983-1000 |
| 5 | Facsimile: (415) 983-1200 |
| 6 | |
| | SIDLEY AUSTIN LLP |
| 7 | DAVID W. CARPENTER (admitted *pro hac vice*) |
| | BRADFORD A. BERENSON (admitted *pro hac vice*) |
| 8 | EDWARD R. MCNICHOLAS (admitted *pro hac vice*) |
| | DAVID LEE LAWSON (admitted *pro hac vice*) |
| 9 | ERIC A. SHUMSKY #206124 |
| | 1501 K Street, N.W. |
| 10 | Washington, D.C.  20005 |
| | Telephone:  (202) 736-8010 |
| 11 | Facsimile:  (202) 736-8711 |
| 12 | Attorneys for Specially Appearing Defendants |
| | AT&T Inc. and BellSouth Corporation |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | MDL Dkt. No. 06-1791-VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **MOTION OF SPECIALLY APPEARING DEFENDANTS AT&T INC. AND BELLSOUTH CORPORATION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |
| | [Fed. R. Civ. P. 12(b)(2)] |
| | Date: May 14, 2009<br>Time: 2:30 p.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |
| This Document Relates To:<br><br>*McMurray v. Verizon Communications, Inc., et al.*, No. 09-cv-0131-VRW | Filed concurrently:<br>1. Declaration of Thomas Koch<br>2. Declaration of James Lacy<br>3. Proposed Order<br>4. Telecommunications Carrier Defendants' Motion to Dismiss<br>    a. Proposed Order |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

ISSUE TO BE DECIDED ........................................................................................................ 1

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

I. PLAINTIFFS HAVE NOT AND CANNOT ESTABLISH PERSONAL
JURISDICTION OVER AT&T INC. OR BELLSOUTH CORPORATION. ............ 1

    A. Plaintiffs Cannot Establish General Jurisdiction Over Defendants. ................ 2

    B. Plaintiffs Cannot Establish Specific Jurisdiction Over Defendants. ............... 5

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987) .................................... 2

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ................... 5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002) .................................................................................................................................. 5, 6

*Bensusan Restaurant Corp. v. King*, 126 F.3d 25 (2d Cir. 1997) ..................................... 5, 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................................ 7

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ...................................................... 1, 5, 7

*In re Dynamic Random Access Memory*, No. C 02-1486, 2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) ................................................................................................................ 2

*Ehrenfeld v. Mahfouz*, 489 F.3d 542 (2d Cir. 2007) ............................................................. 6

*In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163 (J.P.M.L. 1976) ..................................... 2

*Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir. 2005) ...................... 2

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984) ............................... 2, 5

*In re Heritage Bond Litig.*, No. CV 01-5752, 2004 WL 5639773 (C.D. Cal. Mar. 29, 2004) ................................................................................................................................. 2

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985) .................................. 3

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990) ................................................................ 2, 5

*Maricopa County v. American Petrofina, Inc.*, 322 F. Supp. 467 (N.D. Cal. 1971) ............. 2

*McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377 (App. Div. 1967) ........................ 6

*National Tel. Directory Consultants, Inc. v. BellSouth Adver. & Publ'g Corp.*, 25 F. Supp. 2d 192 (S.D.N.Y. 1998) .............................................................................................. 6

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) ........................................ 2

**STATUTES AND RULE**

Fed. R. Civ. P. 4(k)(1)(a) ........................................................................................................ 2

N.Y. C.P.L.R. § 301 ............................................................................................................ 2, 3

N.Y. C.P.L.R. § 302 ............................................................................................................... 5

**OTHER AUTHORITY**

15 Charles Alan Wright, Arthur R. Miller & Edwin H. Cooper, *Federal Practice and Procedure* (2008)..................................................................................................2

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on Thursday, May 14, 2009 at 2:30 p.m., before the |
| 4 | Honorable Vaughn R. Walker, United States District Chief Judge, in Courtroom 6, |
| 5 | 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Specially Appearing |
| 6 | Defendants AT&T Inc. and BellSouth Corporation will move and hereby do move to |
| 7 | dismiss the Complaint (Dkt. 1) for lack of personal jurisdiction. |
| 8 | This motion is made on the grounds that AT&T Inc. and BellSouth Corporation are |
| 9 | holding companies that do not provide telecommunications services at all, much less do |
| 10 | business in the State of New York; that they have not been alleged to have taken any action |
| 11 | with respect to the claims at issue here; and so there is no basis for personal jurisdiction |
| 12 | over them. This motion is based on this notice of motion and motion, the memorandum |
| 13 | that follows, the declarations of Thomas Koch and James Lacy filed herewith, all pleadings |
| 14 | and records on file in this action, and any other arguments and evidence presented to this |
| 15 | Court at or before the hearing on this motion. |
| 16 | AT&T Inc. and BellSouth Corporation also have joined in the motion to dismiss the |
| 17 | Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), which is being |
| 18 | filed concurrently. |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE TO BE DECIDED

Whether a federal district court in California hearing a case transferred from the Southern District of New York pursuant to the multidistrict litigation (MDL) procedures set forth in 28 U.S.C. § 1407 has personal jurisdiction over AT&T Inc. and BellSouth Corporation, given that those entities are holding companies that do not do business or have a presence in New York, and the Complaint contains no factual allegations that either AT&T Inc. or BellSouth Corporation was involved in the conduct challenged by the Complaint.

## INTRODUCTION

Plaintiffs have neither alleged nor established any basis for this Court to exercise personal jurisdiction over AT&T Inc. and BellSouth Corporation, nor could they have done so. AT&T Inc. and BellSouth Corporation are holding companies that neither make nor sell goods or services to New York residents or, indeed, to anyone at all. AT&T Inc. is incorporated in Delaware and headquartered in Texas and has no offices or employees in New York. BellSouth Corporation is incorporated and headquartered in Georgia, and it too has no offices or employees in New York. Moreover, no factual allegations tie either AT&T Inc. or BellSouth Corporation to any of the activities underlying the claims asserted in the Complaint. *See* Compl., *McMurray v. Verizon Commc'ns.* (No. 09-0131) (Dkt. 1, Attach. No. 2). Indeed, the Complaint does not allege that any of the defendants did anything at all. The claims against these defendants should be dismissed.

## ARGUMENT

**I. PLAINTIFFS HAVE NOT AND CANNOT ESTABLISH PERSONAL JURISDICTION OVER AT&T INC. OR BELLSOUTH CORPORATION.**

Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over the defendants. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). In a case transferred by the JPML for pretrial purposes, the transferee court – i.e., this Court – may exercise personal jurisdiction only to the same degree that the transferor court could

have done. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987) ("Following a transfer [under 28 U.S.C. § 1407], the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." (internal quotation marks omitted)); *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (per curiam); *Maricopa County v. American Petrofina, Inc.*, 322 F. Supp. 467, 469 (N.D. Cal. 1971); 15 Charles Alan Wright, Arthur R. Miller & Edwin H. Cooper, *Federal Practice and Procedure* § 3867 (2008).[1] Here, the Complaint was filed in the United States District Court for the Southern District of New York, *see* Compl., and subsequently transferred to this Court by the JPML, *see In re National Security Agency Telecomms. Records Litig.*, *McMurray v. Verizon Commc'ns* (MDL No. 1791) (Dkt. 1, Attach. No. 5). Accordingly, personal jurisdiction in this case is governed by the law of the State of New York. *See* Fed. R. Civ. P. 4(k)(1)(a) (federal court may exercise jurisdiction over any defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located").

**A.     Plaintiffs Cannot Establish General Jurisdiction Over Defendants.**

Personal jurisdiction may be either general or specific. *See generally Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984). In New York, general jurisdiction is governed by C.P.L.R. § 301. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). "Under section 301, an entity is amenable to jurisdiction in New York if it is 'doing business' in New York so as to establish its presence in the state. A foreign corporation is said to be 'doing business' in New York if it engages in a continuous and systematic course of conduct in New York." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (citations omitted); *see also Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir. 2000) (the non-resident corporation must be "do[ing] business in New

---

[1] *See also In re Dynamic Random Access Memory*, No. C 02-1486, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005); *In re Heritage Bond Litig.*, MDL No. 02-ML-1475, 2004 WL 5639773, at *4 (C.D. Cal. Mar. 29, 2004).

York not occasionally or casually, but with a fair measure of permanence and continuity" (internal quotation marks omitted)). "The New York courts, in applying the pragmatic test for section 301 jurisdiction, have focused upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (citing *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 537 (1967) and *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 430-31 (1965)).

1. This standard is not remotely satisfied as to AT&T Inc. AT&T Inc. has no relevant contacts with New York, much less the requisite contacts under C.P.L.R. § 301. AT&T Inc. is a holding company incorporated in Delaware, with its principal place of business in Dallas, Texas. *See* Declaration of Thomas Koch in Support of the Motion of Specially Appearing Defendants AT&T Inc. and BellSouth Corporation To Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction ("Koch Decl.") ¶¶ 3-4. It provides no telecommunications services or Internet services to the public, and does not itself make or sell any products or services. *Id.* ¶ 5. It has no physical network or telecommunications assets other than stock in its subsidiaries, some of which offer telecommunications services. *Id.* AT&T Inc. does not own or operate the AT&T brand and logo, or the AT&T brand website. *Id.* ¶¶ 13-15. Each of its affiliated subsidiaries that does business has its own separate corporate, partnership or limited liability company identity and structure. *Id.* ¶ 6.

Specifically with regard to New York, AT&T Inc.'s contacts do not rise to the level of continuous and systematic contacts such that New York jurisdiction can be established. AT&T Inc. itself has not registered or otherwise qualified to do business in the State of New York, and thus did not appoint an agent for service of process in New York for that purpose. *Id.* ¶ 11. It does not have an office or mailing address in New York, and does not own or lease any real property in New York. *Id.* ¶ 8. It has no employees in New York. *Id.* ¶ 7. It does not insure any property or risk in New York. ¶ 9. It does not pay income, property or use taxes to the State of New York. *Id.* ¶ 10. It does not manufacture any

3

1 product of any kind or provide any service of any nature that could find its way through the stream of commerce into the State of New York. *Id.* ¶ 12. In short, it has not availed itself of the privilege of doing business in the State of New York.

2. The same is true of BellSouth Corporation. Like AT&T Inc., BellSouth Corporation is a holding company that conducts no business of its own and has no assets other than stock in its subsidiaries. *See* Declaration of James Lacy in Support of the Motion of Specially Appearing Defendants AT&T Inc. and BellSouth Corporation To Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction ("Lacy Decl.") ¶¶ 3-4. BellSouth Corporation is incorporated in Georgia, and its principal place of business is in Atlanta, Georgia. *Id.* ¶ 3. BellSouth Corporation is a holding company owning stock in its subsidiaries, some of which offer telecommunications services, but BellSouth Corporation itself does not own the telecommunications or Internet network and assets operated by its subsidiaries. *Id.* ¶ 4. Each of its affiliated subsidiaries that does business has its own separate corporate, partnership or limited liability company identity and structure. *Id.* ¶ 5.

For these same reasons, BellSouth Corporation's contacts with New York are manifestly insufficient to subject it to general jurisdiction. It never has been registered or otherwise qualified to do business in the State of New York, and did not appoint an agent for service of process in New York for such purpose. *Id.* ¶ 9. It does not have an office or mailing address in New York, and does not own or lease any real property in New York. *Id.* ¶ 6. It has no employees in New York. *Id.* It does not insure any property or risk in New York. ¶ 7. It does not pay income, property or use taxes to the State of New York. *Id.* ¶ 8. It does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into the State of New York. *Id.* ¶ 10. Like AT&T Inc., it has not availed itself of the privilege of doing business in the State of New York.

In short, "none of the factors indicative of presence [under § 301] have been demon-

4

AT&T Inc. and BellSouth Corporation's
Motion to Dismiss Amended Complaint
MDL No. 06-1791-VRW

strated." *Mareno*, 910 F.2d at 1046.[2]

## B. Plaintiffs Cannot Establish Specific Jurisdiction Over Defendants.

Specific jurisdiction may exist in a particular case as a result of the "relationship among the defendant, the forum and the litigation." *Helicopteros*, 466 U.S. at 414. In New York, specific jurisdiction is governed by the long-arm statute, which permits jurisdiction over a given cause of action when, with respect to that claim, a non-resident:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302. The "overriding criterion" for determining whether a non-domiciliary defendant has "the minimal contacts required to sustain jurisdiction under the provisions of [§ 302(a)(1)]," is whether the defendant "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its

---

[2] Because the statutory test for general jurisdiction is not met, the Court need not undertake a separate analysis under the Due Process Clause. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (if New York law does not confer personal jurisdiction, the court "do[es] not address the issue of due process"); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). In any event, it is plain that the constitutional minimum is not satisfied. Under the familiar standard, "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available …." *Unocal*, 248 F.3d at 923. "The standard for establishing general jurisdiction is 'fairly high' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted). To establish the minimum contacts necessary to support general jurisdiction, plaintiffs must establish that defendants have "continuous and systematic" contacts with New York tantamount to doing business within the state. *Helicopteros*, 466 U.S. at 416. For all of the reasons set forth above, this standard is not satisfied. AT&T Inc. and BellSouth Corporation have no meaningful contacts with the State of New York, much less "continuous and systematic" ones. *Id.*

5

AT&T Inc. and BellSouth Corporation's
Motion to Dismiss Amended Complaint
MDL No. 06-1791-VRW

1  laws.'" *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967) (quoting
2  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 548
3  (2d Cir. 2007).

4  Neither AT&T Inc. nor BellSouth Corporation remotely meets this standard. As an
5  initial matter, plaintiffs have not alleged *any* action by *any* of the defendants, much less the
6  necessary transaction of business, commission of a tort, or conduct with respect to real
7  property. As explained in greater detail in the concurrently filed motion to dismiss the
8  Complaint under Rules 12(b)(1) and 12(b)(6), the Complaint alleges only actions by the
9  Congress and the Attorney General. *See, e.g.*, Compl. ¶ 11 ("The Act, as signed into law by
10  the President on or about July 9, 2008, purports to mandate dismissal of all such pending
11  actions."); *id.* ¶ 12 ("Section 802(a) of the Act requires dismissal of the Pending
12  Actions . . . ."); *id.* ¶ 13 ("upon presentation of a certification by the Attorney General"); *id.*
13  ¶ 20 ("By mandating dismissal of the Pending Actions, the Act immunizes the
14  telecommunications carriers for such prior damages without compensation to plaintiffs and
15  without adjudication of their claims, a taking of property . . . ."). It does not allege any
16  action by AT&T Inc. or BellSouth Corporation (or any other defendant), much less does it
17  allege such action in the State of New York. Nor could it have – for all of the reasons set
18  forth above, these holding companies have not and do not take any actions that could
19  subject them to specific jurisdiction in New York. *Supra* at 3-4; *see generally* Koch Decl.;
20  Lacy Decl. Accordingly, dismissal is required. *See generally Bank Brussels Lambert*, 305
21  F.3d at 125 (for § 302(a)(2) to apply, plaintiff must at least "state a colorable cause of
22  action"); *National Tel. Directory Consultants, Inc. v. BellSouth Adver. & Publ'g. Corp*, 25
23  F. Supp. 2d 192, 198 (S.D.N.Y. 1998) (holding the plaintiff's assertions "too speculative
24  and conclusory to confer jurisdiction" under § 302(a)(3)).[3]

---

26  [3] As with general jurisdiction, because the statutory test for specific jurisdiction is not met, the Court need not undertake a separate analysis under the Due Process Clause. *See Ben-*
27  *susan Rest. Corp.*, 126 F.3d at 27; *supra* note 2. In any event, it is plain that the constitutional minimum is not satisfied. "Where a forum seeks to assert specific jurisdiction over
28  (continued…)

# CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as against Specially Appearing Defendants AT&T Inc. and BellSouth Corporation.

Respectfully submitted,

Dated: March 16, 2009

SIDLEY AUSTIN LLP
David W. Carpenter (pro hac vice)
Bradford A. Berenson (pro hac vice)
David L. Lawson (pro hac vice)
Edward R. McNicholas (pro hac vice)
Eric A. Shumsky #206164
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8010
Fax: (202) 736-8711
bberenson@sidley.com

By: /s/ Bradford A. Berenson
 Bradford A. Berenson

PILLSBURY WINTHROP SHAW
 PITTMAN LLP
Bruce A. Ericson #76342
Jacob R. Sorensen #209134
Marc H. Axelbaum #209855
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120
Tel.: (415) 983-1000
Fax: (415) 983-1200
bruce.ericson@pillsburylaw.com

Attorneys for Specially Appearing Defendants
AT&T Inc. and BellSouth Corporation

---

(…continued)
an out-of-state defendant who has not consented to suit there," the Due Process Clause requires that the defendant have "fair warning" that a particular activity may subject it to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). This "fair warning" requirement is satisfied only if the defendant has "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Id.*; *see also Unocal*, 248 F.3d at 923 ("The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws," the claim must "arise[] out of or result[] from the defendant's forum-related activities," and the "[e]xercise of jurisdiction must be reasonable." (internal quotation marks omitted)). For all the reasons set forth above, this standard is not satisfied here. AT&T Inc. and BellSouth Corporation have not "purposefully directed" any activities at residents of New York, *Burger King*, 471 U.S. at 472, nor have plaintiffs alleged otherwise.

| | |
|---|---|
| 1 | **DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B** |
| 2 | |
| 3 | I, Marc H. Axelbaum, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the signatory listed above. |
| 4 | |
| 5 | |
| 6 | I declare under penalty of perjury that the foregoing declaration is true and correct. |
| 7 | Executed on March 16, 2009, at San Francisco, California. |
| 8 | |
| 9 | By: /s/ Marc H. Axelbaum<br>Marc H. Axelbaum |
| 10 | Attorney for Specially Appearing Defendants AT&T Inc. and BellSouth Corporation |