| | |
|---|---|
| SIDLEY AUSTIN LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| David W. Carpenter* | Randolph D. Moss* |
| Bradford A. Berenson* | Samir C. Jain  # 181572 |
| David L. Lawson* | Brian M. Boynton  # 222193 |
| Edward R. McNicholas* | Catherine M.A. Carroll* |
| Eric A. Shumsky  #206164 | 1875 Pennsylvania Ave, N.W. |
| 1501 K Street, N.W. | Washington, DC  20006 |
| Washington, DC  20005 | Tel.:  (202) 663-6000 |
| Tel: (202) 736-8000 | Fax:   (202) 663-6363 |
| Fax: (202) 736-8711 | randolph.moss@wilmerhale.com |
| bberenson@sidley.com | |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | MUNGER, TOLLES & OLSON LLP |
| Bruce A. Ericson  #76342 | Henry Weissmann  # 132418 |
| Jacob R. Sorensen  #209134 | Susan R. Szabo  # 155315 |
| Marc H. Axelbaum  #209855 | Aimee A. Feinberg  # 223309 |
| 50 Fremont Street | 355 South Grand Avenue, 35th Floor |
| Post Office Box 7880 | Los Angeles, CA  90071 |
| San Francisco, CA  94120 | Tel.:  (213) 683-9100 |
| Tel.: (415) 983-1000 | Fax:   (213) 683-5150 |
| Fax: (415) 983-1200 | henry.weissmann@mto.com |
| bruce.ericson@pillsburylaw.com | |
| Attorneys for AT&T Corp. and Specially Appearing Defendants AT&T Inc. and BellSouth Corporation | Attorneys for Verizon Communications Inc. |
| | * admitted pro hac vice |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELE-COMMUNICATIONS RECORDS LITIGATION<br><br><br><br><br>This Document Relates To:<br><br>*McMurray v. Verizon Communications, Inc., et al.*, No. 09-cv-0131-VRW | MDL Dkt. No. 06-1791-VRW<br><br>**MOTION TO DISMISS OF TELECOM-MUNICATIONS CARRIER DEFENDANTS**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Date:         May 14, 2009<br>Time:        2:30 p.m.<br>Courtroom:  6, 17th Floor<br>Judge:        Hon. Vaughn R. Walker<br><br>Filed concurrently:<br>1. Proposed Order<br>2. Motion to Dismiss of Specially Appearing Defendants AT&T Inc. and BellSouth Corporation<br>    a. Declaration of Thomas Koch<br>    b. Declaration of James Lacy<br>    c. Proposed Order |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

ARGUMENT ........................................................................................................................ 3

I. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY ..................... 3

    A. Section 802 Does Not Violate The Takings Clause ........................................ 3

    B. Section 802 Does Not Violate The Separation Of Powers ............................. 4

    C. Section 802 Does Not Violate Due Process .................................................... 5

II. THE COMPLAINT MUST BE DISMISSED AS AGAINST THE CARRIERS WHICH, AS PRIVATE PARTIES, ARE NOT PROPER DEFENDANTS TO THIS SUIT ................................................................................................................. 6

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 75 F.3d 1401 (9th Cir. 1996) ...................................................................................................................... 6, 7

*Bajwa v. Sunoco, Inc.*, 320 F. Supp. 2d 454 (E.D. Va. 2004) ............................................................ 7

*Bay View, Inc. v. Ahtna, Inc.*, 105 F.3d 1281 (9th Cir. 1997) ........................................................... 3

*Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157 (9th Cir. 2007) ............................................................................................................................................ 3

*In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982 (9th Cir. 1987) ............................. 5, 6

*Ecology Ctr. v. Castaneda*, 426 F.3d 1144 (9th Cir. 2005) ............................................................... 4

*Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) .............................................................. 6

*Fields v. Legacy Health Sys.*, 413 F.3d 943 (9th Cir. 2005) ............................................................. 5

*Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178 (2d Cir. 2005) ........................................... 7

*Grimesy v. Huff*, 876 F.2d 738 (9th Cir. 1989) ................................................................................. 3

*Ileto v. Glock, Inc.*, 421 F. Supp. 2d 1274 (C.D. Cal. 2006) ............................................................ 2

*Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) ...................................................................... 3, 5

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) ..................................................................... 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ....................................................................... 3

*Matsuda v. City and County of Honolulu*, 512 F.3d 1148 (9th Cir.), *cert. denied*, 128 S. Ct. 2964 (2008) ....................................................................................................................................... 7

*Noriega-Perez v. United States*, 179 F.3d 1166 (9th Cir. 1999) ...................................................... 4

*In re NSA Telecomms. Records Litig.*, 444 F. Supp. 2d 1332 (J.P.M.L. 2006) ................................ 1

*Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717 (1984) .................................... 5

*Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024 (9th Cir. 1989) ........................................................ 7

*Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995) ................................................................... 4, 5

*Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429 (1992) .............................................................. 4

*Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220 (9th Cir. 2008) .................... 8

*Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308 (2d Cir. 2003) ............................................... 7

*United States v. International Bhd. of Teamsters*, 941 F.2d 1292 (2d Cir. 1991) ........................... 6

*United States v. Klein*, 80 U.S. (13 Wall.) 128 (1871) ..................................................................... 4

*Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1 (1976) ..................................................................5

**STATUTE**

FISA Amendments Act of 2008, Pub. L. No. 110-261, 122 Stat. 2436 ....................................1, 4, 7, 8

**LEGISLATIVE HISTORY**

S. Rep. No. 110-209 (2007) ............................................................................................................6

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2009, at 2:30 p.m., before the Honorable Vaughn R. Walker, United States District Chief Judge, in Courtroom 6, 17th floor, 450 Golden Gate Avenue, San Francisco, California, defendants Verizon Communications Inc. and AT&T Corp., and Specially Appearing Defendants AT&T Inc. and BellSouth Corporation[1] (collectively, "carriers" or "carrier defendants"), will move and hereby do move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the Complaint (Dkt. 1, Attach. No. 2) filed by Rev. Joe McMurray et al. ("plaintiffs") challenging the constitutionality of § 802 of the Foreign Intelligence Surveillance Act ("FISA") (added by the FISA Amendments Act of 2008, Pub. L. No. 110-261, 122 Stat. 2436).

This motion is made on the grounds that plaintiffs' Fifth Amendment takings claim (Count 1) is meritless because plaintiffs do not hold a vested property right in their pending, unadjudicated claims against the carrier defendants and this Court lacks jurisdiction to adjudicate the claim; that Plaintiffs' separation of powers claim (Count 2) fails because § 802 permissibly amended the legal standard underlying the lawsuits brought against the carriers; and that Plaintiffs' due process claim (Count 3) must be dismissed because the retroactive application of § 802(a) to pending cases is constitutionally permissible. And, in addition to these arguments made by the Government and in prior briefing in this case, this motion is based on the argument that even if plaintiffs' claims did not fail in their entirety on the merits, their claims *against the carriers* must be dismissed because the carriers are not proper defendants in this action. The carriers are private entities that are not alleged to have taken *any* relevant action with respect to the passage and application of § 802, much less state action that would implicate constitutional concerns. For similar reasons plaintiffs have no standing to sue the carrier defendants, because the carriers did not cause any harm, and relief against them could not redress any supposed harm.

This motion is based on this notice of motion and motion, the memorandum that follows, all

---

[1] AT&T Inc. and BellSouth Corporation are not subject to personal jurisdiction in New York, which is where the complaint was filed. Accordingly, those entities have concurrently filed a separate motion to dismiss for lack of personal jurisdiction.

pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion. To minimize duplicative arguments, where possible the carrier defendants have cross-referenced the Government's motion to dismiss the *McMurray* complaint,[2] as well as the Government's[3] and the carriers'[4] prior briefing concerning the constitutionality of the FISA Amendments Act of 2008.

---

[2] U.S. Mot. to Dismiss Plaintiffs' Compl. (Dkt. 583) ("U.S. *McMurray* Motion").

[3] Corrected United States' Reply in Support of Mot. to Dismiss or in the Alternative, for Summary Judgment (Dkt. 520) ("U.S. FISAAA Brief").

[4] Brief of Telecommunications Carrier Defendants in Support of the United States' Mot. to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 508) ("Carriers' FISAAA Brief").

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND SUMMARY OF ARGUMENT

In 2006, all but one of the plaintiffs in this action, who claim to be current and former subscribers of the carrier defendants, brought a different suit against the carriers seeking monetary damages and injunctive relief for the alleged disclosure of "subscriber conversations, information and records to the United States in violation of the Electronic Communications Privacy Act (ECPA) and the Stored Communications Act." Compl. ¶ 9, *McMurray v. Verizon Commc'ns* (No. 09-0131) ("Complaint") (*McMurray* Dkt. 1, Attach. 2) (describing the 2006 complaint); *see* Amended Compl., *McMurray v. Verizon Commc'ns Inc.*, No. 1:06-3650 (S.D.N.Y.) ("2006 Complaint"). By order of the Judicial Panel on Multidistrict Litigation (JPML), that lawsuit was transferred to this Court for consolidated pretrial proceedings. *See In re NSA Telecomms. Records Litig.*, 444 F. Supp. 2d 1332, 1335 (J.P.M.L. 2006). It later was among the lawsuits with respect to which the Attorney General submitted a certification and the United States sought dismissal pursuant to § 802 of the Foreign Intelligence Surveillance Act (FISA) (added by the FISA Amendments Act of 2008 (FISAAA), Pub. L. No. 110-261, 122 Stat. 2436). *See* Dkt. 469. Plaintiffs and their counsel joined in the extensive briefing challenging the constitutionality of § 802, which now is pending before this Court. *See* MDL Dkts. 482, 524.

For reasons passing understanding, in July 2008 these same plaintiffs – represented by the same lawyers – also separately filed an entirely new lawsuit outside of the MDL, in the Southern District of New York, in which they also attacked the constitutionality of § 802. That separate lawsuit, which the JPML also transferred to this Court, is the subject of this motion to dismiss. Plaintiffs assert three causes of action – that § 802 violates the Takings Clause (Count 1), the separation of powers (Count 2), and due process (Count 3). *See* Compl. ¶¶ 18-39. They identify only the first of these as presenting anything new. Pls' Opp'n to U.S. Admin. Mot. (Dkt. 7) at 5. In fact, each of the three claims is legally infirm.

For reasons the government already has explained in its Motion to Dismiss, the Complaint should be dismissed in its entirety. *First*, the *McMurray* plaintiffs argue that by requiring dismissal of their original 2006 lawsuit, § 802 violates the Takings Clause of the Fifth Amendment. Such a

1    Telecommunications Carrier Defendants' Motion to Dismiss
MDL No. 06-1791-VRW

challenge, however, can succeed only when the thing that allegedly was "taken" – here, the pending lawsuit – is a property interest that the government may not abridge without paying just compensation. The Ninth Circuit, however, and "every circuit court to have addressed the issue[,] has . . . concluded that no vested property right exists in a cause of action unless the plaintiff has obtained a final, unreviewable judgment." *Ileto v. Glock, Inc.*, 421 F. Supp. 2d 1274, 1299 (C.D. Cal. 2006) (collecting cases). Indeed, in their prior briefing, the MDL plaintiffs, including the *McMurray* plaintiffs, themselves recognized that the "Takings Clause did not apply to [a] cause of action that had not been reduced to final judgment." *See* MDL Pls.' Reply Br. (Dkt. 524) at 17 n.16. Moreover, as the Government properly explains, even if plaintiffs' claim for damages were a protected property interest, this Court lacks the jurisdiction to consider plaintiffs' takings claim. *Second*, plaintiffs contend that § 802 trenches upon the judicial function. This cause of action is similarly meritless. Because Congress amended the legal standard underlying the lawsuits brought against the carriers, § 802 does not violate the separation of powers. *Third*, plaintiffs allege that the application of § 802 to pending claims, including the 2006 Complaint, violates due process. But it is black-letter law that Congress may enact legislation affecting claims that have not reached final judgment so long as the law is merely rational. Although plaintiffs clearly disagree with Congress's policy judgment, they have not alleged – nor could they – that § 802 lacks a rational basis.

For all of these reasons, plaintiffs' claims must be dismissed in their entirety. But plaintiffs' claims *against the carriers* are particularly flawed, and so must be dismissed for an additional reason that the government has not discussed – namely, the Complaint does not articulate any cause of action that properly could be brought against the carriers, which are *private parties* that are not responsible for enacting or invoking § 802. Nowhere does the Complaint allege that these private defendants have undertaken *any* relevant conduct. And it certainly makes no allegation that could support the extraordinary idea that these private entities could "take" plaintiffs' putative causes of action, deny them due process, or otherwise engage in action that could be deemed "state action." For closely related reasons, plaintiffs have no standing to sue the carrier defendants – the Complaint does not allege that the carriers took any action that caused the alleged constitutional violations, nor does it seek any relief against the carriers that could redress the supposed injury. Causation and re-

2    Telecommunications Carrier Defendants' Motion to Dismiss
MDL No. 06-1791-VRW

dressability are essential components of the "irreducible constitutional minimum of standing," and they have not and could not be alleged here. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Complaint must be dismissed.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

In the Government's Motion to Dismiss, and in the prior briefing on the constitutionality of FISAAA, the defendants in the MDL have set forth arguments why the Complaint must be dismissed. *See supra* nn.2-4. We incorporate those arguments by reference, and reiterate them briefly here, to preserve them.

#### A. Section 802 Does Not Violate The Takings Clause

Plaintiffs contend that their "right to recover" under various statutes, "as expressed through the Pending Actions, are property rights" protected by the Fifth Amendment's guarantee that the government will not take "private property … without just compensation." Compl. ¶ 19. This claim must be dismissed in its entirety for at least two reasons.

First, as the Government has explained, the dismissal of plaintiffs' pending lawsuit seeking money damages from carriers would not as a matter of law constitute a taking. *See* U.S. *McMurray* Motion 4-7. "The Fifth Amendment's Takings Clause prevents the Legislature . . . from depriving private persons of *vested property rights* except for a 'public use' and upon payment of 'just compensation.'" *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994) (emphasis added). "[A] party's property right in any cause of action," however, "does not vest until a final unreviewable judgment is obtained." *Grimesy v. Huff*, 876 F.2d 738, 743-44 (9th Cir. 1989) (internal quotation marks omitted) (rejecting takings claim); *see also* U.S. *McMurray* Motion 4-5 (collecting cases). Plaintiffs' 2006 lawsuit has not reached a final judgment, and so its dismissal by virtue of § 802 could not constitute a taking.

Second, this Court lacks jurisdiction to consider takings claims against the federal government, including those in which declaratory or equitable relief is sought. *See* U.S. *McMurray* Motion 3-4; *Bay View, Inc. v. Ahtna, Inc.*, 105 F.3d 1281, 1286 n.6 (9th Cir. 1997) ("neither injunctive nor declaratory relief is available for a takings claim against the United States"); *Consejo de Desarrollo*

1 *Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1172-73 (9th Cir. 2007). Rather, as the Government has explained, a takings claim is premature when (as here) the plaintiff has not pursued just compensation under the Tucker Act. *See* U.S. *McMurray* Motion 3-4.

### B. Section 802 Does Not Violate The Separation Of Powers

For the reasons previously set forth (*see* Carriers' FISAAA Br. 8-14), plaintiffs' claim that § 802 violates the separation of powers (*see* Compl. ¶¶ 22-35) also must be dismissed. The Complaint principally contends that § 802 violates the separation of powers because it "mandates *legislative* dismissal of plaintiffs' claims . . . without adjudication by a court." Compl. ¶ 23; *see also id.* ¶ 35 ("the Act is unconstitutional in that it purports to adjudicate cases and controversies pending before a court of the United States"). This argument, which appears to be based on *United States v. Klein*, 80 U.S. (13 Wall.) 128 (1871), is without merit.

As the carriers' prior brief explains in greater detail (*see* Carriers' FISAAA Br. 8-10), it is well established that Congress may amend the law applicable to pending cases that have not yet reached final judgment: "[*Klein*'s] prohibition does not take hold when Congress 'amend[s] applicable law'" as opposed to simply prescribing a rule of decision in a particular case. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) (quoting *Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429, 441 (1992)). "[I]t is of no constitutional consequence that [legislation] affects, or is even directed at, a specific [case] so long as the legislation modifies the law." *Ecology Ctr. v. Castaneda*, 426 F.3d 1144, 1149 (9th Cir. 2005) (internal quotation marks omitted); *see also Robertson*, 503 U.S. at 434-35. Here, Congress amended the law. Section 802 sets forth an immunity that is available in any case – now or in the future, pending or not yet filed – in which the standards of the section are met.

To the extent the *McMurray* plaintiffs mean to argue that § 802 violates the separation of powers on the theory that it permits the Executive Branch to exercise adjudicatory power, *see* Compl. ¶ 34, that theory likewise fails. Under § 802, a certification by the Attorney General is subject to judicial review for "substantial evidence." *See* FISA § 802(b)(1). Judicial review of this sort is common under numerous statutes – most notably, the Administrative Procedure Act – and raises no constitutional concerns. *See* Carriers' FISAAA Br. 14-15; *see, e.g.*, *Noriega-Perez v.*

4    Telecommunications Carrier Defendants' Motion to Dismiss
MDL No. 06-1791-VRW

1  *United States*, 179 F.3d 1166, 1174-78 (9th Cir. 1999) (rejecting Article III challenge to ALJ's

2  authority to hold administrative hearing and impose fine for document fraud under immigration

3  laws, where Article III court reviewed factual determinations for substantial evidence).

### C.     Section 802 Does Not Violate Due Process

Plaintiffs' due process claim (Count 3) also must be dismissed. It alleges a denial of due process – specifically, that "by interposing defenses that did not exist at the time of the underlying acts of the defendants and that did not exist in law at the time of commencement of the actions, [§ 802] violates . . . due process." Compl. ¶ 39. The nub of plaintiffs' claim is that a new law cannot constitutionally be applied to the facts underlying a pending lawsuit. But it never has been the case that the filing of a lawsuit insulates it from legislative action. On the contrary, as we have explained, Congress may amend existing law in a manner that affects both pending and future litigation, so long as a case has not reached final judgment. *Plaut*, 514 U.S. at 227; *see* U.S. FISAAA Br. 6-10; Carriers' FISAAA Br. 9-10. And it is equally well-settled that a court must "apply the law in effect at the time it renders its decision even though that law was enacted after the events that gave rise to the suit." *Landgraf*, 511 U.S. at 273 (citation and internal quotation marks omitted). The retroactive application of § 802 is fully consistent with due process.

Thus, the Ninth Circuit has squarely rejected a similar challenge, holding that "'[t]o comport with the requirements of due process, the retroactive application of a statute must be supported by a legitimate legislative purpose furthered by a rational means.'" *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 991-92 (9th Cir. 1987). As the court explained, the "'burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.'" *Id.* (internal quotation marks omitted); *see also, e.g.*, *Fields v. Legacy Health Sys.*, 413 F.3d 943, 956 (9th Cir. 2005). It is "well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976). Here, plaintiffs have not even attempted to make the weighty showing that § 802 is arbitrary or lacks a "rational legislative purpose." *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 730 (1984). The product of two years of extensive deliberation, § 802 embodies the bipartisan conclusion that in light of "the unique

historical circumstances of the aftermath of September 11, 2001," private companies that allegedly responded to the Government's request for assistance and those that did not act at all should not be put to the burden of pending and future litigation, particularly in light of the overwhelming difficulty of defending a lawsuit involving state secrets. S. Rep. No. 110-209, at 8-9, 12 (2007); *see* U.S. FISAAA Br. 14 n.13; *see also* Supplemental Br. of Telecommunications Carrier Defendants in Support of the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 571), at 12-13. Because the retroactive application of § 802(a) to pending cases, *see* § 802(i), is supported by a legislative purpose that is far more than merely rational, plaintiffs' due process claim must be dismissed. *See Atmospheric Testing*, 820 F.2d at 991-92; *cf. Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432-33 (1982) ("[T]he State remains free to create substantive defenses or immunities for use in adjudication – or to eliminate its statutorily created causes of action altogether . . . . In [such a] case, the legislative determination provides all the process that is due.").

## II. THE COMPLAINT MUST BE DISMISSED AS AGAINST THE CARRIERS WHICH, AS PRIVATE PARTIES, ARE NOT PROPER DEFENDANTS TO THIS SUIT

In addition to these previously-briefed reasons why the Complaint must be dismissed in its entirety, at a minimum the claims must be dismissed as against the carriers for the fundamental reason that these entities are private parties that are not alleged to have undertaken *any* conduct – much less state action – that is relevant to plaintiffs' supposed constitutional injury. It is hornbook law that "the conduct of private parties lies beyond the Constitution's scope in most instances." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). Relevant here, the Fifth Amendment – and even more obviously the separation of powers doctrine – "applies only to the federal government"; consequently, the carriers "is not restricted" by the relevant constitutional provisions unless they are "part of the federal government or [their] actions constituted federal action." *American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996) (affirming dismissal of constitutional claim because the defendant was a private entity not subject to the Fifth Amendment's Due Process Clause); *see generally United States v. International Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his

1  constitutional rights have been violated must first establish that the challenged conduct constitutes
2  'state action.'").

3  Here, the only conduct relevant to this Complaint is the passage and invocation of § 802.
Compl. ¶ 20 ("By mandating dismissal of the Pending Actions, the Act immunizes the
telecommunications carriers for such prior damages without compensation to plaintiffs and without
adjudication of their claims, a taking of property . . . ."); *see also id.* ¶ 11 ("The Act, as signed into
law by the President on or about July 9, 2008, purports to mandate dismissal of all such pending
actions."); *id.* ¶ 12 ("Section 802(a) of the Act requires dismissal of the Pending Action . . . ."); *id.*
¶¶ 23, 37. With regard to that conduct, not only have plaintiffs failed to allege that the carriers
undertook *state* action, they do not allege that these defendants took *any* relevant action whatsoever.
Accordingly, these private parties are not proper defendants, and the claims against them must be
dismissed. *See Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024, 1034-35 (9th Cir. 1989) (dismissing
claims against private parties seeking declaration that laws were unconstitutional); *American
Bankers*, 75 F.3d at 1406; *see also Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1150 (9th
Cir.) (substantive due process claims concern "state action"), *cert. denied*, 128 S. Ct. 2964 (2008);
*Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (affirming dismissal;
defendant "was not a 'state actor' for purposes of evaluating the legal merits of the [plaintiff's]
takings claim."); *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 313 (2d Cir. 2003) (affirming
dismissal of takings claim against corporation; complaint failed to "show that [corporation's alleged
action] was conduct that was fairly attributable to the State."); *Bajwa v. Sunoco, Inc.*, 320 F. Supp.
2d 454, 459 (E.D. Va. 2004) ("[T]he takings clause does not provide for a cause of action against a
private party.").[5]

For the same reasons, plaintiffs' claims also must be dismissed for lack of standing. To sat-
isfy the "case or controversy" requirement of Article III, plaintiffs bear the burden of establishing
that (1) they "suffered an injury in fact that is concrete and particularized, and actual or imminent;

---

[5] In the unlikely event the takings claim survived a motion to dismiss, the carriers reserve their statu-
tory right to submit briefing. *See* FISA § 802(d) ("Any . . . defendant in a civil action . . . shall be
permitted to participate in the briefing or argument of any legal issue in a judicial proceeding con-
ducted pursuant to this section.").

1 (2) the injury is *fairly traceable* to the challenged conduct; and (3) the injury is *likely to be redressed* by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (emphases added). Even if plaintiffs had suffered a cognizable injury, *but cf. supra* at 6-7, they have not alleged any causal connection between conduct by the carrier defendants and their supposed injury. *Salmon Spawning*, 545 F.3d at 1225. And with good reason: Section 802 is triggered when the government, not a private entity, certifies the requisite facts, and a federal district court finds them supported by substantial evidence. *See* FISA § 802(a) (a "civil action . . . shall be promptly dismissed, if the Attorney General certifies to the district court" that at least one of the five criteria in § 802(a) has been met); *id.* § 802(b)(1). The constitutional requirement of redressability is similarly lacking. No relief awarded against the carrier defendants could possibly remedy the supposed constitutional violations. The plaintiffs themselves appear to recognize this, as they do not even seek relief against the carriers; they only ask the Court to "enjoin[] the United States from enforcing said provisions of the Act." Compl. 17 ¶ 1.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

| | | |
|---|---|---|
| 1 | Dated: March 16, 2009 | Respectfully submitted, |
| 2 | | |
| | | SIDLEY AUSTIN LLP |
| 3 | | David W. Carpenter (пpro hac vice) |
| | | Bradford A. Berenson (pro hac vice) |
| 4 | | David L. Lawson (pro hac vice) |
| | | Edward R. McNicholas (pro hac vice) |
| 5 | | Eric A. Shumsky #206164 |
| | | 1501 K Street, N.W. |
| 6 | | Washington, DC 20005 |
| | | Tel: (202) 736-8010 |
| 7 | | Fax: (202) 736-8711 |
| | | bberenson@sidley.com |

Respectfully submitted,

Dated: March 16, 2009

SIDLEY AUSTIN LLP
David W. Carpenter (pro hac vice)
Bradford A. Berenson (pro hac vice)
David L. Lawson (pro hac vice)
Edward R. McNicholas (pro hac vice)
Eric A. Shumsky #206164
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8010
Fax: (202) 736-8711
bberenson@sidley.com

By: /s/ Bradford A. Berenson
    Bradford A. Berenson

PILLSBURY WINTHROP SHAW
   PITTMAN LLP
Bruce A. Ericson   #76342
Jacob R. Sorensen   #209134
Marc H. Axelbaum   #209855
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120
Tel.: (415) 983-1000
Fax: (415) 983-1200
bruce.ericson@pillsburylaw.com

Attorneys for AT&T Corp. and Specially Appearing
Defendants AT&T Inc. and BellSouth Corporation

WILMER CUTLER PICKERING HALE
   AND DORR LLP
Randolph D. Moss   (pro hac vice)
Samir C. Jain   # 181572
Brian M. Boynton   # 222193
Catherine M.A. Carroll (pro hac vice)
1875 Pennsylvania Ave, N.W.
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
randolph.moss@wilmerhale.com

By: /s/ Randolph D. Moss
    Randolph D. Moss

MUNGER, TOLLES & OLSON LLP
Henry Weissmann   # 132418
Susan R. Szabo   # 155315
Aimee A. Feinberg   # 223309
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071

Tel.: (213) 683-9100
Fax: (213) 683-5150
henry.weissmann@mto.com

Attorneys for Verizon Communications Inc.

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Marc H. Axelbaum, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatories listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on March 16, 2009, at San Francisco, California.

By: /s/ Marc H. Axelbaum
    Marc H. Axelbaum

Attorney for the AT&T Corp. and Specially Appearing Defendants AT&T Inc. and BellSouth Corporation