Zachary L. Heiden
Maine Civil Liberties Union Foundation
401 Cumberland Ave.
Portland, Maine 04101
(207)774-5444

John M.R. Paterson
Bernstein Shur
100 Middle Street
Portland, Maine 04101
(207)774-1299

Christopher B. Branson
Murray Plumb & Murray
75 Pearl Street
Portland, Maine 04101
(207)773-5651

ATTORNEYS FOR INTERVENORS JAMES DOUGLAS COWIE ET AL.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><u>USA v. Reishus, et al.</u>, (D. Me.), | MDL Docket No. 06-1791 VRW<br><br>**INTERVENORS' MEMORANDUM IN OPPOSITION TO THE UNITED STATES'S MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker<br>Hearing: April 1, 2009 |

Intervenors are telephone customers in Maine and, as such, have a personal interest in the preservation of Maine's ability to protect them from unreasonable or illegal acts by their

telephone utilities. Verizon made public statements via press releases in Maine (See Ex. A. Tab 5 p.2 attached to U.S. Motion for Summary Judgment), and Verizon's customers – the Intervenors – are entitled to know if Verizon spoke truthfully. Whatever the scope of the inquiry initiated in other states, the order of the Maine PUC issued to Verizon was uniquely limited in scope and plainly crafted to avoid any inquiry Verizon's relationship with any national intelligence agency. In the words of § 803, the Maine PUC has not initiated an "investigation into [Verizon's] alleged assistance to the intelligence community" nor has it adopted a "regulation or other means" to require Verizon to "disclose alleged assistance to an element of the intelligence community." Nor has Maine sought to "impose an administrative sanction on" or "commenced or maintained a civil action" against Verizon to require Verizon to disclose anything. The order of Maine PUC was not an inquiry into matters related to national intelligence, but rather a more limited attempt to determine if previously issued public statements by Verizon were truthful.

Section 803 is not violated by the order of the Maine PUC.

Intervenors leave to the States the state-sovereignty arguments in Part I of the States' Memorandum in Opposition to the United States' Motion for Summary Judgment, but write separately to adopt and support the concerns made in Part II of the States' Memorandum, as they relate directly to the concerns of Intervenors and phone customers everywhere.

Dated: March 20, 2009  /s/ Zachary L. Heiden
　　　　　　　　　　　　　　　　　Zachary L. Heiden
　　　　　　　　　　　　　　　　　Maine Civil Liberties Union Foundation
　　　　　　　　　　　　　　　　　401 Cumberland Avenue, Suite 105
　　　　　　　　　　　　　　　　　Portland, Maine 04101
　　　　　　　　　　　　　　　　　(207) 774-5444
　　　　　　　　　　　　　　　　　heiden@mclu.org

John M.R. Paterson
Bernstein Shur
100 Middle Street
P.O. Box 9729
Portland, ME  04104-5029
(207)  774-1200
jpaterson@bernsteinshur.com

Christopher B. Branson
Murray Plumb & Murray
75 Pearl Street
P.O. Box 9785
Portland, Maine 04104

Attorneys for Intervenors
James Cowie, et al.