JENNIFER L. HEINTZ (MO Bar No. 57128)
Attorney for Missouri Public Service Commission
200 Madison Street
P.O. Box 360
Jefferson City, MO  65102
Tel:  (573) 751-8701
Fax:  (573) 526-6969
E-mail:  jennifer.heintz@psc.mo.gov

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791 | MDL Docket No. 06-1791 VRW |
| This Document Relates To: | Relates to Case No. |
| Robert Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al., (W.D.Mo.) | 07-cv-1187-VRW |
| | **OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |
| | Courtroom:  6, 17th Floor |
| | Judge:  The Hon. Vaughn R. Walker |
| | Hearing:  May 7, 2009 |

## INTRODUCTION

**COMES NOW** Robert Clayton, Plaintiff in Robert Clayton, et al. v. AT&T Communications of the Southwest, Inc., et al., (W.D. Mo.) (Case No. 07-1187) and for his Opposition to the United States' Motion for Summary Judgment[1] respectfully states as follows:

---

[1] Plaintiff in Case No. 07-1187 also joins the brief filed by the State Officials on this date and that brief's arguments regarding the constitutionality of Section 803

# ARGUMENT

**Because the United States is not a party to Case No. 07-1187, the United States is not entitled to summary judgment and the United States' motion for summary judgment must be denied as to this case.**

Rule 56(a) of the Federal Rules of Civil Procedure provides that a "claiming party" may move for summary judgment after either 20 days have passed from the commencement of the action or the opposing party has moved for summary judgment. Rule 56(b) of the Federal Rules of Civil Procedure provides that a "defending party" may move for summary judgment at any time.

Neither (a) or (b) of Rule 56 is applicable to the United States in Case No. 07-1187. The United States is not the "claiming party" in Case No. 07-1187. Case No. 07-1187 is a case brought by two Commissioners of the Missouri Public Service Commission against the six AT&T companies providing regulated telecommunications services in Missouri. The "claiming parties" in Case No. 07-1187 are the Commissioners who requested relief in Missouri state court. Nor is the United States the "defending party" in Case No. 07-1187. The sole defendants named in Case No. 07-1187 are the six AT&T companies providing regulated telecommunications services in Missouri. The "defending parties" in Case No. 07-1187 are the six AT&T companies providing regulated telecommunications

---

are incorporation herein but will not be repeated in this brief for the sake of brevity.

services in Missouri. The United States has never intervened in Case No. 07-1187.

Because the United States is neither a "claiming party" nor a "defending party" pursuant to Rule 56 of the Federal Rules of Civil Procedure in Case No. 07-1187, the United States is not entitled to request summary judgment in Case No. 07-1187 and the United States' motion for summary judgment must be denied as to this case.

**Even if the United States had intervened in Case No. 07-1187, the United States would not be entitled to summary judgment in this case because the intervention of the United States would be limited to its ability to present facts and evidence as to the constitutionality of the FISA amendments.**

28 U.S.C. § 2403(a) provides that in any case in which the United States is not a party and the constitutionality of an "Act of Congress affecting the public interest is drawn in question" the court hearing the case "shall permit the United States to intervene for the presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." Section 2403(a) also provides "[t]he United States shall, subject to applicable provisions of law, have all the rights of a party…*to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.*" (Emphasis added). 28 U.S.C. § 2403(b) addresses a state's right of intervention and contains language identical to § 2403(a). The Ninth

Circuit has held that an intervention pursuant to § 2403(b) is limited to the state's right to present facts and law relating to constitutionality. *Yniguez v. Arizona,* 939 F.2d 727, 739 (9th Cir. 1991). Absent a live controversy between the parties, the *Yniguez* court found that the state would not have an independent right to assert any claim. *Id.*

Pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure, the court must grant an application to intervene to any party who is given an unconditional right to intervene by federal statute.

In this case, the United States has not moved to intervene either under § 2403(a) or Rule 24(a)(1). Even if the United States did move to intervene based on § 2403(a), the United States would not be entitled to summary judgment because the role of the United States would be limited to presentation of facts and law relating to the constitutionality of Section 803 and would not reach the underlying dispute. The underlying dispute addresses issues solely related to Missouri state law and the actions of regulated telecommunications carriers in Missouri. The underlying dispute does not draw into question the constitutionality of Section 803. Rule 24(a)'s grant of intervention as of right is limited to instances where the intervening party has an unconditional right to intervene under a federal statute. In this case, the federal statute in question would be § 2403(a), and the United States would not be entitled to any greater latitude under the rule than the statute allows.

Because the United States would be limited to presentation of facts and law relating to the constitutionality of Section 803 if granted intervention under federal rules or statutes and the underlying dispute does not involve the constitutionality of any federal statute, the United States is not entitled to summary judgment in Case No. 07-1187 and the United States' motion for summary judgment must be denied as to this case.

**Because Case No. 07-1187 is a case initiated by two Commissioners of the Missouri Public Service Commission against regulated Missouri telecommunications carriers and is not a case initiated by the United States, the plain language of Section 803 does not apply to Case No. 07-1187 and the United States' motion for summary judgment must be denied on this point.**

Section 803 of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1885b preempts states from investigating the alleged assistance of electronic communications service providers to elements of the intelligence community. Section 803(b) provides "[t]he United States may bring suit to enforce the provisions of this section."

Unlike the other state cases in this MDL, Case No. 07-1187 is not a suit brought by the United States. Case No. 07-1187 was initiated by two Commissioners of the Missouri Public Service Commission. The sole defendants in the action are the six AT&T companies providing regulated telecommunications services in Missouri. The claims brought by the Commissioners were all

grounded solely in state law as it existed at the time the suit was initiated. The United States has never intervened or become a party to this case.

Under the particular facts of this case, the provisions of Section 803 are inapplicable to the United States' motion for summary judgment. The United States' motion for summary judgment as to Case No. 07-1187 must be denied on this point.

**Because Case No. 07-1187 is not a suit initiated by the United States, Section 803 of the FISA amendments does not apply to this case and Section 802 of the FISA amendments more appropriately applies such that the United States' motion for summary judgment must be denied as to this case.**

Section 803 of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1885b preempts states from investigating the alleged assistance of electronic communications service providers to elements of the intelligence community. Section 803(b) provides "[t]he United States may bring suit to enforce the provisions of this section."

Section 802(a) of the Foreign Intelligence Surveillance Act provides "Procedures for Implementing Statutory Defenses" and provides that an electronic communications provider shall not be subject to liability in civil actions if the Attorney General certifies to the court that the assistance meets any of five enumerated criteria.

Section 802(d) of the Act provides that any plaintiff or defendant in a civil action pursuant to this section "shall be permitted to participate in the briefing or argument of any legal issue in a judicial proceeding conducted pursuant to this section, but only to the extent that such participation does not require the disclosure of classified information to such party."

Section 802(g) of the Act provides "[a] civil action against a person[2] for providing assistance to an element of the intelligence community that is brought in a State court shall be deemed to arise under the Constitution and laws of the United States and shall be removable under section 1441 of title 28, United States Code."

Section 802(i) provides that the Act applies "to a civil action pending on or filed after the date of the enactment of the FISA Amendments Act of 2008."

As discussed above, Case No. 07-1187 is not a case initiated by the United States pursuant to Section 803(d) of the Act. Case No. 07-1187 is a case initiated by two Commissioners of the Missouri Public Service Commission against the six AT&T companies providing regulated telecommunications services in Missouri pursuant to Missouri law. For the reasons discussed above, the provisions of Section 803 do not apply to this case.

---

[2] The Act defines "person" to include "an electronic communication service provider."

Conversely, the provisions of Section 802 could be found to be applicable to this case. Section 802 applies to civil actions attempting to fix liability against any person providing assistance to an element of the intelligence community. The action instituted by Commissioners Clayton and Gaw against the six regulated AT&T companies providing regulated telecommunications services in Missouri fits this criterion.

Similarly, this action was brought under State law, but is removable to federal court pursuant to Section 802(g) of the Act. Indeed, this case was removed from State court, where this case was initiated, to the United States District Court for the Western District of Missouri. The removal occurred at the request of the AT&T defendants. Although the United States appeared and argued at the removal hearing, the United States expressly did not intervene at that time. Although the United States instituted a separate injunction action in the United States District Court for the Eastern District of Missouri (now Case No. 07-1242 before this Court), the United States has never intervened or otherwise been made a party to Case No. 07-1187.

As a case which can be appropriately analyzed under the framework of Section 802, the plaintiffs in Case No. 07-1187 are entitled to participate in the briefing and argument of this case pursuant to Section 802(d) of the Act. Plaintiffs in Case No. 07-1187 are likewise entitled to a certification from the Attorney General in accordance with Section 802(a) of the Act. Section 802(i) applies to

Case No. 07-1187 because this case was pending at the time the FISA Amendments Act of 2008 was enacted.

Because the framework of Section 802 of the Act is more applicable to Case No. 07-1187 than the framework of Section 803 of the Act, the United States' motion for summary judgment based on Section 803 must be denied as to this case.

Plaintiff in Case No. 07-1187 is aware that constitutional challenges to Section 802 have been briefed and argued before this Court. Plaintiff will not raise those challenges again in this brief, but instead incorporates the arguments raised by the plaintiffs in the class action cases. In the event that the Court finds that Section 802 is applicable to Case No. 07-1187, Plaintiff preserves the right to raise constitutional issues at an appropriate time.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff prays that the United States' Motion for Summary Judgment be denied as to Case No. 07-1187.

Dated: 3-20-09

Respectfully submitted,

**/s/ Jennifer L. Heintz**
Jennifer L. Heintz
Missouri Bar No. 57128
Jaime Ott
Missouri Bar No. 60949
P. O. Box 360
Jefferson City, MO 65102
Tel: (573) 751-8701/Fax: (573) 526-6969
jennifer.heintz@psc.mo.gov
Attorneys for Missouri Public Service Commission
