SIDLEY AUSTIN LLP
David W. Carpenter*
Bradford A. Berenson*
David L. Lawson*
Edward R. McNicholas*
Eric A. Shumsky #206164
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
bberenson@sidley.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Bruce A. Ericson #76342
Jacob R. Sorensen #209134
Marc H. Axelbaum #209855
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120
Tel.: (415) 983-1000
Fax: (415) 983-1200
bruce.ericson@pillsburylaw.com

Attorneys for AT&T Defendants          * admitted pro hac vice

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> NATIONAL SECURITY AGENCY TELE-COMMUNICATIONS RECORDS LITIGATION <br><br><br><br><br><br><br> This Document Relates To: <br><br> *Clayton v. AT&T Communications of the Southwest, Inc.*, No. 07-1187 | MDL Dkt. No. 06-1791-VRW <br><br> **MOTION OF DEFENDANTS AT&T COMMUNICATIONS OF SOUTHWEST, INC., ET AL. TO DISMISS PLAINTIFF'S APPLICATION TO COMPEL; SUPPORTING MEMORANDUM** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Date: May 7, 2009 <br> Time: 10:30 a.m. <br> Courtroom: 6, 17th Floor <br> Judge: Hon. Vaughn R. Walker <br><br> Filed concurrently: <br> 1. Proposed Order |

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 7, 2009, at 10:30 a.m., before the Honorable Vaughn R. Walker, United States District Chief Judge, in Courtroom 6, 17th floor, 450 Golden Gate Avenue, San Francisco, California, defendants AT&T Communications of the Southwest, Inc., SBC Long Distance, L.L.C., SBC Advanced Solutions, Inc., TCG St. Louis Holdings, Inc. dba TCG St. Louis and Southwestern Bell Telephone L.P., and TCG Kansas City, Inc. (collectively, the "AT&T defendants"), will move and hereby do move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the plaintiff's First Amended Application to Compel Production of Documents and to Compel Witnesses to Appear and Answer Questions Upon Oral Examination (Dkt. 1-6, "Application") for failure to state a claim upon which relief can be granted.

This motion is made on the grounds that § 803 of the Foreign Intelligence Surveillance Act ("FISA") (added by § 201 of the FISA Amendments Act of 2008, Pub. L. No. 110-261, 122 Stat. 2436, 2467-70) expressly preempts the plaintiff's investigation into AT&T's alleged role in a foreign intelligence-gathering program of the National Security Administration ("NSA"), and that Commissioner Clayton does not have power under Missouri law to pursue this subpoena enforcement action on his own behalf.

This motion is based on this notice of motion and motion, the memorandum that follows, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion. To minimize unnecessary duplication, AT&T has cited and incorporated by reference the United States' consolidated motion for summary judgment in the "State Cases,"[1] as well as AT&T's prior briefing in support of its earlier motion to dismiss the plaintiff's Application.[2]

---

[1] U.S. Mot. For Summ. J. in *United States v. Rabner, et al.* (07-1324), *United States v. Clayton, et al.* (07-1242), *United States v. Adams, et al.* (07-1323), *United States v. Palermino, et al.* (07-1326), *United States v. Volz, et al.* (07-1396), *Clayton, et al. v. AT&T Communications of the Southwest, et al.* (07-1187) (collectively, the "State Cases") (No. 06-1791, Dkt. 536) ("U.S. Br.").

[2] Mot. of AT&T to Dismiss Pls.' Application to Compel (No. 06-1791, Dkt. 240) ("AT&T 1st Mot. to Dismiss"); Reply Br. in Support of Mot. to Dismiss Pls.' Application to Compel (No. 06-1791, Dkt. 301-1).

# MEMORANDUM OF POINTS AND AUTHORITIES

Missouri Public Service Commissioner Robert M. Clayton III seeks to enforce investigative subpoenas issued to the AT&T defendants that purport to require them to disclose information related to assistance that AT&T allegedly provided to the NSA, as part of a claimed foreign intelligence surveillance program. *See, e.g.,* Subpoena Ad Testificandum ¶¶ 1-5, Dkt. 1-3; Subpoena Duces Tecum ¶¶ 1-4, Dkt. 1-3. As the United States has explained in its motion for summary judgment, Commissioner Clayton's subpoenas (and this lawsuit to enforce them) are expressly preempted by § 803 of FISA. *See* U.S. Br. 6; 50 U.S.C. § 1885b(a). In an opposition brief Commissioner Clayton filed in this case alone, he has responded that, whatever the merits of the United States' argument in the other five State Cases, its motion for summary judgment must be denied in this case because the United States is not a party, as this is a subpoena enforcement action by a state official directly against a carrier. This hypertechnical argument fails. Even if the United States did not have a statutory right to move to dismiss this case, *see, e.g.,* 28 U.S.C. § 517; *id.* ¶ 2403(a), and even if the United States does not move to intervene, Commissioner Clayton's argument still comes to naught for the simple reason that in one of the other State Cases – *United States v. Clayton*, No. 07-1242 – the United States is a party and sued Commissioner Clayton, and granting the United States' requested relief in that case would have collateral estoppel effect in this one.

In any event, in an abundance of caution, the AT&T defendants file this motion to dismiss to ensure that the relief sought by the United States in all six State Cases applies equally to *Clayton v. AT&T Communications of the Southwest, Inc.* In addition, they further move to dismiss on the ground that Missouri law does not authorize plaintiff's attempt to compel AT&T to respond to the subpoenas. Enforcement of such investigative subpoenas must be undertaken by the Public Service Commission as a whole and not, as here, on the order of a single commissioner. *See* Mo. Rev. Stat. § 386.360.

1. On June 19 and June 22, 2006, several weeks after media reports regarding the claimed assistance of telecommunications carriers in classified NSA surveillance programs, two individual Commissioners of the Missouri State Public Service Commission – Clayton, and Steve

Gaw – issued investigative subpoenas purporting to seek information relating to AT&T's alleged disclosure of customer call records to the NSA. *See, e.g.,* Subpoena Ad Testificandum ¶¶ 1-5, Dkt. 1-3; Subpoena Duces Tecum ¶¶ 1-4, Dkt. 1-3. They did so without the support or assent of a majority of the Missouri Public Service Commission. When the AT&T defendants explained that they could not comply with the subpoenas, Commissioner Gaw responded by filing this enforcement action in Missouri state court (which was subsequently removed to federal court). *See* AT&T 1st Mot. to Dismiss 3-5 (Dkt. 240) (describing procedural background).[3] Elsewhere in Missouri, the United States filed a separate federal lawsuit to prevent Commissioner Gaw from enforcing, and AT&T from complying with, the very same subpoenas. *See United States v. Clayton* (07-1242). Both of those lawsuits now are before this Court.

2. As the United States has explained in its motion for summary judgment, § 803 of FISA expressly preempts state investigations into alleged classified federal intelligence programs, including the investigative subpoenas issued by plaintiff. *See* U.S. Br. 6. The plain language of § 803 divests the states of authority to investigate "alleged assistance to an element of the intelligence community." 50 U.S.C. § 1885b(a)(1); *see* U.S. Br. 4-8. Section 803 applies expressly to suits brought by "any officer, public utility commission, or other body authorized to regulate an electronic communication service provider." 50 U.S.C. § 1885(9) (defining the term "State"). Commissioner Clayton is an officer of a body authorized to regulate carriers such as the AT&T defendants. By virtue of § 803, therefore, he has no "authority to … conduct an investigation into [AT&T]'s alleged assistance to an element of the intelligence community." *Id.* § 1885b(a)(1). Nor may he "commence or maintain a civil action or other proceeding to enforce a requirement that an electronic communication service provider disclose information concerning alleged assistance to an element of the intelligence community." *Id.* § 1885b(a)(4). Indeed, Congress enacted § 803 in response to the several pending investigations, including this one, which were initiated to "investigate cooperation by state regulated carriers with U.S. intelligence agencies." S. Rep. No. 110-209, at 26 (2007); *see also* U.S. Br. at 7-8. Accordingly, for the reasons the United States has

---

[3] Commissioner Gaw's term on the Commission subsequently expired, and Commissioner Clayton now remains the sole plaintiff. *See* Order Amending Case Caption (07-1187, Dkt. 15).

set forth, Commissioner Clayton's Application to compel the AT&T defendants to respond to the investigative subpoenas must be dismissed.

3. Plaintiff's enforcement action also is foreclosed by Missouri law. As the AT&T defendants previously have explained,[4] the powers of the individual commissioners of the Missouri Public Service Commission are expressly enumerated. And, whereas individual commissioners may "undertake[]" an "investigation" or "inquiry," including the power to issue subpoenas, Mo. Rev. Stat. § 386.130; *see* AT&T 1st Mot. to Dismiss 21-24 (Dkt. 240); Reply Br. in Supp. of AT&T 1st Mot. to Dismiss 12-14 (Dkt. 301-1), Missouri law is equally clear that actions to *enforce* investigative subpoenas like the ones at issue here can only be undertaken by the five-member Commission *as a whole*. Mo. Rev. Stat. § 383.360.1 (providing that the general counsel of the Public Service Commission "shall" file such suits "in the name of the commission"). For this reason as well, Commissioner Clayton's lawsuit must be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss should be granted.

---

[4] The AT&T defendants advanced this argument as a basis to dismiss plaintiff's Application in their earlier motion to dismiss. *See* AT&T 1st Mot. to Dismiss 21-24 (Dkt. 240); Reply Br. in Supp.of AT&T 1st Mot. to Dismiss 12-14 (Dkt. 301-1). This Court did not address the issue. *See generally In re NSA Telecomm. Records Litig.*, 2007 WL 2127345 (N.D. Cal. July 24, 2007). Because the clear absence of authority under Missouri law to pursue this enforcement action remains an independent reason to dismiss, we therefore respectfully renew the argument here.

| | |
|---|---|
| Dated: April 2, 2009 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>David W. Carpenter (pro hac vice)<br>Bradford A. Berenson (pro hac vice)<br>David L. Lawson (pro hac vice)<br>Edward R. McNicholas (pro hac vice)<br>Eric A. Shumsky #206164<br>1501 K Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 736-8010<br>Fax: (202) 736-8711<br>bberenson@sidley.com<br><br>By: /s/ Bradford A. Berenson<br>    Bradford A. Berenson<br><br>PILLSBURY WINTHROP SHAW<br>  PITTMAN LLP<br>Bruce A. Ericson #76342<br>Jacob R. Sorensen #209134<br>Marc H. Axelbaum #209855<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA 94120<br>Tel.: (415) 983-1000<br>Fax: (415) 983-1200<br>bruce.ericson@pillsburylaw.com<br><br>Attorneys for the AT&T Defendants |

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Marc H. Axelbaum, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatories listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on April 2, 2009, at San Francisco, California.

By: /s/ Marc H. Axelbaum
    Marc H. Axelbaum

Attorney for the AT&T Defendants