JENNIFER HEINTZ (MO 57128)
Jennifer.Heintz@psc.mo.gov
Attorney for Missouri Public Service Commission
CHRISTOPHER C. TAUB (ME 8416)
Christopher.C.Taub@maine.gov
Assistant Attorney General of Maine
MEGAN LEWIS (ML3429)
Megan.Lewis@dol.lps.state.nj.us
Assistant Attorney General of New Jersey
TATIANA D. EIRMANN (CT 03398)
tatiana.eirmann@po.state.ct.us
Assistant Attorney General of Connecticut
MICHAEL DONOFRIO (VT 4400)
mdonofrio@atg.state.vt.us
Assistant Attorney General of Vermont

[Additional counsel for states appear on signature page.]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. M:06-cv-1791-VRW |
| This Document Relates To: | **STATE OFFICIALS' SUR-REPLY IN OPPOSITION TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |
| *Clayton, et al. v. AT&T Communications of the Southwest, et al.* (W.D. Mo. 07-1187)<br>*United States v. Clayton, et al.* (E.D. Mo. 07-1242)<br>*United States v. Reishus, et al.* (D. Me. 07-1323)<br>*United States v. Farber, et al.* (D. N.J. 07-1324)<br>*United States v. Palermino, et al.* (D. Conn. 07-1326)<br>*United States v. Volz, et al.* (D. Vt. 07-1396) | Hearing: May 7, 2009; 10:30 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

As permitted by the stipulation and order approved by the Court on February 26, 2009, Doc. No. 574, the States submit this sur-reply to address two aspects of the United States' reply brief.

**ARGUMENT**

**The United States fundamentally mischaracterizes the state proceedings.**

The United States' discussion of the state proceedings is misleading and warrants clarification. In particular, as explained below, its statement that no state has indicated that it "would limit [its] inquiries to matters that clearly do not implicate national security activities," Doc. No. 596 at 13, does not hold water.

For example, with respect to Connecticut, the United States makes reference to the CT DPUC's Order Denying Motion to Dismiss (Doc. No. 596-5, Exh. D to U.S. Reply, at 1) where the CT DPUC is simply describing the ACLU-CT complaint as seeking to obtain information regarding disclosure to the NSA. However, the CT DPUC expressly states that its proceeding is conducted for the purpose of ascertaining whether the Carriers disclosed "CPNI [customer proprietary network information] or records to private parties, government entities or law enforcement personnel *when not compelled to do so by subpoena, court order, warrant or on request* under 18 U.S.C. §2709 (NSL), the details of instances when CPNI was released to such entities and whether the companies had privacy policies during the relevant period of time concerning the disclosure of CPNI without being compelled to do so." *Id.* at 4 (emphasis in original). It is apparent that the scope of the administrative proceeding encompasses a variety of

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

2

entities, both private and governmental. In that regard, it is misleading to suggest that the exclusive focus of the CT DPUC's investigation is the relationship between the Carriers and the NSA. Most certainly, the request for existing policies, written or otherwise, is totally unrelated to the Carriers' relationship with elements of the intelligence community. Thus, the United States' characterization of the Connecticut proceeding misses the mark and fails to justify dismissal of the entire investigation.

Moreover, the United States' reliance on the original information requests propounded by the Vermont Department of Public Service overlooks the fact that the Vermont Public Service Board, in 2007, "decided to allow discovery and to establish a schedule for further proceedings, albeit with a carefully limited scope." *See* Vt. PSB Dkt. Nos. 7183, 7192, 7193, Procedural Order at 9 (Oct. 31, 2007) (attached as Exhibit A). Relying on this Court's decision in *In re NSA Telecomms. Records Litig.*, 2007 U.S. Dist. LEXIS 53456 (N.D. Cal. July 24, 2007), the Board "define[d] a narrow scope of issues for the current phase of these dockets," carving out five discrete categories of information from the Department of Public Service's initial requests as permissible areas of inquiry. *Id.* at 9-11. Further, the Board explicitly excluded from the scope of the docket any inquiry into assistance provided by the carriers to the NSA involving disclosure of customer records. *Id.* at 11. The Board also expressly recognized that any effort to "examine in any respect the practices of the federal government, including how it may process information received from the carriers" would go beyond the scope of the proceeding. *Id.* at 12.

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

3

Finally, the Board required that copies of discovery requests be filed with the Department of Justice. *Id.* at 13 n.51.

Importantly, these procedural safeguards imposed by the Board worked, in that they allowed limited discovery to move forward without running afoul of this Court's decision or implicating national security matters. Within weeks of the Procedural Order, the Vermont Department of Public Service issued revised discovery requests, and the carriers supplied responses and objections to those requests.

Indeed, as the Board noted, the United States had filed a letter before the Board stating that it would seek immediate injunctive relief if the Board allowed discovery touching on the relationship, if any, between the carriers and the NSA. *Id.* at 8-9. The United States also had requested an opportunity to seek injunctive relief from this Court if the Board decided to allow the docket to move forward. *Id.* at 9. The United States, however, did not move for such relief as the Department propounded its revised requests and the carriers responded to them.

In its reply, the United States remains steadfastly focused on the original 2006 information requests propounded by the Vermont Department of Public Service, Doc. No. 596 at 11, failing to step back and place the Vermont proceeding in its proper procedural context.[1] By fixating on the original information requests, several of which did explicitly reference the NSA, the United States has created a straw man, which it then attacks by arguing that the States have

[1] The United States also notes that the Vermont proceeding "has not been dropped" as evidence that Vermont's interest is not restricted to "matters solely outside the scope of Section 803." The October 31, 2007 Procedural Order, however, speaks for itself and shows that the Vermont Public Service Board proactively limited the scope of the proceeding so as to stay clear of national security matters.

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

4

refused to "limit their inquiries to matters that clearly do not implicate national security activities." *Id.* at 13.  Yet, as the Procedural Order demonstrates, this is precisely what the Vermont Public Service Board has done.  The fact that the United States now argues that Section 803 swallows the state proceedings whole, even where the States have defined their scope so as to avoid national security matters, illustrates the potential mischief flowing from the ambiguous, sweeping revocation of traditional state police power Section 803 purports to establish and amplifies the States' arguments that the statute cannot stand.

## **CONCLUSION**

For the reasons set forth above and in the States' opposition brief, the State respectfully request that the Court deny the United States' motion for summary judgment and rule Section 803 unconstitutional.

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to:  Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

5

DATED: April 23, 2009

Respectfully submitted,

WILLIAM H. SORRELL
ATTORNEY GENERAL OF VERMONT

By: */s/ Michael N. Donofrio*
Michael N. Donofrio (VT 4400)
mdonofrio@atg.state.vt.us
Mark J. DiStefano
Assistant Attorneys General
109 State Street
Montpelier, VT 05609
Tel: (802) 828-3171
Fax: (802) 828-1500
Counsel for Defendants Volz,
Coen, Burke, and O'Brien

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

6

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, MICHAEL N. DONOFRIO, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed below. I declare under penalty of perjury that the foregoing declaration is true and correct.

April 23, 2009
Montpelier, Vermont

*/s/ Michael N. Donofrio*
Michael N. Donofrio

STUART RABNER
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Megan Lewis*
Megan Lewis
Assistant Attorney General
R. J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
Tel: (609) 292-8576
Fax: (609)777-3120
Counsel for Defendants Farber, Ricketts and O'Donnell

RICHARD BLUMENTHAL
ATTORNEY GENERAL
OF CONNECTICUT

By: */s/ Tatiana D. Eirmann*
Tatiana D. Eirmann
Assistant Attorney General
10 Franklin Square
New Britain, CT 06051
Tel: (860) 827-2620
Fax: (860) 860-2893
Counsel for Defendants Palermino, Downes, Betkoski, Goldberg and George

JANET T. MILLS
ATTORNEY GENERAL OF MAINE

By: */s/ Christopher C. Taub*
Christopher C. Taub
Assistant Attorneys General
Six State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800
Fax: (207) 287-3145
Counsel for Defendants Reishus, Vafiades, and Cashman

*/s/ Jennifer Heintz*
Jennifer Heintz
P.O. Box 360
Jefferson City, MO 65102
Tel: (573) 526-6715
Fax: (573) 751-9285
Attorneys for the Missouri Public Service Commission

STATE OFFICIALS' SUR-REPLY
IN OPPOSITION TO UNITED STATES'
MOTION FOR SUMMARY JUDGMENT

MDL Docket No. 06-1791-VRW
Relates to: Case No. 07-cv-1187-VRW
Case No. 07-cv-1242-VRW
Case No. 07-cv-1323-VRW
Case No. 07-cv-1324-VRW
Case No. 07-cv-1326-VRW
Case No. 07-cv-1396-VRW

7