BRUCE I. AFRAN
CARL J. MAYER
STEVEN E. SCHWARZ

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 (VRW) |
| _____ | ***McMURRAY* PLAINTIFFS' RESPONSE TO AT&T INC. AND BELLSOUTH CORPORATIONS' MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| **This Document Relates To:** | |
| ***McMurray v. Verizon Comm., Inc.*, No. 09-cv-0131-VRW** | [CIVIL L.R. 7-11] |
| _____ | Chief Judge Vaughn R. Walker |

*McMurray* Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction, *McMurray, et al. v. Verizon, et al.*, 09-cv-0131-VRW (MDL 06-cv-1791-VRW).

# INTRODUCTION AND FACTUAL BACKGROUND

On April 28, 2006, in Case No. C:06-0672-VRW, *Hepting, et al. v. AT&T Corp., et al*, Defendant AT&T Inc. moved, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction over it. (*Hepting* Dkt. No. 79[1]). On June 6, 2006, The *Hepting* plaintiffs opposed (*Hepting* Dkt. No. 176) and on June 16, 2006, AT&T Inc. replied (*Hepting* Dkt. No. 238). Oral argument was heard on AT&T Inc.'s motion on June 23, 2006.

On April 30, 2007, Defendants Verizon Communications Inc., Verizon Global Networks Inc., and MCI, LLC (collectively, "Verizon") brought a similar motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2) all complaints brought against Verizon in the MDL. (Dkt. No. 268).

On June 22, 2007, those MDL Plaintiffs suing Verizon submitted a Joint Response to Verizon's motion to dismiss. (Dkt. No. 313).

On August 3, 2007, Verizon submitted a Reply in support of its motion to dismiss. (Dkt. No. 338).

On September 12, 2007, the Verizon Plaintiffs and Defendants submitted a Joint Notice "agree(ing) that the Court need not decide this pending motion at this time." (Dkt. No. 372 at 3). The Joint Notice indicates that "At the August 30, 2007 hearing, the Court asked the parties to confer in an attempt to resolve the pending motion to dismiss for lack of personal jurisdiction… and to report the results of those discussions to the Court within two weeks." (Dkt. No 372 at 2).

On September 26, 2007, having considered the arguments of both parties in *Hepting,* the Court terminated AT&T Inc.'s motion to dismiss for lack of personal jurisdiction, holding "The motion to dismiss at docket number 79 will be terminated; it may be re-noticed upon remand of this case if the moving party so wishes." (Dkt. No. 378 at 2). AT&T Inc. has not re-noticed its motion.

---

[1] Docket numbers throughout this brief refer to the MDL-1791 docket unless otherwise noted.

***McMurray* Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction, *McMurray, et al. v. Verizon, et al.,* 09-cv-0131-VRW (MDL 06-cv-1791-VRW).**

2

On September 27, 2007, the Court directed the clerk "to terminate (Verizon's) motion to dismiss for lack of personal jurisdiction at docket number 268 without prejudice to renewal upon request of the moving parties." (Dkt. No. 379). Verizon has not renewed its motion.

On July 10, 2008, the *McMurray* Plaintiffs filed a Complaint against various Government and telecom defendants challenging the legality of the FISA Amendments Act of 2008. The telecom defendants are necessary parties to the *McMurray* lawsuit because they are the sole intended beneficiaries of the legislation, because they will inevitably be joined as third parties if they are not named now as defendants, and because, upon information and belief, they engaged in significant and extensive lobbying to bring about the legislation which was ultimately enacted into law to their great, and sole, benefit.

On March 16, 2009, Defendants AT&T Inc. and BellSouth Corporation[2] moved, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss Plaintiffs' Complaint in *McMurray, et al. v. Verizon Communications, Inc., et al.,* No. 09-cv-0131-VRW, for lack of personal jurisdiction over them. (Dkt. No. 584).

## ARGUMENT

For the reasons argued below, the Court should terminate Defendants' motion.

### 1. *The pending motion and the terminated motions in Hepting and Verizon are practically identical.*

The pending motion and the terminated motions in *Hepting* and Verizon are, for all practical purposes, identical. (Compare *Hepting* Dkt. No. 79 with Dkt. No. 268 (Verizon) and Dkt. No 584 (*McMurray*)). The pending motion appears to be a *pro forma* effort by Defendants to preserve in this case a terminated argument which they have previously made in *Hepting* and which Verizon has made in the MDL. The only noteworthy difference between the pending motion and the *Hepting* motion is that the *McMurray* motion is brought on behalf of BellSouth

---

[2] Although the *McMurray* Complaint names Verizon Communications Inc. as a Defendant, Verizon has not joined AT&T Inc. and BellSouth Corporation in the pending motion.

**McMurray Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction, *McMurray, et al. v. Verizon, et al.,* 09-cv-0131-VRW (MDL 06-cv-1791-VRW).**

Corporation in addition to AT&T Inc. while the *McMurray* motion was not brought on behalf of BellSouth Corporation. The reason is simple. The *Hepting* Plaintiffs did not name any BellSouth entity as a Defendant in their Amended Complaint while the *McMurray* Plaintiffs did. The legal arguments advanced by Defendants are the same with respect to the Defendants. The two telecom entities (AT&T and BellSouth) completed a merger during the course of this litigation and are now represented by the same attorneys.

The jurisdictional issues now raised by Defendants have already been extensively briefed not once, but twice, in this MDL. The *McMurray* Plaintiffs' substantive arguments in response have already been outlined at great length in the *Hepting* Plaintiffs' (*Hepting* Dkt. No. 176) and the Verizon Plaintiffs' response briefs (Dkt. No. 313) and so will not be repeated here.

### 2. *The Court should terminate the pending motion as it terminated the motions in Hepting and Verizon.*

Just as the Court terminated the jurisdictional motions to dismiss in *Hepting* and Verizon with leave to re-notice, the Court should so terminate the pending motion with leave to re-notice. Oral argument on the pending motion is scheduled for June 4, 2009. The undersigned attorneys certify that they have initiated discussions with opposing counsel to attempt to reach agreement similar to the one reached in Verizon that brought about the Joint Notice of deferral (Dkt. No. 372) and hope to submit a similar joint notice shortly.

### 3. *The Court's Order in Hepting is the law of the case and should not be disturbed.*

The Court's September 26, 2007 Order in the MDL docket - essentially, that jurisdictional challenges of the nature already raised by AT&T Inc. and litigated by both parties in *Hepting* are premature - is now the law of the case. As such, the burden of persuasion in *McMurray* is on the Defendants to successfully argue that the Court's ruling was clearly erroneous and would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Arizona v. California,* 460 U.S. 605, 618, n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983).

*McMurray* **Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction,** *McMurray, et al. v. Verizon, et al.,* **09-cv-0131-VRW (MDL 06-cv-1791-VRW).**

4

Defendants have not even attempted to, nor could they successfully, do so.

## **CONCLUSION**

Based on the above arguments, the Court should terminate the pending motion with leave to re-notice.

Dated:  May 7, 2009                              Respectfully submitted,
       Princeton, New Jersey

By:  ___/s/ Bruce I. Afran_____
BRUCE I. AFRAN, Esq.
10 Braeburn Drive
Princeton, NJ 08540
Telephone:  (609) 924-2075

*Attorney for the Plaintiffs*

MAYER LAW GROUP, LLC
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
Telephone:  (609) 921-8025
Facsimile:  (609) 921-6964

THE LAW OFFICES OF STEVEN E.
SCHWARZ, ESQ., LLC
Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone:  (773) 837-6134
Facsimile:  (773) 837-6134

*Attorneys for the Plaintiffs*

*McMurray* **Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction,** *McMurray, et al. v. Verizon, et al.,* **09-cv-0131-VRW (MDL 06-cv-1791-VRW).**

5

## CERTIFICATE OF SERVICE

I, Steven E. Schwarz, an attorney, hereby certify that, on this 7th day of May, 2009, I electronically filed and served the foregoing Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction in the above-captioned case using the CM/ECF system which will send via electronic mail copies to all attorneys who are registered users of that system.

By: /s/ Steven E. Schwarz
Steven E. Schwarz

*McMurray* **Plaintiffs' Response to AT&T Inc. and BellSouth Corporations' Motion to Dismiss for Lack of Jurisdiction,** *McMurray, et al. v. Verizon, et al.,* **09-cv-0131-VRW (MDL 06-cv-1791-VRW).**