ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
tien@eff.org
KURT OPSAHL (191303)
kurt@eff.org
KEVIN S. BANKSTON (217026)
bankston@eff.org
CORYNNE MCSHERRY (221504)
corynne@eff.org
JAMES S. TYRE (083117)
jstyre@eff.org
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333
415/436-9993 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>ALL CASES Except: *Al-Haramain Islamic Foundation, Inc. v. Bush*, No. 07-0109; *Center for Constitutional Rights v. Bush*, No. 07-1115; *Guzzi v. Bush*, No. 06-06225; *Shubert v. Bush*, No. 07-0693; *Clayton v. AT&T Commc'ns of the Southwest*, No. 07-1187; *U.S. v. Adams*, No. 07-1323; *U.S. v. Clayton*, No. 07-1242; *U.S. v. Palermino*, No. 07-1326; *U.S. v. Rabner*, No. 07-1324; *U.S. v. Volz*, No. 07-1396; *McMurray v. Verizon Communications, Inc.* No. 09-0131 | MDL Docket No 06-1791 VRW<br><br>**CLASS ACTION**<br><br>**NOTICE OF NEW FACTUAL AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION OF THE UNITED STATES SEEKING TO APPLY 50 U.S.C. § 1885a TO DISMISS THESE ACTIONS**<br><br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

NOTICE OF NEW FACTUAL AUTHORITIES IN SUPPORT OF
PLTFS OPP TO MTN OF THE US SEEKING TO APPLY 50 U.S.C.
§ 1885a TO DISMISS THESE ACTIONS

Dockets.Justia.com

Plaintiffs hereby submit new government statements and disclosures, made after the December 2, 2008, oral argument, to assist the court in its determination of the above-referenced motion.[1]

1. Attached hereto as Exhibit A is a true and correct copy of a *New York Times* article published on April 15, 2009, revealing further information about the NSA's warrantless wiretapping and its violation of existing law and court orders. (Eric Lichtblau and James Risen, *Officials Say U.S. Wiretaps Exceeded Law,* NEW YORK TIMES, April 15, 2009, at A1).

2. Attached hereto as Exhibit B is a true and correct copy of the Justice Department's statement regarding the unlawful surveillance described in Exhibit A.

3. Attached hereto as Exhibit C is a true and correct copy of a statement by the Director of National Intelligence, Dennis C. Blair, given the day after the New York Times published the news story above. (Dennis C. Blair, STATEMENT BY THE DIRECTOR OF NATIONAL INTELLIGENCE, DENNIS C. BLAIR, April 16, 2009).

4. In Exhibit A, the *New York Times* reported that an inquiry by the Justice Department uncovered that the National Security Agency had improperly intercepted private e-mail messages and phone calls of Americans in recent months, exceeding the limits established by FISA.

5. The Justice Department's statement (Exhibit B) confirms and expands upon the concessions in the *New York Times* report. The statement admits that the government needed to take "comprehensive steps to correct the situation and bring the [NSA surveillance] program into compliance" "with existing laws and court orders." This is an admission that the NSA surveillance program has been out of compliance "with existing laws and court orders."

6. The *New York Times* also reports that intelligence officials described the practice of "'overcollection' of domestic communications of Americans . . . as significant and systemic." The officials stated that the NSA was "improperly capturing information involving significant amounts of American traffic."

7. In Exhibit C, published the day after the *New York Times* article above, the Director of

---

[1] The Gov't Motion to Dismiss is Document 469; Plaintiffs Opposition is Document 483.

National Intelligence, whose office supervises the NSA, also admitted violations. In it the Director of National Intelligence, Dennis Blair, admits that the "NSA has made mistakes and intercepted the wrong communications." Thus, both the Justice Department (see Exhibit B) and the Director of National Intelligence (see Exhibit C) have made admissions verifying the existence of the NSA's unlawful "overcollection" of domestic communications.

8. This new information is further proof that the certification of former Attorney General Michael Mukasey that is the sole basis for the government's pending motion to dismiss is not supported by "substantial evidence". (September 19, 2008 certification of former Attorney General Michael Mukasey (Docket 469-3) pursuant to 50 U.S.C. § 1885a ("section 802")). In his certification, the former Attorney General attested that the claims against Defendants all fall within one or more provisions of section 802(a), i.e., asserting that all post-January 17, 2007 surveillance in which Defendants have participated has been lawfully conducted pursuant to one or more of the statutory authorities listed in section 802(a)(1)-(3). However, the government now admits that there has been post-January 17, 2007 surveillance that is not in "compliance with existing laws and court orders." Accordingly, there is a triable issue of material fact about the accuracy and veracity of the former Attorney General's certification.

9. The new information of significant and systemic "overcollection" also undermines the former Attorney General's assertion that no content-dragnet has ever occurred. (Public Certification of the Attorney General, at 2:18-19).

10. In addition, the new information further demonstrates that section 802 deprives Plaintiffs of due process by depriving them of an adequate opportunity to be heard and to contest the veracity and accuracy of the former Attorney General's certification.

11. Plaintiffs respectfully request that Exhibits A, B, and C be considered along with the other evidence submitted in support of Plaintiffs' Opposition to Motion of the United States Seeking to Apply FISAAA § 802 (50 U.S. C. §1885a) to Dismiss These Actions (Docket 483).

12. Finally, Plaintiffs respectfully renew their request that, prior to any ruling on the government's summary judgment motion, they be afforded an adequate opportunity to conduct

discovery pursuant to Federal Rule of Civil Procedure 56(f) (*See* Docket 478).

DATED: May 18, 2009　　　　　　　　　　　　ELECTRONIC FRONTIER FOUNDATION

By _____*/s/Cindy Cohn*_____
　　Cindy A. Cohn, Esq. (SBN 145997)
　　Lee Tien, Esq. (SBN 148216)
　　Kurt Opsahl, Esq. (SBN 191303)
　　Kevin S. Bankston, Esq. (SBN 217026)
　　Corynne McSherry, Esq. (SBN 221504)
　　James S. Tyre, Esq. (SBN 083117)
　　454 Shotwell Street
　　San Francisco, CA 94110
　　Telephone:　　(415) 436-9333 x108
　　Facsimile:　　(415) 436-9993

ATTORNEYS FOR AT&T CLASS
PLAINTIFFS AND CO-CHAIR OF
PLAINTIFFS' EXECUTIVE COMMITTEE

Additional Plaintiffs' Counsel on Executive Committee and Liaison Counsel:

| | |
|---|---|
| ROGER BALDWIN FOUNDATION OF ACLU<br>HARVEY GROSSMAN<br>ADAM SCHWARTZ<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 201-9760<br><br>PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER<br>BARRY R. HIMMELSTEIN<br>ERIC B. FASTIFF<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS |
| MOTLEY RICE LLC<br>Ronald L. Motley<br>Donald A. Migliori<br>Jodi Westbrook Flowers<br>Vincent I. Parrett<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465<br>Telephone: (843) 216-9000<br>Facsimile: (843) 216-9450<br><br>PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS | GEORGE & BROTHERS, L.L.P.<br>R. JAMES GEORGE, JR.<br>DOUGLAS BROTHERS<br>1100 Norwood Tower<br>114 W. 7th Street<br>Austin, Texas 78701<br>Telephone: (512) 495-1400<br>Facsimile: (512) 499-0094<br><br>PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS |
| THE MASON LAW FIRM, PC<br>GARY E. MASON<br>NICHOLAS A. MIGLIACCIO<br>1225 19th St., NW, Ste. 500<br>Washington, DC 20036<br>Telephone: (202) 429-2290<br>Facsimile: (202) 429-2294<br><br>PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS | MAYER LAW GROUP<br>CARL J. MAYER<br>66 Witherspoon Street, Suite 414<br>Princeton, New Jersey 08542<br>Telephone: (609) 921-8025<br>Facsimile: (609) 921-6964<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |
| BRUCE I AFRAN, ESQ.<br>10 Braeburn Drive<br>Princeton, NJ 08540<br>609-924-2075<br><br>PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS | LISKA, EXNICIOS & NUNGESSER ATTORNEYS-AT-LAW<br>VAL PATRICK EXNICIOS<br>One Canal Place, Suite 2290<br>365 Canal Street<br>New Orleans, LA 70130<br>Telephone: (504) 410-9611<br>Facsimile: (504) 410-9937 |

| | | |
|---|---|---|
| 1 | | PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS |
| 2 | | |
| 3 | | |
| 4 | KRISLOV & ASSOCIATES, LTD. | THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ. |
| 5 | CLINTON A. KRISLOV | STEVEN E. SCHWARZ |
| 6 | 20 North Wacker Drive Suite 1350 | 2461 W. Foster Ave., #1W |
| 7 | Chicago, IL 60606 Telephone: (312) 606-0500 | Chicago, IL 60625 Telephone: (773) 837-6134 |
| 8 | Facsimile: (312) 606-0207 | PLAINTIFFS' COUNSEL FOR BELLSOUTH |
| 9 | PLAINTIFFS' COUNSEL FOR BELLSOUTH SUBSCRIBER CLASS | SUBSCRIBER CLASS |