IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

NATIONAL SECURITY AGENCY
TELECOMMUNICATIONS RECORDS
LITIGATION

This order pertains to:

Al-Haramain Islamic Foundation et al v Bush et al (C-07-0109 VRW),

MDL Docket No 06-1791 VRW

ORDER

On January 5, 2009, the court ruled on cross-motions in this action, denying the United States government defendants' third motion to dismiss (Doc #475/49[1]) and granting plaintiffs' motion for discovery pursuant to 50 USC § 1806(f)(Doc #472/46). Doc #537/57 at 22.

The January 5 order also set forth orders designed to make it possible for the court to determine whether plaintiffs had been subject to unlawful electronic surveillance and to enter an order under seal regarding the outcome of that determination. The order provided for plaintiffs' counsel to obtain top

---

[1] Documents will cited both to the MDL docket number (No M 06-1791) and to the individual docket number (No C 07-0109) in the following format: Doc #xxx/yy.

secret/sensitive compartmented information (TS/SCI) security clearances and ordered the government to review its classified submissions in this case and determine whether any could be declassified. Id at 22-25. At the January 23 case management conference herein, the court stated:

> I have no intention of reviewing the sealed document [containing classified information] until we get all of these pieces in place so that we can proceed in a judicial fashion; and by that I mean a fashion in which both parties have access to the material upon which the court makes a decision.

RT (Doc #532) at 34.

The January 5 order noted in detail the manner in which defendants had declined "fully [to] engage with plaintiffs' [§ 1806(f)] motion, but rather seem[ed] to hold themselves aloof from it" while continuing to assert legal positions already specifically rejected by the court in previous orders. Doc #537/57 at 20-22.

Defendants next filed a notice of appeal and moved the court for an order certifying the January 5 order for an interlocutory appeal. The court denied the motion and ordered defendants to inform the court by February 27, 2009 how they intended to comply with the January 5 order. Doc #562/71. The court of appeals dismissed defendants' appeal and agreed with this court that an interlocutory appeal was not appropriate. Al-Haramain Islamic Foundation, Inc v Obama, No 09-15266 (9th Cir February 27, 2009). Defendants, in response, presented to the court "three similar-sounding alternatives all of which appear[ed] geared toward obtaining a stay of this court's proceedings and review by the court of appeals." Doc #600/84 at 1-2.

\\

The court next ordered the parties to meet and confer regarding the entry of an appropriate protective order and to submit such an order to the court. Id at 2. The parties filed their joint submission on May 15, 2009. Doc #626/89.

As the court understands the situation:

1. The United States has completed suitability determinations for two of plaintiffs' attorneys and found them suitable for TS/SCI clearances, but government officials in one or more defendant agencies, including the NSA Director (Doc #626/89 at 16), are refusing to cooperate with the court's orders because, they assert, plaintiffs' attorneys do not "need to know" the information that the court has determined they do need to know.

2. Defendants have refused to agree to any terms of the protective order proposed by plaintiffs and have refused to propose one of their own. Doc #626/89 at 35.

Defendants are now ordered to show cause why, as a sanction for failing to obey the court's orders:

(1) defendants should not be prohibited, under FRCP 37(b)(2)(ii), from opposing the liability component of plaintiffs' claim under 50 USC § 1810 —— that is, from denying that plaintiffs are "aggrieved persons" who were subjected to electronic surveillance; and

(2) the court should not deem liability under 50 USC § 1810 established and proceed to determine the amount of damages to be awarded to plaintiffs.

Defendants shall submit written response to this order no later than May 29, 2009.

\\

3

Plaintiffs shall, no later than May 29, 2009, submit a memorandum addressing whether it would now be appropriate and/or feasible for plaintiffs to file a motion for summary judgment on their claim under 50 USC § 1810.  Plaintiffs should address the merits of filing such a motion under two scenarios: (1) with a protective order in place allowing plaintiffs' counsel access to the Sealed Document; and (2) with no such protective order and no such access.

Counsel for the parties shall appear for a hearing on these questions June 3, 2009 at 2:00 pm in Courtroom 6.

IT IS SO ORDERED.

                                                                                               
**VAUGHN R WALKER**
**United States District Chief Judge**