| | |
|---|---|
| SIDLEY AUSTIN LLP<br>David W. Carpenter*<br>Bradford A. Berenson*<br>David L. Lawson*<br>Edward R. McNicholas*<br>Eric A. Shumsky #206164<br>1501 K Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 736-8000<br>Fax: (202) 736-8711<br>bberenson@sidley.com | WILMER CUTLER PICKERING HALE AND DORR LLP<br>Randolph D. Moss*<br>Samir C. Jain # 181572<br>Brian M. Boynton # 222193<br>Catherine M.A. Carroll*<br>1875 Pennsylvania Ave, N.W.<br>Washington, DC 20006<br>Tel.: (202) 663-6000<br>Fax: (202) 663-6363<br>randolph.moss@wilmerhale.com |
| PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Bruce A. Ericson #76342<br>Jacob R. Sorensen #209134<br>Marc H. Axelbaum #209855<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA 94120<br>Tel.: (415) 983-1000<br>Fax: (415) 983-1200<br>bruce.ericson@pillsburylaw.com | MUNGER, TOLLES & OLSON LLP<br>Henry Weissmann # 132418<br>Susan R. Szabo # 155315<br>Aimee A. Feinberg # 223309<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel.: (213) 683-9100<br>Fax: (213) 683-5150<br>henry.weissmann@mto.com |
| Attorneys for AT&T Corp. and Specially Appearing Defendants AT&T Inc. and BellSouth Corporation | Attorneys for Verizon Communications Inc.<br><br>* admitted pro hac vice |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL SECURITY AGENCY TELE-COMMUNICATIONS RECORDS LITIGATION<br><br><br>This Document Relates To:<br><br>*McMurray v. Verizon Communications, Inc., et al.*, No. 09-cv-0131-VRW | MDL Dkt. No. 06-1791-VRW<br><br>**REPLY BRIEF IN SUPPORT OF TELECOMMUNICATIONS CARRIER DEFENDANTS' MOTION TO DISMISS**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Date: June 3, 2009<br>Time: 10:30 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: Hon. Vaughn R. Walker |

Reply Brief in Support of Telecom. Carriers' Motion to Dismiss
MDL No. 06-1791-VRW

Dockets.Justia.com

The McMurray plaintiffs' opposition (MDL Dkt. 619) to the motions to dismiss filed by the United States (MDL Dkt. 583) and the telecommunications carrier defendants (MDL Dkt. 588) does not respond to the showing made by the private party carriers that they are not properly named as defendants and fails to sustain plaintiffs' due process challenge to § 802 of the Foreign Intelligence Surveillance Act. Moreover, as the government has explained (MDL Dkt. 629), plaintiffs' arguments in support of their separation of powers and takings challenges are wholly unconvincing. Accordingly, this action should be dismissed in its entirety. We note here only several particularly glaring flaws in plaintiffs' contentions.

## I. PLAINTIFFS DO NOT CONTEST THAT THE CARRIERS ARE NOT PROPER PARTIES TO THIS ACTION

As an initial matter, it is clear that the private party carriers must be dismissed. Plaintiffs offer no response to the carriers' demonstration (Carriers' MTD (MDL Dkt. 588) at 6-8) that they are not proper parties to this suit. Plaintiffs have not alleged that the carriers took any action (much less "state action") that provides a basis for their constitutional challenge to § 802. *See* Carriers' MTD at 6-7. Nor have plaintiffs shown that their claims *against the carriers* meet the traceability and redressability requirements for Article III standing. *See id.* at 7-8. The only issue presented by this lawsuit is whether *Congress* acted unconstitutionally when it enacted § 802. Even if there were otherwise any merit to plaintiffs' suit—and there is not—there would be no basis for suing the carriers.

## II. PLAINTIFFS HAVE ABANDONED THEIR DUE PROCESS CLAIM

Plaintiffs likewise offer no response to the carriers' showing (Carriers' MTD at 5-6) that plaintiffs' due process cause of action—premised on the notion that Congress cannot change the law applicable to pending causes of action, *see* Compl. ¶ 39 (*McMurray* Dkt. 1, Attach. 2)—fails to state a claim. As the Court of Appeals recently confirmed, where "Congress has expressed its clear intent that [] legislation be retroactive, 'the *constitutional* impediments'" are "'modest.'" *Ileto v. Glock*, ___ F.3d ___, 2009 WL 1272629, at *9 (9th Cir. May 11, 2009) (*quoting Landgraf v. USI Film Prods.*, 511 U.S. 244, 272 (1994)). "[B]arring irrational or arbitrary conduct, Congress can adjust

the incidents of our economic lives as it sees fit." *Ileto*, 2009 WL 1272629, at *10 (*quoting Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir. 1989)); *see also Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976) ("[L]egislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality."). This standard is easily satisfied here. *See* Carriers' MTD at 5-6.

### III. PLAINTIFFS' SEPARATION OF POWERS CLAIM IGNORES THE COURT'S MEANINGFUL ROLE UNDER SECTION 802

Plaintiffs similarly do not defend their claim that § 802 violates the separation of powers by permitting the Executive Branch to exercise adjudicative power. Although such an allegation appears in their complaint (*see* ¶ 34), plaintiffs do not address the carriers' demonstration (Carriers' MTD at 4) that § 802 preserves adjudicative authority in the courts. Instead, plaintiffs' separation-of-powers argument now depends on the even more sweeping claim that § 802 "permits *no scope* for *any* adjudication of the defense" it enacts. Opp. at 19 (emphasis added). As the statute's plain text makes clear, however, § 802 requires the court to adjudicate whether immunity applies. *See* Carriers' MTD at 4. The court must determine whether any certification filed by the Attorney General meets the detailed requirements of § 802(a), and whether the assertions contained in the certification are supported by "substantial evidence." *See* 50 U.S.C. § 1885a(a), (b)(1). And, because Congress has changed the substantive law applicable to the McMurray plaintiffs' underlying damages action—not just mandated dismissal of their case—the prohibition of *United States v. Klein*, 80 U.S. (13 Wall.) 128 (1871), simply is not implicated. *See* Carriers' MTD at 4; *see also Ileto*, 2009 WL 1272629, at *9-10 (rejecting *Klein* challenge to gun manufacturer immunity legislation even though the Court acknowledged that "members of Congress wanted to preempt *this* pending case by name" (emphasis in original)).

### IV. PLAINTIFFS' TAKINGS CLAIM IS SQUARELY FORECLOSED BY NINTH CIRCUIT PRECEDENT

The carrier defendants adopted the government's takings arguments by reference in their motion to dismiss and leave to the government the primary response to plaintiffs with respect to this

issue. We simply would emphasize that the basic defect in plaintiffs' takings challenge was reaffirmed by the Ninth Circuit in the *Ileto* case: A "party's property right in *any* cause of action does not vest until a final unreviewable judgment is obtained." *Ileto*, 2009 WL 1272629, at *12 (rejecting takings challenge to gun manufacturer immunity legislation) (quoting *Lyon*, 252 F.3d at 1086) (emphasis added); *see also* U.S. MTD (MDL Dkt. 583) at 4-6. Plaintiffs' opposition offers no reason to depart from the *Ileto* court's directly applicable holding.

## CONCLUSION

Accordingly, for the reasons set forth above, in the carriers' motion to dismiss, and in the government's motion to dismiss and reply brief, the *McMurray* Complaint should be dismissed.

Dated: May 22, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
David W. Carpenter (pro hac vice)
Bradford A. Berenson (pro hac vice)
David L. Lawson (pro hac vice)
Edward R. McNicholas (pro hac vice)
Eric A. Shumsky #206164
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
bberenson@sidley.com

By: /s/ Bradford A. Berenson
     Bradford A. Berenson

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
Bruce A. Ericson #76342
Jacob R. Sorensen #209134
Marc H. Axelbaum #209855
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120
Tel.: (415) 983-1000
Fax: (415) 983-1200
bruce.ericson@pillsburylaw.com

Attorneys for AT&T Corp. and Specially Appearing Defendants AT&T Inc. and BellSouth Corporation

WILMER CUTLER PICKERING HALE
AND DORR LLP
Randolph D. Moss   (pro hac vice)
Samir C. Jain   # 181572
Brian M. Boynton   # 222193
Catherine M.A. Carroll   (pro hac vice)
1875 Pennsylvania Ave, N.W.
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
randolph.moss@wilmerhale.com

By: /s/ Randolph D. Moss
    Randolph D. Moss

MUNGER, TOLLES & OLSON LLP
Henry Weissmann   # 132418
Susan R. Szabo   # 155315
Aimee A. Feinberg   # 223309
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Fax: (213) 683-5150
henry.weissmann@mto.com

Attorneys for Verizon Communications Inc.

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, Brian M. Boynton, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatories listed above.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on May 22, 2009, at Washington, D.C.

By: /s/ Brian M. Boynton
    Brian M. Boynton

Attorney for Verizon Communications Inc.