**Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
**Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA 94612
510.452.258l – Fax 510.452.3277

**Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
503.445-4622 – Fax 503.238.7501

**Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
503.622.3123 - Fax: 503.622.1438

**Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
360.213.9737 - Fax 866.399.5575

**J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089

Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION**<br><br><u>This Document Relates Solely To:</u><br><br>*Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW)<br><br>**AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,**<br><br>　　　　Plaintiffs,<br>　vs.<br><br>**BARACK H. OBAMA, President of the United States, et al.,**<br><br>　　　　Defendants. | MDL Docket No. 06-1791 VRW<br><br>**PLAINTIFFS' MEMORANDUM ADDRESSING APPROPRIATENESS AND FEASIBILITY OF MOTION BY PLAINTIFFS FOR SUMMARY JUDGMENT OF LIABILITY UNDER 50 U.S.C. § 1810** |

PLAINTIFFS' MEMORANDUM ADDRESSING APPROPRIATENESS AND FEASIBILITY OF MOTION BY
PLAINTIFFS FOR SUMMARY JUDGMENT OF LIABILITY UNDER 50 U.S.C. § 1810
MDL DOCKET NO. 06-1791 VRW

## INTRODUCTION

Pursuant to this Court's order of May 22, 2009, plaintiffs submit this memorandum discussing "whether it would now be appropriate and/or feasible for plaintiffs to file a motion for summary judgment on their claim under 50 U.S.C. § 1810," with plaintiffs addressing that point "under two scenarios" – with or without "a protective order in place allowing plaintiffs' counsel access to the Sealed Document." Dkt. #90 at 4.

In the parties' Joint Submission of May 15, 2009, Dkt. #89 at 36, plaintiffs posited three options available to this Court for moving this case forward: (1) the Court proceeds with the litigation of plaintiffs' Article III standing – that is, the fact of plaintiffs' warrantless electronic surveillance – under plaintiffs' proposed protective order, with modifications to the proposed order as the Court deems appropriate; (2) the Court forthwith determines plaintiffs' Article III standing in consideration of plaintiffs' previous arguments on how the evidence demonstrates plaintiffs' Article III standing, or (3) the Court renders a default judgment of liability because of defendants' persistent refusals to comply with the Court's prior orders.

Plaintiffs understand this Court's order of May 22, 2009 to have a twofold purpose: (1) to enable the Court's pursuit of the third option – a default judgment of liability as a discovery sanction under Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure – should the Court wish to choose that option, through the Court's issuance of an order to show cause; and (2) to solicit further briefing by plaintiffs on the first two options – litigation of standing under a protective order, or an adjudication of standing forthwith on the existing record – through the Court's request that plaintiffs submit a memorandum addressing the appropriateness and/or feasibility of summary judgment proceedings either with or without a protective order allowing plaintiffs' counsel access to the Sealed Document.

This memorandum addresses the appropriateness and feasibility of summary judgment proceedings – with and without a protective order and access to the Sealed Document – within the context of the first two options plaintiffs posited in the Joint Submission of May 15, 2009. The memorandum also states plaintiffs' preference among the options available to this Court: that the Court adjudicate Article III standing forthwith on the existing record and rule on whether plaintiffs

were subjected to warrantless electronic surveillance within the meaning of the Foreign Intelligence Surveillance Act (FISA), without the need for a protective order or access to the Sealed Document, followed by a summary judgment on liability.

## DISCUSSION

**I. FIRST SCENARIO: ADJUDICATION OF ARTICLE III STANDING UNDER A PROTECTIVE ORDER AFFORDING ACCESS TO THE SEALED DOCUMENT, FOLLOWED BY SUMMARY JUDGMENT ON LIABILITY.**

Under the first scenario – with a protective order allowing plaintiffs' counsel access to the Sealed Document – plaintiffs propose to file a motion for partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (summary judgment "may be rendered on the issue of liability alone"), seeking summary determination of two matters: plaintiffs' Article III standing arising from their warrantless electronic surveillance, and defendants' liability.

In this scenario, the Court will first adjudicate Article III standing, deciding any contested factual issues after holding an evidentiary hearing. *See, e.g., Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 878-80 (11th Cir. 2000). Under a protective order, plaintiffs' counsel who have been granted favorable security clearance eligibility determinations will be given access to the Sealed Document and the government's classified filings in this case as the Court deems essential to due process. Briefing, as well as an evidentiary hearing if necessary to decide contested factual issues, will then proceed under secure conditions as prescribed by the protective order.

If the Court finds the existence of the factual elements essential to Article III standing – that plaintiffs were subjected to warrantless electronic surveillance within the meaning of FISA – the Court will then proceed to summarily determine liability by deciding purely legal issues, including (1) whether the President has inherent power to disregard an Act of Congress such as FISA in the name of national security, and (2) whether FISA is trumped by the Authorization for Use of Military Force Against Terrorists issued by Congress on September 18, 2001.

Plaintiffs believe this procedure is both appropriate and feasible – appropriate because the liability issues are purely legal and thus are amenable to adjudication by partial summary judgment, and feasible because the protective order will prevent any risk to national security as standing is litigated.

Plaintiffs are prepared to file such a motion within 30 days after plaintiffs' counsel have reviewed the Sealed Document and classified filings under the protective order.

## II. SECOND SCENARIO: ADJUDICATION OF ARTICLE III STANDING WITHOUT A PROTECTIVE ORDER AFFORDING ACCESS TO THE SEALED DOCUMENT, FOLLOWED BY SUMMARY JUDGMENT ON LIABILITY.

Under the second scenario – without a protective order allowing plaintiffs' counsel access to the Sealed Document – plaintiffs again propose to file a motion for partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, seeking summary determination of Article III standing and liability. In this scenario, however, the Court will not admit any further evidence introduced by any of the parties on the issue of standing, but will simply proceed forthwith to adjudicate plaintiffs' Article III standing and rule on whether plaintiffs were subjected to warrantless electronic surveillance within the meaning of FISA. If the Court finds the facts essential to standing, the Court will then proceed to summarily determine liability as set forth above under the first scenario.

In plaintiffs' view, the facts essential to plaintiffs' Article III standing – warrantless electronic surveillance within the meaning of FISA – are demonstrated not only by the Sealed Document, which this Court has now reviewed, but also by the evidence that plaintiffs have submitted to the Court in connection with their first amended complaint.[1] Plaintiffs have presented argument to the Court as to how the evidence demonstrates their standing.[2] Now that

---

[1] This evidence is set forth in the following court filings: First Amended Complaint, Dkt. #35 at 2-12; plaintiffs' Motion Pursuant To 50 U.S.C. § 1806(f) To Discover Or Obtain Material Relating To Electronic Surveillance, Dkt. #46 at 2-9; and the Declarations of Jon B. Eisenberg, Wendell Belew and Asim Ghafoor In Support Of Motion Pursuant To 50 U.S.C. § 1806(f) To Discover Or Obtain Material Relating To Electronic Surveillance, Dkt. #46. (Court-document page-number references in this memorandum are to the page numbers at the bottom of the documents.)

[2] Plaintiffs' arguments are set forth in the following court filings: plaintiffs' Motion Pursuant To 50 U.S.C. § 1806(f) To Discover Or Obtain Material Relating To Electronic Surveillance, Dkt. #46 at 16-19; plaintiffs' Reply To Defendants' Opposition To Motion Pursuant To 50 U.S.C. § 1806(f) To Discover Or Obtain Material Relating To Electronic Surveillance, Dkt. #53 at 5-6 and n. 1 (addressing determination whether information was the product of a FISA warrant); and Plaintiffs' Opposition To Defendants' Third Motion To Dismiss Or, In the Alternative, For Summary Judgment, Dkt. #50 at 7-15. Pertinent argument is also set forth in plaintiffs' Sealed Supplemental Brief Of Appellees filed in the Ninth Circuit Court of Appeals in July of 2007.

PLAINTIFFS' MEMORANDUM ADDRESSING APPROPRIATENESS AND FEASIBILITY OF MOTION BY PLAINTIFFS FOR SUMMARY JUDGMENT OF LIABILITY UNDER 50 U.S.C. § 1810
MDL DOCKET NO. 06-1791 VRW

the Court has reviewed the Sealed Document, the evidence submitted in connection with the first amended complaint, and plaintiffs' arguments on how the evidence demonstrates Article III standing, the Court is sufficiently well-positioned to determine the existence of the facts essential to standing, without any further submission of evidence or argument by either plaintiffs or defendants.

If, in opposition to plaintiffs' motion for partial summary judgment, defendants make any attempt to submit further evidence, whether classified or unclassified, on the factual elements of plaintiffs' standing, plaintiffs propose that this Court prohibit defendants from doing so – as a sanction "for failing to obey the court's orders," Dkt. #90 at 3 – pursuant to Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure (order "prohibiting the disobedient party . . . from introducing designated matters in evidence").

A district court may "sanction a defendant who refuses to respond to appropriate discovery requests on a fact relevant to subject matter jurisdiction by entering an order establishing that fact as true." *Gibson v. Chrysler Corporation*, 261 F.3d 927, 948 (9th Cir. 2001); *see* Fed. R. Civ. P. 37(b)(2)(A)(i) (discovery sanction directing that "designated facts be taken as established"). This sanction under Rule 37(b)(2)(A)(i) "rests on the reasonable assumption that the party resisting discovery is doing so because the information sought is unfavorable to its interest. In such a case, the sanction merely serves as a mechanism for establishing facts that are being improperly hidden by the party resisting discovery." *Gibson*, 261 F.3d at 948.

By parity of reasoning, because standing is a component of federal subject matter jurisdiction, *see, e.g., McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004), this Court can likewise sanction defendants under Rule 37(b)(2)(A)(ii) by prohibiting them from introducing further evidence regarding the fact of plaintiffs' warrantless electronic surveillance within the meaning of FISA. That sanction, as in *Gibson*, would rest on the reasonable assumption that defendants have failed to obey this Court's orders because plaintiffs were, in fact, subjected to warrantless electronic surveillance within the meaning of FISA. The sanction would serve as a mechanism for

//

//

establishing that fact, which defendants improperly seek to hide. *See Gibson*, 261 F.3d at 948.[3]

Plaintiffs believe that this second scenario, like the first, is both appropriate and feasible – appropriate because the liability issues are purely legal and thus are amenable to adjudication by partial summary judgment, and feasible because the existing record is sufficient to permit the determination of Article III standing without a protective order and without plaintiffs having access to the Sealed Document. Upon a finding forthwith that plaintiffs were subjected to warrantless electronic surveillance within the meaning of FISA, this Court can finally get to the merits of this litigation and decide the extraordinarily important issues the case presents concerning the scope and limits of presidential power.

Indeed, plaintiffs believe that this second scenario is not just appropriate and feasible, but is *more* appropriate and feasible than the first scenario. Litigation under the first scenario has the potential for being protracted and contentious. The government has threatened to "withdraw" the Sealed Document "from submission to the Court and use in this case," Dkt. #77 at 3, which could lead to a separation-of-powers clash between the Executive Branch and this Court. The government has vowed yet again to attempt another interlocutory appeal to the Ninth Circuit despite the absence of appellate jurisdiction – this time under the guise of 50 U.S.C. section 1806(h), *see* Dkt. #89 at 19-20 – if this Court adopts a protective order affording access to the Sealed Document. And the government continues to insist that this Court lacks power to determine that plaintiffs need access to the Sealed Document. *See* Dkt. #89 at 12, 16-17.

All of these complications – the threat to "withdraw" the Sealed Document, the vow to attempt another interlocutory appeal, and the denial of this Court's authority to determine the "need

---

[3] Willfulness or bad faith supporting such a sanction, *see Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995), is certainly present here, given defendants' repeated and flagrant disregard of multiple court orders. The sanction is amply justified by multiple factors, including the public's interest in expeditious resolution of this litigation, the Court's need to manage its docket, and the public policy favoring disposition of cases on their merits. *Cf. Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). And independent of Rule 37, the Court has inherent authority to impose this sanction. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Primus Automotive Financial Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *Dickason v. Potter*, 2007 WL 161004 (N.D. Cal. 2007), *aff'd*, 2009 WL 1133308 (9th Cir. 2009).

to know" – will evaporate under the second scenario, because plaintiffs will not need access to the Sealed Document for purposes of adjudicating standing and liability. The road to deciding this case on the merits will become short and smooth: no more Executive Branch assaults on the constitutional separation of powers, no more interlocutory detours to the Court of Appeals, no need for a protective order, and no more of the Orwellian antics that have plagued this litigation since its inception. Under the second scenario, the issue of access to the Sealed Document will be shelved, and this Court can cut the immense Gordian Knot that defendants have made of this case and finally get to the merits, simply and expeditiously.

Under the second scenario, plaintiffs are prepared to file their motion for summary judgment by June 30, 2009.

## CONCLUSION

The "order to show cause" portion of this Court's order of May 22, 2009 enables the Court's pursuit of the third option that plaintiffs set forth in the Joint Submission of May 15, 2009 – a default judgment of liability – should the Court choose that option. Although plaintiffs would be satisfied with a default judgment of liability, it is not their preference.

Plaintiffs and their counsel filed this action, and have pursued it for more than three years, with a singular purpose – to obtain an adjudication of the legality of President George W. Bush's warrantless electronic surveillance program and, more broadly, the Bush Administration's expansive theories of presidential power. Plaintiffs' second choice is a win by default that establishes no legal precedent. Plaintiffs' first choice is a binding decision on the merits. More important than plaintiffs' preference, however, is what the American people deserve: a decision by this Court resolving the extraordinarily important issues presented in this case.

Finally, under either of the two scenarios addressed above, we request that the Court order defendants, under Rule 37(b)(2)(C), to pay plaintiffs the reasonable expenses, including attorney's fees, caused by defendants' failure to comply with this Court's previous orders. *See* Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

//

substantially justified or other circumstances make an award of expenses unjust"); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426-27 (9th Cir. 1985).

DATED this 29th day of May, 2009.

               /s/ Jon B. Eisenberg
              Jon B. Eisenberg, Calif. Bar No. 88278
              William N. Hancock, Calif. Bar No. 104501
              Steven Goldberg, Ore. Bar No. 75134
              Thomas H. Nelson, Oregon Bar No. 78315
              Zaha S. Hassan, Calif. Bar No. 184696
              J. Ashlee Albies, Ore. Bar No. 05184
              Lisa Jaskol, Calif. Bar No. 138769

              **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor**

# CERTIFICATE OF SERVICE

**RE:** **In Re National Security Agency Telecommunications Records Litigation**
**MDL Docket No. 06-1791 VRW**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' MEMORANDUM ADDRESSING APPROPRIATENESS AND FEASIBILITY OF MOTION BY PLAINTIFFS FOR SUMMARY JUDGMENT OF LIABILITY UNDER 50 U.S.C. § 1810**

___ **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___ **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in In Re National Security Agency Telecommunications Records Litigation, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2009 at San Francisco, California.

          /s/ Jessica Dean
          JESSICA DEAN