BRUCE I. AFRAN
CARL J. MAYER
STEVEN E. SCHWARZ

Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION** | **MDL Docket No. 06-1791 (VRW)** |
| **This Document Relates To:** | **PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| ***McMurray, et al. v. Verizon Comm., Inc., et al.*, No. 07-cv-02029-VRW ("McMurray I").** | [CIVIL L.R. 7-9] |
| **BellSouth Master Complaint. (Dkt. No. 126)** | Chief Judge Vaughn R. Walker |



Dockets.Justia.com

Now come the undersigned attorneys for the Plaintiffs in the above-captioned actions who respectfully move this Court, pursuant to Civil L.R. 7.9, for leave to file a motion for reconsideration of the Court's June 3, 2009 Order (Dkt. No. 639) dismissing the two above-captioned Complaints. The undersigned bring this motion for leave because, as will be shown below, there has been a manifest failure by the Court to consider material facts which were presented to the Court before the June 3 Order and which show that the above-captioned Complaints contain allegations outside the limited coverage of the FAA. (*See* Civil L.R. 7.9 (b) (3)).

**ARGUMENT**

***I. McMurray I[1] should not have been dismissed in its entirety.***

The Court should not have dismissed *McMurray I* because it alleges that the telecom carrier defendants began their alleged activity in violation of law prior to September 11, 2001. (Am. Compl.at 24, ¶ 81). "Within eleven (11) days of the onset of the Bush administration, and at least seven (7) months prior to the attacks of September 11, 2001, defendant ATT began development of a center for monitoring long distance calls and internet transmissions and other digital information for the exclusive use of the NSA. " (See also 25, ¶88) "Such project was in development not later than February 1, 2001, within eleven (11) days of the onset of the Bush Administration." (See also 25 ¶ 89) "The NSA program was initially conceived at least one year prior to 2001 but had been called off; it was reinstated within 11 days of the entry into office of defendant George W. Bush." (See also 26, ¶ 96) "An ATT Solutions logbook reviewed by counsel confirms the Pioneer-Groundbreaker project start date of February 1, 2001."(See also 27, ¶101) "Accordingly, defendant carrier ATT was engaged in active and knowing participation and conspiracy to violate 18 U.S.C. 2702, et seq., in concert with the United States not later than February 1, 2001."

Section 802(a) of the FISA Amendments Act of 2008 (the "FAA") only contemplates

---

[1] *McMurray I* is not to be confused with *McMurray II*, No. 09-cv-00131, in which the Court heard oral argument on June 3, 2009 and directed supplemental briefing on or before June 19, 2009.

dismissal of lawsuits in which the Attorney General certifies to the district court that the assistance alleged to have been provided by the electronic communication service provider was authorized by the President during the period beginning on September 11, 2001, and ending on January 17, 2007. Because *McMurray I* alleges that the assistance was provided before September 11, 2001, and continued past that date, it was error for this Court to dismiss that portion of the Complaint that alleges violations prior to September 11, 2001.

It was error for the Court to dismiss *McMurray I* in its entirety for the additional reason that the Complaint names Government Defendants in addition to the carrier defendants. As Section 802(a) makes clear, and as the Court recognizes in the June 3 Order, claims against Government Defendants are not affected by the FAA. The caption of the *McMurray I* Complaint specifically names "George W. Bush, individually in his executive capacity and as representative of the United States of America" and the "National Security Agency" as defendants. (Am. Compl. at 11, ¶¶ 5, 6)

In sum, the Court should have allowed the *McMurray I* Plaintiffs to proceed with their claims against the carrier defendants and the government defendants for actions undertaken prior to September 11, 2001. The Court should also have allowed the McMurray I Plaintiffs to proceed with all their claims against the government defendants, regardless of the time of the alleged violations.

***II. The BellSouth Master Complaint should not have been dismissed in its entirety.***

The BellSouth Master Complaint (Dkt. No. 126) repeats the allegations of McMurray I that the Plaintiffs were harmed in the manner they allege prior to September 11, 2001. (See Compl. at 7, ¶ 37), "Sometime on or after February 1, 2001, BellSouth commenced its program ("the Program") of providing the federal government with the telephone call contents and records and internet communications of its customers and subscribers." (See also 15, ¶ 68), "Since on or about February 1, 2001, BellSouth has disclosed and/or divulged the "call-detail records" or all or substantially all of their customers, including Plaintiffs, to the NSA, in violation of federal law"; (See also 15, ¶ 69), "BellSouth has, since on or about February 1, 2001, been disclosing to the NSA "individually identifiable customer proprietary network

information". The class definition found in the BellSouth Master Complaint defines its purported class to include, "All individuals and entities located in the United States that have been subscribers or customers of Defendant's… services at any time since February 1, 2001." (Complaint at 18, ¶ 86). The BellSouth Master Complaint defines a State of California Subclass to include "All individuals and entities located in California that have been subscribers or customers of Defendant's… services at any time since February 1, 2001. (Complaint at 18, ¶ 88). The BellSouth Master Complaint defines a State of Georgia Subclass to include "All individuals and entities located in Georgia that have been subscribers or customers of Defendant's… services at any time since February 1, 2001". (Complaint at 19, ¶ 89). As was the case with *McMurray I*, the Court erred in dismissing the BellSouth Master Complaint in its entirety. The Plaintiffs should be allowed to continue with their claims against the carrier defendants alleging activities undertaken beginning in February of 2001 and ending on September 10, 2001 as those claims were unaffected by Section 802 (a) of the FAA.

## CONCLUSION

Based on the above, the Court should grant the Plaintiffs in the three above-captioned Complaints leave to file a Motion for Reconsideration. Plaintiffs have shown a manifest failure by the Court to consider the material facts that these Complaints allege pre-September 11, 2001 illegal activity not covered by Section 802 (a) and that McMurray I names Government entities, which are not granted immunity under Section 802 (a), as Defendants.

Dated: June 17, 2009
Chicago, Illinois

Respectfully submitted,

By: __/s/ Steven E. Schwarz_________
Steven E. Schwarz

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ., LLC
Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134
Facsimile: (773) 837-6134

*Attorney for the Plaintiffs*

BRUCE I. AFRAN, Esq.
10 Braeburn Drive
Princeton, NJ 08540
Telephone: (609) 924-2075

MAYER LAW GROUP, LLC
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

*Attorneys for the Plaintiffs*

**[PROPOSED] ORDER**

Plaintiffs' motion for leave to file a motion for reconsideration of the Court's June 3, 2009 Order dismissing the two above-captioned complaints is granted. Plaintiffs may file a motion for reconsideration on or before ______________________.

IT IS SO ORDERED,

Dated: ____________________ , 2009

_________________________________
Hon. Vaughn R. Walker
United States District Chief Judge

**CERTIFICATE OF SERVICE**

I, Steven E. Schwarz, an attorney, hereby certify that, on this 17th day of June, 2009, I electronically filed and served the foregoing Motion for Leave to File Motion for Reconsideration using the CM/ECF system which will send via electronic mail copies to all attorneys who are registered users of that system.

By: /s/ Steven E. Schwarz
Steven E. Schwarz