MICHAEL F. HERTZ
Acting Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
MARCIA BERMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782; Fax: (202) 616-8460

*Attorneys for the Government Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br><u>This Document Relates To</u>:<br><br>*McMurray et al. v. Verizon Comm., Inc. et al.*, No. 09-cv-00131-VRW | No. M:06-cv-01791-VRW<br><br>**GOVERNMENT DEFENDANTS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION TO DISMISS**<br><br>Chief Judge Vaughn R. Walker |

## INTRODUCTION

At the hearing on June 3, 2009, in which the Court heard argument on the defendants' respective motions to dismiss this action, the Court directed the parties to submit supplemental briefs of no more than 15 pages that would "very briefly tell the Court what, if any, issues remain in the *McMurray* case that need to be addressed specifically" in light of the Court's Order of June 3, 2009. *See* Dkt. 33; Transcript, 6/3/09 ("Tr.") at 24; *see also* Dkt. 639 (June 3, 2009 Order). As set forth below, the only remaining issues in this case that were not addressed in the Court's June



Dockets.Justia.com

3 Order are: (i) whether Section 802 of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1885a, takes plaintiffs' claims; and (ii) whether telecommunication carriers are proper defendants in this case. These issues have been briefed previously by the Government and Carrier Defendants.

**DISCUSSION**

The Court's June 3 Order dismisses all claims against electronic communication service providers pursuant to Section 802 of the FISA. The Court's Order encompasses and dismisses claims against Carrier Defendants raised in the first *McMurray* action that was transferred to this Court in 2007 and designated Case No. 03:07-cv-02029-VRW. The above-captioned *McMurray* action is a separate action originally filed in 2008 in the Southern District of New York, transferred to this Court in 2009, and designated Case No. 3:09-cv-00131-VRW. This second action challenges Section 802 of the FISA on the grounds that it: (1) violates the Takings Clause by extinguishing the claims raised by Plaintiffs in the first *McMurray* action against electronic communication service providers; (2) violates the Separation of Powers doctrine; and (3) violates the Due Process Clause. *See* Complaint, Dkt. 1, Case No. 3:09-cv-00131. The Court's June 3 Order resolves the latter two claims. *See* Dkt. 639 at 12-20, 34-35.

However, the Court's June 3 Order does not address whether Section 802 of the FISA constitutes a taking of the claims raised by Plaintiffs in the first *McMurray* action against Carrier Defendants. The Government Defendants have briefed the takings issue at length and have no more to add at this time to their prior submissions on the takings issue. *See* Dkts. 583/11 and 629/29.[1/] In addition, the Court's June 3 Order does not address whether telecommunications carriers are proper defendants in this action, which seeks to declare invalid and enjoin enforcement of a statutory provision invoked by the Government—not the Carrier Defendants. The Carrier Defendants contend that they are not proper defendants in this action. *See* Dkt. 588/16 at 6-8.

[1] The respective docket citations are to the MDL Docket (3:06-01791-VRW) and to the docket in this action (3:09-00131-VRW).

At the June 3, 2009 hearing, counsel for Plaintiffs argued that Section 802 effects a taking of property without compensation because it allegedly abrogates breach of contract claims that Plaintiffs believe they could assert. *See* Tr. at 17-23. Plaintiffs conceded, however, that the second *McMurray* complaint makes no such allegation and, thus, that Plaintiffs would need to amend their existing complaint to raise such a claim. *See* Tr. at 19.[2] Because the Court specifically directed that this supplemental filing address only matters raised in the pleadings, *see* Tr. at 25 ("[I]f it's not in the pleadings, it's not before us . . . ."), the Government has not addressed that issue in this submission. If, notwithstanding the Court's instructions, Plaintiffs address this issue in their supplemental filing, the Government respectfully requests that the Court disregard that portion of Plaintiffs' filing and dismiss the above-captioned action. If Plaintiffs seek to amend the complaint in this action to raise such a claim, the Government Defendants would respond separately.

**CONCLUSION**

For the foregoing reasons, and those raised by the Government and Carrier Defendants in their previous filings, the Court should now dismiss the second *McMurray* complaint challenging Section 802 of the FISA (*see* Dkt. 1 Attach. #2 in 09-cv-00131-VRW).

June 19, 2009

Respectfully Submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Branch Director

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

---

[2] In addition, the underlying first *McMurray* action (07-cv-02029-VRW), which raises the damages claims that Plaintiffs contend are unconstitutionally taken by Section 802, does not assert breach of contract claims.

*s/ Marcia Berman*
MARCIA BERMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782; Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants*