BRUCE I. AFRAN
CARL J. MAYER
STEVEN E. SCHWARZ

Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION**

**This Document Relates To:**

***McMurray, et al. v. Verizon Comm., Inc., et al.*, No. 09-cv-00131-VRW (“*McMurray II*”).**

**MDL Docket No. 06-1791 (VRW)**

**PLAINTIFFS’ SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTIONS TO DISMISS OF CARRIER AND GOVERNMENT DEFENDANTS.**

Chief Judge Vaughn R. Walker



Dockets.Justia.com

## INTRODUCTION AND BACKGROUND

On July 10, 2008, the undersigned attorneys filed the above-captioned action[1] in the United States District Court for the Southern District of New York.

On September 19, 2008, the Government Defendants moved to dismiss all claims against telecommunications company defendants before the Court at that time in MDL-1791 and submitted public and classified versions of the certification of the United States Attorney General required under § 802 of the FAA. (Doc # 469, 469-3 at 2, 470.) In his public certification, the Attorney General certified "that the claims asserted in the civil actions ***pending in these consolidated proceedings*** against the electronic communication service provider-defendants fall within at least one provision (of the Act)." (Doc $ 469-3 at 7, ¶10, emphasis added.) At that time, the above-captioned-action was not pending in MDL-1791 and thus was not one of the cases covered by the certification of the Attorney General or the motion to dismiss of the Government Defendants.

On December 19, 2008, the Judicial Panel on Multidistrict Litigation transferred the above-captioned case to this Court for inclusion in MDL-1791.

On January 13, 2009, the above-captioned action was docketed in this Court and given a separate civil action number for these proceedings.

On February 19, 2009, the Court denied an administrative motion by the Government Defendants to treat the above-captioned action as subject to dismissal under the Government's Motion to Dismiss. (McMurray Doc # 8).

On June 3, 2009, the Court granted the Government's Motion to Dismiss with respect to those cases covered by the Government's motion and the certification of the Attorney General. On that same date, the Court "invite(d) the parties to simultaneous submission of memoranda re the Court's order in section 802 cases filed today" (Doc # 641.)

## ARGUMENT

---

[1] *McMurray II* is not to be confused with *McMurray I* (07-cv-02029-VRW) which was dismissed without prejudice by the Court on June 3, 2009 and regarding which the undersigned filed a motion for leave to file motion for reconsideration on June 17, 2009. (Doc # 648.)

The June 3, 2009 Order granting dismissal without prejudice of those cases covered by the Government's motion to dismiss and the certification of the Attorney General has no effect on the above-captioned action because the Attorney General has not certified that it is a "covered action" under § 802 of the FAA. Because no certification has been submitted, the FAA's immunity provision simply does not cover the above-captioned action as the required official has not certified that he examined the case and that it falls within the limited scope of §802 of the Act.

Submitting such a certification is not a *pro forma* exercise, as counsel for the Government has represented to the Court that the Attorney General must carefully consider each case and that the process of obtaining a certification is a serious and time-consuming affair. The Government has had nearly a year to obtain and submit such a certification and has elected not to do so. Indeed, one would be hard pressed to imagine that such a certification could be made in good faith when the above-captioned action does not allege any wrongdoing by telecommunications providers during the period between September 11, 2001 and January 17, 2007.

Instead, the above-captioned action is purely a facial challenge to the legality of the FAA itself. *McMurray II* is more similar to the pending "uncovered" actions of *Jewel, et al. v. National Security Agency, et al.*[2] (Case No. 08-cv-4373-VRW) and *Amnesty International USA, et al. v. McConnell, et al*[3]. (S.D.N.Y. Case No. 08-cv-6259-JGK), both of which, like the above-captioned action, were filed following the enactment into law of the FAA. In neither case has the Government obtained and submitted a § 802 certification similar to the one submitted on September 19, 2008. (Doc # 469, 470.).

When the Court found that the constitutional challenges raised by the MDL plaintiffs in defense to the Government's Motion to Dismiss "must be rejected" (Order at 2), the Court was

---

[2] Oral argument on Defendants' Motion to Dismiss and for Summary Judgment scheduled for July 15, 2009.

[3] Oral argument on the parties' Cross-Motions for Summary Judgment scheduled for July 10, 2009.

ruling on a Motion to Dismiss based on the Attorney General's certification and concluded that plaintiffs' constitutional challenges could not overcome the immunity purportedly conferred by the certification. In contrast, the Government's motion to dismiss in the above-captioned action does not carry with it the overwhelming leverage of the certification and immunity it purportedly confers. Instead, the Court must examine the *McMurray II* Plaintiffs' arguments in their proper context, *i.e.*, as defenses to Fed. R. Civ. P. 12 motions that were brought, without *sui generis* certifications or immunity provisions, for lack of standing and failure to state a claim. As these defenses have already been briefed and argued, they will not be repeated here.

**<u>CONCLUSION</u>**

Because the Attorney General has not submitted the required certification under the FAA with respect to the above-captioned action, the Court's June 3, 2009 Order granting the Government's Motion to Dismiss has no bearing on *McMurray* II. The Court should consider the briefs and argument of the parties in their proper context and deny the motions to dismiss.

Dated: June 19, 2009
Chicago, Illinois

Respectfully submitted,

By: __/s/ Steven E. Schwarz_________
Steven E. Schwarz

THE LAW OFFICES OF STEVEN E. SCHWARZ, ESQ., LLC
Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134
Facsimile: (773) 837-6134

*Attorney for the Plaintiffs*

BRUCE I. AFRAN, Esq.
10 Braeburn Drive
Princeton, NJ 08540
Telephone: (609) 924-2075

MAYER LAW GROUP, LLC

CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, NJ 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I, Steven E. Schwarz, an attorney, hereby certify that, on this 19th day of June, 2009, I electronically filed and served the foregoing Supplemental Brief in Opposition to Motions to Dismiss of Carrier and Government Defendants using the CM/ECF system which will send via electronic mail copies to all attorneys who are registered users of that system.

By: /s/ Steven E. Schwarz
Steven E. Schwarz