IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 06-1791 VRW |
| NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | ORDER |

This document relates to:

McMurray v Verizon Communications, Inc, No C 09-0131
_____/

This case, first filed in the Southern District New York in mid-2008, was transferred to the undersigned judge as a tag-along action in this multi-district ligitation (MDL) matter concerning alleged warrantless electronic surveillance activities carried out by the National Security Agency after the September 11, 2001 terrorist attacks. An earlier-filed action brought by nearly all the same plaintiffs —— numbering 150 or so —— represented by the same counsel was part of the original group of cases transferred to this court when the MDL matter was established.

1  That case, <u>Anderson v Verizon Communications, Inc</u>, C 07-2029,
2  (referred to herein as "<u>McMurray I</u>") was dismissed without
3  prejudice by order dated June 3, 2009, Doc #639, and, after
4  plaintiffs declined to amend, judgment was entered therein on July
5  22, 2009.  Doc # 23.  The instant case will be referred to as
6  "<u>McMurray II</u>."

7          A pivotal event affecting this litigation was Congress'
8  passage, on July 10, 2008, of the FISA Amendments Act of 2008, Pub
9  L No 110-261, 122 Stat 2436 (FISAAA).  FISAAA's section 802,
10 codified at 50 USC § 1885, 1885a, 1885b and 1885c, provided in
11 pertinent part that "[n]otwithstanding any other provision of law,
12 a civil action may not lie or be maintained in a Federal or State
13 court against any person for providing assistance to an element of
14 the intelligence community, and shall be promptly dismissed," if
15 the Attorney General filed certifications meeting specified
16 requirements.  § 802(a).  On the basis of this provision and
17 certifications soon filed thereunder by the Attorney General, the
18 United States moved to dismiss all of the cases in this MDL in
19 which telecommunications companies were named as defendants,
20 including <u>McMurray I</u>.  Doc #469.

21         After the United States' motion was fully briefed and
22 heard, <u>McMurray II</u> was transferred to this court.  Doc ##541/1 & 2.

23         After unsuccessfully petitioning the court to treat
24 <u>McMurray II</u> as subject to its motion to dismiss, the United States
25 filed a separate motion to dismiss <u>McMurray II</u>.  Doc #583/11.  The
26 telecommunications company defendants also moved to dismiss.  Doc
27 #588/16.  Plaintiffs filed an opposition to both motions (Doc
28 #620/26), the movants filed replies (Doc ##629/29, 631/30) and the

**2**

matter was heard on June 3, 2009.  At the hearing, the court advised the parties that it had issued an order granting the United States' motion to dismiss under section 802 of FISAAA and invited the parties to consider the effect of that order on the instant case and to file simultaneous briefs that would "very briefly tell the court what, if any, issues remained" to be adjudicated on the instant motion in light of the June 3 order.  The parties have filed their supplemental briefs as directed.  Doc ##649/35, 650/36.  Having considered all the briefing and for the reasons stated herein, the court now GRANTS the motion to dismiss McMurray II.

I

Plaintiffs in this case are alleged to be individual residential telephone customers residing in a number of states (Doc #1 at 3-10), plus Amidax Trading Group, alleged to be an entity with an action pending in the United States District Court for the Southern District of New York "that would purportedly be dismissed by [FISAAA]."  Doc #1 at 11, ¶10.  Defendants herein brought to the court's attention that the case in question has been dismissed (Doc #583/11 at 4-5 n 1); an examination of the docket for Amidax v SWIFT SCRL, No 08-cv-5689 (SDNY) reveals that judgment was in fact entered for defendants in that matter on February 17, 2009 (Doc #35) and motions for reconsideration and to alter the judgment subsequently denied (Doc #54).

Defendants are several telecommunications companies — "Verizon Communications, Inc; Cellco Partnership; Bellsouth Corporation; AT&T Corporation; and AT&T Inc" — and two government entities: former President George W Bush and the National Security

3

Agency (NSA). Doc #1 at 2. The government defendants have filed a motion to dismiss (Doc #583/11) as have the telecommunications companies (Doc #588/16).

The complaint's general factual allegations are as follows: the "Protect America Act" (actually FISAAA) was signed into law on or about July 9, 2008 (at 11 ¶ 8, 11); plaintiffs filed actions prior to the enactment of the new law based on alleged warrantless disclosure of telephone conversations (id ¶¶ 9-10); and section 802 would "legislatively" require dismissal of all the above-referenced actions (at 11-14, ¶¶ 11-14).

The complaint sets forth three theories, all based on the United States Constitution. First, plaintiffs assert that their right to recover under the various federal statutory causes of action alleged in McMurray I "are property rights protected by" the Fifth Amendment Takings Clause and that Congress violated these rights by enacting section 802. Second, they allege that section 802 violates the separation-of-powers principle embedded in the Constitution in the manner discussed in United States v Klein, 80 US (13 Wall) 128, 146 (1872), a case in which the United States Supreme Court refused to give effect to a statute that was said to "prescribe rules of decision to the Judicial Department of the government in cases pending before it." Third, plaintiffs allege that "[b]y interposing defenses that did not exist at the time of the underlying acts of the defendants and * * * at the time of commencement of the actions, [section 802] violates" their Fifth Amendment Due Process rights. As to all three causes of action, plaintiffs seek only equitable relief in the form of declaratory and injunctive remedies, plus attorney fees.

**4**

Plaintiffs' supplemental brief does not acknowledge that the court's June 3 order disposed of any of their claims. Rather, they argue that because the Attorney General has not filed a certification under section 802 in the instant case, the June 3 order "has no effect." Doc #650/36 at 3. They assert that McMurray II is "purely a facial challenge to the legality of [section 802] itself" and that the June 3 order "has no bearing" on their case. Id.

The court now addresses each of plaintiffs' three causes of action in turn.

### A

Plaintiffs' claim under the Takings Clause is subject to the Tucker Act, 28 USC § 1491(a)(1), under which the United States Court of Federal Claims has exclusive jurisdiction

> to render judgment upon any claim against the United States founded on the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

As the Ninth Circuit explained in Bay View, Inc v Ahtna, Inc, 105 F3d 1281 (9th Cir 1997), a takings claim is premature unless the claimant has availed himself of the remedy for the alleged taking provided for by the Tucker Act. Id at 1285. Indeed, a district court lacks jurisdiction to address the merits of takings claims if Congress has provided a means for paying compensation for any taking that might have occurred. Id. This jurisdictional bar applies both to claims for damages and those, like McMurray II's claims, seeking purely equitable relief:

5

> [M]any courts have viewed the Tucker Act as a jurisdictional hurdle against the payment of damages but not as an impediment to equitable relief. This, of course, is totally wrong. Because a compensation remedy is available, any taking that may have occurred simply cannot violate the takings clause.

105 F3d at 1286. "Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." Id, citing Ruckelshaus v Monsanto Co, 467 US 986, 1016 (1984). Obviously, moreover, a Takings Clause claim would not in any event lie against the telecommunications companies because they are not governmental entities and therefore cannot effect an actionable taking. Accordingly, plaintiffs' Takings Clause claim must be dismissed in its entirety.

Plaintiffs' Takings Clause claim also fails for another, entirely separate reason: they have no constitutionally-protected property right in their alleged causes of action. It is well-established that no property right vests in a cause of action until a final, unreviewable judgment is obtained. Plaintiffs were not even close to obtaining a final judgment in McMurray I at the time Congress passed FISAAA. Ileto v Glock, 565 F3d 1126, 1141-42 (9th Cir 2009); In re Consolidated US Atmospheric Testing Litigation, 820 F2d 982, 989 (9th Cir 1987).

Plaintiffs attempt to distinguish the controlling Ninth Circuit cases cited above by stressing that their claims in the underlying McMurray I lawsuit are for "liquidated damages." This argument is unavailing. Federal statutory provisions which establish statutory minimums such as "$1000 per occurrence" (e g,

6

18 USC § 2707(c)) are not concerned with "liquidated damages," a concept only relevant in the law of contracts. The existence of statutory minimum damages in the statutes under which plaintiffs have brought suit does not relieve plaintiffs of their burden of establishing defendants' liability and their own entitlement to damages and obtaining a final, unreviewable judgment; plaintiffs cite nothing to the contrary.

B

Plaintiffs' second cause of action —— that FISAAA's section 802 violates the separation of powers principle articulated in Klein —— was discussed at length in the court's order dated June 3, 2009. Doc #639. While plaintiffs correctly point out that the Attorney General has not filed a certification under FISAAA in McMurray II (Doc #650/36), this fact does not rescue their constitutional challenge. For the reasons stated in the court's June 3 order, plaintiffs' Klein challenge lacks merit and is therefore properly subject to dismissal. Doc #639 at 14-20.

C

Plaintiffs' Fifth Amendment Due Process claim also lacks merit. The court rejected a similar challenge to FISAAA in its order dated June 3 on the ground that: "Congress is free to create defenses or immunities to statutory causes of action because it is 'the legislative determination [that] provides all the process that is due.'" Doc #639 at 35, quoting Logan v Zimmerman Brush Co, 455 US 422, 430 (1982). This cause of action, therefore, is also properly subject to dismissal.

7

## II

For the reasons stated herein, the motions to dismiss (Doc ##583/11; 588/16) are GRANTED.  The motion by specially appearing defendants AT&T Inc and BellSouth Corporation to dismiss plaintiffs' complaint for lack of personal jurisdiction, Doc #584/12, previously taken off calendar by stipulation and order, is now DENIED as moot.  The clerk is directed to enter judgment in favor of defendants and to close the file and terminate all pending motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge