MICHAEL F. HERTZ
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
MARCIA BERMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 6102
Washington, DC 20001
Tel: (202) 514-4782
Fax: (202) 616-8460
tony.coppolino@usdoj.gov

*Attorneys for the Government Defendants in Their Official Capacities*

Matthew D. Brinckerhoff
Ilann M. Maazel

EMERY CELLI BRINCKERHOFF &ABADY LLP

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Tel: 212-763-5000
Fax: 212-763-5001
imaazel@ecbalaw.com

*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | **No. M:06-cv-01791-VRW** |
| This Document Relates Solely To: | **JOINT CASE MANAGEMENT STATEMENT** |
| *Shubert, et al. v. United States of America, et al.* (Case No. 07-cv-00693-VRW) | Date: September 3, 2009<br>Time: 3:30 p.m.<br><br>***Telephonic Conference***<br><br>Chief Judge Vaughn R. Walker |

The plaintiffs and the Government Defendants submit the following joint case management report in connection with the telephonic Case Management Conference scheduled in the above-captioned action for September 3, 2009 at 3:30 p.m..

**BACKGROUND**

1. This action is one of the remaining cases in this multi-district litigation proceeding brought against the United States of America and government officials. Plaintiffs' complaint alleges, *inter alia*, that the Government engaged in warrantless surveillance authorized

after the 9/11 terrorist attacks. *See Shubert* Amended Compl. ¶¶ 1-2 (Dkt. 284).[1]

2. On May 25, 2007, the Government Defendants filed a motion to dismiss or, in the alternative, for summary judgment seeking dismissal or summary judgment in their favor based on the Government's assertion of the state secrets and related statutory privileges. *See* Dkt. 295-298. Plaintiffs filed an opposition and affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. *See* Dkt. 335-336. This motion was fully briefed in August 2007, and the Court heard oral argument on August 30, 2007. *See* Dkt. 368.

3. By Order dated March 31, 2008, the Court administratively terminated the Government's motion after the Ninth Circuit Court of Appeals withdrew from submission a pending appeal of this Court's denial of the Government's motion to dismiss based on the state secrets privilege in *Hepting v. AT&T*, 439 F. Supp. 2d 974 (N.D. Cal. 2006). The Court granted the Government leave to petition the Court to reopen its motion in *Shubert* if the circumstances warrant. *See* Dkt. 438.[2]

4. On May 5, 2009, plaintiffs sent a letter to the Court requesting that it deny the Government's motion pursuant to the Ninth Circuit's decision in *Mohamed v. Jeppesen*, 563 F.3d 922 (9th Cir. April 28, 2009), and the Court's decision in *In re National Security Agency Telecommunications Records Litigation*, 564 F. Supp. 2d 1109, 1115 (N.D. Cal. 2008). *See* Dkt. 610.

5. On May 14, 2009, the Court issued an Order noting that the Government's motion had already been terminated with leave to petition for its renewal. The Court also directed the Government to address the *Jeppesen* decision in any petition to renew its motion. *See* Dkt. 623.

6. A telephonic Case Management Conference is scheduled for September 3, 2009 at 3:30 p.m. The parties set forth below their respective position on further proceedings.

---

[1] Citations are to the docket in M: 06-1791-VRW unless otherwise indicated.

[2] The *Hepting* case raised claims solely against telecommunication carrier defendants. The Court of Appeals remanded the case for consideration of the impact of the FISA Act Amendments Act of 2008 ("FAA"), which contained provisions governing the disposition of actions against carriers alleged to have assisted the Government in intelligence activities. This Court subsequently dismissed *Hepting* pursuant to the FAA, *see* Dkt. 639, and the *Hepting* plaintiffs have appealed.

**PLAINTIFFS' POSITION**

As per the Court's March 31, 2008 Order, circumstances do not warrant reopening of the government's withdrawn motion, because such a motion would be wasteful and futile in light of both *Mohamed v. Jeppesen*, 563 F.3d 922 (9th Cir. April 28, 2009), and the Court's decision in *In re National Security Agency Telecommunications Records Litigation*, 564 F.Supp.2d 1109, 1115 (N.D.Cal. 2008). In addition, the government has known for 17 months of its burden to renew its motion if it believed there were any grounds to do so. The government failed to do so and is in default of its obligation to renew its motion. It would be unfair to turn the government's default and 17-month delay into grounds for yet more delay and yet another (futile) motion. Therefore discovery should finally proceed in this case, which was filed (long before Jewel) in May 2006.

Should the Court, however, determine that the government has discharged its obligation to demonstrate that the circumstances so warrant, the Court should reinstate the government's withdrawn, May 25, 2007 motion and permit very limited, expedited briefing solely on Jeppesen.

**GOVERNMENT DEFENDANTS' POSITION**

The *Shubert* case raises allegations and claims against Government defendants that are nearly identical to those at issue in the *Jewel v. NSA* action (08-cv-4373-VRW)—in sum, that the Government has allegedly engaged in unlawful electronic surveillance on millions of domestic communications authorized after the 9/11 attacks. *See* Amended Complaint (Dkt. 284). The Government's motion to dismiss and for summary judgment in *Jewel* was argued on July 15, 2009.[3] The Government proposes two courses for proceeding in the *Shubert* action at this stage.

First, the Court could hold further proceedings in *Shubert* in abeyance until resolution of the Government's pending dispositive motion in *Jewel*. The Government's current state secrets and statutory privilege assertions in *Jewel* encompass the allegations at issue in *Shubert*, and its

[3] The Government's response to a supplemental brief filed by plaintiffs (Dkt. 38 in 08-cv-04373-VRW) is due on September 3, 2009. *See* Order (Dkt. 40 in 08-cv-04373-VRW)

pending motion in *Jewel* addresses the *Jeppesen* decision at length.[4] Thus, a ruling by the Court on the Government's pending motion in *Jewel* may impact further proceedings in *Shubert*. Second, alternatively, to place the *Shubert* action in the same posture as *Jewel*, the Government could renew its dispositive motion in *Shubert*. In any event, further proceedings in *Shubert* should not be undertaken before consideration and resolution of the issues raised in the Government's prior dispositive motion and privilege assertion in *Shubert*, and/or its pending motion in *Jewel*—even if it is necessary to formally renew and resubmit a dispositive motion in *Shubert* at this time.

Plaintiffs' contention that the Government is in "default" of any obligation to renew its prior motion in this case is meritless. The Court's Order of March 31, 2008 (*see* Dkt. 438) terminated the prior motion based on the status of the *Hepting* appeal and did not set a fixed deadline for renewal of that motion. *Hepting* was remanded on September 21, 2008. *See* Dkt. 378 in 06-cv-372-VRW (entering remand mandate). Thereafter, proceedings in this MDL focused on resolution of over forty lawsuits involving claims raised against telecommunications carrier defendants, as well as lawsuits brought by the Government against state governmental entities, and both sets of lawsuits were resolved by the Court in June 2009. *See* Dkt. 639 (dismissing claims against carrier defendants) and Dkt. 640 (entering summary judgment for the Government in state cases). At no point in the interim did the *Shubert* plaintiffs seek to advance their lawsuit, including while cross-cutting issues were being addressed in *Jewel*. In addition, in its Order of May 2009 (*see* Dkt. 623), the Court again did not set a deadline for the Government to seek renewal of its motion in *Shubert*. Thus, there is no bar at this point for the Court to either address the Government's motion in *Jewel* before proceeding here, or to renewal of the Government's prior dispositive motion to place this case on par with *Jewel*.

Finally, the Government also notes that the *Shubert* First Amended Complaint may seek

---

[4] During proceedings in *Jewel*, the Government set forth at length why the *Jeppesen* decision should not foreclose consideration of the Government's privilege assertion at this stage, particularly where plaintiffs have identified the detailed discovery they seek in a Rule 56(f) affidavit, *see* Dkt. 336, and the information sought is subject to the Government's privilege assertions. *See* Government Defendants' Reply Brief in *Jewel* (Dkt. 31 in 08-cv-04373-VRW) at 16-21; *see also* Transcript, July 15, 2009, at 24-25.

to raise so-called "Bivens" claims against certain defendants in their personal capacity. *See* Am. Compl. ¶¶ 109-112. The Amended Complaint does not clearly identify whether particular defendants are being sued in their official and/or personal capacity, nor the specific allegations made against any defendant in their personal capacity. But to the extent such personal capacity claims are being raised against some or all the individual defendants, they would present the same issues now being addressed by the Court in *Jewel* concerning whether personal capacity claims can be considered before resolution of the Government's state secrets privilege assertion. *See* Individual Capacity Defendants' Motion to Stay in *Jewel* and Plaintiffs' Opposition thereto (Dkts. 32 and 42). The Court is set to hear argument on that issue in *Jewel* on September 17, 2009. This question should also be resolved before any further proceedings in *Shubert*.[5]

**SIGNED AS TO THEIR RESPECTIVE POSITIONS**:

**FOR DEFENDANTS:**

MICHAEL F. HERTZ
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
MARCIA BERMAN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 6102
Washington, DC 20001
Tel: (202) 514-4782
Fax: (202) 616-8460
tony.coppolino@usdoj.gov

By: */s Anthony J. Coppolino*
Anthony J. Coppolino

*Attorneys for the Government Defendants in Their Official Capacities*

**FOR PLAINTIFFS**:

Matthew D. Brinckerhoff
Ilann M. Maazel

EMERY CELLI BRINCKERHOFF &ABADY LLP

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Tel: 212-763-5000
Fax: 212-763-5001
imaazel@ecbalaw.com

By: */s Ilann M. Maazel*
Ilann M. Maazel

*Attorneys for the Plaintiffs*

---

[5] In part for this reason, it may be more efficient to address case management proceedings in *Shubert* in connection with the hearing in *Jewel* on September 17, 2009, because the cases are so closely related.

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, ANTHONY J. COPPOLINO, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from each of the other signatories listed above and below. I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on August 27, 2009, in the City of Washington, District of Columbia

MICHAEL F. HERTZ
Deputy Assistant Attorney General, Civil Division
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Tel: (202) 514-4782 — Fax: (202) 616-8460

By: *__/s Anthony J. Coppolino____________*
Anthony J. Coppolino

*Attorneys for Government Defendants*
*in their Official Capacities*

EMERY CELLI BRINCKERHOFF&ABADY LLP
545 Madison Avenue, 3rd Floor
New York, NY 10022
(212) 763-5000

By: *___/s Ilann M. Maazel____________*
Matthew D. Brinckerhoff
Ilann M. Maazel
*Attorneys for Plaintiffs*