MICHAEL F. HERTZ
Deputy Assistant Attorney General
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
MARCIA BERMAN
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br><u>This Document Solely Relates To</u>:<br><br>*Al-Haramain Islamic Foundation <u>et</u> <u>al</u>. v. Obama, <u>et</u> <u>al</u>.* (07-cv-109-VRW) | ) | No. M:06-CV-01791-VRW<br><br>**GOVERNMENT DEFENDANTS' REPLY IN SUPPORT OF FOURTH MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**<br><br>Date: September 23, 2009<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Chief Judge Vaughn R. Walker |

TABLE OF CONTENTS


INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTER SUMMARY JUDGMENT FOR THE GOVERNMENT ON ALL CLAIMS. . . . . . . . . . 2

A. The Ninth Circuit's Decision Forecloses Litigation of Plaintiffs' Standing and the Merits of Their FISA Claim. . . . . . . . . . 2

B. The Government is Entitled to Summary Judgment Because Plaintiffs' Public Evidence Does Not Establish Their Article III Standing, and the Government is Not Required to Disclose State Secrets in Response to Plaintiffs' "Prima Facie" Case. . . . . . . . . . 4

C. The Government Has Not Waived Its Arguments on the Merits. . . . . . . . . . 8

D. The Court Should Not Attempt to Decide Standing Based on Classified Facts Nor Revert to Section 1806(f) Proceedings if It Denies Plaintiffs' Motion. . . . . . . . . . 9

CONCLUSION . . . . . . . . . . 10

## INTRODUCTION

The central question presented by the parties' pending cross-motions is whether plaintiffs may establish their Article III standing, for purposes of summary judgment, to challenge alleged warrantless surveillance in 2004 by drawing speculative inferences from limited public evidence. Plaintiffs concede that their public evidence establishes only a possibility that they may have been surveilled in 2004, and they contend that this should shift the burden to defendants to establish a genuine issue of material fact sufficient to defeat summary judgment.

What plaintiffs continue to disregard is that the evidence necessary to litigate plaintiffs' standing has been properly protected by the state secrets privilege, cannot be disclosed without compromising national security, and thus cannot be used in this case. *Al-Haramain Islamic Found. Inc. v. Bush*, 507 F.3d 1190, 1203-05 (9th Cir. 2007). For this reason, plaintiffs continued insistence that the Government is required to disclose state secrets to defeat their motion is simply incorrect. The Government cannot respond to plaintiffs' assertions without compromising the very national security interests that the Ninth Circuit has already held are sufficient to justify the Government's assertion of privilege in this case.

This Court's July 2, 2008 decision regarding the preemptive effect of 50 U.S.C. § 1806(f) does not alter that conclusion. The parties are not litigating the pending summary judgment motions under Section 1806(f), and thus the Ninth Circuit's state secrets ruling controls plaintiffs' motion. The only proper result of the pending motions is summary judgment or dismissal in favor of the Government because the state secrets privilege precludes adjudication of plaintiffs' claims. *See Kasza v. Browner*, 133 F.3d 1159, 1166 (9th Cir. 1998).

As set forth further below, plaintiffs' various procedural arguments for avoiding this outcome lack merit. In addition, plaintiffs' request that their standing be adjudicated based on the classified sealed document was expressly rejected by the Court before briefing on the current motions and, thus, is not before the Court on the pending motions. Finally, plaintiffs' request that the Court revert back to Section 1806(f) proceedings should also be denied. The parties litigated the propriety of such proceedings for months before the present course was set by the

Court, and the Government's position remains that such proceedings will inherently risk or require the disclosure of the very privileged information at stake.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ENTER SUMMARY JUDGMENT FOR THE GOVERNMENT ON ALL CLAIMS.

#### A. The Ninth Circuit's Decision Forecloses Litigation of Plaintiffs' Standing and the Merits of Their FISA Claim.

Plaintiffs first argue that the Ninth Circuit's decision does not foreclose them from establishing their standing based on public, non-privileged information because the Ninth Circuit never considered this idea. *See* Plaintiffs' Reply/Opposition[1/] (Dkt. 671/104) at 9. Plaintiffs are incorrect. The Ninth Circuit specifically addressed this notion in its decision. First, that court squarely held that plaintiffs cannot establish standing without information concerning whether plaintiffs were surveilled, including the Sealed Document, which was properly protected by the state secrets privilege. *Al-Haramain*, 507 F.3d at 1205. The Ninth Circuit also explained that the issue of whether plaintiffs could establish their standing with public information was discussed at oral argument, and that plaintiffs proffered no such public information that would support their standing. *Al-Haramain*, 507 F.3d at 1205 ("At oral argument, counsel for Al-Haramain essentially conceded that Al-Haramain cannot establish standing without reference to the Sealed Document. When asked if there is data or information beyond the Sealed Document that would support standing, counsel offered up no options, hypothetical or otherwise."). Importantly, the court remarked that "[i]t is not sufficient for Al-Haramain to speculate that it might be subject to surveillance under the TSP simply because it has been designated a 'Specially Designated Global Terrorist.'" *Id.* Thus, the Ninth Circuit's opinion belies plaintiffs' claim that "[a]t the time of the appellate decision, nobody – not the Ninth Circuit panel, not the defendants, not even the plaintiffs – had suggested that plaintiffs might try to establish their

---

[1] Plaintiffs' Reply to Government Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment; Plaintiffs' Opposition to Government Defendants' Fourth Motion to Dismiss and For Summary Judgment. Docket references are to M:06-cv-1791-VRW and 07-cv-0109-VRW respectively.

Article III standing without the Sealed Document." Pls. Reply/Opp. (Dkt. 671/104) at 9.

Plaintiffs further claim that they could not have brought their alleged public evidence of surveillance to the Ninth Circuit's attention because it did not exist at the time. This too is incorrect. Virtually all of the public evidence plaintiffs rely upon pre-dates oral argument before the Ninth Circuit in August 2007 and the Ninth Circuit's November 16, 2007 decision.[2/] Indeed, plaintiffs' evidence is merely more of the same kind of speculation that the Ninth Circuit has already rejected as proof of standing. *Al-Haramain*, 507 F.3d at 1205.

Plaintiffs' argument that the Ninth Circuit's mandate left them room to amend their complaint is irrelevant. The Government is not contending that the Ninth Circuit's mandate precluded any amendments to the pleadings pertinent to the remanded issue. Rather, the Government's argument is that the mandate forecloses plaintiffs' attempt to prove, not just allege, their standing with non-privileged evidence.

For these reasons, the only way that plaintiffs' FISA claim could proceed is if the procedures set forth at 50 U.S.C. § 1806(f) preempt the state secrets privilege. That was the narrow issue that the Ninth Circuit remanded to this Court for resolution. And, as set forth in the

---

[2] *See* Eisenberg Declaration in Support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. 657-3/99-3) at Exs. A-F (Dec. 2005 - Jan. 2007 public statements by members of Bush administration about the TSP); *id.* at Exs. G-I (May 2007 - July 2007 testimony by former Deputy Attorney General James B. Comey and Robert S. Mueller about events involving former Attorney General John Ashcroft in 2004); *id.* at Ex. J (March 2004 testimony about FBI's investigation of AHIF-Oregon); *id.* at Ex. K (Feb. 2004 Treasury Department press release announcing blocking of AHIF-Oregon's assets); *id.* at Ex. L (Sept. 2003 testimony of FBI Assistant Director John S. Pistole); *id.* at Ex. M (June 2004 testimony of OFAC Director); *id.* at Exs. N-O (April 2004 and July 2004 letters from OFAC stating that OFAC was considering designating AHIF-Oregon as terrorist organization based on unclassified and classified information); *id.* at Ex. P (Sept. 2004 Treasury Dept. press release announcing designation of AHIF-Oregon); *id.* at Ex. Q (May 2006 declaration of FBI special agent regarding Sealed Document); *id.* at Ex. S (Oct. 2007 speech by FBI Deputy Director John S. Pistole regarding FBI's use of "surveillance" in investigating Al-Haramain in 2004); *id.* at Ex. U (Aug. 2007 declaration filed in United States v. Sedaghaty); *id.* at Ex. V (July 2006 congressional testimony of Director of CIA); *id.* at Ex. W (May 2007 congressional testimony of Director of National Intelligence); *id.* at X (Sept. 2007 congressional testimony of Director of National Intelligence and Asst. Attorney General); *id.* at Y (June 2006 court transcript); Decls. of Wendell Belew and Asim Ghafoor (plaintiffs' knowledge of their telephone conversations in March and April, 2004).

Government's opening brief,[3] although the Court concluded on remand that the in camera review procedures described in Section 1806(f) preempt the state secrets privilege "as to matters to which it relates," 564 F. Supp. 2d at 1119, the pending motions are not proceeding under Section 1806(f). Instead, the Court ordered plaintiffs to move for summary judgment based on non-classified, non-privileged evidence, *see* June 5, 2009 Order (Dkt. 643/96), and the Government has not attempted to defeat that motion with classified evidence and thereby risk triggering protective order procedures under the Court's Order. Thus, under the present circumstances, the Ninth Circuit's rulings on the privilege assertion therefore control the summary judgment motions now before the Court.

**B. The Government is Entitled to Summary Judgment Because Plaintiffs' Public Evidence Does Not Establish Their Article III Standing, and the Government is Not Required to Disclose State Secrets in Response to Plaintiffs' "Prima Facie" Case.**

In our opening motion, the Government demonstrated that plaintiffs have not sustained their burden of proof on summary judgment to set forth specific facts establishing that they were subject to warrantless electronic surveillance and thus have Article III standing. *See* Defs. 4th MSJ (Dkt. 668/103) at 24-34. Rather than substantively rebut this argument, plaintiffs rely on a host of procedural arguments, none of which relieves them of their burden to prove their standing.

Plaintiffs argue first that this Court has already held that plaintiffs' public evidence establishes that they were subjected to electronic surveillance. But, as is plain from the Court's Jan. 5, 2008 Order, the Court held only that "plaintiffs have alleged enough to plead 'aggrieved person' status so as to proceed to the next step in proceedings under FISA's sections 1806(f) and 1810" and to survive the Government's motion to dismiss. *Al-Haramain Islamic Foundation v. Bush*, 595 F. Supp. 2d 1077, 1086 (N.D. Cal. 2009). Indeed, the Court specifically declined to consider the standing question on summary judgment, *see id*. at 1086 ("Defendants are getting ahead of themselves" by seeking summary judgment on standing), and certainly did not find that

---

[3] *See* Government Defendants' Fourth Motion to Dismiss and for Summary Judgment (Dkt. 668/103) at 22-24 (hereafter "Defs. 4th MSJ").

plaintiffs had proven that they were subject to warrantless electronic surveillance for purposes of establishing (as opposed to pleading) Article III standing. But there is no question that standing is now being litigated on summary judgment, and the law is clear that conjecture and speculation that a party may have been injured does not suffice to establish standing at the summary judgment stage. *See* Defs. 4th MSJ (Dkt. 668/103) at 25 (citing, *inter alia*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs' contention that the Government has not identified any reasonable inferences that could be drawn from plaintiffs' public evidence *other* than they have been subject to the alleged warrantless surveillance, *see* Pls. Reply/Opp. (Dkt. 671/104) at 12, is quite wrong. We have shown at length that plaintiffs' public evidence neither establishes nor supports a reasonable inference that plaintiffs were subject to the alleged surveillance in 2004, and just as readily supports the conclusion that plaintiffs were *not* subject to the alleged surveillance. *See* Defs. 4th MSJ (Dkt. 668/103) at 27-34. Thus, even if a party can establish a "prima facie case" for summary judgment (*i.e.*, where a movant shows that there are no genuine issues of material fact requiring a trial), *see, e.g., FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001) (cited by plaintiffs), plaintiffs have not made out a prima facie case on their FISA claim for purposes of summary judgment.

More importantly, the law does not require the Government to disclose state secrets in order to address plaintiffs' evidence (whether or not it constitutes a "prima facie case"). On the contrary, plaintiffs' various arguments about burden shifting and inference drawing highlight the fundamental point of our opposition to plaintiffs' motion and of our summary judgment motion – that even if plaintiffs have established a "prima facie" case and the burden of proof shifts to the Government (both propositions the Government disputes), the Government's successful privilege assertion still precludes adjudication of plaintiffs' claims. In these circumstances, summary judgment must be entered for the Government. *See Kasza*, 133 F.3d at 1166.[4/]

---

[4] The cases plaintiffs cite are inapposite because none involves the effect of a successful invocation of the state secrets privilege. For instance, plaintiffs cite *Bischoff v. Osceola County*, Fla., 222 F.3d 874, 878-81 (11th Cir. 2000), for the proposition that when determining standing, a court should resolve disputed factual issues either at a pretrial evidentiary hearing or at trial. This is obviously true, as it is with respect to any material issue, but it has no bearing on a case

Plaintiffs' related procedural argument—that the Court's July 2, 2008 ruling that the FISA preempts the state secrets privilege, *Al-Haramain Islamic Foundation v. Bush*, 564 F. Supp. 2d 1109, 1119 (N.D. Cal. 2008), "disposes of defendants' assertion of the privilege," *see* Pls. Reply/Opp. (Dkt. 671/104) at 15—is also meritless. Plaintiffs characterize as "nonsense" and "more nonsense" the Government's contention that this case is not proceeding under the FISA, and that the FISA would only preempt the state secrets privilege through Section 1806(f) procedures. *See id.* Rather, plaintiffs contend that this case is proceeding "under the FISA" by virtue of plaintiffs' cause of action for damages under FISA Section 1810, 50 U.S.C. §1810, and on the theory that the Court's preemption ruling turned generally on the notion of FISA's "exclusivity" in the area of foreign intelligence surveillance. We respectfully disagree.

First, Section 1810 of the FISA is simply the cause of action for damages invoked by plaintiffs. But the case is not "proceeding under" that provision— it does not even purport to establish or address any procedures for litigating that cause of action.[5] Furthermore, the Court's preemption holding focused directly on Section 1806(f). The Court held that the state secrets protocol of *United States v. Reynolds*, 345 U.S. 1 (1953), "has no role where section 1806(f) applies." *Al-Haramain*, 564 F. Supp. 2d at 1119. The Court's specific inquiry was whether the in camera procedure described in Section 1806(f) preempts the *Reynolds* protocol in this case, and its holding is limited to this issue. *See id.* ("Plaintiffs argue that the in camera procedure described in FISA's section 1806(f) applies to preempt the protocol described in *Reynolds* in this case. . . . The court agrees. . . . The procedure described in section 1806(f), while not identical to

---

in which a party is precluded by the state secrets privilege from disputing the other side's evidence. *See also, e.g.*, *Schaffer v. West*, 546 U.S. 49 (2005) (concerning burden of persuasion in Individuals with Disabilities Education Act case); *Lujan*, 504 U.S. 555 (concerning plaintiffs' standing to seek judicial review of rule interpreting Endangered Species Act); *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750 (7th Cir. 2008) (shareholder action under Petroleum Marketing Practices Act); *Rome Ambulatory Surgical Center, LLC v. Rome Memorial Hospital, Inc.*, 349 F. Supp. 2d 389 (N.D.N.Y. 2004) (antitrust suit).

[5] We reserve our position that this provision does not waive sovereign immunity and that there is no other basis for plaintiffs to obtain prospective relief as to a defunct program. *See* Defs. 4th MSJ (Dkt. 668/103) at 18-20.

the procedure described in *Reynolds*, has important characteristics in common with it – enough, certainly, to establish that it preempts the state secrets privilege as to matters to which it relates."). The Court's more general statement that "FISA . . . limits the executive branch's authority to assert the state secrets privilege in response to challenges to the legality of its foreign intelligence surveillance activities," *id*. at 1121, is entirely consistent with the focus of the Court's holding on Section 1806(f) procedures. Indeed, it could not be otherwise: Section 1806(f) is the provision of the FISA that addresses an adjudication of matters concerning electronic surveillance where the need to protect national security information exists. While the Government respectfully continues to disagree that Section 1806(f) preempts the state secrets privilege to any extent, plaintiffs' suggestion that those procedures were not the basis of the Court's preemption analysis is clearly wrong.

Plaintiffs' further assertion that the Court's preemption decision "has taken the state secrets privilege out of this case, not only by finding FISA preemption, but also by proceeding solely on non-classified evidence[,]" *see* Pls. Reply/Opp. (Dkt. 671/104) at 15, is also wrong. There is no credible argument that the current motions are proceeding under any theory of FISA preemption. The Court made clear that the pending motions would proceed based on public evidence, and the Government has not triggered protective order procedures by relying on classified information in response to plaintiffs' motion. Moreover, far from taking "the state secrets privilege out of this case," the Court has now *twice* barred the plaintiffs from using the Sealed Document to establish their "aggrieved person" status—first in the July 2008 decision itself on the express grounds that the Ninth Circuit ruled that the Sealed Document was protected by the state secrets privilege and barred its use in the case, *Al-Haramain*, 564 F. Supp. 2d at 1134, and again for the current round of summary judgment motions.

In sum, notwithstanding all of their procedural arguments, plaintiffs' public evidence does not establish their Article III standing, and the law forecloses plaintiffs' attempt to require the Government to rebut their "prima facie" case on summary judgment by disclosing the very state

secrets protected in this case.[6]

**C. The Government Has Not Waived Its Arguments on the Merits.**

Plaintiffs' contention that the Government has somehow waived arguments on the merits, *see* Pls. Reply/Opp. (Dkt. 671/104) at 6-8, is also wrong. In particular, as the Government explained in its opening brief, the legal issue of whether any warrantless surveillance of plaintiffs that may have occurred under the now-defunct TSP violated FISA cannot be adjudicated because (1) the Court would have to exercise hypothetical jurisdiction in order to reach this issue, and (2) information protected by the Government's privilege assertion would be necessary to litigate the merits of plaintiffs' FISA claim. *See* Defs. 4th MSJ (Dkt.668/103) at 38-42. Rather than waiving arguments, we amply explained why it is not appropriate for the Court to reach the merits.

Plaintiffs' waiver cases are plainly distinguishable. None addresses a situation in which the Government has invoked the state secrets privilege. Rather, they are garden variety cases in which the non-moving party inexplicably failed to address an issue in opposition to a motion for summary judgment, and the party was found to have waived the issue. *See Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1146 & n. 7 (E.D. Cal. 2005) (section 1983 claim by survivors of armed robbery suspect shot by police); *Seals v. Lancaster*, 553 F. Supp. 2d 427, 432 (E.D. Pa. 2008) (section 1983 excessive force case). Here, the Government has addressed the matter at length, and demonstrated that plaintiffs' claims on the merits cannot be adjudicated without information protected by the state secrets privilege. Indeed, if plaintiffs' waiver argument were correct, then the Government would waive its defenses on the merits every time it asserted that the state secrets privilege barred adjudication of the claims against it. That is not the law. *See Kasza*, 133 F.3d at 1166.

---

[6] Plaintiffs contend that an inaccuracy in a prior submission in this case may forfeit any deference to the state secrets privilege assertion. *See* Pls. Reply/Opp. (Dkt. 671/104) at 17, n.2. The Government addressed this issue six months ago in four classified declarations and will provide the Court with additional information on the matter if it is subject to review on an *ex parte* basis. *See* Declaration of Dennis C. Blair, Director of National Intelligence, filed herewith.

**D. The Court Should Not Attempt to Decide Standing Based on Classified Facts Nor Revert to Section 1806(f) Proceedings if It Denies Plaintiffs' Motion.**

Finally, plaintiffs raise two related arguments that the Court should now revert to an adjudication of plaintiffs' standing based on classified information. Both contentions should be rejected.

First, plaintiffs again ask the Court to adjudicate the question of standing based on the Sealed Document, arguing that the Ninth Circuit would benefit from a determination based on both public and classified evidence. *See* Pls. Reply/Opp. (Dkt. 671/104) at 14. But this would be clearly inappropriate. The Court expressly rejected this course for the pending motions, and thus such an adjudication is simply not before the Court. Moreover, the Ninth Circuit unequivocally barred information as to whether plaintiffs have been surveilled, including the Sealed Document, from further use in this litigation. Thus, far from "benefitting" the Ninth Circuit, it would violate that court's mandate to address the issue of standing using the Sealed Document.[7]

Plaintiffs' second and related request that the Court revert to Section 1806(f) proceedings if it denies plaintiffs' motion for partial summary judgment should likewise be rejected. The Court's June 5 Order did not indicate that it was holding Section 1806(f) proceedings in abeyance, as plaintiffs contend (*see* Dkt. 671/104 at 20), but simply directed plaintiffs to move for summary judgment based on non-classified evidence, and ordered that if the Government relied upon classified evidence in response, the Court would enter a protective order and produce such classified evidence to plaintiffs' counsel who have obtained security clearances. *See* Dkt. 643/96.

If the Court finds plaintiffs' non-classified evidence insufficient to establish their Article

---

[7] Moreover, such an adjudication would inherently risk or require the disclosure of information subject to the state secrets privilege. The Court should not risk abrogation of the privilege, directly or indirectly, without first providing the Government with an opportunity for appellate review of whether such an adjudication is proper. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street: Once information is published [or disclosed], it cannot be made secret again," and thus an order of disclosure is "'effectively unreviewable on appeal from a final judgment'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). *See also Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) ("[A]ppeal after disclosure of the privileged communication [or information] is an inadequate remedy").

III standing, it should not reverse course and order a Section 1806(f) proceeding, which risks disclosure of state secrets, but rather enter summary judgment in favor of the Government. *See Kasza*, 133 F.3d at 1166. The parties spent months litigating the propriety of Section 1806(f) proceedings, and the Government's position remains that it will not consent to proceedings in which plaintiffs' counsel obtain access to classified information.[8] In addition, even *ex parte* proceedings would inherently risk or require the disclosure of state secrets precisely because the very question of whether or not there even is jurisdiction to proceed in this case could not be concealed. *See, e.g.*, Defs. 3rd MSJ (Dkt. 475/49) at 28; Defs. 2nd MSJ (Dkt. 432/17) at 32-35. The Government submits that the proper course at this stage is for the Court to enter summary judgment in the Government's favor.[9]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Partial Summary Judgment, and grant the Government Defendants' Fourth Motion to Dismiss and for Summary Judgment, and dismiss all claims in this action.

---

[8] The Government continues to dispute plaintiffs' contention that the Court may supplant the Executive Branch's denial of a "need to know" determination for access to classified information, *see* Pls. Reply/Opp. (Dkt. 671/104) at 21, n.3 (citing *Horn v. Huddle*, 2009 WL 2610100 at * 7-8 (D.D.C. Aug. 26, 2009). But this issue is not being litigated in the pending motions, and we note in any event that the Government disagrees with and has appealed the district court's recent decision in *Horn*, which has now been stayed pending appeal.

[9] If the Court denies the parties' pending motions and intends to proceed under Section 1806(f), the Government again requests that it certify the Section 1806(f) preemption issue for interlocutory review under 28 U.S.C. § 1292(b) before any further district court proceedings because those proceedings would risk the disclosure of privileged information.

Dated: September 14, 2009

Respectfully Submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Branch Director

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

*s/ Marcia Berman*
MARCIA BERMAN
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for the Government Defendants*