1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
   **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2  **Eisenberg & Hancock LLP**
   1970 Broadway, Suite 1200 • Oakland, CA  94612
3  510.452.258l – Fax 510.452.3277

4  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5  503.445-4622 – Fax 503.238.7501

6  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7  503.622.3123 - Fax: 503.622.1438

8  **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
   8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9  360.213.9737 - Fax 866.399.5575

10 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
12
   **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 610 S. Ardmore Ave.• Los Angeles, CA 90005
   213.385.2977 – Fax 213.385.9089
14
15 Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

16            **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **PLAINTIFFS' NOTICE OF SUBMISSION TO COURT OF APPEALS** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | Chief Judge Vaughn R. Walker |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** | |
| Plaintiffs, | |
| vs. | |
| **BARACK H. OBAMA, President of the United States, et al.,** | |
| Defendants. | |

On November 11, 2009, plaintiffs filed with the Court of Appeals for the Ninth Circuit a Motion To Strike Lodging Of *In Camera, Ex Parte* Declaration Of Director Of National Intelligence. A copy of that submission is attached hereto as Exhibit No. 1.

We also note that, although the Government Defendants' Notice Of Submission To Court Of Appeals dated November 10, 2009 states that the government defendants "also lodged for the Court of Appeals the classified materials that had been made available to this Court in February 2009," Dkt. #108 at 3, the notice filed in the Ninth Circuit, attached as Exhibit No. 1 to the Government Defendants' Notice Of Submission To Court Of Appeals, does not state that the classified filings of February 2009 were included in the lodging with the Ninth Circuit, and there is no indication that they were.

DATED this 11th day of November, 2009.

        /s/ Jon B. Eisenberg
Jon B. Eisenberg, Calif. Bar No. 88278
William N. Hancock, Calif. Bar No. 104501
Steven Goldberg, Ore. Bar No. 75134
Thomas H. Nelson, Oregon Bar No. 78315
Zaha S. Hassan, Calif. Bar No. 184696
J. Ashlee Albies, Ore. Bar No. 05184
Lisa Jaskol, Calif. Bar No. 138769

**Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor**

**CERTIFICATE OF SERVICE**

RE:   In Re National Secrurity Agency Telecommunications Records Litigation
      MDL Docket No. 06-1791 VRW

    I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' NOTICE OF SUBMISSION TO COURT OF APPEALS**

___   **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___   **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX   **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in *In Re National Security Agency Telecommunications Records Litigation*, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

    I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2009 at San Francisco, California.

                                                      /s/ Jessica Dean
                                                      JESSICA DEAN

1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
   **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2  **Eisenberg & Hancock LLP**
   1970 Broadway, Suite 1200 • Oakland, CA  94612
3  510.452.258l – Fax 510.452.3277

4  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5  503.445-4622 – Fax 503.238.7501

6  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7  503.622.3123 - Fax: 503.622.1438

8  **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
   8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9  360.213.9737 - Fax 866.399.5575

10 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
12
   **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 610 S. Ardmore Ave.• Los Angeles, CA 90005
   213.385.2977 – Fax 213.385.9089
14

15 **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **EXHIBIT NO. 1 TO PLAINTIFFS' NOTICE OF SUBMISSION TO COURT OF APPEALS** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | Chief Judge Vaughn R. Walker |
| AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al., | |
| Plaintiffs, | |
| vs. | |
| BARACK H. OBAMA, President of the United States, et al., | |
| Defendants. | |

# 06-36083

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

---

**AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,**

*Plaintiffs,*

*vs.*

**GEORGE W. BUSH, President of the United States, et al.,**

*Defendants.*

---

# MOTION TO STRIKE LODGING OF
# *IN CAMERA, EX PARTE* DECLARATION OF
# DIRECTOR OF NATIONAL INTELLIGENCE

---

**EISENBERG AND HANCOCK, LLP**
**JON B. EISENBERG** (CSB No. 88278)
**WILLIAM N. HANCOCK** (CSB No. 104501)
1970 Broadway, Suite 1200
Oakland, California 94612
(510) 452-2581 • FAX: (510) 452-3277

**STEVEN GOLDBERG** (OSB No. 75134)
River Park Center, Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 445-4622 • FAX: (503) 238-7501

**THOMAS H. NELSON** (OSB No. 78315)
P.O. Box 1211
24525 E. Welches Road
Welches, Oregon 97067
(503) 662-3123 • FAX: (503) 622-1438

**J. ASHLEE ALBIES** (OSB No. 05184)
**STEENSON, SCHUMANN, TEWKSBURY,**
**CREIGHTON AND ROSE, PC**
815 S.W. Second Ave., Suite 500
Portland, Oregon 97204
(503) 221-1792 • FAX: (503) 223-1516

**ZAHA S. HASSAN** (CSB No. 184696)
8101 N.E. Parkway Drive, Suite F-2
Vancouver, WA 98662
(360) 213-9737 • FAX: (866) 399-5575

**LISA R. JASKOL** (CSB No. 138769)
610 S. Ardmore Avenue
Los Angeles, California 90005
(213) 385-2977 • FAX: (213) 385-9089

Attorneys for Plaintiffs
**AL-HARAMAIN ISLAMIC FOUNDATION, INC.,**
**WENDELL BELEW, and ASIM GHAFOOR**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................. iv

INTRODUCTION............................................................ 1

BACKGROUND............................................................. 1

ARGUMENT............................................................... 5

    I.    THIS COURT SHOULD STRIKE THE SECRET DECLARATION BECAUSE THE COURT CURRENTLY LACKS APPELLATE JURISDICTION....................................... 5

    II.   THE COURT SHOULD STRIKE THE SECRET DECLARATION BECAUSE IT IS NOT CURRENTLY BEFORE THE DISTRICT COURT........................................... 7

    III.  THE SECRET DECLARATION'S SUBMISSION TO THIS COURT SHOULD AWAIT JUDGE WALKER'S RULING ON DEFENDANTS' REQUEST TO FILE IT IN THE DISTRICT COURT................................................ 8

CONCLUSION.............................................................. 9

STATEMENT OF RELATED CASE.............................................. 11

CERTIFICATE OF COMPLIANCE.............................................. 12

# TABLE OF AUTHORITIES

## Cases

Page

Al-Haramain Islamic Foundation, Inc. v. Bush
  507 F.3d 1190 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Calderon v. Thompson
  523 U.S. 538 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Horn v. Huddle
  636 F.Supp.2d 10 (D.D.C. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

In re National Security Agency Telecommunications Records Litigation
  564 F.Supp.2d 1109 (N.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

In re National Security Agency Telecommunications Records Litigation
  595 F.Supp.2d 1077 (N.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

M2 Software, Inc. v. M2 Communications, L.L.C.
  463 F.3d 868 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Morrison v. Hall
  261 F.3d 896 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Nevius v. Sumner
  105 F.3d 453 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sgaraglino v. State Farm Fire and Casualty Company
  896 F.2d 420 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Fraser
  407 F.3d 9 (1st Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

United States v. Walker
  601 F.2d 1051 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Statutes

50 U.S.C. § 1806(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**INTRODUCTION**

On November 9, 2009 – nearly two years after this Court issued its mandate relinquishing jurisdiction of the above-entitled appeal, and nearly seven months after the Court issued its mandate upon a finding of no jurisdiction in an attempted related appeal – defendants lodged with the Court, *ex parte* and *in camera*, a classified declaration by the Director of National Intelligence, the contents of which are unknown to plaintiffs. By this motion, plaintiffs provide background information to explain defendants' lodging, and plaintiffs request this Court to strike the declaration for lack of appellate jurisdiction.

**BACKGROUND**

On November 16, 2007, the Court remanded this case to Judge Vaughn R. Walker "to consider whether FISA [the Foreign Intelligence Surveillance Act] preempts the state secrets privilege and for any proceedings collateral to that determination." *Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190, 1206 (9th Cir. 2007). The Court's mandate issued on January 16, 2008.

On July 2, 2008, Judge Walker ruled that FISA preempts the state secrets privilege and dismissed plaintiffs' complaint with leave to amend – specifically, to plead non-classified facts sufficient to establish "aggrieved person" status under FISA, 50 U.S.C. § 1806(f). *In re National Security Agency Telecommunications Records Litigation*, 564 F.Supp.2d 1109, 1111, 1135 (N.D. Cal. 2008). Plaintiffs

1

subsequently filed a First Amended Complaint which pleads the requisite non-classified information. *See* Doc. #35 at 4-14.

On January 5, 2009, Judge Walker ruled that "[w]ithout a doubt, plaintiffs have alleged enough to plead 'aggrieved person' status so as to proceed to the next step in proceedings under FISA's sections 1806(f) and 1810." *In re National Security Agency Telecommunications Records Litigation*, 595 F.Supp.2d 1077, 1086 (N.D. Cal. 2009). Judge Walker prescribed several measures to be taken in order to facilitate going forward with an adjudication of plaintiffs' standing. *See id.* at 1089-91.

On January 16, 2009, defendants filed a notice of appeal from the order of January 5, 2009. *Al-Haramain Islamic Foundation, Inc. v. Obama*, No. 09-15266. On February 27, 2009, this Court dismissed the purported appeal for lack of appellate jurisdiction. The Court's mandate issued on April 23, 2009.

On June 5, 2009, after a period of time during which defendants refused to take measures Judge Walker prescribed for going forward with the adjudication of standing, Judge Walker authorized plaintiffs to file a motion for partial summary judgment based solely on non-classified evidence – that is, not including the Sealed Document that has been at issue in this case. Judge Walker also ordered that if defendants were to rely on classified evidence in opposing the motion, the judge would "enter a protective order and produce such classified evidence to those of

2

plaintiffs' counsel who have obtained top secret/sensitive compartmented information clearances (Messrs. Eisenberg and Goldberg) for their review." Order of June 5, 2009, Dkt. #96 at 1-2.

In briefing on the ensuing summary judgment motion, plaintiffs addressed, among other things, *ex parte* and *in camera* classified filings by defendants in the district court on February 27, 2009, the contents of which are unknown to plaintiffs. According to a public filing by defendants, the secret filings "address an inaccuracy contained in a prior submission by the Government, the details of which involve classified information that cannot be set forth on the public record." Government Defendants' Report On Classified Review at 2, Dkt. #78 at 2. Plaintiffs argued on the summary judgment motion that "if the 'inaccuracy' amounts to a *misrepresentation*, the Court should find that defendants have forfeited judicial deference to their assertion of the state secrets privilege. *See Horn v. Huddle*, 636 F.Supp.2d 10, 17 (D.D.C. 2009) (court refuses to give 'a high degree of deference' to assertion of state secrets privilege because of government's 'prior misrepresentations regarding the state secrets privilege in this case')." Pls.' Reply to Gov't Defs.' Opposition to Pls.' Motion For Partial Summary Judgment, etc., Dkt. #104 at 13 n. 2 (emphasis in original).

In reply briefing, defendants offered to provide Judge Walker with "additional information on the matter if it is subject to review on an *ex parte* basis." Govt.'

3

Defs.' Reply In Support Of Fourth Motion To Dismiss And For Summary Judgment, Dkt. #105 at 8 n. 6. Defendants proposed to provide that "additional information" in an *ex parte* and *in camera* classified declaration by Director of National Intelligence (DNI) Dennis C. Blair. In a public declaration, DNI Blair stated: "Because discussion of the details concerning this matter would require the disclosure of properly classified information, I can make available to the Court for *in camera, ex parte* review additional classified details that address this issue further." Decl. Of Dennis C. Blair, Director of National Intelligence, Dkt. #105-1 at 3-4. In other words, defendants proposed to submit DNI Blair's secret filing on the condition that Judge Walker would not disclose it to plaintiffs' counsel as contemplated by the judge's order of June 5, 2009.

Subsequently, on September 23, 2009, at the hearing on plaintiffs' summary judgment motion, defendants reiterated their request to submit DNI Blair's classified declaration to Judge Walker *ex parte* and *in camera*. Plaintiffs objected to the secret submission, arguing that the declaration, if submitted, should be disclosed to those of plaintiffs' counsel who have obtained top secret/sensitive compartmented information clearances, pursuant to the order of June 5, 2009. Judge Walker stated: "I'll take that matter under consideration." Transcript, 9/23/09, at 55-57.

Thus, the current procedural posture of this case in the district court, underlying defendants' lodging of DNI Blair's classified declaration in this Court, is

4

as follows: Defendants have requested permission to submit DNI Blair's classified declaration to Judge Walker *ex parte* and *in camera*. Plaintiffs have objected to such submission without disclosure to plaintiffs' security-cleared counsel. Judge Walker has not yet ruled on the request, and has not yet ruled on the summary judgment motion.

## ARGUMENT

### I. THIS COURT SHOULD STRIKE THE SECRET DECLARATION BECAUSE THE COURT CURRENTLY LACKS APPELLATE JURISDICTION.

As a jurisdictional matter, defendants' November 9, 2009 lodging of DNI Blair's secret declaration is both tardy and premature.

The lodging of DNI Blair's secret declaration is jurisdictionally tardy because it comes nearly two years after issuance of this Court's mandate upon decision of the interlocutory appeal, and nearly seven months after issuance of this Court's mandate upon dismissal of the subsequent attempted appeal. Those mandates terminated this Court's appellate jurisdiction and reinstated jurisdiction in the district court. *See, e.g., Sgaraglino v. State Farm Fire and Casualty Co.*, 896 F.2d 420, 421-22 (9th Cir. 1990). This Court should not allow a filing or lodging in a case where the Court's appellate jurisdiction is terminated.

The lodging of DNI Blair's secret declaration is jurisdictionally premature because it occurs prior to Judge Walker's ruling on defendants' request to file that

5

very same declaration in the district court. Without a doubt, this Court will again attain appellate jurisdiction in this case, after Judge Walker rules on the pending summary judgment motion and renders a final judgment in the case. The time for defendants to make submissions in this Court is when the case returns to this Court upon Judge Walker's rendition of final judgment – and not before then.[1]

There is, of course, a procedural mechanism available to defendants for properly lodging DNI Blair's secret declaration with this Court *now* – a motion to recall the Court's mandate of January 16, 2008, which would restore the Court's appellate jurisdiction. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). This Court may choose to treat defendants' lodging as a motion to recall the mandate. *See United States v. Fraser*, 407 F.3d 9, 10 (1st Cir. 2005). But the Court's "authority to recall a mandate is to be 'exercised only in extraordinary circumstances' and 'the sparing use of the power demonstrates that it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" *M2 Software Inc. v. M2 Communications, L.L.C.*, 463 F.3d 868, 869 (9th Cir. 2006) (Beezer, J., concurring) (quoting *Calderon*

---

[1] On November 10, 2009, plaintiffs' counsel Jon B. Eisenberg emailed defendants' counsel Thomas M. Bondy, pursuant to Ninth Circuit Rule 27-1(2), Adv. Comm. Note (5), to determine defendants' position regarding the absence of appellate jurisdiction at this time. Mr. Bondy responded that same day by email, stating: "Our view is that this is just a 'Notice' that speaks for itself. It is not a pleading or a brief, and it does not call for any action by the Court." In plaintiffs' view, the absence of appellate jurisdiction precludes a filing or lodging regardless of whether it calls for any Court action.

6

*v. Thompson*, 523 U.S. 538, 550 (1998)); *accord*, *Nevius* at 460.  Defendants have made no showing of extraordinary circumstances requiring the lodging of DNI Blair's secret declaration in this Court, upon recall of the Court's mandate, prior to Judge Walker's ruling on whether the declaration will be filed in the district court.

Plaintiffs recognize that there may, in fact, be an extraordinary circumstance here justifying recall of the Court's mandate, to the extent that the so-called "inaccuracy" in the prior secret filings addressed by DNA Blair's secret declaration may amount to the perpetration of a fraud upon the Court, which *is* a basis for recall of the Court's mandate.  *See M2 Software*, 463 F.3d at 869; *United States v. Fraser*, 407 F.3d at 10 & n. 1.  If defendants' purpose in lodging DNI Blair's secret declaration with this Court is to disclose a fraud upon this Court, plaintiffs agree that the Court should recall its mandate so that the fraud may be disclosed expeditiously.

## II. THE COURT SHOULD STRIKE THE SECRET DECLARATION BECAUSE IT IS NOT CURRENTLY BEFORE THE DISTRICT COURT.

Another reason why this Court should strike DNI Blair's secret declaration is that it is not currently before the district court, as Judge Walker has not yet ruled on defendants' request for permission to submit the declaration in the district court *ex parte* and *in camera*.  In effect, by lodging the declaration in this Court now, in advance of the appeal that is sure to follow Judge Walker's final judgment in this case, defendants have unilaterally enlarged the future record on that appeal to include

material that is not yet and may never be before Judge Walker. This maneuver violates the general rule precluding enlargement of the record to include material that was not before the district court. *See Morrison v. Hall*, 261 F.3d 896, 900 n. 4 (9th Cir. 2001); *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979).

By lodging DNA Blair's secret declaration in this Court at this time, defendants are attempting to perpetrate a subterfuge by which they would bypass Judge Walker, subvert his June 5, 2009 order that further secret filings by defendants will be disclosed under a protective order to plaintiffs' security-cleared counsel, and create a bizarre situation where this Court would have exclusive access to evidence not presented to Judge Walker or accessible to plaintiffs' security-cleared counsel pursuant to Judge Walker's order. This Court should not countenance such gamesmanship.

### III. THE SECRET DECLARATION'S SUBMISSION TO THIS COURT SHOULD AWAIT JUDGE WALKER'S RULING ON DEFENDANTS' REQUEST TO FILE IT IN THE DISTRICT COURT.

We have no quarrel with the notion that, ultimately, this Court should be apprised of the so-called "inaccuracy" in defendants' previous secret filings and whatever it is that DNI Blair wishes to add to the classified filings of February 27, 2009 in which defendants disclosed the "inaccuracy" to Judge Walker. We wish, however, to have access to DNI Blair's secret declaration in order to determine

8

whether a plausible argument can be made that defendants have forfeited judicial deference to their assertion of the state secrets privilege by virtue of prior misrepresentations in the district court. *See Horn v. Huddle*, 636 F.Supp.2d at 17. Judge Walker has not yet ruled on whether plaintiffs' security-cleared counsel will be afforded such access if the declaration is filed below. Once that ruling occurs and the case returns to this Court on appeal from a final judgment, the case will be in a posture where, depending on how Judge Walker rules, this Court can either review DNI Blair's secret declaration as part of the record that was before Judge Walker or decide whether Judge Walker erred in excluding the declaration. The declaration's submission to this Court should await Judge Walker's ruling and final judgment, so that the determination of the declaration's status is appropriately postured for appellate review.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully ask this Court to strike defendants' lodging of DNI Blair's declaration in this Court.[2]

---

[2] We note that in the Government Defendants' Notice Of Submission To Court Of Appeals filed in the district court on November 10, 2009, defendants state that they "also lodged for the Court of Appeals the classified materials that had been made available to this Court in February 2009." Dkt. #108 at 3. Defendants' Notice Of Lodging Of *In Camera, Ex Parte* Declaration Of Director Of National Intelligence filed in this Court, however, does not state that the classified filings of February 2009 have been included in the lodging with this Court, and there is no indication that they were.

9

November 11, 2009             Respectfully submitted,


                                 /s/ Jon B. Eisenberg

                              Jon B. Eisenberg, J. Ashlee Albies, Steven Goldberg, Lisa R. Jaskol, William N. Hancock, Zaha S. Hassan, & Thomas H. Nelson

                              Attorneys for Plaintiffs
                              **Al-Haramain Islamic Foundation,**
                              **Inc., Wendell Belew, and Asim Ghafoor**

## STATEMENT OF RELATED CASE

This Court previously dismissed a related appeal in this case in *Al-Haramain Islamic Foundation, Inc. v. Obama*, No. 09-15266.

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Fed. R. App. P. 27(d)(2), this Motion To Strike Lodging Of *In Camera, Ex Parte* Declaration Of Director Of National Intelligence is proportionately spaced, has a typeface of 14 points or more, and consists of 10 pages.

November 11, 2009					By:   /s/ Jon B. Eisenberg
							Jon B. Eisenberg

# CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First Class Mail, postage prepaid to the following non-CM/ECF participants:

Anthony A. Yang
U.S. Department of Justice
Civil Division - Appellate
Rm. 7264
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

John M. Hummasti
720 S. Holladay Dr
Seaside, OR 97138

Dated: November 11, 2009

   /s/ Jessica Dean
     Jessica Dean