1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
   **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2  **Eisenberg & Hancock LLP**
   1970 Broadway, Suite 1200 • Oakland, CA  94612
3  510.452.258l – Fax 510.452.3277

4  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5  503.445-4622 – Fax 503.238.7501

6  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7  503.622.3123 - Fax: 503.622.1438

8  **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
   8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9  360.213.9737 - Fax 866.399.5575

10 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
12
   **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 610 S. Ardmore Ave.• Los Angeles, CA 90005
   213.385.2977 – Fax 213.385.9089
14

15 **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor**

16              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | Chief Judge Vaughn R. Walker |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** Plaintiffs, vs. **BARACK H. OBAMA, President of the United States, et al.,** Defendants. | |

PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA
MDL DOCKET NO. 06-1791 VRW

Dockets.Justia.com

On November 6, 2009, plaintiffs filed with the United States District Court for the District of Columbia a motion for leave to file a brief as *amici curiae* in *Horn v. Huddle*, No. 1:94-CV-1756 (RCL). A copy of that submission is attached hereto as Exhibit No. 1.

Plaintiffs make this submission to this Court in order to apprise the Court of the current status of two opinions by Chief Judge Royce Lamberth in *Horn v. Huddle*, which plaintiffs have cited to this Court in recent briefing. *See* Plaintiffs' Reply to Government Defs.' Oppo. To Pls.' Motion For Partial Sum. Jmt,; Plaintiffs' Oppo. To Government Defs.' Fourth Motion To Dismiss And For Sum. Jmt., Dkt. #104, at 13 n. 2 & 17 n. 3. On November 3, 2009, the United States filed a motion for vacatur in *Horn v. Huddle*, asking Judge Lamberth to vacate those two opinions due to mootness caused by the parties' settlement of the case. The purpose of the proposed brief of *amici curiae* attached hereto is to apprise Judge Lamberth of legal authorities that support denial of the vacatur motion. Judge Lamberth has not yet ruled on plaintiffs' motion to file their brief as *amici curiae* or on the vacatur motion.

DATED this 11th day of November, 2009.

                                               /s/ Jon B. Eisenberg
                                Jon B. Eisenberg, Calif. Bar No. 88278
                                William N. Hancock, Calif. Bar No. 104501
                                Steven Goldberg, Ore. Bar No. 75134
                                Thomas H. Nelson, Oregon Bar No. 78315
                                Zaha S. Hassan, Calif. Bar No. 184696
                                J. Ashlee Albies, Ore. Bar No. 05184
                                Lisa Jaskol, Calif. Bar No. 138769

**Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor**

---

1

PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
MDL DOCKET NO. 06-1791 VRW

# CERTIFICATE OF SERVICE

**RE:** **In Re National Security Agency Telecommunications Records Litigation**
**MDL Docket No. 06-1791 VRW**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

___  **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___  **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX  **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in *In Re National Security Agency Telecommunications Records Litigation*, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2009 at San Francisco, California.

                                          /s/ Jessica Dean
                                        JESSICA DEAN

1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
   **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2  **Eisenberg & Hancock LLP**
   1970 Broadway, Suite 1200 • Oakland, CA 94612
3  510.452.258l – Fax 510.452.3277

4  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5  503.445-4622 – Fax 503.238.7501

6  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7  503.622.3123 - Fax: 503.622.1438

8  **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
   8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9  360.213.9737 - Fax 866.399.5575

10 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
12
   **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 610 S. Ardmore Ave.• Los Angeles, CA 90005
   213.385.2977 – Fax 213.385.9089
14

15 **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **EXHIBIT NO. 1 TO PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** | Chief Judge Vaughn R. Walker |
| Plaintiffs, | |
| vs. | |
| **BARACK H. OBAMA, President of the United States, et al.,** | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD A. HORN,** | ) No. 1:94-CV-1756 (RCL) |
| Plaintiff, | ) |
| vs. | ) |
| **FRANKLIN HUDDLE, JR.** and **ARTHUR BROWN,** | ) |
| Defendants. | ) |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC.**<br>c/o P.O. Box 1211<br>Welches, OR 97067-1211 | ) |
| **WENDELL BELEW**<br>1150 Connecticut Ave. NW, Suite 900<br>Washington, D.C. 20036 | ) |
| **ASIM GHAFOOR**<br>1101 30th Street NW, Suite 500<br>Washington, DC 20007 | ) |
| Amici. | ) |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF
AL-HARAMAIN ISLAMIC FOUNDATION, INC.,
WENDELL BELEW, AND ASIM GHAFOOR
FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE***

Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor hereby move, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, for leave to file a brief as *amici curiae* regarding the motion by the United States to vacate this Court's opinions and orders of July 16, 2009 and August 26, 2009.

In support of this Motion, *amici curiae* state as follows:

1. This Motion is filed, and the brief itself would be filed, pursuant to this Court's Local Civil Rule 83.2(c), which permits a non-member of the Bar of this Court who is "a member in good standing of the bar of any United States Court or the highest court of any State" to file papers in this Court if the non-member is joined as attorney of record by "a member in good standing of the Bar of this Court." *Amici curiae* counsel Jon B. Eisenberg is not a member of the Bar of this Court, but is a member in good standing of the Bars of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States District Court for the Northern District of California, and the California Supreme Court. *Amici curiae* counsel Alan Kabat is a member in good standing of the Bar of this Court.

2. In telephone calls made by the undersigned Jon B. Eisenberg on November 5, 2009, the United States's counsel Paul G. Freeborne advised that the United States opposes this Motion; defendant Brown's counsel Robert A. Salerno advised that Mr. Brown does not consent to this Motion; defendant Huddle's counsel Donald M. Remy advised that Mr. Huddle does not oppose this Motion; and plaintiff's counsel Brian C. Leighton advised that plaintiff does not oppose this Motion.

3. The interest of *amici curiae* in the United States's vacatur motion in this case arises from the fact that, in litigation pending in the United States District Court for the Northern District of California, *Al-Haramain Islamic Foundation, Inc. v. Obama*, MDL Docket No. 06-1701 VRW (N.D. Cal.), *amici curiae*, who are the plaintiffs in that case, have cited both of the opinions that the United States now seek to have vacated.

4. The purpose of the *amicus curiae* brief is to apprise the Court of legal authorities – as to which the United States's vacatur motion is silent – that are directly adverse to the United

2

States's position and support this Court's denial of that motion.

5. A court may grant leave to appear as *amicus curiae* if the information offered is timely and useful. *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). In *Ellsworth*, the court granted a motion to file an *amicus curiae* brief because the movants "have a special interest in [the] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution" of those issues. *Id.* That standard is met here.

6. The proposed *amicus curiae* brief is attached as an exhibit to this Motion.

Respectfully submitted

/s/ Jon B. Eisenberg
JON B. EISENBERG, Cal. Bar No. 88278
EISENBERG AND HANCOCK LLP
1970 Broadway, Suite 1200
Oakland, CA 94612
510.452.2581 – Fax 510.452.3277
*jon@eandhlaw.com*

/s/ Alan Kabat
ALAN R. KABAT, D.C. Bar No. 464258
BERNABEI & WACHTEL, PLLC
1775 T Street, NW
Washington, DC 20009
202.745.1942 – Fax 202.745-2627
*kabat@bernabeipllc.com*

*Counsel for Amici Curiae Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor.*

DATED: November 6, 2009

3

## CERTIFICATE OF SERVICE

      I caused the Motion and Memorandum of Points and Authorities of Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor for Leave to File a Brief as *Amici Curiae* to be filed on the <u>6th</u> day of November 2009, via the Electronic Case Filing (ECF) system in the United States District Court for the District of Columbia on all parties registered for e-filing in *Horn v. Huddle*, No. 1:94-CV-1756 (RCL).


                                                  /s/ Alan R. Kabat

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD A. HORN,** | ) No. 1:94-CV-1756 (RCL) |
| Plaintiff, | ) |
| vs. | ) |
| **FRANKLIN HUDDLE, JR. and ARTHUR BROWN,** | ) |
| Defendants. | ) |

**BRIEF FOR AL-HARAMAIN ISLAMIC FOUNDATION, WENDELL BELEW,
AND ASIM GHAFOOR AS *AMICI CURIAE* REGARDING
THE UNITED STATES'S MOTION TO VACATE
THE JULY 16, 2009 AND AUGUST 26, 2009 OPINIONS AND ORDERS**

**INTRODUCTION**

Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor file this *amicus curiae* brief regarding the motion by the United States to vacate this Court's opinions and orders of July 16, 2009 and August 26, 2009. The purpose of this brief is to apprise the Court of legal authorities – as to which the United States's vacatur motion is silent – that are directly adverse to the United States's position and support this Court's denial of the motion.

**DISCUSSION**

**I. LEGAL AUTHORITY UNDISCLOSED BY THE UNITED STATES AUTHORIZES THIS COURT TO DENY THE VACATUR MOTION FOR LACK OF EXTRAORDINARY CIRCUMSTANCES.**

The United States's vacatur motion cites *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998) for the proposition that a district court's vacatur of its own opinions is not governed by the standards prescribed in *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994) for appellate court vacatur of district court opinions. *See*

United States' Motion, Dkt. #508, at 6-7. The United States has failed to inform this Court, however, of contrary authority that is directly adverse to the United States's position.

In *Bancorp*, the Supreme Court held that an appellate court may not vacate a district court judgment that has become moot by reason of settlement, absent extraordinary circumstances. *Bancorp*, 513 U.S. at 29. The Court said that the "principal" consideration for vacatur due to mootness is whether the party seeking vacatur "caused the mootness by voluntary action." *Id.* at 24. If so, that party has "surrender[ed] his claim to the equitable remedy of vacatur," absent extraordinary circumstances. *Id.* at 25, 29. If not, vacatur remains available subject to consideration of the "public interest." *Id.* at 26.

Subsequent to *Bancorp*, three circuit courts have grappled with the question of whether the standards prescribed in *Bancorp* also apply to a district court's vacatur of its own opinions. In *American Games*, the Ninth Circuit answered that question in the negative and concluded that extraordinary circumstances are not required for district court vacatur. *American Games*, 142 F.3d at 1167-70. The Seventh Circuit agreed with *American Games* in *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F. 3d 1002, 1003 (7th Cir. 2007).

The Fourth Circuit, however, has taken a contrary position, answering the question in the affirmative and holding that "the *Bancorp* considerations that are relevant to appellate vacatur for mootness are also relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness." *Valero Terrestrial Corporation v. Paige*, 211 F. 3d 112, 121 (4th Cir. 2000). The Fourth Circuit expressly disagreed with *American Games*, *id.* at 119 n.3, and held that, although the holding of *Bancorp* "extends only to appellate court vacatur," the standards for appellate court and district court vacatur "are essentially the same," and "*Bancorp's*

2

considerations of relative fault and public interest must also be largely determinative of a district court's decision whether to vacate its own judgment due to mootness," *id.* at 117-18.

District courts within the Fourth Circuit have ruled consistently with *Valero*, denying vacatur that was sought because of mootness due to settlement. *See, e.g., Spencer v. American International Group, Inc.*, 2009 WL 1034255 (E.D. Va. 2009); *Tejesova v. Bone*, 2009 WL 2074077 (W.D.N.C. 2009). So have district courts within the Second and Fifth Circuits. *See Avid Identification Systems, Inc.*, 2009 WL 383232 (E.D. Tex. 2009); *In re Fraser*, 98 F. Supp. 2d 788, 792-92 (E.D. Tex. 2000); *Agee v. Paramount Communications, Inc.*, 932 F. Supp. 85, 87 (S.D.N.Y. 1996) ("In the Second Circuit, there is a current trend away from granting vacatur just because the parties' settlement provides for it.").

The United States cites three district court opinions for the proposition that district courts "may vacate their interlocutory decisions upon settlement of a case." United States's Motion, Dkt. #508, at 4-5. One of those cases, however, arose within the Ninth Circuit, where *American Games* is binding and the district court was not free to follow the contrary rule prescribed in *Valero*. *See Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). The other two cases predate and thus are superseded by *Bancorp*. *See 1992 Republican Senate-House Dinner Comm. v. Carolina's Pride Seafood, Inc.*, 158 F.R.D. 223, 224 (D.D.C. 1994); *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 495097 (S.D.N.Y. 1994). Moreover, one of those cases, *IBM Credit Corp.*, was in the U.S. District Court for the Southern District of New York, where, in cases since *Bancorp*, judges have adopted a *Valero*-like approach and have concluded that the *Bancorp* standards "are also relevant on the district court level." *Agee*, 932 F. Supp. at 87; *accord, Carter v. Rosenberg & Estis, P.C.*, 1999

WL 13036 (S.D.N.Y. 1999).

The United States contends that because this Court's opinions are interlocutory, the vacatur motion arises under Federal Rule of Civil Procedure 54(b) (interlocutory orders "may be revised at any time") rather than Federal Rule of Civil Procedure 60(b) ("the court may relieve a party or its legal representative from a final judgment, order, or proceeding") – as if that should make a difference in how this Court treats the motion. *See* United States' Motion, Dkt. #508, at 4 & n. 4. It should make no difference at all. The principal reason for the holding in *Bancorp* was that "[w]here mootness results from settlement . . . , the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Bancorp*, 513 U.S. at 25. The Fourth Circuit in *Valero* observed that the same reasoning logically applies to motions arising under Rule 60(b) seeking vacatur of opinions on final judgments. Likewise, that reasoning should apply to motions arising under Rule 54(b) seeking vacatur of opinions on interlocutory orders. Indeed, at least two courts, in reliance on *Valero*, have refused to grant vacatur of interlocutory opinions. *See Tejesova,* 2008 WL 2074077; *In re Fraser*, 98 F. Supp. 2d at 791-92.

In short, *Valero* and its progeny are authority for this Court to deny the United States's vacatur motion, for lack of extraordinary circumstances to justify vacatur.

## II. THIS COURT'S OPINIONS WILL BE A VALUABLE RESOURCE FOR LITIGANTS AND COURTS IN OTHER CASES.

The United States contends there is "minimal" value in leaving this Court's opinions "extant," because they are interlocutory and thus are "non-precedential." *See* United States's Motion, Dkt. #508, at 6. But a district court's interlocutory opinions, while lacking *precedential*

4

value, are hardly valueless. In *Fraser*, 98 F. Supp. 2d at 791, the court refused vacatur of opinions concerning interlocutory issues because "there can be little doubt that, like the appeals court opinion in *Bancorp*, opinions on such matters are a valuable resource for litigants and courts," especially where the opinions address "questions of first impression."

That is the situation here. The opinions that the United States wants vacated concern questions of first impression – whether a district court may decline to give a high degree of deference to an assertion of the state secrets privilege where the government has previously made misrepresentations to the court regarding the privilege (the opinion of July 16, 2009), and whether a district court may decide whether counsel who have been favorably adjudicated for access to classified information have a "need to know" the information within the context of pending litigation (the opinion of August 26, 2009). The opinions will be a valuable resource for litigants and courts as these issues arise in other cases. In fact, the opinions have *already* proved to be a valuable resource in *Al-Haramain Islamic Foundation, Inc. v. Obama*, where the plaintiffs (*amici curiae* in the present case) have cited them in briefing on a pending motion for partial summary judgment. *See Al-Haramain Islamic Foundation, Inc. v. Obama*, MDL Docket No. 06-1701 VRW (N.D. Cal.), Plaintiffs' Reply to Government Defs.' Opp. to Pls.' Motion for Partial Summ. Judg., Dkt. #104, at 13 n. 2 & 17 n. 3.

### III. THE VACATUR MOTION IS AN ATTEMPTED END RUN AROUND THE COURT OF APPEALS.

Regardless of whether this Court would choose to follow *Valero* or *American Games*, during the pendency of the appeal from the Court's order of August 26, 2009 the Court lacks jurisdiction to rule on the vacatur motion, and any order of vacatur will require leave of the Court

5

of Appeals. *See Avid Identification Systems*, 2009 WL 383232; *In re Fraser*, 98 F. Supp. 2d at 791. According to the Settlement Agreement filed with this Court on November 3, 2009, the United States will move for dismissal of the appeal within five business days after this Court dismisses the action. *See* Settlement Agreement, Doc. #510-2, at 2. That means the appeal is still pending, which means the United States's remedy – if it were to have one at all – would be through a vacatur motion in the Court of Appeals. Plainly, the United States has not sought vacatur in the Court of Appeals because the request would certainly be denied under the authority of *Bancorp*. By filing the vacatur motion in this Court, the United States is attempting an end run around the Court of Appeals, where vacatur is unavailable. This Court should rebuff the attempt.

## IV. DENIAL OF THE VACATUR MOTION WILL NOT THWART THE SETTLEMENT.

Finally, we note that this Court's denial of the vacatur motion will in no way thwart the settlement of this case. The Settlement Agreement specifies that even if "the Court refuses to vacate any or all of these Orders and Opinions," the agreement "is binding upon all parties." Settlement Agreement, Dkt.# 510-2, at 4.

## CONCLUSION

For the foregoing reasons, *amici curiae* respectfully request this Court to consider the legal authorities addressed herein in adjudicating the vacatur motion.

Respectfully submitted

/s/ Jon B. Eisenberg
JON B. EISENBERG, Cal. Bar No. 88278
EISENBERG AND HANCOCK LLP
1970 Broadway, Suite 1200
Oakland, CA 94612
510.452.258l – Fax 510.452.3277
*jon@eandhlaw.com*

/s/ Alan R. Kabat
ALAN R. KABAT, D.C. Bar No. 464258
BERNABEI & WACHTEL, PLLC
1775 T Street, NW
Washington, DC 20009
202.745.1942 – Fax 202.745-2627
*kabat@bernabeipllc.com*

*Counsel for Amici Curiae Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor.*

DATED: November 6, 2009

CO-386-online
10/03

# United States District Court
# For the District of Columbia

Richard A. Horn )
)
)
)
    vs         Plaintiff )   Civil Action No. 1:94-CV-1756 (RCL)
)
Franklin Huddle, Jr., et al. )
)
)
         Defendant )

**CERTIFICATE RULE LCvR 7.1**

I, the undersigned, counsel of record for   Al-Haramain Islamic Foundation, Inc.   certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of   Al-Haramain Islamic Foundation, Inc.   which have any outstanding securities in the hands of the public:

None.

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

*Alan R. Kabat*
Signature

464258
BAR IDENTIFICATION NO.

Alan R. Kabat
Print Name

Bernabei & Wachtel PLLC, 1775 T Street NW
Address

Washington, D.C.         20009-7124
City          State          Zip Code

(202) 745-1942
Phone Number

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD A. HORN,** | ) No. 1:94-CV-1756 (RCL) |
| Plaintiff, | ) |
| vs. | ) |
| **FRANKLIN HUDDLE, JR. and ARTHUR BROWN,** | ) |
| Defendants. | ) |

## ORDER

Upon consideration of the Motion of Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor, filed on November 6, 2009, for leave to file a brief as *amici curiae*, any response, and the entire record of this case, and having determined that good cause has been shown for granting the Motion, it is hereby,

ORDERED that the Motion is granted; and it is

FURTHER ORDERED THAT Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor are granted leave to participate as *amici curiae* in the above-captioned case; and it is

FURTHER ORDERED that the Clerk shall accept for filing the brief of Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor as *amici curiae*.

So ordered this __ day of _____, 2009.

_____
Hon. Royce C. Lamberth
U.S. District Court Chief Judge