1 | **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
**William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2 | **Eisenberg & Hancock LLP**
1970 Broadway, Suite 1200 • Oakland, CA  94612
3 | 510.452.258l – Fax 510.452.3277

4 | **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5 | 503.445-4622 – Fax 503.238.7501

6 | **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7 | 503.622.3123 - Fax: 503.622.1438

8 | **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9 | 360.213.9737 - Fax 866.399.5575

10 | **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
**Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 | 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
503.221.1792 – Fax 503.223.1516

12 |

**Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 | 610 S. Ardmore Ave.• Los Angeles, CA 90005
213.385.2977 – Fax 213.385.9089
14 |

15 | Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor

16 | **IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17 |

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (REPLY MEMORANDUM)** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** | Chief Judge Vaughn R. Walker |
| Plaintiffs, | |
| vs. | |
| **BARACK H. OBAMA, President of the United States, et al.,** | |
| Defendants. | |

PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (REPLY MEMORANDUM)
MDL DOCKET NO. 06-1791 VRW

On November 23, 2009, plaintiffs filed with the United States District Court for the District of Columbia a Reply Memorandum of *Amici Curiae* in Support of Motion For Leave to File Brief As *Amici Curiae* in *Horn v. Huddle*, No. 1:94-CV-1756 (RCL).  A copy of that submission is attached hereto as Exhibit No. 1.

DATED this 23rd day of November, 2009.

          /s/ Jon B. Eisenberg
Jon B. Eisenberg, Calif. Bar No. 88278
William N. Hancock, Calif. Bar No. 104501
Steven Goldberg, Ore. Bar No. 75134
Thomas H. Nelson, Oregon Bar No. 78315
Zaha S. Hassan, Calif. Bar No. 184696
J. Ashlee Albies, Ore. Bar No. 05184
Lisa Jaskol, Calif. Bar No. 138769

**Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor**

1

PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (REPLY MEMORANDUM)
MDL DOCKET NO. 06-1791 VRW

**CERTIFICATE OF SERVICE**

RE: **In Re National Security Agency Telecommunications Records Litigation**
MDL Docket No. 06-1791 VRW

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is Eisenberg and Hancock, LLP, 180 Montgomery Street, Suite 2200, San Francisco, CA, 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (REPLY MEMORANDUM)**

___ **Facsimile** transmission from (415) 544-0201 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine.

___ **U.S. Mail**, with First Class postage prepaid and deposited in a sealed envelope at San Francisco, California.

XX **By ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in *In Re National Security Agency Telecommunications Records Litigation*, Docket Number M:06-cv-01791 VRW, and *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.*, Docket Number C07-CV-0109-VRW.

I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service at San Francisco, California that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 23, 2009 at San Francisco, California.

                               /s/ Jessica Dean
                               JESSICA DEAN

1  **Jon B. Eisenberg, California Bar No. 88278** (jon@eandhlaw.com)
   **William N. Hancock, California Bar No. 104501** (bill@eandhlaw.com)
2  **Eisenberg & Hancock LLP**
   1970 Broadway, Suite 1200 • Oakland, CA  94612
3  510.452.258l – Fax 510.452.3277

4  **Steven Goldberg, Oregon Bar No. 75134** (steven@stevengoldberglaw.com)
   River Park Center, Suite 300 • 205 SE Spokane St.• Portland, OR 97202
5  503.445-4622 – Fax 503.238.7501

6  **Thomas H. Nelson, Oregon Bar No. 78315** (nelson@thnelson.com)
   P.O. Box 1211, 24525 E. Welches Road • Welches, OR 97067
7  503.622.3123 - Fax: 503.622.1438

8  **Zaha S. Hassan, California Bar No. 184696** (zahahassan@comcast.net)
   8101 N.E. Parkway Drive, Suite F-2.• Vancouver, WA 98662
9  360.213.9737 - Fax 866.399.5575

10 **J. Ashlee Albies, Oregon Bar No. 05184** (ashlee@sstcr.com)
   **Steenson, Schumann, Tewksbury, Creighton and Rose, PC**
11 815 S.W. Second Ave., Suite 500 • Portland, OR 97204
   503.221.1792 – Fax 503.223.1516
12
   **Lisa R. Jaskol, California Bar No. 138769** (ljaskol@earthlink.net)
13 610 S. Ardmore Ave.• Los Angeles, CA 90005
   213.385.2977 – Fax 213.385.9089
14
15 **Attorneys for Plaintiffs Al-Haramain Islamic Foundation, Inc., Wendell Belew and Asim Ghafoor**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Docket No. 06-1791 VRW |
| This Document Relates Solely To: | **EXHIBIT NO. 1 TO PLAINTIFFS' NOTICE OF SUBMISSION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA (REPLY MEMORANDUM)** |
| *Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al.* (C07-CV-0109-VRW) | |
| **AL-HARAMAIN ISLAMIC FOUNDATION, INC., et al.,** | Chief Judge Vaughn R. Walker |
| Plaintiffs, | |
| vs. | |
| **BARACK H. OBAMA, President of the United States, et al.,** | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD A. HORN,** ) No. 1:94-CV-1756 (RCL) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| **FRANKLIN HUDDLE, JR.** and ) | |
| **ARTHUR BROWN,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

REPLY MEMORANDUM OF *AMICI CURIAE*
IN SUPPORT OF
MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

**INTRODUCTION**

*Amici curiae* Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor file this memorandum in reply to the United States's memorandum in opposition to the motion for leave to file a brief as *amici curiae* (Doc. No. 517) (Nov. 20, 2009).

This reply memorandum explains how *amici curiae* meet all criteria for this Court to accept their brief, describes a longstanding policy in the D.C. Circuit and the U.S. District Court for the District of Columbia against vacatur following settlement, and addresses how a district court's published interlocutory orders can have value as persuasive authority.

**LEGAL ARGUMENT**

**I.**   ***AMICI CURIAE* MEET ALL CRITERIA FOR THIS COURT TO ACCEPT THEIR BRIEF.**

This Court should find that *amici curiae* have satisfied all relevant criteria to submit their brief. The United States wrongly contends there is no justification for *amici curiae* to participate in this litigation. There are multiple grounds for *amici curiae's* participation. "'An amicus brief

should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . , or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers are able to provide.'" *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). All three criteria are met here.

First, in practical effect, to the extent the United States seeks vacatur, plaintiff Richard A. Horn "'is not represented at all,'" *Cobell*, 246 F. Supp. 2d. at 62, because the parties' settlement agreement precludes Horn from opposing the vacatur motion. Horn has been silenced in this regard. Only an *amicus curiae* can speak to this Court against vacatur.

Second, *amici curiae* have "'an interest in some other case that may be affected by the decision[s] in the present case.'" *Cobell*, 246 F. Supp. 2d at 62. That other case is *Al-Haramain Islamic Foundation, Inc. v. Obama*, MDL Docket No. 06-1701 VRW (N.D. Cal.), where *amici curiae* have cited both of the opinions that the United States now seeks to have vacated. The United States contends this Court's opinions can have no effect in *Al-Haramain* because they are "non-precedential rulings that are specific to the facts of this case." United States's Mem. at 4. Not so. Although the two opinions are not binding precedent, they can serve as "persuasive" authority in *Al-Haramain*. *See, e.g., Cowin v. Bresler*, 741 F.2d 410, 427 (D.C. Cir. 1984); *Mannesman Demag Corp. v. M/V Concert Express*, 225 F.3d 587, 593 (5th Cir. 2000).

The rulings in both opinions have significance beyond the facts of this case, to the extent that this Court has determined that a district court may decline to give a high degree of deference to an assertion of the state secrets privilege where the government has previously made

2

misrepresentations to the court regarding the privilege (the opinion of July 16, 2009, 636 F. Supp. 2d 10), and that a district court may decide whether counsel who have been favorably adjudicated for access to classified information have a "need to know" the information within the context of pending litigation (the opinion of August 26, 2009, 2009 WL 2610100).  Both of those issues are squarely presented in *Al-Haramain*.

Third, *amici curiae* do indeed have "'unique information'" that can assist this Court beyond the "help" that the United States has provided in its vacatur motion, *Cobell,* 246 F. Supp. 2d at 59, to the extent the United States failed to apprise this Court of pertinent legal authorities.  The settlement agreement bars plaintiff from speaking out.  Only *amici curiae* can advise this Court of pertinent legal authorities that the United States did not address.

## II. THERE IS A LONGSTANDING POLICY IN THE D.C. CIRCUIT AND THIS DISTRICT AGAINST VACATUR FOLLOWING SETTLEMENT.

Further legal research by *amici curiae*, in response to the government's arguments, has confirmed that there is a longstanding policy in both the D.C. Circuit and in this Court against vacatur of a judgment that has become moot by reason of settlement.

This policy began with *In re United States*, 927 F.2d 626 (D.C. Cir. 1991), three years before the Supreme Court prescribed the standards for appellate vacatur of district court opinions in *U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994).  In its *In re United States* opinion, the D.C. Circuit concluded:  "We do not believe that vacatur is appropriate . . . when a matter has been mooted after judgment only because the parties have entered into a settlement . . . ."  927 F.2d at 627.

Since *In re United States*, at least four judges of the U.S. District Court for the District of

Columbia have enunciated that same policy at the district court level:

In *Fund for Animals v. Mainella*, 335 F. Supp. 2d 19, 25-28 (D.D.C. 2004) (Walton, J.), the court applied the *Bancorp* standards and denied a vacatur motion. Of particular significance to the court was the fact that, as in the present case, the opinion sought to be vacated addressed issues of first impression, which the court said "actually weighs in favor of denying vacatur." *Id.* at 28. The court explained that, despite the "opinion's lack of precedential value," the opinion "does at least reveal one judicial officer's thoughts on several issues of first impression, thus again weighing in favor of denying vacatur." *Id.*

Subsequently, in *Miller v. Bank of America. N.A.*, No. Civ. A. 01-1651 (RMC), 2005 WL 1902945, *8 (D.D.C. July 13, 2005) (Collyer, J.), the court quoted *Bancorp* for the proposition that "'[t]he principal condition to which we have looked'" in adjudicating a vacatur motion "'is whether the party seeking relief from the judgment below caused the mootness by voluntary action,'" and the court denied vacatur because "the mootness arose from Mr. Miller's own actions."

Similarly, in *Rubin v. The Islamic Republic of Iran*, 563 F. Supp. 2d 38, 40 (D.D.C. 2008) (Urbina, J.), the court quoted *Bancorp* for the same proposition, although the court granted vacatur in that case because the mootness was caused by the party *opposing* vacatur rather than by the party seeking vacatur.

Most recently, in *Amaefule v. ExxonMobil Oil Corporation*, 630 F. Supp. 2d 42, 43 (D.D.C. 2009) (Roberts, J.), the court quoted *Bancorp* for the proposition that "'mootness by reason of settlement does not justify vacatur' absent 'exceptional circumstances,'" and the court denied vacatur because "neither party has demonstrated any exceptional circumstances justifying

4

deviating from longstanding policy in this circuit against vacatur following settlement."

Thus, the United States is wrong in arguing that the *Bancorp* "extraordinary circumstances" standard does not apply to this Court's decision whether to grant the United States's vacatur motion. Starting in 1991 with *In re United States*, and continuing in a line of district court cases culminating this year in *Amaefule*, the D.C. Circuit and the U.S. District Court for the District of Columbia have consistently followed a policy against vacatur of a judgment that has become moot by reason of settlement, absent extraordinary circumstances.[1]

The United States contends that the legal authorities disfavoring vacatur following settlement "are inapposite because the Government seeks vacatur based on equitable principles, whether or not they are phrased as 'extraordinary circumstances,' not on the fact alone that the parties have settled." United States's Mem. at 4 n.2. Those authorities, however, are apposite precisely *because* they require "extraordinary circumstances" where a litigant seeks vacatur following settlement. The decision in *Fund for Animals*, 335 F. Supp. 2d at 28, indicates that "extraordinary circumstances" justifying vacatur may be absent where the opinion sought to be vacated addresses issues of first impression, which "weights in favor of denying vacatur." That is the situation here.

---

[1] The United States also cites the D.C. Circuit's comment in *Humane Soc'y v. Kempthorne*, 527 F.3d 181, 185 (D.C. Cir. 2008) that "[w]e have interpreted *Bancorp* narrowly." United States's Mem. at 6. But the narrow interpretation to which *Humane Society* referred was a previous decision by that court, in *National Black Police Association v. District of Columbia*, 108 F.3d 346, 351-52 (D.C. Cir. 1997), declining to apply *Bancorp* where mootness was caused by the passage of new legislation rather than by settlement. *See Humane Society*, 527 F.3d at 185-86. The opinion in *Humane Society* did not purport to interpret *Bancorp* narrowly where, as here, mootness is caused by settlement.

## III. A DISTRICT COURT'S PUBLISHED INTERLOCUTORY ORDERS CAN HAVE VALUE AS PERSUASIVE AUTHORITY.

This Court should further find that its decisions have value as persuasive authority. The United States argues that equity justifies vacatur in this case because "the value to the legal community of an interlocutory order, which does not finally determine the legal rights between the parties, is minimal." United States's Mem. at 8. How ironic, then, that on the very same page where this argument appears, the United States cites a published *interlocutory order* as authority for the general proposition that district courts may vacate their own orders based on equitable principles. *Id.* (citing *Randall v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 110 F.R.D. 342, 343-45 (D.D.C. 1986) (interlocutory order vacating voluntary dismissal and granting parties leave to file memoranda on whether action should be stayed pending arbitration)).

Courts seek wisdom wherever it may be found – even in non-precedential district court opinions, whether they be final or interlocutory. That is why the district court in *Fund for Animals* denied vacatur of an opinion which, like the opinions sought to be vacated in the present case, addressed issues of first impression. A district court opinion that "reveal[s] one judicial officer's thoughts on several issues of first impression" weighs "in favor of denying vacatur." *Fund for Animals*, 335 F. Supp. 2d at 28. A well-reasoned district court opinion on a question of first impression – like the two opinions the United States seeks to vacate here – can be the start of a new line of authority through other district courts and up to the Court of Appeals. *See, e.g., Mannesman Demag Corp.*, 225 F.3d at 593-94 (tracing inception of cargo damage rule in "a thorough and persuasive district court opinion," through subsequent adoption by other district courts, and culminating in adoption by Fifth Circuit). This Court's opinions on two issues of

first impression could likewise be the start of important new lines of authority and legal commentary on national security law.

Indeed, that process has already started. Just this month, the Law Library of Congress published a detailed analysis of executive power over access to classified documents, which discusses this Court's opinion of August 26, 2009. *See* Louis Fisher, *Judicial Interpretations of Egan*, THE LAW LIBRARY OF CONGRESS, at 25 (Nov. 13, 2009) (LL File No. 2010-003499) (available online at: http://www.fas.org/sgp/eprint/egan.pdf) (viewed Nov. 23, 2009). The article quotes that opinion and describes it as reflecting a "position of judicial independence in matters of classified information." *Id.* Further scholarly commentary on both opinions will no doubt be forthcoming, for they address important issues of first impression. And, given the proliferation of litigation in the wake of the warrantless electronic surveillance and data-mining programs, it seems likely that other judges will look to those opinions for guidance – perhaps starting with *Al-Haramain*. Those opinions should not be vacated, inhibiting scholarly commentary and judicial guidance, merely because the United States does not like them.

## CONCLUSION

For the foregoing reasons, *amici curiae* respectfully request that this Court grant the motion for leave to file the brief of *amici curiae*, and consider the legal authorities cited therein and in this reply memorandum.

                        Respectfully submitted

                        /s/ Jon B. Eisenberg
                        JON B. EISENBERG, Cal. Bar No. 88278
                        EISENBERG AND HANCOCK LLP
                        1970 Broadway, Suite 1200
                        Oakland, CA 94612
                        510.452.258l – Fax 510.452.3277
                        *jon@eandhlaw.com*

                        /s/ Alan R. Kabat
                        ALAN R. KABAT, D.C. Bar No. 464258
                        BERNABEI & WACHTEL, PLLC
                        1775 T Street, NW
                        Washington, DC 20009
                        202.745.1942 – Fax 202.745-2627
                        *kabat@bernabeipllc.com*

                        *Counsel for Amici Curiae Al-Haramain Islamic Foundation, Inc., Wendell Belew, and Asim Ghafoor.*

DATED:  November 23, 2009