| | |
|---|---|
| MICHAEL F. HERTZ<br>Deputy Assistant Attorney General<br>JOSEPH H. HUNT<br>Director, Federal Programs Branch<br>VINCENT M. GARVEY<br>Deputy Branch Director<br>ANTHONY J. COPPOLINO<br>Special Litigation Counsel<br>tony.coppolino@usdoj.gov<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: (202) 514-4782<br>Fax: (202) 616-8460<br><br>*Attorneys for Defendants* | Shayana Kadidal<br>Michael Ratner<br>CENTER FOR CONSTITUTIONAL<br>RIGHTS<br>666 Broadway, 7th Floor<br>New York, NY  10012-2317<br>(212) 614-6438<br>Email: kadidal@ccrjustice.org<br><br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION<br><br>This Document Relates Only To:<br><br>*Center for Constitutional Rights, et al.<br>  v. Barack Obama, et al.* (07-cv-1115-VRW) | **No. M:06-cv-01791-VRW**<br><br>**JOINT STATUS REPORT**<br><br>Chief Judge Vaughn R. Walker |

By order dated January 20, 2010 (Dkt. 31), the Court directed the parties to submit a joint status report advising the court of the status of this case, what proceedings are necessary to resolve it, and proposing a tentative schedule for such proceedings, if applicable.  By Order dated February 26, 2010 (Dkt. 34), the Court granted the parties until March 19, 2010 to submit this report.

The parties, through their undersigned counsel, hereby submit the following report

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

setting forth the background of this case and, as indicated, their respective positions on further proceedings.

**BACKGROUND**

1. This action was originally filed on January 17, 2006, in the United States District Court for the Southern District of New York. Plaintiffs' complaint alleges, *inter alia*, that plaintiffs were subject to warrantless surveillance by the National Security Agency ("NSA") under a program authorized by the President after the terrorist attacks of September 11, 2001. *See* Complaint (Dkt. 16-1).

2. In 2006, while the case was still before the Southern District of New York, plaintiffs moved for partial summary judgment. *See* Dkt. 16. Also in 2006, the Government Defendants moved to dismiss or, in the alternative, for summary judgment, based in part on an assertion of the state secrets privilege by the Director of National Intelligence ("DNI"). *See* Dkt. 12. Judge Gerard Lynch of the Southern District of New York heard argument on these motions on September 5, 2006.

3. In February 2007, this case was transferred to this Court by the Judicial Panel on Multidistrict Litigation. *See* Dkt. 1. The parties thereafter submitted supplemental memorandum describing their pending motions. *See* Dkts. 3, 13, 14. This Court heard oral argument on the pending motions on August 9, 2007. *See* Dkt. 20.

4. On August 10, 2007, plaintiffs moved to supplement their original complaint (*see* Dkt. 19) to challenge provisions of the Protect America Act of 2007. The Government Defendants opposed that motion to supplement and continued to seek dismissal of this action. *See* Dkt. 22.

5. By order dated March 31, 2008, the Court terminated plaintiffs' motion to supplement with leave to petition to renew if the circumstances warranted. *See* Dkt. 438 (MDl-06-cv-1791-VRW). No further action has occurred in this case since that time.

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

1

1. **<u>Plaintiffs' Position on Further Proceedings</u>**

Plaintiffs' original complaint in this matter includes the following prayers for relief:

(b.) Order that Defendants disclose to Plaintiffs all unlawful surveillance of Plaintiffs' communications carried out pursuant to the program;

(c.) Order that all Defendants turn over to Plaintiffs all information and records in their possession relating to Plaintiffs that were acquired through the warrantless surveillance program or were the fruit of surveillance under the program, and subsequently destroy any such information and records in Defendants' possession;

Even assuming the NSA Program challenged in Plaintiffs' original summary judgment papers[1] is no longer in active operation with respect to continuing interception of communications, the relief set forth above is necessary to remedy the harms set forth in Plaintiffs' summary judgment papers. *See, e.g.*, Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, Dkt. 16-1 (Dkt. 6 in Civil Action No. 06-313 (S.D.N.Y. March 9, 2006)) at 10-11 (describing professional imperative upon Plaintiffs in this case to "evaluate whether confidences may have been breached by Defendants' illegal surveillance and whether measures ought to be taken in response"); Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. 16-5 (Dkt. 56 in Civil Action No. 06-313 (S.D.N.Y. Jun. 30, 2006)) at 4-13 (further describing harms); Affirmation of Prof. Steven Gillers, Dkt. 16-6 (Jun. 27, 2006) at 10 ("Intercepted communications may be exploited to the disadvantage of clients with no one the wiser. … [W]hether intercepted communications are or are not ever used to the disadvantage of a client or otherwise is irrelevant. CCR has a duty to protect its clients' secrets and confidences regardless of the use to which an interceptor may put the information. It is disclosure itself that is the evil against which lawyers must protect clients, regardless of any additional consequences of the disclosure"); Supplemental Affirmation of William Goodman, Dkt. 16-7 (June 30, 2006) at 10 (describing court order in *Turkmen v. Ashcroft*, No. 02-CV-2307, 2006 U.S. Dist. LEXIS 40675 (E.D.N.Y. May 30, 2006),

---

[1] This Court has not ruled on the parties' summary judgment motions, which are described *supra* at ¶¶ 2-3.

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

2

compelling government's trial defense team and likely witnesses to disclose whether they had access to surveillance of attorney-client communications in that case).

This Court should therefore resolve the question of Plaintiffs' entitlement to such relief, and whatever additional relief the Court may find necessary to remedy the harms to Plaintiffs, on a renewed motion for summary judgment.

Given the Government's position, set forth below, that Plaintiffs' claims should be dismissed for lack of standing, Plaintiffs have no objection to proceeding by means of cross-summary judgment filings by the parties. That process was followed at earlier stages of this case and is consistent with the process the Court is currently following in *Al-Haramain Islamic Foundation, Inc. v. Obama* (C07-CV-109). Plaintiffs also do not object to the Government filing the initial brief, as long as the cross-motion schedule includes opportunity for a cross-reply brief by Plaintiffs. With the addition of a cross-reply, the timeline proposed by the Government for briefing is acceptable to Plaintiffs.

## 2. The Government Defendants' Position on Further Proceedings

Plaintiffs have alleged that they were subject to warrantless electronic surveillance under the so-called "Terrorist Surveillance Program" ("TSP"), pursuant to which the National Security Agency ("NSA") was authorized by then-President Bush after the 9/11 attacks to intercept certain international communications to or from the United States reasonably believed to involve a member or agent of al Qaeda or affiliated terrorist organizations. *See* Compl. (Dkt. 16-1) ¶¶ 26-27. Plaintiffs allege that, because clients they represent were accused of having terrorist connections, their communications may have been subject to interception under the TSP and that plaintiffs took steps to avoid such alleged surveillance. *See id*. ¶¶ 35-44. Based on that allegation of injury, plaintiffs originally sought to challenge the lawfulness of the TSP on statutory and constitutional grounds, and sought declaratory and injunctive relief—including as plaintiffs note for the disclosure and destruction of any records related to the alleged surveillance. *See id*.¶¶ 45-52 & Prayer for Relief. In January 2007, the Government advised the

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

3

1  Court that any electronic surveillance that had been occurring pursuant to the TSP had been
2  supplanted by orders of the Foreign Intelligence Surveillance Court and that the TSP was not
3  reauthorized thereafter.  *See* Dkt. 127-1 in M:06-cv-1791-VRW.

4  As set forth above, Plaintiffs now seek to resume proceedings in this case by pressing one
5  of their original claims—for the disclosure and expunction of any records that may exist of
6  alleged surveillance of Plaintiffs under the now defunct Terrorist Surveillance Program.

7  From the outset of this case, the Government Defendants have sought dismissal on
8  several grounds, including that Plaintiffs' allegations of injury are insufficient to establish their
9  Article III standing.  As we have previously set forth for the Court, Plaintiffs' allegation of TSP
10 surveillance—and, thus, their allegation that documents purportedly exist of such alleged
11 surveillance—has been and remains purely conjectural and insufficient to establish their
12 standing.  *See, e.g.*, Defendants' Supplemental Memorandum in Support of Motion to Dismiss or
13 for Summary Judgment (Dkt. 3) at 12-15 and Defendants' Supplemental Reply Memorandum
14 (Dkt. 14) at 6-17.  Much like the *Jewel* and *Shubert* actions recently dismissed by the Court on
15 January 21, 2010 (*see* Dkt. 703 in M:06-cv-1791-VRW), this case should also be dismissed for
16 lack of standing based on the insufficiency of the Plaintiffs' allegations of injury.  Accordingly,
17 the Government will renew its motion to dismiss for lack of standing.

18 The Government's prior dispositive motion also sought summary judgment in the
19 alternative based on an assertion of the state secrets privilege and related statutory privileges by
20 the DNI over, *inter alia*, whether or not the Plaintiffs in fact have been subject to the alleged TSP
21 surveillance.  *See* Defs. Supp. Mem. (Dkt. 3) at 20-21; Defs. Supp. Reply (Dkt. 14) at 18-20.  As
22 in the *Jewel* and *Shubert* actions, the Government contends that the DNI's privilege assertion
23 forecloses the disclosure of any evidence necessary to litigate Plaintiffs' standing and the merits
24 of their remaining document claim, including any information that would tend to confirm or
25 deny whether or not plaintiffs were subject to the alleged TSP surveillance and whether or not
26 any documents concerning such alleged surveillance exist.  Thus, even if the Court were inclined

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

4

to find that Plaintiffs have alleged sufficient injury to proceed past the pleading stage, Plaintiffs' standing or the merits of their claims could not otherwise be litigated without risking or requiring the disclosure of privileged information.[2]  However, in light of the Court's dismissal of *Jewel* and *Shubert* without reaching the state secrets privilege issue, the Court can and should likewise dismiss this case for lack of standing again without reaching the impact of the Government's privilege assertion.

With respect to the sequence of further proceedings, the parties agree generally on a schedule (*see* Part 3 *infra*), but differ on whether the Court should now consider cross-motions. Government submits that the proper course would be for the Court to consider its dispositive motion before consideration of summary judgment on the merits of the Plaintiffs' last remaining document claim.  Plaintiffs' document claim is premised on their original allegation that they were subject to and injured by the TSP.  The insufficiency of that allegation to establish standing impacts all claims—including the claim that documents of such alleged surveillance exist—and thus is properly subject to a motion to dismiss.  Likewise, because the underlying facts needed to address plaintiffs' standing and claim on the merits at the summary judgment stage are subject to the Government's privilege assertion, the Government could not respond otherwise to Plaintiffs' summary judgment motion until after the issues raised by the Government's motion are resolved. The process proposed by the Government would be consistent with the process followed by the Court in the *Shubert* action.  *See* Dkt. 31 in 07-cv-00693-VRW (minute order following case management conference in *Shubert* setting schedule on Government's dispositive motion).  The

---

[2] The Government notes that, in a FOIA action seeking information essentially identical to that at issue in this privilege assertion—whether attorneys for CCR have been subject to alleged surveillance—the Court of Appeals for the Second Circuit recently upheld the Government's refusal to confirm or deny that information.  *Wilner, et al. v. National Security Agency*, 592 F.3d 60 (2d Cir. 2009).  The Government reserves for our motion discussion of whether plaintiffs have stated a valid cause of action to compel the disclosure of records allegedly held by the Government or which would authorize the destruction of any such records.

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW)  (M:06-CV-1791-VRW)**

5

status of this case is not comparable to the lengthy proceedings that have arisen in the *Al-Haramain* action and led to the Court's consideration of cross-summary judgment motions in that case.

3. **Proposed Schedule**

With the exception of whether cross-motions should be filed (discussed above), the parties agree generally on a schedule for further proceedings.

The Government Defendants propose the following schedule: (i) that the Government Defendants renew their dispositive motion by no later than April 28, 2010; (ii) that Plaintiffs filed an opposition to that motion by May 28, 2010; (iii) that the Government Defendants reply by June 18, 2010; and (iv) that the Court determine if and when it wishes to set the matter for a hearing thereafter.

As noted above, the Plaintiffs do not object to this schedule with the addition of a cross-reply in connection with their own summary judgment motion.

Respectfully Submitted,

| *For Government Defendants' Position* | *For Plaintiffs' Position* |
|---|---|
| MICHAEL F. HERTZ<br>Deputy Assistant Attorney General<br>JOSEPH H. HUNT<br>Director, Federal Programs Branch<br>VINCENT M. GARVEY<br>Deputy Branch Director<br>ANTHONY J. COPPOLINO<br>Special Litigation Counsel<br>tony.coppolino@usdoj.gov<br>U.S. Department of Justice, Civil Division20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: (202) 514-4782<br><br>By: *s/ Anthony J. Coppolino*<br>ANTHONY J. COPPOLINO<br><br>*Attorneys for Defendants* | Shayana Kadidal<br>Michael Ratner<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway, 7th Floor<br>New York, NY 10012-2317<br>(212) 614-6438<br>Email: kadidal@ccrjustice.org<br><br><br><br><br><br>By: *s/ Shayana Kadidal*<br>SHAYANA KADIDAL<br><br>*Attorneys for Plaintiffs* |

**Joint Status Report**
*Center for Constitutional Rights, et al. v. Barack Obama, et al.* **(07-CV-1115-VRW) (M:06-CV-1791-VRW)**

6

**DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B**

I, ANTHONY J. COPPOLINO, hereby declare pursuant to General Order 45, § X.B, that I have obtained the concurrence in the filing of this document from the other signatory listed below.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Executed on March 19, 2010, in the City of Washington, D.C.

By:  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782-Fax: (202) 616-8460
Email: tony.coppolino@usdoj.gov

*Attorney for Defendants*

By :  *s/Shayana Kadidal per G.O. 45*
Shayana Kadidal
Michael Ratner
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012-2317
(212) 614-6438
Email: kadidal@ccrjustice.org

*Attorneys for Plaintiffs*