STUART F. DELERY
Principal Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
tony.coppolino@usdoj.gov
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7132
Washington, D.C. 20001
Phone: (202) 514-2205; Fax: (202) 616-8470
*Attorneys for the Government Defs. in their Official Capacity*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, *et al.*, | Case No. 3:08-cv-04373-JSW |
| Plaintiffs, | |
| v. | |
| NATIONAL SECURITY AGENCY, *et al.*, | |
| Defendants. | |
| *In re National Security Agency Telecommunications Records Litigation* (M:06-cv-1791) | Case No. 07-cv-00693-JSW |
| | **DEFENDANTS' ADDITIONAL BRIEFING ADDRESSING *CLAPPER v. AMNESTY INTERNATIONAL*** |
| This Document Relates To: | |
| VIRGINIA SHUBERT, *et al.*, | |
| Plaintiffs, | |
| v. | Judge Jeffrey S. White |
| BARACK OBAMA, *et al*. | Courtroom 11, 19th Floor |
| Defendants. | |

---

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

1

Pursuant to the Court's Order of February 27, 2013 (Dkt. No. 138), the Government defendants submit this additional briefing on the United States Supreme Court's recent decision in *Clapper v. Amnesty International USA*, -- S. Ct. --, 2013 WL 673253 (Feb. 26, 2013).

The Supreme Court held in *Clapper* that the plaintiff-respondents did not have standing to challenge a provision of the 2008 amendments to the Foreign Intelligence Surveillance Act ("FISA"), which established new statutory authority for U.S. government surveillance directed at the communications of non-U.S. citizens located abroad. 50 U.S.C. § 1881a. The plaintiffs in *Clapper* were attorneys and human rights and other organizations whose work allegedly required them to communicate with individuals located abroad who plaintiffs believed were likely targets of surveillance under § 1881a. The plaintiffs sued the Government challenging the legality of § 1881a the day it was enacted, and based their standing on their alleged fear that the Government would, under § 1881a, intercept their sensitive international communications which they claimed were necessary to carrying out their jobs, and that they therefore had to take costly and burdensome measures to protect the confidentiality of those communications. 2013 WL 673253, at *6.

The Court found that the plaintiffs' alleged fear was dependent on a chain of speculative contingencies and could not, therefore, support their standing. *Id*. at *8. The case was decided at the summary judgment stage—the stage at which, the Court emphasized, the plaintiffs could no longer rely on their allegations but were required to set forth specific facts proving their standing. *Id*. at *9. The plaintiffs, however, had "no actual knowledge of the Government's § 1881a targeting practices," *id.*, nor did they "offer any evidence that their communications have been monitored under § 1881a, a failure that substantially undermines their standing theory." *Id*. at

---

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

2

*8.

The *Clapper* decision supports the entry of summary judgment for the Government defendants in the instant *Jewel* and *Shubert* cases for at least two related reasons.  First, *Clapper* reaffirms that, at the summary judgment stage, a plaintiff bears the burden of establishing standing through the submission of actual evidence, not speculation about present or future injuries.  In this case, any such evidence is properly protected by the Government's state secrets privilege assertion.  Second, *Clapper* strongly indicates that reliance on *in camera* proceedings to establish whether or not a person has been subject to surveillance, as plaintiffs have proposed here, would inherently reveal national security information and thus would be improper.

The principal import of the *Clapper* decision to the pending cross-motions for summary judgment in this litigation is footnote 4 on page *9 of the opinion.  In that footnote, the Court addressed the suggestion, made at oral argument, that the standing issue could be resolved by the Government's revealing in an *in camera* proceeding whether it was surveilling the plaintiffs' communications and what procedures it was using to do so.  The Court flatly rejected this suggestion.  The Court first noted that it is the *plaintiffs'* burden to establish their standing by pointing to specific facts, "not the Government's burden to disprove standing by revealing details of its surveillance priorities."  "Moreover," the Court explained, "this type of hypothetical disclosure proceeding would allow a terrorist (or his attorney) to determine whether he is currently under U.S. surveillance simply by filing a lawsuit challenging the Government's surveillance program.  Even if the terrorist's attorney were to comply with a protective order prohibiting him from sharing the Government's disclosures with his client, the court's postdisclosure decision about whether to dismiss the suit for lack of standing would surely signal to the terrorist whether his name was on the list of surveillance targets."  *Id*. at n.4 *9.

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)
3

Footnote 4 bears directly on the issues currently before the Court.  First, the pending cross-motions are for summary judgment, as was the motion at issue in *Clapper*.  Thus, as the Supreme Court affirmed, plaintiffs here must set forth specific facts establishing their standing—*i.e.*, facts establishing that the Government has surveilled their communications as alleged in the complaint.  This plaintiffs cannot do without information that is properly subject to the state secrets privilege.  *See* Government Defendants' Second Motion to Dismiss and For Summary Judgment, Opposition to Plaintiffs' Motion for Partial Summary Judgment at 25-26 (Dkt. No. 102); Government Defendants' Reply in Support of Second Motion to Dismiss and For Summary Judgment at 11 (Dkt. No. 119) ("Defs.' Reply").[1]

Second, and directly pertinent to plaintiffs' pending partial motion for summary judgment, the Supreme Court has rejected the path forward that plaintiffs here propose—that the Government disclose in an *in camera* proceeding conducted pursuant to 50 U.S.C. § 1806(f) whether plaintiffs have been surveilled and under what authority.  *See* Plaintiffs' Motion for

---

[1] The differences between the allegations of injury in *Clapper* and in the instant *Jewel* and *Shubert* actions are not material to the disposition of the standing issue at this stage of this litigation.  The alleged injury in *Clapper* was based on speculative fear of future surveillance under the new § 1881a of the FISA, as well as present ongoing injuries based on costs plaintiffs asserted they were incurring in order to avoid the feared surveillance; as noted, the Supreme Court found this insufficient at the summary judgment stage in the absence of actual evidence of surveillance.  The plaintiffs in the instant *Jewel* and *Shubert* actions allege that the NSA, under presidential authorization after the September 11 attacks, has been engaging in "dragnet" surveillance activities that allegedly encompass both the content of, and records concerning, plaintiffs' past and present electronic communications.  As in *Clapper*, this case is now also at the summary judgment stage, and if plaintiffs cannot sustain their burden to establish standing—which they cannot without properly privileged information—their claims cannot proceed.  *See Jewel v. NSA*, 673 F.3d 902, 911-12 (9th Cir. 2011) (accepting plaintiffs' allegations of injury as true at the motion to dismiss stage, but noting that a failure of proof may doom standing on summary judgment).

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)
4

Partial Summary Judgment Rejecting the Government Defendants' State Secrets Defense at 18-19 (Dkt. No. 83).  Footnote 4 confirms that, rather than replace the state secrets privilege, reliance on the procedures set forth in § 1806(f) would be inimical to the proper application of the privilege because an *in camera* proceeding under § 1806(f) would inherently risk disclosing whether plaintiffs have been subject to surveillance and the circumstances of any such surveillance—disclosures that could result in extraordinary damage to national security.  Defs.' Reply at 45-47.  Thus, application of § 1806(f) in this case would risk the very harms the privilege is intended to prevent.  *Id*.  Footnote 4 strongly indicates that the use of *in camera* proceedings that might risk the disclosure of national security information is not a proper way to establish standing.  Accordingly, the Court should reject plaintiffs' contention that *in camera* proceedings may be used to litigate the question of standing (as well as the merits of their claims), and find that the state secrets privilege requires dismissal of this case.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Government Defendants' Second Motion to Dismiss and For Summary Judgment, its reply brief, and at oral argument, the Court should grant the Government defendants' motion and deny Plaintiffs' Motion for Partial Summary Judgment.

                        Respectfully Submitted,

                        STUART F. DELERY
                        Principal Deputy Assistant Attorney General

                        JOSEPH H. HUNT
                        Director, Federal Programs Branch

                         *s/ Anthony J. Coppolino*
                        ANTHONY J. COPPOLINO

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

5

Deputy Branch Director
tony.coppolino@usdoj.gov

   *s/ Marcia Berman*
MARCIA BERMAN
Senior Trial Counsel
marcia.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7132
Washington, D.C. 20001
Phone: (202) 514-2205
Fax: (202) 616-8470
*Attorneys for the Government Defendants*
*Sued in their Official Capacities*

Defendants' Additional Briefing Addressing *Clapper v. Amnesty Int'l*
*Jewel v. National Security Agency* (08-cv-4373-JSW)
*Shubert v. Obama* (07-cv-00693-JSW) (M:06-cv-1791)

6